JOE JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (Pro Hac Vice)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (Pro Hac Vice)
jrovenger@law.harvard.edu
KYRA A. TAYLOR (Pro Hac Vice)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION, | Case No.: 19-cv-03674-WHA<br><br>**DECLARATION OF TRESA APODACA IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Defendants.

I, Tresa Apodaca, declare under penalty of perjury that the following is correct and true:

1. I am one of the Named Plaintiffs in the above-titled case. I submit this declaration in support of my motion for class certification as part of the litigation to challenge the U.S. Department of Education's policy of not granting or denying the Borrower Defenses student borrowers have asserted.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

3. I live with my husband and our two sons, who are eight and eleven. My younger child has cystic fibrosis and has significant medical needs.

4. I attended an associate degree program at Heald College (Heald) from 2008 to 2010.

5. I borrowed $30,000 in FFEL loans to attend Heald.

6. When I enrolled, Heald representatives told me that Heald had a 98% job placement rate. They guaranteed that Heald would provide job placement assistance. And they promised that employers like Kaiser, UC Davis, and Sutter routinely hired Heald graduates. I enrolled in Heald because I believed what its representatives told me and I believed attending Heald would improve my future.

7. Heald lied. The job placement rate was not that high, and they did not have a relationship with those employers. They did not help me with my job search beyond looking briefly at my resume. Moreover, the teachers and classes at Heald were terrible. My time at Heald was useless. Since graduating, I have not worked in my field of study.

8. In May 2015, I submitted my Borrower Defense to the Department.

9. To date, the Department has not granted or denied my Borrower Defense.

10. I have emailed or called the Department once a year to ask about the status of my Borrower Defense. The Department refuses to tell me how long it will take until I get a decision.

11. While I wait, the interest on my loans continues to grow.

12. While I wait for the Department to decide, I experience extreme stress and anxiety. I worry about whether (and how) I will repay my Heald debt, especially because my son has cystic fibrosis and my family already struggles to pay for my son's medical care.

13. While I have waited, my Heald debt has impacted my family's ability to get a mortgage to buy a house. The amount we could borrow decreased because of my Heald debt.

14. My family and I cannot financially plan for the future because we do not know whether we will need to repay my loans

15. My Heald debt puts stress on my marriage because my Heald debt is our family's only significant source of debt. My decision to attend Heald continues to be a burden on my family.

16. We try to only spend our limited resources on just what our family needs, like my son's medical care, because we do not know whether we will have to repay my Heald debt. We try and save money that we would otherwise spend on our family—for things like visiting family members during the holidays—in case we need to put it towards my Heald debt if the Department denies my Borrower Defense.

17. I am frustrated because it feels like money that goes towards my Heald debt is being wasted on loans that I took out for an education program that was useless.

18. I would like to go back to school, but I would need to borrow student loans to get a degree. I have received no decision on my borrower defense, and because the Department has made no Borrower Defense decisions at all for over a year, I do not trust that the Department will protect students from fraudulent institutions. I do not want to repeat what happened while I was at Heald.

19. Going to Heald is my biggest regret in life. Not knowing what will happen to my Heald debt feels like a revolving door of pain. Every time I think about the uncertain status of my Heald debt, I am reminded of my horrible experience. The presence of the debt continues to punish me and my family.

20. I filed this lawsuit on behalf of similarly-situated individuals. I believe that all borrowers who are waiting on the Department to decide their Borrower Defense assertion are entitled to a decision on that assertion.

21. I am not aware of any actual or potential conflicts of interest between myself and other members of the proposed class.

22. I obtained counsel for this litigation to ensure that the matter would be properly and vigorously prosecuted.

23. I intend and desire to vigorously prosecute this matter on behalf of myself and the entire proposed class of similarly-situated individuals.

Signed under the penalty of perjury on July 19, 2019.

*Apodaca*
Tresa Apodaca