JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (Pro Hac Vice)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (Pro Hac Vice)
jrovenger@law.harvard.edu
KYRA A. TAYLOR (Pro Hac Vice)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br>And<br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br>Defendants. | Case No.: 19-cv-03674-WHA<br><br>**DECLARATION OF JOSHUA D. ROVENGER, ESQ.** |

1

I, Joshua Rovenger, submit this declaration in support of Plaintiffs' Motion for Class Certification:

1. I am a staff attorney in the Project on Predatory Student Lending at the Legal Services Center of Harvard Law School (the Project).

2. In support of this motion, Plaintiffs are filing 892 affidavits from Students who have asserted a borrower defense to the Department of Education, but who have not received a decision. I submit this declaration to explain the process through which the Project obtained and finalized these affidavits and to place the affidavits before the Court.

3. The Project created an online form to facilitate the submission of testimony. That webpage was and is available at https://predatorystudentlending.org/testimony/. It went live on June 25, 2019.

4. When an individual goes to that page, she sees the following:

AFFIDAVIT SUBMISSION

Tell the Court how the Department of Education's delay in processing your borrower defense application has impacted your life.

Have you submitted a borrower defense (defense to repayment) application to the Department of Education but have not received a decision? Read on!

On June 25, 2019, we filed a class action lawsuit against the Department of Education because it is refusing to decide *any* borrower defense applications. In our lawsuit, we're asking the Court to force the Department to start making decisions.

We're asking the Court to allow us to represent *all* borrowers who have applied for borrower defense but who have not received a decision (like you!). To support this request, we're going to need to show the Court how the Department's refusal to make any borrower defense decisions is harming students. That's where you come in.

This form will help you create an affidavit (written testimony) to share your story that we can use as evidence in our case. We think **your experience** is a critical piece of evidence explaining how borrowers are impacted by the Department's inaction. We want the court to hear ***directly*** from students like you. Our goal is to share as many borrower defense applicants' affidavits with the court as we

2

can. We may not end up using all of the affidavits submitted, but by sending one in, you're giving us permission to use it in our case.

**Everything you say needs to be 100% accurate. What you write here is the same as if you were in a courtroom giving testimony. At the end, you have to sign under the pain and penalty of perjury (in other words, you're swearing under oath that everything you put in it is true and that you could be subject to criminal liability if you intentionally lie).**

After you submit this form, we'll review it, format it, and send it back for your review.

Nothing in this form does, or is intended to, serve as a solicitation or offer to represent you concerning any legal problem. It does not create an attorney-client relationship between you and our law firm or any attorney with our firm. Because of this, the information you put into this form is not considered confidential.

If you have any questions, or want to discuss this further, please e-mail us at testimony@law.harvard.edu.

5. Following this text, there is a multi-page webform that the Project created using the platform Qualtrics. The webform poses standard questions about a student's history with the borrower defense process and his or her experience waiting for a decision. It expressly seeks confirmation that the individual submitted a borrower defense application and asks for the date on which she submitted. It further prompts the Student to call the Department's borrower defense hotline to confirm that the Department received the borrower defense application.

6. The webform uses "display logic" and "skip logic" so that certain questions only appear if prior questions are answered in a designated way. For example, if a user answers "no" to the question, "[d]o you believe that the government will protect students like you," a text box would appear prompting them to explain "[w]hat has caused you to lose your faith in the government." Conversely, if the Student answered "yes" to the initial inquiry, the webform would skip to the next set of questions.

7. At the end of the webform, the Student e-signs and affirms under pain and penalty of perjury that all of the information she is submitting is accurate. The Qualtrics system also captures the Student's IP address and location.

3

8. Attached as **Exhibit A** to this declaration is an export of the webform. It includes all possible questions that an individual could have seen and answered. With the exception of the demographic questions at the end of the form, which were added approximately one week prior to this filing, the questions have remained unchanged.

9. The information submitted via the Qualtrics webform was automatically filtered into a database, which is secured behind a Harvard University firewall accessible only to users with valid University-provided credentials, and further limited to individual Project members granted access by the Project.

10. The Project mail merged that data and the Student's e-signature into a standard affidavit template.

11. Under the supervision of Project attorneys, non-attorney Project members individually reviewed each submission to ensure standardized formatting. During this initial review, the reviewer also minimally edited each affidavit for clarity.

12. A Project attorney then reviewed each affidavit, including any edits made by the first reviewer. The attorney only made minimal edits as were required in her or his professional judgment.

13. During this second-level review, attorneys also removed submissions from any member of the *Calvillo Manriquez* class, any individual who did not have a pending borrower defense application, any duplicate submissions, and any incomplete submissions.

14. The Project then sent the submission back to the Student for review. In this correspondence and in subsequent messages with each Student, the Project:

    a.  sought confirmation that the affidavit was 100% accurate;

    b.  solicited any further edits;

    c.  provided instructions for each individual to print a copy of the affidavit, sign it, and mail it back to the Project; and

    d.  reminded the individual that "court records are public" and asked that the individual "please also let us know if you'd like us to redact your name from the filing."

ROVENGER DECLARATION                             Sweet v. DeVos,
Case No.: 19-cv-03674

15. Project attorneys then made any necessary edits based on communications with the Student. The attorneys also re-sent updated drafts, as needed.

16. For each approved and finalized affidavit, members of the Project cross-checked the data that was in the Qualtrics database with the final affidavits. The project modified the data as necessary to correspond with the final affidavits.

17. Project attorneys then finalized, tallied, and analyzed the data.

18. In total, 892 Students are submitting testimony to the Court. All 892 have asserted their borrower defense to the Department and all are awaiting a decision on their borrower defense.

19. The median time that a given Student has waited since submitting her borrower defense application is 955 days. The mean between a Student's submission and today is 957 days.

20. The Department has not solicited any additional information from approximately 847 Students, or 94.96% of all affiants. In instances where the Student reports being asked by the Department for additional information, that information was nearly universally limited to confirmation of attendance details, such as program of study and dates of attendance.

21. Approximately 284 Students, or 32% of all affiants, reported that the Department has sent them a notice demanding payment, has offset their taxes, or has garnished their wages since they submitted their borrower defense application.

22. Approximately 845 Students, or 95% of all affiants, reported that the Department's refusal to grant or deny their application has made it difficult for them to financially plan for their future.

23. Approximately 547 Students, or 61% of all affiants, reported that the Department's refusal to grant or deny their application has caused them to delay further education.

24. Approximately 422 Students, or 47% of all affiants, reported that the Department's refusal to grant or deny their application has caused them to delay getting married or having children.

ROVENGER DECLARATION                                                 Sweet v. DeVos,
                                                                    Case No.: 19-cv-03674

25. Approximately 820 Students, or 92% of all affiants, reported that the Department's refusal to grant or deny their application has caused them to experience emotional and/or physical harm.

26. Approximately 599 Students, or 67% of all affiants, reported that the Department's refusal to grant or deny their application has made it difficult for them to secure financing for necessities such as a car, home, or apartment.

27. Approximately 745 Students, or 85% of all affiants, reported that the Department's refusal to grant or deny their application has made them lose faith that the government will protect Students like them.

28. Approximately 650 Students, or 73% of all affiants, reported that they do not believe higher education has made their life better.

29. The Project has additional pending submissions in the Qualtrics system that it has not yet had an opportunity to review or finalize. There are also submission awaiting confirmation from Students. These various submissions are not included in this court filing.

30. Attached as **Exhibit B** to this declaration are affidavits from 584 Students.

31. Attached as **Exhibit C** to this declaration are affidavits from 308 Students who requested that their name be redacted from the affidavit as filed.


Signed under the penalty of perjury on July 22, 2019.


/s *Joshua D. Rovenger*

Joshua Rovenger

ROVENGER DECLARATION                                          Sweet v. DeVos,
                                                             Case No.: 19-cv-03674