JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL
(*Pro Hac Vice*)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER
(*Pro Hac Vice*)
jrovenger@law.harvard.edu
KYRA A. TAYLOR
(*Pro Hac Vice*)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, <br><br> And <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendants*. | Case No.: 19-cv-03674-WHA <br><br> **ADMINISTRATIVE MOTION FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE** <br><br> **Judge:** William H. Alsup <br><br> **Date Filed:** July 31, 2019 |

Members of the proposed class are over 179,000 students (Students) who borrowed federal student loans to attend school, mainly for-profit career training programs.[1] They have all asserted to the Department of Education (Department), pursuant to the Higher Education Act (HEA), Department regulations, and their loan contracts, that their loans should be cancelled because of their school's misconduct (borrower defense). And, they are all waiting in limbo because the Department refuses to grant or deny any borrower defense application. In fact, the Department has not granted a single borrower defense since June 12, 2018, and has not denied an application on the merits since May 24, 2018.

On June 25, 2019, seven Students brought this lawsuit under the APA, 5 U.S.C. § 706(1), seeking to compel unlawfully withheld and unreasonably delayed agency action. ECF No. 1. They swiftly moved for class certification on July 23, 2019, *see* ECF No. 20, and the Department must file its responsive pleading to the Complaint by August 26, 2019. A Case Management Conference is not scheduled until September 26, 2019, or nearly three months from the date of filing. ECF No. 19. Students now respectfully request that the Court set an expedited Case Management Conference for purposes of establishing a fast-track schedule for the production of the administrative record and dispositive briefing (along with class certification) in this case. The Department has indicated that it opposes changing the date of the Case Management Conference

---

[1] At the time Students filed their Complaint, ECF No. 1, publicly-available data revealed that there were over 158,000 members of the proposed class. The Department recently released updated data putting the number over 179,000. *See* U.S. Dep't of Educ., *Borrower Defense – Quarterly Report – for quarter end 3/31/2019,* available at: https://www.help.senate.gov/imo/media/doc/BDQ12019Report.pdf.

1

ADMINISTRATIVE MOTION FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE
Case No: 19-cv-03674-WHA

because they do not see a reason to expedite the conference. *See* Decl. of Joshua D. Rovenger at ¶ 4.[2]

Students make this request because, as the testimony of 892 Students demonstrates, the Department's conduct harms them in critical areas of their lives. *See* ECF No. 20-2, 20-3, 20-4, 20-5, 20-6, 20-7, 20-8, 20-26, 20-27, 20-28, 20-29, 21, 21-1, & 22. The Department's refusal to decide applications has caused 92 percent of testifying Students to experience emotional distress (including suicidal ideation) and associated physical harm. ECF No. 20-26 at ¶ 25; ECF No. 21 at p. 655, ¶ 16 ("I stress about my student loans and being able to repay them. Not knowing how much I will have to pay back when all is said and done or what the status of this application is has made the stress much worse and caused anxiety attacks. Had I known then what I know now I would have never gone to that school."). It has caused nearly half (47 percent) to delay marriage or children. ECF No. 20-26 at ¶ 24; *see also* ECF No. 20-6 at p. 3, ¶ 14 ("I have also decided to delay having children because, without knowing what will happen to my DeVry debt, I cannot know whether I can afford to have them."). Sixty-one percent of these Students report delaying further education because of the Department's inaction. ECF No. 20-26 at ¶ 23; *see also* ECF No. 20-2 at p. 3, ¶ 13 ("I am now a certified nursing assistant, and I want to return to school to become a nurse. However, I cannot afford to return to school because I do not know whether I will have to repay my Brooks debt."). Ninety-five percent have had difficulty planning for their financial future, ECF No. 20-26. at ¶ 22, while 67 percent have had difficulty securing financing for life's necessities, *id.* at ¶ 26; *see also* ECF No. 20-6 at p. 3, ¶ 14 ("I have also decided to delay having children because, without knowing what will happen to my DeVry debt, I cannot know whether I

---

[2] Because counsel for Defendants have not yet entered an appearance on ECF, Plaintiffs are e-mailing this motion and the accompanying attachments to Defendants' counsel upon filing.

can afford to have them."); ECF No. 20-28 at p. 48, ¶¶ 14 & 16 ("My life is essentially on hold until this is dealt with . . . the lack of a decision hangs over me."); ECF No. 20-28 at p. 37, ¶ 16 ("I have been denied many apartments because of my loans. Right now I'm living in my friend's basement because I have nowhere else to go"). As a result, 85 percent of these Students testified that they have lost faith that the government will protect students like them. ECF No. 20-26 at ¶ 27.

Ultimately, the Court has broad discretion to "achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (internal quotation and citations omitted), which includes the power to expedite proceedings, *see e.g., Regents of Univ. of Cal. v. Dep't of Homeland Security*, No. C-17-05211-WHA, et. al., (N.D. Cal. *filed* Sept. 8, 2017) (Alsup, J.), ECF No. 49 (holding expedited case management conference and expediting and consolidating briefing on motions for summary judgment, provisional relief, and any motions to dismiss); *see also* Local Rule 16-5 (setting forth an expedited schedule for "actions for District Court review of the administrative record"). The Court should do so here to mitigate the compounding harm that prolonged litigation would cause. And, acceleration is particularly appropriate since the case solely implicates a review of an administrative record and questions of law: whether the Department has an obligation to decide borrower defenses and whether its complete refusal to do so is *per se* unlawful under the APA.

Accordingly, this APA litigation is well-suited for a quick resolution and Plaintiffs respectfully request that the Court expedite the Case Management Conference.[3]

---

[3] Plaintiffs' counsel and Defendants are calendared for a hearing in a different matter in San Francisco during the week of August 19 and would respectfully propose August 22, 2019 for the Case Management Conference. Plaintiffs' counsel can otherwise be available at the Court's convenience.

3

ADMINISTRATIVE MOTION FOR AN EXPEDITED CASE MANAGEMENT CONFERENCE
Case No: 19-cv-03674-WHA

Respectfully submitted,

/s *Joshua D. Rovenger*

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)
Joshua D. Rovenger (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*