UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case Number: 19-cv-03674-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

The Court has jurisdiction because the case arises under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Higher Education Act and its amendments, 20 U.S.C. § 1001, *et seq*. Venue is proper in this judicial district because Named Plaintiff Sweet resides in the district and no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

Service has been effectuated on both Defendants. Defendant Elisabeth DeVos, in her official capacity as Secretary of Education, and Defendant Department of Education ("Department"), through the Department of Education, Department of Justice, and United States Attorney for the Northern District of California, were served on June 26, 2019. Plaintiffs filed proof of service with the Court on July 12, 2019. *See* ECF Nos. 17 & 18.

2. Facts

*Plaintiffs' Statement:* Members of the proposed class are over 179,000 students (Students) who borrowed federal student loans to attend school, mainly for-profit career training programs. Each Student, pursuant to the Higher Education Act, U.S. Department of Education (Department) regulations, and their loan contracts, have asserted to the Department that their loans should be cancelled because of their school's misconduct (borrower defense). Plaintiffs allege that the Department refuses to decide any of their borrower defenses.

Between 2015 and 2017, the Department slowly built an infrastructure to adjudicate borrower defense assertions. It appointed a Special Master and created a permanent borrower defense unit inside the Department. It first focused on deciding borrower defenses from students who alleged a number of specific claims regarding a handful of for-profit schools. In total, by January 20, 2017, the Department had approved 31,773 borrower defenses. It also anticipated that, moving forward, it would be able to adjudicate each individual borrower defense within 12-14 months.

On January 20, 2017, the Department hit the brakes. Despite having over 50,000 pending assertions at that time, the Department slashed its own resources to adjudicate claims. It also put a "pause" on deciding borrower defense applications. By December 2017, the Department had not established any new categories of valid borrower defense claims, nor did it have a plan to resume consideration and determination of additional categories of claims. Instead, the Department shifted its focus to reducing relief for Students who the Department already determined were entitled to full loan discharges.

On December 20, 2017, the Department announced a "partial relief" methodology for specific Students who attended Corinthian Colleges; the upshot of the plan was that the majority of these Corinthian Students with valid borrower defenses would repay the majority of their student loans. The Department applied this methodology to approximately 16,000 Corinthian Students. A subset of these Corinthian Students are challenging that methodology in separate litigation; they obtained a preliminary injunction, currently on appeal, prohibiting the Department from collecting on them during the pendency of that case. *See Calvillo Manriquez v. DeVos*, 345 F. Supp. 3d 1077 (N.D. Cal. 2018) (preliminary injunction order); *Manriquez v. DeVos*, No. 18-16375 (9th Cir., *filed* July 24, 2018); *see also Calvillo Manriquez v. DeVos*, No. 17-cv-07210-SK, ECF No. 96 (Oct. 15, 2018) (class certification order).

The Department has since adopted a policy of refusing to decide *any* borrower defenses. Publicly-available records indicate that the Department has not granted a borrower defense application since June 12, 2018, and has not denied an application on the merits since May 24, 2018. There are now over 179,000 pending applications. The Department has purportedly refused to grant any borrower defenses because of the *Calvillo Manriquez* injunction.

The Department's inaction ultimately harms Students in nearly every aspect of their lives. *See* ECF Nos. 20-2, 20-3, 20-4, 20-5, 20-6, 20-7, 20-8, 20-26, 20-27, 20-28, 20-29, 21, 21-1, & 22 (testimony of 892 Students). These Students therefore seek an order compelling the Department to start adjudicating borrower defenses.

*Defendants' Statement*:  Federal law allows borrowers of "Direct Loans" under the William D. Ford Direct Loan Program (Title IV, Part D of the Higher Education Act of 1965 ("HEA")) and "FFEL" loans under the Federal Family Education Loan Program (Title IV, Part B of the HEA) to assert a defense to repayment, known as a "borrower defense," based on the misconduct of the school the borrower attended.  In particular, for the Direct Loan Program, the HEA authorizes the Secretary of Education ("Secretary") to "specify in regulations which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment."  20 U.S.C. § 1087e(h).  Pursuant to the Department's regulations, for all loans first disbursed prior to July 1, 2017, a Direct Loan borrower may assert as a defense to repayment any "act or omission of the school attended by the student that would give rise to a cause of action against the school under applicable State law."  34 C.F.R. § 685.206(c)(1) (2018).  For loans, disbursed on or after July 1, 2017, a borrower may assert a borrower defense on one of three bases: (1) the borrower or a governmental agency "has obtained against the school a nondefault, favorable contested judgment based on State or Federal law in a court or administrative tribunal of competent jurisdiction," (2) the borrower's school "failed to perform its obligations under the terms of a contract with the student," or (3) the borrower's school (or its representative) "made a substantial misrepresentation . . . that the borrower reasonably relied on to the borrower's detriment when the borrower decided to attend, or to continue attending, the school or decided to take out a Direct Loan."  34 C.F.R. § 685.222(a)-(d).

The Department promulgated regulations in 2016, which became effective in 2018, that provide a process for the assertion and adjudication of borrower defense claims.  Under that process, the Secretary designates a Department official to resolve the claim through a fact-finding process, issue a written decision, and, if the claim is successful, determine "the appropriate amount of relief to award the borrower."  34 C.F.R. §§ 685.222(e), (i).

Although the Department first promulgated its borrower defense regulations in 1994, they were seldom invoked prior to 2015, when Corinthian Colleges, Inc. ("Corinthian"), a large, nationwide operator of numerous postsecondary schools, collapsed and filed for bankruptcy.

Thereafter, the Department received a flood of borrower defense claims based on Corinthian's misconduct. By the end of 2016, the Department had received nearly 100,000 borrower defense applications—the majority of which were submitted by Corinthian borrowers—and had approved and awarded relief on more than 30,000 of those claims. In 2017, the Department established a review panel to examine existing borrower defense procedures and make recommendations on resolving pending claims moving forward. At the conclusion of that review process, on December 20, 2017, the Department announced an "improved discharge process" and new methodology for awarding relief to borrower defense claimants. *See* https://www.ed.gov/news/press-releases/improved-borrower-defense-discharge-process-will-aid-defrauded-borrowers-protect-taxpayers. The Department "adjudicated [claims] systematically" under that process, resolving more than 16,000 borrower defense claims between December 2017 and May 2018.

On May 25, 2018, another court in this District preliminarily enjoined the Department from using the relief methodology it adopted in December 2017, finding that the methodology likely violated the Privacy Act. *Manriquez v. DeVos*, 345 F. Supp. 3d 1077, 1109 (N.D. Cal. 2018) ("*Manriquez* PI"). The Department appealed that preliminary injunction, and that appeal is now ripe for a decision from the Ninth Circuit. *See Manriquez v. DeVos*, No. 18-16375 (9th Cir. 2018).

Since the *Manriquez* PI, borrowers from Corinthian and other schools have continued to file borrower defense claims. As of March 31, 2019, the Department had received 239,937 borrower defense applications, and 179,377 such applications remained pending. The Department's efforts to clear the current backlog have been complicated by a number of factors, including the need to commit significant resources to the implementation of the 2016 borrower defense regulations (which became effective in 2018 as the result of a court order); a loss of staff from the Department's borrower defense unit; and the transition to a new processing platform that will allow the Department to improve its processing of applications. In addition, the Department is continuing to work on the development of a new methodology for determining the appropriate amount of relief for successful borrower defense claimants, as it also awaits the Ninth Circuit's decision in *Manriquez* regarding the legality of its prior methodology. The Department has

continued to process and evaluate claims, and remains committed to resolving pending claims in a timely fashion.

3. Legal Issues

The legal issue in this case is whether the Department's alleged inaction with respect to borrower defenses constitutes an unlawful withholding or unreasonably delayed agency action in violation of section 706(1) of the APA.

4. Motions

On July 23, 2019, Plaintiffs filed their Motion for Class Certification. ECF No. 20. The Department's response is due September 20, 2019, a reply is due October 1, 2019, and argument is scheduled for October 24, 2019 at 8:00 A.M. ECF Nos. 29 & 30.[1]

On September 12, 2019, Defendants filed a Motion to Dismiss Count 2 of Plaintiffs' Complaint. ECF No. 35. The Plaintiffs' response is due September 26, 2019, Defendants' Reply is due October 3, 2019, and argument is scheduled for October 24, 2019. Plaintiffs do not intend to oppose this motion and instead will request that the Court dismiss Count 2 and set a date for the Defendants to file an Answer and the Administrative Record.

Within 28 days of the filing of the Administrative Record, Plaintiffs intend to move for summary judgment.

5. Amendment of Pleadings

At this time, Plaintiffs do not anticipate amending their complaint.

6. Evidence Preservation

The parties certify that they have reviewed the ESI guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the preservation of evidence. The parties do not anticipate that they will produce any ESI or that they need to preserve any documents. Nonetheless, Counsel for the parties have instructed their clients to preserve all evidence related to this case.

7. Disclosures

---

[1] On July 31, 2019, Plaintiffs filed an Administrative Motion for an Expedited Case Management Conference, ECF No. 23, which the Court denied on August 1, 2019. ECF No. 24.

The parties believe that the exchange of initial disclosures is inapplicable given that this action arises under the APA. *See* Fed. R. Civ. P. 26(B)(i).

8. Discovery

No discovery has been taken to date. The parties agree that this APA case should be decided on the administrative record and the parties do not believe that discovery will be needed for Plaintiffs' class certification motion. The parties reserve the right to seek such discovery if the Court needs additional evidence, beyond that which is part of the pleadings, judicially-noticeable, or in the administrative record, to decide the certification motion.

*Plaintiffs' Statement:* Plaintiffs also reserve the right to move to complete or supplement the administrative record. Plaintiffs are amenable to informally conferring with Defendants about the contents of the administrative record.

*Defendants' Statement:* Defendants would oppose any attempt to complete or supplement the administrative record. "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

9. Class Actions

On July 23, 2019, Plaintiffs filed a motion to certify a class of "[a]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 17-7106 (N.D. Cal.)." *See* ECF No. 20.  Defendants' opposition is due on September 20, 2019, Plaintiffs' reply is due on October 1, 2019, and argument is scheduled for October 24, 2019 at 8:00 A.M. ECF Nos. 29 & 30.

*Plaintiffs' Statement:* Pursuant to Civil L.R. 16-9(b), Plaintiffs state that this class action is maintainable under Fed. R. Civ. P 23(b)(2). Plaintiffs can show that the proposed class satisfies all of the requirements of Fed. R. Civ. P. 23(a) because: (1) according to the Department's data, the class comprises over 179,000 individuals; (2) all of the proposed class members assert the same

legal theory (highlighted above, ¶ 3); (3) Named Plaintiffs share the same interest as the rest of the class in trying to compel unlawfully withheld and unreasonably delayed agency action; and (4) Named Plaintiffs and class counsel are prepared to, and desire to, vigorously prosecute the case. Rule 23(b) is similarly satisfied since class members all seek the same declaratory and injunctive relief.

*Defendants' Statement:* The Department will oppose Plaintiff's motion for class certification on September 20, 2019.

10. Related Cases

In this Court's Order denying Plaintiffs' Motion to Expedite the Case Management Conference, the Court stated that "counsel should be aware of their responsibility under Civil Local Rule 3-12(b) in light of the instant action's connection to the action pending before Judge Sallie Kim." ECF No. 24. The parties do not believe that this action is related to *Calvillo Manriquez v. DeVos*, No. 17-cv-07210. Specifically, the two actions do not "concern substantially the same parties, property, transaction or event," Civil L.R. 3-12(a). Although both actions concern the same Defendants, Plaintiffs in the cases are entirely distinct: *Calvillo Manriquez* involves a subset of former Students of Corinthian Colleges, Inc. while this case expressly carves out those individuals from the proposed class.[2] The claims of the Plaintiffs here also arise out of a distinct course of conduct different than Plaintiffs' challenge in *Calvillo-Manriquez*. This case challenges the Department's alleged blanket refusal to grant and deny loan cancellation applications, whereas *Calvillo-Manriquez* challenges the Department's alleged retroactive refusal to fully discharge the loans of specific students for whom the Department previously allegedly determined full relief was appropriate. Because the central claims of the cases are fundamentally different, there is no risk of "conflicting results" or "unduly burdensome duplication of labor and expense," Civil L.R. 3-12(b), if the cases are adjudicated by different judges.

The parties are not aware of any other related cases or pending proceedings.

---

[2] Unlike here, ECF No. 13, all parties also consented to the Magistrate Judge's jurisdiction in *Calvillo Manriquez*, *see Calvillo Manriquez v. DeVos*, No. 17-cv-07210, ECF Nos. 13 & 26.

11. Relief

*Plaintiffs' Statement:* Plaintiffs seek: (1) a declaratory judgment that the Department's refusal to grant individual borrower defense claims is unlawful; (2) a declaratory judgment that the Department's refusal to deny individual borrower defense claims is unlawful; (3) a declaratory judgment that named Plaintiffs and members of the proposed class are entitled to a decision on their pending individual borrower defense assertion; (4) an order compelling the Department to start granting class members' individual borrower defense assertions if they are eligible for a borrower defense; (5) an order compelling the Department to notify class members of their borrower defense decisions; (6) an order requiring the Department to place class members' loans in stopped collection status until their borrower defense are granted denied; and (7) an order retaining jurisdiction as appropriate. Plaintiffs finally seek reasonable costs and attorneys' fees as authorized by law.

*Defendants' Statement:* Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

12. Settlement and ADR

The parties submitted their respective ADR certifications on September 4, 2019. ECF Nos. 33 & 34. The parties do not believe that this case is currently suitable for ADR. They respectfully request, through undersigned counsel, that the Court relieve the parties from the ADR process and vacate all ADR-related deadlines and other requirements in this litigation. *See* ADR L.R. 3-3(c).

13. Consent to Magistrate Judge for All Purposes

Not all of the parties consent to have a magistrate judge conduct all proceedings including trial and entry of judgment. *See* ECF No. 13.

14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
Case Number: 19-cv-03675-WHA

Defendants moved to dismiss Count 2 of the complaint and Plaintiffs are not opposing that motion.

16. Expedited Trial Procedure

The parties do not believe that this case should be handled in accordance with General Order No. 65, Attachment A. This case should be decided on cross-motions for summary judgment because it is an action for review of an administrative record.

17. Scheduling

*Plaintiffs' Statement:* To resolve count 1 of Plaintiffs' Complaint, Plaintiffs' propose the following deadlines:

- Department Answer and Administrative Record (with a privilege log[3]) : October 10, 2019.
- Plaintiffs' Motion for Summary Judgment: November 1, 2019.
- Defendants' Opposition and Cross-Motion for Summary Judgment: November 21, 2019.
- Plaintiffs' Reply and Opposition to Cross-Motion: December 5, 2019.
- Defendants' Reply: December 19, 2019.

*Defendants' Statement:*

- Department Answer and Administrative Record: November 18, 2019.[4]

---

[3] *See Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. 17-cv-05211, 2018 WL 1210551 at *6 (N.D. Cal. Mar. 8, 2018) (explaining that "[e]very court in this district to consider the issue . . . has required administrative agencies to provide a privilege log in withholding documents that otherwise belong in the administrative record").

[4] Because privileged materials do not form part of an administrative record, numerous district courts in this and other Circuits have declined to require agencies to provide a privilege log when producing an administrative record. *See, e.g.*, *ASSE Int'l, Inc. v. Kerry*, No. SACV 14-00534-CJC, 2018 WL 3326687, *3 (C.D. Cal. Jan. 3, 2018) ("[A]n agency is not required to produce a privilege log to justify its exercise of the privilege."); *Stand Up for California! v. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) ("In this Circuit, requests for privilege logs of documents that may have been withheld from an administrative record on grounds of privilege or deliberative process are routinely denied." (collecting cases)). Defendants therefore respectfully request that the Court not order a privilege log without briefing from the parties on the issue.

- Plaintiffs' Motion for Summary Judgment: December 16, 2019.
- Defendants' Opposition and Cross-Motion for Summary Judgment: January 8, 2020.
- Plaintiffs' Reply and Opposition to Cross-Motion: January 22, 2020.
- Defendants' Reply: February 5, 2020.

18. <u>Trial</u>

The parties believe that this APA case is governed under Civil L.R. 16-5 and therefore will be decided at summary judgment.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

On June 25, 2019, Plaintiffs filed their Certification of Interested Entities or Persons, ECF No. 3. Local Rule 3-15 does not apply to governmental entities.

Other than the parties and the proposed class, Plaintiffs are unaware of any person or entity having a financial or other interest in the case.

20. <u>Professional Conduct</u>

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

*Plaintiffs' Statement:* Plaintiffs' counsel will appear at the Case Management Conference in person, but do not object to Defendants appearing telephonically.

*Defendants' Statement:* Defendants respectfully request that they be permitted to participate in the September 26, 2019 Case Management Conference by telephone, which would promote efficiency and preserve Government resources.

Dated: September 19, 2019              /s *Joshua D. Rovenger*

                                              Joseph Jaramillo (SBN 178566)
                                              Natalie Lyons (SBN 293026)
                                              HOUSING & ECONOMIC RIGHTS ADVOCATES
                                              1814 Franklin Street, Suite 1040

Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)
Joshua D. Rovenger (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Counsel for Plaintiffs

Dated:   September 19, 2019

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
919 East Main Street, Suite 1900
Richmond, VA 23219
Tel.: (202) 616-8098
Fax: (804) 819-7417

Counsel for Defendants

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

WILLIAM H. ALSUP, UNITED STATES DISTRICT JUDGE