JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
KATHRYN C. DAVIS
R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 616-8298 (phone)
(202) 616-8470 (fax)
Kathryn.C.Davis@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | No. 19-cv-03674-WHA <br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants the United States Department of Education (the "Department") and Elisabeth DeVos, in her official capacity as Secretary of Education (the "Secretary") (collectively "Defendants"), hereby file an answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief, ECF No. 1 ("Complaint").  Defendants answer the numbered paragraphs of the Complaint as follows:

The first unnumbered paragraph of the Complaint consists of a quote by Robert F. Kennedy to which no response is required.

1.      As to the first sentence, Defendants admit that the Higher Education Act ("HEA"), the Department's implementing regulations, and the students' loan contracts provide that students who meet certain eligibility criteria may assert a borrower defense to repayment of their student loans; to the extent a further response is deemed required, denied.  Defendants admit the allegations in the second sentence and the allegation in the third sentence that "the Department has not granted or denied a . . . [borrower defense] application since June 2018." The fourth sentence consists of Plaintiffs' characterization of this lawsuit to which no response is required.  The fifth sentence consists of legal conclusions to which no response is required.  To the extent that a response to the fourth and fifth sentences are deemed required, denied.  The remainder of the allegations in this paragraph are denied.

2.      Defendants admit the first sentence.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

3.      Admit.

4.      Admit.

5.      Defendants admit the first, third, and fourth sentences of this paragraph.  As to the second sentence, Defendants admit that in a June 4, 2015 memorandum to the Office of Management and Budget, the Department stated that "[b]ecause borrowers have a right to submit defense to repayment claims, the Department must set up a process to review and adjudicate them."  Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.  Defendants deny the remaining allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

6.      Defendants deny the first sentence.  As to the second sentence, Defendants admit that in its response to a report by the Department's Office of Inspector General ("IG report") the Department referred to a "pause" in some aspects of the adjudication process while the Department evaluated the prior administration's actions on borrower defense claims.  Defendants respectfully refer the Court to that response for a full and accurate statement of its contents. Defendants deny that the "'pause' has been a full stop."  Defendants deny the third sentence, and otherwise deny the remaining allegations in this paragraph.

7.      Deny.

8.      Deny.

9.      Deny.

10.      This paragraph consists of Plaintiffs' characterization of this lawsuit and legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

11.      This paragraph consists of legal conclusions to which no response is required.

12.      This paragraph consists of legal conclusions to which no response is required.

13.      This paragraph consists of legal conclusions to which no response is required.

14.      This paragraph consists of legal conclusions to which no response is required.

15.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Sweet's current residence.  As to sentence two, Defendants admit that Plaintiff Sweet attended Brooks Institute of Photography and asserted a borrower defense claim.  Defendants deny that the claim was asserted in fall 2016.

16.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Apodaca's current residence. Defendants admit the second sentence.

17.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Archibald's current residence. Defendants admit the second sentence.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Deegan's current residence. Defendants admit the second sentence.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Hood's current residence.  As to sentence two, Defendants admit that Plaintiff Hood attended ITT and asserted a borrower defense claim in January 2018.  Defendants deny that Plaintiff asserted a claim again in February 2019.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence pertaining to Plaintiff Davis's current residence.   As to sentence two, Defendants admit that Plaintiff Davis attended Florida Metropolitan University and asserted a borrower defense claim in June 2016.  Defendants deny that a claim was asserted in April 2015.

21.     Admit.

22.     Admit.

23.     Admit.

24.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the Administrative Procedure Act ("APA") for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

25.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the APA and respectfully refer the Court to the cited APA provision for a full and accurate statement of its contents.

26.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote

the APA and respectfully refer the Court to the cited APA provision for a full and accurate statement of its contents.

27. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the APA and respectfully refer the Court to the cited APA provision for a full and accurate statement of its contents.

28. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the APA provision cited in the first sentence and deny that the APA provision cited in the second sentence contains the quoted language. Defendants respectfully refer the Court to the cited APA provisions for a full and accurate statement of their contents.

29. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the APA and respectfully refer the Court to the cited APA provision for a full and accurate statement of its contents.

30. This paragraph relates to a claim that has been dismissed, and thus no response is required.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Deny.

38. Admit.

39. Admit.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

40.     As to the first sentence, Defendants admit that the Department can impose various sanctions on a school if it fails to comply with the applicable law, regulations, or program participation agreement.  Defendants admit the second sentence.

41.     Admit.

42.     Deny.

43.     Admit.

44.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents and otherwise deny the allegations in this paragraph.

45.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory and constitutional provisions for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

46.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to 34 C.F.R. Parts 30, 31, and 34 for a full and accurate statement of its contents.

47.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiff accurately quotes the Department's regulation and respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.  Otherwise, denied.

48.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provisions for a full and accurate statement of their contents and otherwise deny the allegations in this paragraph.

49.     Admit.

50.     Admit.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

51.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

52.     Defendants admit that FFEL and Direct Loan borrowers have a right to assert a borrower defense to repayment of such loans based on certain misconduct of the schools they attended.  Defendants deny that such borrowers have a right to a full discharge or that any school misconduct may form the basis of a borrower defense.

53.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited final rule for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

54.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiff accurately quotes the final rule and respectfully refer the Court to the cited final rule for a full and accurate statement of its contents.  Otherwise, denied.

55.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiff accurately quotes the Department's regulation and respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.  Otherwise, denied.

56.     Admit.

57.     Defendants admit that when Congress enacted the statutory provisions creating the Direct Loan Program in 1993 it included a provision that required the Secretary to specify in regulations which acts or omissions of an institution of higher education a borrower could assert as a defense to repayment of a Direct Loan.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required,

Defendants respectfully refer the Court to the cited amendment of the HEA for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

58.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the HEA and respectfully refer the Court to the cited HEA provision for a full and accurate statement of its contents.

59.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to HEA § 1087e(h) for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

60.     Defendants admit that the Department promulgated the cited regulation pursuant to its authority under the HEA.  The remainder of the paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs accurately quote the cited regulation and respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

61.     Admit.

62.     Defendants admit that from 1995 to October 2016 the Master Promissory Note for Direct Loans has contained the language quoted in this paragraph or language that is substantially similar to the quoted language.

63.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that the regulatory provision cited contains the quoted language and respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

64.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the HEA, the Department's regulations, and the cited Master Promissory Notes for a full and accurate statement of their contents and otherwise denies the allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

65.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

66.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

67.     Admit.

68.     Admit.  Defendants respectfully refer the Court to the cited letter to Senator Warren for a full and accurate statement of its contents.

69.     Admit.  Defendants respectfully refer the Court to the cited federal register notice for a full and accurate statement of its contents.

70.     Admit.  Defendants respectfully refer the Court to the cited letter to the Office of Management and Budget for a full and accurate statement of its contents.

71.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

72.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote 31 U.S.C. § 3711(e)(2) and the Department's regulation and respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.  Otherwise, denied.

73.     Admit.

74.     Admit.

75.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs accurately quote the cited agreement and respectfully refer the Court to that document for a full and accurate statement of its contents.

76.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs accurately quote

the cited agreement and respectfully refer the Court to that document for a full and accurate statement of its contents.

77.     Admit.

78.     Insofar as Defendants did not author the cited Senate report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

79.     Insofar as Defendants did not author the cited Senate report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

80.     Insofar as Defendants did not author the cited Senate report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

81.     Insofar as Defendants did not author the cited Senate report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

82.     Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

83.     Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

84.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

85.     Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

86.     Insofar as Plaintiffs do not identify "the schools" to which this paragraph refers, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

87.    Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

88.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

89.    Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

90.    Insofar as Plaintiffs do not identify the "for-profit schools" to which this paragraph refers, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

91.    Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

92.    Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

93.    Insofar as Defendants did not author the cited report, they lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the cited report contains the quoted language.

94.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

95.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

96.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

97.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

98.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

99.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

100.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

101.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

102.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

103.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

104.    Defendants admit that the Department reported in a 2014 press release that 72 percent "of the for-profit gainful employment programs the Department could analyze and which could be affected by [its] action . . . produced graduates who on average earned less than high school dropouts."  Defendants respectfully refer the Court to the Department's press release for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

105.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

106.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

107.    Deny.

108.    Defendants deny the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

109.    Defendants deny the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

110.    Defendants deny the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

111.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that "for-profit colleges accounted for approximately 98% of all loan cancellation applications sent to the government between 2016 and 2018."  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

112.    Admit.

113.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph pertaining to the number of loans recommended for discharge.  Defendants admit the remaining allegations in this paragraph.

114.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

115.    The first sentence of this paragraph consists of legal conclusions to which no response is required.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence.

116.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

117.    Insofar as the terms "situation" and "untenable" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

118.    Defendants admit sentence one and the first clause of sentence two.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

119.    Admit.

120.    Defendants admit that the closure of Corinthian Colleges almost immediately produced over 1,000 claims from borrowers to defense from repayment.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

121.    Defendants admit that around the same time borrowers from other schools submitted borrower defense applications.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

122.    Admit.

123.    Admit.

124.    Defendants admit that the Special Master issued four reports and respectfully refer the Court to those reports for a full and accurate statement of their contents.  Otherwise, denied.

125.    Defendants admit that Plaintiffs accurately quote the cited Special Master report and respectfully refer the Court to that report for a full and accurate statement of its contents.

126.    Defendants admit that Plaintiffs accurately quote the cited Special Master report and respectfully refer the Court to that report for a full and accurate statement of its contents.

127.    Defendants admit that Plaintiffs accurately quote the cited Special Master report and respectfully refer the Court to that report for a full and accurate statement of its contents.

128.    Defendants admit that from June 24, 2015 through June 23, 2015 the Department approved for discharge 3,787 student loans.  Otherwise, denied.

129.    Admit.

130.    Admit.

131.   Admit.

132.   Admit.

133.   Admit.

134.   Admit.

135.   Admit.

136.   Admit.

137.   Admit.

138.   Defendants admit that the Department found that Corinthian had systemically misrepresented the rates at which its graduates were employed (*i.e.*, its "job placement rates") and published on its website lists of Corinthian campuses and academic programs covered by these findings, as well as the range of dates to which the findings apply at each program. Defendants deny that those findings determined whether any particular former Corinthian student "established" a defense to repayment under this job placement rate theory.

139.   Defendants admit the first sentence.  Defendants admit that a Department memorandum exists with respect to "transferability of credit" claims of former Corinthian students.  To the extent the allegations in this paragraph seek to characterize portions of the memorandum that have not been publicly released, Defendants can neither confirm nor deny them because to do so would reveal information protected by privilege, including the attorney-client privilege.

140.   Defendants admit the first sentence.  Defendants admit that a Department memorandum exists with respect to "guaranteed employment" claims of former Corinthian students.  To the extent the allegations in this paragraph seek to characterize portions of the memorandum that have not been publicly released, Defendants can neither confirm nor deny them because to do so would reveal information protected by privilege, including the attorney-client privilege.

141.   Deny.

142.    Defendants admit the first sentence.  Defendants admit that a Department memorandum exists with respect to "guaranteed employment" claims of former ITT students. To the extent the allegations in this paragraph seek to characterize portions of the memorandum that have not been publicly released, Defendants can neither confirm nor deny them because to do so would reveal information protected by privilege, including the attorney-client privilege.

143.    Admit.

144.    Defendants admit that Plaintiffs accurately quote the Department's October 28, 2016 report on borrower defense and respectfully refer the Court to that report for a full and accurate statement of its contents.

145.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

146.    Deny.

147.    Defendants admit that the first quote contained in this paragraph accurately quotes the Borrower Defense Unit Claims Review Protocol and that the second quote contained in this paragraph accurately quotes the IG Report.  Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents.

148.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs accurately quote the Borrower Defense Unit Claims Review Protocol with respect to determining whether a student is eligible for a borrower defense under the Department's 1995 regulation where the claim is not covered by the Department's findings and respectfully refer the Court to that protocol for a full and accurate statement of its contents.  Otherwise, denied.

149.    Deny.

150.    Defendants admit that each individual named in subparagraphs a-f worked at one time or are working at the Department and have the previous jobs or ties mentioned in those subparagraphs among their extensive professional and employment histories.  Otherwise, denied.

151.    Defendants admit that Plaintiffs accurately quote the Department's response to the cited Questions for the Record and respectfully refer the Court to that response for a full and accurate statement of its contents.

152.    Deny.

153.    Admit.

154.    Defendants admit the allegations in sentence one of this paragraph.  Defendants deny the allegations in sentence two.

155.    Defendants admit that Plaintiffs accurately quote the Department's response to the cited Questions for the Record and respectfully refer the Court to that response for a full and accurate statement of its contents.

156.    Defendants admit that Plaintiffs accurately quote the Department's response to the cited Questions for the Record in the first clause and respectfully refer the Court to that response for a full and accurate statement of its contents.  Defendants deny the remaining allegations in this paragraph.

157.    Defendants admit that Plaintiffs accurately quote the transcript of the cited congressional testimony and respectfully refer the Court to that transcript for a full and accurate statement of its contents.  Defendants deny the remaining allegations in this paragraph.

158.    Defendants deny the allegations in the first clause that it sharply reduced its staffing and resources upon the change in administration.  Defendants admit the allegation in the second clause that the Department inherited a significant backlog of borrower defense claims.

159.    Admit.

160.    Admit.

161.    Admit.

162.    Admit.

163.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.  Insofar as the IG Report does not include such information, Defendants lack sufficient knowledge or information

to form a belief about the truth of the allegation that the communication at issue was made in March 2017.

164.    Defendants admit the first sentence of this paragraph.  As to the second sentence, Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in November 2017 and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

165.    Defendants admit that, based on the recommendation of the Review Panel in May 2017, the Department approved 16,000 borrower defense claims that had been approved, but not effectuated, prior to January 20, 2017.  Otherwise, denied.

166.    Admit.

167.    Defendants deny that Plaintiffs accurately quote the Department's statement and respectfully refer the Court to the transcript of Under Secretary Manning's comments made during a negotiated rulemaking committee meeting in January 2018 for a full and accurate statement of its contents.

168.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

169.    Admit.

170.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

171.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

172.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

173.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

174.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

175.    Defendants admit that Plaintiffs accurately quote the IG report and respectfully refer the Court to that report for a full and accurate statement of its contents.

176.    Defendants admit that the allegations in this paragraph and respectfully refer the Court to the cited November 29, 2017 response to the IG report for a full and accurate statement of its contents.

177.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Government Accountability Office standards for a full and accurate statement of its contents and otherwise deny the allegations in this paragraph.

178.    Defendants admit that the Department has a policy requiring the submission of corrective actions plans, under which varying deadlines and requirements apply.  Defendants deny the remaining allegations in this paragraph.

179.    Defendants admit that Plaintiffs accurately quote the cited OIG FOIA response and respectfully refer the Court to that response for a full and accurate statement of its contents. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

180.    Admit.

181.    Admit.

182.    Admit.

183.    Deny.

184.    Defendants admit that Plaintiffs accurately quote the Department's response to Questions for the Record of Senator Murray and respectfully refer the Court to that response for a full and accurate statement of its contents.

185.    Deny.  Defendants respectfully refer the Court to the transcript of Under Secretary Jones' cited testimony for a full and accurate statement of its contents.

186.    Admit.[1]

---

[1] Deny.  Defendants respectfully refer the Court to the cited Senate Report for a full and accurate statement of its contents.

187.     Defendants admit that since January 1, 2019, borrowers have continued to assert borrower defense claims.  Defendants deny the remaining allegations in this paragraph.

188.     Defendants admit the allegations in this paragraph except with respect to United Education Institutes and Lincoln Technical Institute.  Defendants deny that United Education Institutes and Lincoln Technical Institute, as of the date of this filing, have more than 500 application from former students pending.

189.     Defendants admit that the Department has granted borrower defense applications from former students of Corinthian, ACI, ITT and other schools since 1994.  Defendants deny the remaining allegations in this paragraph.

190.     Deny.

191.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

192.     Defendants admit that Plaintiffs accurately quote the cited letter to Senator Warren and respectfully refer the Court to that letter for a full and accurate statement of its contents.

193.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

194.     Defendants admit that Plaintiffs accurately quote the cited notice of proposed rulemaking and respectfully refer the Court to the notice for a full and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

195.     Defendants admit that Plaintiffs accurately quote the cited letter of Under Secretary Manning and respectfully refer the Court to that letter for a full and accurate statement of its contents.

196.     Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in November 2017 and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

197.     Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in November 2017 and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

198.     Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in November 2017 and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

199.     Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in January 2018 and respectfully refer the Court to that transcript for a full and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

200.     Defendants admit that Plaintiffs accurately quote the transcript of Under Secretary Manning's comments during a negotiated rulemaking committee meeting in January 2018 and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

201.     Defendants admit that Plaintiffs accurately quote the cited regulation and respectfully refer the Court to that regulation for a full and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

202.     Defendants admit that the transcript of the cited House committee hearing contains language similar to the quoted language in this paragraph and respectfully refer the Court to the transcript for a full and accurate statement of its contents.

203.     Defendants admit that Plaintiffs accurately quote the transcript of the cited Senate committee hearing and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

204.     Deny.

205.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

206.     As to sentence one, Defendants admit that the loans of class members who elected to have their loans placed in forbearance are accruing interest.  Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

207.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

208.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

209.    Defendants admit that a successful borrower defense application results in removal of negative credit reporting associated with the discharged loan or loans and refunds of any amounts paid on the loan but only up to the amount discharged.

210.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

211.    Defendants admit that Plaintiffs accurately quote the Department's universal borrower application and respectfully refer the Court to that document for a full and accurate statement of its contents.

212.    Defendants admit that Plaintiffs accurately quote the Department's universal borrower application and respectfully refer the Court to that document for a full and accurate statement of its contents.

213.    Defendants admit that Plaintiffs accurately quote the transcript of cited congressional testimony and respectfully refer the Court to that transcript for a full and accurate statement of its contents.

214.    Deny.

215.    Deny.

216.    Deny.

217.    Deny.

218.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

219.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

220.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

221.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

222.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

223.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

224.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

225.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

226.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

227.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

228.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

229.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

230.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

231.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

232.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

233.    Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

234.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

235.    Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

236.    Defendants admit Plaintiff Sweet's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Sweet's current residence.

237.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

238.    Admit.

239.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences.   Defendants admit the allegations in the third sentence.

240.    Admit.

241.    Admit.

242.    Admit.

243.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraphs.

244.    Defendants admit the allegations in the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.

245.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

246.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

247.     Defendants admit that Plaintiff Sweet has filed a borrower defense claim with the Department.  Defendants deny that the claim was submitted in the fall 2016.

248.     Admit.

249.     Defendants admit that interest continues to accrue on Plaintiff Sweet's loans while the loans are in forbearance and her borrower defense claim is pending.  Defendants deny that Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

250.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

251.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

252.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

253.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

254.     As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiff or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

255.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

256.     Defendants deny the allegation that "the Department sits on her borrower defense."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

257.    Defendants admit Plaintiff Apodaca's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Apodaca's current residence.

258.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

259.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

260.    Admit.

261.    Admit.

262.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

263.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraphs.

264.    Admit.

265.    Admit.

266.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

267.    Admit.

268.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

269.    Defendants admit that interest continues to accrue on Plaintiff Apodaca's loans while the loans are in forbearance and her borrower defense claim is pending.  Defendants deny that Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

270.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

271.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

272.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

273.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

274.    Deny.

275.    Defendants deny the second sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

276.    Defendants deny the allegation that the Departments "refus[es] to act on her borrower defense."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

277.    Defendants admit Plaintiff Archibald's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Archibald's current residence.

278.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

279.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

280.    Admit.

281.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

282.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

283.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraph.

284.   Admit.

285.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

286.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

287.   Admit.

288.   As to the first clause of this paragraph, Defendants admit that in 2016, in accordance with the law and the Department's regulations, Plaintiff Archibald's tax refund was offset and applied to her student loan debt.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second clause of this paragraph.

289.   Admit.

290.   Admit.

291.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

292.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

293.   As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

294.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

295.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

296.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

297.     Defendants deny that "the Department refuses to decide her borrower loan." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

298.     Defendants admit Plaintiff Deegan's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Deegan's current residence.

299.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

300.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

301.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

302.     Admit.

303.     Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence.

304.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraphs.

305.     Admit.

306.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

307.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

308.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

309.     Admit.

310.   Admit.

311.   Defendants admit that interest continues to accrue on Plaintiff Deegan's loans while the loans are in forbearance and his borrower defense claim is pending.  Defendants deny that Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

312.   As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

313.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

314.   As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

315.   As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

316.    Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

317.   Defendants admit Plaintiff Hood's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

318.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

319.   Admit.

320.   Admit.

321.   Admit.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

322.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

323.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraph.

324.    Admit.

325.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

326.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

327.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

328.    Defendants admit the allegation in the first sentence of this paragraph. Defendants deny the allegations in the second sentence.

329.    Admit.

330.    Defendants admit that interest continues to accrue on Plaintiff Hood's loans while the loans are in forbearance and his borrower defense claim is pending.  Defendants deny that Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

331.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

332.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

333.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

334.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  As to the second sentence, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

335.     Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

336.     Defendants admit Plaintiff Davis's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Davis's current residence.

337.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

338.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

339.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and subparagraph.

340.     Admit.

341.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

342.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

343.     Defendants deny the first sentence.  As to sentence two, Defendants admit that Plaintiff Davis submitted a borrower defense application in June 2016.  The remaining allegations in this paragraph are denied.

344.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

345.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

346.     Admit.

347.     Defendants admit that interest continues to accrue on Plaintiff Davis's loans while the loans are in forbearance and her borrower defense claim is pending.  Defendants deny that

Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

348.    Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

349.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

350.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

351.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

352.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

353.    Defendants admit that Plaintiffs accurately quote Plaintiff Davis's borrower defense application and respectfully refer the Court to the application for a full and accurate statement of its contents.

354.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

355.    Defendants admit Plaintiff Jacobson's age.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Plaintiff Jacobson's current residence.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

356.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

357.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

358.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

359.    Admit.

360.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph or subparagraph.

361.    Defendants admit that Plaintiff Jacobson received approximately $25,000 in FFEL loans.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

362.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

363.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

364.    Admit.

365.    Admit.

366.    Defendants admit that interest continues to accrue on Plaintiff Sweet's loans while the loans are in forbearance and her borrower defense claim is pending.  Defendants deny that Plaintiff will be responsible for paying all of the accrued interest and otherwise deny the remaining allegations in this paragraph.

367.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

368.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

369.    As to sentence one, Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

370.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

371.    This paragraph consists of Plaintiffs' characterization of their lawsuit to which no response is required.

372.    This paragraph relates to a class action claim that has been dismissed, and thus no response is required.

373.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

a. This subparagraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

b. This subparagraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, the Department denies that it has a "policy of inaction" and otherwise denies the remaining allegations in this subparagraph.

c. This subparagraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

d. This subparagraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiffs "intend to prosecute this action vigorously."  Otherwise, denied.

e. Defendants admit the allegations in the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.  Otherwise, denied.

374.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

375.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

376.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

377.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

378.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

379.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

380.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs accurately quote the APA and respectfully refer the Court to the cited APA provision for a full and accurate statement of its contents.

381.    Admit.

382.    Admit.

383.    Admit.

384.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

385.    Defendants deny that the Department has engaged in any unlawful conduct that has harmed Plaintiffs or the class.

386.    Defendants admit the first sentence.  Defendants deny the second sentence.

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

387.    Deny.

388.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

389.    This paragraph consists of legal conclusions and requests for relief to which no response is required.  To the extent that a response is deemed required, denied.

390-404. These paragraphs relate to a claim that has been dismissed, and thus no response is required.

The remaining unnumbered paragraphs in the Complaint contain requests for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief.

THEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper. Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

DATED:  November 14, 2019                    Respectfully submitted,


                                             JOSEPH H. HUNT
                                             Assistant Attorney General

                                             MARCIA BERMAN
                                             Assistant Branch Director

                                             /s/ Kathryn C. Davis
                                             KATHRYN C. DAVIS (DC Bar No. 985055)
                                             Senior Counsel
                                             R. CHARLIE MERRITT (VA Bar No. 89400)
                                             KEVIN P. HANCOCK
                                             U.S. Department of Justice

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 616-8298 (phone)
(202) 616-8470 (fax)
E-mail: Kathryn.C.Davis@usdoj.gov

*Attorneys for Defendants*

Defendants' Answer to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief
No. 19-cv-03674