| | |
|---|---|
| JOSEPH JARAMILLO (SBN 178566) | EILEEN M. CONNOR (SBN 248856) |
| jjaramillo@heraca.org | econnor@law.harvard.edu |
| NATALIE LYONS (SBN 293026) | TOBY R. MERRILL (*Pro Hac Vice*) |
| nlyons@heraca.org | tomerrill@law.harvard.edu |
| HOUSING & ECONOMIC RIGHTS ADVOCATES | KYRA A. TAYLOR (*Pro Hac Vice*) |
| | ktaylor@law.harvard.edu |
| 1814 Franklin Street, Suite 1040 | LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL |
| Oakland, CA 94612 | 122 Boylston Street |
| Tel.: (510) 271-8443 | Jamaica Plain, MA 02130 |
| Fax: (510) 868-4521 | Tel.: (617) 390-3003 |
| | Fax: (617) 522-0715 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD AND EXCLUDE DEFENDANTS' DECLARATIONS**<br><br>Date: February 13, 2020<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Honorable William H. Alsup |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on February 13, 2020 at 8:00 am or as soon thereafter as counsel may be heard, before the Honorable William Alsup in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 12, 19th Floor, San Francisco, CA 94102, Plaintiffs Theresa Sweet, Chenelle Archibald, Tresa Apodaca, Alicia Davis, Samuel Hood, Daniel Deegan and Jessica Jacobson (collectively, "Plaintiffs"), will and hereby do move the court for an Order allowing supplementation of the Administrative Record, requiring that the Department complete the record, and excluding certain material from the Administrative Record, filed on November 14, 2019.

This motion is made pursuant to Civil Local Rules 7-1 and 16-5 and is based on this notice, the memorandum of points and authorities and the complete files and records in this action.

## RELIEF REQUESTED

Plaintiffs respectfully request the Court (1) allow Plaintiffs to supplement the record with the documents identified in the accompanying declaration; (2) exclude from consideration the three agency declarations submitted as part of the certified administrative record and argumentation based thereon; (3) order the Department to complete the record with documents identified in Plaintiffs' Motion Under Rule 56(d), incorporated by reference herein; and (4) compel production of a privilege log.

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 14, 2019, Defendants Education Secretary Betsy DeVos and the Department of Education (Defendants or Department) certified an administrative record that contained only publicly available documents, litigation affidavits—signed and dated by the declarants on November 14—and three undated "protocols." The administrative record, as produced, provides little information on what progress the Department has made on Borrower Defense adjudications since June 2018. It contains no documentation reflecting the informal decision-making that caused the Department to stonewall the Borrower Defense relief process. It also fails to contain documents the Department identified in its Answer to the Complaint. Indeed, the certified record only contains information necessary to construct the Department's chosen narrative—that competing resource demands, including implementation of regulatory changes that the Department used illegal tactics to delay, the prior administration's supposedly haphazard and arbitrary approach to borrower defense, and above all else, a conviction that the only possible method for resolving borrower defense is to peg relief to financial harm, which the Department believes may only be determined through a tortured comparison of earnings between different groups of borrowers.

But additional evidence exists that bears on the question of whether Plaintiffs are entitled to relief in this case, and it is appropriate for the Court to consider it in resolving the parties' motions for summary judgment. Plaintiffs identify specific documents, attached to a declaration accompanying this Motion, that are relevant and appropriate for consideration by the Court as supplemental material.

By the same token, although the standard for supplementation of the administrative record is generally more permissible on review of agency inaction, as opposed to final agency action, Defendants have not moved or otherwise made a showing of why the Court should consider its litigation declarations. Rather, they have included them in a "certified administrative record." But the Department's failure to include adverse documentation—and failure to provide documentation that supports each of those declarations' allegations—destroys the "regularity" courts ordinarily afford to an agency's certification of the administrative record. The declarations themselves are largely redundant or duplicative with the exhibits or information before the court, or self-serving

PLAINTIFFS' MOTION  
REGARDING THE RECORD
1
No. 19-cv-03674-WHA

opinions and assertions unsupported by documentation. The Court should exclude these declarations from the record and not consider argumentation based on them.

As to documents that are solely within the control of the Defendants, Plaintiffs respectfully request that the Court order Defendants to complete the record with the categories of documents identified in Plaintiffs' Motion Under Rule 56(d), for the reasons set forth in that Motion and attached declaration. Additionally, the Court should compel the Defendants to file a privilege log, as already mandated.

I.    **BACKGROUND**

On June 25, 2019, Plaintiffs filed the Complaint, ECF No. 1, alleging that the Department violated the Administrative Procedure Act (APA) by failing to resolve borrower defense applications.[1] After Plaintiffs voluntarily dismissed their 5 U.S.C. § 706(2) claim, ECF 41, the Court certified the class as to Plaintiffs' remaining claim that the Department violated Section 706(1) of the Administrative Procedure Act, which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." ECF No. 46 (hereinafter "Class Cert. Order"). Upon certifying the class, the Court found that "the Department ha[d] decided zero applications since June 2018," despite the "210,000 borrower defense claims [ ] remain[ed] pending." *Id.* at 8 (noting it was "especially striking considering that between July 2016 and January 20, 2017, the Department had decided approximately 27,996 borrower defense applications").

On November 14, 2019, the Department certified an administrative record. ECF No. 56-1 (hereinafter, "Certification"); ECF Nos. 56-3 and -4 (hereinafter, "Administrative Record"). The 585-page administrative record includes declarations by Diane Auer Jones, the Under Secretary of Education, and two members of Department staff, Colleen Nevins, the Director of the Borrower Defense Unit, and Ian Foss, Program Specialist in Federal Student Aid, all signed and dated on November 14, 2019. Administrative Record (AR) at 1-12 (Declaration of Diane Auer Jones, hereinafter "Jones Dec."); *id.* at 320-24 (Declaration of Ian Foss, hereinafter "Foss Dec."); *id.* at 336-53 (Declaration of Colleen Nevin, hereinafter "Nevin Dec."). Attached to those declarations

---

[1] Defendants answered the Complaint on November 14, 2019. ECF No. 55.

PLAINTIFFS' MOTION                                  2                              No. 19-cv-03674-WHA
REGARDING THE RECORD

are twenty exhibits of documents, which include, *inter alia*: 515 pages of publicly available documents such as Department press releases, Department reports to Congress, federal court decisions, Federal Register notices, final promulgated regulations, and blank borrower defense forms. Only 6 documents (28 pages) were not previously publicly released; Nevin Exhibits 15, 16, 17, 18 and Foss Exhibits 1 and 2.

## II.   LEGAL STANDARD

### A.   *Supplementation in Review of Agency Inaction*

The general rule in the Ninth Circuit is that judicial review under the APA "is limited to review of the record on which the administrative decision was based." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The "whole administrative record" "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* In challenges to final agency action, there are four "widely accepted" but "narrowly construed and applied" circumstances in which a court may supplement an administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (citing four exceptions derived from *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

However, a different standard applies to cases challenging agency inaction. The administrative record in such cases is not tightly circumscribed or demarcated. *See San Francisco BayKeeper v. Whitman,* 297 F.3d 877, 886 (9th Cir. 2002) (review not limited to record at single point in time) (citing and quoting *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000)). Thus, supplementation "is generally more permissible" in failure-to-act cases. *A.A. v. U.S. Citizenship and Immigration Servs.*, No. c15-0813-JLR, 2018 WL 1811352 at *4 (W.D. Wash. April 17, 2018) (order on cross motions to supplement the administrative record).

The Ninth Circuit has not limited supplementation in agency inaction cases only to the four exceptional circumstances regularly applied to review of final agency action. *See Wildearth Guardians v. U.S. Fed. Emergency Mgmt. Agency,* No. cv10-863-PHX-MHM, 2011 WL 905656 at *2 (D. Arizona March 15, 2011) (citing and discussing cases). "[U]tilization of these exceptions in failure-to-act cases would render superfluous the Ninth Circuit's repeated statements that the record is not closed in such cases. The Ninth Circuit's treatment of record supplementation in

failure-to-act cases strongly suggest that failure to act cases are themselves an independent exception to the record review rule." *Id.*[2] Either party may seek supplementation. *See Wildearth Guardians*, 2011 WL 905656 at *3; *Ctr. for Biological Diversity v. U.S. Dep't of Hous. and Urban Dev.*, No. civ-05-261-TUC-CKJ, 2007 WL 9723130 at *2 (D. Ariz. Oct. 26, 2007); *A.A.*, 2018 WL 1811352 at *4 (granting supplementation requested by both parties).

Although "*Friends of the Clearwater* and *S.F. BayKeeper* make clear that review is not wholly limited to an administrative record in a failure to act case," those cases do not prescribe a particular standard. *Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F.Supp.3d 1106 (N.D. Cal. 2017). A "broad reading" would permit review of *any* material, and a "narrower" reading could limit the record to "only particular extra-record documents," *id.* at 1126 (declining to decide because not outcome determinative). Some courts allow supplementation "with evidence that is relevant to the question of whether relief should be granted," *Wildearth Guardians*, 2011 WL 905656 at *3; *see also A.A.* at 2018 WL 1811352 *3 (citing *Friends of Clearwater* and *Indep. Mining Co. v. Babbitt*, 105 F.3d 502 (9th Cir. 1997)). The decision to consider supplemental materials is left to the court "in its discretion." *Ctr. for Biological Diversity*, 2007 WL 9723130 at *3.

**B.     *Consideration of Litigation Documents in Certified Administrative Record***

Even where courts recognize that supplementation is broadly permitted in failure-to-act cases, the "focal point" of review should still be on documents "already in existence," not on "some new record made initially in the reviewing court." *A.A.*, 2018 WL 1811352 at *4 (quoting and citing *Camp v. Pitts*, 411 U.S. at 142). Agency declarations should not be offered to supplant documentation demonstrating what the agency has done and defend the agency's inaction. *Cachil*

---

[2] Some courts in this Circuit but outside of the Northern District do apply the "whole record" rule and its four exceptions to 706(1) cases. *See, e.g., City of Santa Clarita v. Dept. of Int.*, No. CV 02-0697 DT(FMOX), 2005 WL 2972987 (C.D. Cal. Oct. 31, 2005); *Alliance for the Wild Rockies v. Marten*, No. 16-35-M-DWM, 2016 WL 7174671 (D. Mont. Oct. 3, 2016)). However, courts in this District broadly utilize the *TRAC* factors in a 706(1) case. *See e.g. In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015). The *TRAC* factors require a fact-specific inquiry into matters that would not be properly included in an administrative record and necessitate supplementation of the administrative record (i.e. the "health and human welfare" of the plaintiff). As a result, the aforementioned cases allowing supplementation more broadly are appropriate here.

*Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018). Efforts to submit declarations in lieu of a complete record have been squarely rejected in the past. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971). The proper course is for an agency to "provide the underlying information itself." *Kuang v. U.S. Dept. of Def.*, 340 F. Supp. 3d 873, 917 (N.D. Cal. 2018), *rev'd on other grounds by* 778 Fed. Appx. 418 (9th Cir. 2019).

### C. Compelling Completion of the Administrative Record

A complete administrative record includes "all documents and materials directly or indirectly considered by agency decision-makers[.]" *Thompson v. U.S. Dep't of Labor*, 885 F.2d at 555 (including evidence "contrary to the agency's position"). The actual administrative record "is not necessarily those documents that the *agency* has compiled and submitted as the administrative record," *Thompson*, 885 F.2d at 555 (emphasis in original); it is properly "neither more nor less information than [what was before the] agency" when the decisionmaking occurred. *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (1984). This means that a properly certified record includes "documents that literally pass[ed] before the eyes of the final agency decision maker as well as those considered and relied upon by subordinates who provided recommendations to the decisionmaker." *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2018 U.S. Dist. LEXIS 38460, *20 (Mar. 18, 2018) (J. Alsup). And likewise, "[a]n incomplete record must be viewed as a fictional account of the actual decisionmaking process," *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (internal quotations and citations omitted).

Under Rule 56(d) (formerly 56(f)), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Proc. 56(d). The third option is most apt here because the Court can order the Department to produce specific documents—that properly belong in the record—to settle material issues of fact.

### III. ARGUMENT

#### A. *Supplementation of the Record with Specific Documents Relevant to Plaintiffs' Entitlement to Relief is Appropriate.*

The Court should supplement the administrative record with the specific documents appended to the declaration supporting this motion, because they are relevant to the question of whether Plaintiffs are entitled to the relief that they seek in this case. *Wildearth Guardians,* 2011 WL 905656 at *3; *A.A.*, 2018 WL 1811352 at *3. Plaintiffs seek to supplement the record with four categories of documents. Many of these documents have been confirmed by the Defendants in their Answer, which generally referred the Court to the actual document,[3] but were not included in the certified administrative record.

The first category, Connor Decl. Exs. 1-10, comprise Department memoranda and protocols concerning borrower defense, as available to Plaintiffs and dating from 2000 through 2018. These documents provide "relevant historical context and background information," *A.A.*, 2018 WL 1811352 at *4, to the question of whether Defendants can justify their failure to resolve borrower defense applications of class members. They are also "relevant to the issue of Defendant's discretion," *Wildearth Guardians*, 2011 WL at *4, to decide borrower defense applications, including the determination of relief. They were likely considered by Department officials in determining their treatment of borrower defense applications, including the adoption of an informal "hold" on adjudications. They constitute agency interpretations over time of its mandatory duty to decide borrower defense applications.

The second category, Connor Decl. Exs. 11-22, comprise official Department publications, including in the Federal Register and to the Office of Management and Budget, concerning borrower defense. These documents likewise provide relevant context and background to the Department's mandatory duty and scope of discretion in relation to borrower defense.

The third category, Connor Decl. Exs. 23-39, comprise other agency statements, including letters from and testimony or remarks of Department officials, including Secretary DeVos and

---

[3] Ex. 22, *see* Ans., ECF 55, ¶ 153; Ex. 23, *see* Ans. ¶ 68; Ex. 25, *see* Ans. ¶ 192; Ex. 31, *see* Ans. ¶ 185; Ex. 32, *see* Ans. ¶ 151; Ex. 33, *see* Ans. ¶ 165.

Diane Auer Jones. These documents likewise provide relevant context and background to the Department's mandatory duty and scope of discretion in relation to borrower defense. They are relevant to the question of the Department's motivations and changing explanations for its failure to adjudicate borrower defense applications over time.

The fourth category consists of a single Exhibit, Connor Decl. Ex. 40, that provides relevant background information concerning the subject matter of agency regulation, *Wildearth Guardians*, 2011 WL 905656 at *4. Specifically, the Exhibit summarizes an investigation of a committee of the U.S. Senate into for-profit colleges, some of which were attended by Named Plaintiffs, were the former employers of current Department officials, including Diane Auer Jones, and are responsible for the majority of borrower defense claims submitted to the Department.[4]

### B. *The Court Should Exclude from the Record and Its Consideration the Three Litigation Declarations Included Without Justification in the Certified Administrative Record.*

The three agency declarations contained in the administrative record are not properly before the Court because the Department has made no argument as to why they should be included and considered. Supplementation is permitted, but not without justification. Even in cases reviewing agency inaction where supplementation is warranted, review "should be limited to those documents which truly bear on the merits of the case and are not duplicative of evidence already in the record, better considered through judicial notice, or legal authority that can be referenced as a matter of law." *Wildearth Guardians*, 2011 WL 905656 at *4. And documents created for the sake of litigation must be viewed with skepticism. Although the concept of impermissible "post hoc" rationalization has less saliency in a review of agency inaction,[5] where there is by definition

---

[4] Eligibility Memoranda indicate that the Department used this report to determine borrower defense eligibility in the past. Ex. 6, Memo. from Borrower Defense Unit to Under Sec'y Ted Mitchell at 4, n. 34 (Jan. 10, 2017) (Re: Recommendation for ITT Borrowers Alleging That They Were Guaranteed Employment – California Students).

[5] *See Indep. Mining Co. v. Babbitt*, 105 F.3d at 511-12. However, many of the explanations given in the Nevins and Jones declarations are at odds with explanations for the failure to adjudicate borrower defense claims given at other times by the agency. This suggests that the declarations are aimed at creating a favorable litigation narrative, rather than a complete picture.

PLAINTIFFS' MOTION  
REGARDING THE RECORD  
7  
No. 19-cv-03674-WHA

no temporal close to the administrative record, this does not give Defendants license to present a skewed record.

Here, the Court should exclude the declarations because they are "irrelevant," simply "duplicate or restate background information contained in exhibits," or state opinions of agency employees that are not substantiated by documents. *A.A.*, 2018 WL 1811352 at *6 (disallowing request to supplement record with agency declaration "describ[ing] the adjudication process of EAD applications and the dramatic increase in both asylum and EAD applications.").

The majority of the assertions within the declarations could be, but were not, supported by documentation. For example, the Nevin Declaration states that "[w]hile claim adjudication was on hold during the IG review, BDU staff spent a substantial amount of time gathering information and materials in response to IG requests." ¶ 58. Yet, none of the "information and materials" provided during the IG review are included in the record. *See also, e.g.* Auer Jones Dec. ¶ 22 ("The Department is working towards announcing and implementing a new partial relief methodology within the next few weeks" but providing no partial relief methodology documentation), ¶¶ 26-27 (discussing Students' denial letters without providing a sample letter, clarifying what information will be included in the letters, or specifying how many denials are prepared); Nevin Dec. ¶ 39 ("The process to develop review protocols currently is ongoing with respect to several schools other than CCI" but not providing those draft protocols), ¶ 56 ("Enforcement was advised in the spring of 2017 that the Department might make significant changes to the BDU processes and that no additional approvals would be processed until the completion of the work of the Review Panel and, subsequently, by the IG" but failing to attach that communication).

In other instances, the declarations obfuscate the existence of documents or facts that the Department has elsewhere acknowledged. For example, the Nevin declaration appends only undated, but allegedly recent, protocols for reviewing borrower defense claims, *see* ¶¶ 39-41, but the Department acknowledges an earlier protocol, the "2017 Borrower Defense Unit Claims Review Protocol," in their Answer, ECF 55, ¶ 147, but do not include it in the administrative record. In some cases, the declarations are redundant with material that is appended, such as discussions of court opinions that are themselves attached as exhibits.

To the extent the Defendants argue from the basis of these declarations—indeed, they cite only three declaration exhibits and base the rest of their argument for summary judgment on the declarations, this too should be excluded from consideration. The Court should "disregard" argument that "relie[s] on unsupported factual allegations to support or oppose summary judgment," *Ctr. for Biological Diversity*, 2007 WL 9723130 at * 3.

### C. The Court Should Compel Defendants to Complete the Administrative Record with Documents Identified By Plaintiffs, and Require a Privilege Log.

The declarations are problematic for an additional reason: they excuse the Department from including documents in the administrative record that could amply illustrate the points made by declarants, but that would possibly show a more complete picture, including information unfavorable to Defendants' position. Such specific documents exist, and Plaintiffs have demonstrated that they are relevant and necessary to the Court's consideration in a separate Motion Under Federal Rule of Civil Procedure 56(d). The Court should compel the Department to complete the administrative record with the documents identified in that motion and supporting declaration.[6]

For example, the Answer references numerous documents quoted in the complaint—many of which underlie the Department's capacity to decide Borrower Defenses—but the Department failed to include them within the certified record. Among the documents acknowledged but not attached are: (1) the 2012 Senate HELP committee report, Ans. ¶¶ 78-103, (2) the corrective action plan developed in response to the IG report, Ans. ¶ 178, (3) the ITT and Corinthian Borrower Defense claims memoranda, Ans. ¶¶ 138, 139-40, and (4) recommendations and communications from the Borrower Defense Review Panel, Ans. ¶ 165. Yet the declarations purport to speak

---

[6] The certification of the administrative record consists of a bare assertion that the included documents are the complete record of the lack of final agency action. True, this is a 706(1) case. But the existence of an informal agency policy to withhold final adjudications has been alleged by Plaintiffs. The certification is thus improper on its face; the Department did not assert, either in the certification or through one of its declarants, that it searched for documents related to this policy. *See Franco v. U.S. Forest Serv.*, No. 09-cv-01072-KLM, 2016 WL 1267639 (E.D. Cal. Mar. 31, 2016) (noting agency declaration submitted in support of summary judgment in 706(1) case avers that declarant conducted a thorough review to ensure that the administrative record was complete, and found no documents evidencing alleged explanation for contested inaction).

PLAINTIFFS' MOTION                            9                            No. 19-cv-03674-WHA
REGARDING THE RECORD

comprehensively and authoritatively to the agency's actions in relation to its borrower defense obligations.

Finally, the Court should compel the Department to include a privilege log if any of the documents identified in the Rule 56(d) motion are withheld on the basis of a claimed privilege. Even though the Court ordered the Department to include a privilege log with the certified administrative record, ECF 44, no privilege log was lodged. Counsel for the Department have since further represented to Plaintiffs' counsel that no log will be forthcoming. *See* Taylor Decl. ¶ 11. Specifically, counsel for the Department asserts that "no documents have been excluded from the record on the basis of privilege" and that the unlawful withholding of agency action "was not the result of any relevant agency decisionmaker's direct or indirect consideration of any privileged items." *Id.* The Department made this assertion even though, in its Answer, the Department stated it could "neither confirm nor deny" "portions of the memorand[a] that have not been publicly released" because "to do so would reveal information protected by privilege, including the attorney-client privilege." Ans. ¶¶ 139-40.

## CONCLUSION

The Court should not allow Defendants to curate testimony to support their arguments in this case, while shielding from consideration clearly relevant information. Thus, Plaintiffs respectfully request the Court (1) allow Plaintiffs to supplement the record with the documents identified in the accompanying declaration; (2) exclude from consideration the three agency declarations submitted as part of the certified administrative record and argumentation based thereon; (3) order the Department to complete the record with documents identified in Plaintiffs' Motion Under Rule 56(d), incorporated by reference herein; and (4) compel production of a privilege log.

Respectfully submitted,

*/s/ Eileen M. Connor*

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL

PLAINTIFFS' MOTION　　　　　　　　10　　　　　　　　No. 19-cv-03674-WHA
REGARDING THE RECORD

122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on December 23, 2019, in Alexandria, Virginia.

*/s/ Kyra Taylor*
Kyra Taylor