| | |
|---|---|
| JOSEPH JARAMILLO (SBN 178566) | EILEEN M. CONNOR (SBN 248856) |
| jjaramillo@heraca.org | econnor@law.harvard.edu |
| NATALIE LYONS (SBN 293026) | TOBY R. MERRILL (*Pro Hac Vice*) |
| nlyons@heraca.org | tmerrill@law.harvard.edu |
| HOUSING & ECONOMIC RIGHTS ADVOCATES | KYRA A. TAYLOR (*Pro Hac Vice*) |
| 1814 Franklin Street, Suite 1040 | ktaylor@law.harvard.edu |
| Oakland, CA 94612 | LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL |
| Tel.: (510) 271-8443 | 122 Boylston Street |
| Fax: (510) 868-4521 | Jamaica Plain, MA 02130 |
| | Tel.: (617) 390-3003 |
| | Fax: (617) 522-0715 |

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DENY OR DEFER DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)**<br><br>Date: February 13, 2020<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Honorable William H. Alsup |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** on February 13, 2020, before the Honorable William H. Alsup, Plaintiffs will and hereby do move the Court pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to deny Defendants' Motion for Summary Judgment, ECF 63, or grant a continuance on the hearing of that motion until Defendants have lodged a complete and properly certified Administrative Record. Plaintiffs' motion is based on this submission, a simultaneously filed motion requesting that the Defendant complete the Administrative Record in the case, the exhibits and declarations filed in both motions, the parties' summary judgment filings in this action, and any other evidence or argument the Court receives before this Motion is decided.

# RELIEF SOUGHT

As an alternative basis to the reasons set forth in their Memorandum in Opposition to Summary Judgment, Plaintiffs request that the Court deny Defendants' Motion for Summary Judgment because they are unable to present facts essential to justify their Opposition on the basis of the record submitted by Defendants. Alternatively, Plaintiffs request that the Court grant a continuance on hearing that motion until Defendants have submitted a complete and properly certified Administrative Record.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants support their Motion for Summary Judgment, ECF 63 (Defs' Mem.), with an administrative record that is 585 pages and consists of three declarations by Department employees all dated November 14, 2019, with a total of 27 exhibits attached. The majority of exhibits to the declarations—515 pages—are publicly available documents. ECF 56. The Department did not include a privilege log despite the Court's order directing it to do so, *see* Order re. Case Management Conference (Oct. 2, 2019), ECF 43.

The record, which was certified as containing "true copies of the administrative record for the absence of final agency action by the Department with respect to pending borrower defense claims," ECF 56-1, omits relevant information showing a genuine issue of material fact that is not otherwise before the Court, and to which Plaintiffs do not have access.

For example, Defendants explain their failure to resolve borrower defense claims of the Plaintiffs and members of the class (Students) in part by claiming that they inherited from a prior administration's approach was "arbitrary and haphazard," Defs' Mem. at 2, but have omitted specific documents from the record that would contradict this claim. The Department claims that difficulty in implementing a new regulation caused its delay, Defs' Mem. at 10, 19-20, but offers nothing to show what the Department was doing prior to the new regulation going into effect on October 16, 2018. It put forth a report of the Department's Office of Inspector General that acknowledges an order or directive that was issued internally at the Department to cease processing borrower defense claims, but withholds documents showing the order itself. This is despite the fact that the Court has already recognized that Plaintiffs have made an initial showing of a "uniform policy of inaction," Order on Class Certification (Oct. 30, 2019), ECF 46.

But, there is a basis to believe that evidence exists showing that (1) the Department enacted a policy of inaction for reasons other than those asserted in Defendants' Summary Judgment Motion, (2) the implementation of the 2016 Regulations did not impact how the Department treated Students' Borrower Defense applications, (3) the Department has not been engaged in any adjudication on the merits of any Borrower Defense applications; and 4) the Department

established a clear process to decide Borrower Defenses before 2017—including determining relief—and from 2017 on, the Department chose to wind it down and stop using it. *See* Declaration of Kyra Taylor (Taylor Decl.), attached hereto. Indeed, that evidence is implicitly referenced by the litigation affidavits improperly lodged in the record. It is explicitly referenced by Department statements, publications, and other publicly available materials.

Defendants produced a record that attempted to force a finger on the scales of justice; they included only documents favoring their position. Plaintiffs cannot fully rebut Defendants' Motion for Summary Judgment until the Record is balanced and complete.[1] The Court should deny Defendants' motion for Summary Judgement, or in the alternative, should hold judgment on the motion in abeyance until the complete Administrative Record and any other relevant supplementary documents are before it.

## I. Facts and Procedural Background[2]

On November 14, 2019, Defendants filed its Answer, ECF 55, a certified administrative record (AR) consisting, in its entirety, of 585 pages, ECF 56.[3] The AR consists of litigation declarations by Department employees Diane Auer Jones, Ian Foss, and Colleen Nevins—all dated November 14, 2019—with a total of 27 exhibits attached therein. The AR as lodged omitted numerous documents—including a 2017 Borrower Defense Unit protocol—which the Department acknowledged in its Answer to the Complaint. The AR also omitted any Department analysis of each states' state laws—something BDU Director Colleen Nevin attested governed borrower

---

[1] Plaintiffs respectfully aver that the Court should deny the Defendants' Motion on the alternative grounds set forth in their Opposition, and do not intend to waive or contradict those grounds by bringing the instant Motion.

[2] A complete statement of facts was provided in Plaintiffs' Opposition and Cross Motion for Summary Judgment. Those facts are incorporated herein.

[3] In the Parties' Joint Case Management Statement, ECF 36 (Sept. 19, 2019), "parties agree[d] that this APA case should be decided on the administrative record[.]" *Id.* at 7. Plaintiffs asserted they "reserved the right to move to complete or supplement the administrative record" and were "amenable to informally conferring" about the contents of the record. *Id.* at 7 Defendants stated they "would oppose any attempt to complete or supplement the administrative record." *Id.* Parties did not discuss the record before it was lodged.

defense eligibility for loans issued prior to July 1, 2017 (under the 1994 Regulations), AR 346 ¶ 41—or eligibility memoranda used to determine whether a borrower had established a claim, AR 507 (IG Memo). Although the Court ordered the Department to produce a privilege log with its AR, the Department produced none.[4]

Plaintiffs' Counsel emailed Defendants' Counsel on November 15, 2019 to ask if they intended to file a privilege log. Counsel responded they would not and stated, "No documents have been excluded on the basis of privilege." They explained how this could be possible—given that the record was supposed to account for agency action causing an absence of decisionmaking for over 225,000 Borrower Defense applications—by stating,

> "The absence of final agency action that Plaintiffs' challenge was not the result of any relevant agency decisionmaker's direct or indirect consideration of any privileged items. Given that Plaintiffs' claim arises under APA section 706(1), there is no final agency decision at issue and thus no official statement of the agency's justifications by which to define the record. As a result, **the record consists of evidence demonstrating the reasonableness of the agency's challenged delay.**
>
> We do not read the court's order to require us to file a privilege log per se, but instead to log any privileged documents that were considered directly or indirectly by any relevant decisionmakers. Because no such documents exist, Defendants will not be filing a privilege log." Taylor Decl. ¶ 11.

The Defendant produced no additional documents.

## II. ARGUMENT

### A. *Legal Standard*

Under Rule 56(d) (formerly 56(f)), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Proc. 56(d). Generally, "a denial of a Rule 56(f) application is disfavored where the party opposing summary judgment

---

[4] Plaintiffs have simultaneously filed a Motion Regarding the Record contesting its completeness and requesting supplementation.

PLAINTIFFS' MOTION UNDER RULE 56(D)     3     Case No: 19-cv-03674-WHA

makes a timely application which specifically identifies relevant information, and where there is some basis for believing that the information sought actually exists." *Church of Scientology of San Francisco v. I.R.S.*, 991 F.2d 560, 562 (9th Cir. 1993), *vac. on other grounds* (discussing substantively identical Rule prior to renumbering).

In making a Rule 56(d) motion, the party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (citing *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987)). When the records identified in the Rule 56(d) motion are solely in the possession of a government agency, it is proper for courts to hold summary judgment in abeyance until the agency produces the documents at issue. *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977) ("where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course") *Schaffer v. Kissinger*, 505 F.2d 389, 391 (D.C. Cir. 1974). And, where a party establishes that discovery or record supplementation will "establish[ ] that the government . . . . acted . . . . in violation of the APA," courts grant a non-moving party's Rule 56(d) (previously Rule 56(f)) motion. *See United States v. One 1985 Mercedes*, 917 F.2d 415, 424 (9th Cir. 1990) (affirming the district court's denial of the plaintiffs' Rule 56(f) motion but implying it could be proper if plaintiffs demonstrated it could show the government violated the APA); *Pinnacle Armor, Inc. v. United States*, No. 1:07-CV-01655 LJO DLB, 2012 WL 5307666, at *17 (E.D. Cal. Oct. 26, 2012) (granting a "brief deferral" in response to Plaintiffs' Rule 56(d) motion "to permit a closer examination of whether the record should be supplemented"); *see also Snoqualmie Valley Preservatio All. v. United States Army Corps of Engineers*, No. C10-1108-JCC, 2010 WL 11565194, at *3–4 (W.D. Wash. Oct. 19, 2010) (granting Defendant's Rule 56(f) extension because Defendant had not had time to "adequately obtain, file, and review the administrative record" by its deadline to respond to Plaintiffs' motion).

**B.** *Summary Judgment Must Be Denied Because Defendants Have Shielded Documents that Show a Genuine Issue of Material Fact Precluding Summary Judgment*

Numerous documents that should have been lodged within the certified record here were improperly withheld. The Department cultivated a record which only favored its own position and only included documents that "demonstrate the reasonableness of the agency's challenged delay." Taylor Decl. ¶ 11. But, "[t]he whole administrative record, […] is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record. The 'whole' administrative record, […] consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal citations omitted). The Department's one-sided record, without more, suggests that the Department has evidence that puts material facts at issue, especially considering that given that the sheer change of course in the Department's volume of decisionmaking "evidences the uniform policy of inaction," Class Cert. Order, ECF 46 at 8, regarding the mandatory decisions the Department has not contested it must make. The Court could—and should—deny Defendants' Motion for Summary Judgment on that ground alone.

But, should the Court still consider ruling on the merits of Defendants' Summary Judgment Motion (instead of denying it), the Court should hold the ruling in abeyance and order that the Department supplement the record with the following documents which exist and raise issues of material fact. Plaintiffs assert that the following information categories would resolve the following material issues of fact that exist due to holes within the Administrative Record:

**Material Issue 1**: Whether the Department of Education (Department) implemented a policy of inaction and a prohibition on issuing final adjudications on borrower defense claims. Taylor Decl. ¶ 12.[5]

---

[5] The complete explanation as to the importance of each information category and the basis for believing documents exist as to each is provided in the Taylor Declaration at the paragraphs cited.

PLAINTIFFS' MOTION UNDER RULE 56(D)      5      Case No: 19-cv-03674-WHA

**Information Categories**:

**1(A):** Communications from the Office of the Secretary, Office of the Under Secretary and/or the "Review Panel" to the Borrower Defense Unit (BDU) that instruct or otherwise convey to BDU to stop adjudicating borrower defense applications. Taylor Decl. ¶ 12(a-g).

**1(B)**: Documents showing the corrective action plan(s) or other correspondence between the Department and the Office of Inspector General relating to the recommendations of the Inspector General to resume processing borrower defense claims, determine whether additional claims categories were warranted, and the need to establish timeframes for resolving claims and controls to ensure timeframes are met. Taylor Decl. ¶ 12(h-j).

**Material Issue 2**: Whether, prior to February 2017, the Department had protocols and procedures to resolve borrower defenses and issue final decisions. Taylor Decl. ¶ 13.

**Information Categories:**

**2(A):** Documents pertaining to the creation, membership, scope of duties, and output of the "Borrower Defense Review Panel." Taylor Decl. ¶ 13(a-e).

**2(B)***:* All memoranda setting forth eligibility and relief criteria for borrower defense claims under the 1994 regulation. Taylor Decl. ¶ 13(f-k).

**2(C)**: All memoranda setting forth criteria to deny or grant claims and claim review protocols developed by the BDU since February 2017. Taylor Decl. ¶ 13(l-s).

**2(D)***:* Documents identifying the need to increase staffing at the BDU, making recommendations about the need to increase staffing at the BDU, or indicating the optimal size of staffing and other resources at the BDU sufficient to resolve borrower defense claims. Taylor Decl. ¶ 13(t-w).

**Material Issue 3**: Whether the 2016 Regulations impacted how the Department treats the borrower defense claims of students at all (i.e. changing the protocols applied to reviewing applications or changing how students could demonstrate eligibility) and, if so, which students. Taylor Decl. ¶ 14.

**Information Categories:**

**3(A):** Documents sufficient to show how many "Step 1" eligibility determinations (positive or negative) the Department made on borrower defense claims between January 2017 and October 16, 2018 (excluding the *Calvillo Manriquez* class) and what schools and programs were involved. Taylor Decl. ¶ 14(a-c).

**3(B):** Documents sufficient to show how many and which class members borrowed federal student loans pursuant to a promissory note that incorporated a state-law standard for borrower defense. Taylor Decl. ¶ 14(d-g).

Each of these issues of material fact could determine this Court's analysis of the *TRAC* factors relying on the agency's conduct; (1) "the time agencies take to make decisions," or the "rule of reason," (4) whether expedited action will effect "agency activities of a higher or competing priority," and (6) whether agency "impropriety [is] lurking behind agency lassitude." *See In re Pesticide Action Network N. Am.,* 798 F.3d 809, 813 (9th Cir. 2015). The Court should either deny the Defendants' Motion for Summary Judgment or defer judgment until a complete Administrative Record is before it.

### III. CONCLUSION

The Court should deny Defendants' Motion for Summary Judgment because material issues of fact exist as to whether the Defendant was acting reasonably. Alternatively, the Court should defer ruling on Defendants' Motion for Summary Judgment until a complete Administrative Record and necessary supplementary materials are before it.

Respectfully submitted,

/s/ Kyra Taylor

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)

LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL

122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Joe Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on December 23, 2019, in Alexandria, Virginia.

*/s/ Kyra Taylor*
Kyra Taylor
