JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (Pro Hac Vice)
tmerrill@law.harvard.edu
KYRA A. TAYLOR (Pro Hac Vice)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br>        Plaintiffs,<br>v.<br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br>And<br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br>        Defendants. | Case No.: 19-cv-03674-WHA<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 56(D)** |

Defendants Elisabeth DeVos, in her official capacity as Secretary of the United States Department of Education, and the Department of Education filed a motion for summary judgment. Plaintiffs Theresa Sweet, Alicia Davis, Tresa Apodaca, Chenelle Archibald, Daniel Deegan, Samuel Hood, and Jessica Jacobson and the Class (Plaintiffs), opposed Defendants' motion and filed a cross motion for summary judgment. In connection with their cross-motion, Plaintiffs filed a motion seeking to place materials beyond those contained in the certified administrative record, and to exclude from the Court's consideration certain materials contained therein. Plaintiffs also filed a motion under Fed. R. Civ. Proc. 56(d), identifying additional documents and material in Defendants' possession that would show the existence of genuine issues of material fact precluding a grant of summary judgment in Defendants' favor.

Having considered the above motions, and all memoranda, declarations, exhibits, oppositions, replies, and oral argument, along with the administrative record and other material filed in this case, the Court ORDERS AS FOLLOWS:

1. The Defendants' Motion for Summary Judgment is **DENIED**.
2. In the alternative, the Court **GRANTS** Plaintiffs' Motion Under Fed. Rule Civ. Proc. 56(d), and **ORDERS** Defendants to file, within 14 days of the entry of this Order, a corrected administrative record containing all of the following:
   a. Communications from the Office of the Secretary, Office of the Under Secretary and/or the "Review Panel" to the Borrower Defense Unit (BDU) that instruct or otherwise convey to BDU to stop adjudicating borrower defense applications (Taylor Declaration Information Category 1(A));
   b. Documents showing the corrective action plan(s) or other correspondence between the Department and the Office of Inspector General relating to the recommendations of the Inspector General to resume processing borrower defense claims, determine whether additional claims categories

2

[PROPOSED] ORDER ON DEFENDANTS' MOTION      Case No.: 19-cv-03674-WHA
FOR SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS MOTION AND MOTION UNDER RULE 56(D)

were warranted, and the need to establish timeframes for resolving claims and controls to ensure timeframes are met (Taylor Declaration Information Category 1(B));

c. Documents pertaining to the creation, membership, scope of duties, and output of the "Borrower Defense Review Panel" (Taylor Declaration Information Category 2(A));

d. All memoranda setting forth eligibility and relief criteria for borrower defense claims under the 1994 regulation (Taylor Declaration Information Category 2(B));

e. All memoranda setting forth criteria to deny or grant claims and claim review protocols developed by the BDU since February 2017 (Taylor Declaration Information Category 2(C));

f. Documents identifying the need to increase staffing at the BDU, making recommendations about the need to increase staffing at the BDU, or indicating the optimal size of staffing and other resources at the BDU sufficient to resolve borrower defense claims (Taylor Declaration Information Category 2(D));

g. Documents sufficient to show how many "Step 1" eligibility determinations (positive or negative) the Department made on borrower defense claims between January 2017 and October 16, 2018 (excluding the *Calvillo Manriquez* class) and what schools and programs were involved (Taylor Declaration Information Category 3(A));

h. Documents sufficient to show how many and which class members borrowed federal student loans pursuant to a promissory note that incorporated a state-law standard for borrower defense (Taylor Declaration Information Category 3(B));

       i. A sworn declaration from an appropriately authorized Department official attesting that he or she conducted a complete search for relevant documents; that all documents found were included in the corrected administrative record unless the Department makes a claim of privilege with respect to all or part of a document, in which case the document and the claimed privilege must be set forth with particularity in a privilege log filed simultaneously with the corrected administrative record.

**IT IS SO ORDERED.**

Dated: _____                                                  _____
                                                                                                    William H. Alsup
                                                                                                    United States District Judge