JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | No. 19-cv-03674-WHA <br><br> **PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD AND EXCLUDE DEFENDANTS' DECLARATIONS** <br><br> Date:  February 13, 2020 <br> Time:  8:00 a.m. <br> Place:  Courtroom 12, 19th Floor <br> Honorable William Alsup |

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I. TO AVOID UNNECESSARY DELAY, DEFENDANTS DO NOT OPPOSE PLAINTIFFS' REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH THEIR IRRELEVANT DOCUMENTS ................................................................. 3

II. DEFENDANTS' SWORN DECLARATIONS ARE PROPERLY INCLUDED IN AN APA SECTION 706(1) RECORD ................................................................................. 5

III. PLAINTIFFS' MOTION TO COMPLETE THE RECORD BY TAKING NEEDLESS DISCOVERY SHOULD BE DENIED ........................................................................... 11

CONCLUSION .......................................................................................................................... 13

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
i

# TABLE OF AUTHORITIES

**CASES**

*A.A. v. U.S. Citizenship and Immigration Services*,
   No. c15-0813-JLR, 2018 WL 1811352 (W.D. Wash. Apr. 17, 2018).......................................8

*Amfac Resorts, LLC v. U.S. Dep't of Interior*,
   143 F. Supp. 2d 7 (D.D.C. 2001)...........................................................................................6

*Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*,
   889 F.3d 584 (9th Cir. 2018).................................................................................................5

*Camp v. Pitts*,
   411 U.S. 138 (1973).............................................................................................................10

*Center for Biological Diversity v. Bureau of Land Mgmt.*,
   35 F. Supp. 3d 1137 (N.D. Cal. 2014),
   *aff'd*, 833 F.3d 1136 (9th Cir. 2016) ..........................................................................6, 7, 8, 11

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971)...............................................................................................................5

*Clifford v. Pena*,
   77 F.3d 1414 (D.C. Cir. 1996) .............................................................................................10

*Cook InletKeeper v. EPA*,
   400 F. App'x 239 (9th Cir. 2010) ...........................................................................................6

*Empresa Cubana Exportadora de Alimentos y Productos Varios v. U.S. Dep't of Treasury*,
   516 F. Supp. 2d 43 (D.D.C. 2007) .......................................................................................10

*Friends of the Clearwater v. Dombeck*,
   222 F.3d 552 (9th Cir. 2000) ......................................................................................3, 4, 10

*Hanson v. U.S. Forest Service*,
   138 F. Supp. 2d 1295 (W.D. Wash. 2001)........................................................................7, 11

*Henry v. Dep't of Justice*,
   No. 13-cv-05924, 2015 WL 5138265 (N.D. Cal. Sept. 1, 2015)...........................................10

*Hoopa Valley Tribe v. Nat'l Marine Fisheries Service*,
   230 F. Supp. 3d 1106 (N.D. Cal. 2019) .................................................................................5

*In re A Cmty. Voice*,
   878 F.3d 779 (9th Cir. 2017) .................................................................................................8

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
ii

*Independence Mining Co. v. Babbitt*,
  105 F.3d 502 (1999) .................................................................................................. *passim*

*Kousar v. Mueller*,
  549 F. Supp. 2d 1194 (N.D. Cal. 2008) ........................................................................ 6, 7, 8

*Kuang v. U.S. Dept. of Def.*,
  340 F. Supp. 3d 873 (N.D. Cal. 2018) ................................................................................. 5

*Nat. Res. Def. Council, Inc. v. Fox*,
  93 F. Supp. 2d 531 (S.D.N.Y. 2000),
  *aff'd in part and vacated in part on other grounds sub. nom*, *Nat. Res. Def.
  Council, Inc. v. Muszynski*, 268 F.3d 91 (2d Cir. 2001) ...................................................... 7, 11

*Outdoor Amusement Bus. Ass'n, Inc. v. DHS*, No. ELH-16-1015,
  2017 WL 3189446 (D. Md. July 27, 2017) .......................................................................... 12

*Portland Audubon Soc'y v. Endangered Species Comm.*,
  984 F.2d 1534 (9th Cir. 1993) ........................................................................................ 6, 12

*Ravulapalli v. Napolitano*,
  840 F. Supp. 2d 200 (D.D.C. 2012) ....................................................................................... 12

*SafeCard Services, Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) ............................................................................................ 10

*S.F. Baykeeper v. Whitman*,
  297 F.3d 877 (9th Cir. 2002) ........................................................................................ 3, 6, 12

*San Luis & Delta Mendota Water Auth. v. U.S. Dep't of Interior*,
  984 F. Supp. 2d 1048 (E.D. Cal. 2013) ................................................................................. 12

*Sierra Club v. McLerran*,
  No. C11-1759RSL, 2012 WL 5449681 (W.D. Was. Nov. 6, 2012) ..................................... 3, 12

*Thompson v. U.S. Dep't of Labor*,
  885 F.2d 551 (9th Cir. 1989) ................................................................................................. 3

*Wildearth Guardians v. FEMA*,
  No. cv 10-863-PHX-MHM, 2011 WL 905656 (D. Ariz. Mar. 15, 2011) ................................. 3

**STATUTES**

5 U.S.C. § 706 ............................................................................................................................. 3

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
iii

**INTRODUCTION**

As of January 9, 2020, Defendants' motion for summary judgment is fully briefed and ripe for decision. And as Defendants' briefing explains, Plaintiffs' lone claim under Section 706(1) of the Administrative Procedure Act (APA) alleging unreasonable delay against the U.S. Department of Education (Department) not only lacks merit, but has now become moot: as of early December 2019, the Department has restarted issuing final decisions on borrower defense claims, issuing more than 16,000 such decisions so far.

Plaintiffs now seek to delay the Court from ruling on summary judgment so that they can challenge Defendants' certified administrative record and take discovery, despite having previously asked the Court to set a "fast-track schedule for the production of the administrative record and dispositive briefing" because "this case solely implicates a review of an administrative record and questions of law." ECF No. 23 at 1, 3. Plaintiffs' motion improperly seeks to exclude much of Defendants' administrative record (and arguments based thereon) in lieu of Plaintiffs' own preferred record, without any showing that could overcome the presumption of regularity to which the Department's record is entitled.

Plaintiffs' motion to supplement asks to add approximately 900 pages of documents that are irrelevant to the claim in this case, some of which date more than 15 years prior to the Department's challenged inaction, many based on the mere fact that Plaintiffs chose to cite them in their own complaint. These documents do not save Plaintiffs' now-moot claim since they bear no relevance to the reasonableness of the Department's previous delay in issuing borrower defense decisions. Nevertheless, Defendants do not oppose supplementation of the record with these publicly available documents in the interest of avoiding unnecessary delay of this case, and in recognition that supplementation is more freely permitted in Section 706(1) cases, where there has been no final agency action to limit the boundaries of the record.

But while Defendants do not oppose Plaintiffs supplementing the record, Plaintiffs should not be permitted to *replace* Defendants' certified record by excluding the Department's sworn declarations. Those declarations contain key facts offered by agency officials under penalty of perjury explaining the Department's previous delay, including staffing and resource shortages,

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
1

and the time required to implement technological improvements, implement new regulations governing borrower defense, and develop a new comprehensive methodology to award relief to successful applicants. In arguing to exclude these declarations, Plaintiffs rely largely on Section 706(2) agency *action* cases, which are irrelevant to this Section 706(1) case. In Section 706(1) cases, courts commonly consider agency declarations that provide factual information relevant to the agency's inaction given that the record by its nature otherwise lacks any final agency action explaining the reasons for an agency decision. Defendants' declarations should remain in the record as they are clearly relevant to this Court's consideration of whether Defendants' inaction was reasonable under the *TRAC* factors (indeed, they provide the definitive explanation for that inaction), which Plaintiffs admit apply in this case.

Finally, the Court should also deny Plaintiffs' request to complete the record using potentially open-ended discovery. Plaintiffs have made no showing that could pierce the presumption of regularity to which Defendants' certified record is entitled. They continue to rely upon inapposite cases applying Section 706(2), arguing that the record should be based on the "existence of an informal agency policy," even though Plaintiffs abandoned their lone agency action claim based on this asserted "policy" months ago. In any event, even if such a policy existed, Plaintiffs have not explained how its existence would bear any relevance to the Court's inquiry in this case. It is undisputed that the Department did not issue final decisions between June 2018 and December 2019, and the Department has provided the reasons for that delay in sworn declarations. That is all the Court needs to assess the reasonableness of the Department's delay. While Defendants are willing to acquiesce to Plaintiffs' request to supplement the record in the interest of avoiding undue delay of this case, the Court should not permit Plaintiffs to take the extraordinary step of wielding the tools of discovery against an agency in an APA action, especially here where Plaintiffs are in search of wholly irrelevant materials that could not resuscitate their meritless and now moot claim anyway.

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
2

# ARGUMENT

## I. TO AVOID UNNECESSARY DELAY, DEFENDANTS DO NOT OPPOSE PLAINTIFFS' REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH THEIR IRRELEVANT DOCUMENTS

As Plaintiffs recognize, "a different standard applies to cases challenging agency inaction" under APA Section 706(1) than the usual rule that "judicial review under the APA 'is limited to review of the record on which the administrative decision was based.'" Pls.' Notice of Mot. and Mot. to Supplement and Complete the Admin. R. and Exclude Defs.' Decls. (Pls.' Mot.) at 3 (Dec. 23, 2019), ECF No. 66 (quoting *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)).  In a Section 706(1) case, "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).  Because there has been no final agency action, by definition, in an agency inaction case, nothing has occurred that could "close[] the administrative record or explain the agency's actions." *S.F. Baykeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002).  As a result, agency inaction cases are an "exception to the 'final agency decision' requirement," given that the "court is examining an agency's actions *prior to a final agency decision* for purposes of measuring agency delay" in a context where "there is no official statement of the agency's actions and relevant justifications." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 511 (1999).

While the starting point of the Court's inquiry in a Section 706(1) case is the administrative record submitted by the agency, *see, e.g.*, *Sierra Club v. McLerran*, No. C11-1759RSL, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012) (review in Section 706(1) cases based on "whole record," which "refers to the administrative record" (citing 5 U.S.C. § 706(1)), it is true, as Plaintiffs further recognize, that the Ninth Circuit has more freely permitted supplementation of the record in agency inaction cases given that "'the record is not closed in such cases.'" Pls.' Mot. at 3 (quoting *Wildearth Guardians v. U.S. Fed. Emergency Mgmt. Agency*, No. cv10-863-PHX-MHM, 2011 WL 905656 at *2 (D. Ariz. Mar. 15, 2011)).  Although Plaintiffs go so far as to suggest that an inaction record could be supplemented with "*any* material*," Pls.' Mot. at 4, the Ninth Circuit has strongly suggested that supplemental material

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
3

must at a minimum be relevant to the inaction claim. *See Friends of The Clearwater*, 222 F.3d at 560 ("If extra-record evidence shows that an agency has rectified a . . . violation after the onset of legal proceedings, that evidence is relevant to the question of whether relief should be granted."); *Independence Mining Co.*, 105 F.3d at 511 (holding that the district court did not err in reviewing an extra-record document because "[i]t was merely supplemental evidence submitted in support of appellee's position on IMC's motion for reconsideration").

Plaintiffs have failed to demonstrate that the 40 exhibits constituting approximately 900 pages that they seek to add to the record are relevant to Defendants' now-terminated delay in adjudicating borrower defense applications between June 2018 and December 2019. The vast majority of the exhibits pre-date the challenged delay, and in some cases, by more than 15 years. *See* Decl. of Eileen Connor, Esq. (Connor Decl.) at 2 (Dec. 23, 2019), ECF No. 66-2. Even as to the exhibits that are contemporaneous to the challenged delay, Plaintiffs provide no support at all for their bare assertion that their exhibits "were likely considered by Department officials." Pls.' Mot. at 6. Nor is the mere fact that the Department referenced documents in its Answer indicative of whether it considered or relied on them in delaying agency action—it just means that *Plaintiffs* cited the documents in their complaint. *See id*. at 9 ("For example, the Answer references numerous documents quoted in the complaint . . . but the Department failed to include them within the certified record.)."

The alleged relevance of the exhibits is also not supported by Plaintiffs' claim that they provide "context and background" relating to the Department's "mandatory duty to decide borrower defense applications." Pls.' Mot. at 6. Even assuming that is true, there is no dispute that the Department has a mandatory duty to resolve borrower defense claims. *See* Defs.' Opp'n to Pls.' Mot. for Summ. J and Reply in Supp of Defs.' Mot. for Summ. J. at 2 (Jan. 9, 2020), ECF No. 72. Instead, the issue in this case is whether Plaintiffs can prove that the Department's delay in deciding such claims was unreasonable given that Congress has provided no timeline for the adjudication of claims. *Id.* Indeed, the absence of these 40 exhibits from the record did not prevent Plaintiffs from filing a 30-page opposition and cross-motion for summary judgment at the same time as they filed this motion, arguing that the "record does not support that" the

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
4

agency's delay "was necessary, lawful, [or] reasonable." Pls.' Opp'n to Defs.' Mot. and Pls.' Cross-Mot. for Summ. J. (Pls.' MSJ) at 3 (Dec. 23, 2019), ECF No. 67; *see also id.* at 22-24.

In any event, in the interest of avoiding unnecessary delay, Defendants do not oppose the supplementation of the administrative record with these irrelevant materials. Even with their addition, Plaintiffs' claim remains moot and lacking in merit. There is therefore no reason for the Court to "expend[] substantial time and effort parsing through the extra-record evidence provided, attempting to assess whether it should be considered in a failure to act case." *Hoopa Valley Tribe v. Nat'l Marine Fisheries Service*, 230 F. Supp. 3d 1106, 1126 (N.D. Cal. 2019) (declining to strike allegedly irrelevant supplemental evidence in a Section 706(1) case where on the merits "the analysis would be the same regardless of whether I [exclude] . . . or if I consider extra-record evidence"). This is particularly true here, where Defendants' motion for summary judgment is fully briefed and ripe for decision.[1]

## II. DEFENDANTS' SWORN DECLARATIONS ARE PROPERLY INCLUDED IN AN APA SECTION 706(1) RECORD

In arguing that the agency's sworn declarations should be excluded from the administrative record, Plaintiffs ignore their previous recognition that a "different standard applies" in a Section 706(1) case, where the record is "not tightly circumscribed or demarcated." Pls.' Mot. at 3. Instead, Plaintiffs incorrectly rely upon cases applying Section 706(2) and its more restrictive record standard to assert that "[a]gency declarations should not be offered to supplant documentation demonstrating what the agency has done . . . ." Pls.' Mot. at 4 (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018) (Section 706(2) case)); *see also id.* at 4-5 (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971) (Section 706(2) case); *Kuang v. U.S. Dept. of Def.*, 340 F. Supp. 3d 873, 917 (N.D. Cal. 2018) (cited quote relates to opinion's analysis of Section 706(2) claim). But the focus of a Section 706(1) case is what the agency has *not* done, and in those cases,

---

[1] While Defendants do not oppose supplementation of the record with the exhibits attached to the Connor Declaration, *see* ECF Nos. 66-2 to 66-6, the Department does claim privilege over some of the documents contained in these exhibits and therefore will provide redacted versions of, and a corresponding privilege log for, such documents before they are added to the record.

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
5

courts have freely permitted agencies to use declarations to explain the reasonableness of the delay at issue. Indeed, in their own cross-motion for summary judgment, Plaintiffs argue that declarations they have previously submitted to the Court in relation to class certification "may also be considered here" due to the "less clearly defined" scope of the administrative record "in cases challenging agency inaction as opposed to final agency action." Pls.' MSJ at 28 n.41. Plaintiffs never explain why a different rule should apply to Defendants and their declarations.

As an initial matter, the Department's certification of the Record and its contents is entitled to a presumption of regularity, which can only be overcome by a "showing of impropriety in the process." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993); *see, e.g.*, *Cook InletKeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) ("We assume that an agency properly designated the Administrative Record absent clear evidence to the contrary." (internal quotation marks omitted)). To defeat the presumption that an agency has properly designated the administrative record, "a party must make a significant showing—variously described as a 'strong', 'substantial', or 'prima facie' showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).

Plaintiffs cannot make this showing because Defendants' inclusion in the record of agency declarations explaining the basis for (and ultimate reasonableness of) the Department's now-terminated delay is proper for the same reasons that a Section 706(1) record may be liberally supplemented. Because this case involves the absence of agency action, without the Department's declarations, the record would contain "no official statement of the agency's justification for its actions or inactions." *S.F. Baykeeper*, 297 F.3d at 886; *Independence Mining Co.*, 105 F.3d at 511 ("[W]ithout a 'final agency decision,' there is no official statement of the agency's actions and relevant justifications."). As a result, courts commonly consider sworn agency declarations in Section 706(1) cases explaining the reasons the agency has not acted, whether such declarations are initially included in the record, later supplemented to that record, or merely attached to a motion. *See, e.g.*, *Independence Mining Co.*, 105 F. 3d at 511-12 (affirming district court's consideration of declaration from the Department of Interior in a Section 706(1) case); *Center for*

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
6

*Biological Diversity v. Bureau of Land Mgmt.*, 35 F. Supp. 3d 1137, 1152 & n.11 (N.D. Cal. 2014) (relying upon an agency declaration explaining agency priorities in deciding an unreasonable delay claim under Section 706(1)), *aff'd*, 833 F.3d 1136 (9th Cir. 2016); *Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1198 (N.D. Cal. 2008) (relying upon an FBI declaration explaining how an agency "program system works and that the system is overloaded with requests" in deciding a Section 706(1) claim); *Hanson v. U.S. Forest Service*, 138 F. Supp. 2d 1295, 1300 (W.D. Wash. 2001) (denying motion to strike agency declarations "submitted in support of the Forest Service's motion for summary judgment" in a Section 706(1) case); *Nat. Res. Def. Council, Inc. v. Fox*, 93 F. Supp. 2d 531, 545, 549 (S.D.N.Y. 2000) (relying upon information in "the Callahan Declaration, and elsewhere in the administrative record" to dismiss a Section 706(1) claim), *aff'd in part and vacated in part on other grounds sub. nom*, *Nat. Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91 (2d Cir. 2001).

In particular, courts frequently rely upon agency declarations to evaluate whether the agency's delay was unreasonable using the fact-specific "*TRAC* factors," which Plaintiffs admit "courts in this District broadly utilize." Pls.' Mot. at 4 n.2. For example, in *Center for Biological Diversity*, a court in this District applied the *TRAC* factors to the plaintiffs' Section 706(1) claim alleging that the Fish and Wildlife Service had failed to prepare a timely recovery plan. *Id.* at 1149. To support its argument that its delay was "reasonable in light of the agency's increasingly limited resources and competing priorities," the agency submitted a declaration detailing the funding, staffing, and other limited-resource issues that had contributed to its delay. *Id.* at 1152-54. The court relied on the declaration and determined that it was "necessary to determine whether the agency has considered all relevant factors and explained its decision not to prepare a recovery plan thus far." *Id.* at 1152 n.11. *See also Independence Mining Co.*, 105 F. 3d at 507-11 (applying *TRAC* factors); *Center for Biological Diversity*, 35 F. Supp. 3d at 1154 (same); *Kousar*, 549 F. Supp. 2d at 1198-99 (same); *Nat. Res. Def. Council, Inc.*, 93 F. Supp. 2d at 543

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
7

(same). Here, Plaintiffs themselves urge the Court to consider their own declarations on summary judgment "in analysis of the TRAC factors." *See* Pls.' MSJ at 28 n.41.[2]

The Jones, Foss, and Nevin declarations are all plainly relevant to Plaintiffs' unreasonable delay claim. The most important of the *TRAC* factors is the so-called "rule of reason," which governs the "time agencies take to make decisions." *Independence Mining Co.*, 105 F.3d at 507 n.7; *see In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). As explained in detail in Defendants' motion for summary judgment, ECF No. 63 at 16-24, the declarations contain key facts demonstrating the reasonableness of the Department's now-terminated delay, including how a number of factors—from staffing and resource shortages to issues associated with implementing technological improvements and new regulations governing borrower defense—had contributed to the slowdown in claims adjudication. Moreover, those declarations show the substantial work the Department has done processing and adjudicating borrower defense applications and the concrete steps it has taken towards completing the complex task of developing a comprehensive methodology to award relief to successful applicants, all of which illustrates that the Department's previous delay in issuing final decisions was reasonable. Courts in this district have considered declarations containing similarly relevant information in Section 706(1) cases applying the *TRAC* factors. *See, e.g.*, *Center for Biological Diversity*, 35 F. Supp. 3d at 1152 & n.11 (relying upon an agency declaration explaining agency priorities in deciding an unreasonable delay claim under Section 706(1)); *Kousar*, 549 F. Supp. 2d at 1198 (relying upon an FBI declaration explaining

---

[2]  The one case Plaintiffs cite involving an agency declaration in a Section 706(1) claim, *see, e.g.*, Pls.' Mot. at 8, does not contradict Defendants' position that courts may rely upon relevant declarations in such cases. In *A.A. v. U.S. Citizenship and Immigration Services*, the U.S. District Court for the Western District of Washington declined to add an agency declaration to the record in an inaction case, not because declarations are *per se* improper, but because this particular declaration's content was irrelevant, duplicative, and threatened to open the door to needless discovery. No. c15-0813-JLR, 2018 WL 1811352 at *4 (W.D. Wash. April 17, 2018). At no point did the court in *A.A.* indicate that a relevant, non-duplicative declaration, such as Defendants' declarations here, could not be included in the record.

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
NO. 19-CV-03674-WHA
8

how an agency "program system works and that the system is overloaded with requests" in deciding a Section 706(1) claim.[3]

Abandoning the broad definition of the record they had previously adopted for their request to supplement and cross-motion for summary judgment, Plaintiffs assert a series of objections to Defendants' declarations that their own supplemental materials could not survive. First, Plaintiffs assert that the declarations are "irrelevant," but fail to support that claim with any argument. Pls.' Mot. at 8. Second, Plaintiffs object that the declarations provide "background information," *id.*, despite Plaintiffs' own request to supplement the record with background documents that date as far back as the year 2000. *See* Connor Decl. at 2 (Dec. 23, 2019), ECF No. 66-2. Third, Plaintiffs take the internally contradictory position that the declarations are objectionable both because they "state opinions of agency employees that are not substantiated by documents," and because they "are redundant with material that is appended" in exhibits. Pls.' Mot. at 8. Putting that aside, Plaintiffs object that the Jones Declaration's testimony regarding the development of the Department's new partial relief methodology was not supported by documentation, *id.*, but the Defendants have since supplemented the record with documentation regarding that methodology, *see* ECF No. 71. In any event, in each declaration, the witness declared that they have personal knowledge of the matters set forth therein, *see* ECF Nos. 56-3 at 2, 326; 56-4 at 2, and so Plaintiffs' demand for documents substantiating every detail of the declarations' testimony asks for too much, *see, e.g.*, *Institute for Policy Studies v. CIA*, 885 F. Supp. 2d 120, 134-35 (D.D.C. 2012) (declining to strike declarations for "fail[ing] to support their statements with written materials in the record" where the "Court has already determined that the declarations each had the required personal knowledge").

Finally, Plaintiffs object that the record does not include various documents alluded to by the agency's declarants without any attempt to show that the excluded materials are relevant to whether the agency's delay was reasonable. *See, e.g.*, *id.* at 8 (objecting that the record does not

---

[3] On January 9, 2020, Defendants supplemented the administrative record with documentation relating to the Department's new relief methodology announced on December 10, 2019 and the subsequent issuance of in excess of 16,000 borrower defense decisions. *See* ECF No. 71.

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
9

include a 2017 document referenced in the Answer without explaining how it would be relevant to delay in 2018-2019).

Defendants' "[a]gency declarations are accorded 'a presumption of good faith,'" *Henry v. Dep't of Justice*, No. 13-cv-05924, 2015 WL 5138265, at *6 (N.D. Cal. Sept. 1, 2015) (quoting *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)), and they are not improper "litigation declarations" or *post-hoc* rationalizations that should be viewed with "skepticism," as Plaintiffs claim. Pls.' Mot. at 1, 7. As the Ninth Circuit has explained, the rule barring consideration of *post-hoc* rationalizations in Section 706(2) cases has *no* saliency in review of agency inaction because "the court is examining an agency's actions *prior to a final agency decision* for purposes of measuring delay." *Independence Mining Co.*, 105 F.3d at 511 ("[The agency's] declaration was not a *post hoc* rationalization. It was merely supplemental evidence submitted in support of appellee's position.") In other words, the Jones, Foss, and Nevin Declarations cannot be *post-hoc* rationalizations because there was no previous Department decision for those declarations to rationalize.[4]

Additionally, the Department was not required to "supplement" the administrative record with its declarations instead of simply including that available evidence in the record in the first instance, as Plaintiffs assert. *See* Pls.' Mot. at 1, 4 n.2, 7. Again, in an agency inaction case, there has been "no final agency action to demarcate the limits of the record," *Friends of the Clearwater*, 222 F.3d at 560, and so it cannot be said that *any* information was ever before an agency decisionmaker — including the "underlying information" that Plaintiffs claim should exclusively form the administrative record, *see* Pls.' Mot. at 5. Rather than require an agency to move to "supplement" a record that is not bounded by any final agency action, courts have liberally

---

[4] Even in Section 706(2) cases, courts routinely allow post-decision declarations in the record if they explain the contemporaneous reasons for an agency's action. *See Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996) ("[T]here is nothing improper in receiving declarations that 'merely illuminate reasons obscured but implicit in the administrative record.'"); *Empresa Cubana Exportadora de Alimentos y Productos Varios v. U.S. Dep't of Treasury*, 516 F. Supp. 2d 43, 54 (D.D.C. 2007) ("When that record fails to adequately explain the challenged action, a court may also consider agency affidavits or testimony representing 'contemporaneous explanation of the agency decision.' (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)).

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
10

permitted agencies to submit sworn declarations containing relevant facts either as part of the administrative record, *see, e.g.*, *Nat. Res. Def. Council, Inc.*, 93 F. Supp. 2d at 545, 549, or attached to a dispositive motion, *see, e.g.*, *Center for Biological Diversity*, 35 F. Supp. 3d at 1152 & n.11; *Hanson*, 138 F. Supp. 2d at 1300.  Here, Defendants properly included in the administrative record declarations containing relevant information available to them at the time the record was initially lodged.  *See* ECF No. 56.  Only when new relevant information regarding the Department's resumption of issuing borrower defense decisions later became available did Defendants then file a supplement to the record.  *See* Notice of Filing of Supplement to Administrative Record (Jan. 9, 2020), ECF No. 71.  Both procedures were appropriate.[5]

### III. PLAINTIFFS' MOTION TO COMPLETE THE RECORD BY TAKING NEEDLESS DISCOVERY SHOULD BE DENIED

Finally, despite asking the Court to exclude Defendants' certified record evidence, Plaintiffs claim to want "a more complete picture" of the record, and so they request open-ended discovery under the guise of "completing" the administrative record.  Pls.' Mot. at 9-10.  Yet, like their request to exclude Defendants' declarations, Plaintiffs' request to complete the record also ignores that this is a Section 706(1) case and relies almost exclusively upon irrelevant cases involving Section 706(2) claims involving "decision-makers," "decisionmaking," and the "decisionmaking process."  Pls.' Mot. at 5.

Even though Plaintiffs abandoned their lone agency action claim in this case months ago, *see* ECF No. 39, they assert that the record should be centered around the alleged "existence of an informal agency policy."  Pls. Mot. at 9 n.6.  But the existence or non-existence of such a "policy" is not material to the resolution of this case.  Whether the Department's previous inaction is characterized as a policy or simply a practice, it is undisputed that the Department did not issue

---

[5] Even if the Court were to conclude that the Jones, Foss, and Nevin Declarations should not have been included in the administrative record, the Court should reject Plaintiffs' needlessly overbroad and punitive remedy of excluding the declarations and any related argument, *see* Pls.' Mot. at 2, 9, since Defendants alternatively could have simply attached the declarations to their motion for summary judgment.  In fact, Plaintiffs' own cross-motion for summary judgment asks the Court to rely on declarations that Plaintiffs have merely incorporated by reference and without moving to supplement the record.  Pls.' MSJ at 28 n.41.

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
11

any final decisions for approximately 18 months between June 2018 and December 2019. The question before this Court is whether that delay in issuing final decisions was reasonable, and Defendants have certified an administrative record with sworn declarations from agency officials attesting to the reasons for the delay. That explanation is either sufficient to justify the Department's delay or it is not (and Defendants contend that it is), but the record is entitled to a presumption of regularity, which can only be overcome by a "showing of impropriety in the process." *Portland Audubon Soc'y*, 984 F.2d at 1548.[6]

Plaintiffs have not made such a showing and, for the reasons explained in Defendants' Opposition to Plaintiffs' Motion to Deny or Defer Decision on Defendants' Motion for Summary Judgment under Rule 56(d), ECF No. 76, the Court should reject Plaintiffs' bid to use open-ended discovery to "complete" an agency inaction record that by its nature is not closed and has no demarcated boundaries. *S.F. Baykeeper*, 297 F.3d at 886. Although Defendants have acquiesced to Plaintiffs' request to supplement the record with publicly available documents, "[i]t is one thing for a court to allow supplementation of the administrative record in a case where there has been alleged agency inaction—it is another to allow the plaintiff the full arsenal of discovery proceedings under the Federal Rules of Civil Procedure. Courts must strike the proper balance between adequate judicial review and respect for agency decisions and process." *Sierra Club*, 2012 WL 5449681, at * 4; *see also San Luis & Delta Mendota Water Auth. v. U.S. Dep't of Interior*, 984 F. Supp. 2d 1048, 1060 (E.D. Cal. 2013) (noting that even where there is an "insufficiency in the record or other obstacle to adequate judicial review," the proper response is

---

[6] For the same reasons, Defendants' certification of "the administrative record for the absence of final agency action," ECF No. 56-1, 71-1, was proper, contrary to Plaintiffs' assertion otherwise, *see* Pls.' Mot. at 9 n.6. *See, e.g.*, *Ravulapalli v. Napolitano*, 840 F. Supp. 2d 200, 206 (D.D.C. 2012) (noting that even a complete lack of a certification does not, without more "rise to the level of 'clear evidence' necessary to overcome the presumption of regularity"); *Outdoor Amusement Bus. Ass'n, Inc. v. DHS*, No. ELH-16-1015, 2017 WL 3189446, at *9-10 (D. Md. July 27, 2017) (crediting argument that "the APA does not require agencies compiling an administrative record to supply formal certifications with such records containing specific language or 'magic' words that must be used to certify or identify an administrative record" (citation omitted)).

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
12

1  "usually to obtain an additional explanation from the agency in question rather than allowing
2  discovery").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion, *see* ECF No. 66, to the extent it moves to exclude Defendants' declarations and to complete the administrative record. Defendants do not oppose Plaintiffs' motion to supplement, so long as Defendants may provide redacted versions of exhibits to the Connor Declaration over which Defendants assert privilege.

Dated: January 16, 2020         Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Kevin P. Hancock*
R. CHARLIE MERRITT (VA Bar No. 89400)
KATHRYN C. DAVIS (DC Bar No. 985055)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
kevin.p.hancock@usdoj.gov

*Counsel for Defendants*

Defendants' Partial Opposition to Plaintiffs' Motion to Supplement and
Complete the Administrative Record and Exclude Defendants' Declarations
No. 19-cv-03674-WHA
13