JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 616-8298
Fax: (202) 616-8470
Kathryn.C.Davis@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | No. 19-cv-03674-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(d)**<br><br>Date: February 13, 2020<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Honorable William Alsup |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

LEGAL STANDARD ...................................................................................................................... 2

ARGUMENT ................................................................................................................................... 2

I.  PLAINTIFFS FAIL TO DEMONSTRATE THAT THE ADMINISTRATIVE RECORD IS INSUFFICIENT TO ALLOW SUMMARY JUDGMENT...................................................... 2

II. RULE 56(D) SUPPLIES NO GROUNDS ON WHICH TO POSTPONE THE COURT'S DISPOSITIVE RULING ............................................................................................................. 4

    A.  Plaintiffs' Proposed Discovery Is Not Essential to Oppose Summary Judgment. ...................................................................................................................... 4

    B.  Plaintiffs' Requests for Discovery Are Classic Fishing Expeditions. ......... 9

CONCLUSION ............................................................................................................................. 11

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

ii

# TABLE OF AUTHORITIES

**CASES**

*Calvillo Manriquez v. DeVos*,
  345 F. Supp. 3d 1077 (N.D. Cal. 2018) ................................................................................. 7

*Cook InletKeeper v. EPA*,
  400 F. App'x 239, 240 (9th Cir. 2010) ............................................................................ 2, 10

*Costlow v. United States*,
  552 F.3d 560 (3d Cir. 1977) .................................................................................................. 3

*Duffy v. Wolle*,
  123 F.3d 1026 (8th Cir. 1997) ............................................................................................. 10

*Dunning v. Quander*,
  508 F.3d 8 (D.C. Cir. 2007) ................................................................................................. 10

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
  525 F.3d 822 (9th Cir. 2008) ............................................................................................. 2, 9

*Illumina Inc. v. Complete Genomics Inc.*,
  No. C-10-5542, 2013 WL 1644829 (N.D. Cal. Mar. 27, 2013) .......................................... 10

*Karl v. Zimmer Biomet Holdings, Inc.*,
  No. C 18-04176, 2019 WL 5677543 (N.D. Cal. Oct. 31, 2019) ..................................... 6, 10

*Margolis v. Ryan*,
  140 F.3d 850 (9th Cir. 1998) ............................................................................................ 2, 11

*McCrary v. Gutierrez*,
  495 F. Supp. 2d 1038 (N.D. Cal. 2007) .............................................................................. 10

*Nicholas v. Wallenstein*,
  266 F.3d 1083 (9th Cir. 2001) .............................................................................................. 2

*Ohno v. Yasuma*,
  723 F.3d 984 (9th Cir. 2013) ................................................................................................ 2

*Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*,
  732 F. Supp. 2d 1107 (D. Haw. 2010) .................................................................................. 9

*Pinnacle Armor, Inc. v. United States*,
  No. 07-cv-1655, 2012 WL 5307666 (E.D. Cal. Oct. 26, 2012) ............................................ 3

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

iii

*Portland Audubon Soc. v. Endangered Species Comm.*,
  984 F.2d 1534 (9th Cir. 1993) .................................................................................................. 3

*Securities and Exchange Comm'n v. Stein*,
  906 F.3d 823 (9th Cir. 2018) ........................................................................................... 2, 9, 10

*Snoqualmie Valley Preservation All. v. U.S. Army Corps of Eng's*,
  No. C10-1108, 2010 WL 11565194 (W.D. Wash. Oct. 19, 2010) ................................................ 3

*Tatum v. City & Cty. of S.F.*,
  441 F.3d 1090 (9th Cir. 2006) .................................................................................................. 5

*Terrell v. Brewer*,
  935 F.2d 1015 (9th Cir. 1991) .................................................................................................. 9

*United States v. One 1985 Mercedes*,
  917 F.2d 415 (9th Cir. 1990) ............................................................................................ 3, 6, 7

*United Steelworkers of Am. v. Rubber Mfrs. Ass'n*,
  783 F.2d 1117 (D.C. Cir. 1986) ............................................................................................. 6, 8

*Yasin v. Coulter*,
  No. S-08-2299, 2009 WL 2915125 (E.D. Cal. Sept. 9, 2009),
  *aff'd*, 449 F. App'x 687 (9th Cir. 2011) ................................................................................... 10

**RULES**

Fed. R. Civ. P. 56 ............................................................................................................... *passim*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

iv

## **INTRODUCTION**

In opposition to Defendants' Motion for Summary Judgment, Plaintiffs argue that, "on the record . . . produced, there are genuine issues of material fact that preclude summary judgment in [Defendants'] favor," Pls.' Opp'n to Defs.' Mot. & Pls.' Cross Mot. for Summ. J. (Pls.' Opp'n) at 4, 19 n. 29, ECF No. 67, but that if the Court disagrees it should, in the alternative, allow them discovery under Federal Rule of Civil Procedure 56(d) prior to ruling on Defendants' dispositive motion, *see* Pls.' Mot. to Deny or Defer Decision on Defs.' Mot. for Summ. J. Under Rule 56(d) (Pls.' Mot.) at 2, ECF No. 68. Plaintiffs identify three purportedly "material issues" for which they claim discovery "*may* be necessary to oppose Defendants' motion." Declaration of Kyra Taylor, Esq. (Taylor Declaration) ¶ 7, ECF No. 68-2 (emphasis added).

Plaintiffs fail to show, however, as they must in an Administrative Procedure Act (APA) case, that Defendants' certified Administrative Record—which enjoys a presumption of regularity—is insufficient to permit summary judgment. And, in any event, to the extent Plaintiffs perceive any deficiencies in the record (which Defendants dispute), Defendants are not opposing Plaintiffs' concurrent request to supplement the record with approximately 900 pages of materials already in their possession, which more than doubles the size of the record Defendants filed.

Even under the more general principles of Rule 56(d), Plaintiffs' motion should be denied. First, Plaintiffs have not demonstrated that the facts they seek to discover are "essential" to opposing Defendants' Motion for Summary Judgment, the stringent standard under Rule 56(d). Plaintiffs' belief that the discovery they seek "may" be necessary to oppose summary judgment falls woefully short of this standard. Indeed, Plaintiffs contemporaneously filed a 30-page opposition, in which they cross-moved for summary judgment in their own favor, demonstrating they do not need discovery to oppose summary judgment.

Additionally, a close review of Plaintiffs' requested discovery demonstrates that the information they seek relates to matters that the parties do not dispute, that are already amply detailed in the Administrative Record, or that are wholly immaterial to the Court's dispositive ruling. Second, Plaintiffs fail to identify the specific facts that such discovery would likely uncover that would

Defendants' Opposition to Plaintiffs' Motion to Deny or Defer Decision on
Defendants' Motion for Summary Judgment under Rule 56(d)
Case No.: 19-cv-03674-WHA

1

preclude summary judgment for Defendants. Rather, Plaintiffs merely want to test the Department's declarations justifying the reasonableness of the challenged delay, even though they have provided no basis whatsoever to question the veracity of the declarations or rebut the presumption of good faith that they are afforded. Rule 56(d) does not condone such fishing expeditions.

## LEGAL STANDARD

Rule 56(d) provides that if a non-movant "shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may," among other things, allow time for discovery. *See* Fed. R. Civ. P. 56(d). To be entitled to such discovery, a party must establish "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted). "The facts sought must be 'essential' to the party's opposition to summary judgment, Fed. R. Civ. P. 56(d), and it must be 'likely' that those facts will be discovered during further discovery." *Securities and Exchange Comm'n v. Stein* (*SEC*), 906 F.3d 823, 833 (9th Cir. 2018) (citing *Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998)). A party does not satisfy the requirements of Rule 56(d) where the evidence sought is "the object of mere speculation." *Id.* (citing *Ohno v. Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) and *Margolis*, 140 F.3d at 854). Instead, a party must "make clear what information is sought and how it would preclude summary judgment." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001); *see also Margolis*, 140 F.3d at 853-54 (quotation omitted). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827 (quotation omitted).

## ARGUMENT

### I. PLAINTIFFS FAIL TO DEMONSTRATE THAT THE ADMINISTRATIVE RECORD IS INSUFFICIENT TO ALLOW SUMMARY JUDGMENT

Rule 56(d) does not supersede the principle that an agency's administrative record in an APA action is entitled to a presumption of regularity. *See, e.g.*, *Cook InletKeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) ("We assume that an agency properly designated the Administrative

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

2

Record absent clear evidence to the contrary.") (quotation omitted). Absent a showing that the record is incomplete or that the presumption is overcome by a "showing of impropriety in the process" of creating the record, the Court should not entertain Plaintiffs' request for wide-ranging discovery. *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). As Defendants explain in their opposition to Plaintiffs' contemporaneously-filed request to supplement and complete the Administrative Record, and as more fully discussed below, Plaintiffs have failed to make either showing here. *See* Defs.' Partial Opp'n to Pls.' Mot. to Suppl. & Complete the Admin. Rec. & Exclude Defs.' Decls. at 6, 11-13, ECF No. 75. Moreover, even though the Administrative Record lodged by Defendants is more than adequate to permit judicial review, Defendants are not opposing Plaintiffs' request to supplement the record with 40 exhibits (approximately 900 pages) that they contend address perceived gaps in the record. *See id.* at 3. Further discovery is therefore not warranted under the narrow circumstances in which the Ninth Circuit allows extra-record discovery in APA cases. *See Portland Audubon Soc.*, 984 F.2d at 1548.

Plaintiffs broadly assert that courts have granted Rule 56(d) motions where movants have demonstrated "that discovery or record supplementation will 'establish[] that the government . . . acted . . . in violation of the APA.'" Pls.' Mot. at 4. The cases on which Plaintiffs rely, however, do not support such claim. Indeed, none of the three cases Plaintiffs cite involved an order *granting* a Rule 56(d) discovery request in an APA case. *Id.* (citing *United States v. One 1985 Mercedes*, 917 F.2d 415, 424 (9th Cir. 1990) (affirming order denying Rule 56(d) motion where facts sought to be discovered were legally irrelevant), *Pinnacle Armor, Inc. v. United States*, No. 07-cv-1655, 2012 WL 5307666, at *17 (E.D. Cal. Oct. 26, 2012) (granting a "brief deferral" to consider plaintiff's motion to complete the record with documents already in his possession and denying discovery), and *Snoqualmie Valley Preservation All. v. U.S. Army Corps of Eng's*, No. C10-1108, 2010 WL 11565194, at *3-4 (W.D. Wash. Oct. 19, 2010) (granting *defendant's* Rule 56(d) motion to allow filing of the administrative record, not discovery)). Other cases cited by Plaintiffs do not even involve APA claims. *See, e.g.*, Pls. Mot. at 4 (citing *Costlow v. United States*, 552 F.3d 560, 564 (3d Cir. 1977) (Federal Tort Claims Act case)).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

3

Accordingly, under standards governing APA review, Plaintiffs have not demonstrated the necessity of delaying summary judgment in this matter to conduct extra-record discovery.

## II. RULE 56(D) SUPPLIES NO GROUNDS ON WHICH TO POSTPONE THE COURT'S DISPOSITIVE RULING

Even assuming that discovery in this APA action were appropriate, Plaintiffs have failed to satisfy the stringent requirements set forth in Rule 56(d). Plaintiffs identify three "material issues" about which they seek certain discovery that "may" be necessary to oppose summary judgment: (1) "[w]hether the Department . . . implemented a policy of inaction and a prohibition on issuing final adjudications on borrower defense claims;" (2) [w]hether, prior to February 2017, the Department had protocols and procedures to resolve borrower defenses and issue final decisions;" and (3) "[w]hether the 2016 Regulations impacted how the Department treats the borrower defense claims of students at all . . . and, if so, which students." Pls.' Mot. at 5-6. Plaintiffs have neither demonstrated that the facts they seek to discover are essential to their opposition, nor shown that such facts are likely to exist and, if so, would preclude summary judgment.

### A. **Plaintiffs' Proposed Discovery Is Not Essential to Oppose Summary Judgment.**

None of the categories of information that Plaintiffs seek are "essential to justify its opposition" to Defendants' summary judgment motion. Fed. R. Civ. P. 56(d). Indeed, Plaintiffs filed contemporaneous with the instant motion an opposition to Defendants' motion and a cross-motion for summary judgment of their own. *See generally* Pls.' Opp'n. In that brief, Plaintiffs presented argument related to each of the "material issues" identified in their Rule 56(d) request. *See id.* at 9-12 (summarizing borrower defense protocols and procedures from 1994 to January 2017), *see id.* at 22-24 (alleging "blanket policy of inaction"); *see id.* at 25-27 (arguing that delay not justified by competing demands, including implementation of 2016 regulation and Borrower Defense Unit (BDU) staffing). On these very grounds, Plaintiffs contended in their notice of motion that "there is no genuine dispute as to any material fact" and that "they are entitled to judgment as a matter of law." *Id.* at vii. Any claim now that Plaintiffs lack facts "essential" to justify their opposition is fatally undercut by their own litigation strategy, which recognizes that the case can (and as explained here should) be resolved on the Administrative Record and the parties' briefing.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

4

Plaintiffs' proffered justification for a Rule 56(d) continuance does not overcome this conclusion.  The Taylor Declaration fails to make the requisite showing of how the specific facts that Plaintiffs seek are actually *essential* to opposing summary judgment.  *See Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006) (discussing "Rule 56(f)," which was renumbered as Rule 56(d) in the 2010 Amendment to the Rules).  Indeed, the facts sought are either not in dispute, already contained in the record, or irrelevant to the Court's dispositive ruling.[1]

**1.**  Plaintiffs seek Department communications instructing or conveying to the BDU to stop processing borrower defense claims, asserting that such information is important because Plaintiffs' claim "*may* turn on whether [the Departments' delay] is attributable to a blanket policy."  Taylor Decl. ¶ 12.b (emphasis added).  But whether the challenged delay can be characterized as a "policy" or not is immaterial; indeed, Plaintiffs dropped their very claim alleging a policy.  The parties do not dispute, *inter alia*, that the BDU stopped adjudicating borrower defense claims while the Borrower Defense Review Panel (Review Panel) and, later, the Inspector General reviewed the Department's borrower defense process in 2017; that the Department determined it should develop a new comprehensive partial relief methodology (after the prior methodology was enjoined in 2018) before issuing any decisions approving or denying borrower defense claims; and that for approximately 18 months between June 2018 and December 2019 the Department did not issue any final decisions.  *See* Defs.' Opp'n & Reply in Support of Summ. J. (Defs.' Reply) at 4-5 n.3, ECF No. 72.  Indeed, as the Taylor Declaration demonstrates, all of these facts (and more) are detailed in the

---

[1] As an initial matter, Defendants raised two threshold, dispositive legal arguments on summary judgment: that Plaintiffs' claims are moot because the Department has resumed issuing final decisions on borrower defense claims—which is all the relief to which Plaintiffs would be entitled—under a new partial relief methodology that it announced in December 2019, *see* Defs.' Opp'n & Reply in Support of Summ. J. at 2-5, ECF No. 72, and, in any event, that the Higher Education Act's (HEA) anti-injunction provision prohibits this Court from entering the relief Plaintiffs seek in this case, *see* Defs.' Mot. for Summ. J. at 15-16, ECF No. 63.  The Court's resolution of these legal questions does not depend on any issue of material fact in dispute, nor does it relate to any of the purported "material issues" identified in Plaintiffs' Rule 56(d) motion.  There is no reason to delay the Court's resolution of those arguments; and, in fact, a decision in Defendants' favor on either argument would render the instant motion moot.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

5

Administrative Record.[2]  *See* Taylor Decl. ¶ 12.d-f; Admin. R. (AR) 349-50 (Nevin Decl. ¶¶ 56, 65); AR 010-11 (Jones Decl. ¶¶ 25, 27).  The question before the Court is whether the Department's explanation of these facts justifies its delay under the circumstances, and such determination simply will not turn on whether any Department communications "memorialize[] or embod[y]" these facts. *See One 1985 Mercedes*, 917 F.2d at 423–24 (upholding denial of discovery to confirm whether a government policy existed or not where plaintiff's case "would not have benefitted from [such] discovery").

Discovery of any corrective action plans or other Department communications with the Office of Inspector General is similarly unnecessary.  Plaintiffs assert that this information is required to dispute the contention that Defendants' alleged "policy of inaction" has ceased.  *See* Taylor Decl. ¶ 12.i.  The focus of Plaintiffs' inquiry, however, is misplaced.  Irrespective of any corrective action plans the Department developed in late 2017 to address the borrower defense backlog, the Department has resumed issuing final borrower defense decisions as of December 2019.  *See* Suppl. Admin. R. (Suppl. AR) 588, ECF No. 71 (Brown Decl. ¶¶ 7-8).  Thus, undisputed evidence in the record establishes that the delay in issuing borrower defense decisions has ceased.  The Court's consideration of—and thus discovery into—prior delay would only be academic.  *See United Steelworkers of Am. v. Rubber Mfrs. Ass'n*, 783 F.2d 1117, 1120 (D.C. Cir. 1986) (per curiam) (where an agency has already taken action to moot a plaintiff's claim of delay, courts should decline any "invitation to 'punish' [the agency] for its past delay").  The Court's determination of reasonableness in this case is not dependent on what the Department previously *intended to do*, but rather what it has *actually done* to adjudicate applications and begin notifying borrowers of the Department's eligibility and relief decisions.  *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176, 2019 WL 5677543, at *9 (N.D. Cal. Oct. 31, 2019) (denying Rule 56(d) motion because proposed discovery would not provide "meaningful" information to rebut the defendant's claims).

**2.**  Plaintiffs also seek to discover immaterial facts related to pre-2017 borrower defense

---

[2] In fact, Plaintiffs argued that the prior 18-month delay in issuing borrower defense decisions, among other undisputed facts in the record, "alone" entitles Plaintiffs to summary judgment.  *See* Pls.' Opp'n at 20-21.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

6

protocols and procedures. Specifically, Plaintiffs request "[d]ocuments pertaining to the creation, membership, scope of duties, and output of the [Review Panel]," as well as "memoranda setting forth eligibility and relief criteria for borrower defense claims under the 1994 regulation." Taylor Decl. ¶ 13.a, f. Plaintiffs claim (incorrectly) that this information is important because the Department allegedly justified its need to develop a new partial relief methodology by pointing to the lack of process in place prior to 2017 to resolve the backlog of borrower defense claims and because "the prior administration's approach was 'haphazard' and rested on 'assumptions.'" *Id.* ¶ 13.b, g. To the contrary, Defendants do not dispute that the Department had borrower defense processes in place prior to 2017, which it continued to develop during and after the change in administrations. Indeed, the Administrative Record extensively details the Department's efforts to create processes and procedures to handle the onslaught of borrower defense claims beginning in 2015. *See generally* AR 336-538 (Nevin Decl. and attachments). Plaintiffs cited these same facts extensively in their summary judgment brief as background, *see* Pls.' Opp'n at 9-12, and even seek to add numerous memoranda and protocols already in their possession to the Administrative Record, *see, e.g.*, Declaration of Eileen Connor, Ex. 1-10, ECF No. 66-2. Yet, as perhaps indicative of their unessential nature, Plaintiffs failed to rely on the types of facts they seek through discovery in any of their substantive arguments opposing summary judgment. *See generally* Pls.' Opp'n at 18-27.

Even assuming the parties dispute the reasonableness of the Department's efforts to develop a new relief methodology, the Secretary's decision to devise a method for calculating relief based on educational value and harm suffered is "a legitimate exercise of the Secretary's discretion under the [HEA]." *Calvillo Manriquez v. DeVos*, 345 F. Supp. 3d 1077, 1103 (N.D. Cal. 2018). Given the Secretary's inherent discretion, it does not matter, as Plaintiffs contend, whether the Department's approach or process prior to 2017 "would have substantially eliminated the backlog in applications within months."[3] *See* Pls.' Opp'n at 3; *see One 1985 Mercedes*, 917 F.2d at 423–24 (holding that

---

[3] As explained in Defendants' summary judgment briefing, Plaintiffs suggest that the Department may lack the discretion to formulate its preferred methodology for awarding relief to successful borrower defense claimants. *See* Defs.' Reply at 11-12. But Plaintiffs point to no statute or regulation preventing the Department from taking such action, and the Secretary's discretion in this area, as a matter of law, can hardly be disputed. *See id.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

7

discovery to prove an agency policy did not exist was unnecessary because the agency had discretion to make decisions either at a policy level or, as was the case, on an individual ad hoc basis). And Plaintiffs make no attempt to explain how the substance of any memoranda related to eligibility criteria or any claim review protocols, *see* Taylor Decl. ¶ 13.f, 1, are material to Plaintiffs' claim in this suit, which challenges only the Department's delay in issuing borrower defense decisions, not the merits of the decisions themselves.

Likewise unessential to Plaintiffs' opposition is their request to discover historical facts regarding BDU staffing. *See* Taylor Decl. ¶ 13.t. As the Taylor Declaration demonstrates, the Administrative Record currently contains detailed information about the BDU's variable staffing levels from its inception in February 2016 to the present. *See* AR 341-42 (Nevin Decl. ¶¶ 19-25). It documents both the reasons for periods of decreased staffing, as well as the BDU's requests for additional hiring. *See id.* Plaintiffs do not appear to dispute these facts or the ultimate conclusion that the BDU's human resources have been strained by the sheer volume of incoming borrower defense claims. *See* Taylor Decl. ¶ 13.w. And even if issues about *past* staffing decisions were contested, Plaintiffs do not dispute that the Administrative Record includes information on the significant hiring that the BDU has *recently* undertaken "to increase capacity at BDU," *id.* ¶ 13.u. AR 342 (Nevin Decl. ¶¶ 24-25). Discovery of additional information related to prior BDU staffing is thus not only unnecessary in light of the sufficiency of the Administrative Record, it is inconsequential to the Court's summary judgment ruling. *See United Steelworkers of Am.*, 783 F.2d at 1120 (courts should decline any "invitation to 'punish' [the agency] for its past delay").

**3.** Finally, Plaintiffs request discovery on the Department's "'Step 1' eligibility determinations . . . made on borrower defense claims between January 2017 and October 16, 2018 (excluding the *Calvillo Manriquez* class)," as well as information on "which class members borrowed federal student loans pursuant to a promissory note that incorporated a state-law standard for borrower defense" as under the 1994 borrower defense regulation. Taylor Decl. ¶ 14.a, d. They argue that this information is important to rebut Defendants' claim that implementation of the 2016 regulation reasonably contributed to the delay in issuing borrower defense decisions. *See id.* ¶ 14.b,

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

8

e. But Plaintiffs miss the point of Defendants' argument. Defendants did not argue that the 2016 regulation precluded the BDU from making Step 1 adjudications, only that, once it became effective in 2018, implementation took "considerable time and effort," AR 005 (Jones Decl. ¶ 10), and was one of the many priorities competing for attention and resources during the period the Department was not issuing final decisions on borrower defense, *see* AR 005 (Jones Decl. ¶ 12). Plaintiffs do not dispute this evidence. Contrary to Plaintiffs' contention, *see* Taylor Decl. ¶ 14.b, what the Department represented about the pace of adjudications while the 2016 regulation was delayed and *before* it took effect has no bearing on the resources that were required to implement the regulations once they *actually did* take effect in 2018. *See* Defs.' Reply at 14-15.

The asserted justification for Plaintiffs' request for master-promissory-note information is similarly off the mark. *See* Taylor Decl. ¶ 14.d. As Defendants have explained, it does not matter, for purposes of this case, whether the eligibility standard of the 1994 regulation or the 2016 regulation applies to a particular loan. Both regulations provide the Secretary discretion to determine the relief awarded to successful claimants, justifying the Department's primary basis for delay in this case. *See, e.g.*, Defs.' Mot. for Summ. J. at 21; Defs.' Reply at 14 n.8.

Because Plaintiffs have not shown that discovery would identify "specific facts" that—if they exist—would be "essential to oppose summary judgment," *Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827, the Court should deny Plaintiffs' Rule 56(d) motion.

**B.**   **Plaintiffs' Requests for Discovery Are Classic Fishing Expeditions.**

"Rule 56[(d)] is not a license for a fishing expedition in the hopes that one might find facts to support its claim." *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 732 F. Supp. 2d 1107, 1125 (D. Haw. 2010). Rather, a party opposing summary judgment bears the burden of showing "what facts she hopes to discover to raise a material issue of fact," *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (quotation omitted), and that it is "likely that those facts will be discovered during further discovery," *SEC*, 906 F.3d at 833 (quotation omitted). Plaintiffs fail to meet that burden here.

Plaintiffs primarily argue that discovery is necessary to "shed light on the veracity" of the

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

9

Department's reasons explaining the reasonableness of its delay in issuing borrower defense decisions. *See* Taylor Decl. ¶ 13.g; *see also id.* ¶¶ 12.i; 13.c, m, u; 14.b. At best, Plaintiffs merely seek to test the credibility of the agency's declarations filed in the Administrative Record. But without stating facts sufficient to "question the veracity of [those declarations], the simple desire to 'test and elaborate' the [declarants'] testimony" falls well short of Rule 56(d)'s requirements. *Illumina Inc. v. Complete Genomics Inc.*, No. C-10-5542, 2013 WL 1644829, at *5 (N.D. Cal. Mar. 27, 2013) (quoting *Dunning v. Quander,* 508 F.3d 8, 10 (D.C. Cir. 2007)); *see also Yasin v. Coulter*, No. S-08-2299, 2009 WL 2915125, at *6 (E.D. Cal. Sept. 9, 2009), *aff'd*, 449 F. App'x 687 (9th Cir. 2011) (denying Rule 56(f) request where plaintiff sought to test the credibility of defendant's declaration). Indeed, although Plaintiffs allege that documents likely exist that are responsive to the eight overly broad categories of requested discovery, at no point do Plaintiffs identify any "specific facts" that they believe are "likely" to be proven by those documents that would prevent the Court from ruling on Defendants' dispositive motion. *SEC*, 906 F.3d at 833. Plaintiffs instead propose to conduct discovery "without any idea of what specific facts will be obtained or how those facts will defeat summary judgment. This is precisely what Rule 56[(d)] does not permit."[4] *Yasin*, 2009 WL 2915125, at *6 (quoting *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997)); *see Karl*, 2019 WL 5677543, at *9 (N.D. Cal. Oct. 31, 2019) (plaintiff provided "no adequate basis for the belief" that discovery "would provide meaningful rebuttal information").

An even stronger case exists here for not allowing such impermissible discovery, because the Department's Administrative Record in this APA action is entitled to a presumption of administrative regularity. *Cook InletKeeper*, 400 F. App'x at 240. Thus, absent "clear evidence to the contrary," the Court should presume that the Department's declarants as "[public officers] have properly discharged their official duties" in summarizing the reasons for the Department's delay in issuing borrower defense decisions. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007).

---

[4] The Taylor Declaration highlights Plaintiffs' failure to meet Rule 56(d)'s requirements. It, at most, asserts that the discovery sought "may" reveal relevant information. *See, e.g.*, Taylor Decl. ¶ 13.c. (discovery "may shed light on the Defendants' justifications"); *id.* ¶ 13.m ("[t]he veracity of these contentions may be relevant").

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

10

Plaintiffs provide no such evidence and thus lack an adequate basis to rebut the presumption.

As just one example, Plaintiffs claim that discovery of any corrective action plan(s) is important to "[t]he question of *whether*" the Department's pause in adjudicating claims in 2017 during the Inspector General's review of the borrower defense process "is true." Taylor Decl. ¶ 12.i (emphasis added). Plaintiffs do not allege any facts to explain *why* they believe the Department's pause was not merely temporary. Indeed, the record belies any such claim. *See* AR 349-51 (Nevin Decl. ¶¶ 59, 63-69); *see also* Suppl. AR 588 (Brown Decl. ¶¶ 7-8). Nor do Plaintiffs explain *why* it is "likely" that any corrective action plan(s) would contain information proving that the temporary pause did not cease. Indeed, it is pure speculation, at best, to suppose that discovery into this or any other category of information Plaintiffs seek would actually reveal evidence that would preclude summary judgment in this matter. *See Margolis*, 140 F.3d at 854 (rejecting a request made under Rule 56(f), the predecessor to Rule 56(d), because the request was based only on "wild speculation").

Rule 56(d) does not permit such fishing expeditions.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Rule 56(d) request and should proceed to consider Defendants' Motion for Summary Judgment.

Dated: January 16, 2020                         Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Kathryn C. Davis*
R. CHARLIE MERRITT (VA Bar No. 89400)
KATHRYN C. DAVIS (DC Bar No. 985055)
KEVIN P. HANCOCK
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 616-8298

Defendants' Opposition to Plaintiffs' Motion to Deny or Defer Decision on Defendants' Motion for Summary Judgment under Rule 56(d)
Case No.: 19-cv-03674-WHA

11

Fax: (202) 616-8470
Kathryn.C.Davis@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY OR DEFER DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)
Case No.: 19-cv-03674-WHA

12

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on January 16, 2020, in Washington, D.C.

/s/ *Kathryn C. Davis*
Kathryn C. Davis