| | |
|---|---|
| JOSEPH JARAMILLO (SBN 178566) | EILEEN M. CONNOR (SBN 248856) |
| jjaramillo@heraca.org | econnor@law.harvard.edu |
| NATALIE LYONS (SBN 293026) | TOBY R. MERRILL |
| nlyons@heraca.org | (*Pro Hac Vice*) |
| HOUSING & ECONOMIC RIGHTS ADVOCATES | tmerrill@law.harvard.edu |
| 1814 Franklin Street, Suite 1040 | KYRA A. TAYLOR |
| Oakland, CA 94612 | (*Pro Hac Vice*) |
| Tel.: (510) 271-8443 | ktaylor@law.harvard.edu |
| Fax: (510) 868-4521 | LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL |
| | 122 Boylston Street |
| | Jamaica Plain, MA 02130 |
| | Tel.: (617) 390-3003 |
| | Fax: (617) 522-0715 |

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, Secretary of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DENY OR DEFER DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(d)**<br><br>Date: February 13, 2020<br>Time: 8:00 AM<br>Place: Courtroom 12, 19th Floor<br>Honorable William H. Alsup |

## INTRODUCTION

Plaintiffs have set forth argument as to why, even on the current record, they are entitled to summary judgment, and Defendants are not. Pls' Opp. and Cross Mot. For Summ. J., ECF 67. However, because the Defendants have so skewed the record before the Court, Plaintiffs argue, in the alternative, that a decision on summary judgment may be deferred under Rule 56(d).[1] Arguing against this position, Defendants presume to act as arbiters of what is material and immaterial in this highly contested dispute. That is the Court's role. They inaccurately assert that Plaintiffs have abandoned any claim based on a policy of inaction as to the members of the class. And, they characterize factual and legal contentions as undisputed when they in fact are in dispute, even if the record as Defendants have shaped it does not fairly reflect those disputes.

## ARGUMENT

### I. Plaintiffs' identification of specific information in their 56(d) Motion and Declaration is nothing like a fishing expedition.

Plaintiffs do not seek open-ended discovery. Plaintiffs ask that the Court order the Department, under Rule 56(d)(3), the Department to produce information that will complete the administrative record with information directly relevant to three material issues of fact.[2] The Taylor Declaration, attached to Plaintiffs' motion, explains how the specified information raises

---

[1] Defendants make much of the fact of Plaintiffs' statement that the materials they specifically identify "may be" (rather than "definitely are") essential to opposing summary judgment. Defs' Opp. to Pls. Mot. to Deny or Defer Decision on Defs' Mot. for Summ. J. Under Rule 56(d) at 10 n. 4, ECF 76 (Defs' Opp. to Rule 56(d) Mot.). This is a red herring. Of course, Plaintiffs hesitate to definitively characterize evidence that they have not been allowed to see. It is amply sufficient that Plaintiffs set forth more than adequate basis for their conclusion that such evidence exists and would demonstrate a genuine dispute as to material facts. Depending on the Court's resolution of other issues, some of which Defendants acknowledge, Defs' Opp. to Rule 56(d) Mot. at 5, n. 1, the existence of those disputes may or may not be necessary to the resolution of summary judgment.

[2] Defendants certified an administrative record consisting of three agency declarations, and a supplemental record consisting of fourth agency declaration. Contrary to Defendants' assertion, Defs' Opp. to Rule 56(d) Mot. at 3, this record is not entitled to a presumption of regularity, for the reasons Plaintiffs identify in their memorandum and reply in support of their motion to supplement and complete the administrative record, ECF 66, 78.

1

Pls. Reply ISO Rule 56(d) Motion                            Case No: 19-cv-03674-WHA

material issues of fact, ¶¶ 12.b-c, i, ¶¶ 13.b-d, g, m, u, ¶¶ 14.b, e, and explains Plaintiffs' basis to believe that information exists. *See* ¶¶ 12.d-f, j, ¶¶ 13.c-d, h-k, n-s, v-w, 14.c, f-g. In short, this information is essential to show whether 1) the Department implemented a policy of inaction (and what the nature of that policy was), 2) before February 2017, the Department had the capacity to resolve borrower defenses, and 3) the 2016 Regulations impacted the Department's decisionmaking. Plaintiffs' targeted request is a far cry from the "fishing expedition" Defendants claim it to be. Defs' Opp. To Pls' Mot. To Deny or Defer Decision on Defs' Mot. For Summ. J. Under Rule 56(d) at 9-10, ECF 76 (Defs' Opp. To Rule 56(d) Mot.).

To make this baseless assertion, Defendants rely on inapposite cases where the parties either sought open-ended discovery, *see Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001) (depositions not warranted where party had already engaged in extensive discovery and unclear that information sought would add anything to their case); *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176, 2019 WL 5677543, at *9 (N.D. Cal. Oct. 31, 2019) (denying Rule 56(d) motion for discovery, noting discovery had been open to plaintiff for ten months); *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 732 F. Supp. 2d 1107, 1125 (D. Haw. 2010) (denying Rule 56(d) request for a continuance to take depositions and engage in discovery), or pursued meritless requests, *see Securities and Exchange Comm'n v. Stein*, 906 F.3d 823, 832-33 (9th Cir. 2018) (holding discovery not warranted where information sought had already been available in documents defendant produced and was object of "mere speculation"); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (party requesting discovery failed to show how information sought was essential to oppose summary judgment); *Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998) (discovery not warranted because party failed to provide basis for belief that requested information existed); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (requesting party failed to show the existence of discoverable evidence); *Illumina Inc. v. Complete Genomics Inc.*, No. C-10-5542, 2013 WL 1644829, at *5 (N.D. Cal. Mar. 27, 2013) (denying a Rule 56(d) request for a Rule 30(b)(6) deposition because party failed to put forth evidence showing information sought existed); *Yasin*

2

Pls. Reply ISO Rule 56(d) Motion                                    Case No: 19-cv-03674-WHA

*v. Coulter*, No. S-08-2299, 2009 WL 2915125, at *6 (E.D. Cal. Sept. 9, 2009) (denying a Rule 56(d) request for a deposition because all of plaintiff's claims were time-barred). By contrast, Plaintiffs' narrow requests directly address material issues in this case, *see* Taylor Decl., ECF 68-2. Likewise, Defendants are wrong that none of the cases cited by Plaintiffs granted a Rule 56(d) motion in an APA case—courts granted the motion *in response* to an insufficient record. *Pinnacle Armor, Inc. v. United States*, No. 07-cv-1655, 2012 WL 5307666, at *17 (E.D. Cal. Oct. 26, 2012) (*granting* a Rule 56(d) deferral to permit plaintiffs to file a motion to supplement the administrative record); *Snoqualmie Valley Preservatio All. v. United States Army Corps of Engineers*, No. C10-1108-JCC, 2010 WL 11565194, at *3 (W.D. Wash. Oct. 19, 2010) (*granting* the defendant's Rule 56(f) request to file an administrative record).

## II. Plaintiffs Seek Evidence to Show What Defendants Have "Actually Done"

Contrary to Defendants' assertion, Plaintiffs have maintained throughout this litigation that the Department stopped deciding borrower defenses in favor of a policy of inaction. Compl. at ¶ 7; Class Cert. Mot. at 2, 24, ECF 20; Pls' Cross Mot. for Summ. J. at 18, ECF 67; Taylor Decl. ¶ 12; *contra* Defs' Opp. To Pls' Mot. To Supplement and Complete the Administrative Record and Exclude Defs' Decls. at 11, ECF 75 (asserting Plaintiffs have abandoned any claim about a policy of inaction). And, throughout this litigation, Defendants have maintained that no such policy exists. Defs' Mot. for Summ. J. at 19, ECF 63 ("It is simply not the case that the Department is engaged in a policy of total inaction[.]"). That is, until now. *See* Defs' Opp. To Pls' Mot. For Summ. J. and Reply ISO Defs' Mot for Summ. J. at 1 ("[T]he Department's delay in issuing final decisions was largely attributable to its reasoned policy judgment that, before doing so, it should have a comprehensive methodology in place to determine the amount of relief for successful claimants."), 4-5 n.3 ("[W]hether the Department's inaction is characterized as a policy or simply a practice, it is undisputed that the Department did not issue any final decisions for approximately 18 months[.]"), ECF 72. But simply acknowledging the existence of the policy does not obviate the Plaintiffs' need to show the nature and scope of the policy. This is true now more than ever, because Defendants have submitted an affidavit claiming, in essence, that they

3

have completely lifted the policy. Far from resolving the dispute, these late-stage assertions[3] sharpen it. *Id*. at 2-5. And it is a brazen distortion to state, as Defendants do, that "undisputed evidence in the record establishes that the delay in issuing borrower defense decisions has ceased." Defs' Opp. To Rule 56(d) Mot. at 6. Plaintiffs have filed this motion precisely because they seek an opportunity to dispute Defendants' cherry-picked evidence, but are hamstrung by Defendants' withholding of relevant information.

Nor is information about the delay, which the Defendants insist is in the past, merely "academic," Defs' Opp. To Rule 56(d) Mot. at 6. First, it is far from clear that the class is not entitled to any remediation for an unlawful delay. Moreover, the scope of the delay—for example, a total halt in the investigation of claims and development of eligibility criteria for claims submitted by borrowers from schools other than ITT or Corinthian—is directly relevant to whether the single day of action on borrower defense does in fact reflect a reversal of the policy of inaction.

### III. Plaintiffs Dispute that the Secretary Has Unlimited Discretion to Determine Relief

It is simply not true that, as Defendants argue for the first time in their replies, the Secretary has complete discretion to both fashion any relief she chooses and stop borrower defense decisionmaking. *See* Defs' Opp. to Rule 56(d) Mot., ECF 76 at 7; Defs' Opp. and Reply ISO Summ. J. at 12, ECF 72. The parties agree that, under the Higher Education Act, the Department has a mandatory duty to decide borrower defense claims. Defs' Partial Opp. to Pls' Mot. to Supplement and Complete the Administrative Record and Exclude Defs' Decls. at 4, ECF 75. That duty does not give the Secretary discretion to *not decide* borrowers' claims.

---

[3] Defendants characterize their mootness argument, raised for the first time in reply, as a "threshold dispositive legal argument" that does not depend on an issue of material fact. Defs' Opp. to Rule 56(d) Mot. at 5, n.1. Of course mootness is a question of fact, and Plaintiffs do dispute whether the actions Defendants have *actually taken*—a topic that Plaintiffs maintain is fairly encompassed within the question of what the nature and scope of the policy of inaction is (Material Issue #1)—are sufficient to moot this controversy, Pls' Reply ISO Mot. for Summ. J. at 2-5, ECF 77.

4

Pls. Reply ISO Rule 56(d) Motion                                          Case No: 19-cv-03674-WHA

Similarly, the Secretary does not have complete discretion to fashion whatever relief she chooses. The HEA directed the Secretary to promulgate regulations to define what constitutes a borrower defense. 5 U.S.C. 1087e(h). In the 2016 amendments to those regulations, the Department specified what factors it would consider to determine the amounts of relief as to specific types of claims. 34 CFR 685.222(i)(2) (requiring the Department to consider different factors to determine relief for claims predicated on "a substantial misrepresentation," "a judgment against the school," or "a breach of contract."). Defendants claim this provision of the 2016 amendments affected how it processed all claims—regardless of which eligibility standard applied. *See* Def. Mot. for Summ. J. at 4, ECF 63 ("The 2016 regulations also established procedures for the assertion and adjudication of borrower defense claims, regardless of when a loan was first disbursed.").[4] Thus, it is illogical to assert that "it does not matter," Defs' Opp. to Rule 56(d) Mot at 9, which regulation applies to each Class Members' claim, as the applicable regulation affects the relief calculation. What regulation applies—and what protocols and standards the Department established to analyze claims under that regulation—is relevant to whether or not the Department is currently capable of resolving the borrowers' claim.

## CONCLUSION

The Information Categories raised in Plaintiffs' motion raise material issues of fact. The Court should delay ruling on Defendants' motion for summary judgment until the record is complete and the Court can truly assess the actions the Department has taken and whether they violated 706(1) of the APA.

---

[4] Defendants cite to the preliminary injunction opinion in *Calvillo Manriquez*—an opinion currently being considered by the Ninth Circuit—for the proposition that the Secretary has complete discretion to fashion whatever relief she chooses. Defs' Opp. to Rule 56(d) Mot. at 7. But Defendants fail to note that that opinion was published months before the 2016 amendments took effect. *See Calvillo Manriquez v. DeVos*, 345 F. Supp. 3d 1077, 1100-1101, 1103 (N.D. Cal. 2018).

5

Pls. Reply ISO Rule 56(d) Motion           Case No: 19-cv-03674-WHA

Dated: January 23, 2020					Respectfully submitted,

					*/s/ Eileen Connor*

					Eileen M. Connor (SBN 248856)
					Toby R. Merrill (*Pro Hac Vice*)
					Kyra A. Taylor (*Pro Hac Vice*)
					LEGAL SERVICES CENTER OF
					HARVARD LAW SCHOOL
					122 Boylston Street
					Jamaica Plain, MA 02130
					Tel.: (617) 390-3003
					Fax: (617) 522-0715

					Joseph Jaramillo (SBN 178566)
					Natalie Lyons (SBN 293026)
					HOUSING & ECONOMIC RIGHTS
					ADVOCATES
					1814 Franklin Street, Suite 1040
					Oakland, CA 94612
					Tel: (510) 271-8443
					Fax: (510) 280-2448

					*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on January 28, 2020, in Boston, Massachusetts

             */s/ Kyra Taylor*
             KYRA TAYLOR