1    JOSEPH JARAMILLO (SBN 178566)          EILEEN M. CONNOR (SBN 248856)
     jjaramillo@heraca.org                  econnor@law.harvard.edu
2    NATALIE LYONS (SBN 293026)             TOBY R. MERRILL
     nlyons@heraca.org                      (*Pro Hac Vice*)
3    HOUSING & ECONOMIC RIGHTS              tmerrill@law.harvard.edu
     ADVOCATES                              KYRA A. TAYLOR
4    1814 Franklin Street, Suite 1040       (*Pro Hac Vice*)
     Oakland, CA 94612                      ktaylor@law.harvard.edu
5    Tel.: (510) 271-8443                   LEGAL SERVICES CENTER OF
     Fax: (510) 868-4521                    HARVARD LAW SCHOOL
6                                           122 Boylston Street
                                            Jamaica Plain, MA 02130
7                                           Tel.: (617) 390-3003
                                            Fax: (617) 522-0715
8

9

10   Attorneys for Plaintiffs

11                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
12

13   THERESA SWEET, *et al.*, on behalf        Case No. 19-cv-03674-WHA
     of themselves and all others similarly situated,
14                                              **PLAINTIFFS' REPLY IN SUPPORT OF**
              *Plaintiffs*,                     **THEIR MOTION TO SUPPLEMENT**
15                                              **AND COMPLETE THE**
                                                **ADMINSTRATIVE RECORD AND**
16        v.                                    **EXCLUDE DEFENDANTS'**
                                                **DECLARATIONS**
17   ELISABETH   DEVOS,   Secretary   of
     Education,  and  THE  UNITED  STATES
18   DEPARTMENT OF EDUCATION,                   Date: February 13, 2020
                                                Time: 8:00 AM
19            *Defendants*.                      Place: Courtroom 12, 19th Floor
                                                Honorable William H. Alsup
20

21

22

23

24

25

26

27

28

**INTRODUCTION**

"[J]udicial review cannot function if the agency is permitted to decide unilaterally what documents it submits to the reviewing court as the administrative record." *In re U.S.*, 138 S.Ct. 371, 372 (2017) (Breyer, J., dissenting). Yet that is exactly what the Department is attempting to do here. Plaintiffs seek to supplement the record, strike the litigation affidavits from the record and compel the Department to complete the administrative record with discrete documents.

Defendants ultimately do not oppose Plaintiffs' request to supplement the record. However, they argue in favor of confining the Court's review to self-serving litigation affidavits while opposing inclusion of documents that would allow the Court to assess the veracity and completeness of the agency declarations. Defendants cannot have it both ways.

**ARGUMENT**

I.     **The Department's Litigation Affidavits Are Not Entitled to a Presumption of Regularity and Should Not Be Considered Because They Are Irrelevant, Duplicative, or Self-Serving.**

Plaintiffs and Defendants agree that the concept of "post-hoc rationalization" has little "saliency" in an APA case challenging agency inaction under § 706(1). Pls' Mot. to Supplement and Complete the Administrative Record and Exclude Defs' Decls. (Pls' AR Mot.) at 7 (citing *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 511-12 (9th Cir. 1997); Def's Opp. to AR Mot. at 10. Clearly, these declarations are litigation documents. But that is not why Plaintiffs argue they should not be considered. Rather, they should not be considered because they are of little or dubious value—as a whole, they are either irrelevant, duplicative of documents, or self-serving and not supported by documents where they could be. Pls' AR Mot. at 8.[1]

Plaintiffs do not assert that it is never proper for a court to rely on agency declarations in a 706(1) case. But simply because the record in a 706(1) case is not clearly demarcated as in a

---

[1] It is not inconsistent, as Defendants claim, Defs' Partial Opp. to Pls. Mot. to Supplement and Complete the Administrative Record and Exclude Defs' Decls. (Defs' Opp. to AR Mot.) at 9, ECF 75, to point out that the declarations are flawed in different respects in different places.

Pls. Reply ISO Administrative Record                                Case No: 19-cv-03674-WHA
Motion

1  challenge to final agency action does not mean that any and every agency declaration must be

2  accepted by a reviewing court without question. This is consistent with the cases on which

3  Plaintiffs rely—*A.A. v. U.S. Citizenship and Immigration Servs.*, No. c15-0813-JLR, 2018 WL

4  1811352 at *4, 6 (W.D. Wash. April 17, 2018), *Indep. Mining Co.*, 105 F.3d 502 (9th Cir. 1997),

5  *Wildearth Guardians v. U.S. Fed. Emergency Mgmt. Agency*, No. CV 10-863-PHX-MHM, 2011

6  WL 905656, at *2, 4 (D. Ariz. Mar. 15, 2011); Pls. AR Mot. at 4-5, 7-8 —all of which are 706(1)

7  cases, *contra* Def's Opp. at 2, 5 (claiming Plaintiffs cite only 706(2) cases).

8         On the other hand, it is inconsistent for Defendants to put forward agency declarations—

9  anathema to a traditional APA record—and then claim that those declarations constitute a formal

10  agency record that is entitled to a presumption of regularity. Defs' Opp. to AR Mot. at 1, 2, 6, 7.

11  No case supports this proposition.

12         **II.     Litigation Affidavits Should Not Substitute for Documents that More**

13              **Completely and Reliably Explain the Challenged Agency Inaction.**

14         Should the Court consider the litigation affidavits, it must do so in relation to the

15  documents that those affidavits purport to summarize, and to the documents whose existence is

16  confirmed by the declarations. Plaintiffs seek to complete the administrative record with these

17  documents, Pls. Mot. to Deny or Defer Decision on Defs' Mot. for Summ. J. Under Rule 56(d),

18  ECF 68, Declaration of Kyra Taylor ISO Rule 56(d) Mot., ECF 68-2. Contrary to Defendants'

19  contention, Plaintiffs do not seek "potentially open-ended discovery," Defs' Opp. to AR Mot. at

20  12, but inclusion of discrete and identified documents.

21         The need for these documents, and the privilege log the Court already ordered, ECF 44, is

22  more plain than ever. Defendants argue that, because in opposition and reply, they have provided

23  supplemental documentation of a single day of activity on borrower defense, the instant motion

24  must be denied and indeed the entire case must be dismissed. Defs' Opp. to AR Mot. at 1.

25  Further, they argue, any protestation from Plaintiffs that the Court should have access to a

26  complete record is itself an attempt at delay, *id.* at 2

27         This is ridiculous. Defendants were ordered, on October 3, 2019, to file an administrative

28  record and a privilege log by November 14, 2019. They chose not to. They argued for summary

2

judgment, and now seek to moot the case, on the basis of a cherry-picked record. The problems with the initial record are equally present with respect to the supplemental record. For example, Defendants rely on an agency declaration as proof that they have altogether lifted their acknowledged blanket policy of inaction on borrower defense, and that the claims of the entire class will soon be resolved. Defs' Reply ISO Summ. J. at 1-5, ECF 72; Supplement to Administrative Record, ECF 71. They claim that their inaction was occasioned—indeed necessitated—by the lack of a relief methodology. But publicly available documents not before the Court indicate that the Department has always had at its disposal the means to resolve borrower defense claims.[2] And far from "abandon[ing]" any challenge to this blanket policy of inaction "months ago," Def's Opp. at 2, 11, Plaintiffs' 706(1) claim asks the Court to decide whether the Department unlawfully abandoned its mandatory duty to decide the borrower defense claims of the class—i.e., whether it was reasonable for the Department to stop investigating and determining eligibility and relief for members of the class because it simply did not want to award relief.

## CONCLUSION

Defendants improperly excluded relevant information from the record and submitted litigation affidavits in its stead. The Court should allow Plaintiffs to supplement the record, strike the litigation affidavits from the record, and compel the Department to complete the administrative record with discrete documents.

Dated: January 23, 2020                    Respectfully submitted,


                                           /s/ Eileen Connor

                                           Eileen M. Connor (SBN 248856)
                                           Toby R. Merrill (*Pro Hac Vice*)
                                           Kyra A. Taylor (*Pro Hac Vice*)

---

[2] At least one document, "Options Memo," is reported to have been finalized and approved by Senior Department leadership in mid-November, AR 589, ECF 71-3, and supports the notion that there is not a single permissible way to resolve borrower defense claims. This document has not been provided to the Court.

3

LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

*Counsel for Plaintiffs*

Pls. Reply ISO Administrative Record
Motion

Case No: 19-cv-03674-WHA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on January 28, 2020, in Boston, Massachusetts.

*/s/ Kyra Taylor*
Kyra Taylor