JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT (VA Bar # 89400)
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (202) 616-8098
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov
*Attorneys for Defendants*

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tomerrill@law.harvard.edu
KYRA A. TAYLOR (*Pro Hac Vice*)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, Secretary of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>NOTICE OF MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECT NOTICE TO CLASS<br><br>**Date: May 21, 2020**<br>**Time: 8:00 am**<br>**Courtroom: 12, 19th Floor**<br>**Hon. William Alsup** |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on May 21, 2020, at 8:00 a.m., or on a date selected by the Court, in the courtroom of the Honorable William Alsup, Courtroom 12, 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Parties will and hereby do respectfully move the Court, for an order preliminarily approving the proposed class action settlement and directing notice of settlement to be given to class members.[1]

      This Motion is supported by the accompanying memorandum of points and authorities, the attached declarations and exhibits, the pleadings and other papers filed in this case, oral argument (if any), and any other matters in the record or of which this Court takes notice.

---

[1] In light of the Covid 19 crisis, and pursuant to Civil L-R 7-1(b), the Parties consent to having the motion decided without a hearing. *See* General Order 72 In Re: Coronavirus Disease Public Health Emergency (N.D. Cal. Mar. 16, 2020).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

    I.   INTRODUCTION ................................................................................................... 1

    II.  BACKGROUND AND PROCEDURAL HISTORY ................................................... 2

    III. SUMMARY OF SETTLEMENT TERMS ................................................................ 4

        A. Settlement Class .......................................................................................... 4
        B. Relief .......................................................................................................... 5
        C. Dismissal; Waiver; Continued Jurisdiction of the Court ........................... 6
        D. Breach ........................................................................................................ 6

    IV. THE SETTLEMENT AGREEMENT MERITS PRELIMINARY APPROVAL ........................ 7

        A. Named Plaintiffs and their Counsel Adequately Represented
           the Class ..................................................................................................... 8
        B. Parties Negotiated the Settlement at Arms Length ..................................... 8
        C. The Quality of the Relief to the Class Weighs in Favor of
           Approval .................................................................................................... 9
        D. Continued Litigation Would Entail Additional Delay, Risk,
           and Cost .................................................................................................... 10
        E. The Parties Reserve Attorneys' Fees for the Court .................................. 11
        F. This Settlement is the Only Agreement the Parties Have with
           Each Other ............................................................................................... 11
        G. The Settlement Treats All Class Members Equally .................................. 11

    V. THE COURT SHOULD APPROVE THE CLASS NOTICE AND NOTICE PLAN UNDER
       RULE 23(E)(1) ................................................................................................... 12

VI. CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981) .............................................................. 9

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010) .................... 11

*Class Plaintiffs v. City of Seattle,* 955 F.2d 1268 (9th Cir. 1992) .................................... 7

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ....................... 8

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) ............................. 9

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................... 11

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-CV-02911-JSC,
    2019 WL 343472 (N.D. Cal. Jan. 28, 2019) .......................................................... 8, 9

**Statutes**

5 U.S.C. 706(1) ................................................................................................................. 1

28 U.S.C. § 2412 .............................................................................................................. 2, 11, 13

**Rules**

Fed. R. Civ. P. 23 .............................................................................................................. *Passim*

JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
Case No: 19-cv-03674-WHA
ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

After nearly a year of litigation and months of settlement negotiations, the Parties have reached an agreement that would fully resolve the claims asserted in this class action through settlement. The Parties present the negotiated Settlement Agreement, attached as Exhibit 1, to the Court for preliminary approval. Additionally, the Parties propose a plan to provide notice to Class Members and afford them the opportunity to object to the proposed settlement. The proposed settlement (Settlement) is fair, reasonable, and adequate, as required by Rule 23(e)(2) and guarantees that all Class Members will receive timely resolution of their borrower defense claim.

The Named Plaintiffs are seven federal student loan borrowers who filed borrower defense applications with the Department of Education (Department) requesting that the Department discharge their federal student loan debt because of misconduct allegedly committed by their school. They initiated this case because the Department slowed and eventually halted issuing final decisions on borrower defense applications for a period of approximately 18 months. Plaintiffs alleged that the Department's inaction was the natural outcome of its deliberate and uniform policy abandoning borrower defense decisionmaking, an alleged choice that caused a mounting backlog of more than 200,000 claims. Plaintiffs further contended that since the Department's alleged adoption of this policy, borrowers have been in a state of indefinite limbo, unsure of whether or when they would need to repay their federal student loan debts. Defendants, on the other hand, argued that the Department's delay in issuing final decisions was reasonable due, in part, to the development of a new methodology for determining relief for successful borrower defense applicants; that this case is moot because the Department has resumed issuing final borrower defense decisions when the new methodology was finalized; and that the Court lacks jurisdiction to issue injunctive or other coercive relief against the Secretary of Education.

Plaintiffs brought this case to relieve student borrowers from this indefinite limbo. The case presents a single cause of action alleging that the Department has unlawfully withheld and unreasonably delayed final borrower defense decisions in violation of Section 706(1) of the Administrative Procedure Act.

The Settlement will deliver Plaintiffs' relief without the delay, risk, or expense incurred through continued litigation. Plaintiffs sought to ensure that the Department would provide student borrowers with the timely borrower defense decisions they are entitled to. The Settlement promises borrower defense applicants, who have claims pending as of the execution date of the Agreement, that they will get final decisions within 18 months and, where appropriate, relief within 21 months of the agreement's effective date. It further ensures that Plaintiffs may monitor the Department's fulfillment of its obligations under the Settlement, by requiring it to provide quarterly progress reports to Plaintiffs' Counsel.

This Settlement Agreement was reached only after the Parties engaged in extensive adversarial proceedings and formal, court-ordered settlement negotiations. Prior to settlement negotiations, the Court granted class certification pursuant to Fed. R. Civ. P. 23(b)(2) and the Parties briefed and argued cross motions for summary judgment. The Parties engaged in formal settlement negotiations before Magistrate Judge Ryu and continued negotiations via phone and email until they reached a settlement in principle on March 20, 2020. The Settlement addresses the terms that resolve the claims of the class, and provides that Plaintiffs will move for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, after a settlement is approved.

Because the relief provided by this Settlement is a fair and reasonable resolution of Plaintiffs' case and eliminates the uncertainty of appeal, the Court should grant preliminary approval of this settlement agreement.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs filed their class action complaint on June 25, 2019. They filed the action after the Department had not issued a final decision on any borrower defense application for over a year. Compl. ¶¶ 5, 135, 181-82. When Plaintiffs filed their complaint, there were more than 158,110 pending borrower defense applications. Compl. ¶ 186. The complaint sought declaratory and injunctive relief and alleged two causes of action: (1) the absence of any borrower defense decisions by the Department since June 2018 constituted agency action unlawfully withheld or unreasonably delayed, Compl. ¶¶ 377-89, and (2) the Defendants' alleged policy of not issuing decisions for a subclass of borrowers whose applications had been designated as approved, but

1 whose applications have not been formally granted, was arbitrary and capricious, Compl. ¶¶ 390-404. Plaintiffs alleged that the Department's halt in decisionmaking was influenced by high-level Department officials who had relationships to the for-profit colleges implicated by large numbers of borrower defense claims. Compl. ¶¶ 150-51, 163-64. Plaintiffs argued that the Department made a choice to stop issuing final decisions on claims, which was unlawful because the Department has a mandatory duty under the Higher Education Act, 20 U.S.C. § 1087e(h), and its own regulations, 34 CFR § 685.206, 222, to decide and resolve borrowers' claims. Defendants have never disputed that they have such a duty, but maintain that their delay in issuing final decisions was reasonable and thus not unlawful under the APA. *See, e.g.*, Defs.' Mot. for Summ. J., ECF No. 63; Defs.' Opp'n to Pls.' Mot. for Summ. J. and Reply in Supp. of Defs.' Mot. for Summ. J., ECF No. 72.

Defendants moved to dismiss Plaintiffs' second claim on September 12, 2019, ECF No. 35, which Plaintiffs did not oppose, and it was subsequently dismissed. *See* Order, ECF No. 41 (Sept. 28, 2019).

On July 23, 2019, Plaintiffs moved for class certification. ECF No. 20. The Court certified a class of "[a]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*." Order, ECF No. 46 at 14 (Oct. 30, 2019). Defendants notified all Class Members of the lawsuit. Order, ECF No. 61 (Nov. 19, 2019).

On November 14, 2019, Defendants certified an Administrative Record, ECF No. 56, and filed their Answer, ECF No. 55. On December 5, 2019, Defendants moved for summary judgment, ECF No. 63. On December 23, 2019, Plaintiffs filed their own Motion for Summary Judgment and opposed Defendants' Motion for Summary Judgment, ECF No. 67, and filed a Motion to Supplement and Complete the Administrative Record, ECF No. 66, and a Motion to Deny or Defer Decision on Defendants' Motion for Summary Judgment Under Rule 56(d). ECF No. 68. When Plaintiffs moved for Summary Judgment, more than 225,000 borrowers were awaiting a borrower defense decision. ECF No. 67 at 16.

1    Defendants supplemented the Administrative Record on January 9, 2020 with evidence that they had adopted a new methodology to determine how much federal student loan debt should be discharged for successful borrower defense applicants. ECF No. 71. They also asserted that as of December 10, 2019, they had resumed issuing final borrower defense decisions. *Id*. Defendants opposed Plaintiffs' Summary Judgment and Rule 56(d) Motions, ECF Nos. 72, 76, and partially opposed Plaintiffs' Motion to Supplement and Complete the Administrative Record, ECF No. 75. On February 4, the Court ordered the parties to file supplemental statements to inform the Court how many pending and undecided borrower defense claims were more than three and four years old. ECF No. 87. Defendants asserted that a small percentage of the total number of pending claims fit this definition: 18,884 claims that had been pending for over three years and 2,828 claims that had been pending for over four years. ECF No. 90 (Feb. 4, 2020). On February 20, 2020, the Court heard argument on the summary judgment, Rule 56(d) and administrative record motions.

On November 1, 2019, the Court ordered the Parties to participate in formal settlement negotiations before Magistrate Judge Donna Ryu. Order, ECF No. 47. After exchanging settlement briefs, the Parties engaged in day-long, in-person settlement negotiations before Judge Ryu on January 30, 2020. Significant headway was made toward an agreement, and the Parties continued negotiations via telephone and email. By March 20, the Parties had reached an agreement and the Defendants sought final internal approval. By March 27, the Parties finalized the Agreement. The Agreement was executed on April 7, 2020, and is attached as Exhibit 1.

### III.   SUMMARY OF SETTLEMENT TERMS

#### A. Settlement Class

The Settlement Class includes the Named Plaintiffs and all individuals who met the class definition[2] as of the date the Settlement was executed, April 7, 2020 ("Settlement Class Members"). Ex. A §§ III.A, IV.A.1, 2, 3. The Settlement Class is finite and determined as of the execution date of the Settlement, so that the size of the class and the length of performance of the

---

[2] "All people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*." Order, ECF No. 46 at 14 (Oct. 30, 2019).

Settlement Agreement do not expand indefinitely. The Settlement Class does not include people who have already received a borrower defense decision, who are class members in the *Calvillo Manriquez* litigation, or who submit a borrower defense application after the Parties executed the Settlement.

## B. Relief

Under the Agreement, Defendants will provide all Settlement Class Members with a decision on the merits of their borrower defense claims within 18 months of the date upon which the Court enters an order finally approving the Agreement and that order becomes non-appealable (or, in the event of an appeal by a Class Member, upon the date of final resolution of said appeal) ("Effective Date"). Ex. A § IV.A.1. The Department will effectuate relief (*i.e.* issue a complete or partial loan discharge) for all Settlement Class Members who it has deemed eligible for borrower defense relief within 21 months of the Effective Date. Ex. A § IV.A.2. For Settlement Class Members whose borrower defenses the Department has already determined are eligible for borrower defense relief as of the April 7, 2020 execution date of the Settlement, but who had not received a decision as of that date, the Department will provide them with notice of their final decision within three months and effectuate any relief within six months of the Effective Date. Ex. A § IV.A.3.

Within a week of the Effective Date, the Department will provide Plaintiffs a report, as of the April 7, 2020 execution date, of the total number of Settlement Class Members and the total number of class members the Department has already determined are eligible for borrower defense relief. Ex. A § IV.B.1. While the Department is deciding the Settlement Class Members' claims during the 18 month period following the Effective Date, it will report to Plaintiffs every 90 days: (1) how many borrower defense decisions it has made, (2) how many class members it has provided relief to, (3) the names of schools for which the Department has made borrower defense eligibility findings, and (4) the status of decisions on applications relating to schools that have been the subject of 100 or more borrower defense applications. Ex. A § IV.B.2, 3. The Department and Plaintiffs' Counsel will publish these reports on their respective websites.

Defendants also provide other assurances. They confirm, consistent with existing policy, that they will provide Class Members written decisions resolving their borrower defense claims, that they will not engage in any involuntary collection activities against Class Members while their borrower defense claims are pending, and that they will provide a credit for any interest that accrued while a Class Member's claim was pending. Ex. A § IV.C.

### C. Dismissal; Waiver; Continued Jurisdiction of the Court

In exchange for this relief, Plaintiffs agree to waive all claims alleged in this action, and dismiss the case. Ex. A § VII. Any future claims challenging the Department's final decisions on Class Members' borrower defenses are unaffected by the waiver, but the agreement does not waive or narrow any res judicata defense Defendants could assert in future actions brought by Class Members.

The Parties agree that the Court will retain jurisdiction only to adjudicate allegations of material breach as defined in the Settlement, and to provide the prescribed remedies. Ex. A § V.A, XI. The Settlement provides that the Parties will follow specific steps in the event of a breach before seeking the Court's involvement. Ex. A § V.D.

Once Defendants have decided all Settlement Class Members' borrower defense applications, notified all Settlement Class Members of their final decisions, and effectuated all appropriate relief, the Parties will file a notice with the Court. Upon the date of that notice, the Court's limited jurisdiction over this Action shall terminate.

### D. Breach

Should Defendants breach their obligation to provide notice to or effectuate relief for Settlement Class Members by the deadlines specified in the Settlement Agreement, the Settlement provides relief for affected Settlement Class Members, as follows: 30% discharge of their relevant federal student loan debt for each month beyond the deadline, prorated by day. Ex. A § V.B.1, 2. If Defendants use involuntary collection methods on any Settlement Class Member while their claim is pending, the Settlement provides relief for affected Settlement Class Members as follows: 80% discharge of their relevant federal student loan debt. Ex. A § V.B.4. If Defendants fail to

provide timely and complete reporting every 90 days, the Department would be required to report its progress on a monthly basis thereafter. Ex. A § V.B.3.

In the event that the Department is enjoined from using its current partial relief methodology, the Settlement nonetheless requires the Department to notify all borrowers of the Department's decision whether or not their application is eligible for borrower defense relief, without regard to the type or amount of relief that will be issued, within the 18-month timeframe. The deadline to effectuate relief would then be adjusted by the length of the injunction or the amount of time until the Department adopts a new methodology. Ex. A §§ IV.A.1.i, V.D.6. The Settlement also provides that extraordinary circumstances beyond Defendants' control shall be an excuse to performance according to the timelines set forth in the Settlement Agreement.

### IV.    THE SETTLEMENT AGREEMENT MERITS PRELIMINARY APPROVAL

"Strong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned[.]" *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). Courts assess class action settlements by considering the factors in Rule 23(e)(2). The relevant factors to assess the settlement of this injunctive relief class are: 1) whether the class representatives and class counsel adequately represented the class; 2) whether the proposal was negotiated at arms length; 3) whether the relief provided by the agreement is adequate for the class; 4) whether the benefits of the agreement outweigh the cost, risk, and delay of trial and appeal; 5) the terms of any proposed award of attorney's fees, including timing of payment; 6) whether the parties have other agreements relating to the settlement; and 7) whether the settlement treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2).[3] Here, all factors weigh in favor of settlement. Named Plaintiffs and Class Counsel have adequately represented the class, negotiations were conducted at arms length, and the Settlement offers equal relief to all Class Members that is comparable to or better than what Plaintiffs could have reasonably expected through continued litigation. The Settlement is fair, adequate, and reasonable and the Court should

---

[3] Rule 23(e)(2)(C)(ii) also requires that Courts assess "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." That factor does not apply here, where there are no money damages.

grant preliminary approval.

### A. Named Plaintiffs and their Counsel Adequately Represented the Class

Named Plaintiffs and Class Counsel have zealously prosecuted this case and adequately represented the Class. The Named Plaintiffs kept themselves apprised of each stage in the litigation. They submitted affidavits in favor of class certification. ECF Nos. 20-2, 20-3, 20-4, 20-5, 20-6, 20-7, 20-8. Theresa Sweet attended the January 30 settlement negotiations, and the rest of the Named Plaintiffs were involved in negotiations via phone and email. All of the Named Plaintiffs understand the terms of the Settlement and favor it.

Class Counsel have vigorously litigated this case and adequately represented the class. They utilized all litigation tools available under the Administrative Procedure Act to advance the interests of the class. They won class certification on a motion that included almost 900 affidavits from class members, and fully briefed an Administrative Record Motion, a Rule 56(d) Motion, and a Motion for Summary Judgment.

Additionally, Class Counsel developed a website responsive to the most common of hundreds of questions raised by Class Members. *See Information for Sweet v. DeVos Class Members*, Harvard Law Legal Services Center's Project on Predatory Student Lending, https://predatorystudentlending.org/sweet-v-devos-class-members/.

### B. Parties Negotiated at Arms-Length

Courts assess whether settlement negotiations were conducted at arms length to guard against the possibility that class counsel would "collude with defendants . . . in return for a higher attorney's fee" or use the settlement to "pursu[e] their own self-interests." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). Collusion typically arises where attorneys' fees will be paid out of the settlement funds that would be otherwise distributed to class members; unlike here, where Plaintiffs seek only injunctive relief. *See Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-CV-02911-JSC, 2019 WL 343472, at *3, n.2 (N.D. Cal. Jan. 28, 2019) (citing cases).

Moreover, the Parties' negotiation of this Settlement through mediation with Judge Ryu indicates the lack of collusion. *See* Advisory Committee's Comments to Fed. R. Civ. P. Rule

23(e)(1)(a), (b) (collusion unlikely where parties reached settlement with "the involvement of a neutral or court-affiliated mediator or facilitator"); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (holding settlement negotiations "over multiple mediation sessions with a respected and experienced mediator" was indicative of no collusion). Here, the Parties first contemplated settlement after the Court certified the class and ordered the parties to participate in formal negotiations before Judge Ryu. Order, ECF No. 47 (Nov. 1, 2019). The Parties participated in formal in-person negotiations on January 30, 2020. Minute Entry, ECF No. 84 (Jan. 31, 2020). Additionally, the Parties reached this Settlement while awaiting a summary judgment ruling, at which point they had an intimate understanding of the relative strengths and weaknesses of their case. All of these circumstances indicate that the Settlement was properly negotiated at arms-length. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 569; *Moreno*, No. 17-CV-02911-JSC, 2019 WL 343472, at *5.

### C. The Quality of the Relief to the Class Weighs in Favor of Approval

Courts must assess whether "the relief provided for the class is adequate," Fed. R. Civ. P. 23(e)(2)(C), by comparing plaintiffs' likelihood of succeeding and obtaining relief from the court against the relief provided by the proposed settlement. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88, n.14 (1981) ("Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement."). The relief in this Settlement is comparable to—or exceeds—what Plaintiffs and the Class could have reasonably expected to obtain in litigation.

Plaintiffs brought this case to ensure that the Department provides Class Members with timely decisions on their borrower defenses.  As noted above, Defendants argued that their delay was not unreasonable and the case is moot due to the resumption of the issuance of final borrower defense decisions. Had Plaintiffs prevailed, however, the Court could have ordered Defendants to resolve the backlog of claims in a set period of time, the length of which would be at the Court's discretion. By this Settlement, Class Members will receive a decision within 18 months of the Effective Date of the Agreement. Ex. A § IV.A. Although the negotiated period is longer than the 12-month period Plaintiffs proposed during Summary Judgment briefing, *see* ECF No. 67 at 30, it

does not veer far from the timeline sought by Plaintiffs in an adversarial setting. Moreover, ongoing litigation on the complicated matters presently before the Court, as well as the possibility of appeal, could further extend timely decisions on Class Members' applications. To avoid the uncertainty of a judicial outcome and the delay of appeal—in a case that is fundamentally about avoiding delay—expeditious relief is the superior outcome for the Class.

In addition to the agreement that the Department will timely resolve Class Members' claims, the breach provisions and reporting obligations provide Class Members with heightened protections to ensure that Defendants comply with the terms of the agreement, including some remedies for breach that they could not obtain in litigation. The Settlement provides Class Members with discharge of percentages of their loans in case of breach, regardless of whether the Department eventually grants or denies their borrower defense. Ex. A §§ V.B.1, 2, 4. This relief would not otherwise be available as a remedy for an agency's unlawful withholding or unreasonable delay under the Administrative Procedure Act.

Likewise, the reporting obligations provide significantly more information than Defendants currently provide to the public and shed light on Defendants' borrower defense activities. The Settlement requires the Department to specify how many applications it grants and denies for schools with large numbers of pending claims, to identify schools for which the Department has established borrower defense findings, and to disclose all of the relief formulas it applies to granted claims. Ex. A § IV.B.3. As a result, the relief attained by this Settlement is likely superior to the relief that Plaintiffs could have obtained as a remedy for their APA claim through continued litigation.

### D.  Continued Litigation Would Entail Additional Delay, Risk, and Cost

Courts also assess whether the relief in the settlement is adequate when measured against "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). Where Plaintiffs would face an uncertain outcome through continued litigation, courts favor settlement. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) (favoring "[s]ettlement, which offers an immediate and certain award" in light of the litigation barriers the plaintiffs anticipated). In this case—which

JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
Case No: 19-cv-03674-WHA
10

centered on allegations of delay—settlement will bring borrowers' state of limbo to an end and guarantees that a decision is in sight. That favorable resolution is not certain should the parties continue litigating. Plaintiffs believe they have advanced strong legal and factual arguments. Defendants likewise believe they asserted strong defenses and counterarguments. But the Parties' summary judgment briefing raises several novel issues of law . Plaintiffs likewise acknowledge the serious likelihood that Defendants would appeal if Plaintiffs prevail, potentially further delaying decisions for Class Members. And additional litigation would cause both parties to incur additional litigation costs. This Settlement provides an outcome comparable to, or potentially better than, Plaintiffs' reasonably likely litigation outcomes, and removes the uncertainty and delay of further litigation. As a result, this factor weighs in favor of the Settlement.

### E. The Parties Reserve Attorneys' Fees for the Court

Courts review "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Under this Settlement, Plaintiffs will petition the Court for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Ex. A §VI. The Parties have not negotiated attorney's fees as part of this Settlement, and have only agreed that the Plaintiffs are the prevailing party in this action for purposes of a fee petition. *Id*. This factor weighs in favor of settlement.

### F. This Settlement is the Only Agreement the Parties Have with Each Other

The Settlement Agreement that the parties negotiated is the only agreement the Parties have made in connection with the proposed settlement. It is attached as Exhibit 1. *See* Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3).

### G. The Settlement Treats All Class Members Equally

Finally, the Court must inquire whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). Under this Settlement, all Class Members are treated the same: they will all receive a decision on their borrower defense claim within 18 months of the Effective Date and they will all receive any resulting relief within 21 months of the Effective Date. Only those Class Members who the Department has *already* determined as eligible for borrower defense but has not notified get a shortened timeline—decisions within three months

and relief within six months of the Effective Date. Ex. A § IV.A.3. Because the Department has already made eligibility determinations for those individuals, it is appropriate for the Department to resolve those individuals' claims faster.

## V. THE COURT SHOULD APPROVE THE CLASS NOTICE AND NOTICE PLAN UNDER RULE 23(E)(1)

Courts order direct notice of a proposed settlement to class members if the Court approves the settlement as fair, adequate, and reasonable. Fed. R. Civ. Pro. 23(e)(1). If the Court grants preliminary approval for this Settlement, the Parties propose the following schedule to notify Class Members, provide Class Members with time to object, hold a fairness hearing, and hold a final approval hearing. Parties propose that Defendants will send the proposed class notice, attached as Exhibit A to the Settlement Agreement, to all Class Members via email, and via postal mail where the Defendants have no email for the Class Member. Defendants will also send a second notice via postal mail where the Department receives notice that any initial email notice was undeliverable.

| | |
|---|---|
| Defendants will provide notice by emailing all Class Members for whom Defendants have an email address, mailing hard copies of notices to Class Members for whom Defendants do not have an email address, and updating their websites. Plaintiffs will also update their website. | Within 15 days of preliminary approval order |
| Deadline for Class Members to Object to Settlement | 60 days after preliminary approval order |
| Deadline to Submit Replies in Favor of Final Approval | 75 days after preliminary approval order |
| Deadline to File Motion for Final Approval | 85 days after preliminary approval order |
| Deadline for Defendants to File Affidavit Attesting that Notice Was Provided As Ordered | 3 Days Prior to Fairness Hearing For Final Approval |
| Fairness Hearing for Final Approval | At the Court's discretion, but not before 100 days after preliminary approval order. |

If the Court orders final approval of the Settlement, Plaintiffs will submit a timely fee petition pursuant the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

## VI. CONCLUSION

For the reasons discussed, the Parties respectfully request that the Court grant preliminary approval of the Settlement and schedule a Fairness Hearing for Final Approval.

Dated: April 10, 2020                                    Respectfully submitted,

/s/ *R. Charlie Merritt*                                 /s/ *Kyra A. Taylor*

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT (VA Bar # 89400)
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
919 East Main Street, Suite 1900 Richmond, VA 23219
Telephone: (202) 616-8098
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715
E-Mail: ktaylor@law.harvard.edu

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

*Attorneys for Plaintiffs*