1
2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

3
4
5
6
7
8
9
10
11

THERESA SWEET, *et al.*,

               Plaintiffs,

      v.

ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

            Defendants.

No. 3:19-cv-03674-WHA

**SETTLEMENT AGREEMENT**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

WHEREAS, in this class action the Plaintiffs assert that the U.S. Department of Education ("Department") has unreasonably delayed and unlawfully withheld decisions on pending "borrower defense" claims, *i.e.*, claims for relief from certain federal student loan obligations based on institutional misconduct;

WHEREAS, Defendants, the Department and its Secretary, Betsy DeVos, in her official capacity, deny any wrongdoing and deny that Plaintiffs are entitled to the relief they have sought in this Action. Where appropriate hereafter, Plaintiffs and Defendants are referred to collectively as "the Parties";

WHEREAS, the Parties now mutually desire to avoid the delay, uncertainty, inconvenience and expense of protracted litigation, and have determined to settle this Action, including all claims that Plaintiffs, the certified Class (as defined below), and the members of that Class have brought in this case;

NOW, THEREFORE, in reliance upon the representations, mutual promises, covenants, releases, and obligations set forth in this Settlement Agreement, and for good and valuable consideration, the Parties hereby stipulate and agree to compromise, settle, and resolve this case on the following terms and conditions.

## II.   DEFINITIONS

Unless otherwise noted, the following definitions apply in this Settlement Agreement, and for purposes of this Settlement Agreement alone.

A.   **2016 Borrower Defense Regulations** refer to the regulations published in the Federal Register on November 1, 2016 at 84 Fed. Reg. 75,926, which are presently codified in the Code of Federal Regulations in various provisions of 34 C.F.R. parts 30, 668, 674, 682, 685, and 686.

B.   **2019 Methodology** refers to the methodology the Department announced for awarding relief to successful borrower defense claimants on December 10, 2019, in the Press Release entitled *Secretary DeVos Approves New Methodology for Providing Student Loan Relief to Borrower Defense Applicants*, available at

https://www.ed.gov/news/press-releases/secretary-devos-approves-new-methodology-providing-student-loan-relief-borrower-defense-applicants

C.   **Action** means the litigation styled *Sweet, et al. v. DeVos, et al.*, No. 3:19-cv-3674-WHA (N.D. Cal.).

D.   **Agreement** means this Settlement Agreement, including any attached exhibits.

E.   **Borrower defense application** means a request by a Direct Loan or Federal Family Education Loan Program borrower for relief from his or her repayment obligations with respect to those loans based on the asserted misconduct of the borrower's school. A borrower's application can include multiple claims of alleged wrongdoing on behalf of his or her school.

F.   **Borrower defense relief** refers to the relief provided to a borrower who asserts a successful borrower defense claim, which can include a full or partial discharge of the student loan debt the borrower incurred to attend the school that is the subject of the borrower defense application, and other appropriate relief.

G.   **Class** or **Class Members** are the members of the class that has been certified by this Court and refers to individuals who meet the criteria set forth in Section II below. When used in this Agreement, the terms Class and Class Members refer, individually and collectively, to the Plaintiffs, the Class, and each Member of the Class.

H.   **Class Counsel** or **Plaintiffs' Counsel** refers to Plaintiffs' attorneys of record in this Action.

I.   **Class Notice** means the document attached hereto as Exhibit A, which shall be distributed pursuant to subsection X.B, below.

J.   **Court** means the U.S. District Court for the Northern District of California.

K.   **Department** refers to the U.S. Department of Education.

L.   **Direct Loan** means and refers to a loan made pursuant to the William D. Ford Federal Direct Loan Program, 20 U.S.C. § 1087a *et seq.*

M.  **Effective Date** means the date upon which, if this Agreement has not been voided under Section XIII, the Final Judgment approving this Agreement, entered by the Court in the form attached hereto as Exhibit B, becomes non-appealable, or, in the event of an appeal by a Class Member based upon a timely filed objection to this Agreement, upon the date of final resolution of said appeal. When this Agreement refers to the date on which the Agreement became "Effective," such date is the Effective Date.

N.  **Execution Date** means the date upon which all Parties to this Agreement, and/or their counsel of record, have signed the Agreement.

O.  **Fairness Hearing** means a hearing held by the Court at which time the Court will determine whether this Agreement should be approved under Federal Rule of Civil Procedure 23(e).

P.  **FFEL** means and refers to a loan made pursuant to the Federal Family Education Loan Program, 20 U.S.C. §§ 1071-1087-4.

Q.  **FSA** is the Department's Federal Student Aid office.

R.  **Involuntary collection activity** means and refers to any attempt by the Department or its agents to collect a past due, delinquent debt from a borrower in default, including but not limited to certifying the borrower's debts for collection through the Treasury Offset Program and/or administrative wage garnishment.

S.  **Preliminary Approval Date** refers to the date on which the Court enters a Preliminary Approval Order, as set forth in subsection X.A.

T.  **Relevant Loan Debt** refers to federal student loan debt associated with the school that is the subject of the Class Member's borrower defense application. That debt includes the original principal of the affected federal student loan plus any and all interest that accrued on that loan before the Class Member filed their borrower defense application and any and all fees incurred by those loans.

U.  **School group** refers to the name of a multi-institution or multi-campus organization as defined in FSA's Postsecondary Education Participants System

("PEPS"), to the extent that data is included in the borrower defense review platform.

V.    **"Step 1" Determinations** refers to the Department's decision whether a Class Member's borrower defense application is eligible for relief, *i.e.*, granted or denied, without regard to the amount or type of relief that will be issued.

## III.    CLASS

A.    Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court has certified a plaintiff class consisting of all people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.). *See* ECF No. 46 (Oct. 30, 2019). In this Agreement, this plaintiff class is referred to as "the Class" and members of the Class are referred to as "Class Members."

B.    As of the Effective Date, all Class Members are bound by the terms of this Agreement.

## IV.    DEFENDANTS' CONSIDERATION

In consideration for the promises of Plaintiffs set forth in this Agreement, Defendants agree as follows:

A.    <u>Timeline for clearing backlog of Class applications pending as of the Execution Date.</u>

1.    Within 18 months of the Effective Date, Defendants will issue final decisions on any and all Class Members' borrower defense applications that are pending as of the Execution Date and provide each Class Member written notice of such final decision. For purposes of this subsection IV.A.1, the following definitions shall apply:

i.    A "final decision" is a decision by Defendants resolving a borrower defense application, including a determination of how much relief the claimant is entitled to, if any, except insofar as any court (not

limited to the U.S. District Court for the Northern District of California, as defined above) enjoins Defendants from applying the 2019 Methodology to Class Members or otherwise enjoins Defendants from issuing relief to Class Members. Should that occur, Defendants' written notification of a "Step 1" determination on a claimant's borrower defense application along with information about any court order enjoining the issuance of relief will also be considered a "final decision."

    ii.   Defendants provide the notice required by this subsection when they send an e-mail containing the final decision to the relevant Class Member's e-mail address or, where Defendants do not have such an e-mail address available, Defendants send a copy of the written decision to the Class Member's last known mailing address.

    iii.   The decision is final once this notice is provided, regardless of whether the borrower seeks reconsideration of Defendants' decision.

2.   Within 21 months of the Effective Date, Defendants will effectuate relief for any and all Class Members who had applications pending as of the Execution Date and who Defendants determine are eligible for borrower defense relief.

    i.   Defendants have "effectuated relief," for purposes of this subsection, when they and their loan servicers have taken all steps necessary to discharge the determined portion of the claimant's relevant student loan debt, including (1) reapplying all prior payments to the reduced loan amount and recalculating interest, (2) applying all applicable interest credits, including discharging the interest that accrued while the borrower defense application was pending, (3) determining if the claimant is entitled to any refund, (4)

to the extent any balance remains outstanding on the loan, placing the claimant back in a repayment status, and (5) correcting any adverse credit reporting.

3.    Within three (3) months of the Effective Date, Defendants will issue final decisions on the borrower defense applications of all Class Members whom Defendants have already determined are eligible for borrower defense relief as of the Execution Date and provide each such Class Member written notice of such final decision. Within six (6) months of the Effective Date, Defendants will effectuate relief for all Class Members whose applications Defendants have determined are eligible for borrower defense relief as of the Execution Date.

    i.    For the purposes of this subsection IV.A.3, "final decision" shall have the same meaning set forth in subsection IV.A.1.i above.

    ii.    For purposes of this subsection IV.A.3, "effectuate relief" shall have the same meaning set forth in subsection IV.A.2, above.

**B.**    <u>Reporting Requirement</u>.

1.    Within seven (7) days of the Effective Date, Defendants will provide Plaintiffs with, as of the Execution Date, the total number of Class Members, the total number of Class Members who have been subject to involuntary collections while their borrower defense application has been pending, and the total number of Class Members the Department has determined are eligible—*i.e.*, their application has been approved—for borrower defense relief.

2.    Defendants will submit quarterly reports to Plaintiffs documenting their progress towards fulfilling their obligations under subsection IV.A of this Agreement. Defendants will submit reports to Plaintiffs' Counsel via electronic mail and will post them publicly on their Federal Student Aid website.

   i.  The first report shall be submitted 90 days after the Effective Date, unless that day falls on a weekend or Federal holiday, in which case the report shall be submitted on the next business day. The reports shall be submitted every 90 days thereafter, subject to the same exceptions where the 90th day falls on a weekend or Federal holiday

  3.  The reports described herein shall contain the information listed below. The first report will reflect progress Defendants have made since the Effective Date and later reports will reflect the progress Defendants made from the last date reported in the prior report to the end of each reporting period. The first reporting period will start on the Effective Date. Each subsequent reporting period will start on the last date for which progress was reported in any previous report. Each reporting period shall exclude a period not exceeding 30 days immediately preceding the submission of a report, during which Defendants pull, confirm, and validate the data provided in each report.

   i.  Aggregate borrower defense decision information

     a. The total number of Class Members with pending borrower defense applications;

     b. The total number of pending borrower defense applications;

     c. The total number of final decisions that Defendants issued to Class Members, including the number of final decisions issued to Class Members during the reporting period;

     d. The total number of Class Members whose borrower defense applications were granted;

     e. The total number of Class Members for whom Defendants effectuated relief, including the number of Class Members for whom Defendants effectuated relief during the reporting period.

      f.   The total number of Class Members who have been subject to involuntary collection activities by Defendants while their borrower defense application was pending (if any).

   ii.   For each school group, as defined above, on the basis of whose alleged wrongdoing Defendants have received more than 100 borrower defense applications:

      a.   The number of applications that the Department determined were either eligible or ineligible for borrower defense relief during the reporting period;

      b.   The number of final borrower defense decisions issued and communicated to Class Members during the reporting period, including information about how many claims had been approved for borrower defense relief and how many claims had been denied; and

      c.   The total number of Class Members for whom the Department effectuated relief during the reporting period.

   iii.   The names of schools or school groups for which the Department has established a category of eligible borrower defense claims. If the Borrower Defense platform does not contain information for school groups, the Department will provide the names of schools, school groups, or school campuses for which the Department has established a category of eligible borrower defense claims.

   iv.   Any and all relief formulas and tables that the Department has used to effectuate relief for Class Members during the reporting period.

4.   All of the data required in this section is subject to privacy restrictions and will be anonymized where the total number of Class Members for any data point is less than 10.

C.    <u>Other Assurances</u>. In accordance with applicable statutory and regulatory requirements, and additional governing policies and procedures specific to Defendants' consideration of borrower defense claims, Defendants represent and confirm that the following policies will apply to all Class Members throughout the time covered by the Agreement:

1.    Defendants issue written decisions resolving borrower defense applications and communicate those decisions to borrower defense applicants, as required by the Department's 2016 Borrower Defense Regulations.

2.    Defendants do not take action to collect outstanding student loan debts through involuntary collection activity against individuals with pending borrower defense applications, as required by the Department's 2016 Borrower Defense Regulations. However, this Agreement does not preclude a Class Member from proactively and voluntarily paying their student loans.

3.    Defendants provide an interest credit for any interest that accrues on the relevant federal student loan accounts of borrowers between the time that the borrower submits his or her borrower defense application and the time the Department issues a final decision on the application and notifies the borrower of that decision.

## V.   ENFORCEMENT

A.    Notwithstanding all other provisions outside Section V of this Agreement, the Court shall only retain jurisdiction to review claims set forth in this Section V, and only in the manner explicitly provided in Section V. In connection with each such claim, the Court shall retain jurisdiction only to order the relief explicitly specified for each particular claim and only where Defendants have not provided that relief pursuant to the procedures specified in this Section. The Court shall lack jurisdiction to imply any claims, or authority to issue any other relief, under this Agreement.

B.    The only claims permissible to enforce this Agreement are as follows:

1.   **Failure to Issue a Final Decision by Decision Due Date.** Plaintiffs may bring a claim alleging that Defendants have materially breached subsection IV.A of the Agreement if Defendants have failed to issue within 18 months of the Effective Date a final decision, as defined by subsection IV.A.1.i., on any Class Member's borrower defense application that was pending as of the Execution Date. The date by which Defendants are required to issue these final decisions under this Agreement shall be referred to in this subsection V.B.1 as the "Decision Due Date."

   i.   Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to discharge 30% of every affected Class Member's Relevant Loan Debt for every 30 days beyond the Decision Due Date that the Class Member's decision is delayed plus the amount prorated for the days that do not amount to 30 days.

      a.   Discharges to Class Members under this provision will be calculated starting on the first calendar day following the Decision Due Date that no final decision has been issued.

      b.   The order shall specify that, for every 30 calendar day interval following the Decision Due Date that Defendants do not issue a final decision, Defendants must discharge an additional 30% of the affected Class Member's Relevant Loan Debt, or the prorated amount, as defined above, in addition to the amount of loan discharge the Department otherwise determines that the Class Member is entitled to.

      c.   The order shall further specify that when issuing a final discharge under this subsection either (1) as part of effectuating a loan discharge on an approved application or (2) when a loan is placed in repayment based on a

determination of ineligibility, the Defendants will use the following protocol: Defendants will discharge (A) the portion of the Class Member's Relevant Loan Debt as determined by the Department and required above, to include percentages accrued monthly due to breach, if applicable, and (B) any interest that accrued while the Class Member's borrower defense application was pending. The Defendants will reapply any and all payments previously made toward the Relevant Loan Debt. If no balance remains on the reduced loans, the Defendants will apply previously-made payments to the balance of other Direct Loans on the Class Member's account. If there are no other Direct Loans, then the Defendants will return the remaining amount to the Class Member. If the Class Member's Relevant Loan Debt was previously in default, the debt shall be removed from default status and credit reporting shall be corrected accordingly. This process shall be referred to as a "Breach-based Discharge."

d. The Court may order Defendants to report to Plaintiffs' counsel and the Court on its progress of issuing Breach-based Discharges, as provided herein, to individual Class Members whose final decisions were not rendered by the Decision Due Date.

2. **Failure to Issue Relief by Relief Due Date.** Plaintiffs may bring a claim alleging that Defendants have materially breached subsection IV.A of the Agreement by failing to effectuate relief within 21 months of the Effective Date for any Class Member with an application pending as of the Execution Date and who Defendants determined is eligible for borrower defense relief.

Plaintiffs may also bring a claim alleging that Defendants have materially breached subsection IV.A.3 of the Agreement by failing to effectuate relief within 6 months of the Effective Date for any Class Member who Defendants determined is eligible for borrower defense relief as of the Execution Date. The date by which Defendants are required to effectuate relief under this Agreement shall be referred to in this subsection V.B.2 as the "Relief Due Date."

    i.    Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to discharge 30% of the affected Class Member's Relevant Loan Debt for every 30 days beyond the Relief Due Date the Class Member's relief is delayed.

        a.    The order shall specify that at the conclusion of every 30 calendar day interval following the Relief Due Date that the Class Member's relief is delayed, Defendants must discharge an additional 30% of the affected Class Member's Relevant Loan Debt, as defined above, in addition to the amount of loan discharge the Department otherwise determines that the Class Member is entitled to.

        b.    When issuing a discharge under this subsection, Defendants will follow the protocol described in subsection V.B.1.i.c.

    ii.    The Court may order Defendants to report to Plaintiffs' counsel and the Court on its progress of issuing discharges, as provided herein, to individual Class Members whose final decisions were not rendered by the Relief Due Date.

3.    **<u>Failure to Submit Timely Quarterly Reports.</u>** Plaintiffs may bring a claim alleging that Defendants have materially breached subsection IV.B of the Agreement by failing to submit a timely and complete quarterly report

to Plaintiffs' Counsel via electronic mail according to the timelines specified in subsection IV.B. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to submit their reports on a monthly basis from the point of the order forward.

4. **Involuntary Collections of Class Members' Student Loan Debt.**
Plaintiffs may bring a claim alleging that Defendants have materially breached subsection IV.C of the Agreement by taking action, after the Effective Date, to collect a debt through involuntary collection activity against a Class Member, whose borrower defense application was pending as of the Execution Date, while his or her application was pending. Should Plaintiffs prevail on their claim, the only relief available from the Court shall be an order requiring the Department to refund the payments and to discharge 80% of the Relevant Loan Debt of the affected Class Member. Defendants shall be liable for a material breach under this subsection if involuntary collection activity occurs because they, their agents, or their contractors took action to collect a debt through an involuntary collection activity. Defendants shall not be liable based on events outside of Defendants' control, including but not limited to a situation where a third party, such as an employer, undertakes debt collection activities, such as wage garnishment, inconsistent with Defendants' instructions that collection activity cease. The Department will refund all amounts wrongfully collected through wage garnishment where a third party undertakes debt collection activities inconsistent with Defendants' instructions that collection activity cease.

i. When issuing a discharge under this subsection, Defendants will follow the protocol described in subsection V.B.1.i.c.

C.    All claims listed above are subject to the complete defense of impracticability or impossibility of performance, as set forth below in subsection V.D.5, subsection V.D.6, and Section XII.

D.    The exclusive procedure for bringing a claim to enforce the terms and conditions of this Agreement shall be as follows:

1.    Prior to asserting any claim pursuant to subsection V.B, above, Plaintiffs' counsel shall submit written notice alleging a material breach of this Agreement to counsel for Defendants. Such notice shall be submitted by electronic mail, and shall specify what alleged breach has occurred; describe the facts and circumstances supporting the claim; and state that Plaintiffs intend to seek an order from the Court, as set forth in subsection V.B. Plaintiffs shall not inform the Court of their allegation(s) at that time.

2.    Within two (2) business days of receipt of the notice from Plaintiffs' counsel, Defendants will acknowledge receipt of Plaintiffs' notice.

3.    Defendants shall have a period of fourteen (14) calendar days after receipt of such notice by Plaintiffs' counsel as described in subsection V.D.1, above, to inform Plaintiffs' counsel in writing of its determination on whether a material breach has occurred, including relevant information that informed Defendants' determination.

   i.    If Defendants agree that a material breach has occurred, Defendants will disclose any action they propose to take to resolve the alleged material breach in the written notice to Plaintiffs as described by subsection V.D.3. The Parties will meet and confer to determine whether those actions are sufficient within five (5) business days of Defendants' notice as described in subsection V.D.3.

      a.    Upon Defendants' request, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice.

       b.  Defendants will have twenty-one (21) calendar days following the parties' meet and confer to take the action specified in subsection V.D.3, above, and/or any further action agreed upon in writing by the parties.

       c.  If the Parties agree about the existence of a material breach, but cannot reach consensus on the appropriate action to resolve that breach within 21 calendar days after Plaintiffs' counsel provides the notice described in subsection V.D.1, above, either Party may file a motion for enforcement of the Agreement.

    ii.  If Defendants do not agree that a material breach has occurred, the Parties will meet and confer to determine if a consensus can be reached. If a consensus cannot be reached within 21 calendar days after Plaintiffs' counsel provides the notice described in subsection V.D.1, above, either party may file a motion for enforcement of the agreement.

4.    Absent the prior, written agreement of the Parties, any application to the Court for an order compelling the relief specified in this Section V, must be brought within two (2) years after Defendants notify the Court that they have decided all Class Members' borrower defense applications, notified all Class Members of their final decisions, and effectuated all appropriate relief to Class Members. Otherwise, any claim of material breach not brought within two years shall be forever waived by Plaintiffs.

5.    If Defendants are reasonably prevented from or delayed in fully performing any of the obligations set forth in Section IV, above, due to extraordinary circumstances beyond Defendants' control, including without limitation a court order enjoining the Department from applying the 2019 Methodology or any other relief calculation to the Class, Defendants will notify Plaintiffs'

Counsel within 14 calendar days of Defendants' determination that they will not be able to fully perform their obligations. Within that notification, Defendants will describe the facts providing their basis for believing extraordinary circumstances beyond Defendants' control prevent Defendants from fully performing their obligations. Within 14 calendar days of that notice, the Parties will meet and confer as to whether the circumstances are beyond the Defendants' control and to what extent they affect Defendants' ability to issue final decisions or effectuate relief. If the Parties agree an extension is warranted, the Parties will negotiate the length of an appropriate extension, and the deadlines set forth for Defendants' performance in Section IV may be altered accordingly. If the Parties cannot agree as to whether extraordinary circumstances exist or what the appropriate length of an extension is, Plaintiffs may raise a claim of material breach of Section IV with the Court prior to the expiration of the timelines provided in that Section. Defendants shall be permitted to oppose the filing of such a claim upon the grounds of extraordinary circumstances, and the Court will at that point have jurisdiction to determine whether Defendants are entitled to any extension of the deadlines set forth in Section IV on the basis of extraordinary circumstances.

  i.  The extension set forth in this V.D.5 shall be for a minimum of 7 days beyond the deadlines for performance set forth in Section IV without requiring any action by any Party other than Defendants, and may be longer than that period pursuant to written agreement among the Parties.

 6. If any court enters an order enjoining the Department from applying the 2019 Methodology or any other relief calculation to the Class, Defendants shall be temporarily excused from their obligations under subsection IV.A.2, above, for the duration of that order or until Defendants have

adopted a new relief methodology, whichever occurs first. Defendants will be required to continue making "Step 1" determinations, as defined above and described in subsection IV.A.1.i during this time and provide written notice of those determinations for all Class Members prior to the deadline described in subsection IV.A.1.

     i.     If such order is reversed on appeal, or if Defendants adopt a new relief methodology or otherwise develop a method for issuing final decisions to Class Members notwithstanding the court order, Defendants' obligations under subsection IV.A.2, above, shall be reinstated. Once Defendants' obligations are reinstated, the parties shall meet and confer on a reasonable time period for Defendants to perform those obligations, provided that the deadline to complete the obligation in subsection IV.A.2 will be, at minimum, 60 days beyond the date that Defendants' obligations are reinstated unless the parties agree to a shorter deadline in writing.

    7.    The Parties hereby waive and disclaim any right to seek enforcement of this Agreement through contempt sanctions.

E.    The Court relinquishes jurisdiction over all claims, causes of actions, motions, suits, allegations, and other requests for relief in this Action that are not expressly stated in this Section V.

F.    The Court shall have no jurisdiction to supervise, monitor, or issue orders in this Action, except to the extent that Plaintiffs invoke the Court's jurisdiction pursuant to the procedures set forth in this Section V.

## VI.  ATTORNEYS' FEES

To resolve Plaintiffs' claim for attorneys' fees, costs, and expenses, Plaintiffs will submit a petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to the Court.

A.    Defendants agree that Plaintiffs are the prevailing party in this action for purposes of a fee petition under the Equal Access to Justice Act.

**VII.   WAIVER AND RELEASE**

Plaintiffs, the Class Members, and their heirs, administrators, representatives, attorneys, successors, and assigns, and each of them hereby forever waive, release, and forever discharge Defendants, and all of their officers, employees, and agents, from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, motions, and requests for any injunctive, declaratory, and/or monetary relief, including but not limited to damages, tax payments, debt relief, costs, attorney's fees, expenses, and/or interest, whether presently known or unknown, contingent or liquidated, alleged in this Action against Defendants through and including the Effective Date, including but not limited to the right to appeal any and all claims Plaintiffs asserted in this Action.  This Agreement is not intended to release any claim based on an act or omission or other conduct occurring after the Effective Date, including but not limited to claims by Class Members based on the substance of their borrower defense decisions. The parties do not intend to waive or narrow any res judicata defense Defendants could assert against a future claim brought by any Plaintiff.

**VIII.   NO ADMISSION OF LIABILITY**

A.   Nothing in this Settlement Agreement shall constitute or be construed to constitute an admission of any wrongdoing or liability by Defendants, an admission by Defendants of the truth of any allegation or the validity of any claim asserted in this Action, a concession or admission by Defendants of any fault or omission of any act or failure to act, or an admission by Defendants that the consideration provided to Plaintiffs under Section IV, above, represents relief that could be recovered by Plaintiffs in this Action.

B.   Plaintiffs may not offer, proffer, or refer to any of the terms of this Agreement as evidence in any civil, criminal, or administrative proceedings other than proceedings that may be necessary to enforce the Agreement as set forth in Section V, above, or to obtain approval from the Court as set forth in Section X, below.

**IX.   PLAINTIFFS' COVENANTS NOT TO SUE**

A.  Plaintiffs hereby covenant not to commence any action, claim, suit, or administrative proceeding against Defendants related to the non-performance, failed performance, or otherwise unsatisfactory performance in fulfilling their duties and responsibilities under this Agreement; provided, however, that Plaintiffs may initiate an action against Defendants pursuant to the continuing jurisdiction of the Court to compel Defendants' performance of their obligations under this Agreement, but only as expressly articulated in this Agreement in Section V, above.

B.  Plaintiffs hereby covenant not to commence against Defendants any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Agreement.

X.  PROCEDURES GOVERNING APPROVAL OF THIS AGREEMENT

A.  Within 14 calendar days of the Execution Date, the Parties shall jointly submit this Agreement and its exhibits to the Court, and shall apply for entry of an Order in which the Court:

1.  Grants preliminary approval to this Agreement as being fair, reasonable, and adequate to Plaintiffs;

2.  Approves the form of the Class Notice attached hereto as Exhibit A;

3.  Directs the Parties to provide Class Notice as set forth in subsection (B) of this Section X below, and grants approval of such plan as reasonable under Federal Rule of Civil Procedure 23(e)(1);

4.  Schedules a Fairness Hearing to determine whether this Agreement should be approved as fair, reasonable, and adequate, and whether an order approving the settlement should be entered pursuant to Federal Rule of Civil Procedure 23(e);

5.  Provides that any person who wishes to object to the terms of this Agreement, or to the entry of an Order approving this Agreement, must file a written Notice of Objection with the Court specifying the objections and

the basis for such objections as provided in the Class Notice, with copies served on all Parties' counsel;

6.    Provides that between the Execution Date and the Fairness Hearing, the Defendants shall direct all inquiries from Class Members regarding the Agreement to Plaintiffs' Counsel;

7.    Provides that in order to have an objection considered and heard at the Fairness Hearing, such written Notice of Objection must be filed with the Court and served on counsel by the date specified in the Class Notice;

8.    Provides that the Parties shall each be entitled to respond, in writing, to any Objections up to 14 days prior to the Fairness Hearing; and

9.    Provides that the Fairness Hearing may, from time to time and without further notice to the Class, be continued or adjourned by order of the Court.

B.    After the Court enters an Order containing all of the items set forth in subsection X.A, above, the Parties shall promptly distribute the Class Notice as follows:

1.    Defendants shall email all Class Members who provided their e-mail addresses to the Department on their borrower defense applications, or, where Defendants do not have such an e-mail address available, Defendants send a copy of the notice to the Class Member's last known mailing address by first class mail.

2.    Defendants will also add to the Department's StudentAid.gov website the same information included in the Class Notice.

3.    Class Counsel will update the Class Member website's "Frequently Asked Questions" page regarding the lawsuit. A link to the Class Members' website will be included in the Class Notice and will be included on the Department's website.

4.    Plaintiffs will also circulate the Class Notice to legal aid and advocacy organizations across the country providing borrower defense assistance.

C.  No later than three (3) business days before the Fairness Hearing, the Parties shall each file with the Court a declaration confirming compliance with the Notice procedures approved by the Court.

D.  At the Fairness Hearing, the Parties shall jointly request the Court's final approval of this Agreement, pursuant to Federal Rule of Civil Procedure 23(e). The Parties agree to take all actions necessary to obtain approval of this Agreement.

E.  If, after the Fairness Hearing, the Court approves this Agreement as fair, adequate, and reasonable, the Parties consent to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B.

**XI.   DISMISSAL AND JURISDICTION OF THE COURT TO ENFORCE THIS AGREEMENT**

The Parties hereby stipulate and agree to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B. As provided in that exhibit, Plaintiffs' claims in this Action are dismissed with prejudice, except that the Court shall retain limited jurisdiction for the sole purpose of enforcing the terms of this Agreement as expressly set forth in Section V of this Agreement. Once Defendants have decided all Class Members' borrower defense applications, notified all Class Members of their final decisions, and effectuated all appropriate relief to Class Members, the Parties will file a notice with the Court. Upon the date of that notice, the Court's jurisdiction over this Action shall completely terminate.

The parties agree that any order of the Court granting approval of this Agreement does not render the terms and conditions of this Agreement subject to the contempt powers of the Court.

**XII.   IMPOSSIBILITY OF PERFORMANCE**

In addition to the excuses to performance listed in  subsection V.D, above, if Congress renders Defendants' performance under this Agreement impossible, in whole or in part, then Defendants shall forever be relieved of all obligations that would, as a result of such Congressional action, be impossible to perform. Defendants shall not be required to take any action, or attempt to take any action, which would circumvent or violate, or have the effect of circumventing or violating, the intent of Congress.

**XIII.   CONDITIONS THAT RENDER THIS AGREEMENT VOID OR VOIDABLE**

A.    This Agreement shall be void if it is not approved as written by a final Court order not subject to any further review.

B.    This Agreement shall be voidable by Plaintiffs and/or Defendants if the Court does not enter a Final Judgment, or other Final Approval Order, that is substantively identical to the one attached hereto as Exhibit B. Any Party's decision to void the Agreement under this provision is effective only if that Party provides notice of its decision, in writing, to the Counsel of Record for all other Parties within 30 calendar days of the date on which the Court entered Final Judgment.

**XIV.    EFFECT OF AGREEMENT IF VOIDED**

A.    Should this Agreement become void as set forth in Section XIII above, none of the Parties will object to reinstatement of this Action in the same posture and form as it was pending immediately before the Execution Date.

B.    All negotiations in connection herewith, and all statements made by the Parties at or submitted to the court as part of the Fairness Hearing process, shall be without prejudice to the Parties to this Agreement and shall not be deemed or construed to be an admission by a party of any fact, matter, or proposition, nor admissible for any purpose in the Action other than with respect to the settlement of same.

C.    The Parties shall retain all defenses, arguments, and motions as to all claims that have been or might later be asserted in this Action, and nothing in this Agreement shall be raised or construed by any Party to defeat or limit any claims, defenses, arguments, or motions asserted by either Party.

**XV.    MODIFICATION OF THIS AGREEMENT**

A.    Before the Preliminary Approval Date, this Agreement, including the attached exhibits, may be modified only upon the written agreement of the Parties.

B.    After the Preliminary Approval Date—including the time after which Final Judgment has been entered—this Agreement, including the attached exhibits, may be modified only with the written agreement of all the Parties and with the approval of the Court, upon such notice to the Class, if any, as the Court may require.

## XVI.   RULES OF CONSTRUCTION

   A.   The Parties acknowledge that this Agreement constitutes a negotiated compromise. The Parties agree that any rule of construction under which any terms or latent ambiguities are construed against the drafter of a legal document shall not apply to this Agreement.

   B.   This Agreement shall be construed in a manner to ensure its consistency with federal law. Nothing contained in this Agreement shall impose upon Defendants any duty, obligation, or requirement, the performance of which would be inconsistent with federal statutes, rules, or regulations in effect at the time of such performance.

   C.   The headings in this Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

## XVII.  INTEGRATION

   This Agreement and its exhibits constitute the entire agreement of the Parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein, will have any force or effect.

## XVIII. EXECUTION

   This Agreement may be executed in counterparts. Facsimiles, Adobe PDF, and electronic versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

For Plaintiffs:

*Toby R. Merrill*
_____
Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
Kyra A. Taylor (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448


Dated: April 7, 2020

For Defendants:


JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director


*R. Charlie Merritt*
_____
R. CHARLIE MERRITT (VA Bar # 89400)
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel.: (202) 616-8098
Fax: (202) 616-8470
robert.c.merritt@usdoj.gov


Dated: April 6, 2020

# EXHIBIT A

**DRAFT**

**Internal Name:** BD Sweet v. DeVos – General Notification
**Internal Number:** 01
**Subject if sent electronically:** Notice of Proposed Class Action Settlement - important borrower defense information for you

DATE

Borrower Defense Application #: [Case Number]

Dear [Primary Contact Name]:

**Your rights may be affected, please read carefully.**

You filed an application asking the U.S. Department of Education to cancel some or all of your federal student loan debt because the school you (or your child) attended did something wrong. This is known as a borrower defense application.

As a borrower defense applicant, you may have been previously informed that you may be part of a class action lawsuit in a case called *Sweet v. DeVos*, which challenges the Department of Education's delay in issuing final decisions on borrower defense applications, including yours.

We now write to inform you that there is a proposed settlement of the lawsuit.  The settlement will not become final until it is approved by the court as fair, adequate, and reasonable.  This Notice describes how your legal rights may be affected by this settlement.

**What is the case about?**

A lawsuit was filed in a federal court in California by seven borrower defense applicants who represent, with certain exceptions, all borrowers with pending borrower defense applications as of April 7, 2020. The lawsuit challenges the fact that the Department of Education did not issue a final decision on any borrower defense applications from any school between June 2018 and December 2019. The case is *Sweet v. DeVos*, No. 19-cv-3674 (N.D. Cal.).

The lawsuit is ONLY about the fact that final decisions were not issued during that period of time, NOT whether those applications should result in loan cancellation or not. Now, both parties are proposing to settle this lawsuit.  This proposed settlement is a compromise of disputed claims, and Defendants continue to deny that they have acted unlawfully.

**What are the terms of the proposed settlement?**

In the proposed settlement, the Department of Education agrees to resolve pending borrower defense applications of people who have borrower defense applications pending as of April 7, 2020 on the following terms:

- The Department of Education will approve or deny all *Sweet* Class members' pending borrower defense applications **within 18 months** of when the settlement agreement is approved by the

Court. The Department will notify you of whether your claim was approved, whether you will receive any loan cancellation, and if so, how much loan cancellation you will receive.

- <u>If your application is approved and you are entitled to any loan discharge,</u> the Department of Education will complete the process of cancelling some or all of your outstanding loan debt **within 21 months** of the date on which the settlement agreement is approved by the Court.

- The Department of Education will provide your lawyers with information about its progress making borrower defense decisions every three months, including how many decisions the Department has made, how many borrowers have received a loan discharge, and any new borrower defense findings the Department has made.

- The Department of Education confirms, consistent with governing law and existing policies, that if you are in default, it will not take action to collect your debt, such as by garnishing your wages (that is, taking part of your paycheck) or taking portions of your tax refund, while your application is pending.

**What happens next?**

The Court will need to approve the proposed settlement before it becomes final.  The Court will hold a public hearing, called a fairness hearing, to decide if the proposed settlement is fair.  The hearing will be held on _____, 2020, beginning at _____, at the following address:

> United States District Court
> Northern District of California
> 450 Golden Gate Avenue, Courtroom 12, 19th Floor
> San Francisco, California 94102

**What should I do in response to this Notice?**

IF YOU AGREE with the proposed settlement, <u>you do not have to do anything</u>.  You have the right to attend the fairness hearing, at the time and place above, but **you are not required to do so.**

IF YOU DISAGREE WITH OR HAVE COMMENTS on the proposed settlement, you can write to the Court or ask to speak at the hearing.  You must do this by writing to the Clerk of the Court, at the following mailing address:

> Clerk of the Court
> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, California 94102

Your written comments or request to speak at the fairness hearing must be postmarked by ____, 2020. The Clerk will provide copies of the written comments to the lawyers who brought the lawsuit.

**Where can I get more information?**

There is more information about the *Sweet v. DeVos* lawsuit on Class Counsel's website at
https://predatorystudentlending.org/sweet-v-devos-class-members/ and on the Department of Education's
website at [INSERT STUDENAID.GOV URL]. Check this site periodically for updated information
about the lawsuit.

A copy of the proposed settlement is available online at https://predatorystudentlending.org/cases/sweet-
v-devos/.

If you have questions about your borrower defense application or the status of your federal student loans,
contact our borrower defense hotline at 1-855-279-6207. The hotline is available from 8:00 a.m. to 8:00
p.m. Eastern Time on Monday through Friday.

If you have questions about this lawsuit or about the proposed settlement, please visit this Frequently
Asked Questions page, https://predatorystudentlending.org/sweet-v-devos-class-members/, which also has
contact information for the lawyers who brought the lawsuit.


Sincerely,

U.S. Department of Education

Federal Student Aid

# EXHIBIT B

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (202) 616-8098
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tomerrill@law.harvard.edu
KYRA A. TAYLOR (*Pro Hac Vice*)
ktaylor@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>        Defendants. | No. 3:19-cv-03674-WHA<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT AND ENTERING FINAL JUDGMENT**<br><br>Hon. William Alsup |

Following this Court's Order preliminarily approving the proposed Settlement Agreement ("Agreement"), the parties disseminated a Notice of Proposed Settlement and Fairness Hearing to the Plaintiff Class.  After consideration of the written submissions of the parties, the Agreement between the parties, any objections to the Agreement, all filings in support of the Agreement, and the presentations at the hearing held by the Court to consider the fairness of the Agreement, the Court hereby Orders, Finds, Adjudges, and Decrees that:

1.      The Agreement between Plaintiffs and Defendants ("the Parties") is finally approved as fair, reasonable, and adequate.  The Court hereby incorporates the terms of the Agreement, executed by the parties on April 7, 2020, into this Judgment Order.

2.      Except as provided in paragraph 3 of this Order, this action is hereby dismissed with prejudice.

3.      The Court shall retain jurisdiction over this action solely to enforce the terms of the Agreement, but only such jurisdiction as expressly set forth in Section V of the Agreement.

4.      Once Defendants have decided all Class Members' borrower defense claims, notified all Class Members of their final decisions, and effectuated all appropriate relief to Class Members, the Parties will file a notice with the Court.  Upon the date of that notice, the Court's jurisdiction over this action shall completely terminate.

**IT IS SO ORDERED.**

Dated:

_____
The Honorable William Alsup
United States District Judge