UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | No. C 19-03674 WHA<br><br>**ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL** |

**INTRODUCTION**

In this class action under the Higher Education and Administrative Procedure Acts, plaintiffs seek to compel unlawfully delayed agency action. While cross motions for summary judgment remain fully briefed but undecided, the parties seek preliminary approval of a class settlement. Because the proposal offers adequate relief, preliminary approval is **GRANTED**.

**STATEMENT**

Prior orders summarize the facts of this case (Dkt. No. 46). The Department of Education offers federal financial aid to increase access to postsecondary education. To protect students from school misbehavior, the "borrower defense rules" let the Secretary cancel certain student

federal loan debt. 20 U.S.C. § 1070 *et seq.* Following a wave of these borrower defense claims in 2015, the Department appointed a special master to adjudicate claims and updated the decision process. 81 FED. REG. 39,335; *see* 34 C.F.R. §§ 685.206, 685.222 (2018). Despite the Department's effort, by June 2018, more than one hundred thousand claims pended. Then the decisions stopped. By June 2019, more than two hundred thousand claims languished. For *eighteen months*, until December 2019, as this action gained steam, the Secretary issued no decisions (AR 397–404).

Plaintiffs Theresa Sweet, Chenelle Archibald, Daniel Deegan, Samuel Hood, Tresa Apodaca, Alicia Davis, and Jessica Jacobson filed borrower defense claims. They contend the Department unlawfully stonewalled them and sued in June 2019 to compel the Secretary to begin deciding applications again. An October 2019 order certified a nationwide class of borrower defense claimants who still awaited decision and were not already members of *Calvillo Manriquez v. DeVos*, No. C 17-07210 SK, 2018 WL 5316175 (N.D. Cal. Oct. 15, 2018) (Magistrate Judge Sallie Kim).

Following cross motions for summary judgment, the parties resumed settlement discussions before Magistrate Judge Donna M. Ryu. Following several sessions, the parties now present their proposed settlement for preliminary approval. This order follows a hearing, telephonic due to the public health concern cause by COVID-19.

**ANALYSIS**

A settlement purporting to bind absent class members must be fair, reasonable, and adequate. FRCP 23(e). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker). Here, the proposed settlement rates as adequate.

*First*, it sets a timeline to resolve pending claims. The Department will decide claims and notify borrowers within eighteen months of final approval and implement relief within twenty

one, for claims filed by April 7, 2020. In the meantime, while a class member's claim pends, the Department (and its agents and contractors) will not collect the debt and will provide a credit for any interest accrued. Then, for those claims already decided, yet notice unsent by April 7, the Department will notify borrowers within three months and affect relief within six.

*Second*, the proposal provides for effective enforcement. Directly, it sets hefty penalties for the Department's failure. Every month of delayed decision, notification, or relief will discharge 30% of the relevant debt, prorated by day. Improper debt collection would result in an 80% discharge. Indirectly, the proposal sets meaningful reporting requirements. Within a week of final approval, the Department will report the class size and the number already found eligible for relief. Every 90 days until the Department finishes, it will report: (1) how many borrower defense decisions it has made; (2) how many borrowers got relief; (3) the names of schools subject to borrower defense findings; and (4) the status of decisions on applications regarding schools being the subject of 100 or more applications. And to give this teeth, a late 90-day report means the Department will have to report monthly from then on.

*Third*, the proposal reflects serious, non-collusive negotiation. The proposed scope of waiver is adequately narrow. Plaintiffs agree to waive all money damages claims or other potential claims arising from the Department's delay, claims whose viability remains dubious anyway. But the settlement does not compromise the *substance* of class members' borrower defense claims and they retain the right to sue over the Department's final disposition. The proposal also doesn't include a fee award, which is left to the Court's discretion.

Finally, notice to the class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Class notice will be distributed via 1st class mail to all borrowers and via email to those borrowers whose email addresses the Department has. Notice will also be posted to StudentAid.gov, class counsel's website, and to various legal aid groups across the country. This rates as adequate.

**CONCLUSION**

The proposed settlement adequate at this stage, preliminary approval is **GRANTED** subject to final approval. The parties shall distribute class notice as described above. But, given this order directs the Department to distribute notice via 1st class mail *and* email, instead of primarily via email and alternatively by 1st class mail for those borrowers whose email addresses the Department lacks, more time to distribute notice may be needed. The parties shall please jointly inform the Court by **MAY 28 AT NOON** of a deadline the Department can reasonably adhere to. An order setting the final approval fairness hearing and related deadlines will then follow.

**IT IS SO ORDERED.**

Dated: May 22, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4