JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT
KATHRYN C. DAVIS
KEVIN P. HANCOCK
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (202) 616-8098
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 3:19-cv-03674-WHA <br><br> **JOINT NOTICE IN RESPONSE TO MAY 22, 2020 ORDER** |

On May 22, 2020, the Court entered an order granting preliminary approval of the parties' settlement agreement. ECF No. 103 ("May 22 Order"). Because the Court ordered class notice to be distributed to all class members via 1st class mail—rather than primarily via email and alternatively by 1st class mail for only those class members whose email addresses Defendants lack, as specified in the parties' agreement—the Court recognized that "more time to distribute

notice may be needed" and ordered the parties to jointly inform the Court "of a deadline the Department [of Education] can reasonably adhere to." May 22 Order at 4. The parties respectfully submit the following response.

<u>Defendants' Response: Additional Information About Notice by 1st Class Mail</u>

As the Court recognized at the May 21, 2020 hearing on the parties' joint motion for preliminary approval, requiring notice by 1st class mail to the voluminous class at issue here is potentially burdensome to the government. Since that hearing, undersigned counsel for Defendants have had a further opportunity to consult with Defendants about this issue and respectfully submit, in part based on Defendants' experience providing similar notice after the Court certified the class in October 2019, *see* ECF Nos. 46, 53, that sending 1st class mail to the class would indeed impose a substantial burden. Defendants are required to pay for postage, and if Defendants were required to send 1st class mail to the entire class—rather than only those class members without valid email addresses or for whom Defendants receive notice that the message was undeliverable—Defendants estimate postage costs alone (on top of any costs for procuring contractors and supplies to facilitate the mailings) would total more than $86,000.

Further, Defendants believe that they can address certain of the Court's concerns about email notification. The vast majority of borrower defense applicants have provided an email address with their applications, and email is the primary means by which Defendants communicate with federal student loan borrowers. For these reasons, Defendants have successfully provided email notice to borrowers in the past. Based on that experience, Defendants believe that email is the most efficient and best way to communicate with borrowers. Moreover, Defendants have the capability of determining whether a recipient of an email has opened the message or not.

<u>Joint Response of the Parties: Requested Deadlines for Effectuating Notice by 1st Class Mail</u>

In light of the above, the parties respectfully request that the Court accept the following modification to the class notice provisions in the parties' settlement agreement as an alternative to requiring Defendants to send the notice to all class members by 1st class mail. Defendants would initially send email notice to all class members for whom they have an email address and notice

by 1st class mail to all class members for whom they do not have an email address. To the extent Defendants do not receive notification that any class member has opened the email notice or if the email is returned as undeliverable, Defendants would send the notice by 1st class mail to any such class member. Defendants would effectuate such notice—including by email to all class members for whom the Defendants have an email address and by 1st class mail to all class members for whom Defendants (i) do not have an email address, (ii) receive notice that the email was undeliverable, or (iii) do not receive notification that the class member opened the email notice— within 30 days of any order "setting the final approval fairness hearing and related deadlines," May 22 Order at 4.[1]

In the event the Court nonetheless requires that notice by 1st class mail be effectuated for all class members (and via email to those borrowers whose email addresses the Department has), the parties respectfully request that the Court provide Defendants 36 days (21 more than if Defendants were permitted to effectuate initial notice primarily by email as originally specified in the parties' settlement agreement) from any order "setting the final approval fairness hearing and related deadlines," May 22 Order at 4, to effectuate such notice. Among other things, this timing would accommodate the COVID-related workplace restrictions of the contractor with which Defendants would need to work to effectuate notice by 1st class mail to all class members.

The parties respectfully request that the deadlines for securing final approval that they proposed in their joint motion for preliminary approval be extended by a commensurate time to allow Defendants to effectuate notice in accordance with this modified proposal. That is, the parties request that each deadline specified in their proposed order, *see* ECF No. 97-1, be extended by 15 days in the event the Court adopts the parties' first proposal above, *i.e.*, that Defendants be permitted to serve the notice by email to all class members for whom the Defendants have an email address and by 1st class mail to only those class members for whom Defendants (i) do not have an email address, (ii) receive notice that the email was undeliverable, or (iii) do not receive notification that the class member opened the email notice. In the alternative, if the Court

---

[1] Before it can be sent to class members, the class notice must be completed with the date of the final approval fairness hearing and the date by which any member of the class must submit written objections. *See* Ex. A to Proposed Settlement Agreement, ECF No. 97-2.

1  nonetheless requires that notice by 1st class mail be effectuated for all class members (and via
2  email to those borrowers whose email addresses the Department has), the parties request that each
3  deadline specified in their proposed order, *see* ECF No. 97-1, be extended by 21 days.

4  Dated:  May 28, 2020                              Respectfully submitted,

                                                     JOSEPH H. HUNT
                                                     Assistant Attorney General

                                                     MARCIA BERMAN
                                                     Assistant Branch Director

                                                     */s/ R. Charlie Merritt*
                                                     R. CHARLIE MERRITT (VA Bar # 89400)
                                                     KATHRYN C. DAVIS
                                                     KEVIN P. HANCOCK
                                                     Trial Attorneys
                                                     Civil Division, Federal Programs Branch
                                                     U.S. Department of Justice
                                                     919 East Main Street, Suite 1900
                                                     Richmond, VA 23219
                                                     Telephone: (202) 616-8098
                                                     Fax: (804) 819-7417
                                                     E-mail: robert.c.merritt@usdoj.gov

                                                     *Attorneys for Defendants*

                                                     */s/ Natalie Lyons*
                                                     Eileen M. Connor (SBN 248856)
                                                     Toby R. Merrill (*Pro Hac Vice*)
                                                     LEGAL SERVICES CENTER OF
                                                     HARVARD LAW SCHOOL
                                                     122 Boylston Street
                                                     Jamaica Plain, MA 02130
                                                     Tel.: (617) 390-3003
                                                     Fax: (617) 522-0715

                                                     Joseph Jaramillo (SBN 178566)
                                                     Natalie Lyons (SBN 293026)
                                                     HOUSING & ECONOMIC RIGHTS
                                                     ADVOCATES
                                                     1814 Franklin Street, Suite 1040
                                                     Oakland, CA 94612
                                                     Tel: (510) 271-8443
                                                     Fax: (510) 280-2448

                                                     *Counsel for Plaintiffs*