JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
CLAIRE TORCHIANA (SBN 330232)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL
(*Pro Hac Vice*)
tmerrill@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,

     *Plaintiffs*,

     v.

ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,

And

THE UNITED STATES DEPARTMENT OF EDUCATION,

     *Defendants*.

Case No.: 19-cv-03674-WHA

**MOTION FOR A SUBSEQUENT CASE MANAGEMENT CONFERENCE**

The Plaintiffs request a subsequent case management conference in this matter, based on the following:

1.      On May 22, 2020, the Court granted preliminary approval of a settlement agreement between the parties. ECF No. 103. The settlement agreement, which was executed on April 7, 2020, ECF No. 97-2, commits Defendants to a timeline for issuing a "final decision" on the merits of each class member's borrower defense claim, ECF No. 97-2 at 5-7, or else be required to cancel a portion of the borrower's student loans, *id.* at 11-13.  In the agreement, ED represents and confirms that it "issues written decisions as required by the Department's 2016 Borrower Defense Regulation." *Id.* at 10.

2.      The deadline for objections and comments to the settlement is August 20, 2020. ECF No. 105.  The parties' replies are due September 3, 2020, and the parties must move for final approval of the Agreement by September 17, 2020. *Id.*

3.      On July 24, 2020, counsel for Plaintiffs wrote to Defendants identifying a concern that arose since such time as the Court granted preliminary approval to the settlement agreement, and seeking additional information. Declaration of Eileen Connor (Connor Decl.) Ex. A.

4.      Counsel for Defendants replied by letter on August 10, 2020. Connor Decl. Ex. B.

5.      On August 12, 2020, counsel conferred by phone. In short, Plaintiffs expressed a concern that the Defendants have made substantial progress towards clearing the backlog of borrower defense claims by issuing denials using boilerplate and conclusory language that does not provide any rationale for the decision.

6.      Plaintiffs' position is that these denials are not final decisions on the merits as contemplated by the settlement agreement because they do not comply with the Department's regulation, nor do they comply with the basic requirements of administrative decisionmaking as set forth in the Administrative Procedure Act, particularly section 555(e) thereof.

7.      That provision requires that, in issuing a denial, the agency provide prompt notice "accompanied by a brief statement of the grounds for denial." *Id.*

1

MOTION FOR A SUBSEQUENT
CASE MANAGEMENT CONFERENCE

Case No: 19-cv-03674-WHA

8.      Since December 2019, the Department has denied over 45,000 of the class members' applications for borrower defense. (Publicly available data is current through May 31, 2020.)

9.      Undersigned counsel has reviewed hundreds of notifications of denial send by the Department to members of the class. Connor Decl.  In each, the Department's language is formulaic and gives no indication that the Department has connected the evidence submitted by the borrower or otherwise possessed by the Department with its ultimate determination. For the Court's convenience, filed herewith are affidavits from fifteen class members, including three named plaintiffs in this action.  The affidavits include as exhibits the individual's application and denial notice. *See* Affidavits of Alison Wright, Benjamin Thompson, Bobby Vang, Charlene Espada, Clarissa Martinez, Daniel Deegan, Ernst Mutchnick, Jennifer Howell, Jessica Jacobson, John Long, Roland Cardoza, Rudolph Howell, Sean Doe, Theresa Sweet, and Yvette Colon.

10.     The reasons for denial ("failure to state a legal claim," "failure to state a legal claim under borrower defense regulation," "insufficient evidence," "outside coverage date," and "other") are undefined and conclusory. There is no way for an applicant or a reviewing court to determine whether the Department's decision was reasoned. Some denials are nonsensical. *See, e.g.,* Aff. of Rudolph Howard ("You allege that ITT Technical Institute engaged in misconduct related to Educational Services. This allegation fails for the following reason(s): Educational Services.").

11.     There is no link between the evidence submitted by the borrower and the decision reached. In some instances, borrowers are denied for claims that they did not assert. *See*, *e.g.,* Aff. of Jennifer Howell.  The denials reference a slate of materials as "evidence considered" in what appears to be a standard template for each school or school group. This evidence is not provided, nor is it identified as relevant to any particular claim.  When one borrower emailed the Borrower Defense Unit with a request for all the documents and evidence showing and supporting the Department's decision, he was told, "Our office does not have access to this documentation, we just have access to the letter that was sent to you. If you wanting [sic] that

2

MOTION FOR A SUBSEQUENT
CASE MANAGEMENT CONFERENCE

documentation you would need to fill [sic] a Freedom of Information Act on FOIA.gov." Aff. of Sean Doe.

12.    Moreover, the denials state that eligibility for relief depends on whether "the borrower's school engaged in acts or omissions that would give rise to a cause of action against the school under applicable state law." However, the Department fails to identify *which* state law it has applied, making it impossible for a borrower to determine whether the decision was a reasoned one. The notices simply parrot back the governing regulation without explaining *why* the evidence failed to state a cause of action.

13.    The notices advise of an option for borrowers to seek reconsideration based on evidence not already submitted or considered—but borrowers have no guidance from the Department as to why their evidence was insufficient, and how.

14.    The notices do not apprise recipients of the ability to challenge the denial of their borrower defense claim in federal district court under the APA. This fact alone throws into question whether the parties agree upon the meaning of the term "final decision" as it is contained in the settlement agreement.

15.    Plaintiffs have serious concerns at present about the Defendants' good faith and fair dealing in its performance of its obligations under the settlement agreement.

16.    The attached class member affidavits show that the Department has denied, in cursory fashion, the claims of borrowers who have received restitution from enforcement actions based on the consumer fraud of Sanford-Brown and DeVry. *See* Affs. of Benjamin Thompson, Jennifer Howell, Yvette Colon.

17.    The Department has denied, likewise in cursory fashion, the claims of borrowers who submitted lengthy applications with affidavits, exhibits, and legal argumentation. *See* Affs. of Charlene Espada, Ernst Muthcnick, Jessica Jacobson, Yvette Colon.

18.    The Department has denied, again in cursory fashion, the applications of class members who seemingly qualify for approval under existing Department memoranda concerning ITT and Corinthian. *See* Affs. of Alison Wright, Bobby Vang, Roland Cardoza, Rudolph Howell.

3

MOTION FOR A SUBSEQUENT
CASE MANAGEMENT CONFERENCE

Case No: 19-cv-03674-WHA

19.     The Department has denied in the same cursory fashion applications that were submitted in 2015 and were under consideration for more than five years, *see* Affs. of Jessica Jacobson, Yvette Colon, as those that were submitted in March 2020 and were under consideration for less than ten weeks, *see* Aff. of John Long.

20.     As a result, at present, Defendants' actions raise questions regarding their performance of the agreement, should it be granted final approval by the Court, that will require judicial resolution.

21.     Plaintiffs are mindful of the need to conserve judicial resources, as well as the role of the Court in granting approval to class action settlements under Federal Rule of Civil Procedure 23(e)(2)(a).  For that reason, Plaintiffs seek a case management conference in order to fully air the issues identified by Plaintiffs and seek guidance from the Court as to the best mechanism for resolving the issues.

22.     Plaintiffs request that a case management conference be held prior to September 3, 2020, the deadline for responding to objections or, in the alternative, that the Court expand the time for such responses until after a conference is held.

23.     Defendants take no position with respect to Plaintiffs' request for a case management conference. *See* Connor Decl.

Respectfully submitted,

/s *Eileen M. Connor*

Joseph Jaramillo (SBN 178566)
Natalie Lyons (SBN 293026)
Claire Torchiana (SBN 330232)
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel: (510) 271-8443
Fax: (510) 280-2448

4

MOTION FOR A SUBSEQUENT
CASE MANAGEMENT CONFERENCE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*Pro Hac Vice*)
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715


*Attorneys for Plaintiffs*

5

MOTION FOR A SUBSEQUENT
CASE MANAGEMENT CONFERENCE