**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br><br><br>**AFFIDAVIT OF JOHN LONG** |

I, John Long, state as follows:

1. I am submitting this affidavit in relation to the above-captioned case.

2. I borrowed federal student loans in order to attend the University of Phoenix.

3. On March 8, 2020, I submitted a borrower defense application to the United States Department of Education, asking for these loans to be cancelled. A copy of that application is attached as Exhibit A.

4. On May 20, 2020, ten weeks after I applied, I received correspondence from the Department of Education, stating that my claim had been denied. A copy of that correspondence is attached as Exhibit B.

5. In between the time that I first submitted an application for loan cancellation and when I received the notification of denial, my loans were in forbearance.

1

AFFIDAVIT

6. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to admissions and urgency to enroll.

7. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to educational services.

8. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to transferring credits.

9. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to program cost and nature of loans.

10. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to employment prospects.

11. The denial notice states that I failed to state a legal claim about whether the University of Phoenix engaged in misconduct related to "other." I do not know what the Department means by "other."

12. I do not understand what it means to fail to state a legal claim. Further, the Department's application form did not ask me to state a legal claim.

13. I do not understand whether the Department looked at the evidence that I submitted, and I do not understand how the evidence I did submit was not enough. My application contains details about my experience and refers to publicly available information about the University of Phoenix's use of high-pressure and deceptive practices.

14. The denial notice states that I may ask for reconsideration. I am not sure what this means, nor what information I would need to provide to be reconsidered.

15. I am frustrated that the denial I received seems to have been a "rubber stamp" denial, as a representative could not possibly have thoroughly reviewed the information I provided.

I swear under penalty of perjury that the foregoing is true.

Executed on: August 13, 2020

2

1    Riverside, California

_____
John Long

# Exhibit A



# U.S. DEPARTMENT OF EDUCATION
## APPLICATION FOR BORROWER DEFENSE TO LOAN REPAYMENT

OMB Number: 1845-0146
Expiration Date: 12/31/2019

If your school misled you or engaged in other misconduct, you may be eligible for "borrower defense to repayment," which is the forgiveness of some or all of your federal student loan debt.

**FORM INSTRUCTIONS**: To apply, you must complete, sign, and submit this form to the U.S. Department of Education for review.

You may attach additional documents, such as transcripts, enrollment agreements, and promotional materials from your school. Once completed, please submit this form and any additional documents you believe will help us review your application by email to BorrowerDefense@ed.gov or mail to US Department of Education - Borrower Defense to Repayment, PO Box 1854, Monticello, KY 42633.

Fields marked with an asterisk (*) are required for your application to be considered complete.

## SECTION I: BORROWER INFORMATION

Please provide contact information for the borrower:

*Name (First, Middle, Last): JOHN PAUL LONG
*Date of Birth (mm/dd/yyyy): [REDACTED]
*Social Security Number: [REDACTED]

*Telephone Number: [REDACTED]
*Email Address: [REDACTED]

*Street Address: [REDACTED]
*City: [REDACTED]
*State: [REDACTED]
*Zipcode: [REDACTED]

*Are you a PARENT who took out a federal loan on behalf of the student?

☐ Yes   ☒ No

*If yes, please enter the full name of the student (Last, First, Middle):

*If yes, please enter the student's Social Security Number:

## SECTION II: SCHOOL INFORMATION

*School
UNIVERSITY OF PHOENIX

Campus (including on-line campuses for distance education borrowers)
ONLINE

*Location (City, State)
PHOENIX, AZ

* Enrollment Dates at this school:
*From (month/year): 01/2003      *To (month/year): 03/2007

☐ If you are still attending this school/campus, please indicate by checking the box.

☒ Check if the enrollment dates above are approximate, or if you are unsure of them.

If your attendance at the school listed above was not or has not been continuous (for example, from October 2015 to March 2016, then again from August 2016 to November 2016), please describe all dates that you attended.
CONTINUOUS ENROLLMENT

*Program Name or Major *(e.g. Nursing, Medical Assistant, Paralegal).*

INFORMATION TECHNOLOGY

Credential/Degree Sought *(e.g. Certificate, Diploma, Associates, Bachelors, Masters).*

BACHELOR OF SCIENCE - INFORMATION TECHNOLOGY

If you enrolled in multiple programs at the school listed above, please describe all programs that you were enrolled in.
N/A

*Current Status at school listed above

☒ Graduated   ☐ Transferred Out   ☐ Withdrew   ☐ Attending

## SECTION III: OTHER LOAN REDUCTION OR TUITION RECOVERY REQUESTS

*Have you made any other requests to have your Federal loans forgiven *(for example, under a closed school discharge or false certification discharge from the U.S. Department of Education)*?

☐ Yes   ☒ No

*If yes, please describe these other request(s), including the amount of any loan forgiveness that you received, and attach any documentation about the requests, if available.
N/A

*Have you made any requests to anyone else to recover tuition amounts that you paid to your school *(for example, a lawsuit against the school or a claim made to a tuition recovery program)*?

☐ Yes   ☒ No

*If yes, please describe these other request(s), including the amount of the payment that you received (if any), and attach any documentation about the requests, if available.
N/A

## SECTION IV. BASIS FOR BORROWER DEFENSE

Answer the questions for each section below that applies to you.

For each section below that applies to you, please provide a **detailed** description of why you believe you are entitled to borrower defense, including the following information:

1. How the school communicated with you, whether in a brochure, online, over the phone, by email, or in person
2. The name/title of people who you believe misled you *(if known)*
3. What the school told you or failed to tell you.
4. Why you believe you were misled.

Attach any related documents, such as transcripts, enrollment agreements, promotional materials from the school, emails with school officials or your school's manual, or course catalog.

**Note: You only need to provide information for the sections below that apply to you, but you must complete at least one section. If you are a Parent PLUS borrower, the word "you" in the following sections also refers to the student.**

If you need more space to complete any section, please attach additional pages to your application.

(03/18)                                    Page 2 of 9

## EMPLOYMENT PROSPECTS

Did the school mislead you *(or fail to tell you important information)* about promises of future employment, likelihood of finding a job, eligibility for certification or licensure in your field of study, how many students graduate, and/or earnings after graduation?

☒ Yes    ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

Enrollment counselors stated clearly on several occasions by phone and through information sessions, that the UofP BS Degree I was pursuing was on equal footing with traditional degree programs at brick and mortar institutions, and equally respected by employers. However, I learned after graduating that this was not the case at all, and it has caused me substantial financial harm.

I worked for Perot Systems when I enrolled in UofP. I was assigned to a special project for high performing personnel at work and assigned to a VIP account (University of Southern California), chosen to lead a team within the project. This assignment selection was based on my effectiveness with past assignments at Perot Systems as I had not completed my degree yet. When Perot Systems was bought by Dell Services in March 2010, my assignment with USC ended. USC evaluated our team of high performers and converted nearly every contractor to permanent employment, with very few exceptions including me. This was my first experience with employers evaluating my BS Degree from UofP. This layoff led to a period of unemployment lasting over 18 months, despite being newly degreed and possessing very good experience and excellent references.

What I didn't realize, but many employers did, was the UofP online program was seen as a "pay-for-degree" program and because of several lawsuits filed against them (one in 2003 settled in 2009) (1), they had very little respect, making my degree a stumbling block for me which I had to try explaining away in interviews, not the respected asset as they had assured.

(1) Business Wire Dec 14, 2009 "78.5 Million Settlement in Whistleblower Lawsuit Against University of Phoenix" (attached)

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes    ☐ No

## PROGRAM COST AND NATURE OF LOAN

Did the school mislead you *(or fail to tell you important information)* about how much your classes would cost, how you would pay for your education, the terms of loan repayment, and/or other issues about the cost of your education?

☒ Yes    ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

UofP provided nothing in the way of student loan counseling. despite my degree being funded almost entirely (about 95%) via federal student loans. There was no discussion or guidance regarding student loan repayments, my recruiter and admissions advisor simply stated by phone that "financial aid" would take care of the majority of the costs of the program I was interested in (without discussion of what type of financial aid that would entail)(4), along with a discussion by phone and email about the small amount in costs that I would be responsible for paying out of pocket, and could seek as reimbursement from my employer.

This caused me significant financial harm because after being unemployed 18 months shortly after earning my degree, and then several instances after that, student loan repayment became impossible. Subsequently, my student loans have simply grown in size due to unpaid accruing interest. Had University of Phoenix provided even some proper guidance regarding federal student loans I could have properly planned and saved to cover more of the cost myself, or possibly spread out my degree program to afford more of the cost of attendance without going into debt.

(4) ProPublica Nov 3 2009 "At University of Phoenix, Allegations of Enrollment Abuses Persist" (attached)

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes    ☐ No

## TRANSFERRING CREDITS

Did the school mislead you *(or fail to tell you important information)* about transferring your credits from this school to other schools?

☒ Yes   ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

I was never advised as to whether or not this BS degree would be sufficient for entering any other Masters program except at University of Phoenix. I had intended to pursue a Masters program at some point with UofP as I liked the format of one class at a time, but after my negative reception with several potential employers regarding UofP, I abandoned the idea. I still don't know if any school would accept my BS degree into their Masters program, especially given the numerous violations and lawsuits currently going on with UofP.

Additionally, many of the credits I had previously earned at other regionally accredited institutions (University of Nebraska and Fullerton College) should have transferred to University of Phoenix, but they did not. I had earned approximately 85 credits of general education courses through these institutions - ALMOST ALL were denied for transfer and I was required to complete four additional years of schooling at UofP, even after completing three years at other institutions. This included the requirement that I take a "basic math" course at UofP despite passing the same class at Fullerton College, and that University of Nebraska credits were all accepted for transfer to Fullerton College.

This caused additional financial harm as I was required to pay for far more courses at UofP than I should have had their been a proper evaluation of my transcripts. This grew my student loan balances considerably in the long run.

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes   ☐ No

## CAREER SERVICES

Did the school mislead you *(or fail to tell you important information)* about the availability or quality of job placement, career services assistance, or the school's connections to employers within your field of study?

☐ Yes   ☒ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

*Did you choose to enroll in your school based in part on the issues you describe above?

☐ Yes   ☒ No

(03/18)                                     Page 4 of 9

## EDUCATIONAL SERVICES

Did the school mislead you *(or fail to tell you important information)* about educational services, such as the availability of externships, qualifications of teachers, instructional methods, or other types of educational services?

☒ Yes  ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

The school frequently stated that they were fully accredited and that their program (including their educators) were on par with traditional brick and mortar institutions. However, this was not true either. They did not dislose to me that instructors were only part time teachers and most worked full-time jobs outside of teaching. These were not not full-time, tenured professors like at other traditional brick and mortar institutions. I was also never advised of the instructors qualifications as it related to teaching the course material or even their qualification to teach. To most instructors this was their "side gig" and not their profession.

This was common knowledge to hiring managers and HR departments and it contributed further to the poor reputation of UofP, and in turn the negative view of my degree with employers(2). Often, I couldn't understand why I wasn't receiving call backs for jobs for which I was well qualified. I now know that if there was an applicant with a BS elsewhere and mine at UofP all other things being equal, employers would routinely pass over me because of my degree (3)

At the time, UofP proudly stated that their graduation rate (per their website) was 59%, while in reality their online program graduation rate while I attended was a miserable 4% and would have immediately caused me concern (2)

(2) New York Times, Feb 11, 2007 "Troubles Grow for a University Built on Profits" (attached)
(3) US News, Aug 15, 2016 "How Employers View Online, For-Profit Bachelors Degrees" (attached)

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes  ☐ No

## ADMISSIONS AND URGENCY TO ENROLL

Did the school mislead you *(or fail to tell you important information)* about the importance of enrolling immediately, the consequences of failure to enroll, how difficult it was to be admitted, or anything else about the admission process?

☒ Yes  ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

Commercials, recruiters and admissions counselors all stated in no uncertain terms on television, in writing and by phone at that time, "Hurry! Classes are filling up fast." Of course with was proven to be patently false thanks to investigations in 2003, 2004 and beyond (4). But, because I believed them and did not want to miss my opportunity to enroll, I was pressured to enroll and approve paperwork quickly, without taking sufficient time to review and consider my other options.

This caused me to suffer financial harm by enrolling in an expensive program, with a very poor 4% graduation rate, funded by debt that I was not clearly informed about and for a degree that between the time I started and today has steadily become less and less valuable due to the continued illegal, unethical and unfair treatment I received. Had they not used these pressure tactics to get me to enroll, perhaps my research would have uncovered all this and allowed me to pick a more suitable program with a more reputable university.

(4) ProPublica Nov 3 2009 "At University of Phoenix, Allegations of Enrollment Abuses Persist" (attached)

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes  ☐ No

## OTHER

Do you have any other reasons relating to your school that you believe qualify you for borrower defense, such as your school failing to perform its obligations under its contract with you, or that there is a judgment against your school in a Federal court, a State court, or in front of an administrative board or that you believe that you have a state law cause of action against the school?

☒ Yes   ☐ No

Is there some other reason you feel your school misled you?

☒ Yes   ☐ No

If yes, you must provide <u>detailed</u> information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

University of Phoenix was sued in 2003 by two former employees for systematically defrauding the Department of Education, resulting in a $78.9 Million settlement with DOE. This suit wasn't settled until 2009, resulting in a black cloud of suspicion with employers during my entire time with the university. The wrongdoing was never disclosed to me and would definitely have caused me to reconsider my decision to obtain a degree with UofP. Further, University of Phoenix in 2004 again settled with the Department of Education for $10M regarding accusations of high pressure and deceptive enrollment practices by enrollment advisors. This was based on an illegal bonus system and I am convinced that much of the negatives that UofP representatives failed to disclose to me were due to this illegal bonus system. Where I trusted that enrollment advisors were helping me to make a balanced decision about my future education, I learned too late that they were actually commissioned salespeople, as the complaint described. Even after graduating in 2007, University of Phoenix continued to suffer a worsening reputation, further reducing the value of the degree I now hold. This included being placed on probation in 2013 with the risk of loss of accreditation. Though regained in 2015, the damage had been done to the University's reputation as well as my degree. UofP is currently involved in a Class Action Lawsuit involving further fraudulent and deceptive practices, effectively making my UofP degree worthless in the eyes of employers. I worked very hard to earn my BSIT degree, as hard as any student at any traditional institution. However, because of UofPs actions, I have been irreparably harmed, suffering difficulty in obtaining employment compared to equally experienced peers. UofP had an obligation to main the highest reputation, but instead has placed me in a position where instead of an asset, my UofP degree has been something I must address as a negative to overcome in interviews with potential employers, if I even get an opportunity.

*Did you choose to enroll in your school based in part on the issues you describe above?

☒ Yes   ☐ No

## SECTION V: FORBEARANCE/STOPPED COLLECTIONS

If you are not currently in default on your federal student loans, you may request to have them placed into **forbearance** status while your application is under review. **Forbearance means that you do not have to make loan payments and your loans will not go into default.** Forbearance will continue until the borrower defense review process of your application is completed. Your servicer will notify you when your loans have been placed into forbearance status.

If your federal student loans are in **default**, you may request to have debt collection on your loan stopped ("**stopped collections status**"). **This means that the federal government or debt collection companies will stop attempting to collect on the loans, including by not withholding money from your wages or income tax refunds.** Stopped collections status will continue until the borrower defense review process of your application is completed.

Please see the "Common Questions and Answers Regarding Forbearance/Stopped Collections" section on the Borrower Defense website (https://studentaid.ed.gov/borrower-defense) if you have any questions regarding choosing to enter forbearance or stopped collections.

**Note that interest will continue to accumulate on federal loans regardless of what status they are in, including subsidized loans. If your application for borrower defense is denied, or partially approved, the total amount you owe on those loans may be higher.**

**PLEASE NOTE:** You do not have to place your loans in forbearance or stopped collections to apply for borrower defense relief.

For the most current information with regard to your rights and obligations regarding forbearance and stopped collections, please visit the Borrower Defense website at https://studentaid.gov/borrower-defense.

\*Are you requesting forbearance/stopped collections?

[X] **Yes,** I want all of my federal loans currently in repayment to be placed in forbearance and for collections to stop on any loans in default while my borrower defense application is reviewed. During this time period, I understand that interest will continue to accrue.

[ ] **No,** I do not want all of my federal loans currently in repayment to be placed in forbearance and for collections to stop on any loans in default while my borrower defense application is reviewed. During this time period, I understand that interest will continue to accrue and that I must continue to make loan payments.

If you do not select one of the options immediately above, your federal loans currently in repayment will automatically be placed into forbearance and collections will stop for any defaulted loans, and the Department will request forbearance for any commercially held Federal Family Education Loan (FFEL) program loans currently in repayment and for debt collection to stop for any defaulted, commercially held FFEL program loans that you have currently *(as applicable)*.

## SECTION VI. CERTIFICATION

By signing this attestation I certify that:

All of the information I provided is true and complete to the best of my knowledge. Upon request, I agree to provide to the U.S. Department of Education information that is reasonably available to me that will verify the accuracy of my completed attestation.

I agree to provide, upon request, testimony, a sworn statement, or other documentation reasonably available to me that demonstrates to the satisfaction of the U.S. Department of Education or its designee that I meet the qualifications for borrower defense.

I certify that I received proceeds of a federal loan, in whole or in part, to attend the school/campus identified in Section II (above).

I understand that if my application is approved and some or all of my loans are forgiven, I am assigning to the U.S. Department of Education any legal claim I have against the school for those forgiven loans. By assigning my claims, I am effectively transferring my interests in any claim that I could make against the school relating to the forgiven loans (including the ability to file a lawsuit over those forgiven loans and any money ultimately recovered in compensation for those forgiven loans in court or other legal proceedings) to the U.S. Department of Education. I am not assigning any claims I may have against the school for any other form of relief —including injunctive relief or damages related to private loans, tuition paid out-of-pocket, unforgiven loans, or other losses.

I understand that the U.S. Department of Education has the authority to verify information reported on this application with other federal or state agencies or other entities. I authorize the U.S. Department of Education, along with its agents and contractors, to contact me regarding this request at the phone number above using automated dialing equipment or artificial or prerecorded voice or text messages.

I understand that any rights and obligations with regard to borrower defense to repayment are subject to the provisions currently in effect under Title 34 of the Code of Federal Regulations.

I understand that if I purposely provided false or misleading information on this application, I may be subject to the penalties specified in 18 U.S.C. § 1001, including fines. I understand that I may be asked to confirm the truthfulness of the statements in this application to the best of my knowledge under penalty of perjury.

| *Signature | Date |
|---|---|
| *(signed)* | 03/08/2020 |

Submit this form and any additional documents you believe will help us review your application by email to BorrowerDefense@ed.gov or by mail to: U.S. Department of Education - Borrower Defense to Repayment, PO Box 42633, Monticello, KY 42633.

# PRIVACY ACT NOTICE

Information required by subsection (e)(3) of the *Privacy Act of 1974,* as amended (*Privacy Act*) (5 U.S.C. 552a(e)(3))requires the following notice be provided to you:

The authorities for collecting the requested information from and about you are Section 455(h) of the *Higher Education Act of 1965*, as amended (*HEA*) (20 U.S.C. 1087e(h)) and 34 C.F.R. § 685.206(c) and the authorities for collecting and using your Social Security Number (SSN) are the same but also include 31 U.S.C. 7701(b). The primary purpose of the information collected is for the use and administration of the U.S. Department of Education's office of Federal Student Aid (ED/we) for borrower defense to loan repayment program. The information you provide ED on this form and your SSN are voluntary, but you may need to provide the requested information on this form, including your SSN and/or a Federal Student Aid ID (FSA ID) that provides ED your verified SSN and other individual information pertaining to a student's or parent's Student Financial Assistance Programs account(s), for ED to process or complete our review of your borrower defense to loan repayment application. You may submit a form without your SSN or an FSA ID by filling out a form and sending it to ED via email or physical mail because disclosure of the information requested on this form is voluntary. However, without providing all the requested information on this form, ED may not be able to conduct a full investigation and complete the review of your application.

We use the information that you provided on this form including your name, SSN, date of birth, address, email address, telephone number(s), and / or an FSA ID, to receive, review, evaluate, and process requests for relief under the borrower defense to loan repayment regulations, to render decisions on the merits of such requests for relief, and, where requests for borrower defense to loan repayment are successful, to determine the relief that is appropriate to borrowers under the circumstances as well as to initiate appropriate proceedings to require schools whose acts or omissions resulted in the successful defenses against repayment to pay ED the amounts of the loans that apply to the defenses. Without your consent, ED may disclose the information that you provided and as otherwise allowed by the *Privacy Act*, pursuant to the routine uses identified in the system of records notice (SORN) entitled "Customer Engagement Management System (CEMS)" (18-11-11) and published in the Federal Register as 83 FR 27587-27591 (June 13, 2018). These routine uses include, but are not limited to, a routine use that permits ED to disclose your information to foreign agencies, Federal agencies, State agencies, Tribal, or local agencies, accreditors, schools, lenders, guaranty agencies, servicers, and private collection agencies when further information is relevant to ED's resolution of your complaint, request, or other inquiry, tracking your application or your inquiry, and, where a request for borrower defense to loan repayment is successful, to determine the relief that is appropriate under the circumstances as well as to initiate the appropriate proceeding to require the school whose acts or omissions resulted in the successful defense against loan repayment to pay ED the amount of the loan that apply to the defenses. We may use your information for reporting, analyzing the data to make recommendations in student financial assistance programs, and assisting in the informal resolution of disputes. Disclosure of relevant information also may be made to the responsible foreign, Federal, State, Tribal or local agencies charged with investigating or prosecuting a violation or potential violation of law in the event that information indicates, either on its face or in connection with other information, a violation or potential violation of any applicable statute, regulation, or order of a competent authority.

In the event of litigation or alternative dispute resolution (ADR) involving ED or that we have an interest in and if that a party is either any component of ED, any ED employee in his or her official capacity, any ED employee in his or her individual capacity where representation for the employee has been requested or has been agreed to by ED or the Department of Justice (DOJ), or the United States where ED determines that the litigation is likely to affect ED or any of its components, we may disclose your information to DOJ, a court, adjudicative body, a person or an entity designated by ED or otherwise empowered to resolve or mediate disputes, or a counsel, party, representative, or witness if the disclosure is relevant and necessary to the litigation or ADR. ED also may disclose your information to DOJ to the extent necessary for obtaining DOJ's advice on any matter relevant to an audit, inspection, or other inquiry. We may send information to members of Congress if you ask them to help you with federal student aid or Student Financial Assistance Programs account(s) questions. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. As part of such a contract, we will require the contractor to maintain safeguards to protect the security and confidentiality of the records that are disclosed to the contractor. If a record is relevant and necessary to a borrower complaint regarding participants in any Federal Student Financial Assistance Programs under title IV of the *HEA*, ED may disclose a record only during the course of

processing, reviewing, investigating, fact-finding, or adjudicating the complaint to: any party to the complaint; the party's counsel or representative; a witness; or a designated fact-finder, mediator, or other person designated to resolve issues or decide the matter. ED also may disclose records to the DOJ or Office of Management and Budget (OMB) if ED concludes that disclosure is desirable or necessary in determining whether particular records are required to be disclosed under the *Freedom of Information Act* (*FOIA*) or the *Privacy Act*. ED may disclose your information to appropriate agencies, entities, and persons when ED suspects or has confirmed that there has been a breach of the system maintaining your information; which poses a risk of harm to individuals, ED (including its information systems, programs, and operation), the Federal agencies, or national security and the disclosure made to such agencies, entities, and persons is reasonably necessary to assist ED's efforts to respond to the suspected or confirmed breach or to prevent, minimize, or remedy such harm. ED also may disclose your information to another Federal agency or Federal entity, when ED determines that your information is reasonably necessary to assist the recipient agency or entity in responding to a suspected or confirmed breach or preventing, minimizing, or remedying the risk of harm to individuals, the recipient agency or entity (including its information systems, programs, and operations), the Federal agencies, or national security, resulting from a suspected or confirmed breach.

## PAPERWORK REDUCTION ACT NOTICE

According to the *Paperwork Reduction Act of 1995*, no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. The valid OMB control number for this information collection is 1845-0146. Public reporting burden for this collection of information is estimated to average 1 hour per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain or retain a benefit (20 U.S.C. 1087e(h)). If you have comments or concerns regarding the status of your individual submission of this application, please contact BorrowerDefense@ed.gov directly.

# Exhibit B

Click here to view this email as a web page.



May 20, 2020

Borrower Defense Application#: ▇▇▇▇▇▇

Dear John Long:

The U.S. Department of Education (ED) has completed its review of your application under the applicable Borrower Defense to Repayment regulations for discharge of your William D. Ford Federal Direct Loans (Direct Loans) made in connection with your or your child's enrollment at University of Phoenix. "You" as used here should be read to include your child if you are a Direct PLUS Loan borrower who requested a discharge for loans taken out to pay for a child's enrollment at University of Phoenix. ED has determined that your application is ineligible for relief based on review of the facts of your claim and the regulatory criteria for relief; this decision means that your Direct Loans will not be discharged. ED explains the reasons below.

**Applicable Law**

For Direct Loans first disbursed prior to July 1, 2017, a borrower may be eligible for a discharge (forgiveness) of part or all of one or more Direct Loans if the borrower's school engaged in acts or omissions that would give rise to a cause of action against the school under applicable state law. *See* § 455(h) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e(h), and 34 C.F.R. § 685.206(c) and 685.222 (the Borrower Defense regulations). ED recognizes a borrower's defense to repayment of a Direct Loan only if the cause of action directly relates to the Direct Loan or to the school's provision of educational services for which the Direct Loan was provided. 34 C.F.R. §§685.206(c)(1), 685.222(a)(5); U.S. Department of Education, Notice of Interpretation, 60 Fed. Reg. 37,769 (Jul. 21, 1995).

**Why was my application determined to be ineligible?**

ED reviewed your borrower defense claims based on any evidence submitted by you in support of your application, your loan data from National Student Loan Data System (NSLDS®), and evidence provided by other borrowers.

<u>Allegation 1: Other</u>

You allege that University of Phoenix engaged in misconduct related to Other. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

<u>Allegation 2: Admissions and Urgency to Enroll</u>

You allege that University of Phoenix engaged in misconduct related to Admissions and Urgency to Enroll. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

### Allegation 3: Educational Services

You allege that University of Phoenix engaged in misconduct related to Educational Services. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

### Allegation 4: Transferring Credits

You allege that University of Phoenix engaged in misconduct related to Transferring Credits. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

### Allegation 5: Program Cost and Nature of Loans

You allege that University of Phoenix engaged in misconduct related to Program Cost and Nature of Loans. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

### Allegation 6: Employment Prospects

You allege that University of Phoenix engaged in misconduct related to Employment Prospects. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

**What evidence was considered in determining my application's ineligibility?**

We reviewed evidence provided by you and other borrowers who attended your school. Additionally, we considered evidence gathered from the following sources:

1. Federal Trade Commission (FTC)
2. IA Attorney General's Office
3. Evidence obtained by the Department in conjunction with its regular oversight activities
4. Publicly available records relating to *US ex rel. Green v. Univ. of Phoenix*, No. 14 001654 (N.D. Oh. Apr. 29, 2019)
5. Materials compiled by non-profit group, Veterans Education Success (VES)
6. Publicly available securities filings made by University of Phoenix's parent company, Apollo Education Group

**What if I do not agree with this decision?**

If you disagree with this decision, you may ask ED to reconsider your application To submit a request for reconsideration, please send an email with the subject line "Request for Reconsideration ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to [BorrowerDefense@ed.gov](mailto:BorrowerDefense@ed.gov) or mail your request to U.S. Department of Education, P.O. Box 1854, Monticello, KY 42633. In your Request for Reconsideration, please provide the following information:

1. Which allegation(s) you believe that ED incorrectly decided;

2. Why you believe that ED incorrectly decided your borrower defense to repayment application; and

3. Identify and provide any evidence that demonstrates why ED should approve your borrower defense to repayment claim under the applicable law set forth above.

ED will not accept any Request for Reconsideration that includes new allegations. If you wish to assert allegations that were not included in your application, please see the following section. Additionally, your loans will not be placed into forbearance unless your request for reconsideration is accepted and your case is reopened. Failure to begin or resume repayment will result in collection activity, including administrative wage garnishment, offset of state and federal payments you may be owed, and litigation. For more information about the reconsideration process, please contact our borrower defense hotline at 1-855-279-6207 from 8 a.m. to 8 p.m. Eastern time (ET) on Monday through Friday.

**Can I apply for borrower defense if I have additional claims?**

If you wish to file a new application regarding acts or omissions by the school other than those described in borrower defense application ▓▓▓▓▓▓ please submit an application at [StudentAid.gov/borrower-defense](https://StudentAid.gov/borrower-defense). In the new application, you should explain in the relevant section(s) the basis for any new borrower defense claim(s) and submit all supporting evidence.

**What should I do now?**

Because your borrower defense to repayment application was found to be ineligible, you are responsible for repayment of your loans. ED will notify your servicer(s) of the decision on your borrower defense to repayment application within the next 15 calendar days, and your servicer will contact you within the next 30 to 60 calendar days to inform you of your loan balance. Further, if any loan balance remains, the loans will return to their status prior to the submission of your application. If your loans were in forbearance as a result of your borrower defense to repayment application, the servicer will remove those loans from forbearance. ***See COVID-19 Note below***.

If your loans are in default and are currently in stopped collections, your loans will be removed from stopped collections. Failure to begin or resume repayment could result in collection activity such as administrative wage garnishment, offset of state and federal payments that you may be owed, and litigation. ***See COVID-19 Note below.***

While normally interest would not be waived for unsuccessful borrower defense applications, given the extended period of time it took ED to complete the review of this application, the Secretary is waiving any interest that accrued on your

Direct Loans from the date of the filing of your borrower defense application to the date of this notification. Your servicer will provide additional information in the coming months regarding the specific amount of interest adjusted. ***See COVID-19 Note below**.

**\*COVID-19 Note:** On March 27, 2020, the president signed the *CARES Act*, which, among other things, provides broad relief in response to the coronavirus disease 2019 (COVID-19) for federal student loan borrowers whose loans are owned by ED. For the period March 13, 2020, through September 30, 2020, the interest rate on the loans will be 0% and no payments will be required. During this same period for defaulted borrowers, all proactive collection activities, wage garnishments, and Treasury offsets will be stopped. Your federal loan servicer will answer any questions you have about your specific situation. In addition, Federal Student Aid's COVID-19 information page for students, borrowers, and parents is located at StudentAid.gov/coronavirus. Please visit the page regularly for updates.

**What if I have another pending borrower defense application?**

If you have additional pending borrower defense to repayment applications, this information applies to you:

- If your loans associated with an additional borrower defense to repayment application that is still pending are in forbearance or another status that does not require you to make payments, your loans will remain in forbearance or that other status. Similarly, if your loans associated with that borrower defense application are in default and you are currently in stopped collections, those loans will remain in stopped collections.

- If you are unsure if you have additional pending applications, or if you would like to check on the status of your loans associated with an additional application, contact our borrower defense hotline at 1-855-279-6207 from 8 a.m. to 8 p.m. ET on Monday through Friday.

ED offers a variety of loan repayment options, including the standard 10-year repayment plan, as well as extended repayment, graduated repayment, and income-driven repayment plans. For more information about student loan repayment options, visit StudentAid.gov/plans. If you have questions about the status of your loans or questions about repayment options, please contact your servicer(s). If you do not know the name of your federal loan servicer, you may go to StudentAid.gov to find your servicer and view your federal loan information.

Sincerely,

U.S. Department of Education
Federal Student Aid



830 First Street, NE, Washington, D.C. 20202
StudentAid.gov/borrower-defense