JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
KATHRYN C. DAVIS
Senior Trial Counsel
R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
(202) 616-8298 (phone)
(202) 616-8470 (fax)
Kathryn.C.Davis@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 19-cv-03674-WHA <br><br> **DEFENDANTS' UNOPPOSED MOTION TO MODIFY THE COURT'S MAY 29, 2020 ORDER SETTING FINAL SETTLEMENT APPROVAL DEADLINES** <br><br> Judge:  Honorable William Alsup <br> Hearing:  None Requested |

Pursuant to Local Civil Rule 6-3, Defendants respectfully request that the Court modify its May 29, 2020 order setting forth certain deadlines for the final approval of the parties' proposed settlement in this matter.  *See* Order (May 29, 2020), ECF No. 105.  Specifically, Defendants request that the Court (1) relieve Defendants of any obligation to file a motion for final approval of the settlement on September 17, 2020, (2) set a briefing and hearing schedule pursuant to the timeline provided by the local rules for Defendants' responses to Plaintiffs'

forthcoming motion for final approval and motion to enforce the settlement agreement (*i.e.*, that Defendants be given 14 days to respond to each motion), and (3) postpone the fairness hearing currently scheduled for October 1, 2020. Plaintiffs have indicated that they do not oppose Defendants' requested relief.

## Background

Since the Court preliminarily approved the parties' proposed settlement agreement on May 22, 2020 (ECF No. 103) and set a schedule for final approval of the settlement, Plaintiffs have raised a concern about the substance of the written decisions that the Department of Education ("Department") has issued since December 2019 denying certain borrower defense claims. *See* Pls.' Mot. for a Subsequent Case Mgmt. Conf. ("Pls.' CMC Mot."), Decl. of Eileen Connor at Ex. A, ECF No. 108-2. Counsel first identified this concern to Defendants in a letter dated July 24, 2020, and Defendants responded by letter dated August 10, 2020, providing information that Plaintiffs requested and stating Defendants' position that Plaintiffs' concern exceeded the bounds of this litigation. *See id.* at Ex. B.

The parties discussed the issue with the Court at the August 31, 2020 status conference held at Plaintiffs' request. Following the conference, the Court ordered "Plaintiffs' counsel to submit further briefing on [the] issues raised" and indicated that the "matter [would] be addressed at [the] October 1, 2020 Final Approval hearing." Minute Order (Aug. 31, 2020). It also ordered Defendants to file "information regarding statistics of the at-issue denials." *Id.* Defendants filed the requested information on September 4, 2020. *See* Defs.' Response to Aug. 31, 2020 Order, ECF No. 116.

Over the past two business days, the parties have had several communications about how Plaintiffs intend to move forward with the settlement, and what effect that should have on the current final-approval deadlines. *See* Declaration of Kathryn C. Davis ("Davis Decl.") ¶¶ 7-9 (attached hereto as Exhibit 1). On the afternoon of September 11, 2020, Plaintiffs indicated that they were still considering how to proceed (*i.e.*, whether they would move to vacate the

2

Defendants' Unopposed Motion to Modify the Court's
May 29, 2020 Order Setting Final Settlement Approval Deadlines
Case No. 19-cv-03674-WHA

settlement agreement in some way or move to enforce it) and agreed that the September 17 filing deadlines and October 1 fairness hearing should be postponed. *Id.* ¶ 8. In that same email, they also alerted Defendants' counsel for the first time that the Court had contacted Plaintiffs on September 8, 2020 to request that they work with Defendants to facilitate an additional email notice to the class regarding the logistics of the October 1 fairness hearing. *Id.* Following a conference call on the morning of September 14, 2020, Plaintiffs' counsel stated by email that they intend to file on September 17 both a motion for final approval of the settlement agreement and a motion to enforce the settlement agreement, and that they will not join (but will not oppose) a request to postpone the fairness hearing or any other final-approval deadline. *Id.* ¶ 9.

**Argument**

As more fully set forth in the attached declaration (*id.* ¶¶ 10-13), in light of the changed circumstances and the belated notice of Plaintiffs' forthcoming motions, good cause exists for the Court to excuse Defendants from moving for final approval on September 17, for allowing the parties to brief Plaintiffs' forthcoming motions under the default timeline of the local rules, and to postpone the October 1 hearing.

When the Court entered the final-approval scheduling order, it did so under the reasonable assumption that the parties would be moving jointly for final approval of the settlement on terms on which the parties had agreement. That is now no longer the case. Rather, it is abundantly clear that the parties have a significant and fundamental dispute about the settlement itself and whether or not it imposes any requirements with respect to the content or substance of the Department's denial letters. In light of the fact that the parties do not share the same understanding of the agreement, Defendants do not intend to move for final approval of the settlement at this time and will oppose Plaintiffs' request to enforce the settlement agreement in accordance with their disputed interpretation. The parties should litigate Plaintiffs' forthcoming motions first, in light of the parties' dispute about the agreement, as it may obviate the need for a fairness hearing altogether.

Moreover, the belated timing of Plaintiffs' decision to file a motion to enforce the settlement agreement only *two weeks before* the October 1 fairness hearing will necessarily deprive Defendants of the full 14-day response period allowed by the local rules. Under that default timeline, Defendants' opposition (absent the Court granting a request by Plaintiffs to shorten time) would be due on the day of the fairness hearing. Although the Court directed Plaintiffs on August 31 to file further briefing, and Defendants timely filed on September 4 the information requested by the Court, Plaintiffs nonetheless intend to wait until the September 17 deadline to file their motion to enforce, having notified Defendants of their plans for moving forward only yesterday afternoon. *Id.* ¶¶ 9, 13.

Despite discussing the possibility of jointly moving to extend or postpone the September 17 motion-for-final-approval deadline and October 1 fairness hearing, Defendants were unable to obtain Plaintiffs' stipulation to this requested relief. *Id.* ¶¶ 8-9, 14. However, although Plaintiffs did not agree to join this request (despite the fact that their delay has caused the need for the request), Plaintiffs do not oppose the requested modifications of the final-approval deadlines. *Id.* ¶ 14.

Should the Court prefer to move forward with the October 1 hearing as planned, Defendants respectfully request in the alternative that it nonetheless relieve Defendants of any obligation to file a motion for final approval on September 17 and instead allow Defendants to file responses to Plaintiffs' motions by no later than 5:00 p.m. on September 29, 2020, and that the Court forego any replies by Plaintiffs.

Additionally, Defendants respectfully request expedited consideration of this unopposed motion. If the Court determines to hold the October 1 hearing, Defendants must act quickly to provide the class notice requested by the Court. Plaintiffs first notified Defendants' counsel about this notice request on the afternoon on Friday, September 11 (three days after the Court communicated the request to Plaintiffs). *Id.* ¶¶ 8, 18. Defendants' counsel promptly alerted the Department on the same day. *Id.* ¶ 18. The Department estimates that it will take 4 to 6 business

days after the final content of the notice is determined to disseminate an email notice to the more than 160,000 email addresses of class members. *Id.* This time is needed for the Department to work with its contractors to review and load the finalized notice language onto the computer platform used for mass emails, to ensure that the email is sent in compliance with the requirements for providing access to persons with disabilities, and to run a sample population data check and test delivery before sending the emails. To date the parties have not discussed the contents of any notice, which will largely be dependent on whether the Court grants the relief requested in this motion. *Id.*

## Conclusion

Defendants are cognizant of the fact that their request will affect the final-approval schedule entered in this case, but litigating Plaintiffs' forthcoming motions is necessary before moving forward. Accordingly, Defendants respectfully request that the Court grant Defendants' unopposed motion.

Dated: September 15, 2020               Respectfully submitted,

                                        JEFFREY BOSSERT CLARK
                                        Acting Assistant Attorney General

                                        MARCIA BERMAN
                                        Assistant Branch Director

                                        */s/ Kathryn C. Davis*
                                        KATHRYN C. DAVIS (D.C. Bar No. 985055)
                                        R. CHARLIE MERRITT (VA Bar No. 89400)
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, DC 20530
                                        Tel:  (202) 616-8298
                                        Fax:  (202) 616-8470
                                        Email:  Kathryn.C.Davis@usdoj.gov

                                        *Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                        */s/* Kathryn C. Davis
                                        KATHRYN C. DAVIS