JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
KATHRYN C. DAVIS
Senior Trial Counsel
R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
(202) 616-8298 (phone)
(202) 616-8470 (fax)
Kathryn.C.Davis@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 19-cv-03674-WHA <br><br> **DECLARATION OF KATHRYN C. DAVIS** <br><br> Judge: Honorable William Alsup |

1. I am a Senior Trial Counsel in the Federal Programs Branch of the Civil Division of the United States Department of Justice. The statements in this declaration are based on my personal knowledge and information that I have obtained in my official capacity.

2. On May 22, 2020, the Court preliminarily approved the proposed settlement agreement entered into by the parties in this class action "subject to final approval." *See* Order (May 22, 2020) at 4, ECF No. 103.

3. On May 29, 2020, the Court entered an order directing class notice and setting final settlement approval deadlines. *See* Order (May 29, 2020), ECF No. 105. As relevant here, the final-approval scheduling order states that "[t]he parties shall move for final approval by **SEPTEMBER 17**" and that "[t]he final approval fairness hearing shall take place at **8:00 A.M.** on **OCTOBER 1**."[1] *See id.* at 2 (emphasis in original).

4. Since the Court preliminarily approved the settlement and set a schedule for final approval, Plaintiffs have raised a concern about the substance of the written decisions that the Department of Education ("Department") has issued since December 2019 denying certain borrower defense claims. *See* Pls.' Mot. for a Subsequent Case Mgmt. Conf. ("Pls.' CMC Mot."), Decl. of Eileen Connor at Ex. A, ECF No. 108-2. Counsel first identified this concern to Defendants in a letter dated July 24, 2020, and Defendants provided a response on August 10, 2020, including information that Plaintiffs requested and stating Defendants' position that Plaintiffs' concern exceeded the bounds of this litigation. *See id.* at Ex. B.

5. At Plaintiffs' request, the Court held a status conference on August 31, 2020 to discuss the issue raised by Plaintiffs and their request for "guidance from the Court as to the best mechanism for resolving the[se] issues." *See* Pls.' CMC Mot. at 4, ECF No. 108.

6. Following the conference, the Court ordered "Plaintiffs' counsel to submit further briefing on [the] issues raised" and indicated that the "matter [would] be addressed at [the] October 1, 2020 Final Approval hearing." Minute Order (Aug. 31, 2020). It also ordered Defendants to file "information regarding statistics of the at-issue denials." *Id.* Defendants filed the requested information on September 4, 2020. *See* Defs.' Response to Aug. 31, 2020 Order, ECF No. 116.

---

[1] The order also set a September 3 deadline for the parties to respond to any objections to the proposed settlement submitted by the class members, *see* Order (May 29, 2020) at 2, which the Court subsequently extended to September 17, *see* Minute Order (Aug. 31, 2020). It also set a September 28 deadline for the parties to submit declarations attesting to the provision of class notice. *See* Order (May 29, 2020) at 2.

7. Having not heard anything further from Plaintiffs, on September 10, 2020, Defendants' counsel reached out to Plaintiffs' counsel to inquire about how they intended to proceed in light of the issues raised at the status conference and the upcoming September 17 deadline for the parties to move for final approval of the settlement.

8. On the afternoon of September 11, 2020, Plaintiffs' counsel responded and indicated that they were still considering how to proceed and given the options they were considering (whether they would move to vacate the settlement agreement in some way or move to enforce it), agreed that the September 17 filing deadlines and October 1 fairness hearing should be postponed. In that same email, they also alerted Defendants' counsel for the first time that the Court had contacted Plaintiffs' counsel on September 8, 2020 to request that they work with Defendants to facilitate an additional email notice to the class regarding the logistics of the October 1 fairness hearing.[2]

9. The parties met and conferred about these issues by phone on the morning of September 14, 2020. At the time of the call, Plaintiffs were still considering how they would move forward, and the parties discussed the possibility of jointly moving to extend the final-approval deadlines. Later that afternoon, Plaintiffs' counsel stated by email that they decided to file on September 17 both a motion for final approval of the settlement agreement and a motion to enforce the settlement agreement. Contrary to the prior communications, Plaintiffs' counsel also stated that they would not seek to postpone the fairness hearing or any other final-approval deadline, but would not oppose a request by Defendants to extend such deadlines or set a briefing schedule on Plaintiffs' motion.

10. It is abundantly clear that the parties have a significant and fundamental dispute about the settlement agreement and whether or not it imposes any requirements with respect to the content or substance of the Department's denial letters. As Defendants previously informed the Court and Plaintiffs' counsel in their September 4 filing, because the parties do not share the

---

[2] Defendants can provide copies of the relevant full email exchanges referenced in this declaration, if the Court desires.

same understanding of the agreement, Defendants will not move for final approval of the settlement. *See* Defs.' Response at 3-4. Defendants will likewise oppose Plaintiffs' request to enforce the settlement agreement in accordance with their disputed interpretation.

11. In light of these changed circumstances and Plaintiffs' belated notice that they will be filing motions to enforce and for final approval notwithstanding the parties' disagreement, Defendants respectfully request that the Court modify its final-approval scheduling order in the following ways: (1) relieve Defendants of any obligation to file a motion for final approval on September 17, (2) set a briefing and hearing schedule pursuant to the timeline provided by the local rules for Defendants' responses to Plaintiffs' forthcoming motions (*i.e.*, that Defendants be given 14 days to respond to each motion), and (3) postpone the October 1 fairness hearing until the Court determines there is a need for one, in light of the parties' dispute about the settlement agreement.[3]

12. Good cause exists for Defendants' request. The original deadlines set by the Court for final approval were premised on the reasonable assumption that the parties had an agreement about the terms of the proposed settlement and would jointly move for the Court's final approval. Unfortunately, that is now not the case, and litigating Plaintiffs' forthcoming motions is necessary before moving forward.

13. Moreover, Plaintiffs' decision to file a motion to enforce the settlement agreement only *two weeks before* the October 1 fairness hearing necessarily deprives Defendants of the full response period allowed by the local rules, as their opposition (absent the Court granting a request by Plaintiffs to shorten time) would be due on the day of the fairness hearing. On August 31, the Court directed Plaintiffs to file further briefing and indicated that the matters would be considered at the October 1 hearing. Defendants promptly filed the information the Court

---

[3] Defendants do not believe the circumstances affect their ability to comply with the Court's deadlines to respond to class members' objections or to attest to the provision of class notice, and thus do not seek to modify those deadlines.

requested of the Government on September 4. But Plaintiffs intend to wait until the September 17 deadline to file such further briefing, and notified Defendants of their plans only yesterday.

14. Defendants attempted to reach agreement with Plaintiffs regarding an extension or postponement of the September 17 motion-for-final-approval deadline and October 1 fairness hearing. In fact, Plaintiffs' counsel initially expressed their interest in moving jointly for relief from these deadlines. Although Plaintiffs now refuse to join this request (despite the fact that their delay has caused the need for the requested relief), as noted above, counsel stated that they do not oppose the requested modifications set forth above.

15. This is the first time Defendants have sought a modification of the Court's final-approval deadlines. The Court previously granted one modification of the final-approval scheduling order at Plaintiffs' request. Specifically, at the August 31 status conference, the Court granted an extension of the deadline to September 17 to respond to class member objections. *See* Minute Order (Aug. 31, 2020).[4]

16. Defendants' requested modification will affect the final-approval schedule entered in this case. But the parties should litigate Plaintiffs' forthcoming motions first, in light of the parties' dispute about the agreement, as it may obviate the need for a fairness hearing altogether.

17. Should the Court prefer to move forward with the October 1 hearing as planned, Defendants respectfully request in the alternative that it nonetheless relieve Defendants of any obligation to file a motion for final approval on September 17 and instead allow Defendants to file responses to Plaintiffs' motions by no later than 5:00 p.m. on September 29, 2020, and that the Court forego any replies by Plaintiffs.

18. Additionally, Defendants respectfully request expedited consideration of this unopposed motion. If the Court proceeds with the October 1 hearing, Defendants must act

---

[4] The Court also previously granted extensions with respect to the following: Defendants' opposition to Plaintiffs' class certification motion (ECF No. 29), Defendants' response to Plaintiffs' Complaint (ECF No. 32), the briefing schedule for the parties' cross-motions for summary judgment (ECF Nos. 52, 65), and the briefing schedule for Plaintiffs' Rule 56(d) motion and motion to supplement the administrative record (ECF Nos. 70, 74).

quickly to provide the class notice requested by the Court.  As stated above, Plaintiffs first notified Defendants' counsel about this additional notice request on the afternoon of Friday, September 11 (three days after the Court communicated the request to Plaintiffs).  Defendants' counsel promptly alerted the Department on the same day Defendants' counsel learned about the request.  Because of the administrative and processing work needed to send an email to more than 160,000 email addresses, the Department estimates that it will take <u>4 to 6 business days</u> after the final content of the notice is determined to disseminate an email notice to all class members.  The Department advises that this time is needed for it to work with its contractors to review and load the finalized notice language onto the computer platform used for mass emails, to ensure that the email is sent in compliance with the requirements for providing access to persons with disabilities, and to run a sample population data check and test delivery before sending the emails.  Although Plaintiffs forwarded to Defendants' counsel the Court's instructions for the notice, the parties have not discussed the contents of any notice, which will be dependent upon whether a hearing is held on October 1 and the scope of the matters addressed at that hearing.

In accordance with 28 U.S.C. § 1746, I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. this 15th day of September, 2020.

/s/ Kathryn C. Davis<br>
KATHRYN C. DAVIS (DC Bar #985055)<br>
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                        */s/* Kathryn C. Davis
                                        KATHRYN C. DAVIS