JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
CLAIRE TORCHIANA (SBN 293026)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*pro hac vice*)
tomerrill@law.harvard.edu
MARGARET E. O'GRADY (*pro hac vice application pending*)
mogrady@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' RESPONSE TO OBJECTIONS TO THE PRELIMINARY SETTLEMENT AGREEMENT**<br><br>**HEARING DATE: OCT. 1, 2020**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

**INTRODUCTION**

Plaintiffs received 129 unique written objections or comments from class members in response to the Settlement Agreement (ECF No. 97-2, the "Agreement"). Twenty-five members of the class objected to the Agreement. Ninety-four members of the class filed comments. Ten class members offered written support for the Agreement. Of the 129 class members, twenty-three expressed a desire to attend and/or speak at the fairness hearing.

**I.   OBJECTIONS**

Nearly half of the twenty-five objections were premised on either the belief that the agreement was not sufficiently punitive to the Defendants in light of the Department of Education (ED)'s delay in adjudicating claims, and/or that it does not provide adequate relief to students. The remaining objections were based on: the failure of the Agreement to address the objectors' personal situation (4), objectors' wish to opt out of the class (4), failure to ensure that the ED applies the 2016 Borrower Defense Regulations to claims (2), and ED's "rash" or blanket denial of claims under the guise of compliance with the Agreement (2).

*A.   The Agreement is too lenient or does not provide adequate relief to students.*

Fourteen of the twenty-five objectors believed the Agreement was either insufficiently harsh in its treatment of ED or that it would not provide sufficient benefits to students. For example, typical of this category of objectors, one class member wrote that, "[n]ot only have we been mistreated by our schools, but we have also been forced to make payments to the Department of Education, while they take their sweet time to come to a decision." Objections to Settlement Agreement, *Sweet v. DeVos*, No. 19-cv-03675-WHA ("Objections") at SWEET000303 (N.D. Cal due Aug. 20, 2020). This objector believes the "Department of Education should compensate students for the interminable amount of time that they have made us wait…" *Id*. Similarly, another objector wished to see ED make cash payments directly to students as part of the settlement agreement "because it has been in the Department of Education's power to stop these schools and this predatory activity all along, yet they have chosen to allow it to happen…" Objections at SWEET000376. Many of the objectors in this

category found the timeline too generous to ED. *See, e.g.*, Objections at SWEET000444 (ED should have to "approve or deny all pending borrower defense applications within 6 months, in the order they were received"); *see also id*. at SWEET000906 ("With this proposed settlement this would still give them 18 months to approve or deny my borrower defense application then an additional 21 months if my application is approved to discharge my loan. I would be looking at many years…"). Plaintiffs agree that ED should expedite the processing of these claims, but believe the timeline set in the Settlement Agreement is worth enforcing.

A small number of these objectors simply believed plaintiffs should be afforded more relief in the Agreement either in the form of direct payments to students or the immediate discharge of all debts for all class members. While empathisizing with class members' frustrations, Plaintiffs believe the agreement will lead to faster decisions than class members would get absent the Agreement, and that the amount of relief ED grants is beyond the scope of this lawsuit.

A few objectors also believed ED would not act in good faith in executing its obligations under the Agreement.[1] One objector wrote that there "is ample evidence to believe [ED] have no intention of satisfying this obligation." Objections at SWEET000442. This author said he even empathizes with the large volume of applications received by ED but further noted that "we can all agree we did not all apply overnight." *Id*. As detailed in Plaintiffs' Motion for Final Approval and to Enforce the Settlement Agreement (filed Sep. 17, 2020), Plaintiffs believe the concerns regarding the Defendants' good faith compliance with the Settlement Agreement expressed by

---

[1] Indeed, the concern that ED would not actually review the applications at all was echoed by class members who provided statements in support of Plaintiffs' Motion for a Status Conference. *See, e.g.,* ECF No. 108-10 ¶ 15 (J. Howell Aff.) ("I am concerned that in response to the class action settlement in this case, sweeping decisions are being made on applications without having reviewed and considered each individual application"); 108-14 ¶ 16 (R. Howell Aff.) ("I feel these denials are being rubber stamped and that the Department has not taken time to consider and analyse [sic] the merits of each decision."); 108-15 ¶ 13 (Doe Aff.) ("I am upset that I waited over four years to get a decision, and it seems like the Department did not even read my Applications, and just gave me a template response.").

these objectors have, in fact, been borne out. Indeed, some objectors (noted below) believe the settlement agreement may have increased pressure on ED, which in turn led to blanket denials of claims.

### B. Other Objections

The eleven remaining objections addressed a variety of topics as discussed below.

#### 1. The Agreement does not apply to my specific situation.

Four objectors stated that the Agreement would not personally provide them with any benefit or help. Two believed it would not help those who had already paid off a significant amount of their federal loan debt. *See* Objections at SWEET000286 ("My major issue was just with an outcome for those…who do not have much of a loan to cancel."); *see also* Objections at SWEET000361. In response, Plaintiffs note that the agreement will only lead to decisions for settlement class members, and does not control the amount of relief granted to those class members. Such a term would be beyond the scope of this case.

#### 2. *I wish to be removed from the lawsuit or removed from the class.*

Four objectors expressed a desire to be removed from the lawsuit or an objection to the agreement without further elaboration. *See, e.g.*, Objections at SWEET000549. Without knowing the basis of these objections, Plaintiffs cannot address them. Moreover, because the lawsuit seeks injunctive relief with respect to the class as a whole pursuant to Federal Rule of Civil Procedure 23(b)(2), class members cannot meaningfully opt out, and opt-out rights were not included in the court-approved class notice, ECF 97-2 at 27. *See* 2 NEWBERG ON CLASS ACTIONS § 4:36 (5th ed.).

#### 3. *The Agreement must ensure ED decides borrower defense claims using 2016 Borrower Defense Regulations.*

Two objectors were concerned that ED would be deciding claims under a new set of rules promulgated by the current administration as opposed to prior rules in effect when they applied for a loan discharge. Objections at SWEET000252. This sentiment was also expressed by two

commenters (see below). The Agreement (¶ 4(C)(1)) requires the Department to decide claims using the standard in place when the loans were made and as written in the loan contract.

    4.    *The Agreement led ED to rashly consider and deny applications*.

One objector believed that this lawsuit caused ED to initiate a "blind rush of application rejection in order to meet the possible settlement of the dispute." Objections at SWEET000546, *see also supra* note 1. This class member found ED's 30-word denial "insulting and inappropriate" and the result of a hasty determination. *Id.* These sentiments echo the concerns raised above by objectors worried ED would not live up to its obligations. One other objector who primarily focused on the leniency afforded ED also believed the Agreement could lead ED to rush through applications. One other class member mentioned similar concerns without expressly objecting to the Agreement. *See* Objections at SWEET000314 ("I feel the presence of the lawsuit may have had an effect on their review of my Borrowers Defense Application."). Plaintiffs are similarly concerned with the rash blanket denials issued by ED. Plaintiffs allege that ED has not complied with its obligations under the Agreement, and are seeking relief from the Court in the form of a Motion to Enforce to rectify Defendants' breach of the Agreement.

## II.    COMMENTS

Ninety-four class members submitted letters that were more akin to comments rather than objections to the preliminarily approved Agreement. The vast majority of these comments were either simple recitations of the objector's personal story (60) or requests for this Court to intercede and discharge any debts for the objector (21). The remaining comments are discussed in greater detail below.

    A.    *Personal Narratives*

Sixty class members submitted letters detailing the stress and harm caused by their student loan debt. Most of these commenters express extreme frustration with either their school, ED, or both. One class member typifies this category, writing: "Illinois Institute of Art of Chicago has destroyed my life!, [sic] and has caused me many years of emotional and financial stress. I am 37 years old and still live with my parents. I haven't even had an opportunity to start my life yet!" Objections at SWEET000368. Another commenter calls himself "one of the

individuals who had their lives ruined by one of these predatory colleges." Objections at SWEET000911. This commenter states he has "been married for a year and [his] wife doesn't even know [he] went to DeVry because [he is] so ashamed [he] was that gullible." Objections at SWEET000913. He does not believe that his youthful mistake "should be punished by a lifetime of debt that realistically, [he]'ll never be able to pay." *Id*. For him, a "DeVry education did not improve my life, on the contrary, it destroyed it." *Id*. Many others describe in great detail how their debt has harmed their mental health. *See, e.g.*, Objections at SWEET000934 ("I am almost 40 years old, have suffered from depression, have never been able to hold on to a steady relationship, have children, or been able to get married because of this burden.") Although they are not objections to the agreement, these comments are immensely powerful and important.

### B. Debt Relief

The second-largest category of comments is requests for the court to intercede and discharge the commenter's debt. For example, one commenter wrote, "I am reaching out to you, Your Honor, pleading for your help. I need total forgiveness of this loan from DeVry." Objections at SWEET000250. Others echo that sentiment, and another commenter wrote, "I am here today asking for forgiveness of my student loan. I begging I make 20,0000 a year I cant [sic] take care of myself nor my 13 year old boy please." Objections at SWEET000449. One commenter simply wrote, "PLEASE I AM BEGGING AND PLEADING TO COURT TO REVIEW MY STUDENT LOAN AND RELEASE ME FROM THIS DEBT." Objections at SWEET000363. These comments speak to the gravity of the student debt crisis as exacerbated by the Department of Education's abandonment of borrowers cheated by for-profit colleges. They do not address the merits of the settlement directly.

### C. Other Comments

The remaining comments are: questions regarding the Agreement (3), commenters only expressing anger at ED (2), those only asking to attend the fairness hearing (1), commenters disputing ED's denial of their claim or asking this Court to review the denial (5), and a few commenters who seek amendments to the Agreement (2).

Plaintiffs' Response to Settlement Agreement Objections
(Case No. 3:19-CV-03674-WHA)

5

The two commenters who seek to amend the Agreement consider it to be a good start but inadequate as it stands. One of these commenters asked that the Agreement be amended to require ED to provide further reasoned analysis for denying claims, a more rigorous appeals process for reviewing its denials, and to process claims using regulations, rules, and laws in effect at the time the claim was submitted. Objections at SWEET000935. Plaintiffs agree that ED must make and explain decisions according to the Settlement Agreement and the law, and as a result are seeking to Enforce the Settlement Agreement along with their Motion for Final Approval of the Settlement Agreement (Sep. 17, 2020).

### III.  SUPPORTIVE STATEMENTS

Nine of the ten class members expressing support for the Agreement made comments that are general in nature. One typical statement reads: "I am writing in support of the settlement. As one of the many borrowers, I feel we deserve a prompt answer to our applications so that we may move forward with our lives." Objections at SWEET000227. The tenth statement evinced support for the agreement but expressed a desire that ED be required to review applications using regulations in effect at the time of their filing.

Dated: September 17, 2020

Respectfully submitted,

/s/ Eileen Connor
Eileen Connor

JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
CLAIRE TORCHIANA (SBN 293026)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200

Plaintiffs' Response to Settlement Agreement Objections
(Case No. 3:19-CV-03674-WHA)

Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*pro hac vice*)
tomerrill@law.harvard.edu
MARGARET E. O'GRADY *(pro hac vice application pending)*
mogrady@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*