# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and BETSY DEVOS, in her official capacity as Secretary of Education <br><br> Defendants. | No. 19-cv-03674-WHA <br><br><br> **DECLARATION OF MARK A. BROWN** |

I, Mark A. Brown, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am the Chief Operating Officer of Federal Student Aid ("FSA") in the U.S. Department of Education. I was appointed to my position on March 4, 2019, by U.S. Secretary of Education Betsy DeVos. I served in the U.S. Air Force ("USAF") for 32 years and retired as a major general. Most recently I served as the deputy commander for the Air Education and Training Command. Prior to that, I served in a series of roles in the USAF.

3. As Chief Operating Officer, I oversee the management of FSA. Through my duties as Chief Operating Officer and my discussions with Department staff working on borrower defense issues, I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration regarding the Department's processing of borrower defense applications submitted by members of the class certified by the Court in this action and consisting of "[a]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.)." Dkt. 46. The statements contained herein are based on my personal knowledge as an employee of the Department, my review of the pertinent records, and information provided to me in the performance of my official duties.

4. Attachment 1 to this Declaration is a chart regarding the institutions identified in my Declaration dated October 1, 2020 (ECF No. 140-1) at paragraph 12, which includes schools/school groups from which the Department has determined that some individual

Declaration of Mark A. Brown
19-cv-3674-WHA

1

borrowers are ineligible for borrower defense relief.[1]  For some of these institutions, the Department is in possession of certain "common evidence", i.e., relevant underlying evidence of misconduct compiled from various sources, including federal agencies, state attorneys general, and the Department's regular oversight activities.

5.  The schools are ordered by ownership group, where applicable (see column 1), and the chart identifies the categories of applications relating to those schools that have been cleared for adjudication to date (see column 2).  A determination that a category of applications is cleared for adjudication is based on the Department's assessment of the scope of common evidence—e.g., what time periods, locations, programs and/or types of misconduct the evidence pertains to—in the Department's possession.  The sources of the Department's common evidence are listed in the third column of the chart.  For those categories of applications cleared for adjudication (see column 2), the Department has concluded that the common evidence in the Department's possession (see column 3) does not provide a basis for approval. These applications, therefore, are adjudicated based on the evidence that the borrower submitted with his or her application.  The Department is continuing to analyze the common evidence in its possession to determine whether and under what circumstances that evidence provides a basis for granting the remaining borrower defense applications that are potentially within the scope of the common evidence and have not yet been cleared for adjudication.

6.  The chart also includes a fourth column listing relevant final determinations made by the Department, an accreditor, or another entity that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted.  The fourth column is limited to final adverse determinations on the merits and does not include mere allegations,

---

[1] The Department's general practice is not to release the names of schools/school groups with fewer than 10 individual borrowers to protect the identity of the individual borrowers.

complaints, or investigations of misconduct by a federal agency, state attorney general, or other enforcement entity, or settlements in which the school does not admit guilt, which do not themselves constitute final judgments or final determinations on the merits. Where the Department is aware of such determinations, it will consider them, as it does with the common evidence listed in the third column of the chart, in its consideration of whether to grant borrower defense relief to a given application or category of applications. When adjudicating borrower defense applications, however, the Department conducts its own independent review of any relevant underlying evidence (see column 3) and any relevant final determinations (see column 4) to determine whether relief is appropriate under the standards set forth in its regulations. The Department engages in such independent review, consistent with its regulations, regardless of the determinations of outside entities.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 14th day of October 2020.

*Mark A. Brown*
_____
Mark A. Brown
Chief Operating Officer of Federal Student Aid
Office of Federal Student Aid
United States Department of Education

Declaration of Mark A. Brown
19-cv-3674-WHA