# Attachment 1

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Apollo Group, Inc (University of Phoenix) | •Borrowers who enrolled after 10/1/2012 and do not make allegations relating to partnerships with large companies or programmatic accreditation.<br>•Borrowers who enrolled before 10/1/2012 and do not make allegations relating to certain military recruitment conduct. | •Federal Trade Commission (FTC)<br>•IA Attorney General's Office<br>•Evidence obtained by the Department in conjunction with its regular oversight activities<br>•Publicly available records relating to US ex rel. Green v. Univ. of Phoenix, No. 14 001654 (N.D. Oh. Apr. 29, 2019)<br>•Materials compiled by non-profit group, Veterans Education Success (VES)<br>•Publicly available securities filings made by University of Phoenix's parent company, Apollo Education Group | •In a letter dated March 9, 2020, the Department of Veterans Affairs (VA) concluded that "there is sufficient evidence to support a finding" that UOP falsely advertised corporate partnerships beginning in 2012. |

---

[1] The Department also will consider evidence received from schools if provided.
[2] Allegations, complaints, investigations, and settlements are not included in this column.  However, where evidence from an investigation or lawsuit was provided to the Department, the source is included in the common evidence identified in the third column.

1

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Bridgepoint Inc./Zovio (Ashford University) | Applications that do not fit the criteria below:<br><br>• Borrowers who enrolled between January 1, 2005 and April 8, 2016 and allege they were informed credits would transfer in to Ashford from another college and those credits did not transfer; or<br>• Borrowers who enrolled between July 1, 2007 and May 15, 2014 and allege they were told they would be eligible to become a teacher in any state. | • IA Attorney General's Office<br>• CA Attorney General's Office<br>• Evidence obtained by the Department in conjunction with its regular oversight activities | None. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| **Career Education Corp.** (Katherine Gibbs School, Lehigh Valley College, McIntosh College, Brooks College, Washington Business School, Allentown Business School, Harrington College of Design, School of Computer Technology, Missouri College, Al Collins Graphic Design School, Brown College, Brown Institute, Orlando Culinary Academy, Southern California School of Culinary Arts, Pennsylvania Culinary Institute, California Culinary Academy, California School of Culinary Arts, Cooking and Hospitality Institute of Chicago, Scottsdale Culinary Institute, Texas Culinary Academy, Kitchen Academy, Le Cordon Bleu College of Culinary Arts, Le Cordon Bleu Institute of Culinary Arts, Le Cordon Bleu College of Culinary Arts in Chicago, Western Culinary | Applications that do not fit the criteria below:<br><br>**All schools:**<br>•Borrowers who make allegations regarding programmatic accreditation.<br><br>**Western School of Health and Business or Pittsburgh Career Institute:**<br>•Borrowers who enrolled between May 1, 1999 and May 22, 2004.<br><br>**Brooks Institute of Photography, Collins College, IADT campuses (at Chicago, Detroit, Las Vegas, Nashville, Online, Orlando, Sacramento, San Antonio, Schaumburg, Seattle, Tampa), or SBC/SBI campuses (at Ft. Lauderdale, Iselin, Jacksonville, Landover, Tampa, or Trevose):**<br>•Borrowers who enrolled between September 16, 2010 and September 16, 2011 and make job placement or employment allegations.<br><br>**Brooks Institute of Photography, Brown College in Mendota Heights, Missouri College, IADT campuses (at Chicago, Detroit, Las Vegas, Nashville, Online, Orlando, Sacramento, San Antonio, Schaumburg, Seattle, or Tampa), Le Cordon Blue campuses (at Atlanta, Boston, Los Angeles/Hollywood, Las | • NY Attorney General's Office<br>• PA Attorney General's Office<br>• Evidence obtained by the Department in conjunction with its regular oversight activities<br>• Publicly available securities filings made by Career Education Corporation (now known as Perdoceo Education Corporation)<br>• Multi-State Attorney General Assurance of Voluntary Compliance (effective January 2, 2019) | None. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Institute, Pittsburgh Career Institute Western School of Health and Business Careers, American InterContinental University ("AIU"), Briarcliffe College, SBI Campus - an affiliate of Sanford-Brown, Brooks Institute of Photography, Collins College, Colorado Technical University ("CTU"), Sanford-Brown College ("SBC"), Sanford-Brown Institute ("SBI"), Ultrasound Diagnostic Schools, Katharine Gibbs School, Gibbs College, International Academy of Design and Technology ("IADT")) | **Vegas, Miami, Scottsdale, San Francisco), California Culinary Academy, Collins College, SBC/SBI campuses (at Ft. Lauderdale, Iselin, Jacksonville, Landover, Tampa, Trevose, Cranston, or Wilkins Township):**<br>•Borrowers who enrolled between September 16, 2011 and September 16, 2012 and make job placement or employment allegations.<br><br>**AIU, CTU, Briarcliffe College, SBC/SBI campuses (in New York, Melville, Garden City, or White Plains):**<br>•Borrowers who enrolled between July 1, 2009 and June 30, 2012 and make job placement or employment allegations. | | |
| **Concorde Career Colleges** (Concord Career Colleges) | Applications that do not fit the criteria below:<br>•Borrowers who enrolled in the Respiratory Therapy program before July 31, 2017. | •Evidence obtained by the Department in conjunction with its regular oversight activities. | None. |

4

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Corinthian Colleges Inc. (Everest, Heald, WyoTech) | All Corinthian applications are cleared for adjudication.  All categories of Corinthian claims applications have review protocols, and there are no categories of applications pending further review. | NA | •In 2015 the Department found that CCI misrepresented its job placement rates.<br><br>•In 2016 the Department found that CCI misrepresented employment prospects.<br><br>•In 2016 the Department found that CCI misrepresented the ability to transfer credits. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Delta CEC (McCann, Miller-Motte Technical College, Miami Jacobs) | McCann, Miller-Motte Technical College:<br>•Borrowers who were not enrolled in the medical lab technician program.<br><br>Miami Jacobs:<br>•Borrowers who were not enrolled in the Licensed Practical Nurse program at the Dayton, Troy, and Springboro campuses.<br><br>Academy Court Reporting:<br>•All applications. | •Evidence obtained by the Department in conjunction with its regular oversight activities | None. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| **DeVry** (DeVry University, DeVry College of Technology, DeVry Institute of Technology, Chamberlain University, Keller Graduate School of Management, Ross University School of Veterinary Medicine, Ross University School of Medicine, Carrington College, American University of the Caribbean School of Medicine) | **For DeVry University, DeVry Institute of Technology, DeVry College of Technology:** All applications from: • Borrowers who enrolled before 2008; • Borrowers who enrolled after 2015; or • Borrowers who enrolled between 2008 and 2015 and did not make a job placement rate or employment prospects allegation.<br><br>**For Keller Graduate School of Management:** •All applications, with the exception of 31 borrowers involved in ongoing litigation (*Luis Rangel, et al. v. Adtalem Global Education, Inc. and DeVry University, Inc.*).<br><br>**For all other DeVry brands:** •All applications. | •Evidence obtained by the Department in conjunction with its regular oversight activities<br>•Federal Trade Commission (FTC) | •None. However, we will consider the Department's 2016 Notice of Intent to Limit which concluded that DeVry "failed to meet the substantiation requirement" with respect to the Since 1975 placement rate representation made in advertisements between at least February 2008 and January 23, 2014. |

7

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| ECA College (Brightwood College, Brightwood Career Institute (post 09/30/2015), Virginia College) | Applications that do not fit the criteria below:<br>•Borrowers who enrolled after May 1, 2018 at Sacramento, Towson, or Baltimore campus and make a transfer of credits allegation;<br>•Borrowers who enrolled after January 25, 2018 at a Laredo campus and make an educational services allegation;<br>•Borrowers who enrolled after January 10, 2018 at a Jackson campus, and make an educational services allegation; or<br>•Borrowers who enrolled after February 1, 2018 at a Biloxi campus and make an educational services allegation. | •Evidence obtained by the Department in conjunction with its regular oversight activities.<br>•MD Attorney General's Office.<br>•Materials compiled by ECA's accreditor, the Accrediting Council for Independent Colleges and Schools (ACICS).<br>•Materials compiled by the Accrediting Council for Continuing Education and Training (ACCET).<br>•Interviews with former employees. | •In 2018, there were accreditor findings that thirty-one of thirty-three campuses failed to meet the required completion and job placement benchmarks. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Education Management Corporation[3]  (Argosy University, South University, Brown Mackie, The Art Institutes, Western State University College of Law) | **Argosy**<br>•Borrowers who did not attend a masters or doctorate level psychology program.<br><br>**The Art Institutes**<br>•Borrowers who enrolled before January 1, 2009 and on or after January 1, 2016.<br><br>**Brown Mackie**<br>•Borrowers who enrolled before January 1, 2009 and on or after January 1, 2016.<br><br>**South University**<br>•Borrowers who did not attend a nursing program in 2009.<br><br>**Western State University College of Law**<br>All applications are cleared for adjudication. | •CO Attorney General's Office<br>•IA Attorney General's Office<br>•IL Attorney General's Office<br>•PA Attorney General's Office<br>•Evidence obtained by the Department in conjunction with its regular oversight activities<br>•First, Second and Third Annual Reports of the Settlement Administrator under the Consent Judgments with EDMC<br>•Senate Hearing Testimony of EDMC career services adviser before the Committee on Health, Education, Labor, and Pensions (September 30, 2010)<br>•Materials, including publicly available securities filings, prepared by Education Management Corporation | None. |

---

[3] The Department is considering Dream Center's ownership of former EDMC schools separately from the EMDC ownership period and is still in the process of reviewing the common evidence related to Dream Center.  No Dream Center applications have been cleared for adjudication.

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| ITT Technical Institute (ITT Technical Institute) | •Borrowers who enrolled prior to January 1, 2005;<br>•Borrowers who enrolled in a California campus on or after January 1, 2005 and alleged an employment prospect misrepresentation; or<br>•Borrowers who enrolled on or after January 1, 2005 and only alleged misrepresentations related to educational services and/or program costs. | •Consumer Financial Protection Bureau (CFPB)<br>•Evidence obtained by the Department in conjunction with its regular oversight activities<br>•IA Attorney General's Office<br>•MA Attorney General's Office<br>•NM Attorney General's Office<br>•Transcript of Testimony of ITT Tech Recruiter before the National Advisory Council on Institutional Quality and Integrity (NACIQI) (June 23, 2016).<br>•Materials compiled by ITT Tech's accreditor, the Accrediting Council for Independent Colleges and Schools (ACICS).<br>•Materials compiled by non-profit group, ---Veterans Education Success (VES).<br>•Materials prepared by ITT Educational Services, Inc. | •January 1, 2017, finding by the Department that ITT misrepresented to borrowers who attended in California that ITT would promise, guarantee, or otherwise assure job placement following graduation.<br><br>•In 2016, ITT's accreditor ACICS issued a show-cause directive concerning ITT's incorrect method of calculating job placement rates. The Department subsequently placed ITT on heightened cash monitoring status, level 2. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| JTC Education Inc. (Gwinnett College, MedTech College, Radians College) | Applications that do not fit the criteria below:<br><br>Borrowers enrolled in the following six programs and make a job placement, employment prospects, or job placement rate allegation:<br>•Falls Church, VA (02588900) Medical Assistant diploma program;<br>•Silver Spring, MD (02588902) Medical Assistant diploma program;<br>•Silver Spring, MD (02588902) Medical Insurance Billing and Coding diploma program;<br>•Washington, D.C. (02588904) Medical Assistant associate of applied science program;<br>•Atlanta, GA (03804400) Medical Assistant associate program;<br>•Tucker, GA (03804402) Medical Assistant diploma program. | •Evidence obtained by the Department in conjunction with its regular oversight activities | •In 2016, the Department found that MedTech made numerous misrepresentations to its accreditor, to the Department, and to the public regarding job placement rates of its graduates. |
| Kaplan Inc. (CHI Institute, Kaplan Career Institute, Kaplan College, Kaplan University) | •Borrowers who did not attend in MA, TX or PA. | •MA Attorney General's Office<br>•FL Attorney General's Office<br>•Department of Justice – Western District of Texas (Coleman Settlement)<br>•USAO For Eastern District of Pennsylvania<br>•Evidence obtained by the Department in conjunction with its regular oversight activities | None. |

11

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| Laureate (Walden) | •Borrowers who did not make allegations regarding delays to program completion once enrolled in the thesis, Knowledge Area Module (KAM), and/or dissertation courses. | •Evidence obtained by the Department in conjunction with its regular oversight activities | None. |
| Lincoln Technical Institute Inc. (Lincoln Technical Institute) | Applications that do not fit the criteria below:<br>•Borrowers who enrolled between 1/1/2007 and 12/31/2013, who enrolled (a) at a campus in MA, CT, NJ or OH; and (b) enrolled in a criminal justice or medical program (excluding nursing or phlebotomy programs); and<br>•Borrowers who enrolled in an electronic systems technology program at the Columbia, MD campus between 2007 and 2013. | • MA Attorney General's Office<br>•Nelson v. Lincoln Technical Institute, Inc.<br>•Evidence obtained by the Department in conjunction with its regular oversight activities.<br>•Materials, including publicly available securities filings, prepared by Lincoln Technical Institute, Inc. | None. |
| Star Career Academy (Star Career Academy) | Applications that do not fit the criteria below:<br>•Borrowers who enrolled in a medical program between 7/1/2009 and 6/30/2011 at any campus; and<br>•Borrowers who enrolled in a surgical technology program after 1/1/2011 at a NJ campus. | •Evidence obtained by the Department in conjunction with its regular oversight activities<br>•Publicly available records relating to Polanco v. Star Career Academy (N.J. Super. No. CAM-L-002565-19) | •In 2018, the Department's program review found that Star Academy failed to provide, hands-on training to student through externship experience during the 2009/2010 and 2010/2011 school years at particular locations. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| The Infilaw System (Charlotte School of Law) | • Borrowers who separated from the school before February 24, 2015. | • Evidence obtained by the Department in conjunction with its regular oversight activities<br>• North Carolina DOJ | • In 2016, the Department sent Charlotte School of Law a notification that it was denying its recertification based on its failure to comply with American Bar Association standards and substantial misrepresentations regarding the nature of its academic program.  Specific findings include accreditation, academic program, and bar passage rate misrepresentations. |

| Column 1 | Column 2 | Column 3 | Column 4 |
|---|---|---|---|
| School Ownership Group (School Name) | Categories of Applications Determined Not to be Within the Scope of the Common Evidence listed in Column 3: | All other applications are pending further review of Common Evidence (i.e., relevant underlying evidence in the Department's possession) including from the following sources:[1] | Relevant final determinations made by the Department, an accreditor, or other entity[2] that the school made misrepresentations or engaged in fraudulent conduct for which borrower defense relief may be granted: |
| **Westwood College** (Westwood College) | •Borrowers who enrolled in Westwood Illinois brick-and-mortar campuses prior to May 1, 2004; or<br>•Borrowers who enrolled in Westwood brick-and-mortar campuses in California, Georgia, or Virginia. | •Evidence obtained by the Department in conjunction with its regular oversight activities<br>•IL Attorney General's Office<br>•Westwood internal training and policy documents | •In 2010, Texas Workforce Commission imposed fines to Westwood Alta Colleges campuses in Texas for a pattern of noncompliance, citating "marketing and recruiting related violations."<br><br>•In March 2011, the Department of Veterans Affairs (VA) disqualified three Westwood Texas campuses from the GI Bill program, withdrawing education benefits after finding that each engaged in misleading and deceptive marketing and enrollment practices. |