JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
KATHRYN C. DAVIS
Senior Trial Counsel
R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 3:19-cv-03674-WHA <br><br> **DEFENDANTS' RESPONSE TO OCTOBER 19, 2020 ORDER TO SHOW CAUSE** |

On October 19, 2020, the Court ordered the parties to "show cause why the Secretary should not be enjoined from further denial of class members' borrower-defense applications until a ruling on that form of denial can be had." Order Denying Class Settlement, to Resume Discovery, and to Show Cause at 17, ECF No. 146 ("Show Cause Order"). Defendants, the United States Department of Education ("Department") and Secretary DeVos, in her official capacity, submit the following response.

A preliminary injunction is "an extraordinary and drastic remedy" that should not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Here, because the Court's order regarding a potential preliminary injunction requires simultaneous briefing, there is currently no motion from Plaintiffs attempting to satisfy these criteria to which Defendants could respond. As explained further below, if the Court is inclined to issue a preliminary injunction notwithstanding this filing, Defendants respectfully request the opportunity to respond to Plaintiffs' response to the Court's Show Cause Order.

As Defendants have previously argued, Plaintiffs cannot establish a likelihood of success on the merits of a claim challenging the sufficiency of the Department's denial notices because Plaintiffs pled no such claim and that issue is beyond the scope of the complaint and this case.[1] *See, e.g.*, Defs.' Opp'n to Pls.' Mot. to Enforce Settlement Agreement, ECF No. 140. Indeed, an injunction barring the issuance of borrower defense decisions is the exact opposite of the relief Plaintiffs sought in their complaint—*i.e.*, a "simple" order compelling the Department to "start granting or denying their borrower defenses." Compl. ¶ 10, ECF No. 1; *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint itself," and that such relationship is only "sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally'" (citation omitted)).

Ultimately, however, the Court need not engage in the required preliminary injunction analysis because, effective October 21, 2020, the Department stopped "issuing further decisions

---

[1] Nor have Plaintiffs moved to amend their complaint to include new claims about the sufficiency of the Department's denial notices. The claim in their complaint thus remains the basis for determining the proper scope of the present litigation—including scope of discovery, class certification, and relief.

denying the borrower defense applications of class members," and it will continue to refrain from doing so until a ruling on that form of denial can be had.[2]  Decl. of Mark A. Brown ("Brown Decl.") ¶ 5, attached hereto as Exhibit A.  Moreover, the class members (including those who have already received denial notices), along with all borrowers of federal Department-held loans, are not currently required to make payments on their federal loans through at least December 31, 2020 under the terms of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, and a Presidential Memorandum.  Brown Decl. ¶¶ 6-7.  As a show of good faith and to ensure that no class member is required to make payments while the merits of this case are being litigated, the Department further represents that, if there is no general extension of the CARES Act protections for all federal student loan borrowers by January 1, 2021, the Department will take action to ensure that all of the class members are held in forbearance (or other appropriate repayment status), with no payments due, until the Court enters a final judgment on the merits. *Id*. ¶ 7.  In light of these representations, there is no need for the Court to enjoin Defendants from taking action they have already agreed not to take.

Moreover, in light of the Department's voluntary actions, Plaintiffs cannot make the showing of irreparable harm that is "necessary" to their obtaining preliminary injunctive relief. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 n.6 (9th Cir. 2011).  "The Ninth Circuit considers cessation of alleged misconduct to be a relevant factor in determining whether the plaintiff has carried its burden of demonstrating a likelihood of irreparable harm."  *SV3, LLC v. GG Distrib., Inc.*, Case No. EDCV 19-46 JGB (SPx), 2019 WL 1090772, at *3 (C.D. Cal. Feb. 6, 2019) (citing *Lofton v. Verizon Wireless LLC*, 586 F. App'x 420, 421 (9th Cir. 2014)).  Indeed, "such cessation weighs heavily in determining whether [a plaintiff] has established that it will suffer irreparable harm if an injunction is not entered."  *JTH Tax, Inc. v. Its Fin., LLC*, Civil Case No. 2:08-cv-271, 2008 WL 11512368, at *3 (E.D. Va. Dec. 15, 2008); *see also Patrick v. Success Acad. Charter Schs., Inc.*, 17-CV-6846 (PKC) (RLM), 2017 WL 6557478, at *5 (E.D.N.Y. Dec.

---

[2] In an effort to conserve the resources of the parties and the Court, undersigned counsel for Defendants notified counsel for Plaintiffs of this fact and raised the possibility of reaching an agreement that a preliminary injunction is unnecessary here.  Plaintiffs' counsel did not engage in negotiations on this topic.

22, 2017) (finding that voluntary action taken by the defendants weighed "heavily against" preliminary injunctive relief).

Here, Plaintiffs cannot claim irreparable harm from the Department's denial notices because, for the duration of these proceedings, the Department will not be issuing such notices and Plaintiffs will not be required to make any payments on their relevant federal loans,[3] regardless of whether they have already received such a denial notice. The Department's representations about this are "entitled to a presumption of good faith," *Planning & Conservation League v. U.S. Bureau of Reclamation*, No. C 05-3527 CW, 2006 WL 8459848, at *2 (N.D. Cal. May 15, 2006) (quoting *Calton v. Babbitt*, 147 F. Supp. 2d 4, 8 (D.D.C. 2001)), and are especially persuasive here where the Court has scheduled expedited proceedings such that the Department's voluntary forbearance would only need to span a matter of a few months, *cf. Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1192-93 (W.D. Wash. 2005) (finding that a defendant's "representation in this litigation" that it would not take certain action "substantially limit[ed] the likelihood" that the plaintiffs would suffer irreparable harm). No harm would accrue to Plaintiffs as a result of the Department's denial notices unless and until the Department resumes taking such action, which would only be subsequent to a ruling on the merits of this case. *See, e.g.*, *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) ("Injury that is hypothetical or speculative does not rise to the level of irreparable harm."); *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").

For these reasons, the Court's proposed preliminary injunction is neither necessary nor appropriate. Should Plaintiffs' brief in response to the Show Cause Order, due at the same time as this response brief, seek preliminary relief beyond that suggested by the Court's Show Cause Order (that is, enjoining the Secretary from "further denial of class members' borrower-defense applications until a ruling on that form of denial can be had"), Defendants respectfully request an opportunity to respond.

---

[3] And of course, "monetary harm does not constitute irreparable harm" in any event. *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2011 WL 2654093, at *2 (N.D. Cal. July 6, 2011) (quoting *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009)).

Dated: October 30, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
KATHRYN C. DAVIS
Senior Trial Counsel
R. CHARLIE MERRITT (VA Bar # 89400)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*