1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

THERESA SWEET, ALICIA DAVIS, TRESA     Case No.: 19-cv-03674-WHA
APODACA, CHENELLE ARCHIBALD,

4

DANIEL DEEGAN, SAMUEL HOOD, and

5

JESSICA JACOBSON on behalf of themselves
and all others similarly situated,                              **AFFIDAVIT OF JENNIFER LEZAN**

6

                    Plaintiffs,
                v.

7

ELISABETH DEVOS, in her official capacity

8

as Secretary of the United States Department of
Education,

9

                And
THE UNITED STATES DEPARTMENT OF

10

EDUCATION,

11

                    Defendants.

12
13

I, Jennifer Lezan, state as follows:

14
15

1.  I am submitting this affidavit in relation to the above-captioned case.

16

2.  I borrowed federal student loans in order to attend the Illinois Institute of Art Chicago

17

    and Illinois Institute of Art Schaumberg ("Ai") (owned by Education Management

18

    Corporation / Dream Center Education Holdings).

19

3.  In 2018, I submitted a borrower defense application to the United States Department of

20

    Education, asking for these loans to be cancelled. I am unable at this time to locate a copy

21

    of my original application. In my application, I included evidence of misconduct that I

22
23

    had gathered myself and that other students of Ai had found.

24

4.  On August 6, 2020, I received correspondence from the Department of Education, stating

25

    that my claim had been denied.  A copy of that correspondence is attached as Exhibit A.

26
27
28

Affidavit of Jennifer Lezan

5. On October 1, 2020, I participated in the Zoom chat for the class hearing in this case. In that chat, I expressed that the denial letter another class member read aloud was identical to the denial letter I had received, as had many other former Ai students.

6. For most of the time between when I submitted my application for loan cancellation and when I received the notification of denial, my loans were in forbearance.

7. I did get unexpectedly removed from forbearance in the summer of 2019, and I had to go through an extended process of calling the Department of Education and signing new documents to get my forbearance restored. I was told that there was some sort of "glitch in the system" that affected many people with pending borrower defense applications. This was a long and frustrating process because most of the people at the Department who I spoke to on the phone didn't understand my problem or know who to send me to for help.

8. As of now, my loans are still in forbearance due to the CARES Act, which extended forbearance for student loans through January 2021. However, if CARES Act forbearance is not extended, I will suffer serious financial hardship.

9. With accrued interest, my student loans currently total over $180,000. If I have to go into repayment, I will re-apply for income-based repayment ("IBR"), but I don't know if I will qualify or what my monthly payment would be. The IBR process is also complicated and intimidating. Based on my experiences with the Department of Education, I do not necessarily trust them to treat my IBR application fairly.

10. If I cannot get a zero monthly payment through IBR, I simply would not be able to pay my loans. I am currently employed as an adjunct professor with a very low salary and no benefits, and I have two daughters to support.

Affidavit of Jennifer Lezan

11. I do not understand whether the Department looked at the evidence that I submitted, and I do not understand how the evidence I did submit was not enough. My application contains details about my experience and publicly available information about Ai's use of high-pressure and deceptive practices.

12. There have already been findings of fraud against Ai and its parent companies from government investigations, including the Department of Justice. Multiple Ai campuses have been closed down nationwide. The Attorney General in Illinois is still investigating Ai for misrepresentations regarding gainful employment. I do not understand how the Department of Education could conclude that there was no misconduct when these facts are already publicly known.

13. I am frustrated that the denial I received seems to have been a "rubber stamp" denial, as a representative could not possibly have thoroughly reviewed the information I provided.

14. The fact that Department of Education delayed my borrower defense application for three years and then issued this vague, incomplete denial has caused me, and is causing me, financial and emotional harm.

15. I applied to Ai as a first-generation Latina college student. Now, years later, I know that their claims of 98% job placement and high salaries should have been a red flag, but at the time I wasn't in a position to know better.

16. I graduated from Ai in 2008. For the first 3-4 years afterward, I was constantly battling with loan servicers; they were asking for payments the size of a home mortgage, when I was 20 years old, underemployed, and had a 1-year-old child. I was not told about IBR, and instead they would push forbearance, where more interest would accrue. I was working multiple jobs just to survive.

Affidavit of Jennifer Lezan

17. I suffer from anxiety and PTSD due to trauma I experienced in childhood and in my first marriage, so having to deal with student loan collections on top of these difficulties was emotionally overwhelming.

18. I've faced backlash from people who think I "just don't want to be responsible" because I've tried to get my student loan debt cancelled. Even though I know it's not true, it is still emotionally difficult to face these kinds of attitudes.

19. Eventually, with hard work, I was able to turn many of my feelings of sadness, embarrassment, and fear into anger and a determination do something to help others who faced my same situation.

20. I am now an adjunct professor of marketing and graphic design & illustration at Southern New Hampshire University. I dedicate a lot of time to talking to my students about their student loan debt, such as how to consolidate loans and their options through community college.

21. In order to get the job I have now, I had to take on more debt to go to graduate school. When I applied to graduate programs, I had to take extra steps to prove that I was capable of doing the work because I had a for-profit school degree.

22. Even though I'm glad to be able to help others learn more about student debt, I feel frustrated that this work falls to me, a person who was defrauded, instead of the government using its power to help fix the problem of predatory for-profit colleges. In fact, my experience has shown me that it's the opposite – between the Department's delays and its rubber-stamp claim denials, I feel like our government is having a hand in corruption, and aiding the people who want to take advantage of vulnerable students.

Affidavit of Jennifer Lezan

23. When I've talked with other people in my same situation, I've heard many of them talk about being suicidal because of their experiences with predatory student loan debt. I felt that way sometimes when I was in my 20s, because if you think there's nothing you can do, you question what's the point of trying. I'm angry and mournful that young people are still being made to feel that way because of a broken system, especially young people of color, who are even more at risk of being taken advantage of.

24. I have two daughters, and they don't deserve this fate. They deserve to get a higher education and create opportunities to do good for the world and themselves. But because of my student loan debt, I can't save money for them. I can't buy a house or car because of my debt-to-income ratio.

25. Even though I love teaching, my experience with my borrower defense application sometimes makes me feel like just another part of a broken system.

26. I know there are thousands of people with experiences like mine. Through this lawsuit, we have learned that so many of us got "copy and paste" denials of our borrower defense applications, with just the name of the school changed. I simply cannot believe that these denials were the product of due diligence and good faith. It is so frustrating to see that, while we are just trying to make a living and care for our families, the government agency that is supposed to protect students and borrowers is not taking us seriously.

27. The denial notice states that I may ask for reconsideration. I am not sure what this means, nor what information I would need to provide to be reconsidered. I have not filed for reconsideration.

28. I have considered challenging the denial of my application in court, but I cannot afford a lawyer to do so.

Affidavit of Jennifer Lezan

1

2   I swear under penalty of perjury that the foregoing is true.

3

4   Executed on:   October 28, 2020

5                  Naperville, Illinois

6                                    Jennifer M. Lezan (Oct 28, 2020 17:46 CDT)

7                                    Jennifer Lezan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    6

Affidavit of Jennifer Lezan

# Exhibit A



From: **Borrower Defense** <borrowerdefense@ed.gov>
Date: Thu, Aug 6, 2020 at 10:31 AM
Subject: Borrower defense discharge ineligibility information for you [
██████████████████████ ]
To: ████████████████████████████



8/6/2020

Borrower Defense Application #: ████████

Dear Jennifer Lezan:

The U.S. Department of Education (ED) has completed its review of your application under the applicable Borrower Defense to Repayment regulations for discharge of your William D. Ford Federal Direct Loans (Direct Loans) made in connection with your or your child's enrollment at Illinois Institute of Art (The). "You" as used here should be read to include your child if you are a Direct PLUS Loan borrower who requested a discharge for loans taken out to pay for a child's enrollment at Illinois Institute of Art (The). ED has determined that your application is ineligible for relief based on review of the facts of your claim and the regulatory criteria for relief; this decision means that your Direct Loans will not be discharged. ED explains the reasons below.

**Applicable Law**

For Direct Loans first disbursed prior to July 1, 2017, a borrower may be eligible for a discharge (forgiveness) of part or all of one or more Direct Loans if the borrower's school engaged in acts or omissions that would give rise to a cause of action against the school under applicable state law. See § 455(h) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e(h), and 34 C.F.R. § 685.206(c) and 685.222 (the Borrower Defense regulations). ED recognizes a borrower's defense to repayment

of a Direct Loan only if the cause of action directly relates to the Direct Loan or to the school's provision of educational services for which the Direct Loan was provided. 34 C.F.R. §§685.206(c)(1), 685.222(a)(5); U.S. Department of Education, Notice of Interpretation, 60 Fed. Reg. 37,769 (Jul. 21, 1995).

**Why was my application determined to be ineligible?**

ED reviewed your borrower defense claims based on any evidence submitted by you in support of your application, your loan data from National Student Loan Data System (NSLDS®), and evidence provided by other borrowers.

Allegation 1: Employment Prospects

You allege that Illinois Institute of Art (The) engaged in misconduct related to Employment Prospects. This allegation fails for the following reason(s): Insufficient Evidence.

Your claim for relief on this basis therefore is denied.

Allegation 2: Program Cost and Nature of Loans

You allege that Illinois Institute of Art (The) engaged in misconduct related to Program Cost and Nature of Loans. This allegation fails for the following reason(s): Insufficient Evidence.

Your claim for relief on this basis therefore is denied.

Allegation 3: Transferring Credits

You allege that Illinois Institute of Art (The) engaged in misconduct related to Transferring Credits. This allegation fails for the following reason(s): Insufficient Evidence.

Your claim for relief on this basis therefore is denied.

Allegation 4: Career Services

You allege that Illinois Institute of Art (The) engaged in misconduct related to Career Services. This allegation fails for the following reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

Allegation 5: Educational Services

You allege that Illinois Institute of Art (The) engaged in misconduct related

to Educational Services. This allegation fails for the following reason(s):
Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

Allegation 6: Admissions and Urgency to Enroll

You allege that Illinois Institute of Art (The) engaged in misconduct related
to Admissions and Urgency to Enroll. This allegation fails for the following
reason(s): Failure to State a Legal Claim.

Your claim for relief on this basis therefore is denied.

Allegation 7: Other

You allege that Illinois Institute of Art (The) engaged in misconduct related
to Other. This allegation fails for the following reason(s): Failure to State a
Legal Claim.

Your claim for relief on this basis therefore is denied.

**What evidence was considered in determining my application's
ineligibility?**

We reviewed evidence provided by you and other borrowers who attended
your school. Additionally, we considered evidence gathered from the
following sources:

IA Attorney General's Office
IL Attorney General's Office
CO Attorney General's Office
Evidence obtained by the Department in conjunction with its regular
oversight activities
Senate Hearing Testimony of EDMC career services adviser before the
Committee on Health, Education, Labor, and Pensions (September 30,
2010)
Materials, including publicly available securities filings, prepared by
Education Management Corporation

**What if I do not agree with this decision?**

If you disagree with this decision, you may ask ED to reconsider your
application. To submit a request for reconsideration, please send an email
with the subject line "Request for
Reconsideration [                                    ]"
to BorrowerDefense@ed.gov or mail your request to U.S. Department of
Education, P.O. Box 1854, Monticello, KY 42633. In your Request for
Reconsideration, please provide the following information:

1. Which allegation(s) you believe that ED incorrectly decided;

2. Why you believe that ED incorrectly decided your borrower defense to repayment application; and

3. Identify and provide any evidence that demonstrates why ED should approve your borrower defense to repayment claim under the applicable law set forth above.

ED will not accept any Request for Reconsideration that includes new allegations. If you wish to assert allegations that were not included in your application, please see the following section. Additionally, your loans will not be placed into forbearance unless your request for reconsideration is accepted and your case is reopened. Failure to begin or resume repayment will result in collection activity, including administrative wage garnishment, offset of state and federal payments you may be owed, and litigation. For more information about the reconsideration process, please contact our borrower defense hotline at 1-855-279-6207 from 8 a.m. to 8 p.m. Eastern time (ET) on Monday through Friday.

**Can I apply for borrower defense if I have additional claims?**

If you wish to file a new application regarding acts or omissions by the school other than those described in borrower defense application [Case Number], please submit an application at StudentAid.gov/borrower-defense. In the new application, you should explain in the relevant section(s) the basis for any new borrower defense claim(s) and submit all supporting evidence.

**What should I do now?**

Because your borrower defense to repayment application was found to be ineligible, you are responsible for repayment of your loans. ED will notify your servicer(s) of the decision on your borrower defense to repayment application within the next 15 calendar days, and your servicer will contact you within the next 30 to 60 calendar days to inform you of your loan balance. Further, if any loan balance remains, the loans will return to their status prior to the submission of your application. If your loans were in forbearance as a result of your borrower defense to repayment application, the servicer will remove those loans from forbearance. **\*See COVID-19 Note below.**

If your loans are in default and are currently in stopped collections, your loans will be removed from stopped collections. Failure to begin or resume repayment could result in collection activity such as administrative wage garnishment, offset of state and federal payments that you may be owed, and litigation. **\*See COVID-19 Note below.**

While normally interest would not be waived for unsuccessful borrower defense applications, given the extended period of time it took ED to complete the review of this application, the Secretary is waiving any interest that accrued on your Direct Loans from the date of the filing of your borrower defense application to the date of this notification. Your servicer will provide additional information in the coming months regarding the specific amount of interest adjusted. **\*See COVID-19 Note below.**

**\*COVID-19 Note:** On March 27, 2020, the president signed the *CARES Act,* which, among other things, provides broad relief in response to the coronavirus disease 2019 (COVID-19) for federal student loan borrowers whose loans are owned by ED. For the period March 13, 2020, through September 30, 2020, the interest rate on the loans will be 0% and no payments will be required. During this same period for defaulted borrowers, all proactive collection activities, wage garnishments, and Treasury offsets will be stopped. Your federal loan servicer will answer any questions you have about your specific situation. In addition, Federal Student Aid's COVID-19 information page for students, borrowers, and parents is located at StudentAid.gov/coronavirus. Please visit the page regularly for updates.

**What if I have another pending borrower defense application?**

If you have additional pending borrower defense to repayment applications, this information applies to you:

- If your loans associated with an additional borrower defense to repayment application that is still pending are in forbearance or another status that does not require you to make payments, your loans will remain in forbearance or that other status. Similarly, if your loans associated with that borrower defense application are in default and you are currently in stopped collections, those loans will remain in stopped collections.

- If you are unsure if you have additional pending applications, or if you would like to check on the status of your loans associated with an additional application, contact our borrower defense hotline at 1-855-279-6207 from 8 a.m. to 8 p.m. ET on Monday through Friday.

ED offers a variety of loan repayment options, including the standard 10-year repayment plan, as well as extended repayment, graduated repayment, and income-driven repayment plans. For more information about student loan repayment options, visit StudentAid.gov/plans. If you have questions about the status of your loans or questions about repayment options, please contact your servicer(s). If you do not know the

name of your federal loan servicer, you may go to StudentAid.gov to find
your servicer and view your federal loan information.

Sincerely,

U.S. Department of Education
Federal Student Aid





CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the
sole use of the intended recipient and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply e-mail and destroy all copies of the
original message.

--



**JENNIFER M. VEGUILLA-LEZAN**
Illustration | Digital Media | Educator
PORTFOLIO | THE MAKE & CREATE PODCAST