JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendants. | No. 3:19-cv-03674-WHA<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Upon consideration of the Joint Motion for Entry of Protective Order, the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation"), ensure compliance with the Privacy Act, 5 U.S.C. § 552a, facilitate the prompt resolution of any disputes over confidentiality, and protect discovery material entitled to be kept confidential.

Therefore, pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED** that the parties' Joint Motion for Entry of Protective Order is **GRANTED**, and it is further **ORDERED** that the following provisions shall govern the use and disclosure of documents and information covered by this Order:

**1.     Documents and Information Covered by this Order**

(a) This Order shall govern the use and disclosure of any document or information in connection with this Litigation that constitutes or reflects:

(i) information derived from records subject to the requirements of the Privacy Act of 1974, 5 U.S.C. § 552a, which includes any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his or her education and financial transactions that contains his or her name, or the identifying number, symbol or other identifying particular assigned to the individual;

(ii) information that is otherwise confidential or protected from public disclosure under applicable law; or

(iii) personally identifiable information relating or belonging to non-public facing federal officers, employees, contractors, and staff, including but not limited to, names, addresses, email addresses, and telephone numbers, which if released could endanger the privacy or safety of such officers, employees, and staff.  For purposes of this Protective Order, "non-public facing federal officers, employers, contractors, and staff" shall be defined to include every individual whose job title places them below the highest supervisory level in each organization or division at the Department of Education.

(b) Documents that are reasonably determined to be within the scope of paragraph 1(a) by Defendants are hereinafter referred to as "Covered Documents."  Covered Documents shall be marked by Defendants prior to production as "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.  For any Covered Documents, such as computer data, whose medium makes such a marking impractical, the compact

disc case and/or any accompanying paper or email cover letter shall be marked "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.  Designation and marking of Covered Documents in accordance with this paragraph shall be deemed effective to bring information contained in such documents under the protection of this Order unless and until the Court orders otherwise or the parties reach an agreement about a specific document or documents.

(c) Except as specified below, all information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, shall be defined as Covered Information.  Covered Information shall continue to be subject to the requirements of this Order regardless of whether the document or compilation or testimony containing information derived from a Covered Document has been marked in accordance with paragraph 1(b).

**2. Defendants' Release of Privacy Act Protected Information or Other Documents Containing Information Pertaining to Plaintiffs**

(a) Subject to the requirements of this Order, Defendants are authorized to release to Plaintiffs, to counsel for the parties, and to the Court in this case, Covered Documents containing information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain.

(b) Documents produced pursuant to paragraph 2(a) shall be used for this Litigation and for no other purpose and shall be marked by Defendants as "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings attention to a reasonable examiner.

**3. Use and Disclosure of Covered Documents and Covered Information**

(a) Unless otherwise ordered by a court or otherwise provided in this Order, Covered Documents and Covered Information received by a party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation.  Except upon the prior written consent of Defendants or as otherwise expressly provided in this Order, Covered Documents and Covered Information may be disclosed only to the following persons:

(i) Counsel who are engaged in the conduct of this Litigation on behalf of the named parties;

(ii) Partners, associates, and legal assistants of any person described in subsection 3(a)(i), but only to the extent necessary to render professional services in connection with this Litigation;

(iii) Secretaries and other clerical staff of any person described in subsection 3(a)(i), but only to the extent necessary to render professional services in connection with this Litigation;

(iv) The Court, its staff, and court officials involved in this Litigation (including court reporters or persons operating video equipment at depositions), and any mediators and their staff appointed by the Court or agreed to in writing by the parties in this Litigation;

(v) Plaintiffs;

(vi) Fact witnesses;

(vii) Outside consultants or experts, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company, retained for the purpose of assisting counsel in this Litigation to the extent necessary for that purpose; and

(viii) Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized Litigation support system, but only to the extent necessary to render such services.

(b) Before disclosure of any Covered Documents or Covered Information is made to any person described in subsections 3(a)(v)-(viii), such person shall sign the Confidentiality Undertaking attached hereto as Exhibit A.  Unless otherwise ordered by the Court, in the event that any such person described in subsections 3(a)(vi)-(viii) refuses to sign the Confidentiality Undertaking with respect to discovery material designated to be within the scope of paragraph 1(a), no Covered Documents or Covered Information may be disclosed to such person except with the prior written consent of Defendants and subject to any procedures that Defendants may require to maintain the confidentiality of such Covered Documents and Covered Information.

(c) All executed Confidentiality Undertaking forms shall be retained by Counsel for the party that obtained the Undertaking until such time as this Litigation, including all appeals, is

concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

**4.      Inadvertent Failure to Designate and Inadvertent Disclosure**

(a) Inadvertent Failure to Designate.  Defendants may notify the receiving party that a document or information produced in discovery that should have been designated as information within the scope of paragraph 1(a) and marked "SUBJECT TO PROTECTIVE ORDER" under the terms of this Order was inadvertently produced without being designated as such.  Upon receiving such notice from Defendants, the party receiving such notice shall immediately treat the documents and information as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant documents and information shall be treated as Covered Documents and Covered Information in accordance with this Order.

(b) Inadvertent Disclosure.  If a receiving party discloses Covered Documents or Covered Information to any person not authorized to receive such disclosure, the receiving party must, upon learning that such disclosure has been made:  (1) inform Defendants, including the facts and circumstances of such disclosure; and (2) request the return of the Covered Documents or Covered Information and seek to minimize any further unauthorized disclosure.

**5.      Filing of Covered Documents or Covered Information**

(a) Redaction or Filing Under Seal.  Those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or submitted to the Court that contain Covered Documents or Covered Information shall be redacted or filed separately with a motion for filing under seal in accordance with Civil Local Rule 79-5.  If filed under seal, the filing shall remain under seal unless: (i) otherwise ordered by this Court upon notice to the parties; or (ii) Defendants consent in writing to its unsealing, in which case the contents of the filing shall be unsealed to the extent of such consent.

(b) Except at trial, prior to using any Covered Documents or Covered Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material.

**6.     Use of Covered Documents and Covered Information at Trial**

Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the Court may deem appropriate. Either party may approach the Court before trial to propose a plan for the use of Covered Documents or Covered Information at trial. Nothing herein, however, shall prevent a party from opposing any such plan.

**7.     Further Requests for Production**

Any person or party receiving Covered Documents or Covered Information that receives a request or subpoena for production or disclosure of such information shall promptly give notice by email to Defendants identifying the information sought and enclosing a copy of the subpoena or request. Provided that Defendants make a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of Defendants or until ordered by a court of component jurisdiction.

**8.     Order Not To Be Construed As a Waiver**

In addition, each party reserves the right to move to modify the terms of this Order at any time. By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each party reserves the right to oppose any motion to modify the terms of the Order. Nothing in this Order shall be construed as a waiver of a party's right to challenge a party's designation of materials as "Covered Documents" subject to this Protective Order pursuant to paragraph 9 of this Order, or to challenge a motion to file a document under seal or move to unseal documents so filed.

Nothing in this Order is intended to constitute an agreement regarding the scope of discovery. This Order does not constitute a ruling on the question of whether any particular

document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the parties reserve their right object to discovery on any appropriate ground.

**9.     Challenging Confidentiality Designations**

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**10.  Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure and the Local Rules, except as the Order's terms otherwise provide.  For purposes of computing any period of time under this Order, the provisions of Federal Rule of Civil Procedure 6 shall apply.  Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court.  Nothing in this Order shall be construed to confer rights on any third party.  Nothing in this Order shall be construed to permit the disclosure of classified information or information the disclosure of which is prohibited by statute.

**11.  Termination of Litigation**

The provisions of this Order shall continue to be binding after final termination of this Litigation.  Within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals, any party or person who received Covered Documents or Covered Information must certify to the Court that those documents or materials (i) have been returned to Defendants, or (ii) have been destroyed (other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared in connection with this action, *e.g.*, pleadings, court papers, and other papers served in this Litigation, and counsel's file copies of expert reports, depositions and trial transcripts, and any other documents and records that are required to be retained by Defendants or their counsel under the Federal Records Act or any other applicable federal law or regulation).

**12.  Producing Parties' Reliance on Order**

Production of Covered Documents and Covered Information will be made in express reliance upon the terms of this Order.

**13.    Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.

**14.    Use of Own Information**

Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information, including the use of or disclosure by Defendants or Defendants' employees of information subject to the requirements of the Privacy Act.  Nor shall this Order be construed to prevent a party from disclosing a Covered Document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

**15.    Binding on Parties**

Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm or organization who have access to Covered Documents and Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

**IT IS SO ORDERED**.

Dated:

_____
WILLIAM ALSUP
United States District Judge