**Exhibit A**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA SWEET, *et al.,*<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and PHIL ROSENFELT, in his official capacity as Acting Secretary of Education<br><br>　　　　Defendants. | No.  19-cv-03674-WHA<br><br>**DECLARATION OF BRIAN SIEGEL** |

I, Brian Siegel, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am the Assistant General Counsel for the Division of Postsecondary Education in the Office of the General Counsel ("OGC") in the U.S. Department of Education ("Department"). I have been an attorney with OGC since 1987 and have held a supervisory role in OGC since 2017.

3. I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration. The following statements are based upon my personal knowledge or on information supplied to me in the course of my professional responsibilities. These statements are provided in support of the Defendants' Opposition to the Plaintiffs' Motion to Compel.

4. Plaintiffs served their first sets of Interrogatories and Requests for Production of Documents late in the afternoon of Friday, November 6, 2020. I immediately forwarded the discovery requests to staff at the Department's Federal Student Aid ("FSA") office. Beginning the next business day, Monday, November 9, 2020, OGC, FSA (including its Borrower Defense Unit ("BDU")), and attorneys from the Department of Justice ("DOJ") began to confer about the discovery requests and, in the ensuing days, to develop a plan for searching for, reviewing, and producing the responsive documents.

5. On November 10, 2020, Plaintiffs served their second sets of Interrogatories and Requests for Production of Documents.

6. To assist with the mechanics of electronically searching custodial documents and uploading them to DOJ's Relativity platform for relevancy and privilege review, DOJ enlisted

the help of its Automated Litigation Support ("ALS") Lab and OGC enlisted the help of its Special Counsel who specializes in electronic discovery ("Special Document Counsel").

7. Due to the short time period for retrieving, reviewing, and producing responsive documents, the Department focused its efforts on retrieving documents from the four custodians most likely to have responsive documents: Diane Auer Jones, who was then Under Secretary of the Department, Colleen Nevin, Director of the BDU, FSA Chief Operating Officer Mark Brown, and James Manning, formerly Acting FSA Chief Operating Officer. To retrieve documents from additional custodians was likely to result in a duplication of the documents retrieved from the four primary custodians. Thus, especially given the contracted discovery period, the Department focused its efforts on retrieving responsive documents from the four primary custodians.

8. DOJ, FSA, and OGC reviewed Plaintiffs' 49 requests for production of documents and determined search terms to use in conducting the search of emails and non-email electronic documents. Due to the volume of document requests, this required the Department to run multiple searches, often with overlapping terms, to capture the full scope of potentially responsive documents. DOJ, FSA, and OGC also decided to run separate searches for, on the one hand, emails, and, on the other, non-email electronic documents. Because Plaintiffs submitted 49 document requests on a broad range of topics for a multi-year period, it was expected that the electronic searches would yield a massive volume of emails. The Department ran these searches to get an accurate sense of the total volume of emails and to determine the full extent of the burden associated with reviewing and producing responsive documents. At the same time, DOJ, FSA, and OGC focused on retrieving non-email electronic documents, of which there were likely to be fewer, as a way to maximize production of relevant documents pursuant

to the expedited discovery schedule. Ultimately, the searches resulted in approximately 100,000 emails (not including attachments) and thousands of additional non-email electronic documents. The search terms that yielded approximately 100,000 emails were not designed to capture emails potentially responsive to Plaintiffs' Request for Production ("RFP") No. 12, a request that Defendants objected to as outside the scope of discovery.

9.  Concurrently with the electronic searches that were being run, I began to collect documents from the OGC-DPE (Division of Postsecondary Education) shared network drive that were responsive to the requests that sought discrete documents.

10. Application of the search terms to the non-email electronic documents belonging to the four primary custodians required that such material be processed into and indexed by two electronic systems. The search terms were then run in each system against the electronic indices. The electronic searches were completed on November 27, 2020. At that point, there were 28 calendar days remaining in the limited discovery period, and it was not possible to review and produce approximately 100,000 emails and an unknown number of attachments. DOJ, FSA, and OGC thus focused the document review and production on the non-email electronic documents collected through both the electronic searches and my own collection of discrete documents responsive to particular requests.

11. Compliance with various Federal cybersecurity[1] and information management[2] requirements necessitated uniform application of cryptographic containerization procedures to all collected material prior to cross-domain data transfer. Due, in part, to the ongoing pandemic, the

---

[1] *See, e.g.,* Federal Information Processing Standard Publication 140-2, Security Requirements for Cryptographic Modules, *available at* https://nvlpubs.nist.gov/nistpubs/FIPS/NIST.FIPS.140-2.pdf.
[2] *See, e.g.,* 32 C.F.R. Part 2002, Controlled Unclassified Information.

Declaration of Brian Siegel
19-cv-3674-WHA

3

Case 3:19-cv-03674-WHA   Document 183-1   Filed 02/19/21   Page 6 of 7

Department uploaded the encrypted containers to the ALS Lab's cloud-based file sharing solution for subsequent ingestion in the downstream review platform.

12. The electronic searches generated in excess of 5,000 electronic non-email documents to be reviewed. Additional documents were reviewed as a result of manual searches undertaken by me and FSA's Borrower Defense Unit.

13. I began my manual search for responsive documents on November 17, 2020 and began transferring documents to our Special Document Counsel on November 20, 2020 so that he could transfer the documents to DOJ. OGC's review of the non-email electronic documents began on December 4, 2020. Five OGC attorneys, including myself, reviewed documents. Three DOJ attorneys also reviewed documents. These attorneys devoted significant time to document review over the ensuing weeks in order to ensure a substantial production by the end of the discovery period.

14. The review of each document involved opening the document; reviewing it for relevancy, confidentiality and privilege; and coding it for relevancy, confidentiality and privilege. Some documents required additional review by more than one attorney for consultation on privilege.

15. In addition to the documents produced in response to the document requests, Defendants also produced additional documents in response to some of the Interrogatories.

16. On December 23, 2020, Defendants produced approximately 3,800 documents to Plaintiffs. After the initial production, the Department re-reviewed some of the documents found to have coding errors or needing further explanation in the privilege log.

17. Defendants made a supplementary production on January 14, 2021 and also served the privilege log. An amended privilege log was served on February 2, 2021.

Declaration of Brian Siegel
19-cv-3674-WHA
4

18. In total, Defendants produced more than 3,800 documents to Plaintiffs, approximately 1,500 of which were identified on Defendants' privilege log.

19. The Department devoted a substantial number of hours to searching, collecting, reviewing and coding of documents.

20. I understand that Plaintiffs have moved to compel production of additional documents in response to six of their document requests, including the first four (RFPs 1-4). In its test search of emails in November, 2020, the Department used search terms that together captured documents responsive to RFPs 1-5, a search that yielded approximately 100,000 emails. Even if three employees were assigned to work on this document review for six hours per day (not a staffing commitment that the Department could currently make), the Department estimates that would take several months to review and code the approximately 100,000 emails, produce the material, and create a privilege log. It is anticipated that the privilege log would be significantly longer than the amended privilege log served on February 2, 2021.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 19th day of February 2021.

*Brian Siegel*
Brian Siegel
Assistant General Counsel
Division of Postsecondary Education
Office of the General Counsel
United States Department of Education

Declaration of Brian Siegel
19-cv-3674-WHA

5