**Exhibit B**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,  v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>   *Defendants*. | Case No. 19-cv-03674-WHA |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SECRETARY OF EDUCATION ELIZABETH DEVOS AND THE UNITED STATES DEPARTMENT OF EDUCATION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs, by and through their counsel, request that Defendants produce the following documents that are in the Defendants' possession, custody, and control on a rolling basis, and in any event within thirty days of service, via electronic means or as otherwise agreed by the Parties.

## <u>INSTRUCTIONS AND DEFINITIONS</u>

The following definitions apply:

1. "Action" means *Sweet v. DeVos*, Case No. 19-cv-03674-WHA (N.D. Cal. 2019).

2. "Plaintiffs" or "class of Plaintiffs" means the class of plaintiffs certified in this case, ECF No. 46.

3. "Defendants" means Secretary of Education Elisabeth DeVos and the United States Department of Education.

4. The "Department" means the United States Department of Education, and includes all offices, divisions, committees, or other units within the United States Department of Education, including without limitation the Office of the Secretary, the Office of the Under Secretary, the Office of General Counsel, the Office of Federal Student Aid, the Office of Postsecondary Education, the Office of Career, Technical, and Adult Education, the Borrower Defense Unit, and the Borrower Defense Review Panel.

5. The "Office of the Secretary" means the Office of the U.S. Secretary of Education.

6. The "Office of the Under Secretary" means the Office of the Principal Deputy Under Secretary of the U.S. Department of Education and includes individuals permitted to exercise the authorities and duties thereof.

7. The "Office of General Counsel" means the Office of the U.S. Department of Education's General Counsel and includes individuals permitted to exercise the authorities and duties thereof.

8. The "Borrower Defense Unit" or "BDU" means the unit of the U.S. Department of Education with that name, housed within the Enforcement Office of the Office of Federal Student Aid and includes individuals permitted to exercise the authorities and duties thereof.

9. "Personnel" means employees, officials, or contractors of the U.S. Department of Education.

10. The "Inspector General" or "IG" means the U.S. Department of Education's Office of the Inspector General and includes individuals permitted to exercise the authorities and duties thereof.

11. "School" means a post-secondary educational institution that participates in programs authorized pursuant to Title IV of the Higher Education Act.

12. "Program" means a course of study within a School.

13. "Document" means all documents or electronically stored information, including but not limited to, all physical forms of: abstracts; affidavits; agendas; agreements or proposed agreements; analyses; appointments; appointment records; audio records, whether transcribed or not; bulletins; bylaws; charts; checks; cellular telephone records; communications; computer data or printouts; contracts; correspondence; drafts, modifications, revisions, changes, alterations and/or amendments of documents; emails, facsimiles; files; financial analyses or projections, financial statements; forms; graphs; handbooks; handwritten notes or comments however produced or reproduced; instructions; interoffice and intra-office communications; invoices; journals; letters; magazine or newspaper articles; manuals; meeting reports; memoranda; memoranda of all conversations including telephone calls; messages sent over WhatsApp or other similar messaging services; minutes; nonconforming copies which contain deletions, notations or records of meetings; notes; orders, opinions; outlines; pamphlets; papers; periodicals; photocopies; plans; preliminary drafts; press releases; proposals; prospectuses; publications; raw and refined data; recordings; records, records of conferences or conversations or meetings; releases and any and all drafts; reports; resolutions; results of investigations; returns; schedules; slides; social media messages;

specifications; speeches; statements; statistical records; studies; summaries; surveys;

system analyses; telephone logs and records; telephone and other conversations or

communications; telephone messages; telephone records; text messages; time records;

transcripts; transcripts of tape recordings; voice records; video recordings; work; working

papers; worksheets; writings; and written notations.

14. "Communication" means any contact, oral or written, including memoranda, emails, text

messages, and other electronic forms of communication, in which information was

conveyed.  As noted above, the definition of "document" includes "communication."

15. The words "person" or "persons" means all natural persons and entities, including

without limitation: corporations, companies, partnerships, limited partnerships, joint

ventures, trusts, estates, associations, public agencies, departments, bureaus, or boards.

16. The words "relate to" or "relating to," "documenting," "regarding," "concerning,"

"reflect" or "reflecting" means: pertains to, refers to, contains, concerns, describes,

embodies, mentions, constitutes, establishes, tends to establish, tends not to establish,

derives from, summarizes supports, corroborates, demonstrates, proves, evidences,

shows, refutes, disputes, rebuts, controverts, or contradicts.

17. The conjunction "and" is defined to include the disjunctive "or" and vice versa. The

singular of a noun or pronoun is defined to include the plural and vice versa. The

masculine of a pronoun is defined to include the feminine and vice versa.


## INSTRUCTIONS

1. If any document responsive to any Request is privileged or protected from discovery on

some other basis, provide the following information for each document withheld:

    a.   A brief description of the type of communication or information;

    b.   The date of the information or communication;

    c.   The name of the transmitter of the information or communication (the "from" field);

    d.   The name of the person to whom the information or communication was transmitted (the "to" field);

    e.   The names in the BCC and/or CC field, if applicable;

    f.   The name of each person to whom the information or communication has been provided, whether by Defendants or any other person;

    g.   Identification of attorneys (with an asterisk or other mark) listed in the privilege log.

    h.   A brief description of the subject matter of the information or communication; and

    i.   The privilege claimed.

2.   The privilege log shall be produced as soon as possible, on a rolling basis, and shall be completed within thirty days of service of these Requests.

3.   Documents shall be produced as soon as possible, on a rolling basis, and in any event within thirty days of service of these Requests.

4.   If you object to any portion of any Request, identify the portion of the Request that is objectionable, the basis for the objection, and, pursuant to Fed. R. Civ. P. 34(b)(2)(C), your objection must state whether any responsive materials are being withheld on the basis of that objection.

5.   If no documents exist that are responsive to a Request, your response must so state.

6.   Responsive documents in electronic form shall be produced in accordance with the parties' forthcoming ESI agreement.

7.  These Requests shall be continuing to the full extent permitted under the applicable provisions of the Federal Rules of Civil Procedure, and you are required to supplement your responses to this request as provided by the Federal Rules of Civil Procedure.

8.  These Requests require the production of all documents in your possession, custody, and control, including documents that you have the ability to obtain from third parties, including but not limited to documents that can be accessed using e-mail service providers or any other persons or entity.

9.  In the event that you assert that any words or phrases in the following Requests is ambiguous or unclear, respond to the request based on a reasonable meaning of the disputed word or phrase, and state the meaning assumed.

10. Unless otherwise specified, the time period applicable for each Request is May 1, 2016 to the present, inclusive.

## DOCUMENT REQUESTS

### Request No. 1

All communications and documents, including emails and text messages, pertaining to action taken by or on behalf of the BDU to stop adjudicating, stop submitting for approval, and/or stop developing memoranda on claims that qualify for discharge for all or some classes, categories, or types of borrower defense applications.

### Request No. 2

All communications and documents, including emails and text messages, pertaining to action taken by or on behalf of the BDU to resume adjudicating, resume submitting for approval, and/or resume developing memoranda on claims that qualify for discharge for all or some classes, categories, or types of borrower defense applications.

### Request No. 3

All communications and documents, including emails and text messages, pertaining to action taken by or on behalf of the BDU to stop processing denials and/or stop sending out denial notices for all or some classes, categories, or types of borrower defense applications.

### Request No. 4

All communications and documents, including emails and text messages, pertaining to action taken by or on behalf of the BDU to resume processing denials and/or resume sending out denial notices for all or some classes, categories, or types of borrower defense applications.

**Request No. 5**

All documents, including communications, pertaining to the creation, membership, scope of duties, mission, and output of the Borrower Defense Review Panel (*see* Nevin Dec. ¶ 55 (ECF No. 56-4)), including but not limited to all documents reflecting recommendations made by the Panel to the Department.

**Request No. 6**

All minutes or other written records or summaries of the proceedings of any meeting of the Borrower Defense Review Panel.

**Request No. 7**

All minutes or other written records or summaries of the proceedings of any meeting of the BDU.

**Request No. 8**

Any and all versions of the "functional statement" of the BDU.

**Request No. 9**

Documents sufficient to show the period of time for which the BDU has been in operation.

**Request No. 10**

All communications, including emails and text messages, to and from individuals in the Department and the Inspector General and regarding borrower defense policies or practices,

including but not limited to communications regarding the development of the IG's report titled "Federal Student Aid's Borrower Defense to Repayment Loan Discharge Process" (produced in this Action as AR 496-585).

**Request No. 11**

All communications, including emails and text messages, to and from individuals in the Department and the Inspector General relating to the recommendations of the IG to (i) resume processing borrower defense claims, (ii) determine whether additional claims categories were warranted, (iii) establish timeframes for resolving claims, and/or (iv) establish controls to ensure timeframes were met.

**Request No. 12**

All documents and communications reflecting any corrective action plan(s) relating to the recommendations of the Inspector General to (i) resume processing borrower defense claims, (ii) determine whether additional claims categories were warranted, (iii) establish timeframes for resolving claims, and/or (iv) establish controls to ensure timeframes were met.

**Request No. 13**

All documents and communications relating to the development of an online borrower defense platform/application, including but not limited to any documents relating to the Office of the Under Secretary ordering such platform/application to be cancelled or redesigned.

**Request No. 14**

All memoranda or other documents, including drafts and communications, setting forth

eligibility and relief criteria for borrower defense claims under the 1994 regulation, including but

not limited to the following:

a. October 4, 2000 memorandum regarding Interstate Business College students' borrower defenses;

b. February 6, 2001 memorandum regarding Interstate Business College students' borrower defenses;

c. February 11, 2003 memorandum regarding Interstate Business College students' borrower defenses;

d. May 2015 memorandum prepared by the Office of General Counsel regarding job placement rate misrepresentation claims by former students of Heald College (a division of Corinthian);

e. October 2016 memorandum prepared by BDU regarding transfer of credit misrepresentation claims by former students of Heald College;

f. October 2016 memorandum prepared by BDU regarding transfer of credit misrepresentation claims by former students of Everest and WyoTech (also divisions of Corinthian);

g. October 24, 2016 memorandum from BDU to Under Secretary Ted Mitchell re: Everest and WyoTech Borrowers;

h. January 2017 memorandum prepared by BDU regarding guaranteed employment misrepresentation claims made by former Corinthian Colleges students;

i. January 2017 memorandum prepared by BDU regarding guaranteed employment misrepresentation claims of former ITT students;

j. January 2017 memorandum prepared by BDU regarding a group borrower defense claim (without individual application) for former students of American Career Institute campuses in Massachusetts;

k. January 9, 2017 memorandum from BDU to Under Secretary Ted Mitchell re: Corinthian Borrowers Alleging That They Were Guaranteed Employment;

l. January 10, 2017 memorandum from BDU to Under Secretary Ted Mitchell re: ITT Borrowers Alleging That They Were Guaranteed Employment; and

m.  December 14, 2017 memorandum from Steven Menashi, Acting General Counsel, to James Manning, Acting Under Secretary, re: CCI Partial Discharge, including all appendices thereto.

## Request No. 15

Any and all memoranda or other documents, including drafts, identifying common allegations in borrower defense claims, reflecting research conducted to develop a legal basis to establish additional categories of valid borrower defense claims, and/or identifying additional categories of claims warranting further research.

## Request No. 16

All claim-specific review protocols developed by or on behalf of the BDU since February 2017, including but not limited to all claim-specific review protocols (i) used by contractors retained by the BDU, and (ii) used by BDU personnel, including but not limited to personnel acting as "Quality Control attorneys."

## Request No. 17

All memoranda or other documents describing any group discharge process for borrower defense applications.

## Request No. 18

All memoranda or other documents regarding the Department's ability to initiate proceedings to collect from a school pursuant to 34 C.F.R. § 685.206 § (c)(3), and/or the Department's policies or practices concerning such proceedings.

**Request No. 19**

All documents, including communications, reflecting policies or practices regarding the grant, denial, or processing of borrower defense applications where the School named in the application, and/or the parent company thereof, was still in operation at the time the application was considered.

**Request No. 20**

The document entitled "Types of Claims 10.23.2018," as referenced in the document produced at AR 494 in this Action.

**Request No. 21**

All memoranda or other documents, including draft approval memoranda, setting forth criteria to grant or deny borrower defense applications that are not otherwise response to Requests 16, 17, 18, 19, or 20 above.

**Request No. 22**

All documents, including communications, relating to the process by which BDU or other Department personnel developed any criteria to grant or deny claims and/or claim-specific review protocols, including but not limited to all communications between the BDU and other members of the Department regarding such criteria or protocols.

**Request No. 23**

All communications, including emails and text messages, among individuals in the BDU are who are reviewing claims, including contractors, relating to the application or interpretation of claim-specific review protocols or other criteria to grant or deny claims.

**Request No. 24**

All documents, including communications, describing the scope of work to be performed by any contractors retained by the BDU to review borrower defense claims.

**Request No. 25**

All documents, including communications, regarding staffing levels at the BDU, including but not limited to documents (i) reflecting any request to increase or decrease staffing at the BDU, (ii) making recommendations about the need to increase or decrease staffing at the BDU, or (iii) indicating the optimal size of staffing and other resources at the BDU sufficient to resolve borrower defense claims.

**Request No. 26**

Documents sufficient to show how many individuals, including contractors, were retained by the BDU to review borrower defense claims, for each month between and including January 2017 through the present.

**Request No. 27**

Documents sufficient to show how many "Step 1" eligibility determinations (*see* Jones Dec.,

ECF No. 56-3 ¶ 24) the Department made on borrower defense claims between January 2017 and

the present (excluding the *Calvillo Manriquez* class), including which School(s) and/or

Program(s) were the subject of any such determination(s), whether the determination was a grant

or a denial, when the determination was made, and when the applicant was notified of the

determination.

**Request No. 28**

All documents, including communications and drafts, reflecting any and all forms of notice by

which the Department notified or intended to notify borrowers of the denial of their borrower

defense applications prior to June 25, 2019, including but not limited to denial notice templates

and individualized notices or denial memoranda.

**Request No. 29**

All documents, including communications relating to the process by which the Department

developed the borrower defense denial notices referred to in this Action as Forms A, B, C, and

D, including but not limited to documents reflecting the identity of personnel involved in the

development, drafting, and decision-making for such Forms.

**Request No. 30**

All documents, including communications, relating to the process by which the Department

developed criteria for deciding which borrower defense applicants would receive a Form A, B,

C, or D denial notice, including but not limited to all communications between the BDU and other members of the Department regarding such criteria.

**Request No. 31**

All memoranda or other documents, including communications, setting forth criteria to determine whether a borrower defense application should be denied for "insufficient evidence" pursuant to Form D, including but not limited to guidelines for what types of evidence should be considered and the weight assigned to different types of evidence.

**Request No. 32**

All memoranda or other documents, including communications, setting forth criteria to determine whether a borrower defense application should be denied for "failure to state a legal claim" pursuant to Form D, including but not limited to guidelines for what law to apply.

**Request No. 33**

All documents, including communications, reflecting or memorializing (i) any notices the Department has sent to any School notifying the School that a student has named it in a borrower defense application; (ii) the policies and procedures governing such notices; (iii) the timing, content, and form of such notices; and (iv) any requests for evidence relevant to allegations of wrongdoing that the Department has made to any School that has received such a notice.

**Request No. 34**

Documents sufficient to show each School, School location, and Program for which a borrower defense application has been granted, and the date of the first grant, from January 1, 2017 to the present.

**Request No. 35**

Documents sufficient to show each School, School location, and Program for which a borrower defense application has been denied, and the date of the first grant, from January 1, 2017 to the present.

**Request No. 36**

Documents sufficient to show how many and which class members have received a Form A, B, C, or D denial notice, and the dates of each such denial notice, for loans associated with attendance at Schools subject to findings of misconduct by the Department or any other state or federal body, agency, or court, including but not limited to the Schools listed below, and Schools owned or operated by any entity listed below:

    a.  Any School operated by Alta Colleges, Inc., including but not limited to Westwood College;

    b.  Any School operated by Apollo Education Group/Zovio, including but not limited to the University of Phoenix;

    c.  Any School operated by Bridgepoint Education, Inc., including but not limited to Ashford University and University of the Rockies;

    d.  Any School operated by Career Education Corp. (CEC), including but not limited to American InterContinental University, Briarcliffe College, Brooks Institute, Brooks College, Colorado Technical University, Harrington College of Design, International Academy of Design and Technology, Le Cordon Bleu, Missouri College, Sanford-Brown College, Sanford-Brown Institute, Katherine Gibbs, Western School of Health and

Business, Pittsburgh Career Institute, Collins College, Brown College, Missouri College, and California Culinary Academy;

e.  Any School operated by Corinthian Colleges, Inc., including but not limited to Heald, WyoTech, and Everest;

f.  Any School operated by Delta CEC, including but not limited to McCann, Miller-Motte Technical College, Miami Jacobs, and Academy Court Reporting;

g.  Any School operated by DeVry, including but not limited to DeVry University, DeVry Institute of Technology, DeVry College of Technology, and Keller Graduate School of Management;

h.  Any School operated by Education Corporation of America (ECA), including but not limited to Brightwood College, Brightwood Career Institute, Virginia College, New England College of Business, Ecotech Institute, and Golf Academy of America;

i.  Any School operated by Education Management Corporation/Dream Center Education Holdings, including but not limited to The Art Institutes, Argosy University, Brown Mackie College, South University, and Western State University College of Law;

j.  Any School operated by Infilaw, including but not limited to Charlotte School of Law, Florida Coastal School of Law, and Arizona Summit Law School;

k.  Any School operated by ITT Education Services, including but not limited to ITT Technical Institute;

l.  Any School operated by JTC Education Inc./JTC Education Holdings, including but not limited to Gwinnett College, MedTech College, and Radians College;

m.  Any School operated by Kaplan Higher Education/Kaplan Inc./Graham Holdings, including but not limited to Kaplan University, Kaplan College, Kaplan Career Institute, and CHI Institute;

n.  Any School operated by Premier Education Group, including but not limited to Micropower Career Institute, Institute for Health Education (IHE), Salter College, Salter School, Salter School of Nursing & Allied Health, Branford Hall Career Institute, Harris School of Business, and American College for Medical Careers;

o.  Any School operated by Weston Education Inc./Lincoln Educational Services Corp., including but not limited to Lincoln Technical Institute;

p.  Any School operated by Wilfred American Educational Corp., including but not limited to Robert Fiance Hair Design and Wilfred Academy of Hair & Beauty Culture;

q.  All State Career;

r.  ATI Career Center;

17

s.   California College San Diego;

t.   Capps College;

u.   Concorde Career Colleges;

v.   Computer Systems Institute;

w.   Denver School of Nursing;

x.   Driveco CDL Learning Center;

y.   Fast Train;

z.   Flatiron Computer Coding School;

aa.  Fortis College;

bb.  Fortis Institute;

cc.  Globe University;

dd.  Grand Canyon;

ee.  Hosanna College of Health;

ff.  Independence University;

gg.  Marinello School of Beauty;

hh.  Minnesota School of Business;

ii.  Saint Paul's School of Nursing;

jj.  Southern Technical College;

kk.  Star Career Academy;

ll.  Stevens-Henager College;

mm.       Sullivan and Cogliano Training Centers;

nn.  Technical Career Institute;

oo.  Tri-State Business Institute; and

pp.  Walden College.

**Request No. 37**

All documents, including communications, reflecting the rationale underlying any and all denials that are responsive to Request No. 36 above.

**Request No. 38**

Documents sufficient to show which Schools have received notice from the Department's Administrative Actions & Appeals Service Group, or from any other unit of the Department, that the Department would either impose limitations on or deny recertification for the School's participation in programs authorized pursuant to Title IV of the Higher Education Act, and copies of the Department's communications to those Schools regarding such limitations or denials.

**Request No. 39**

All documents, including communications, relating to the submission, timeline of review, and disposition of any requests for reconsideration filed by borrowers in response to a Form A, B, C, or D denial notices.

**Request No. 40**

All documents, including communications, pertaining to policies and procedures regarding the reconsideration process, including the criteria for reconsideration and what evidence will be considered in a reconsideration application.

**Request No. 41**

The PowerPoint presentation titled "Borrower Defense to Repayment," dated August 21, 2019,

produced in the *Pratt v. DeVos* matter as document AR-A-0223.


**Request No. 42**

All documents, including communications, relating to "BD System 2016 Rules Quick Wins," as

referenced in the document produced in this Action as AR 330.


**Request No. 43**

All requests for proposal, contracts, and change requests related to the Department's platforms

and systems for processing borrower defense applications, including but not limited to the

SalesForce platform.


**Request No. 44**

All documents and communications to the extent not already requested above, identified in

Defendants' Responses to Plaintiffs' First Set of Interrogatories.


**Request No. 45**

All communications, including emails and text messages, between individuals in the Department

of Education and individuals who are employees, contractors, Board Members, executives,

owners, counsel (internal or external), or otherwise employed by or connected to the schools

listed in Document Request No. 36, pertaining to borrower defense.

Dated: November 6, 2020

Respectfully submitted,

/s/      Margaret O'Grady


JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
CLAIRE TORCHIANA (SBN 293026)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*pro hac vice*)
tomerrill@law.harvard.edu
MARGARET E. O'GRADY (*pro hac vice*)
mogrady@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715


*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby that on this 6th Day of November, 2020, a true and correct copy of the foregoing **First**

**Request for Production of Documents** was sent via electronic mail to all counsel of record.

<u>/s/ Margaret E. O'Grady</u>

Margaret E. O'Grady