JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
CLAIRE TORCHIANA (SBN 330232)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*pro hac vice*)
tomerrill@law.harvard.edu
MARGARET E. O'GRADY (*pro hac vice*)
morgrady@law.harvard.edu
REBECCA C. ELLIS (*pro hac vice*)
rellis@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALICIA DAVIS, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br><br>**HEARING DATE: APRIL 29, 2021**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

1 | To Defendants and their attorneys of record:

2 |  PLEASE TAKE NOTICE that on April 29, 2021, Plaintiffs will and do hereby move the
3 | Court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure for an order granting leave
4 | to file a Supplemental Complaint.
5 |  This motion is based on the accompanying memorandum of law, documents attached
6 | hereto, the record in this case, and any such additional evidence that the Court may consider.

i

## I. INTRODUCTION

On June 25, 2019, Plaintiffs initiated this lawsuit as a proposed class action against the Department of Education (the "Department") and its then-Secretary Elisabeth DeVos, alleging that the Defendants had violated Section 706 of the Administrative Procedure Act (APA) by unlawfully withholding or unreasonably delaying action on Plaintiffs' applications for borrower defense ("BD") to repayment of their student loans. *See* Complaint, ECF No. 1. After the Court certified a nationwide class of over 160,000 federal student loan borrowers in October 2019, the Parties entered into a settlement agreement which provided, *inter alia*, that the Department would resolve all pending borrower defense applications by issuing final decisions within 18 months. *See* Order Granting Preliminary Settlement Approval, ECF No. 103 at 2-3. Before final approval of the settlement agreement, however, counsel for Plaintiffs discovered that both before and since the settlement agreement had been signed, the Department had been issuing "alarmingly curt" *pro forma* denial notices to tens of thousands of class members. *See* Order Denying Class Settlement, to Resume Discovery, and to Show Cause ("Discovery Order"), ECF No. 146 at 5.

Acting on this information, the Court denied final approval of the settlement agreement and ordered further discovery, allowing Plaintiffs to inquire "broadly" into three categories of information: "[t]he development and use of the form denial letters"; "[t]he extent to which the difficulty of reviewing borrower defense applications actually caused or justified the Secretary's eighteen-month delay"; and "[t]he extent to which the Secretary has denied applications of students who have attended schools subject to findings of misconduct . . . and the rationale underlying those denials." *Id.* at 16.  The Court further ordered that "[a]t the end of this discovery period, the class shall move for summary judgment as to the lawfulness of the Secretary's delay and the lawfulness of the perfunctory denial notice." *Id.*

During the discovery period, Plaintiffs uncovered additional evidence demonstrating the illegality of the Department's perfunctory denial notices and the process that the Department used to arrive at those denials. Accordingly, Plaintiffs now seek leave to file a Supplemental Complaint to add claims that the Department's use of boilerplate denial letters violated section 555(e) of the

1

APA, and that the Department's process of adjudicating borrower defense applications violated section 706(2)(A) of the APA and the Due Process Clause of the U.S. Constitution. A copy of the proposed Supplemental Complaint is appended to this motion as Exhibit A.[1]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15, advisory committee's note). "In fact, supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed 'as a matter of course.'" *Pratt v. Rowland*, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991) (quoting *Keith*, 858 F.2d at 474) (granting motion to supplement).

"In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency." *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2020 WL 2732042, at *4 (E.D. Cal. May 26, 2020). Among other things, courts also consider "the relatedness of the original and supplemental complaints," "whether supplementation would impose undue prejudice on the opposing party," and "whether the supplement would be futile." *Id.* (listing other factors and collecting cases).

## III.   ARGUMENT

The new allegations set forth in the proposed Supplemental Complaint are related to Plaintiffs' original claims and predominantly concern events that occurred after the initial

---

[1] Per the schedule ordered by the Court on March 10, 2021, ECF No. 191, Plaintiffs are to file the present Motion on or before March 19, 2021. Defendants' opposition shall be filed on or before April 16, 2021, and Plaintiffs may file a reply on or before April 23, 2021. *Id.* at 3. If Defendants do not oppose this Motion, they shall alert the Court no later than April 9, 2021. *Id.* Defendants' response shall be filed within 30 days of an order allowing the supplemental pleading. *Id.*

Complaint was filed. The new allegations will not unduly prejudice Defendants, and are not futile. Most importantly, the Court has extensive knowledge of the complicated history of this case, so considering Plaintiffs' initial and supplemental claims together will promote judicial economy. The Court should therefore grant this motion to supplement.

### A. The Allegations in the Supplemental Complaint Are Based on Events That Occurred After the Filing of the Initial Complaint.

Plaintiffs' claims in the proposed Supplemental Complaint are almost entirely based on events that "happened after the date" the initial Complaint was filed, on June 25, 2019. Rule 15(d) therefore governs.

Specifically, Defendants began developing the boilerplate form denial letters in the fall of 2019, *see* [Proposed] Supplemental Complaint ¶ 289, and began sending these denial notices en masse in 2020, *see id.* ¶¶ 322-334 — months after the initial Complaint was filed. The Department also began developing its unlawful policies governing the adjudication of borrower defense claims in or around the summer of 2019, *see id.* ¶¶ 98-120, and Plaintiffs did not learn the true nature and scope of these policies until they were able to obtain documents and depose Department officials during the discovery period that this Court ordered in October 2020.

To the extent that Plaintiffs' proposed Supplemental Complaint includes allegations regarding events that took place before June 25, 2019, it is because Plaintiffs likewise did not learn of the events described in those allegations until the discovery period. Plaintiffs include those allegations here because they provide key context for the events of 2019 and 2020, as well as some events described in the original Complaint.

### B. The Allegations in the Supplemental Complaint Are Related to the Original Complaint, and the Court's Consideration of All Claims Together Will Be More Efficient.

Plaintiffs' claims in the proposed Supplemental Complaint are related to the claims set forth in the initial Complaint. Like the original Complaint, the proposed Supplemental Complaint alleges that the Department's handling of borrower defense claims violates the Administrative

3

Procedure Act. This alone is sufficient to meet the "minimal test" of relatedness. *Pratt*, 769 F. Supp. at 1131 (citing *Keith*, 858 F.2d at 474). But the Supplemental Complaint is more than just minimally related to the original Complaint. It alleges a continuation of the same course of conduct, by which the Department refused to adjudicate borrower defense claims on the merits, in derogation of its legal duties. The Department's policies took different forms over time, but the end result was the same: members of the class still have not received proper decisions on the merits of their borrower defense applications.

Because the "transaction[s], occurrence[s], [and] event[s]" (Fed. R. Civ. P. 15(d)) alleged in the proposed Supplemental Complaint are related to Plaintiffs' original claims, permitting supplementation will promote judicial economy. Courts permit supplementation when doing so will enable them to "settle the entire controversy . . . in [a] single action, as opposed to requiring [plaintiffs] to file a separate action that will consume administrative and judicial resources having to open a new case, randomly assign it . . . and initiate Rule 16 scheduling as if this were a new case." *G.P.P.*, 2020 WL 2732042, at *4 (cleaned up) (quoting *San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 501 (E.D. Cal. 2006)). In this case, the Court appears to have anticipated the efficiencies to be gained when it ordered the parties to explore both the original allegations *and* "[t]he development and use of the form denial letters" during the discovery period. Discovery Order at 16. The Parties have done just that: among other things, counsel for Plaintiffs have discovered that the Department started developing the form denial notices at some point in the fall of 2019, *see* [Proposed] Supplemental Complaint ¶¶ 289-292; that the form denial notices included false and misleading statements about the Department's decision process, *see id.* ¶¶ 297-317; and that the Department had implemented policies to systematically deny tens of thousands of borrower defense applications regardless of evidence, *see id.* ¶¶ 98-288.

Supplementing the complaint will permit the Parties to continue to expedite a full resolution of their dispute by addressing both Plaintiffs' original allegations and the supplemental allegations at summary judgment. Indeed, the Court appeared to anticipate that the entire dispute would be resolved concurrently when it ordered that Plaintiffs "shall move for summary judgment

4

Plaintiffs' Motion to File Supplemental Complaint
(Case No. 3:19-CV-03674-WHA)

as to the lawfulness of the Secretary's delay and *the lawfulness of the perfunctory denial notice*."[2] Discovery Order at 16. Accordingly, there will be no undue delay of resolution if the proposed Supplemental Complaint is filed. *See McColm v. San Francisco Hous. Auth.*, No. C 06-07378 CW, 2008 WL 5054203, at *2 (N.D. Cal. Nov. 24, 2008) (finding no undue delay when plaintiff filed motion to supplement within the deadline set in the case management order, discovery was yet to be completed, and the trial date was one year in the future).

### C. The Proposed Supplemental Complaint Will Not Prejudice Defendants.

Courts freely give leave to file supplemental pleadings "absent a showing of prejudice to the defendant[s]." *Keith*, 858 F.2d at 475. The Defendants can claim no such prejudice here.[3]

In light of the clear instructions in the Court's Discovery Order, the Defendants cannot claim unfair surprise in facing claims concerning the form denial letters or the process or reasoning behind the Department's mass denials of borrower defense claims. Moreover, the Parties already briefed the Court on many of the legal issues surrounding the perfunctory denial notices in the lead-up to the Court's denial of final approval of the settlement agreement. In their motion to enforce the settlement agreement, Plaintiffs presented arguments that the form denial notices violated section 555(e) of the APA, the Due Process Clause of the U.S. Constitution, and Department regulations. *See* Pls.' Mot. to Enforce Settlement Agreement, ECF No. 129 at 9-16. Plaintiffs' additional claims in the proposed Supplemental Complaint are thus not unexpected; rather, they formalize and expand upon these prior arguments. Lastly, the Department has actively

---

[2] In their response to the Court's Order to Show Cause, the Defendants signaled that they would oppose any effort by Plaintiffs to move for summary judgment based on the form denial notices. *See* Defendants' Response to October 19, 2020 Order to Show Cause, ECF No. 150 at 2 n.1 ("Nor have Plaintiffs moved to amend their complaint to include new claims about the sufficiency of the Department's denial notices. The claim in their complaint thus remains the basis for determining the proper scope of the present litigation—including scope of discovery, class certification, and relief."). Although Plaintiffs are of the view that the matters on which the Court ordered discovery are well within the scope of the operative Complaint, granting leave to file the Supplemental Complaint will have the benefit of avoiding tangential litigation about the proper scope of summary judgment briefing and potential relief.

[3] As of the date of this filing, Defendants have not yet determined whether they will oppose this motion.

participated in discovery regarding the form denial letters and the Department's decision-making process, which are the focus of the proposed Supplemental Complaint. This is not a case where the added claims would require Defendants to change their legal strategy in the middle of discovery. *Cf. Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying amendment because the new claims "would have greatly altered the nature of the litigation").

Additionally, no further discovery will be required for Plaintiffs to adequately prosecute these proposed supplemental claims, beyond what this Court already ordered following the February 24, 2021 hearing in this matter.[4] Indeed, if supplementation of the complaint is not permitted, then Plaintiffs would likely have to bring these claims in a separate suit, which "would force them to duplicate" the discovery that is nearly finished in this case. *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 215 (N.D. Cal. 2015) (granting motion to supplement). The Defendants therefore can claim no prejudice to the schedule or resolution of this litigation as a result of Plaintiffs' supplemental claims.

### D. Plaintiffs' New Claims Are Not Futile.

Finally, the claims in the proposed Supplemental Complaint are not futile. A supplemental claim is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12–00865 SI, 2014 WL 1931069, at *3 (N.D. Cal. May 14, 2014); *see also G.P.P.*, 2020 WL 2732042, at *6 (holding "allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss and thus the proposed supplemental complaint is not futile").

Here, Plaintiffs seek leave to assert three supplemental claims:

***(i)*** That the Department failed to include in its form denial notices a legally adequate "brief statement of the grounds for denial," as required under the APA, *see* 5 U.S.C. § 555(e) ("Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other

---

[4] Plaintiffs also reserve all rights regarding their pending subpoena to depose former Secretary DeVos, currently the subject of litigation in the Southern District of Florida.

request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by *a brief statement of the grounds for denial*." (emphasis added));

   ***(ii)*** That the Department's 'presumption of denial' policy, which mandated the denial of all or almost all BD applications that fall outside of certain exceedingly narrow and secretive categories, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under the APA, *see* 5 U.S.C. § 706(2)(A) ("The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."); and

   ***(iii)*** That the Defendants have deprived class members of their constitutionally protected property interests without due process of law by failing to consider their BD applications on the merits, by failing to provide borrowers with a neutral decision-maker, by failing to provide constitutionally adequate denial notices, and by failing to inform borrowers about how to challenge the agency decision in federal court, *see* U.S. Const. amend. 5 ("No person shall be . . . deprived of life, liberty, or property, without due process of law.").

   The factual allegations in the proposed Supplemental Complaint state valid claims on each of these counts. Plaintiffs have provided extensive and detailed allegations, backed up by documentary and testimonial evidence, that the Department's perfunctory denial notices and the process that the Department used to arrive at those denials were both in violation of law. Because Plaintiffs allege proper elements of the three additional claims, these claims are not frivolous, and the proposed Supplemental Complaint is not futile.

**IV. CONCLUSION**

   For the reasons set forth above, Plaintiffs respectfully request that the Court GRANT Plaintiffs' motion for leave to file the proposed Supplemental Complaint.

Dated: March 18, 2021

Respectfully submitted,

/s/ Eileen M. Connor
Eileen M. Connor

JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
CLAIRE TORCHIANA (SBN 330232)
ctorchiana@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*pro hac vice*)
tomerrill@law.harvard.edu
MARGARET E. O'GRADY (*pro hac vice*)
morgrady@law.harvard.edu
REBECCA C. ELLIS (*pro hac vice*)
rellis@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*