**Supplemental Complaint**

**Exhibit Index**

**Bates Stamped Documents**

Documents appear in this order, with Bates-Numbered Slip-Sheets Between them. The documents are cited **by Bates Number** in the Supplemental Complaint.

| Document Order | Bates Range | Document Title / Identifier |
|---|---|---|
| 41. | DOE00010368-DOE00010371 | Carrington College Memo |
| 42. | DOE00010571-DOE00010572 | Concorde Career Institute Memo |
| 43. | DOE00010573-DOE00010575 | Concorde Career Institute Memo |
| 44. | DOE00010647-DOE00010649 | Davenport Memo |
| 45. | DOE00010738-DOE00010740 | Eagle Gate College Memo |
| 46. | DOE00010783-DOE00010791 | Empire Beauty School Memo |
| 47. | DOE00010792-DOE00010794 | Empire Beauty School Memo |
| 48. | DOE00010795-DOE00010796 | Empire Beauty School Memo |
| 49. | DOE00010818-DOE00010825 | Everglades University Memo |
| 50. | DOE00010834 | Everglades University Memo |
| 51. | DOE00010870 | Florida Career College Memo |
| 52. | DOE00010871-DOE00010874 | Florida Career College Memo |
| 53. | DOE00010957 | Galiano Career Academy Memo |
| 54. | DOE00010963-DOE00010966 | Galiano Career Academy Memo |
| 55. | DOE00011006-DOE00011008 | Grantham Memo |
| 56. | DOE00011207-DOE00011209 | Institute for Business & Technology Memo |

| 57. | DOE00011254 | Iverson Institute Memo |
|---|---|---|
| 58. | DOE00011259-DOE00011263 | Iverson Institute Memo |
| 59. | DOE00011330 | Keller Memo |
| 60. | DOE00011331-DOE00011340 | Keller Memo |

**DOE00010368-DOE00010371**



PROUD SPONSOR *of*
*the* AMERICAN MIND™

## Initial Review of Mid-Size Batch Applications

### BACKGROUND

| | |
|---|---|
| **Name of Institution and OPEID** | Carrington College<br>00974800<br>02100600<br>02218000<br>03042500 |
| **Open or Closed** | Open |
| **Date Advanced Letter Sent** | N/A |
| **Additional Locations**<br>• **Add closure date if applicable** | See Carrington College – Additional Locations |
| **Corporate Owner(s)** | San Joaquin Valley College, Inc. |
| **Total Number of Applications** | As of March 31, 2020, there are 375 applications. |
| **Patterns of Alleged Misconduct** | The most common allegations concern promises of job placement or job placement assistance upon graduation. |
| **Internal ED Investigation(s)**<br>• **PC, AAASG, OIG** | A program review was conducted at Carrington College Phoenix during the 2012-2013 and 2013-2014 award years, and found job placement misrepresentations involving 7 borrowers out of a sample of 30. The job placement representations were made in violation since graduates were either not employed in the field, not employed in the location listed in the graduate's file, or the placement was an externship and not a paid job. Carrington College addressed and resolved the discrepancies in their records and no additional action was taken against the school.<br><br>Another program review was conducted at Carrington College California during the 2012-2013 and 2013-2014 award years, however, none of the findings were relevant to borrower defense. |
| **Internal Contact(s) for Further Investigation** | N/A |
| **External Investigations (AG), Evidence or Litigation Related to BD** | N/A |
| **External Contact(s) for Further Investigation** | N/A |
| **External Investigations, Evidence or Litigation NOT related to BD** | N/A |
| **News Articles/Media** | In 2018, an article highlighted an alleged situation where Carrington College submitted paperwork for a federal Parent |

|  | Plus loan on behalf of a student despite the student and parent claiming they never signed for it. |
|---|---|
| **Name of Reviewer** | Ashley Bykerk |
| **Date Review Completed** | 3/31/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| Summary of Allegations Reviewed | **Employment Prospects:**<br>Of 375 applications, 315 make allegations regarding employment prospects. Of the allegations sampled, the most common allegations concern promises of job placement or job placement assistance at the end of the program. A few allege they were promised to have jobs within 6 months of graduating from their programs and other borrowers allege representations made by the school regarding a job placement rate ranging from 90% to 98%. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.<br><br>**Program Costs and Nature of Loans:**<br>Of 375 applications, 221 make allegations regarding program costs and nature of loans. Of the allegations sampled, the most common allege that the school represented a specific price for the program but charged more than was initially discussed. Borrowers also make general allegations about the school's failure to explain how loans work and loan payments being too high. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.<br><br>**Transferring Credits:**<br>Of 375 applications, 176 make allegations regarding transfer of credits. Of the allegations sampled, the most common allege that the school represented that credits earned would be transferable to other colleges and universities even though borrowers later found out that credits would not transfer. Other borrowers allege that the school made omissions when it came to the transferability of credits or their accreditation type. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.<br><br>**Career Services:**<br>Of 375 applications, 275 make allegations regarding career services. Of the allegations sampled, the most common allegations allege that borrowers were promised job placement or job placement assistance but never received any help from the school. A borrower also alleged that he was told |

DOE00010369

|  | their felony conviction would not be an issue in obtaining a job in his field even though this was found to be untrue. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.<br><br>**Educational Services:**<br>Of 375 applications, 218 make allegations regarding educational services. Of the allegations sampled, the most common concern alleged promises by the school about externship opportunities at the end of the program that ended up not being provided by the school. A few borrowers alleged that they were promised externships with Kaiser but were then told that the school had no connections with the medical provider. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.<br><br>**Admissions and Urgency to Enroll:**<br>Of 375 applications, 192 make allegations regarding the admissions process. Of the allegations sampled, the most common allege a rush to enroll based on representations that classes were starting soon and there was limited space availability. These claims are not of the type that would warrant BD relief absent a misrepresentation.<br><br>**Other:**<br>Of 375 applications, 238 make allegations in the other category. The allegations sampled revealed that most concerned general dissatisfaction with the services provided by the school and general mentions of litigation against the school. These claims are not of the type that would warrant BD relief absent a misrepresentation. |
| **Recommended Next Steps** | Based on our search for public information (including public records, news articles, court documents and filings), Department of Education internal resources (FRPDs, AASG, and OIG investigations), and the sampling of claims, there is insufficient evidence of widespread misconduct by Carrington College to warrant further investigation. If additional evidence is discovered or received in the future, these claims may be revisited as warranted. As such, it is recommended the cases be adjudicated. Additionally, as there is no evidence of widespread misconduct, notice to the school on these claims is not required. |
| **Recommended Focus Area(s)** | N/A |
| **APPROVED BY:** | Michael Page |
| **DATE:** | 3/31/2020 (updated November 20, 2020) |

3

| Evidence Considered | ☐ Attorney Submission |
|---|---|
| | ☐ Borrower Submission |
| | ☐ Consumer Protection Financial Bureau (CPFB) |
| | ☐ Department of Education-Office of Investigator General (OIG) |
| | ☐ Documents Submitted by the school in response to your application |
| | ☐ Evidence Obtained by the Department in conjunction with its regular oversight activities |
| | ☐ Federal Trade Commission (FTC) |
| | ☐ Department of Justice (DOJ) |
| | ☐ U.S. Securities and Exchange (SEC) |
| | ☐ Attorney General _____ (state) |
| | ☐ Other |
| | ☐ No Other Evidence Considered |

| Advanced Letter Requests | ☐Standard Letter |
|---|---|
| | ☐Standard Letter Plus: |
| | • |

**Links:**

- Salesforce Allegation Report
- Program Review Reports
  - PRCN: 201440928688
  - PRCN: 201430928576
- Carrington College – Additional Locations

4

**DOE00010571-DOE00010572**

# Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution** | Concorde Career Institute |
| **Corporate Owner(s)** | Concorde Careers-Florida, Inc. |
| **Open or Closed** | Open |
| **Total Number of Applications** | 46 |
| **Patterns of Alleged Misconduct** | School not accredited |
| **Evidence/Litigation** | N/A |
| **Name of Reviewer** | Maureen Taylor |
| **Date Review Completed** | 08/14/2019 |

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | School/Campus listed on App | Program(s) | Year of Enrollment | Nature of Allegation(s) | Evidence |
|---|---|---|---|---|---|
| 01147117 | Concorde Career Institute (Fort Lauderdale, FL) | Medical Insurance Billing and Coding | 05/01/2003 | Other, Program Cost, Guaranteed Externship, Career Services | Emailed Statement |
| 01241874 | Concord Career Institute (Lauderdale Lakes) | Not listed | 03/01/2004 | Transferability, Other | Emailed Statement |
| 01257385 | Concord Career Institute (Tampa, FL) | Surgical Technology | 01/02/2007 | Guaranteed Job, Career Services, Teaching/Educational Services, Pressure to Enroll | Emailed Statement |
| 01260144 | Concord Career Institute (Orlando, FL) | Medical Assistant | 01/01/2011 | Career Services, Program Cost, Financial Aid, Transferability, Other, Pressure to Enroll | Emailed Statement |
| 01265705 | Concord Career Institute (Tampa, FL) | Surgical Technology | 08/10/2010 | Guaranteed Job, Program Cost, Financial Aid, Career Services, Pressure to Enroll, Other | Emailed Statement |

| 01284736 | Concorde Career Institute (Lauderlakes, FL) | Medical Assistant | 04/02/2003 | Career Services, Program Cost, Transferability, Other | Emailed Statement |
|---|---|---|---|---|---|
| 01287241 | Concorde Career Institute (Orlando, FL) | Medical Office Administration | 10/01/2012 | Career Services, Educational Services, Guaranteed Externship, Pressure to Enroll, Other | Emailed Statement |
| 01355028 | Concorde Career Institute (Tampa, FL) | Nursing | 04/01/2010 | Guaranteed Job, Other, Teaching/Educational Services, | Emailed Statement |
| 01364729 | Concorde Career Institute (Miramar, FL) | Medical Assistant | 06/01/2008 | Other, Program Cost, Financial Aid | Emailed Statement |
| 01366973 | Concorde Career Institute (Jacksonville, GA) | Medical Assistant | 01/01/2002 | Transferability, Other | Emailed Statement |

## RECOMMENDATION:

Some applicants have made allegations about not being able to obtain employment because the school that they attended was not accredited. The applications reviewed however do not indicate that the school told them they were accredited and that it turned out to be false. No lawsuits against this school were discovered. Further investigation is not recommended at this time.

**APPROVED BY:** John Stephenson
**DATE:** 8/15/2019

**DOE00010573-DOE00010575**

# Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution** | Concorde Career Institute/ Concorde Career College |
| **Corporate Owner(s)** | Concorde Careers-Florida, Inc. |
| **Open or Closed** | Closed |
| **Total Number of Applications** | 36 |
| **Patterns of Alleged Misconduct** | Guaranteed Job, Career Services |
| **Evidence/Litigation** | The former president of Concorde Career Colleges Inc. alleged that "concerns he raised regarding the recruitment policies of the for profit school resulted in his termination in violation of the federal False Claims Act." The school allegedly required "its recruiters to get a set number of students to enroll every week in addition to developing a program that tries to steer potential nursing students into less popular careers in order to increase enrollment in its other programs." https://www.whistleblowerattorneys-blog.com/concorde-career-colleges-inc-terminates-ceo-uncovers-fraud/ Two complaints were filed against the school however I am unable to access the court documents from the links below without creating a login https://unicourt.com/case/ca-la23-zhoie-perez-vs-concorde-career-colleges-inc-189084 https://unicourt.com/case/ca-ora-mccoy-vs-concorde-career-colleges-805738 |
| **Name of Reviewer** | Maureen Taylor |
| **Date Review Completed** | 1/28/2020 |

DOE0001 0573

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | School/Campus listed on App | Program(s) | Year of Enrollment | Nature of Allegation(s) | Evidence |
|---|---|---|---|---|---|
| 01147117 | Concorde Career Institute (Fort Lauderdale, FL) | Medical Insurance Billing and Coding | 05/01/2003 | Other, Program Cost, Guaranteed Externship, Career Services | Emailed Statement |
| 01241874 | Concord Career Institute (Lauderdale Lakes) | Not listed | 03/01/2004 | Transferability, Other | Emailed Statement |
| 01257385 | Concord Career Institute (Tampa, FL) | Surgical Technology | 01/02/2007 | Guaranteed Job, Career Services, Teaching/Educational Services, Pressure to Enroll | Emailed Statement |
| 01260144 | Concord Career Institute (Orlando, FL) | Medical Assistant | 01/01/2011 | Career Services, Program Cost, Financial Aid, Transferability, Other, Pressure to Enroll | Emailed Statement |
| 01265705 | Concord Career Institute (Tampa, FL) | Surgical Technology | 08/10/2010 | Guaranteed Job, Program Cost, Financial Aid, Career Services, Pressure to Enroll, Other | Emailed Statement |
| 01284736 | Concorde Career Institute (Lauderdale lakes, FL) | Medical Assistant | 04/02/2003 | Career Services, Program Cost, Transferability, Other | Emailed Statement |
| 01287241 | Concorde Career Institute (Orlando, FL) | Medical Office Administration | 10/01/2012 | Career Services, Educational Services, Guaranteed Externship, Pressure to Enroll, Other | Emailed Statement |
| 01409902 | Concorde Career Institute (Jacksonville, FL) | Dental Assistant | 08/01/2015 | Guaranteed Job, Program Cost, Other, Career Services | Emailed Statement |
| 01364729 | Concorde Career Institute (Miramar, FL) | Medical Assistant | 06/01/2008 | Other, Program Cost, Financial Aid | Emailed Statement |
| 01366973 | Concorde Career Institute (Jacksonville, GA) | Medical Assistant | 01/01/2002 | Transferability, Other | Emailed Statement |

## RECOMMENDATION:

The allegations made by the applicants vary but several related to Guaranteed Jobs and Career Services. However, none of the applicants provided any sufficient evidence related to the allegations. Some applicants also alleged that the school gave them false information regarding accreditation but no evidence was provided and research did not uncover any information. As stated above, the former president of Concorde Career Colleges Inc. alleged that "concerns he raised regarding the recruitment policies of the for profit school resulted in his termination in violation of the federal False Claims Act." The school allegedly required "its recruiters to get a set number of students to enroll every week in addition to developing a program that tries to steer potential nursing students into less popular careers in order to increase enrollment in its other programs." Research did not reveal any complaints related to these allegations. There were some complaints filed against the school but I was unable to access the documents listed above to determine the cause of action other than being related to labor law. Further investigation is not recommended.

**APPROVED BY: Alana Smith**
**DATE: 1/28/2020**

**DOE00010647-DOE00010649**

# Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution** | Davenport University |
| **Corporate Owner(s)** | Davenport University, Inc. |
| **Open or Closed** | OPEN but several of the branches closed between 2005 and 2018 |
| **Total Number of Applications** | 40 |
| **Patterns of Alleged Misconduct** | Several of the allegations state that the school failed to provide career services or promised that there would be jobs in the student's field. There are also allegations that credits from previous schools would not transfer to Davenport. There is no mention of lawsuits or investigations. |
| **Evidence/Litigation** | • 2014 article about settlement with Higher One-students who went to schools that contracted with Higher One to distribute financial aid are eligible for portion of the settlement because the company allegedly charged improper fees and made misleading statements regarding account costs. Davenport was one of these schools. No allegations against Davenport specifically. ([https://www.mlive.com/lansing-news/2014/02/higher_one_debit_card_settleme.html](https://www.mlive.com/lansing-news/2014/02/higher_one_debit_card_settleme.html))<br><br>• 2016 Complaint to the U.S. Department of Education that Davenport University discriminated against a student on the basis of disability. The allegation states that the University discriminated against students with vision impairments on their homepage and online platform. The school made the necessary changes and the complaint is resolved. |

| | (https://www2.ed.gov/about/offices/list/ocr/docs/investigations/more/1516 2175-a.pdf) |
|---|---|
| **Name of Reviewer** | Alana Smith |
| **Date Review Completed** | 7/1/19 |

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | School/Campus listed on App | Program(s) | Year of Enrollment | Nature of Allegation(s) | Evidence |
|---|---|---|---|---|---|
| 01249022 | Kalamazoo, MI | Systems Analyst | 2005 | Financial Aid, Transferability, Other | Signed Statement |
| 01276267 | Online | Post Grad Medical Case Management | 2010 | Educational Services, Financial Aid, Other | Signed Statement |
| 01286867 | Midland, MI | IT | 2001 | Educational Services, Program Cost, Urgency to Enroll | Signed Statement |
| 01418113 | Merrilvelle, IN | Business Management, Bachelor and Human Resource Management, Masters | 2002 | Career Services, Transferability, Other | Signed statement |
| 01440551 | Warren, MI | Accounting and Management, Bachelor | 1996 | Transferability, Other | Signed Statement |
| 01441923 | Kalamazoo, MI | Medical Transcriptionist, AS | 2001 | Guaranteed Job, Other | Signed Statement |
| 01448544 | Flint, MI | Nursing | 2004 | Educational Services | Signed Statement |
| 01481796 | Grand Rapids, MI | Nursing Medical Assistant, AS | 1999 | Financial Aid, Career Services, Other | Signed Statement |
| 01484136 | Merillville, MI | Medical Assistant | 2002 | Career services, Financial Aid, Program Cost, | Signed Statement |

DOE00010648

| | | | | Pressure to Enroll | |
|---|---|---|---|---|---|
| 01523524 | Online | Medical Coding | 2007 | Other | Signed Statement |

## RECOMMENDATION

The majority of allegations in these cases do not rise to the level of misrepresentations that violates state law. Most of the allegations are that the school failed to offer career services or job placement assistance, that the school misstated the job market, or that the school failed to accept credits that transferred in from other schools. There is little corroboration between the allegations and cases.

The only evidence against the school consists of a 2016 allegation of discrimination filed with the US Department of Education. The complaint was resolve d in 2017. Also, one of the loan companies Davenport University contracted with, Higher One, settled a lawsuit with students from Davenport and other schools for allegations of improperly charging fees and misrepresenting costs and fees. There were no allegations against Davenport University specifically, just against Higher One.

Given the lack of evidence and corroboration, I recommend adjudicating these cases.

**DOE00010738-DOE00010740**

# Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution** | Eagle Gate College |
| **Corporate Owner(s)** | Bullen & Wilson, LLC |
| **Open or Closed** | Open |
| **Total Number of Applications** | 18 |
| **Patterns of Alleged Misconduct** | Bloated Job Placement Rates in Multiple Programs |
| **Evidence/Litigation** | None (Applications) |
| **Name of Reviewer** | Kendrick D. Holley |
| **Date Review Completed** | 8/21/19 |

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | School/Campus listed on App | Program(s) | Year of Enrollment | Nature of Allegation(s) | Evidence |
|---|---|---|---|---|---|
| 01266955 | Eagle Gate College – Salt Lake City | Nursing (AAS) | 2011 | Employment Prospects Transferring Credits Admissions and Urgency to Enroll | Application |
| 01400640 | Eagle Gate College – Salt Lake City | Graphic Design (AAS) | 2009 | Employment Prospects Program Cost and Nature of Loans Transferring Credits Career Services Educational Services Admissions and Urgency to Enroll Other | Application |
| 01498383 | Eagle Gate College – Salt | Graphic Design (AAS) | 2011 | Employment Prospects | Application |

| | Lake City | | | Program Cost and Nature of Loans Career Services Educational Services Other | |
|---|---|---|---|---|---|
| 01518497 | Eagle Gate College – Salt Lake City | Paralegal Studies (AAS) | 2009 | Employment Prospects Program Cost and Nature of Loans Transferring Credits Career Services Admissions and Urgency to Enroll | Application |
| 01599985 | Eagle Gate College – Salt Lake City | Paralegal Studies (AAS) | 2008 | Employment Prospects Transferring Credits Career Services Educational Services Admissions and Urgency to Enroll | Application |
| 01595808 | Eagle Gate College – Salt Lake City | Personal Fitness Training (Diploma) | 2013 | Employment Prospects Educational Services Other | Application |
| 01146518 | Eagle Gate College – Layton | Medical Billing and Coding (Cert.) | 2012 | Employment Prospects Program Cost and Nature of Loans Career Services Educational Services | Application |
| 01278270 | Eagle Gate College – Layton | Medical Assistant (Cert.) | 2016 | Program Cost and Nature of Loans Educational Services | Application |

DOE00010739

| | | | | Admissions and Urgency to Enroll | |
|---|---|---|---|---|---|
| 01284633 | Eagle Gate College – Layton | Paralegal and Web and Animation (AAS) | 2011 | Employment Prospects Transferring Credits Career Services Educational Services | Application |
| 01466295 | Eagle Gate College – Layton | Personal Fitness Training (Cert.) | 2011 | Employment Prospects Program Cost and Nature of Loans Educational Services Transferring Credits Career Services Admissions and Urgency to Enroll Other | Application |

## RECOMMENDATION:

After reviewing the sample of students above from Eagle Gate College, there seemed to be a recurring theme in some of the applications alleging bloated job placement numbers from the admission counselors at the school. The claim was not limited to any particular program (in this sample there were the same claims in the Paralegal program as well as the Graphic Design program) or admission class (2009 & 2011 in this sample). In addition, the claims all specifically claimed they were guaranteed jobs and that the programs they were interested in had a 100% placement rate. This trend seemed peculiar, and was also reflected online at various complaint sites referencing Eagle Gate's admission practices. Unfortunately, most of the claims were stated to have been given verbally and a precursory search of the allegations did not turn up any files that may potentially be used to bolster the students' claim. Also, the number of claims about a 100% job placement rate is still a small minority of the claims reviewed. Currently, I do not recommend that further investigation is necessary and suggest that the claims be adjudicated as they are.

**APPROVED BY:** John Stephenson

**DATE:** 8/22/2019

DOE00010740

**DOE00010783-DOE00010791**



## Initial Review of Mid-Size Batch Applications

## BACKGROUND

| Name of Institution and OPEID | Empire Beauty School (49 listed Franchises. See attached document for individual OPEIDs.)[1] |
|---|---|
| Open or Closed | See Attached OPEID Document |
| Date Advanced Letter Sent | N/A |
| Additional Locations<br>•     Add closure date if applicable | - Empire Beauty School – Flagstaff (OPEID- 01180800)<br>- Empire Beauty School – Arvada (OPEID- 02072200)<br>- Empire Beauty School – Thornton (OPEID-02160600)<br>- Empire Beauty School – Lakewood (OPEID-01070900)<br>- Empire Beauty School – Littleton (OPEID-02141100)<br>- Empire Beauty Schools – (OPEID-02179600) |
| Corporate Owner(s) | Each individual location, while under the franchise umbrella of Empire Beauty School, is independently owned and operated. Many locations have, or have had, multiple owners at any given time. While the individual schools (based on their OPEID numbers) are unique, many of them are owned, at least in part, by either EEG, Inc. or Empire Beauty School, Inc. |
| Total Number of Applications | There were 205 applications as of August 13, 2020 193 at Empire Beauty School Locations; 3 at Flagstaff; 1 at Arvada; 1 at Thornton; 1 at Lakewood; 3 at Littleton; 3 at Empire Beauty Schools. |
| Patterns of Alleged Misconduct | As detailed below, former students at the Empire Beauty School locations have made consistent allegations against the school. However, based on the applications, the borrowers do not present evidence that indicates that the Empire Beauty School locations listed above have committed overt or repetitive misconduct, fraud, or misrepresentations. The application narratives provide individual experiences, frustrations, or issues encountered as a customer of Empire Beauty School. Additionally, although some of the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence to establish a pattern or practice of this type of misconduct. |
| Internal ED Investigation(s)<br>•     PC, AAASG, OIG | **AAASG/Debarment**<br>In 2007, Ms. Janet Ferguson was sent notice proposing to debar her from participation in all covered transactions under procurement and non-procurement programs and activities of any federal agency. As an Admissions Representative at Empire Beauty School in Harrisburg, PA, Ms. Ferguson plead guilty to Making False Statements in Federal Student Loan Applications and False Use of a Social Security Number. Under the first count, Ms. Ferguson admitted to knowingly and willfully making materially false statements in federal student loan and grant applications for the purpose of obtaining federal education benefits and with the intent to deceive. As a result of her guilty plea, Ms. Ferguson was sentenced to 14 months of imprisonment |

---

[1] Empire Beauty School OPEIDs



**Federal Student Aid**
An OFFICE of the U.S. DEPARTMENT of EDUCATION

PROUD SPONSOR of
the AMERICAN MIND™

and was ordered to restitution to Empire Beauty School in the amount of $9,191.36 and to the PA Department of Labor, $9,204.00.

In 2011, Tara Wright, former Admissions Representative at Empire's Manhattan Campus enrolled ineligible students at Empire by creating and/or accepting fraudulent High School Diplomas and New York State General Equivalency Diplomas (GED), as well as falsifying registration and financial aid documents. She was debarred for her actions. On July 20, 2009, Wright was sentenced on felony charges of federal financial aid fraud in the United States District Court in the Southern District of NY.

On June 26, 2013, AAASG sent notice proposing to debar Mr. David Benton from receiving financial and non-financial assistance or benefits from any federal agency, under procurement and non-procurement programs and activities. As a former Admissions Representative for Empire Education Group-Bordentown, from about April 2, 2007 through March 9, 2009, Mr. Benton created false documents, made false statements on documents, accepted false documents, and forged documents necessary for students to obtain federal financial aid. As a result of his conviction for falsifying documents for students to obtain federal student aid, Mr. Benton was sentenced to, among other things, five years of probation, six months home confinement, and 300 hours of community service. Mr. Benton was also ordered to pay a $15,000 fine and an assessment of $100.00.

December 17, 2013, AAASG sent notice proposing to debar Ms. Katie Champion from receiving financial and non-financial assistance or benefits from any federal agency, under procurement and non-procurement programs and activities. Between December 21, 2007 and June 21, 2010, while employed as an admissions representative at Empire Beauty School, Ms. Champion created false documents, made false statements on documents, accepted false documents and forged documents necessary for students to obtain federal financial aid.[2]

**OIG Investigation**
Ineligible disbursements – one employee falsifying docs. 2015 (02149800)

PRCN: 201330228269
Finding 1. Ineligible Disbursements
The citation, 34 C.F.R. § 668.32(e), states that in order to receive Federal Student Aid funds, a student must be qualified to study at the Post-Secondary level. Empire had self-reported to the Office of Inspector General (OIG) that it believed an Admission Representative had admitted and enrolled students who did not have valid high school diplomas or valid GEDs. The OIG

---

[2] AAASG Monthly Report June 2014, AAASG Monthly Report September 2015



PROUD SPONSOR *of* the AMERICAN MIND™

conducted an investigation into this individual and confirmed the fraudulent activity. Empire was required to provide documented evidence that the funds obtained from these falsified reports, totaling $231,407.88, had been returned to the appropriate program for the students in question. The final determination stated that based on the documentation provided by Empire, the school must refund the Department $33,687 in interest.

**OIG Investigation**

A 2011 OIG investigation revealed that Tara Wright, former Admissions Representative at Empire's Manhattan Campus enrolled ineligible students at Empire by creating and/or accepting fraudulent High School Diplomas and New York State General Equivalency Diplomas (GED), as well as falsifying registration and financial aid documents. Approximately $200,000 in Federal Student Aid was disbursed on behalf of the ineligible students based on representations that they were high school graduates or had earned their GEDs. On July 20, 2009, Wright was sentenced on felony charges of federal financial aid fraud in the United States District Court in the Southern District of NY. OIG agents reviewed enrollment records for additional Admissions Representatives but did not find substantial evidence to warrant further investigation. However, the program review did find Empire to be in noncompliance with its campus security policies and distribution of an annual security report.

**PRCN: 201330228268 (02344200) (2015)**
Finding 1: Ineligible Disbursements
The citation, 34 C.F.R. § 668.32(e), states that in order to receive Federal Student Aid funds, a student must be qualified to study at the Post-Secondary level. Empire had self-reported to the Office of Inspector General (OIG) that it believed an Admission Representative had admitted and enrolled students who did not have valid high school diplomas or valid GEDs. The OIG conducted an investigation into this individual and confirmed the fraudulent activity. The investigation confirmed the employee assisted students in obtained fraudulent GEDs and high school diplomas in order to register for classes at Empire. Empire provided documented evidence that $385,297.08 from the list entitled "Confirmed Ineligible" has been returned to the appropriate program. The Department was able to confirm $259,318.50 from the list entitled "Fake Camden High School Diplomas" was returned to the appropriate program. Empire provided further documentation confirming the funds have been returned to the Department. Based on the documentation submitted by Empire, Empire must refund $80,405.39 in interest to the Department.

The 2013 OIG investigation revealed that a former Empire Admissions Representative at the Bordentown, New Jersey campus, David Benton,



PROUD SPONSOR *of*
*the* AMERICAN MIND™

enrolled ineligible students at Empire by knowingly accepting fraudulent high school diplomas and New Jersey State General Equivalency Diplomas (GED). Based on a review of Empire's records and interviews conducted by EDOIG, EDOIG determined that Benton was responsible for at least 20 fraudulent enrollments. The total Title IV aid disbursed for these enrollments was $247,694.84. On April 7, 2001, Benton plead guilty to an information for felony charges of Federal Student Aid fraud in the United States District Court in the District of New Jersey. In addition, a subsequent EDOIGs investigation lead to the arrest of Katie Champion, an Admissions Representative at the Cherry Hill campus. Champion also plead guilty to Federal Student Aid fraud in the United States District Court in the District of New Jersey. Based on Empire's review of enrollment records, EDOIG determined that Empire was responsible for a total of $385,297.08 in Title IV disbursed for students who were ineligible based on fake proof of secondary education or whose eligibility was unable to be confirmed.

**Program Compliance**
**PRCN: 201020227160 (OPEID-02173200) (2011)**
This 2011 program review had two findings. The first was Crime Awareness Requirements Not Met and the second was Ineligible Student -High School Student. The nature of these findings do not indicate that this review is related to borrower defense.

**PRCN: 201220227827 (OPEID- 02079410 - formerly 01260500) (2017)**
Finding 1. Inaccurate/Unsupported Attendance Records
Empire Beauty School uses a system known as Time Star to record time and attendance for all of its students. The review of the institution and the Time Star program determined that the Time Star system is impacting the school's ability to properly monitor whether a student is making satisfactory academic process. In addition, it also affects Empire's ability to properly determine when a student has completed the required number of hours in a payment period and started another payment period.

In response to the findings, Empire agreed that the Time Star system had been erroneously set up in a manner that could result in a students receiving credit for "excess hours" if they clocked in before the scheduled time of their classes and that the "excess hours" could be credited to the students as "makeup" hours even when they had not missed classes. Empire ultimately modified the system to prevent this type of error from occurring again. They also reviewed their files to determine if there had been improper disbursements of Title IV funds to Empire due to the system error. The final determination was the Empire is liable for $62,214.02 in returns due back to the Title IV programs. Although Empire failed to properly account for student attendance, this finding is outside the scope of borrower defense.



Federal **Student** Aid | PROUD SPONSOR *of*
An OFFICE *of the* U.S. DEPARTMENT *of* EDUCATION | *the* AMERICAN MIND™

| | |
|---|---|
| | **PRCN: 201410228466 (OPEID-00966400) (2018)**<br>Finding 1. Incentive Compensation Violation<br>Empire violated incentive compensation regulations when it provided employees directly involved in the enrollment and recruitment of students with yearly increases based in part on factors that consider the employee's success in recruiting and securing enrollments. The incentive compensation violation identified in this finding is a corporate-wide issue for all schools owned and operated by EEG, Inc. Although Empire violated the incentive compensation regulation, this finding is outside the scope of borrower defense. |
| **Internal Contact(s) for Further Investigation** | Jacqueline Watford and Jane Eldred |
| **External Investigations (AG), Evidence or Litigation Related to BD** | A review of publicly available information found no evidence related to Borrower Defense. |
| **External Contact(s) for Further Investigation** | N/A |
| **External Investigations, Evidence or Litigation NOT related to BD** | *Jones v. EEG, INC.*, **2016 WL 1572901**<br>The plaintiffs in this lawsuit allege that Empire Beauty Schools systemically charge more for student-provided cosmetology services than the cost of the materials used in providing those treatments in violation of Pennsylvania and New Jersey state law.  A settlement in the case was reached in the amount of $6,750,000. |
| **News Articles/Media** | **REGIS TO MERGE BEAUTY SCHOOLS INTO EMPIRE EDUCATION GROUP – 2007**<br>The Regis Corporation entered into an agreement to merge its 51 accredited cosmetology schools into Empire Education Group.  Upon completion of the transaction, Regis Corporation will own a 49 percent minority interest in Empire Education Group.<br>https://www.sec.gov/Archives/edgar/data/716643/000110465907030693/a07-11872_1ex99.htm<br><br>Empire Beauty School, Inc. Profile<br>https://www.bloomberg.com/profile/company/0835269D:US<br><br>**AG Secures $900,000 to Help Students of Online Education Company**<br>An April 2018, press release put out by the Massachusetts Office of Attorney General Maura Healey mentioned that the MA AG's office "reached a settlement with Empire Beauty, a for-profit cosmetology school with locations in Boston, Framingham, and Malden, over allegations of failing to provide job placement rates to prospective students and engaging in excessive recruitment calls."[3] |

---

[3] I was unable to find any evidence relating to this settlement.



PROUD SPONSOR *of*
*the* AMERICAN MIND™

| | https://www.mass.gov/news/ag-secures-900000-to-help-students-of-online-education-company |
|---|---|
| **Name of Reviewer** | Shana Metzger |
| **Date Review Completed** | 08/24/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| **Summary of Allegations Reviewed** | As of August 13, 2020, there were 205 Borrower Defense applications filed against the Empire Beauty School franchises, with enrollment dates ranging from 1987 to 2020. The bulk of the applicants have enrollment start dates between 2003 and 2019. While the franchises are separate entities, the allegations across the locations were similar in nature.

Admissions and Urgency to Enroll:
Of the 205 applications, 68 borrowers raised admissions and urgency to enroll allegations. Borrowers allege that various Empire Beauty School franchises used similar sales tactics that included pressuring potential students into enrolling quickly and offering incentive programs such as a discount on tuition if the borrower enrolled right then. These claims are not the type that would warrant Borrower Defense relief absent a misrepresentation.

Career Services:
Of the 205 applications, 99 borrowers raised career services allegations. Borrowers allege that Empire Beauty School(s) failed to assist them with job placement, placed them in externships that they believed would lead to permanent positions but did not, made false promises regarding the types of connections that Empire Beauty School had with potential employers in the community, promised to assist them with interview skills and failed to prepare them for their board certification tests. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

Educational Services:
Of the 205 applications, 94 of the borrowers' allegations discuss the quality of the education received, including misrepresentations as to the quality and qualifications of the instructors, the high turn-over rate of instructors, the student-teacher ratio being higher than promised, and the fact that the school stated that they offered state prep classes but did not. Although the allegation asserted may be relative to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. |
|---|---|



Finally, several borrowers stated additional claims including bullying, inadequate accommodations for a borrower with a learning disability, and fraudulently signing documents on behalf of the borrower. While the potential for issues of harassment, discrimination and fraud need not be ruled out, these allegations are outside a Borrower Defense determination.

Employment Prospects:
Of the 205 applications, 134 borrowers raised employment prospect allegations. Borrowers allege that Empire lied about job placement rates, employment outcomes, job placement assistance, their network of potential employers in each city, and compensation rates upon completion of their course work. In addition, some borrowers claim that the school lied to them about their ability to be gainfully employed upon graduation due to their felony convictions. Borrowers have failed to provide any supporting evidence that exhibits a pattern of practice consistent with misconduct and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

Program Costs and Nature of Loans:
Of the 205 applications, 124 borrowers raised employment program costs and nature of loans allegations. Borrowers allege that the amount of tuition was one amount and later found out that it was considerably more, that they were not informed about the nature of the loans or how much the program would cost, that the school did not properly explain to them the nature of the loans when they asked, and that the school told them that all equipment would be covered in the tuition but were later made to pay for them separately. These claims are not the type that would warrant Borrower Defense relief absent a misrepresentation.

Finally, several borrowers have alleged that Empire signed for, and took out, loans in their name without the borrowers' knowledge or understanding and/or lied to them about nature and amounts of the loans. In addition, parent borrowers allege that they were unaware that they were taking out loans in their own names but believed that they were co-signing for loans in their child's name. These types of allegations are consistent with possible fraudulent activity associated various Empire franchisees' loan application and management practices. However, and while the potential for fraud need not be ruled out, these allegations pertain to a false certification of loans review and therefore, are outside a Borrower Defense determination.

Transferring Credits:
Of the 205 applications, 150 borrowers raised transferring credits allegations. Borrowers allege that Empire told them that their credits earned at other institutions would transfer over or that their credits were



PROUD SPONSOR of
the AMERICAN MIND™

|  | transferrable. However, they do not provide any evidence of the credits' purported transferability and therefore have not provided enough evidence that exhibits a pattern of practice consistent with misconduct and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.. |
|---|---|
|  | Other: Of the 205 applications, 112 borrowers raised "other" allegations. Borrowers provided explanatory narratives relevant to their personal experiences, addressing the implications of acquiring educational debt without secure employment, commenting on the quality of their educational experience, or detailing interpersonal relationship issues. The allegations do not suggest widespread misrepresentations or violations. These claims are not the type that would warrant Borrower Defense relief absent a misrepresentation. |
| **Recommended Next Steps** | In reviewing the allegations as a whole, a number of the types of allegations asserted by the borrowers are those that are consistent with possible harassment, discriminatory, or fraudulent activity associated various Empire franchisees' loan application and management practices. However, and while the potential for harassment, discrimination and fraud need not be ruled out, these allegations are outside a Borrower Defense determination.

With that said, most of the allegations asserted may be relevant to Borrower Defense. However, based on public information (including public records, news articles, court documents, and filings), Department of Education internal resources (FPRDs, AAASG, and OIG investigations), and the review of the claims, there is insufficient evidence to suggest that the named Empire Beauty School franchises engaged in widespread conduct of a type that would warrant borrower defense relief. In addition, the borrowers fail to provide any supporting evidence to support the allegations. Without further evidence, it is recommended that the cases be adjudicated individually. If additional evidence is discovered or received in the future, these claims may be revisited as warranted. Additionally, as there is no evidence of widespread misconduct, notice to the schools on these claims is not required. |
| **Recommended Focus Area(s)** | N/A |
| **APPROVED BY:** | Sarah Angilello |
| **DATE:** | 08/24/2020 (Updated 11/22/2020) |

| **Evidence Considered** | ☐ Attorney Submission |
|---|---|
|  | ☐ Borrower Submission |



| | ☐ Consumer Protection Financial Bureau (CPFB) |
| | ☐ Department of Education-Office of Investigator General (OIG) |
| | ☐ Documents Submitted by the school in response to your application |
| | ☐ Evidence Obtained by the Department in conjunction with its regular oversight activities |
| | ☐ Federal Trade Commission (FTC) |
| | ☐ Department of Justice (DOJ) |
| | ☐ U.S. Securities and Exchange (SEC) |
| | ☐ Attorney General _____ (state) |
| | ☐ Other |
| | ☐ No Other Evidence Considered |

| Advanced Letter Requests | ☐ Standard Letter |
| | ☐ Standard Letter Plus: |
| | • |

**Links:** In this section please provide the Sharepoint links to working documents and evidence reviewed. Example of items to provide links for below.

- Advanced Letter (if applicable)

- Salesforce Allegation Report
  - Cases with Allegations Report

- Program Review Report

**DOE00010792-DOE00010794**

Empire Beauty School Locations – Evidence Considered Protocol

<u>Applicable to</u>:

Empire Beauty School- See Appendix A Below
Empire Beauty School – Flagstaff (OPEID- 01180800)
Empire Beauty School – Arvada (OPEID- 02072200)
Empire Beauty School – Thornton (OPEID-02160600)
Empire Beauty School – Lakewood (OPEID-01070900)
Empire Beauty School – Littleton (OPEID-0214110)
Empire Beauty Schools – (OPEID-02179600)

<u>Entering Evidence Considered Manually</u>:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
   a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. The case is now ready to process following the normal borrower notification letter creation process.

<u>Bulk Update Options</u>:

1. Bulk update (by work ticket to Accenture) all Empire Beauty School cases in 3.10 with the following:

   a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."

2. Process following the normal borrower notification letter creation process.

**APPENDIX A**

EMPIRE BEAUTY SCHOOL - OPEIDs

|    | OPEID – Primary School | OPEID – Associated School |
|----|------------------------|---------------------------|
| 1  | 00757300 (14)          | 00757311 (1)              |
| 2  | 00817800 (11)          |                           |
| 3  | 00886500 (1)           |                           |
| 4  | 00902501 (1)           |                           |
| 5  | 00945900 (8)           |                           |
| 6  | 00966400 (9)           | 00966412(1)               |
| 7  | 00966500 (3)           |                           |
| 8  | 00966601 (1)           |                           |
| 9  | 00972200 (4)           | 00972201 (1)              |
| 10 | 00978300 (4)           |                           |
| 11 | 00987000 (3)           |                           |
| 12 | 01054100 (1)           |                           |
| 13 | 01054200(18)           | 01054208 (1) 01054210 (1) |
| 14 | 01054300 (4)           | 01054301 (1)              |
| 15 | 01070900 (1)           |                           |
| 16 | 01102100 (3)           | 01102101 (1)              |
| 17 | 01102101 (1)           |                           |
| 18 | 01180800 (2)           | 01180802 (1)              |
| 19 | 01241400 (1)           |                           |
| 20 | 01260500 (1)           |                           |
| 21 | 01260600 (9)           | 01260601 (1) 01260602 (1) 01260610 (1) 01260613 (1) |
| 22 | 01291400 (2)           |                           |
| 23 | 01291500 (1)           |                           |
| 24 | 01291600 (3)           |                           |
| 25 | 01291700 (1)           |                           |
| 26 | 01229100 (4)           |                           |
| 27 | 01301500 (2)           |                           |
| 28 | 02071900 (1)           |                           |
| 29 | 02076700 (3)           |                           |
| 30 | 02072200 (1)           |                           |
| 31 | 02079400 (11)          |                           |
| 32 | 02092200 (4)           |                           |
| 33 | 02141100 (3)           |                           |
| 34 | 02149000 (2)           |                           |
| 35 | 02149800 (2)           |                           |
| 36 | 02160600 (1)           | 01260613 (1)              |

DOE00010793

| 37 | 02173200 (22) | |
|----|---------------|---|
| 38 | 02176900 (1)  | |
| 39 | 02179600 (3)  | |
| 40 | 02220300 (4)  | |
| 41 | 02314200 (1)  | |
| 42 | 02324700 (4)  | |
| 43 | 02332100 (3)  | |
| 44 | 02334300 (2)  | |
| 45 | 02344200 (3)  | |
| 46 | 02345200 (1)  | |
| 47 | 02523100 (1)  | |
| 48 | 02607600 (6)  | |
| 49 | 03077600 (2)  | |
|    |               | |

**DOE00010795-DOE00010796**

# Initial Review of Small Batch Applications

## BACKGROUND

| Name of Institution | Empire Beauty School |
|---|---|
| Corporate Owner(s) | Empire Education Group |
| Open or Closed | Some campuses are closed |
| Total Number of Applications | 6 |
| Evidence/Litigation | Plaintiff filed suit against the school alleging that the school "conducted wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones- whose numbers appear on the National Do Not Call Registry- without consent, all in violation of the Telephone Consumer Protection Act." http://www.classactionsreporter.com/sites/default/files/empire_education_tcpa_complaint.pdf. |
| Name of Reviewer | Maureen Taylor |
| Date Review Completed | 1/7/2020 |

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | Evidence |
|---|---|
| 01243067 | Emailed Statement |
| 01278300 | Emailed Statement |
| 01434276 | Emailed Statement |
| 01438340 | Emailed Statement |
| 01582948 | Emailed Statement |

## RECOMMENDATION:

☒ I recommend the claims be adjudicated because I have been unable to locate any relevant evidence in support of the borrower's allegations.
☐ I recommend the Borrower Defense Unit investigate this school further because of the following evidence found:
        [List evidence found and write a short recommendation]

As stated above,  a Plaintiff filed suit against the school alleging that the school "conducted wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones- whose numbers appear on the National Do Not Call Registry- without consent, all in violation of the Telephone Consumer Protection Act." The allegations in this suit do not relate to any concerns that would suggest the school violated stated law as it pertains to enrolled studemts.

http://www.classactionsreporter.com/sites/default/files/empire_education_tcpa_complaint.pdf.

**APPROVED BY: Alana Smith**
**DATE:**

**DOE00010818-DOE00010825**



**Federal Student Aid**
*An OFFICE of the U.S. DEPARTMENT of EDUCATION*

PROUD SPONSOR *of
the* AMERICAN MIND ™

### Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution and OPEID** | Everglades University and Everglades College, d/b/a Keiser University[1] 02151900 |
| **Open or Closed** | Open |
| **Date Advanced Letter Sent** | |
| **Additional Locations** • **Add closure date if applicable** | See Attachment A -Everglades University and Everglades College Additional Locations |
| **Corporate Owner(s)** | Everglades College, Inc. |
| **Total Number of Applications** | 525 (as of 7/1/2020) |
| **Patterns of Alleged Misconduct** | Everglades College currently does not have any pending litigation and BD has not identified evidence that suggests that the Everglades is participating in fraudulent or illegal activity that would support borrower defense discharges. Based on a sample of 50 applications below, the borrowers do not present evidence that indicate Everglades committed misconduct, fraud, or misrepresentations. The application narratives provide individual experiences, frustrations, or misunderstandings encountered as a customer of Everglades. |
| **Internal ED Investigation(s)** • **PC, AAASG, OIG** | **Program Compliance** **AAASG and OIG Investigations** |
| **Internal Contact(s) for Further Investigation** | N/A |
| **External Investigations (AG), Evidence** | Assurance of Voluntary Compliance, In the Investigation of Keiser University, et al, Case No. L10-3-1201 10/25/2012 Settlement without an admission of guilt between the State of Florida and Everglades College over Florida's Deceptive and Unfair Trade Practices Act allegations. |

[1] Everglades, Inc., owns both Everglades University and Keiser University. Everglades, Inc. purchased Keiser in 2011. The 2012 Florida Attorney General Assurance of Voluntary investigated practices at both Everglades University and Keiser University from before and after the sale. Our investigation did not reveal any evidence to establish a pattern or practice of misconduct occurring at Keiser prior to the purchase, outside of the Assurance of Voluntary Compliance noted above.

| | |
|---|---|
| or Litigation Related to BD | Everglades entered into the Assurance of Voluntary Compliance (AVC) without an admission that they violated Florida's Deceptive and Unfair Trade Practices Act, or any other law, and solely for the purpose of resolution of the matter with the Attorney General. The AVC established that Everglades would implement disclosure policies in several areas, including the transfer of credits, to the extent that they were not already in place. <br><br> Pursuant to the AVC, Everglades offered a retraining program for students who attended Everglades during the "relevant period" of 1/1/2008-10/25/2012. The AVC states that Everglades "offered this definition in a show of good faith to their former students and in recognition of the current economic climate of the United States." (AVC Section 10(a)(ii), Page 7).  The Department is not in possession of any evidence from the investigation at this time and the conclusions made in this memo were reached without access to such evidence. |
| External Contact(s) for Further Investigation | N/A |
| External Investigations, Evidence or Litigation NOT related to BD | United States v. Everglades Coll., Inc., 855 F.3d 1279 (11th Cir. 2017) <br> Settlement without an admission of guilt between DOJ and Everglades College over False Claims Act allegations of incentive payments to admission counselors <br><br> Telephone Consumer Protection Act Class Action <br> On July 28, 2016 the Broward Palm Beach New Times wrote an article about a class action suit which contended that Keiser University was using recruiters (also known as admissions counselors) to make phone calls to prospective students. The article claims that the school violated the Telephone Consumer Protection Act by doing so because the recruiters pay was incentivized based on the number of student's they were able to enroll. In a statement from the university concerning this matter, the school denied all wrongdoing. |
| News Articles/Media | https://www.prnewswire.com/news-releases/keiser-university-to-become-private-not-for-profit-university-114160804.html <br> 1/18/2011 Everglades College, Inc., the non-profit owner of Everglades University, acquired Keiser University. <br><br> Florida Attorney General Settlement <br> On October 31, 2012 the Southern Florida Sun Sentinel reported a settlement between Keiser and the Florida attorney general's office. The article discusses that the settlement was the result of an investigation into the admissions practice of Keiser University regarding inaccurate enrollment information. Students made allegations that Keiser was providing misleading information about it costs, accreditation, and the transferability of its credits. The settlement agreement provides that Keiser will not admit any fault for its actions but will provide former students with free retraining, and Keiser promises that its admission counselors will not make any misrepresentations concerning the programs that the school offers. |

2

DOE00010819

| | |
|---|---|
| | **For-Profit to Non-Profit Transition**<br>On April 23, 2015 Michael Vasquez of the Miami Herald published an online article discussing the change of Keiser University' status from a for -profit institution to a non-profit institution. This article avers that Keiser's change in status was largely due to the Obama Administration's proposal to significantly limited federal funding for career training programs that schools like Keiser University featured. The article further notes how other similarly situated schools like Keiser felt that it was appropriate to switch their status for regulatory reasons and for the public perception reasons. |
| **Name of Reviewer** | Conor Kruger |
| **Date Review Completed** | 07/06/20 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| | |
|---|---|
| **Summary of Allegations Reviewed** | **Application Sample:**<br>Borrower Defense reviewed a sample of 50 allegations of each allegation type to identify potential trends in the applicant pool. The enrollment dates for Everglades College range from 1990 to 2019. The narratives in the reviewed applications provide commentary on the quality of education, the transferability of credits, and frustrations arising from the attendance at the school.<br><br>**Allegation Break Down**<br>Transferring Credits<br>Of the 525 total applications, 272 raise a transfer of credits allegation. Of the 50 allegations in sampled applications; 26 allegations assert that Everglades specifically told Borrowers that credits were generally transferable, 10 allegations assert that Borrowers' Everglades credits did not transfer to other institutions but make no allegation as to any representations by the school, and 7 allegations assert that Borrowers were unable or had difficulty transferring credits from other institutions into Everglades including some cases where Everglades made representations to the contrary.<br><br>Most of the claims are from borrowers who were enrolled in Everglades before the Assurance of Voluntary Compliance (AVC) was reached on 10/25/2012. Of the 272 transfer of credits allegations, 137 are from Borrowers who attended Everglades during the "relevant period" defined in the AVC. The Everglades applications are from borrowers who attended the school over a 29-year period yet over half of the transfer of credits allegations are from the four-year period defined as the "relevant period" in the AVC. In contrast, only 45 allegations are from Borrowers who attended Everglades after the "relevant period" and the AVC was reached between Everglades and the Attorney General for the State of Florida. Although the allegations asserted are of the type that might warrant BD relief, borrowers failed to provide relevant supporting evidence with their claims and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct occurring at Everglades. |

3

Career Services
Of the 525 total applications, 314 raise a career services allegation. Of the 50 allegations in sampled applications, 14 are of the type that might warrant BD relief, if supported by evidence. The borrowers in the sampled cases allege that they were guaranteed job placement, assistance with job placement, or that they would receive a certain wage or job. Although the allegations asserted are of the type that might warrant BD relief, borrowers failed to provide relevant supporting evidence with their claims and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct occurring at Everglades.

Employment Prospects
Of the 525 total applications, 357 raise an employment allegation. Of the 50 allegations in sampled applications, 20 are of the type that might warrant BD relief, if supported by evidence. The borrowers allege that Everglades representatives lied about job placement assistance, employment outcomes, and the school's relationship with employers. The allegations made in the Employment Prospects claims are quite similar to and/or overlap with those made in the Career Services allegations and many of the allegations in both sections are made by the same borrowers. Borrowers in the sampled cases allege that they were guaranteed job placement, assistance with job placement, or that they would receive a certain wage or job. There are a similar number of Employment Prospect and Career Services throughout the total number of cases and the two have similar rates of relevant cases. Although the allegations asserted are of the type that might warrant BD relief, borrowers failed to provide relevant supporting evidence with their claims and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct occurring at Everglades.

Program Cost and Nature of Loans
Of the 525 total applications, 370 raise a program cost allegation. Of the 50 allegations in sampled cases, 14 are of the type that might warrant BD relief, if supported by evidence. Most of the claims allege that Everglades lied about the cost of attendance, did not properly explain the cost of attendance, or lied about the amount of financial assistance a borrower would receive. A few borrowers allege that they were not informed of payments they would have to make while still enrolled at Everglades. Although the allegations asserted are of the type that might warrant BD relief, borrowers failed to provide relevant supporting evidence with their claims and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct occurring at Everglades.

Educational Services
Of the 525 total applications, 250 raise an educational services allegation. Of the 50 allegations in sampled cases, 16 are of the type that might warrant BD relief, if supported by evidence. The allegations that are of the type that might warrant BD relief are those that allege that they were misled as to the school's accreditation or certification. The borrowers' allegations discuss the quality of the education received, including opinions on the qualifications of instructors, the availability of externships, and the quality of the curriculum  These claims are not the type that would warrant relief absent a misrepresentation.

4

DOE00010821

|  | Admissions and Urgency to Enroll Admissions<br>Of the 525 total applications, 305 raise an admissions allegation.  Several borrowers allege that recruiters stated that there were a limited number of spaces filling up quickly and if the borrower failed to sign up that they would have to wait an extended period before enrolling.  These claims are not the type that would warrant relief absent a misrepresentation.<br><br>Other<br>Of the 525 total applications, 278 raise an "other" allegation. Of the 50 allegations in sampled cases, 2 are of the type that might warrant BD relief, if supported by evidence. These borrowers provided explanatory narratives relevant to their experiences with accreditation, litigation involving the schools, fees associated with the school. Although the allegations asserted are of the type that might warrant BD relief, borrowers failed to provide relevant supporting evidence with their claims and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct occurring at Everglades.<br><br>Job Placement Rate<br>Of the 525 total applications, 2 raise a "job placement rate" allegation, both of which are of the type that might warrant BD relief, but are not supported by evidence. |
| --- | --- |
| **Recommended Next Steps** | The transfer of credits allegations suggest a pattern of misconduct relating to representations of the transferability of credits to and from Everglades; however, the borrowers do not provide any evidence of a pattern and FSA is not in possession of evidence from external investigations to corroborate the allegations.<br><br>Accordingly, it is recommended that the cases be adjudicated using the standard protocol. |
| **Recommended Focus Area(s)** | N/A |
| **APPROVED BY:** | Sarah Angilello |
| **DATE:** | 07/27/20 |

| **Evidence Considered** | ☐ Attorney Submission<br>☐ Borrower Submission<br>☐ Consumer Protection Financial Bureau (CPFB)<br>☐ Department of Education-Office of Investigator General (OIG)<br>☐ Documents Submitted by the school in response to your application<br>☐ Evidence Obtained by the Department in conjunction with its regular oversight activities<br>☐ Federal Trade Commission (FTC)<br>☐ Department of Justice (DOJ)<br>☐ U.S. Securities and Exchange (SEC)<br>☐ Attorney General _____ (state) |
| --- | --- |

5

DOE00010822

| | ☐ Other: Assurance of Voluntary Compliance, In the Investigation of Keiser University, et al, Case No. L10-3-1201 ☐ No Other Evidence Considered |
|---|---|

| Advanced Letter Requests | Standard Letter:<br>☐  N/A |
|---|---|

**Links:** (In this section please provide the Sharepoint links to working documents and evidence reviewed. Example of items to provide links for below.)

- Salesforce Allegation Report
- Assurance of Voluntary Compliance, In the Investigation of Keiser University, et al, Case No. L10-3-1201

DOE00010823

**Attachment A- Everglades University and Everglades College Additional Locations**

3108500 Everglades University

3108502 Everglades University - Maitland

3108504 Everglades University - Miami

3108503 Everglades University - Tampa

3108501 Everglades University - Sarasota

02151900 Keiser University

02151901 Keiser University - Melbourne Campus

02151902 Keiser University - Tallahassee Campus

02151903 Keiser University - Sarasota Campus

02151904 Keiser University - Daytona Beach

02151905 Keiser College - Daytona Beach Campus

02151906 Keiser University – Lakeland

02151907 Keiser University - Sarasota SCTI Fire Academy

02151908 Keiser University - Miami Campus

02151909 Keiser University - Orlando

02151910 Keiser University – Jacksonville

02151911 Keiser University - Pt St Lucie

02151912 Keiser University - West Palm Beach

02151913 Keiser University - Pembroke Pine

02151914 Keiser University – Tampa

02151915 Keiser University – Miami

02151916 Keiser University - PSL – COG

02151917 Keiser University - Ft Myers

02151918 Keiser University - Tallahassee Additional Classrooms

02151919 Keiser University - San Marcos Nicaragua

02151920 Keiser University – Clearwater

02151921 Keiser University – NPR

02151922 Keiser University - Flagship (Residential)

7

DOE00010824

02151923 Keiser University - Patrick Air Force Base

02151924 Keiser University – Naples

DOE00010825

**DOE00010834-DOE00010834**

**Everglades College, Inc.** – Evidence Considered Protocol

<u>Applicable to</u>:

Everglades College
Everglades University
Keiser University

<u>Entering Evidence Considered Manually</u>:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
    a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. In the "Other Evidence" field on the case input the following:
    a. [nothing is needed to be entered into this field for Everglades College, Inc.]
4. The case is now ready to process following the normal borrower notification letter creation process.

<u>Bulk Update Options</u>:

Bulk update (by work ticket to Accenture) all Everglades College, Inc. cases in 3.10 with the following:

    a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."

2. Process following the normal borrower notification letter creation process.

DOE00010834

**DOE00010870-DOE00010870**

**Florida Career College** – Evidence Considered Protocol

<u>Applicable to</u>:

Florida Career College

<u>Entering Evidence Considered Manually</u>:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
    a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. In the "Other Evidence" field on the case input the following:
    a. Britt v. IEC d.b.a. Florida Career College (S.D. Fla, April 20, 2020)
    b. Ortiz v. IEC Corporation (S.D.Fla-Miami, May 15, 2019)
4. The case is now ready to process following the normal borrower notification letter creation process.

<u>Bulk Update Options</u>:

Bulk update (by work ticket to Accenture) all Florida Career College cases in 3.10 with the following:

    a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."
    b. In the "Other Evidence" field on input the following:
        i. Britt v. IEC d.b.a. Florida Career College (S.D. Fla, April 20, 2020)
        ii. Ortiz v. IEC Corporation (S.D.Fla-Miami, May 15, 2019)

2. Process following the normal borrower notification letter creation process.

**DOE00010871-DOE00010874**



PROUD SPONSOR *of*
*the* AMERICAN MIND™

### Initial Review of Medium Batch Applications

**BACKGROUND**

| Name of Institution and OPEID | Florida Career College 02305800 |
|---|---|
| **Open or Closed** | Open |
| **Additional Locations**<br>• **Add closure date if applicable** | Florida Career College Campus Locations |
| **Corporate Owner(s)** | International Education Corporation -2014 to present<br>Anthem Education Group-2012-2014 |
| **Total Number of Applications** | As of May 1, 2020, there are 374 applications. |
| **Patterns of Alleged Misconduct** | Based on a sample of 30 applications, the borrowers do not present evidence that indicate Florida Career Colleges (FCC) committed overt or repetitive misconduct, fraud, or misrepresentation. The application narratives provide individual experiences, frustrations, or misunderstandings encountered as a student of FCC. Additionally, although some of the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. |
| **Internal ED Investigation(s)**<br>• **PC, AAASG, OIG** | **Program Compliance**<br>After review, Borrower Defense found no past or pending Final Program Review Determinations (FRPD).<br><br>**AAASG and OIG Investigations**<br>On March 14, 2013, OIG published a ROI against two campuses of Florida Career College as part of a larger operation investigating fraudulent production of high school diplomas and misrepresentation of high school graduate status amongst for-profit universities. The report indicated that both the Lauderdale Lakes and Pembroke Pines campuses of FCC were involved in these practices.<br><br>**OGC/DOJ**<br>After review, Borrower Defense found no past or pending OGC/DOJ investigations. |
| **Internal Contact(s) for Further Investigation** | None. |
| **External Investigations (AG), Evidence or Litigation Related to BD** | Former students filed a lawsuit alleging that the school promised job placement, high salaries, and career services assistance, but failed to deliver on the promises.[1] The complaint also alleges the school engaged in predatory admissions practices and targeted minorities for enrollment. The case remains pending. |

---

[1] Britt v. IEC d.b.a. Florida Career College (S.D. Fla, April 20, 2020).

|  | Former Campus Program Manager at FCC – Miami filed a qui tam alleging FCC knowingly falsified: attendance and retention records, student grades, class schedules, delayed student withdrawals all to receive Title IV funding. Additionally, she claims that FCC induced students to enroll through misrepresentation by telling non-English speaking students that proficiency in English was not an obstacle, knowingly enrolled students without high school diplomas or the equivalent, and awarded incentive pay to admissions officials. The lawsuit was dismissed.[2] |
|---|---|
| **External Contact(s) for Further Investigation** | None. |
| **External Investigations, Evidence or Litigation NOT related to BD** | Former employees file class action lawsuit alleging discrimination by the school based on race and national origin, failure to pay lawful overtime compensation, and wrongful terminated of employment.[3]<br><br>Legal complaint filed by former students alleged that FCC failed to provide students with a safe environment and failed to properly control and discipline allegedly dangerous students as well as warning students of these allegedly dangerous students after a student was injured by another student at the school. |
| **News Articles/Media** | Articles discussing a raid conducted by the FBI against two campuses of Florida Career College in 2012. Undercover agents found that FCC employees were forging high school diplomas and telling prospective students to lie about their high school diploma statuses.<br><br>NPR published an article on May 8, 2020 summarizing the Britt v. IEC Corporation complaint regarding misrepresentations related to employment prospects. |
| **Name of Reviewer** | Ashley Bykerk |
| **Date Review Completed** | 5/8/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| **Summary of Allegations Reviewed** | Borrower Defense reviewed a sample of 30 allegations for each of the seven allegation types to identify potential trends and/or salient information provided by the applicant pool.<br><br>**Allegation Type: Employment Prospects**<br>295 out of 374 applications make allegations regarding employment prospects. Of the allegations sampled, the most common concern promises of job upon program completion. Others allege challenges with obtaining employment after completion of their programs. A couple allegations claim that the school advertised the availability of licensing programs, yet the students failed to obtain necessary licenses after completing the program. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. |
|---|---|

[2] Ortiz v. IEC Corporation (S.D. Fla. May 15, 2019).
[3] Metayer v. IEC US Holdings, Inc. et al., 0:18-CV-60545 (S.D. Fla. March 13, 2018).

2

DOE0001 0872

**Allegation Type: Program Cost and Nature of Loans**

261 out of 374 applications make allegations regarding program cost and nature of loans. Of the allegations sampled, the most common concern the school's failure to explain the price of education and the types of loan/grant/scholarship options available. Some of the borrowers also allege that they were told that they could pay off their loans interest free within a certain period after graduation. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Allegation Type: Transferring Credits**

213 out of 374 applications make allegations regarding transfer of credits. These allegations generally allege misrepresentations regarding the transferability of credits earned at the school. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Allegation Type: Career Services**

232 out of 374 applications make allegations regarding career services. Of the allegations sampled, the most common allege that the school promised jobs or assistance with finding employment even though borrowers were later unable to find employment. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Allegation Type: Educational Services**

203 out of 374 applications make allegations regarding educational services. Of the allegations sampled, the most common concern overall dissatisfaction with the quality of education. Many borrowers alleged misrepresentations regarding the availability and nature of externships, and others claim that the education provided did not adequately prepare them to work in their intended fields. Although some of the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Allegation Type: Admissions and Urgency to Enroll**

225 out of 374 applications make allegations regarding the admissions process. Of the allegations sampled, borrowers primarily alleged that they were rushed during the enrollment process and were generally made to feel that spots were limited. These claims are not of the type that would warrant BD relief absent a misrepresentation.

**Allegation Type: Other**

248 out of 374 applications make allegations in the other category. Of the allegations sampled, the most common allegations elaborate on frustrations with the school. Many of these allegations mention FBI activity related to the school and the closures of specific campuses. These claims are not of the type that would warrant BD relief absent a misrepresentation.

3

DOE00010873

| Recommended Next Steps | Based on our search for public information (including public records, news articles, court documents and filings), Department of Education internal resources (FRPDs, AASG, and OIG investigations), and the sampling of claims, there is insufficient evidence of widespread misconduct by Florida Career College to warrant further investigation. As such, it is recommended the cases be adjudicated.[4] Additionally, as there is no evidence of widespread misconduct, notice to the school on these claims is not required. |
|---|---|
| Recommended Focus Area(s) | None. |
| APPROVED BY: | Alana Smith |
| DATE: | 5/8/2020 |

| Evidence Considered | ☐ Attorney Submission |
|---|---|
| | ☐ Borrower Submission |
| | ☐ Consumer Protection Financial Bureau (CPFB) |
| | ☒ Department of Education-Office of Investigator General (OIG) |
| | ☐ Documents Submitted by the school in response to your application |
| | ☐ Evidence Obtained by the Department in conjunction with its regular oversight activities |
| | ☐ Federal Trade Commission (FTC) |
| | ☐ Department of Justice (DOJ) |
| | ☐ U.S. Securities and Exchange (SEC) |
| | ☐ Attorney General _____ (state) |
| | ☐ Other |
| | ☐ No Other Evidence Considered |

| Advanced Letter Requests | ☐Standard Letter |
|---|---|
| | ☐Standard Letter Plus: |
| | ● |

**Links:**
- **Salesforce Allegations Report**
- **Florida Career College Campus Locations**

---

[4] The Borrower Defense Unit will monitor the progress of Britt vs. IEC Corporation. Should evidence arise that would change the final recommendation, the Borrower Defense Unit with revisit these claims.

4

**DOE00010957-DOE00010957**

**Galiano Career Academy** – Evidence Considered Protocol

Applicable to:

**Galiano Career Academy**

Entering Evidence Considered Manually:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
   a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. In the "Other Evidence" field on the case input the following:
   a. [nothing is needed to be entered into this field]
4. The case is now ready to process following the normal borrower notification letter creation process.

Bulk Update Options:

1. Bulk update (by work ticket to Accenture) all **Galiano Career Academy** cases in 3.10 with the following:

   a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."

2. Process following the normal borrower notification letter creation process.

**DOE00010963-DOE00010966**

## Initial Review of Mid-Size Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution and OPEID** | Galiano Career Academy 03866300 |
| **Open or Closed** | Closed (7/9/2010) |
| **Date Advanced Letter Sent** | N/A (Closed) |
| **Additional Locations**<br>• **Add closure date if applicable** | N/A |
| **Corporate Owner(s)** | Anthony Galiano |
| **Total Number of Applications** | As of September 3, 2020, there are 0 applications already adjudicated and 42 applications awaiting adjudication. |
| **Patterns of Alleged Misconduct** | Galiano Career Academy does not have any current litigation pending. Based on a sample of 10 allegations of each category, the borrowers do not present evidence that indicates Galiano Career Academy committed overt or repetitive misconduct, fraud, or misrepresentations. The application narratives provide individual experiences, frustrations, or issues encountered as a customer of Galiano Career Academy. Additionally, although some of the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. |
| **Internal ED Investigation(s)**<br>• **PC, AAASG, OIG** | **Program Compliance**<br>A program review was conducted in 2009, however, none of the findings were relevant to borrower defense.<br><br>**AAASG and OIG Investigations**<br>Borrower Defense found no past or pending AAASG or OIG investigations.<br><br>**OGC/DOJ**<br>Borrower Defense found no past or pending OGC/DOJ investigations. |
| **Internal Contact(s) for Further Investigation** | N/A |
| **External Investigations (AG), Evidence or Litigation Related to BORROWER DEFENSE** | A review of publicly available information found no evidence related to Borrower Defense. |
| **External Contact(s) for Further Investigation** | N/A |
| **External Investigations, Evidence or Litigation** | N/A |

DOE00010963

| NOT related to BORROWER DEFENSE | |
|---|---|
| News Articles/Media | Galiano Career Academy enrolled numerous students in Federal Student Aid through false certification violations.<br><br>• Former President Of Galiano Career Academy Agrees To Plead Guilty To Theft Of Federal Funds, Obstruction, And Aggravated Identity Theft.<br>• Former President Of Galiano Career Academy Sentenced For Theft Of Federal Funds, Obstruction Of A Federal Audit, And Aggravated Identity Theft<br><br>Former Director of the Galiano Career Academy, Michael Gagliano, used Columbus academy, a high school "diploma mill" owned and operated by his wife to make students eligible for federal student aid when they otherwise would not have been qualified. Investigations found Gagliano used the name and social security number of students to collect student aid even after the students left the institution. Gagliano was ultimately sentenced to four years in prison in addition to court ordered restitution and a money judgment of the proceeds of the charged criminal conduct. |
| Name of Reviewer | Robert Martin |
| Date Review Completed | 9/4/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| Summary of Allegations Reviewed | **Summary of Allegations**<br>Borrower Defense reviewed a sample of 10 allegations of each category outlined below to identify potential trends and/or salient information provided by the applicant pool. The enrollment dates for the applicant pool range from August 1, 2004 through February 1, 2012, with most applicants having enrollment dates between 2007 and 2009. The narrative allegations include complaints relating to: (i) false certification claims; (ii) being told credits could be used to further education; and (iii) job placement promises.<br><br>**Employment Prospects:**<br>Based on 10 allegations reviewed, borrowers allege that the institution would provide job placement and the borrower would be able to find a job within their field. The borrowers additionally provide allegations of false certification and allude to law suits unrelated to Borrower Defense. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. Additionally, while the potential for fraud need not be ruled |
|---|---|

2

out, these allegations pertain to a false certification of loans and therefore, are outside a Borrower Defense determination.

**Program Costs and Nature of Loans:**

Based on the 10 allegations reviewed, borrowers most commonly allege that that the institution provided misleading information on the cost of education and reference the president's illegal activity mentioned above in News Articles/Media. These claims are not of the type that would warrant Borrower Defense relief absent a misrepresentation. Additionally, while the potential for fraud need not be ruled out, these allegations pertain to a false certification of loans and therefore, are outside a Borrower Defense determination.

**Transferring Credits:**

Based on the 10 allegations reviewed, borrowers most commonly allege that the institution misrepresented that its credits would transfer, and borrowers could further their education. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Career Services:**

Based on the 10 allegations reviewed, borrowers most commonly allege that the institution misrepresented its relationship with employers in the field and the guarantee of employment. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Educational Services:**

Based on the 10 allegations reviewed, borrowers most commonly allege that the institution promised externship opportunities and failed to provide them. Additionally, borrowers report that school pushed students through without high school diplomas. Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

**Admissions and Urgency to Enroll:**

Based on the 10 allegations reviewed, borrowers most commonly allege that the institution rushed through the process and used pressure sales tactics to induce enrollment. These claims are not of the type that would warrant Borrower Defense relief absent a misrepresentation.

**Other:**

Based on the 10 allegations reviewed, borrowers most commonly reference the fraud and illegal schemes undertaken by the institution's owner and

3

| | president. While the potential for fraud need not be ruled out, these allegations pertain to a false certification of loans and therefore, are outside a Borrower Defense determination. |
|---|---|
| **Recommended Next Steps** | Based on our search for public information (including public records, news articles, court documents and filings), Department of Education internal resources (FRPDs, AASG, and OIG investigations), and the sampling of claims, there is insufficient evidence of widespread misconduct Galiano Career Academy to warrant further investigation.  If additional evidence is discovered or received in the future, these claims may be revisited as warranted.  As such, it is recommended the cases be adjudicated. |
| **Recommended Focus Area(s)** | |
| **APPROVED BY:** | Kathryn Johnson |
| **DATE:** | September 6, 2020 (updated November 23, 2020) |

| **Evidence Considered** | ☐ Attorney Submission |
|---|---|
| | ☐ Borrower Submission |
| | ☐ Consumer Protection Financial Bureau (CPFB) |
| | ☐ Department of Education-Office of Investigator General (OIG) |
| | ☐ Documents Submitted by the school in response to your application |
| | ☐ Evidence Obtained by the Department in conjunction with its regular oversight activities |
| | ☐ Federal Trade Commission (FTC) |
| | ☐ Department of Justice (DOJ) |
| | ☐ U.S. Securities and Exchange (SEC) |
| | ☐ Attorney General _____ (state) |
| | ☐ Other |
| | ☐ No Other Evidence Considered |

| **Advanced Letter Requests** | ☐Standard Letter |
|---|---|
| | ☐Standard Letter Plus: |
| | • |

**Links:** In this section please provide the Sharepoint links to working documents and evidence reviewed. Example of items to provide links for below.
• Salesforce Allegation Report

DOE00010966

**DOE00011006-DOE00011008**

# Initial Review of Medium Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution** | Grantham University |
| **Corporate Owner(s)** | Grantham Education Corporation |
| **Open or Closed** | Open |
| **Total Number of Applications** | 19 |
| **Patterns of Alleged Misconduct** | Unmet Promises for Transferring Credits including Transferring In |
| **Evidence/Litigation** | None relevant to potential BD claims (Some claims about deceptive practices in recruiting. Article here: https://www.republicreport.org/2018/ftc-shuts-down-for-profit-college-recruiters-posing-as-u-s-military/) |
| **Name of Reviewer** | Kendrick D. Holley |
| **Date Review Completed** | 8/29/19 |

## SUMMARY APPLICATION OVERVIEW

| BD Case Number | School/Campus listed on App | Program(s) | Year of Enrollment | Nature of Allegation(s) | Evidence |
|---|---|---|---|---|---|
| 01254560 | Grantham University – Lenexa, KS | Business Administration IT (Bachelor) | 2017 | Program Cost and Nature of Loans | Application |
| 01294729 | Grantham University – Lenexa, KS | Undecided | 2013 | Employment Prospects Program Cost and Nature of Loans Transferring Credits Career Services Educational Services Admissions and Urgency to Enroll | Application |
| 01294744 | Grantham | Criminal Justice | 2016 | Employment | Application |

| | University – Lenexa, KS | (Bachelor)(From Program & Credentials. No CCI Data or Program on Application) | | Prospects Program Cost and Nature of Loans Transferring Credits Career Services Educational Services Admissions and Urgency to Enroll | |
|---|---|---|---|---|---|
| 01385404 | Grantham University – Lenexa, KS | Medical Billing and Coding (AS) | 2013 | Employment Prospects Other | Application |
| 01413045 | Grantham University – Lenexa, KS | Business Administration (Master) | 2004 | Employment Prospects Program Cost and Nature of Loans Transferring Credits Admissions and Urgency to Enroll | Application |
| 01424356 | Grantham University – Lenexa, KS | Business | 2016 | Other | Application |
| 01428730 | Grantham University – Lenexa, KS | Multidisciplinary Studies Engineering Management Technology (Bachelor) | 2009 | Employment Prospects Transferring Credits Career Services Educational Services Admissions and Urgency to Enroll Other | Application |
| 01432443 | Grantham University – Lenexa, KS | Medical Billing (AS) | 2012 | Employment Prospects Transferring Credits Admissions and Urgency to Enroll Other | Application |
| 01437194 | Grantham | Business | 2014 | Transferring | Application |

DOE00011007

| | University –<br>Lenexa, KS | Administration<br>(AS) | | Credits | |
|---|---|---|---|---|---|
| 01478151 | Grantham<br>University –<br>Lenexa, KS | Medical Billing<br>and Coding<br>(AAS) | 2015 | Employment<br>Prospects<br>Program Cost<br>and Nature of<br>Loans<br>Transferring<br>Credits<br>Career<br>Services<br>Admissions<br>and Urgency<br>to Enroll<br>Other | Application |

## RECOMMENDATION:

After reviewing the sample of students above from Grantham University there were not many recurring themes present. The one that showed up several times in the sample was the challenge students were facing transferring their credits elsewhere. Several claim that the transferability of their credits was guaranteed by the school prior to, or, during their enrollment and when they attempted to exercise this benefit, they were outwardly denied. In one case, a student claims Grantham University promised them that they would be able to transfer their credits in after attending a different school prior to Grantham University, only to have their credits rejected after they enrolled. There were also several other individual claims that were notable, but too infrequent to claim they are a trend. For example, one applicant claimed they were guaranteed a job at graduation, while another claims that the school excessively garnished loan payments without consent from the student, and yet another claims that their credentials to attend the school were accepted and then rejected midway through the academic year after already taking classes and paying the full tuition. The claims about credit transferability seem to be frequent enough to evaluate further, but with no lawsuits, commonality among the programs or enrollment year, or evidence or supporting documents supporting this claim, it is difficult to see a way forward with those claims. Due to the lack of prevalent theme for these individual claims and lack of evidence for the transferability claims, I recommend that further investigation is not necessary.

## APPROVED BY: John Stephenson

## DATE: 9/3/2019

**DOE00011207-DOE00011209**

## Initial Review of Mid-Size Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution and OPEID** | Institute for Business & Technology<br>02128300 |
| **Open or Closed** | Open |
| **Date Advanced Letter Sent** | N/A |
| **Additional Locations**<br>• **Add closure date if applicable** | 02128301 – National Career Education<br>02129302 – Lamson Institute |
| **Corporate Owner(s)** | Institute for Business and Technology, Inc.<br>  - Mikhail Education Corporation<br>    o Mikhail Family Partnership<br>      ▪ Peter Mikhail<br>      ▪ Sally M. Bemis<br><br>Note: Between June 1985 and December 2004, National Career Education (a subsidiary of Delta Career Education Corporation) owned Institute for Business and Technology. Institute of Business and Technology falls outside of the scope for Borrower Defense's investigation into Delta Career Education Corporation and therefore is subject to this independent investigation. |
| **Total Number of Applications** | As of September 9, 2020, there are applications 28 already adjudicated and five applications awaiting adjudication. |
| **Internal ED Investigation(s)**<br>• **PC, AAASG, OIG** | **Program Compliance**<br><br>Program reviews were conducted in 1994, 2002, and 2010, however, none of the findings were relevant to borrower defense.<br><br>**AAASG and OIG Investigations**<br><br>Borrower Defense found no past or pending AAASG or OIG investigations.<br><br>**OGC/DOJ**<br><br>Borrower Defense found no past or pending OGC/DOJ investigations. |

| Internal Contact(s) for Further Investigation | N/A |
| --- | --- |
| External Investigations (AG), Evidence or Litigation Related to BORROWER DEFENSE | A review of publicly available information found no evidence related to Borrower Defense. If additional evidence is discovered or received in the future, these claims may be revisited as warranted. As such, it is recommended the cases be adjudicated. |
| External Contact(s) for Further Investigation | N/A |
| Name of Reviewer | Robert Martin |
| Date Review Completed | 9/10/2020 |

| Recommended Next Steps | Based on our search for public information (including public records, news articles, court documents and filings) and Department of Education internal resources (FRPDs, AASG, and OIG investigations), there is insufficient evidence of widespread misconduct by Institute for Business & Technology to warrant further investigation.   If additional evidence is discovered or received in the future, these claims may be revisited as warranted.  As such, it is recommended the cases be adjudicated. Additionally, as there is no evidence of widespread misconduct, notice to the school on these claims is not required. |
| --- | --- |
| Recommended Focus Area(s) | N/A |
| APPROVED BY: | Ashley Ogbonna |
| DATE: | 09/10/2020 (updated November 20, 2020) |

| Evidence Considered | ☐ Attorney Submission<br>☐ Borrower Submission<br>☐ Consumer Protection Financial Bureau (CPFB)<br>☐ Department of Education-Office of Investigator General (OIG)<br>☐ Documents Submitted by the school in response to your application<br>☒ Evidence Obtained by the Department in conjunction with its regular oversight activities<br>☐ Federal Trade Commission (FTC)<br>☐ Department of Justice (DOJ)<br>☐ U.S. Securities and Exchange (SEC)<br>☐ Attorney General _____ (state) |
| --- | --- |

2

DOE00011208

| | ☐ Other<br>☐ No Other Evidence Considered |
|---|---|

| **Advanced Letter Requests** | ☐Standard Letter<br>☐Standard Letter Plus:<br>    • |
|---|---|

**Links:** In this section please provide the Sharepoint links to working documents and evidence reviewed. Example of items to provide links for below.

- Salesforce Allegation Report
- Program Review Report

3

DOE0001209

**DOE00011254-DOE00011254**

**Iverson Institute** – Evidence Considered Protocol

<u>Applicable to</u>:

Iverson Institute

<u>Entering Evidence Considered Manually</u>:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
   a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. In the "Other Evidence" field on the case input the following:
   a. [nothing is needed to be entered into this field for Iverson Institute]
4. The case is now ready to process following the normal borrower notification letter creation process.

<u>Bulk Update Options</u>:

Bulk update (by work ticket to Accenture) all Iverson Institute cases in 3.10 with the following:

   a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."

2. Process following the normal borrower notification letter creation process.

DOE00011254

**DOE00011259-DOE00011263**



**Federal Student Aid**
An OFFICE of the U.S. DEPARTMENT of EDUCATION

PROUD SPONSOR of
the AMERICAN MIND™

## Initial Review of Mid-Size Batch Applications

## BACKGROUND

| | |
|---|---|
| **Name of Institution and OPEID** | Iverson Institute a.k.a Iverson Business School and Court Reporting<br>02580100 |
| **Open or Closed** | Open |
| **Date Advanced Letter Sent** | N/A |
| **Additional Locations**<br>• **Add closure date if applicable** | 02580101 - Iverson Institute – Chamblee, GA; Open<br><br>02580102 - Iverson Business School and Court Reporting – Arlington, TX; Closed (9/27/2013) |
| **Corporate Owner(s)** | Level 1 – Silicon Valley, Inc. (100%)<br>Level 2 – Akber Mithani (100%) |
| **Total Number of Applications** | As of May 5, 2020, there are 19 applications. |
| **Patterns of Alleged Misconduct** | |
| **Internal ED Investigation(s)**<br>• **PC, AAASG, OIG** | **Program Compliance**<br>The Department of Education conducted a program review and published its Final Program Review Determination of the Iverson Institute on November 23, 2016. The Final Program Review Determination included the following findings with final determinations:<br><br>- Students enrolled in unapproved programs received Title IV funds in violation of 34 C.F.R. § 600.20 (c)(3) and 34 C.F.R. § 600.20 (f).<br>- Iverson Institute failed to keep current records of its administration of the Title IV program, including its disbursements and delivery of funds, in violation of 34 C.F.R. § 668.16 and 668.24.<br>-Iverson Institute failed to pay credit balances to students in violation of 34 C.F.R. § 668.164(e)(1)&(2).<br>-Iverson Institute enrolled students without a high school diploma or its recognized equivalent in violation of 34 C.F.R. § 668.32(a)(2)(e)(1).<br><br>Additionally, the program review notes Iverson's provision certificate was revoked on October 15, 2014 and that the institution is no longer eligible to participate in the Title IV program. |

| | |
|---|---|
| | The above findings do not relate to BD and do not warrant further investigation.<br>**AAASG:** N/A<br><br>**OIG:** N/A |
| **Internal Contact(s) for Further Investigation** | N/A |
| **External Investigations (AG), Evidence or Litigation Related to BD** | Azlin, et al. v. Silicon Valley, Inc., Civil Action No. 4:08-cv-000284-Y (April 30, 2008).<br>Twenty-three named plaintiffs alleged claims against the defendant, Silicon Valley, Inc., d/b/a Iverson Business School, for violations of the Texas Deceptive Trade Practices Act and breach of contract. Plaintiffs alleged that Iverson Business School made misrepresentations regarding employment prospects, career services, transferring credits, and educational services that induced them to enroll in the school. The parties settled out of court and the defendant was required to pay the plaintiffs pursuant to the settlement agreement.<br>- Given that the parties settled out of court and the allegations in the complaint are too vague to evidence any misconduct by the school, *see* Plaintiff's Original Petition at 3-4, this complaint does not provide sufficient evidence to substantiate the BD applicants' allegations nor does it warrant further investigation since there is no additional information. |
| **External Contact(s) for Further Investigation** | N/A |
| **External Investigations, Evidence or Litigation NOT related to BD** | Lowery v. Iverson Institute, 13M31539 (Ga. Magistrate Court, filed July 29, 2013).<br>This was a small civil suit decided in favor of the defendant, Iverson Institute. There is nothing about this case that suggests it is related to Borrower Defense. |
| **News Articles/Media** | N/A |
| **Name of Reviewer** | Jacob Jarred |
| **Date Review Completed** | 5/5/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| | |
|---|---|
| **Summary of Allegations Reviewed** | **Summary of Allegations**<br>There are 19 applications as of May 5, 2020 against Iverson Institute. The borrowers asserting these claims were enrolled from as early as 1992 to as late as 2015. Ten claims, or the number of claims submitted for each type of allegation if less than ten, were reviewed for each type of allegation. Allegations included:<br><br>**Career Services** |

2

DOE00011260

Of the 19 applications submitted, 11 applicants made allegations regarding career services. The borrowers claims relating to career services are unsubstantiated, inconsistent with one another, and/or do not demonstrate a pattern of misconduct by the school. For example, two borrowers in a sample of ten claimed that the school offered career services that it did not follow through with. One of these borrowers describes an admissions person telling him that the school conducted annual job fairs though it did not,[1] while the other borrower describes reaching out for promised career services and not receiving any.[2] Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

### Transferring Credits

Of the 19 applications submitted, nine applicants made allegations regarding transferring credits. Five borrowers in a sample of nine claimed that they were promised their credits could transfer to another university despite that they could not.[3] Although the allegations asserted may be relevant to Borrower Defense, the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct.

### Admissions and Urgency to Enroll

Of the 19 applications submitted, 13 applicants made allegations regarding admissions and urgency to enroll. The claims include allegations that the school offered discounted rates on admission for immediate enrollment,[4] that there were limited spots to enroll,[5] that Iverson Institute offered a unique program,[6] and that Iverson Institute was the cheapest option for its programs.[7] None of the borrowers sampled provided relevant supporting evidence. The borrowers allegations alone do not provide support for misconduct relevant to borrower defense.

### Other

There is a group of claims brought by borrowers against Iverson Institute that is not actionable under the BD regulation. Three borrowers claimed that they spoke to an admissions person regarding whether or not it would be an issue that they did not have a high school diploma or its equivalent. They were promised that they would earn their diploma through Iverson Institute. After enrolling, the school did nothing to assist these borrowers in getting their

---

[1] Salesforce Allegations Report, Case Number 01998533.
[2] Salesforce Allegations Report, Case Number 01245392.
[3] Salesforce Allegations Report, Case Numbers 01402997, 01533519, 01998533, 01583044, 02134170.
[4] Salesforce Allegations Report, Case Number 01402997.
[5] Salesforce Allegations Report, Case Number 01379110.
[6] Salesforce Allegations Report, Case Number 01432499.
[7] Salesforce Allegations Report, Case Number 01533519.

3

DOE00011261

| | diplomas.[8] However, while the potential for fraud need not be ruled out, these allegations are outside a Borrower Defense determination. |
|---|---|
| **Recommended Next Steps** | Based on our search for public information (including public records, news articles, court documents and filings), Department of Education internal resources (FRPDs, AASG, and OIG investigations), and the sampling of claims, there is insufficient evidence of widespread misconduct Iverson Institute to warrant further investigation.  If additional evidence is discovered or received in the future, these claims may be revisited as warranted.  As such, it is recommended the cases be adjudicated using the standard protocol. The claims generally do not demonstrate a pattern of misconduct by the school. Furthermore, there is no evidence to support the claims.  Though *Azlin, et al. v. Silicon Valley, Inc.* seems like it might support some of the borrowers' claims, it was settled out of court and provides no evidence to that end. It is also worth noting that none of the plaintiffs in that lawsuit are BD applicants.<br><br>Additionally, as there is no evidence of widespread misconduct, notice to the school on these claims is not required. |
| **Recommended Focus Area(s)** | N/A |
| **APPROVED BY:** | Sarah Angilello |
| **DATE:** | 05/12/20 (updated November 21, 2020) |

| **Evidence Considered** | ☐Attorney Submission<br>☐Borrower Submission<br>☐Federal Trade Commission<br>☐Department of Justice<br>☐Securities and Exchange Commission<br>☐Attorney General _____ (state)<br>☐Consumer Financial Protection Bureau<br>☒ED - FSA/OIG<br>☐Other |
|---|---|

| **Advanced Letter Requests** | ☐Standard Letter<br>☐Standard Letter Plus:<br>• |
|---|---|

**Links:** In this section please provide the Sharepoint links to working documents and evidence reviewed. Example of items to provide links for below.
- Salesforce Allegation Report
- Program Review Report

---

[8] Salesforce Allegations Report, Claim Numbers 01404124, 01604926, 02136104.

4

5

DOE00011263

**DOE00011330-DOE00011330**

**Keller Graduate School of Management** – Evidence Considered Protocol

<u>Applicable to</u>:

Keller Graduate School of Management

<u>Entering Evidence Considered Manually</u>:

1. Open a case with a suggested closing correspondence value of Standard Denial with Evidence Considered in status 3.10
2. In the "Evidence Considered" field on the case select the following:
    a. Evidence obtained by the Department in conjunction with its regular oversight activities
3. The case is now ready to process following the normal borrower notification letter creation process.

<u>Bulk Update Options</u>:

1. Bulk update (by work ticket to Accenture) all Keller Graduate School of Management cases in 3.10 with the following:

    a. In the "Evidence Considered" dropdown, select "Evidence obtained by the Department in conjunction with its regular oversight activities."

2. Process following the normal borrower notification letter creation process.

DOE00011330

**DOE0001131-00011340**



**PROUD SPONSOR** *of*
*the* AMERICAN MIND ™

## Initial Review of Medium Batch Applications

**BACKGROUND**

| Name of Institution and OPEID | Keller Graduate School of Management – 02075400; 12075400 |
|---|---|
| **Open or Closed** | Open |
| **Additional Locations**<br>• Add closure date if applicable | See Attachment A – Keller Graduate School of Management Locations[1] |
| **Corporate Owner(s)** | DeVry Education Group Inc.<br>DeVry/New York Inc.<br>After December 5, 2017: Adtalem Global Education, Inc. |
| **Total Number of Applications** | 810 applications as of April 2, 2020 |
| **Patterns of Alleged Misconduct** | Patterns of alleged misconduct include misrepresentations of employment prospects and transferring of credits/school accreditation. |
| **Class Issue or Singular** | Class issue |
| **Internal ED Investigation(s)**<br>• PC, AAASG, OIG | N/A |
| **Internal Contact(s) for Further Investigation** | N/A |
| **External Investigations (AG), Evidence or Litigation Related to BD** | • Lindberg et al v. Adtalem Global Education Inc. f/k/a DeVry Education Group, Inc. and DeVry University, Inc.[2] – The plaintiffs of the suit were enrolled in Keller Graduate School of Management. The plaintiffs contend that DeVry University and Keller Graduate School of Management "made deceptive representations about the benefits of obtaining a degree from DeVry University and Keller Graduate School of Management" in violation of Texas state law. The Lindberg case was consolidated with the Rangel v. Adtalem and DeVry University, Inc. case because the allegations against DeVry and Keller were |

---

[1] See Attachment A: Keller Graduate School of Management Locations.
[2] *Lindberg et al v. Adtalem Global Education Inc. f/k/a DeVry Education Group, Inc. and DeVry University, Inc.*, Case No. 18-cv-649, W. D. TX; https://www.truthinadvertising.org/wp-content/uploads/2018/08/Lindberg-v-Adtalem-Global-Education-complaint.pdf; https://vetsedsuccess.org/wp-content/uploads/2018/10/texas-students-lawsuit-devry.pdf; https://www.courtlistener.com/docket/7302337/lindberg-v-adtalem-global-education-inc/

1

DOE00011331

| | identical. Plaintiffs refiled and consolidated, and the Rangel v. Adtalem and DeVry University, Inc.[3] case is currently pending.[4] <br><br> • Pierce v. DeVry Education Group[5] - On March 30, 2016, the plaintiff filed a case against DeVry University, Keller Graduate School of Management. The plaintiff alleged that DeVry made deceptive representations about the school accreditation, transferability of the credits, and job placement rates in violation of New Jersey state laws. The case was settled by the parties on December 21, 2016. This case has a pending borrower defense application. |
|---|---|
| **External Contact(s) for Further Investigation** | N/A |
| **External Investigations, Evidence or Litigation NOT related to BD** | N/A |
| **News Articles/Media** | N/A |
| **Name of Reviewer** | Nastashia Matos |
| **Date Review Completed** | 04/03/2020 |

## SUMMARY OF ALLEGATIONS AND RECOMMENDATION

| **Summary of Allegations Reviewed** | **Application Summary:**[6] <br> Borrower defense reviewed a sample of 50 allegations for each allegation category to identify potential trends in the applicant pool. As of April 2, 2020, there are 810 borrower applications for the Keller Graduate School of Management. The most common allegations are employment prospects and transferring of credits/school accreditation. Many of the allegations regard misrepresentations or omissions made by the school, but borrowers have not provided relevant supporting evidence to support their allegations. <br><br> **Allegation Break Down:** <br><br> Employment Prospects: 649 allegations <br> Out of 50 sampled allegations, 34 of the 50 made employment prospect allegations that might warrant BD relief, if supported by evidence. The borrowers allege that Keller guaranteed jobs, that they were told career services would place them in a |
|---|---|

---

[3] https://usdedeop.sharepoint.com/teams/FSA/zdo%20not%20use/Forms/AllItems.aspx?id=%2Fteams%2FFSA%2F zdo%20not%20use%2FBorrower%20Defense%20Team%2FInvestigations%2FMid%2DSize%2FIn%20Progress%2FN astashia%2FKeller%20Graduate%20School%20of%20Managment%2FConsolidated%2DAmended%20Rangel%20v% 2E%20Adtalem%20Complaint%2Epdf&parent=%2Fteams%2FFSA%2Fzdo%20not%20use%2FBorrower%20Defense %20Team%2FInvestigations%2FMid%2DSize%2FIn%20Progress%2FNastashia%2FKeller%20Graduate%20School%2 0of%20Managment; *Luis Rangel, et al. v. Adtalem Global Education, Inc. and DeVry University, Inc.*, Civil Action No. 5:18-cv-0082-DAE.

[4] Attachment B: Plaintiffs of the Rangel Case with a Pending Borrower Defense Application.

[5] https://www.courtlistener.com/docket/13352609/peirce-v-devry-education-group/; Borrower Defense case no. 01252100.

[6] See Attachment C: Keller Graduate School of Management Summary of Application Overview

DOE00011332

job after graduation, that they were offered job placement, and that 90% of DeVry graduates obtain a job within 6 months from the date of graduation. There was insufficient commonality of campus and/or time period to suggest a pattern that warrants further investigation, and the borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation.

Program Cost and Nature of Loans: 426 allegations
Out of 50 sampled allegations, only 12 made allegations that might warrant BD relief, if supported by evidence. Those borrowers stated that Keller misrepresented the total cost of the program when the borrower was told a certain amount but was charged another. There was insufficient commonality of campus and/or time period to suggest a pattern that warrants further investigation, and the borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation.

Transferring Credits: 226 allegations
Out of 50 sampled allegations, 31 made allegations that might warrant BD relief, if supported by evidence. The borrowers allege that Keller misrepresented the nature of their accreditation and the transferability of credits. There was insufficient commonality of campus and/or time period to suggest a pattern that warrants further investigation, and the borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation.

Career Services: 574 allegations
Out of 50 sampled allegations, 30 made career services allegations that might warrant BD relief, if supported by evidence. The borrowers allege that Keller misrepresented the nature and availability career services, job placement ability and offered job placement, and that 90% of Keller graduates obtain a job within 6 months from the date of graduation. There was insufficient commonality of campus and/or time period to suggest a pattern that warrants further investigation, and the borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation.

Educational Services: 327 allegations
Out of 50 sampled allegations, only 2 made educational services allegations that might warrant BD relief. The educational service allegations were that borrowers were promised tutoring services, and that the school represented that professors who taught the classes were IT experts. The borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation.

Admissions and Urgency to Enroll: 343 allegations
After sampling 50 allegations, none of the allegations were the type to warrant borrower defense relief. Additionally, borrowers failed to provide relevant supporting evidence for these allegations.

DOE00011333

| | |
|---|---|
| | Other: 421 allegations<br>After sampling 50 allegations, only 2 out of the 50 made allegations that might warrant BD relief, alleging promises of a job and misrepresenting accreditation by DeVry University/Keller Graduate School of Management. The other allegations reference the FTC settlement with DeVry; none of the applicants' state that they were involved in the suit or benefited from the suit. |
| **Recommended Next Steps** | Based on our search for public information (including public records, news articles, court documents and filings), Department of Education internal resources (FRPDs, AASG, and OIG investigations), and the sampling of claims, there is insufficient evidence of widespread misconduct by Keller Graduate School of Management to warrant further investigation, with the possible exception of the borrowers listed on Attachment B (discussed below). Additionally, as there is no evidence of widespread misconduct, notice to the school on these claims is not required.<br><br>BD recommends that the cases be adjudicated using the standard protocol, with the exception of the Rangel plaintiffs identified in Attachment B. The cases identified in Attachment B should be set aside, and the applicants contacted by Investigations. |
| **Recommended Focus Area(s)** | N/A |
| **APPROVED BY:** | Michael Page |
| **DATE:** | 4/24/2020 |

| | |
|---|---|
| **Evidence Considered** | ☐   Attorney Submission<br>☐   **Borrower Submission**<br>☐   **Evidence Obtained by the Department in conjunction with its regular oversight activities**<br>☐   Federal Trade Commission<br>☐   Department of Justice<br>☐   Securities and Exchange Commission<br>☐   Attorney General _____ (state)<br>☐   Consumer Financial Protection Bureau<br>☐   ED - FSA/OIG<br>☐   Other |

4

DOE00011334

Attachment A:

Keller Graduate School of Management Locations

DOE00011335

| OPE ID | Location | Status |
|---|---|---|
| 02075400 | Downers Grove, IL | Open |
| 02075401 | Phoenix, AZ | Open |
| 02075402 | Kansas City, MO | Open |
| 02075403 | Milwaukee, WI | Open |
| 02075404 | Schaumburg, IL | Open |
| 02075405 | Naperville, IL | Open |
| 02075406 | Lincolnshire, IL | Open |
| 02075407 | Tinley Park, IL | Open |
| 02075408 | Kansas City, MO | Open |
| 02075409 | Mesa, AZ | Open |
| 02075410 | Elgin, IL | Open |
| 02075411 | Waukesha, WI | Open |
| 02075412 | Saint Louis, MO | Open |
| 02075413 | Decatur, GA | Open |
| 02075414 | Atlanta, GA | Closed: 2/7/2013 |
| 02075415 | Long Beach, CA | Open |
| 02075416 | Pomona, CA | Open |
| 02075417 | Manassas, VA | Open |
| 02075418 | Chicago, IL | Open |
| 02075419 | Merrillville, IN | Open |
| 02075420 | St, Louis, MO | Closed: 5/29/2007 |
| 02075421 | San Diego, CA | Open |
| 02075422 | San Jose, CA | Closed: 02/27/2007 |
| 02075423 | Atlanta, GA | Closed: 11/22/1999 |
| 02075424 | Atlanta, GA | Open |
| 02075425 | Fremont, CA | Open |
| 02075426 | Alpharetta, GA | Open |
| 02075427 | Irvine, CA | Open |
| 02075428 | Fremont, CA | Closed: 08/10/2000 |
| 02075429 | Tampa, FL | Open |
| 02075430 | Orlando, FL | Open |
| 02075431 | Phoenix, AZ | Open |
| 02075432 | Arlington, VA | Open |
| 02075433 | Chicago, IL | Open |
| 02075434 | Sherman Oaks, CA | Open |
| 02075435 | Broomfield, CO | Closed: 07/01/2004 |
| 02075436 | Miami, FL | Open |
| 02075437 | Bethesda, MD | Open |
| 02075438 | Columbus, OH | Open |
| 02075439 | Orlando, FL | Open |
| 02075440 | Bellevue, WA | Open |
| 02075441 | Irving, TX | Open |
| 02075442 | Duluth, GA | Open |
| 02075443 | Cleveland, OH | Closed: 8/6/2008 |
| 02075444 | Federal Way, WA | Open |

DOE00011336

| 02075445 | Oakland, CA | Open |
| 02075446 | Columbus, OH | Open |
| 02075447 | Houston, TX | Open |
| 02075448 | Charlotte, NC | Open |
| 02075449 | Fort Washington, PA | Open |
| 02075450 | King of Prussia, PA | Open |
| 02075451 | Colorado Springs, CO | Open |
| 02075452 | Richardson, TX | Open |
| 02075453 | Miramar, FL | Open |
| 02075454 | Atlanta, GA | Open |
| 02075455 | Long Island City, NY | Closed: 1/25/2012 |
| 02075456 | New York, NY | Open |
| 02075457 | Beachwood, OH | Closed: 8/13/2003 |
| 02075458 | Indianapolis, IN | Open |
| 02075459 | Pittsburgh, PA | Open |
| 02075460 | Portland, OR | Open |
| 02075461 | Henderson, NV | Open |
| 02075462 | Independence, OH | Open |
| 02075463 | Gurnee, IL | Open |
| 02075464 | Philadelphia, PA | Open |
| 02075465 | Atlanta, GA | Open |
| 02075466 | Atlanta, GA | Closed: 2/7/2013 |
| 02075467 | Westminster, CO | Open |
| 02075468 | Fort Lauderdale, FL | Open |
| 02075469 | Fort Worth, TX | Open |
| 02075470 | Greenwood Village, CO | Open |
| 02075471 | Elk Grove, CA | Open |
| 02075472 | Austin, TX | Open |
| 02075473 | Edina, MN | Open |
| 02075474 | Stockbridge, GA | Open |
| 02075475 | St. Louis Park, MN | Closed: 6/29/2012 |
| 02075476 | San Antonio, TX | Open |
| 02075477 | Morrisville, NC | Open |
| 02075478 | Fresno, CA | Open |
| 02075479 | Cincinnati, OH | Open |
| 02075480 | Oklahoma City, OK | Open |
| 02075481 | Houston, TX | Open |
| 02075482 | Colton, CA | Open |
| 02075483 | Sandy, UT | Open |
| 02075484 | Dayton, OH | Open |
| 02075485 | Memphis, TN | Open |
| 02075486 | Tampa, FL | Open |
| 02075487 | Jacksonville, FL | Open |
| 02075488 | San Jose, CA | Open |
| 02075489 | Nashville, TN | Open |
| 02075490 | Chesapeake, VA | Open |

DOE00011337

| | | |
|---|---|---|
| 02075491 | Southfield, MI | Open |
| 02075492 | Bakersfield, CA | Open |
| 02075493 | Palmdale, CA | Open |
| 02075494 | Louisville, KY | Open |
| 02075495 | Paramus, NJ | Open |
| 02075496 | Daly City, CA | Open |
| 02075497 | Alhambra, CA | Open |
| 02075498 | Anaheim, CA | Open |
| 02075499 | Chicago, IL | Open |
| 12075400 | Glendale, AZ | Open |
| 12075401 | North Brunswick, NJ | Open |
| 12075402 | Cedar Hill, TX | Closed: 2/7/2013 |
| 12075403 | Sugar Land, TX | Open |
| 12075404 | Rego Park, NY | Open |
| 12075405 | Oxnard, CA | Open |
| 12075406 | Lynnwood, WA | Open |
| 12075407 | Cranberry, PA | Closed: 2/8/2012 |
| 12075408 | Cherry Hill, NJ | Open |

DOE00011338

Attachment B:
Plaintiffs of the Rangel Case with a Pending Borrower Defense Application

*Luis Rangel, et al. v. Adtalem Global Education, Inc. and DeVry University, Inc.*,
Civil Action No. 5:18-cv-0082-DAE.

| Case No. | Name | Status |
| --- | --- | --- |
| 01498515 | Christina Cabello | Open |
| 01258902 | Elisabeth Nguyen | Open |
| 01378809 | Christal Turner | Open |
| 01497289 | Martin Oloyede | Open |
| 01536610 | Nathalie A. Yeka | Open |
| 01357947 | Tristen Keith Wilson | Open |
| 01395834 | Emmanuel T. Makari | Open |
| 01373933 | Victor P. Sekgantso | Open |
| 01325018 | Candance D. Smith | Open |
| 02028380 | Alan Ta | Open |
| 01483392 | Sharonda Monique' Ford | Open |
| 01464123 | Jayson R. Fox | Open |
| 01376523 | Courtney Frazier | Open |
| 02105111 | Nathaniel Jones | Open |
| 01467302 | Derrick Milan Keith | Open |
| 01404956 | Andres Orlando Salazar | Open |
| 01372594 | Scott Anthony Sullivan | Open |
| 01379962 | Sean Monyese Williams | Open |
| 01478559 | Richard A Shaw | Open |
| 01411595 | Heather M. Emmons | Open |
| 01240869 | Ruben A. Espinoza | Open |
| 01376578 | Barrie Bergans | Open |
| 01375978 | David Michael Corvin | Open |
| 01607080 | Bobby Garza | Closed |
| 01383764 | Kevin Michael Guest | Open |
| 01367463 | Teneika L. Tillis | Open |
| 01376566 | Billy Jerome Morris | Open |
| 01306556 | Eddie Silas | Open |
| 01403434 | Tuwandra L. Harris | Open |
| 01904328 | Joshua A Palczynsky | Open |
| 01527803 | Ebony R. Ijeh | Open |

DOE00011339

Attachment C:

Keller Graduate School of Management Application Sample Overview

DOE00011340