BRIAN D. NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
Acting United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 616-8098
robert.c.merritt@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendants. | No. 19-cv-03674-WHA<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SUPPLEMENTAL CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants, the United States Department of Education (the "Department") and Miguel Cardona, in his official capacity as Secretary of Education (the "Secretary") (collectively, "Defendants"), hereby answer Plaintiffs' Supplemental Class Action Complaint for Declaratory and Injunctive Relief, ECF No. 198 ("Supplemental Complaint").   Defendants answer the numbered paragraphs of the Supplemental Complaint as follows:

1.     This paragraph consists of Plaintiffs' characterization of this lawsuit and legal conclusions to which no response is required.  Defendants hereby incorporate by reference their answer to Plaintiffs' original complaint, ECF No. 55 ("Answer"), and the responses contained therein to specific allegations in that complaint.

2.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

3.     Admit.

4.     Defendants admit that during the spring and summer of 2020, after the parties had entered into a settlement agreement, the Department made decisions on some borrower defense applications and sent some borrower defense applicants notice that their claims were denied. Otherwise deny.

5.     Defendants admit that they sent denial notices to over 128,000 borrower defense applicants during 2019 and 2020 and otherwise deny the allegations in this paragraph.

6.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

7.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

8.     Deny.

9.     The first two sentences of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.  Defendants deny the allegations in the third sentence.  Defendants lack sufficient knowledge or information to form a belief about whether being "thrust back into repayment" would be "economically catastrophic" to particular class members, and deny the remainder of the allegations in the fourth sentence to the

extent that Plaintiffs face no threat of going into repayment prior to resolution of this lawsuit on the merits, *see, e.g.*, ECF No. 164.

10.     Defendants lack knowledge or information sufficient to form a belief about Plaintiffs' motivations for submitting their Supplemental Complaint and deny that Defendants are engaged in any "present unlawful conduct."

11.     This paragraph consists of legal conclusions to which no response is required.

12.     This paragraph consists of legal conclusions to which no response is required.

13.     This paragraph consists of legal conclusions to which no response is required.

14.     Defendants incorporate Paragraphs 15-21 of their Answer (ECF No. 55) as if set forth fully herein.

15.     Admit.

16.     Defendants incorporate Paragraphs 24-235 of their Answer as if set forth fully herein.

17.     Deny.

18.     This paragraph consists of Plaintiffs' characterization of Defendants' legal arguments to which no response is required.   To the extent a response is deemed required, Defendants admit that, in opposing Plaintiffs' motion for class certification, they argued that Plaintiffs' submissions did not establish that the Department had implemented a policy of refusing to issue final decisions on borrower defense applications during the period of delay challenged in Plaintiffs' Complaint.   Defendants respectfully refer the Court to Defendants' class certification opposition brief, ECF No. 38, for a full and accurate statement of its contents.   Defendants further admit that, in moving for summary judgment, Defendants denied that the Department had stopped all processing of borrower defense claims and detailed the work that the Department had done, short of issuing final decisions, to "push[] applications forward even as a combination of factors have prevented the Department from issuing final decisions."   Defs.' Mot. for Summ. J at 18, ECF No. 63.   Defendants respectfully refer the Court to Defendants' summary judgment brief, ECF No. 63, for a full and accurate statement of its contents.

19.     Deny.

20.     Defendants admit that then-Secretary DeVos signed a memorandum dated May 4, 2017 and respectfully refer the Court to the memorandum for a full and accurate statement of its contents.

21.     Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

22.     Defendants admit that Plaintiffs accurately quote from the cited memorandum, which stated that the Department established a Review Panel to examine pending borrower defense applications, including "approximately 16,000" that had been approved by the previous administration but "not yet processed," and "make recommendations on how to resolve the pending claims and proceed in the future"; stated that the Review Panel concluded that "there was a legally defensible basis for the approvals and the review has revealed nothing that provides the Department with justification to rescind the approvals"; and recommended approving discharge of the 16,000 claims that had been previously approved.  Otherwise deny.  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

23.     Admit.  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

24.     Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

25.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of what they "require[]."

26.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of what they "require[]."

27.     This paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs accurately quote the Department's 1995 borrower defense regulations, deny that the quoted language is the "only" requirement set forth in the Department's regulations, and deny that the cited Manning

memorandum is "contrary" to the 1995 regulation.  Defendants respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

28.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of what they "prevent[]."

29.    Defendants admit that Plaintiffs accurately characterize and quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

30.    Defendants admit that Plaintiffs accurately quote from the cited memorandum, which was signed more than a year before the delay challenged in this lawsuit began, and respectfully refer the Court to that document for a full and accurate statement of its contents.

31.    Defendants admit that Plaintiffs accurately quote from the cited memorandum, and respectfully refer the Court to that document for a full and accurate statement of its contents.

32.    Deny, to the extent that former Under Secretary Manning testified that the "memo preparation was made in and amongst the group of people represented" in the Borrower Defense Review Panel, including "Joe [Conaty], Lynn Mahaffie, Phil Rosenfelt, Justin Riemer, and myself," and that he signed the cited memorandum and "ultimately read it and sent it forward." Defendants respectfully refer the Court to former Under Secretary Manning's deposition testimony for a full and accurate statement of its contents.

33.    Admit.

34.    Defendants admit that the Department temporarily halted adjudicating borrower defense claims in May 2017 while the Office of Inspector General ("OIG") conducted a review of the Department's borrower defense process, and respectfully refer the Court to the cited OIG Report for a full and accurate statement of its contents.

35.    Defendants admit that the Department temporarily halted developing additional memoranda to address new types of borrower defense claims while the OIG conducted a review of the Department's borrower defense process, and respectfully refer the Court to the cited OIG Report for a full and accurate statement of its contents.

36.     Admit.   Defendants respectfully refer the Court to the deposition testimony of Colleen Nevin, then Director of the Department's Borrower Defense Unit (hereinafter, "BDU Director Nevin") for a full and accurate statement of its contents.

37.     Admit.

38.     As to the first half of this paragraph (prior to the dash), admit that Plaintiffs accurately quote from the cited OIG Report and respectfully refer the Court to that document for a full and accurate statement of its contents.   As to the second half of this paragraph (following the dash), Defendants admit that the OIG Report concluded that Federal Student Aid ("FSA") "established seven categories of borrower defense claims that supported a cause of action under applicable State law and thus qualified a borrower for a loan discharge," listing certain types of claims asserted by borrowers who attended certain Corinthian Colleges, Inc. ("CCI"), ITT Technical Institute ("ITT"), and American Career Institute ("ACI") campuses, *see* AR 509.

39.     Defendants admit that Plaintiffs accurately quote from the OIG Report and refer the Court to that document for a full and accurate statement of its contents.

40.     Defendants admit that, in sending FSA the final version of its report, the Department's OIG noted that "U.S. Department of Education policy requires that you develop a final corrective action plan within 30 days of the issuance of this report."  AR at 498.  Defendants respectfully refer the Court to the cited report for a full and accurate statement of its contents.

41.     Defendants admit that the Department resumed adjudication of CCI job placement rate ("JPR") claims in Fall 2017.

42.     Defendants admit that the Department announced a partial relief methodology in December 2017 and resumed processing relief then or shortly thereafter.

43.     Defendants admit the allegations in this paragraph as to the time period of in or about late 2017.

44.     Defendants admit that Plaintiffs accurately characterize and quote from BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of contents.

45.     Defendants admit that the CCI JPR applications "were exceeding" what the limited

BDU staff was "able to adjudicate."  Defendants further admit that for this and other reasons, BDU did not approve or deny any borrower defense applications other than CCI JPR claims in late 2017 or early 2018.

46.    Defendants admit that Plaintiffs' accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

47.    As to the first sentence, Defendants admit that the *Calvillo Manriquez* case involves a class comprised of certain individuals who asserted borrower defense claims on the basis of CCI's job placement rate misrepresentations, and that some (but not all) of the claims asserted in that lawsuit challenge the borrower defense relief methodology that the Department announced in December 2017.  As to the second sentence, Defendants lack sufficient knowledge or information to form a belief about why the Plaintiffs in that case chose to define their class in the manner that they did.  Defendants respectfully refer the Court to the pleadings in the *Calvillo Manriquez* case for a full and accurate statement of their contents.

48.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that the court in *Calvillo Manriquez* issued a preliminary injunction on May 25, 2018 that "enjoins the Secretary from using the [2017 borrower defense relief methodology] as it currently exists," and respectfully refer the Court to that preliminary injunction opinion for a full and accurate statement of its contents.

49.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that the *Calvillo Manriquez* preliminary injunction applies to the plaintiffs in that class action lawsuit and prevents the Department from using the relief methodology challenged in that lawsuit.  Defendants respectfully refer the Court to the preliminary injunction opinion in that case for a full and accurate statement of its contents.

50.    Defendants admit that at the cited portion of her deposition, BDU Director Nevin was asked if she knew "whether any grants of 100 percent relief were actually issued following the *Calvillo Manriquez* injunction," and responded "Not that I recall, but it's possible."  Otherwise,

deny.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

51.    As to the first sentence, admit that Plaintiffs accurately characterize BDU Director Nevin's testimony.  As to the second sentence, Defendants admit that at her deposition, BDU Director Nevin was asked if she knew "whether any grants of 100 percent relief were actually issued following the *Calvillo Manriquez* injunction," and responded "Not that I recall, but it's possible."  Nevin. Dep. 149:23-150:1.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

52.    Defendants admit that the preliminary injunction in *Calvillo Maniquez* left the Department without a methodology to calculate relief for successful borrower defense claimants, and that in the internal document that Plaintiffs cite, the Department stated that "[t]he Department was halted from processing claims when a federal court enjoined the Department from using the tiered methodology."  Otherwise deny.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

53.    Defendants admit that Plaintiffs accurately quote from the cited decision memo and respectfully refer the Court to that document for a full and accurate statement of its contents.

54.    Admit.

55.    Admit.

56.    Defendants deny the allegations in this paragraph, except to admit that the Department did not issue any final borrower defense decisions between May 4, 2017 and December 20, 2017, that it issued approximately 26,000 final borrower defense decisions between December 20, 2017 and June 12, 2018, and that it did not issue any final borrower defense decisions between June 12, 2018 and December 11, 2019.

57.    Deny.

58.    Defendants admit that they collected a document entitled "Borrower Defense to RepaymentTP" from Diane Jones' electronic files and produced that document to Plaintiffs. Defendants further admit that Plaintiffs accurately quote from that document and respectfully refer the Court to the document itself for a full and accurate statement of its contents.

59.   This paragraph consists of multiple subparagraphs, to which Defendants respond as follows:

    i.   Defendants admit that this subparagraph accurately quotes the talking points document and respectfully refer the Court to that document for a full and accurate statement of its contents.

    ii.   Defendants admit that the talking points document states: "The 2016 regulation denied institutions due process rights and put the Department in the position of being accuser, judge and jury – of course playing this role with other people's money." Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

    iii.   Defendants admit that the talking points document states: "When the Department of Education decided to force Corinthian Colleges out of business, it reinterpreted a 1995 regulation that had rarely been used in the past to provide loan forgiveness to certain Corinthian students." Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

    iv.   Defendants admit that the talking points document states that the Department has "never itself validated" claims by the California Attorney General that Corinthian "has misrepresented job placement rates," "except for Heald Colleges, one of Corinthian's brand names." Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

    v.   Defendants admit that this subparagraph accurately characterizes a statement in the talking points document and respectfully refer the Court to the document for a full and accurate statement of its contents.

    vi.   Defendants admit that the talking points document states: "Unfortunately, when students who are not harmed by an institution receive loan relief, that means that taxpayers who may not have been able to send their own kids to

1    college are stuck footing the bill for a person who had the advantage of

2    attending college.  It also suggests that students are incapable of making

3    good choices or being wise consumers – and it eliminates any level of

4    personal responsibility in selecting a school or program that meets the needs

5    of the student." Otherwise deny.  Defendants respectfully refer the Court

6    to the document for a full and accurate statement of its contents.

7    vii.    Defendants admit that the talking points document states that under the

8    borrower defense regulations promulgated in 2019, "each claim will be

9    reviewed to ensure that taxpayers who didn't have the luxury of going to

10    college aren't stuck with the bill for those who did."  Otherwise deny.

11    Defendants respectfully refer the Court to the document for a full and

12    accurate statement of its contents.

13    viii.    Defendants admit that the talking points document states that under the

14    borrower defense regulations promulgated in 2019, "specious claims can be

15    more quickly removed so that we can focus on students who have truly been

16    harmed."  Defendants respectfully refer the Court to the document for a full

17    and accurate statement of its contents.

18    ix.    Defendants admit that the talking points document states that under the

19    borrower defense regulations promulgated in 2019, the "adjudication

20    process requires something more than hearsay evidence to find a school

21    guilty (though the regulation does not require the borrower to meet the level

22    of evidence required to prove that he or she was defrauded)."  Defendants

23    respectfully refer the Court to the document for a full and accurate statement

24    of its contents.

25    60.    Defendants admit that the cited document lists "[p]ure omissions without the

26    student alleging that the school had a duty to inform the student of the pertinent information" as

27    an example of the type of allegation that should be "denied for failure to state claim."  Defendants

28    further admit that the document provides two examples of such allegations, one of which is "My

school never told me that underwater basket weavers don't get paid well." Otherwise deny. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

61.     Defendants admit that the cited memorandum discussed an alternative, potential methodology that "focused on a comparison between the required monthly payment under an income driven repayment (IDR) plan as compared to the required monthly payment under a standard, 10-year repayment plan for federal student loan borrowers." The memorandum recommended that the Secretary adopt a different proposed methodology, which the Secretary did. Defendants admit that pursuant to the proposed, but unadopted, methodology, the memo states that the Department would have used "a family size of one because decisions borrowers make regarding their family size are not the responsibility of the institutions." Otherwise deny. Defendants respectfully refer the Court to the memorandum for a full and accurate statement of its contents.

62.     Admit. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents.

63.     As to the first sentence, deny. As to the second sentence, Defendants admit that the Department has awarded 0% loan cancellation to some applicants that it has determined have eligible borrower defense claims.

64.     Admit.

65.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the Department has not published guidance explicitly stating that, under its prior policy, a borrower could have a borrower defense claim approved but not receive any relief because the Department had determined that the borrower did not suffer harm from the institution's misconduct. Defendants respectfully refer the Court to the Department's borrower defense regulations for a full and accurate statement of the legal requirements governing the Department's adjudication of borrower defense claims.

66.     Admit. Defendants respectfully refer the Court to Plaintiffs' Complaint for a full and accurate statement of its contents.

1    67.    Defendants admit that the cited presentation states that as of the week ending
2    August 6, 2019, 177,295 borrower defense applications were "pending/not adjudicated."
3    Defendants respectfully refer the Court to that document for a full and accurate statement of its
4    contents.

5    68.    Defendants admit the allegations in the first sentence of this paragraph, including
6    the allegations in footnote 3.  As to the second sentence, admit.  Defendants respectfully refer the
7    Court to the document for a full and accurate statement of its contents.

8    69.    Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's
9    deposition testimony and respectfully refer the Court to that testimony for a full and accurate
10   statement of its contents.

11   70.    Admit.  Defendants respectfully refer the Court to the cited document for a full and
12   accurate statement of its contents.

13   71.     Admit.  Defendants respectfully refer the Court to the cited document for a full and
14   accurate statement of its contents.

15   72.    Defendants admit that the August 21, 2019 presentation contains a slide with the
16   heading "Why are BD Applications on Hold?" and that, with respect to approvals, the presentation
17   states that the "tiered relief methodology for CCI [was] subject to injunction (as of May 2018),"
18   that there was "no alternative methodology available," and that "no relief methodology [had been]
19   developed for non-CCI claims."  Defendants respectfully refer the Court to the document for a full
20   and accurate statement of its contents.

21   73.    Defendants admit that the cited presentation contains a slide with the heading "Why
22   are BD Applications on Hold?" and that, with respect to denials, the presentation states that there
23   was a "[p]olicy decision (spring 2018) to not issue denials until approvals could be issued" and
24   that "no processing systems [were] available from summer 2018 to present due to platform
25   development and migration."  Defendants respectfully refer the Court to the document for a full
26   and accurate statement of its contents.

27   74.    Defendants admit that it was an important policy objective of the Department's in
28   2019 and 2019 to have a comprehensive relief methodology in place to award relief to successful

claimants before it resumed issuing final borrower defense decisions.  Otherwise deny.

75.     Defendants admit that the August 21, 2019 presentation states that a "decision on the relief methodology would result in the ability to proceed with approximately 40,000 applications."  Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

76.     Defendants admit that Plaintiffs accurately quote from former Principal Deputy Under Secretary Diane Jones's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

77.     Defendants admit that Plaintiffs accurately quote from the deposition testimony of former FSA Chief Operating Officer ("COO") Mark Brown and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

78.     Defendants admit that Plaintiffs accurately quote from the work plan document and respectfully refer to the Court to that document for a full and accurate statement of its contents.

79.     As to the first sentence, Defendants admit that former FSA COO Brown testified that "early on in" his tenure, which began in March 2019, there was "confusion, meaning the BD unit believed they had guidance or policy not to go further with decisions, meaning to send them out."  As to the second sentence, Defendants admit that former COO Brown testified that former Principal Deputy Under Secretary Jones told him in "the March/April [2019] time frame" that she was "not sure why the BD unit is not sending out decisions"; that the answer he "got back" from the Department was that "they didn't believe they had told the BD unit" not to send out borrower defense decisions; and that "[l]ater on . . . it was decided we would continue that same posture while the new methodology was being developed, and that once the new methodology would be developed, we would be going forward with all types, you know, both the adjudications and the notifications."  Otherwise deny.  Defendants respectfully refer the Court to former COO Brown's deposition testimony for a full and accurate statement of its contents.

80.     Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

81.     Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

82.     Defendants admit that former COO Brown testified that he did not "know exactly" who "made that decision" to "not issue notifications but continue to do adjudications until the point at which the methodology was completed," but that "that was a decision communicated to [him] through the under secretary." Defendants respectfully refer the Court to former COO Brown's deposition testimony for a full and accurate statement of its contents.

83.     Defendants admit that former Principal Deputy Under Secretary Jones testified that she did not know who "made that decision" to "not issue denials if we were not also issuing approvals" and that she did not know if she was "in a meeting where the final decision was made" because she recalled that "the original decision was made before [she] was in [her] role." Defendants respectfully refer the Court to former Principal Deputy Under Secretary Jones's deposition testimony for a full and accurate statement of its contents.

84.     Defendants admit that Plaintiffs accurately quote from former Principal Deputy Under Secretary Jones's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

85.     Defendants admit that the Department issued 16,045 borrower defense decisions on December 11, 2019, approving 789 applications and denying 15,256. *See* ECF No. 116. Defendants further admit that as of August 24, 2020, the Department had issued approximately 78,400 borrower defense decisions, approving 4,400 applications and denying 74,000. *Id*.

86.     Defendants admit that Plaintiff accurately quote from the August 21, 2019 presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

87.     Defendants admit that Plaintiffs accurately quote from the August 14, 2019 presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

88.     Defendants admit that Plaintiffs accurately quote from the August 14, 2019

presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

89.     Admit.

90.     Defendants admit that Plaintiffs accurately characterize the August 14, 2019 presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

91.     Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

92.     Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

93.     Defendants admit that Plaintiffs accurately quote from the August 21, 2019 presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

94.     Defendants admit that Plaintiffs accurately quote from the August 14, 2019 presentation and respectfully refer the Court to that document for a full and accurate statement of its contents.

95.     Defendants admit that the August 14, 2019 presentation, entitled "Next Gen FSA Key Actions," does not mention a "'no denial until approvals' policy," and respectfully refer the Court to that document for a full and accurate statement of its contents.

96.     Defendants deny that none of the Department's "internal documents" reflect the extent to which reviewing borrower defense applications is a difficult and time-consuming process that contributed to the challenged delay in issuing decisions and respectfully refer the Court to the Department's administrative record for a full and accurate statement of the Department's reasons for not issuing any final borrower defense decisions to class members for the time period challenged in this lawsuit.

97.     Defendants admit that BDU Director Nevin stated that the difficulty of reviewing

borrower defense applications "affected the volume of the adjudication in the sense [that] . . . cases got a lot more complicated when the 2016 regulation went into effect in 2018 because now we have a lot of cases that are subject to both, and that determination needs to be made.  So I think that the . . . pace of the adjudications was affected by various things that made it difficult, but that didn't mean that they couldn't be issued.  That was related to a decision up the food chain."  Otherwise deny.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

98.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

99.    Defendants admit that FSA had a goal of "clearing the backlog" of borrower defense applications in summer 2019, even as it was not issuing final decisions, and set quotas regarding the number of cases to be decided in order to achieve that goal.

100.    Defendants admit that BDU Director Nevin testified that former Secretary DeVos "set the elimination of the backlog" as a general objective, and that former COO Mark Brown "did the math" "based on the numbers that were pending at the time," and "set a target of [the BDU] for 5,000 adjudications per week."  Otherwise deny.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

101.    Defendants admit that former COO Brown testified that "borrower defense as a whole was a concern for me when I started in March of 2019" because of "the sheer volume," the "fact the decisions weren't going out," and "that the methodology and other things needed to be known so that we could move on with the cases."  Defendants further admit that former COO Brown testified that he "went about focusing" on hiring additional attorneys and did so "in the next several months."  Defendants respectfully refer the Court to former COO Brown's deposition testimony for a full and accurate statement of its contents.

102.    Defendants admit that Plaintiffs accurately quote from the cited documents and respectfully refer the Court to the documents for a full and accurate statement of their contents.

103.    Defendants admit that Plaintiff accurately quote from the cited document and respectfully refer the Court to that document for a full and accurate statement of its contents.

104.    Defendants admit that the cited training binder states, among other things, that a "standard protocol memo" should take, "on average, no more than two hours to complete." Defendants further admit that FSA "does not have set metrics" for "evidence review," but that "contractors are expected to review evidence at a reasonable rate" and that "FSA will conduct weekly spot checks of the contractor's reported hours reviewing evidence.  If a contractor is found to be over reporting hours spent on evidence review, they will be subject to remedial action, including termination from the project, at the discretion of the Director of Borrower Defense." Defendants respectfully refer to the Court to the training binder for a full and accurate statement of its contents.

105.    Defendants admit that Plaintiffs accurately quote the cited training binder and respectfully refer the Court to that document for a full and accurate statement of its contents.

106.    As to the first sentence, Defendants admit that there were performance metrics for employees and contractors that included both productivity (numbers) and accuracy requirements; that no employees were terminated or penalized monetarily as a result of low productivity numbers, but that they did receive additional training, particularly regarding error rates that exceeded the very low thresholds permitted; and that reviewers with only high adjudication numbers were never awarded any additional compensation because meeting the low error rate requirements always took precedence.   As to the second sentence, Defendants admit that Plaintiffs have accurately quoted selected statements in the cited document, but that those quotations exclude statements regarding the explicit requirement that reviewers have very low error rates.  Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

107.    Deny.

108.    Defendants admit that BDU Director Nevin testified: "In a perfect world, we would review all of the evidence relating to the school before adjudicating a single case, but if that were the case, then we probably would not be issuing decisions for most of 2020 because  . . .  most of the cases that are left right now, at least potentially, are related to some common evidence or the borrower provided substantial evidence of their own or at least some evidence that could potentially support the claim."  Defendants admit that BDU Director Nevin further testified that

the BDU was directed in 2019 to "move forward at a very accelerated pace," that "there were a lot of discussions about how to do that," and that "the only way to hit the metrics that were required of us were to focus on cases that had established protocols . . . and cases where either there was no common evidence, which we did those first, or where we could assess what the scope of the common evidence was and then move forward on adjudicating other cases."   Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

109.   Deny.   Front-line reviewers can approve certain borrower defense claims in accordance with approved protocols.  *See* Nevin. Dep. 206:3-9.

110.   Deny.   Front-line reviewers can approve certain borrower defense claims in accordance with approved protocols.  *See* Nevin Dep. 206:3-9.

111.   As to the first sentence, admit that BDU Director Nevin testified that front-line reviewers could not "approve a claim based on individual evidence submitted by the borrower" because "[i]t's too complicated at that level to try to just open a claim.  You'd have to understand what the elements of the claims are, and that's dependent on the regulation and the state law and . . . whether there's common evidence that supports some element"; and that once that criteria was "reduced to a very clear protocol with very specific parameters," front-line reviewers were "able to" approve borrower defense applications.  As to the second sentence, admit that BDU Director Nevin testified that existing protocols used by front-line reviewers "allow for a consistent and fair adjudication either way."  Otherwise deny.  Defendants respectfully refer the Court to BDU Director Nevin's testimony for a full and accurate statement of its contents.

112.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

113.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

114.   Defendants admit that the cited spreadsheet states that where a borrower defense application is supported by evidence "relevant to a school or categories of borrowers relating to a school," "the senior attorney[s] work with the team to develop an appropriate protocol.  For schools

or categories with over X cases or where there are potential approvals supported by the evidence, the protocol is reviewed by the Director.  If not, it can be approved by a senior attorney.  The senior attorney will consult with the Director on any novel or challenging issues."  Otherwise deny. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

115.   Admit.

116.   Defendants admit that the cited memorandum states that the approval rate for CCI JPR claims, "historically . . . about 67%," was "dramatically higher than we expect to see for all other claims," reasoning that "[b]ecause the Department performed outreach to borrowers who were likely to . . . have successful JPR claims, it is not surprising that many of those borrowers' applications were, in fact, approved after the borrower applied and their claims were reviewed." Defendants admit that the document further states that the available data "indicates that the approval rate is likely to be approximately under 10%" for non-CCI JPR applications.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

117.   Deny.

118.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

119.   Deny.

120.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

121.   Deny.

122.   This paragraph consists of conclusions of law to which no response is required.  To the extent a response is deemed required, deny.

123.   Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

124.   Deny, to the extent that the Department considers statements made by borrowers as evidence but requires such statements to be supported by additional corroborating evidence

provided by the borrower or otherwise available to the Department for the claim to be approved. *See, e.g.*, DOE00006020 (listing the applicant's "BD claim" and "[c]orroborating evidence from other similar BD claims" as "[p]ossible sources of evidence").

125.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny that the Department categorically "disregard[ed]" the sworn statements of borrower defense applicants and otherwise lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as "these similar statements" is vague and undefined.

126.    Defendants admit that the cited "Initial Review of Medium Batch Applications" document states that there were 549 applications for Strayer University as of February 21, 2020, and that, based on a sample of 50 applications (summarized later in the document), "the borrowers do not present evidence that indicate Strayer committed overt or repetitive misconduct, fraud, or misrepresentation.  The application narratives provide individual experiences, frustrations, or misunderstandings encountered as a customer of Strayer University."   Otherwise deny. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

127.    Defendants admit that the cited "Initial Review of Mid-Size Batch Applications" document states that there were 119 applications from Morris Brown College as of July 30, 2020, that former students made "very consistent allegations against the school" of the type Plaintiffs allege, and that "the borrowers failed to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct."  Otherwise deny.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

128.    The first sentence consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny.  As to the second sentence, Defendants admit that borrower statements regarding their experience at CCI and ITT were among the sources of evidence that the Department considered in determining whether to approve borrower defense applications, and respectfully refer the Court to the Department's memoranda setting forth the

approval criteria for specific types of CCI and ITT claims for a full and accurate statement of their contents.

129.   As to the first sentence, Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to the document for a full and accurate statement of its contents.  As to the second sentence, Defendants admit that in summarizing the evidence that CCI representatives made misrepresentations regarding the transferability of credits, the cited memorandum includes "student accounts of in-person oral representations of transferability" as well as evidence gathered from "telephone scripts, audits, and recording." Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

130.   Defendants admit that Plaintiffs accurately characterize the cited memorandum and respectfully refer the Court to the document for a full and accurate statement of its contents.

131.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to the document for a full and accurate statement of its contents.

132.   Defendants admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to the document for a full and accurate statement of its contents.

133.   Defendants admit that Plaintiffs accurately characterize the cited memorandum and respectfully refer the Court to the document for a full and accurate statement of its contents.

134.   Defendants deny that the cited memoranda were re-reviewed, but admit that in December 2017, the Department affirmed that the cited memoranda would continue to be applicable for claims similar to those addressed by the memoranda.

135.   Insofar as the terms "consistently" and "school-specific memoranda" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  To the extent Plaintiffs make specific allegations regarding particular "school-specific memoranda" in paragraphs 136-138, Defendants respectfully refer the court to paragraphs 136-138 of this Answer for Defendants' responses to those specific allegations.

136.   Defendants admit that the cited "Initial Review of Mid-Size Batch Applications" document states that there were 375 applications from Carrington College as of March 31, 2020,

that 315 of those applications "make allegations regarding employment prospects," and that "the borrowers fail to provide any supporting evidence and FSA is not otherwise in possession of evidence to establish a pattern or practice of misconduct."  Otherwise deny.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

137.   Defendants admit that the cited "Initial Review of Mid-Sized Batch Applications" document states that 522 out of 601 applications "raise an employment prospects allegation," that twenty-three out of the fifty allegations that were sampled "are of the type that might warrant BD relief, if supported by evidence," but that "the borrowers failed to provide relevant supporting evidence to establish these allegations of misrepresentation" and the sampled allegations "do not suggest widespread misrepresentations or violations."  Otherwise deny.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

138.   Defendants admit that the cited "Initial Review of Medium Batch Applications" document notes a "recurring theme in some of the applications alleging bloated job placement numbers from the admission counselors at the school," and states that "all specifically claimed they were guaranteed jobs and that the programs they were interested in had a 100% placement rate."  Defendants admit that the document further states that the "trend seemed peculiar," but that "[u]nfortunately, most of the claims were stated to have been given verbally and a precursory search of the allegations did not turn up any files that may potentially be used to bolster the students' claim.  Also, the number of claims about a 100% placement rate is still a small minority of the claims reviewed.  Currently, I do not recommend that further investigation is necessary and suggest that the claims be adjudicated as they are."  Otherwise deny.  Defendants  respectfully refer the Court to the cited document for a full and accurate statement of its contents.

139.   Deny.

140.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny that the Department failed to engage in analysis required by the 1995 borrower defense regulations.

141.   This paragraph consists of legal conclusions to which no response is required.

142.   Insofar as the terms "[o]ften," "note," and "conclude" are vague and undefined,

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent Plaintiffs make specific allegations regarding particular memoranda in paragraph 143, Defendants respectfully refer the court to paragraphs 143 of this Answer for Defendants' responses to those specific allegations.

143.   Defendants admit that the cited "Initial Review of Medium Batch Applications" document states that "[a]fter reviewing the sample of students above from Grantham University there were not many recurring themes present[,]" other than "the challenge students were facing transferring their credits elsewhere." Defendants further admit that the document states that "[t]he claims about credit transferability seem to be frequent enough to evaluate further, but with no lawsuits, commonality among the programs or enrollment year, or evidence or supporting documents supporting this claim, it is difficult to see a way forward with these claims. Due to the lack of prevalent theme for these individual claims and lack of evidence for the transferability claims, I recommend that further investigation is not necessary." Otherwise deny. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

144.   Defendants admit that the Department concluded in the cited memorandum that "the review of these claims across campuses and years demonstrates that students made substantially similar guaranteed employment allegations" that were "common at all" the CCI campuses that were sampled and "distributed roughly evenly throughout the" relevant time period. Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

145.   Defendants admit that the Department reviewed a sampling of 50 claims from applicants who attended Strayer University and respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

146.   Defendants admit that Plaintiffs accurately characterize the specific documents they cite and refer the Court to those documents for a full and accurate statement of their contents. Insofar as the term "other instances" in is vague and undefined, Defendants otherwise lack

1    sufficient knowledge or information to form a belief about the truth of the allegations in this

2    paragraph.

3         147.    Insofar as this paragraph consists of Plaintiffs' speculation about what "may" be

4    the case, Defendants lack sufficient knowledge or information to form a belief about the truth of

5    the allegations in this paragraph.

6         148.    Insofar as the term "school-specific memoranda" is vague and undefined,

7    Defendants lack sufficient knowledge or information to form a belief about the truth of the

8    allegations in this paragraph.  To the extent Plaintiffs make specific allegations regarding particular

9    "school-specific memoranda" in paragraph 149, Defendants respectfully refer the court to

10   paragraph 149 of this Answer for Defendants' responses to those specific allegations.

11        149.    Deny.

12        150.    This paragraph consists of legal conclusions to which no response is required.  To

13   the extent a response is deemed required, deny.

14        151.    This paragraph consists of legal conclusions to which no response is required.  To

15   the extent a response is deemed required, deny.

16        152.    The first sentence of this paragraph consists of legal conclusions to which no

17   response is required.  To the extent a response is deemed required, deny.  As to the second sentence,

18   Defendants admit that a borrower defense application can be denied where the allegation "does

19   not state a claim, does not state a BD claim or does not have sufficient evidence to support a claim,"

20   Nevin Dep. 204:24-205:4, and respectfully refer the Court to the cited deposition transcript and

21   "standard protocol" document for a full and accurate statement of their contents.  Otherwise deny.

22        153.    Defendants admit that the BDU does not publish detailed guidance specifically

23   informing borrowers "how to successfully 'state a legal claim'" or that "if they do not succeed in

24   doing so, their application will be denied, and no evidence will ever be reviewed."

25        154.    Defendants admit that the Department has denied borrower defense applications,

26   and trained its reviewers to deny such applications, where the claims are facially deficient.

27   Defendants further admit that the BDU does not publish detailed guidance specifically informing

28   borrowers how to state a legally sufficient claim borrower defense claim and otherwise lack

1    sufficient knowledge or information to form a belief about the truth of the allegations in this

2    paragraph.

3    155.    Defendants deny the allegations in this paragraph to the extent that in the cited

4    portion of the deposition transcript, BDU Director Nevin testified that she "[did not] recall"

5    whether "lack of reliance" was a basis for denying a borrower defense application and that she

6    would "have to look at the protocols to see," and later testified that the denial letters that had gone

7    out to non-CCI borrowers to that point "were not based on denial related to reliance," *see* Nevin

8    Dep. 210:17-211:8.  Defendants respectfully refer the Court to BDU Director Nevin's deposition

9    testimony for a full and accurate statement of its contents.

10    156.    Deny.

11    157.    Defendants admit that Plaintiffs accurately quote from the cited document and

12    respectfully refer the Court to the document for a full and accurate statement of its contents.

13    158.    Defendants admit that the BDU does not make its internal training document public

14    or otherwise specifically inform borrowers that: "In order to allege a misrepresentation that states

15    a claim under state law the borrower must allege both a representation and the falsity of that

16    representation in their application.  Further the falsity alleged must match the representation."

17    159.    Defendants admit that Plaintiffs accurately quote from the cited document and

18    respectfully refer the Court to that document for a full and accurate statement of its contents.

19    160.    Defendants admit that Plaintiffs accurately quote from the cited document, but deny

20    that the document says that any particular application should be denied "regardless of whether the

21    BDU has in its possession common evidence of specific misrepresentations about the career

22    services office, or whether the student provided extrinsic evidence of promises made and not kept."

23    Defendants respectfully refer the Court to the cited document for a full and accurate statement of

24    its contents.

25    161.    This paragraph consists of legal conclusions to which no response is required.  To

26    the extent a response is deemed required, Defendants admit that at the cited portion of her

27    deposition testimony, BDU Director Nevin stated that first level reviewers are "not denying

28    [claims] based on a review of the evidence. They're denying it based on a lack of evidence, or

they're basing it on failure to state a claim or failure to state a claim as actionable under BD." Defendants further admit that the cited "Standard Protocol" document instructs the reviewer to recommend denial if an "allegation does not state a claim, does not state a BD claim, or does not have sufficient evidence to support a claim," and instructs the reviewer to stop work on an application and email their "assigned QC attorney" for further review if the borrower "attaches any evidence that indicates there has been an attorney general action or class action or any lawsuit relevant to the borrower defense inquiry" or "attaches any evidence that supports that borrower's particular allegation, but does not indicate any larger action against the school." Otherwise deny. Defendants respectfully refer the Court to the cited documents for a full and accurate statement of their contents.

162.    Defendants admit that Plaintiffs accurately quote from the cited document and respectfully refer the Court to that document for a full and accurate statement of its contents.

163.    Defendants admit that Plaintiffs accurately quote from the cited document and respectfully refer the Court to that document for a full and accurate statement of its contents.

164.    Defendants admit that the BDU does not publish detailed guidance specifically informing borrowers that "only certain types of program costs are relevant in order to 'state a claim' regarding program cost misrepresentations."

165.    Defendants admit that Plaintiffs accurately quote from the cited document and respectfully refer the Court to that document for a full and accurate statement of its contents.

166.    Defendants admit that the BDU does not publish detailed guidance specifically informing borrowers that "to successfully 'state a legal claim' for omission, they must both allege the omission and the existence of a duty," or that "if they do not succeed in doing so, their application will be denied, and no evidence will ever be reviewed." Otherwise deny.

167.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny, other than to admit that Plaintiffs accurately quote from the cited document. Defendants respectfully refer the Court to that document for a full and accurate statement of its contents.

168.    Defendants admit that the BDU does not publish detailed guidance specifically

informing borrowers that "they must allege a 'duty to inform' in order to 'state a claim' based on a misrepresentation by omission" or explicitly stating "what sources a borrower might consult to identify or derive a 'duty to inform.'"

169.   Deny.

170.   Defendants admit that the Department does not publish detailed guidance specifically informing borrowers "of how to phrase their allegations or the necessary elements of their claims," and otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

171.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

172.   Insofar as the term "[h]undreds of memoranda" and "consistently" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  Defendants admit that Plaintiffs accurately quote from the particular memoranda cited in this paragraph and respectfully refer the Court to the cited memoranda for a full and accurate statement of their contents.

173.   Defendants admit that the cited "protocol" document states that a "[s]ingle claim may be denied without further investigation where," among other things, "[t]here is no corroborating evidence of the misrepresentation."  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

174.   Deny.

175.   Admit.

176.   Defendants admit that Plaintiffs accurately quote from the cited borrower defense application form and respectfully refer the Court to that document for a full and accurate statement of its contents.

177.   As to the first sentence, deny.  As to the second sentence, admit that a single applicant's uncorroborated statement was not, at the time Plaintiffs filed their supplemental complaint, a sufficient basis to approve an application, and otherwise deny.

178.   Defendants admit that Plaintiffs accurately quote from the cited borrower defense

application form and respectfully refer the Court to that document for a full and accurate statement of its contents.

179.   As to the first sentence, deny.   As to the second sentence, admit that for most borrower defense applicants, merely signing and submitting the application is not sufficient to have the claim approved.

180.   Deny.   At the cited portion of the deposition transcript, BDU Director Nevin testified only that a "transcript or program manual that doesn't have any representations regarding employment prospects" may not be relevant to a "guaranteed me a job type" claim and that "[t]here would have to be evidence relevant to the claim that would potentially support the claim." Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

181.   Admit.

182.   Defendants admit that, prior to December 31, 2016, the Department did not publish any detailed guidance specifically informing borrowers "what constituted a viable BD application."

183.   Admit.

184.   Defendants admit that the Department does not publish detailed guidance specifically informing borrowers that "they must submit supporting documentation in order for their BD application to be considered for approval," but deny that a borrower "must submit supporting documentation" for their claim to be approved.

185.   Defendants admit that the Department does not publish detailed guidance specifically informing borrowers "what kind of documentation would be sufficient to support an approval of a BD application."

186.   Admit.   Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony, which states that first-line reviewers are not "given any instructions on how to assess whether a borrower has provided enough to support their claims" because such reviewers are "not weighing evidence" and instead "set aside" for further review any application that meets the "very low bar" of having "anything that could lead at all to a possibility of approval," Nevin

Dep. 104:16-105:5, for a full and accurate statement of its contents.

187.     Defendants admit that Plaintiff accurately quote from the cited deposition transcript and respectfully refer the Court to BDU Director Nevin's testimony for a full and accurate statement of its contents.

188.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, insofar as the terms "substantial evidence" and "concluded" are vague and undefined.

189.     As to the first sentence, Defendants admit the Department reviewed five applications from students who attended Meridian University, and that some of them submitted documentation of coursework, fieldwork and internships, and a letter of withdrawal.  Otherwise deny.  Defendants respectfully refer to the Court to the cited document for a full and accurate statement of its contents.  As to the second sentence, Defendants admit that Plaintiffs accurately quote from the cited document and refer the Court to that document for a full and accurate statement of its contents.

190.     As to the first sentence, deny.  As to the second sentence, admit that the document states that there was "no evidence to support" allegations regarding transferability of credits and ultimately recommended adjudicating the cases on their own merits (not on the basis of common evidence) given "the lack of evidence to support the allegations and the lack of corroboration [among] the cases."  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

191.     Defendants admit that since 2015, the Department has not granted any borrower defense discharge applications other than those submitted by students who attended ITT and CCI and relied on common evidence.  Defendants respectfully refer the Court to BDU Director Nevin's testimony for a full and accurate statement of its contents.

192.     Admit.   Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

193.     This paragraph consists of legal conclusions to which no response is required.  To

the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

194.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

195.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

196.    Insofar as the phrase "consistently disregarded" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

197.    Insofar as the term "school-specific memoranda" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  To the extent Plaintiffs make specific allegations regarding particular "school-specific memoranda" in paragraphs 198-200, Defendants respectfully refer the court to paragraphs 198-200 of this Answer for Defendants' responses to those specific allegations.

198.    Defendants admit that Plaintiffs accurately characterize the cited memorandum, except as to its characterization that the BDU "dispensed with" the applications and that BDU's conclusions were "despite" the evidence described in the memorandum and respectfully refer the Court to that document for a fair and accurate statement of its contents.

199.    As to the first sentence, deny.  As to the second sentence, admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.  As to the third sentence, deny other than to admit that Plaintiffs accurately quote from the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

200.    As to the first two sentences, admit that the cited memorandum references that the Department's "Multi-Region & Foreign Schools Participation Division . . . made nine findings of noncompliance at the school[,] [t]he most relevant finding to Borrower Defense being . . . that UTI did not provide its students with the required disclosure regarding the cost of attendance"; concluded that "the borrowers do not present evidence that indicate UTI committed overt or

repetitive misconduct, fraud, or misrepresentations"; and references that 450 applications raised a program cost allegation. Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents. As to the second sentence, Defendants admit that the cited memorandum lists investigations by the Department of Justice (DOJ) and Massachusetts Attorney General's Office as "External Investigations (AG), Evidence or Litigation Related to BD," and further states that neither DOJ nor the Massachusetts Attorney General had "released any findings in relation to this investigation" or "provided the Department any evidence." Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

201. Insofar as "school-specific memoranda is vague and undefined, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. To the extent Plaintiffs make specific allegations regarding particular "school-specific memoranda" in paragraphs 202-212, Defendants respectfully refer the court to paragraphs 202-212 of this Answer for Defendants' responses to those specific allegations.

202. As to the first two sentences, Defendants admit that Plaintiffs accurately quote the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents. As to the third sentence, admit that, because "BDU currently does not have evidence in its possession to substantiate the borrower defense allegations of students who are the subject of this memorandum," the memorandum recommends that "all EDMC schools applications reflecting an enrollment date between July 1, 2003 and December 31, 2008, excluding those who make professional licensure allegations relating to psychology masters and doctorate level programs at Argosy University, be adjudicated in accordance with the following standard review protocol: BDU attorneys will individually adjudicate each application by opening each claim and reviewing all allegations made by the borrower and any supporting evidence provided by the borrower. If the borrowers has provided evidence sufficient to support their allegations, then the application will be set aside for further review. However, where the borrower provides no evidence, or the evidence provided is insufficient to support their allegations, denial of the application is appropriate." Otherwise deny. Defendants respectfully refer the Court to the cited

memorandum for a full and accurate statement of its contents.  As to the fourth sentence, admit that the memorandum states that "BDU was unable to obtain any" of the "millions of pages of discovery" produced in the cited litigation because "they were destroyed, or returned to EDMC in light of the confidentiality agreement in the case."  Otherwise deny.  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

203.    Defendants admit that the cited memorandum states: "The BDU has also obtained evidence from the Pennsylvania attorney general's office and the Iowa attorney general's office.  While most of this evidence relates to times beyond the scope of this memorandum, some of the materials do relate to the period at issue.  These materials include EDMC School's representations of employment prospects and job placement rates to prospective students as well as school brochures.  However, BDU does not possess the underlying data and internal policies to assess the accuracy of these representations."  Otherwise deny.  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

204.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the cited memorandum, deny that the BDU's conclusions were "despite" the memorandum's reference to a False Claims Act lawsuit, and respectfully refer the Court to the document for a full and accurate statement of its contents.  As to the second sentence, deny.  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

205.    As to the first two sentences, Defendants admit that Plaintiffs accurately quote from the cited court decision and respectfully refer the Court to that decision for a full and accurate statement of its contents.  As to the third sentence, Defendants admit that Plaintiffs accurately quote from the cited Court documents and respectfully refer the Court to those documents for a full and accurate statement of their contents.

206.    Insofar as the terms "ignored" and "readily available evidence of misconduct" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

207.    Defendants admit that the cited memorandum cites, in a section entitled "External Investigations, Evidence or Litigation NOT related to BD," a news article which reported that

Mountain State University's "loss of accreditation led to 'more than 400 individual suits . . . along with at least two class action suits in state court and two in federal court," and concludes that "there is insufficient evidence of widespread misconduct by Mountain State University to warrant further investigation." Otherwise deny. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

208.　As to the first sentence, Defendants admit that Plaintiffs accurately characterize the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents. As to the second sentence, Defendants admit that Plainitffs accurately quote portions of the cited memorandum, which also states that the Department's OIG created a report regarding "the President and two Vice Presidents of MCI defrauding the United States of $1,000,000 in education grant funds" and concluded that, "[w]hile financial fraud is egregious, Pell Grants do not fall under the purview of Borrower Defense." Otherwise deny. Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

209.　Defendants admit that Plaintiffs accurately quote from the particular documents cited in this paragraph and respectfully refer the Court to those documents for a full and accurate statement of their contents. Insofar as the term "multiple instances" is vague and undefined, Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

210.　As to the first sentence, Defendants admit that Plaintiffs accurately quote the cited memorandum as stating that the referenced lawsuit was then "currently pending" and filed after a "nearly two-year investigation," but deny that the memorandum characterizes the investigation as "extensive." Defendants respectfully refer the Court to the document for a full and accurate statement of its contents. As to the second sentence, admit that the memorandum states: "Of the allegations sampled, borrowers discuss some issues that are raised in the New York City DCA's lawsuit, including misrepresentations related to the availability and award of academic grants, the transferability of credits, and the likelihood of obtaining employment (see below). However, this lawsuit is currently pending in New York States and Borrower Defense is not in possession of

evidence related to this case." Otherwise deny. Defendants respectfully refer the Court to the document for a full and accurate statement of its contents. As to the third sentence, Defendants admit that Plaintiffs accurately characterize the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.

211. As to the first sentence, Defendants admit that Plaintiffs accurately quote from the cited memorandum, deny that any conclusion in the memorandum is an "unusual result," and respectfully refer the Court to the document for a full and accurate statement of its contents. As to the second sentence, admit.

212. Defendants admit that the cited memorandum states that, as of September 20, 2020, "there are 11 applications already adjudicated and 80 applications awaiting adjudication." Otherwise deny. Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

213. Insofar as the term "school-specific memoranda" and "disregarded" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent Plaintiffs make specific allegations regarding particular "school-specific memoranda" in paragraphs 214-216, Defendants respectfully refer the court to paragraphs 214-216 of this Answer for Defendants' responses to those specific allegations.

214. Defendants admit that Plaintiffs accurately quote from the cited memorandum, which noted that none of the findings of any of the four internal Department investigations "concerned borrower defense issues" and listed the settlement agreement involving the United States Attorney's Office, District of Hawaii as "External Investigations, Evidence or Litigation NOT related to BD," and respectfully refer the Court to that document for a full and accurate statement of its contents.

215. As to the first sentence, deny. As to the second sentence, insofar as the phrase "[g]lossing over" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of that characterization of Defendants' actions and therefore deny the same. Defendants admit that the cited memorandum references a "lawsuit alleging that the school promised job placement, high salaries, and career services assistances, but failed to deliver on the

promises" and "[a]rticles discussing a raid conducted against two campuses of Florida Career in College in 2012"; Defendants further admit that the quoted language appears in the memorandum, which also states in a different section that the applicants themselves "do not present evidence that indicate Florida Career Colleges (FCC) committed over or repetitive misconduct, fraud, or misrepresentation." Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

216. As to the first sentence, Defendants admit that the memorandum concludes that the regulations that Iverson Institute was found by the Department's Final Program Review Determination to have violated are not borrower defense regulations and that the violation "[did] not relate to BD." Otherwise deny. Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents. As to the second sentence, deny, other than to admit that Plaintiffs accurately quote selected phrases from the cited memorandum. Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

217. Insofar as the terms "many cases" and "appeared to consider" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent Plaintiffs make specific allegations regarding particular examples in paragraph 218, Defendants respectfully refer the court to paragraph 218 of this Answer for Defendants' responses to those specific allegations.

218. Defendants admit that the cited memorandum states that "the borrowers do not attach any evidence to support these allegations and FSA is not otherwise in possession of evidence to establish a pattern or practice of this type of misconduct. Additionally, Rodano did not admit any fault in the Settlement Agreement. As such, there is insufficient evidence to warrant further investigation by Borrower Defense." Otherwise deny. Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

219. Insofar as the terms "many cases" and "concluded" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. To the extent Plaintiffs make specific allegations regarding particular

examples in paragraph 220, Defendants respectfully refer the court to paragraph 220 of this Answer for Defendants' responses to those specific allegations.

220.     As to the first sentence, Defendants admit that Plaintiffs accurately characterize the cited memorandum and respectfully refer the Court to that document for a full and accurate statement of its contents.  As to the second sentence, deny.  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents.

221.     Insofar as the term "consistently concluded" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

222.     Defendants admit that as of December 9, 2020, the Department had contacted four schools to gather information in connection with borrower defense inquiries and that the Department did not contact any other schools after December 9, 2020.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.  Insofar as the term "authorized" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

223.     Defendants admit that Plaintiffs accurately quote from the document entitled "Borrower Defense – Summary of Notice to Schools Process," and respectfully refer the Court to that document for a full and accurate statement of its contents.

224.     Admit.

225.     Admit.

226.     Defendants admit that the Department had not adjudicated the referenced applications submitted by state attorneys general and otherwise deny the allegations in this paragraph.

227.     As to the first sentence, insofar as the term "leverage" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation about what the BDU can do, according to Plaintiffs, "in theory."  As to the second sentence, admit.

228.     Defendants admit that the BDU was not able to refer matters to the Investigations Unit from approximately early 2017 until approximately early 2021.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

229.     Defendants admit that Plaintiff accurately quote from BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

230.     Defendants admit that Plaintiff accurately quote from BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

231.     Insofar as the phrases "many cases" and "appears to have concluded" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  To the extent Plaintiffs make specific allegations regarding particular examples in paragraph 232, Defendants respectfully refer the court to paragraph 232 of this Answer for Defendants' responses to those specific allegations.

232.     Defendants admit that the cited "Beckfield College" "Initial Review of Mid-Size Batch Applications" document states that an "earlier Borrower Defense memo notes that there were various suits against Beckfield College for various claims of deception and misrepresentation.  However, the Kentucky Courts website no longer shows any pending cases against Beckfield."   Otherwise deny.   Defendants respectfully refer the Court to the cited memoranda for a full and accurate statement of their contents.

233.     Defendants admit that Plaintiffs accurately quote from the cited "protocol" document and respectfully refer the Court to that document for a full and accurate statement of its contents.

234.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

235.     This paragraph consists of legal conclusions to which no response is required.  To

the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

236.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

237.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs accurately quote from the cited regulation and respectfully refer the Court to that regulation for a full and accurate statement of its contents.

238.    Defendants admit that the cited document states that, for claims governed by the 1995 regulation, "[a]pplicable state law typically is law governing alleged misrepresentations and material omissions made by a school," and respectfully refer the Court to the document for a full and accurate statement of its contents.

239.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

240.    This paragraph consists of Plaintiffs' characterization of Defendants' legal arguments, to which no response is required.  To extent a response is deemed required, Defendants admit, as to the first sentence, that the Department has represented that "the need to analyze and apply state law" helped explain the size of the borrower defense application backlog and the work that had been done to process and adjudicate borrower defense applications prior to issuing final decisions, and that the "primary driver" of the delay that is relevant to this class action lawsuit—the 18-month delay in issuing any final decisions to class members—was the Department's "policy judgment that it needs to develop a comprehensive methodology for awarding borrower defense relief to successful claimants before it resumes issuing final decisions." Defs.' Mot. for Sum. J. at 21, ECF No. 63.  Defendants respectfully refer the Court to their summary judgment brief for a full and accurate statement of its contents.  Defendants otherwise deny the first sentence.  As to the second sentence, deny.

241.    Defendants admit that Plaintiffs accurately quote from the particular documents cited, but deny that the documents identified at DOE00010647 and DOE00012388 do not identify

1   the states(s) where the schools are located.   For those documents, the column entitled

2   "School/Campus listed on App." provides locational information.  Insofar as the terms "school-

3   specific memoranda" and "almost never" are vague and undefined, Defendants otherwise lack

4   sufficient knowledge or information to form a belief about the truth of the allegations in this

5   paragraph.

6       242.   Defendants admit that the school-specific memoranda, most of which consist of

7   fact-finding and not legal analysis, did not generally include legal choice-of-law analysis, which

8   would occur later in the process for any claim that both alleged a misrepresentation and had some

9   supporting evidence.

10      243.   Defendants admit that Plaintiff accurately quote from of BDU Director Nevin's

11  deposition testimony and respectfully refer the Court to that testimony for a full and accurate

12  statement of its contents.

13      244.   Denied.  BDU Director Nevin testified that front-line reviewers can approve claims

14  that have been "reduced to a very clear protocol with very specific parameters," such as

15  "Corinthian job prospects," "Corinthian transfer of the credits," "Corinthian JPR claims," and

16  "ITT."  Nevin Dep. 206: 4-9.  Defendants respectfully refer the Court to BDU Director Nevin's

17  deposition testimony for a full and accurate statement of its contents.

18      245.   As to the first sentence, Defendants admit that there are school-specific memoranda

19  that consist of fact-finding and that do not include legal analysis regarding state law.  As to the

20  second and third sentences, Defendants admit that the May 12, 2020 CSL Memorandum

21  (DOE00002528-2529) is one such memorandum, that Plaintiffs accurately quote portions of it,

22  and that the memo identified February 24, 2015 as the earliest date that the school would have

23  been aware of the gravity of the ABA investigation and, therefore, could have misrepresented its

24  accreditation status.   Otherwise deny.   Defendants respectfully refer the Court to the cited

25  memorandum for a full and accurate statement of its contents.

26      246.   As to the first sentence, Defendants admit that the cited fact-finding memorandum

27  did not include a legal analysis of North Carolina law.  Defendants admit the allegations in the

28  second sentence of this paragraph, except insofar as Plaintiffs speculate as to what the

memorandum "could not [] explain," to which no response is required.

247.   Defendants admit that Plaintiffs accurately quote portions of a "claims review protocol" document and respectfully refer the Court to the document for a full and accurate statement of its contents.

248.   Defendants admit that there are school-specific memoranda that consist of fact-finding to determine whether there is common evidence of misrepresentation and that those fact-finding memoranda do not include legal analysis—which would occur later in the process for any claim that both alleged a misrepresentation and had some supporting evidence—regarding specific components of particular state laws.

249.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

250.   Defendants admit that there are school-specific memoranda that consist of fact-finding to determine whether there is common evidence of misrepresentation and that those fact-finding memoranda do not include legal analysis—which would occur later in the process for any claim that both alleged a misrepresentation and had some supporting evidence— regarding specific components of particular state laws.

251.   Deny.

252.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

253.   Defendants admit that Plaintiffs accurately quote the cited regulations and respectfully refer the Court to those regulations for a full and accurate statement of their contents.

254.   As to the first sentence, Defendants admit that the Department stated in a memorandum that a "very rough preliminary estimate is that fewer than 5% of the pending borrower defense claims will be reviewed under the 2016 regulation."  Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.  As to the second sentence, admit that there were 158,110 borrower defense claims pending as of December 31, 2018, and that 7,900 is approximately 5% of 158,100.  Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in the second

1    sentence.

2         255.    Defendants admit that there are school-specific memoranda that consist of fact-

3    finding, not legal analysis, and that these memoranda do not include a legal analysis of "the

4    substantial misrepresentation standard."

5         256.    This paragraph consists of Plaintiffs' characterization of Defendants' legal

6    arguments, to which no response is required. To the extent a response is required, Defendants

7    admit that the Department represented, in summary judgment briefing, that implementation of the

8    2016 regulations "had a significant impact on the Department's borrower defense work" because

9    "the Department spent considerable time and effort implementing the new requirements."  Defs.'

10   Mot. for Summ. J. at 10, ECF No 63; *see also id*. at 19-20 (listing the need to "implement[] the

11   2016 regulations that had previously been delayed but became effective in fall 2018 as one of a

12   "number of competing demands on the Department's time and resources [that] have slowed its

13   ability to finally determine pending borrower defense claims").  Defendants respectfully refer the

14   Court to the cited summary judgment brief for a full and accurate statement of its contents.

15        257.    This paragraph consists of legal conclusions to which no response is required.  To

16   the extent a response is deemed required, deny.

17        258.    Deny.

18        259.    Defendants admit that the BDU has set aside tens of thousands of applications for

19   further review, pursuant to the protocols, and that many of these applications have later been

20   approved.  Otherwise deny.

21        260.    Deny.

22        261.    Defendants admit that the Department has continued to approve borrower defense

23   applications based on the Corinthian job placement rate criteria established in 2015 and 2016

24   related to specific campuses, time periods, and programs.  Defendants further admit that the

25   Department has continued to approve borrower defense applications submitted by Corinthian

26   students under the protocols established for employment prospects and transfer of credits.

27   Otherwise deny.

28        262.    Defendants admit that the Department has denied thousands of borrower defense

applications submitted by borrowers who attended CCI where it determined that the applicant was not eligible for borrower defense relief.  Otherwise deny.

263.    Deny.  The BDU has recently expanded ITT approval criteria and developed new protocols that apply to ITT borrowers in all locations.

264.    Defendants admit that Plaintiffs accurately quote the cited memorandum, except insofar as Plaintiffs refer to "job" rather than "jobs," and Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

265.    Defendants admit that Plaintiffs accurately quote the cited memorandum, except insofar as Plaintiffs refer to "law" rather than "laws," and Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

266.    Defendants admit that each of the cited memoranda summarized the Department's review of available evidence of particular types of misconduct at ITT and determined that the evidence was not "generally applicable to ITT borrowers."  Defendants respectfully refer the Court to the cited memoranda for a full and accurate statement of their contents.

267.    Admit.

268.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

269.    Admit.   Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

270.    Defendants admit that Plaintiffs accurately quote BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

271.    Insofar as the phrase "disagreement within the Department" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

272.    As to the first sentence, admit.  Defendants respectfully refer the Court to the cited protocol for a full and accurate statement of its contents.  As to the second sentence, deny.

273.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence.  As to the second sentence, Defendants admit that numerous memoranda found that potential approval criteria could be warranted and otherwise deny the allegations.

274.    Defendants deny Plaintiffs' characterization of the cited memorandum.  The memorandum states that "[a]lthough BDU's investigation is ongoing, the BDU does not have sufficient evidence in its possession to substantiate the borrower defense ('BD') allegations against EDMC schools submitted by borrowers who enrolled between July 1, 2003 through December 31, 2008." DOE0009627.  The memorandum further states that of the borrowers enrolled in that time frame, the memorandum does not address "borrowers who make professional licensure allegations for psychology masters and doctorate programs at Argosy University." DOE00009626.  The memorandum does not say that the applications it addresses be "rejected," but that such applications "be adjudicated in accordance with the following standard review protocol: BDU attorneys will individually adjudicate each application by opening each claim and reviewing all allegations made by the borrower and any supporting evidence provided by the borrower.  If the borrower has provided evidence sufficient to support their allegations, then the application will be set aside for further review.  However, where the borrower provides no evidence, or the evidence provided is insufficient to prove any allegations, denial of the application is appropriate." Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

275.    Defendants deny the first sentence except to admit that Plaintiffs accurately quote a phrase from the cited document.  As to the second sentence, Defendants admit that the Minnesota Attorney General submitted a series of letters attaching applications and statements from individual borrowers and requesting relief, admit that the Department did not issue any substantive response to the Minnesota Attorney General's request, and otherwise deny the allegations.

276.    As to the first sentence, Defendants admit that Plaintiffs accurately characterize the cited memorandum.  As to the second sentence, admit that the three examples were addressed in the memorandum, but deny that the BDU limited its approval criteria "despite" those three

examples being addressed in the memorandum.  Defendants respectfully refer the Court to the memorandum for a full and accurate statement of its contents.

277.   Deny.

278.   Deny, to the extent that clearing an application for adjudication does not mean that the application will be denied.

279.   Deny, to the extent that clearing an application for adjudication does not mean that the application will be denied.

280.   Admit.

281.   As to the first sentence, admit.  As to the second sentence, Defendants deny the allegations to the extent that thousands of the referenced applications have already been approved since the date Plaintiffs filed their supplemental complaint and further decisions are in process.

282.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

283.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

284.   As to the first sentence, admit that in accordance with the Department's borrower defense regulations, the BDU gives notice of the claims to open schools, gives them an opportunity to respond, and requests records in connection with the fact-finding process.  As to the second sentence, Defendants admit that Plaintiffs accurately quote portions of the cited memorandum and respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

285.   Defendants admit the allegations in this paragraph insofar as they pertain to borrower defense applications being analyzed under the 2016 regulations, but deny the allegations insofar as they pertain to borrower defense applications being analyzed under the 2019 regulations. Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

286.   Deny, except to admit that the quoted words appear in the cited talking points document.  Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.

287.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

288.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

289.    Admit.

290.    Deny, except to admit that Defendants' response to Plaintiffs' Interrogatory No. 16 does not include the names of the "[s]taff members within FSA" who "prepared a set of draft decision letters," and respectfully refer the Court to Defendants' Supplemental Interrogatory Responses for a full and accurate statement of their contents.

291.    Defendants admit that Plaintiffs accurately characterize BDU Director Nevin's deposition testimony and respectfully refer the Court to the cited deposition transcript for a full and accurate statement of its contents.

292.    Defendants admit that Plaintiffs accurately characterize former Principal Deputy Under Secretary Jones's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

293.    Admit.

294.    Admit.

295.    Admit.

296.    Admit.

297.    Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents.

298.    Admit, except insofar as the terms "[h]owever" and "actually applies" are vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

299.    Admit.

300.    As to the first sentence, Defendants admit that the Department determined not to include "state law information" in the referenced adjudication notices, which were sent in response to facially deficient applications and were not dependent on any particular state's laws.  As to the

second sentence, Defendants admit that Plaintiffs accurately quote the document and respectfully refer the Court to that document for a full and accurate statement of its contents.

301.   As to the first sentence, Defendants admit that the cited document, entitled "School Notice Letters and Other Open Items," states the need to "[c]onfirm process re: school response on state law," and in particular the need to "[c]onfirm that schools can provide evidence to dispute the state law identified on the school notice letter." Otherwise deny.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.  As to the second sentence, deny, except to admit that Plaintiffs accurately quote the document.  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents.

302   As to the first sentence, Defendants admit that Plaintiffs accurately characterize former Principal Deputy Under Secretary Jones's testimony and respectfully refer the Court to the cited deposition transcript for a full and accurate statement of its contents.  As to the second sentence, admit.

303.   Defendants admit that Plaintiffs accurately quote BDU Director Nevin's deposition testimony and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

304.   As to the first sentence, Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents.  As to the second sentence, Defendants admit that the form letter states "Why was my application determined to be ineligible for other allegations?" and respectfully refer the Court to that letter for a full and accurate statement of its contents.  As to the third sentence, Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents.  As to the fourth sentence, admit that the form letters contain fields for the Department to describe each allegation; Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.

305.   As to the first sentence, deny.  As to the second sentence, Defendants admit that the form denial notices A, B, D, and D provide no further explanation under the heading "Review Recommendation Reason." Otherwise deny.

306.    Defendants admit that Form Denial Notices do not state that "a borrower's sworn in their BD application were not considered as evidence in support of their claims," and respectfully refer the Court to the Form Denial Notices for a full and accurate statement of their contents.

307.    Deny.

308.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the form letter and respectfully refer the Court to that letter for a full and accurate statement of its contents. As to the second sentence, Defendants admit that the form letter states "What evidence was considered in determining my application's ineligibility for other allegations?" and respectfully refer the Court to that letter for a full and accurate statement of its contents.   As to the third and fourth sentences, admit as to Form B, but deny as to Form D, which has different language than is quoted and described in the allegation.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.

309. As to the first sentence, Defendants admit that Plaintiffs accurately quote the document at page 53 of ECF 129-1, but deny that the evidence listed in this paragraph includes all of the evidence listed on page 53 of ECF 129-1.  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents.  However, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph regarding notices "actually received" by borrowers.  As to the second sentence, Defendants admit that the form denial notices provide no further explanation, other than what evidence was considered, under the heading "Evidence Considered."

310.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

311. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

312.    As to the first and third sentences, Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents. As to the second sentence, admit.

313.     Defendants admit that as of December 9, 2020, the Department was still building up its reconsideration process and that the process was not yet finalized.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its content.

314.     Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents.

315.     As to the first sentence, Defendants admit that Plaintiffs accurately quote the form letters and respectfully refer the Court to those letters for a full and accurate statement of their contents.  As to the second sentence, deny.  Defendants respectfully refer the Court to BDU Director Nevin's deposition testimony for a full and accurate statement of its contents.

316.     Admit.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.

317.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

318.     Defendants admit that the Department issued a press release on December 10, 2019, and that Plaintiffs accurately quote the cited press release.  Defendants respectfully refer the Court to that press release for a full and accurate statement of its contents.

319.     Defendants admit that Plaintiffs accurately quote a portion of the internal guidance and respectfully refer the Court to that document for a full and accurate statement of its contents.

320.     Admit.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

321.     Deny.

322.     Admit.

323.     Admit.

324.     This paragraph consists of Plaintiffs' characterization of Defendants' legal arguments, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs accurately quote a portion of the declaration of Mark A. Brown and respectfully refer the Court to that declaration, and the brief it was attached to, for a full and

accurate statement of the cited documents.

325.    Defendants deny that the existence of a "presumption of denial policy" and otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

326.    As to the first sentence, admit.  As to the second sentence, Defendants deny the existence of a "'presumption of denial' policy," further deny that the Department had a "plan" to send denials "to the vast majority of Class Members," and otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations.

327.    Admit.

328.    Admit.

329.    Admit.

330.    Admit.

331.    Admit that, by letter dated July 24, 2020, Plaintiffs' counsel communicated to Defendants' counsel that "we have heard from hundreds of class members who have received denials in the recent weeks[.]"  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

332.    Admit that on August 20, 2020, Plaintiffs' counsel filed an administrative motion for a case management conference.  Defendants respectfully refer the Court to that motion for a full and accurate statement of its contents.

333.    Admit.

334.    Admit that in response to the August 31, 2020 order, Defendants submitted a filing on September 4, 2020, providing that "[s]ince the Department resumed issuing final borrower defense decisions in December 2019, it has issued final decisions on approximately 131,800 applications.  The Department has approved (i.e., determined that they are eligible for relief) approximately 13,500 of these applications and denied (i.e., determined that they are ineligible for relief) approximately 118,300 applications."  Defendants respectfully refer the Court to that filing for a full and accurate statement of its contents.

335.    Admit.

336.     As to the first sentence, admit that on October 1, 2020, the Court held a remote fairness hearing over Zoom on the preliminarily approved settlement; Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that "hundreds of Class Members" attended.  As to the second sentence, admit that the Court chose fourteen representative borrowers to comment on the proposed settlement.  As to the third sentence, admit.

337.     Defendants admit that some Class Members presented testimony at the October 1, 2020 hearing that was critical of the Department's handling of borrower defense claims, and respectfully refer the Court to that testimony for a full and accurate statement of its contents.

338.     Admit.  Defendants respectfully refer the Court to the cited order for a full and accurate statement of its contents.

339.     Admit that in their response to the Court's October 19, 2020 order to show cause, Defendants stated that "effective October 21, 2020, the Department stopped 'issuing further decisions denying the borrower defense applications of class members,' and it will continue to refrain from doing so until a ruling on that form of denial can be had."  Defendants respectfully refer the Court to that filing for a full and accurate statement of its contents.

340.     Defendants incorporate Paragraphs 236-370 of their Answer to Plaintiffs' Complaint as if set forth fully herein.

341.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

342.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

343.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

344.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

345.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

346.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

347.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

348.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

349.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

350.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

351.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

352.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

353.    The first sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.  The second sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that the "CARES Act student loan forbearance, and its subsequent executive extensions," is limited in duration and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

354.    Defendants admit that on July 8, 2020, the Department sent a notice to Plaintiff Sweet, determining that her application was not eligible for borrower defense relief.  Defendants respectfully refer the Court to the notice for a full and accurate statement of its contents.

355.    Admit.  Defendants respectfully refer the Court to the notice for a full and accurate statement of its contents.

356.    As to the first sentence, admit, except to deny that the Department cited insufficient evidence as the basis for denying claims marked "Other" by Plaintiff Sweet. Defendants respectfully refer the Court to the notice for a full and accurate statement of its contents.  As to the

second sentence, admit that the notice does not explain in what way the evidence was insufficient, but otherwise deny.  Defendants respectfully refer the Court to the notice for a full and accurate statement of its contents.

357.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff Sweet attached certain documents to her borrower defense application and respectfully refer the Court to that borrower defense application for a full and accurate statement of its contents.

358.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

359.    As to the first sentence, Defendants admit that Plaintiffs accurately quote from the cited notice, but deny that the evidence listed in this paragraph includes all of the evidence listed on page 53 of ECF 129-1.  Defendants respectfully refer the Court to that notice for a full and accurate statement of its contents.  As to the second sentence, admit.  Defendants respectfully refer the Court to that notice for a full and accurate statement of its contents.

360.    Defendants admit that in a memorandum dated June 19 2020, the BDU recommended "adjudication of applications from borrowers who attended any CEC school and had an enrollment start date on or after January 1, 2013." That memorandum further states: "Based on a review of public information and filings on Westlaw, none of the schools above—during the specified time period—are the subject of a known investigation or lawsuit that would likely reveal supporting evidence relevant to BD claims."  DOE00009551.  Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.  Defendants further admit that in a "December 2, 2020 Update" to an April 2, 2020 memo, the BDU "paused the adjudication or processing of CEC claims pending its review of the scope of" additional evidence that it had "recently received."  DOE00009552.  Prior to the December 2, 2020 update, the BDU had recommended, in the April 2, 2020 memorandum, "adjudication of applications from borrowers who attended any CEC school and had an enrollment date prior to January 1, 2008." DOE0009553.  That memorandum further states: "Based on a review of public information and

filings on Westlaw, none of the schools above—during the specified time period—are the subject of a known investigation or lawsuit that would likely reveal supporting evidence relevant to BD claims." DOE00009551. Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

361.    The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, insofar as the term "evidence readily and publicly available" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. As to the allegations in the second, third, fourth, and fifth sentences of this paragraph, Defendants admit that Plaintiffs accurately summarize portions of the document to which they refer, and respectfully refer the Court to that document for a full and accurate statement of its contents.

362.    Insofar as the term "other evidence available" is vague and undefined, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of this paragraph.

363.    As to the first, second, and third sentences, Defendants admit that Plaintiffs accurately quote the cited complaint and respectfully refer the Court to that complaint for a full and accurate statement of its contents. As to the fourth sentence, admit. Defendants respectfully refer the Court to the cited order for a full and accurate statement of its contents.

364.    As the first sentence, deny. As to the remainder of the allegations in this paragraph, Defendants admit that Plaintiffs accurately quote the cited memorandum—except that the memorandum references the "adjudication or processing" and not the "adjudication of processing"—and respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

365.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

366.    Defendants lack sufficient knowledge or information to form a belief about the truth

1  of the allegations in this paragraph.

2       367.    Admit.

3       368.    Defendants lack sufficient knowledge or information to form a belief about the truth
4  of the allegations in this paragraph.

5       369.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the
6  memorandum and respectfully refer the Court to that memorandum for a full and accurate
7  statement of its contents, except to deny that the memo is dated January 7, 2017. As to the second
8  sentence, Defendants admit that Plaintiffs accurately quote the memorandum and respectfully refer
9  the Court to that memorandum for a full and accurate statement of its contents.

10       370.    Defendants lack sufficient knowledge or information to form a belief about the truth
11  of the allegations in this paragraph.

12       371.    Defendants lack sufficient knowledge or information to form a belief about the truth
13  of the allegations in this paragraph.

14       372.    Defendants lack sufficient knowledge or information to form a belief about the truth
15  of the allegations in this paragraph.

16       373.    Admit.

17       374.    As to the first sentence, admit. As to the second sentence, Defendants admit that
18  the Department was aware of the public filings indicating that Salter College and its parent
19  company, Premier Education Group, were accused of wrongdoing by the Massachusetts Attorney
20  General and deny that the Department was in possession of the investigatory materials from the
21  Massachusetts Attorney General at the time in question.

22       375.    Defendants lack sufficient knowledge or information to form a belief about the truth
23  of the allegations in this paragraph.

24       376.    Defendants lack sufficient knowledge or information to form a belief about the truth
25  of the allegations in this paragraph.

26       377.    Defendants lack sufficient knowledge or information to form a belief about the truth
27  of the allegations in this paragraph.

28       378.    Defendants lack sufficient knowledge or information to form a belief about the truth

1    of the allegations in this paragraph.

2    379.    Admit that on May 7, 2020, the Department sent a notice to Plaintiff Deegan,

3 determining that his application was not eligible for borrower defense relief. Defendants

4 respectfully refer the Court to that notice for a full and accurate statement of its contents.

5    380.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the notice

6 and respectfully refer the Court to that notice for a full and accurate statement of its contents. As

7 to the second sentence, Defendants admit that the notice did not include any information explaining

8 why the evidence was insufficient. Otherwise deny. Defendants respectfully refer the Court to

9 the notice for a full and accurate statement of its contents.

10    381.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the notice

11 and respectfully refer the Court to that notice for a full and accurate statement of its contents. As

12 to the second sentence, admit that the notice did not include any information explaining the nature

13 of the evidence (other than to identify the evidence as having been obtained by the Department in

14 conjunction with its regular oversight activities) or why the evidence did not support Mr. Deegan's

15 allegations. Otherwise deny. Defendants respectfully refer the Court to that notice for a full and

16 accurate statement of its contents.

17    382.    Defendants lack sufficient knowledge or information to form a belief about the truth

18 of the allegations in this paragraph.

19    383.    As to the first, second, and third sentences, Defendants admit that the cited

20 memorandum references lawsuits filed against Keller Graduate School of Management and Devry,

21 and respectfully refer the Court to that memorandum for a full and accurate statement of its

22 contents. As to the fourth sentence, deny, except to admit that Plaintiffs accurately quote from the

23 memorandum and respectfully refer the Court to that memorandum for a full and accurate

24 statement of its contents.

25    384.    Defendants admit that the cited protocol document instructs reviewers "entering

26 evidence considered manually" to "[o]pen a case with a suggested closing correspondence value

27 of Standard Denial with Evidence Considered in status 3.10" and then "select the following:

28 Evidence obtained by the Department in conjunction with its regular oversight activities."

Defendants respectfully refer the Court to that protocol for a full and accurate statement of its contents.

385.    Admit that, in their October 14, 2020 filing, Defendants provided information regarding categories of applications determined not to be within the scope of the certain common evidence, and such applications related to the Keller Graduate School of Management included all applications, with the exception of 31 borrowers involved in ongoing litigation (*Luis Rangel, et al. v. Adtalem Global Education, Inc. and DeVry University, Inc*.).  Defendants respectfully refer the Court to that filing for a full and accurate statement of its contents.  Otherwise, Defendants deny Plaintiffs' characterization of the memorandum as "notabl[e], however."

386.    Defendants admit that Plaintiffs accurately quote the cited filing and respectfully refer the Court to that filing for a full and accurate statement of its contents.

387.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

388.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

389.    Admit.

390.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

391.    Defendants admit that Plaintiffs accurately quote the memorandum and respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

392.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

393.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

394.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

395.    Defendants admit that in January 2020, the Department determined Plaintiff Davis's borrower defense application was eligible for loan relief and discharged 10% of her

1   relevant student loans.

2       396.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the

3   memorandum and respectfully refer the Court to that memorandum for a full and accurate

4   statement of its contents, except to deny to that the memo is dated January 7, 2017.  As to the

5   second sentence, Defendants admit that Plaintiffs accurately quote the memorandum and

6   respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

7       397.    Defendants admit that Plaintiffs accurately quote the press release and respectfully

8   refer the Court to that press release for a full and accurate statement of its contents.

9       398.    Deny.

10      399.    Defendants lack sufficient knowledge or information to form a belief about the truth

11  of the allegations in this paragraph.

12      400.    Defendants deny that the Department concluded that "Ms. Davis suffered no harm,"

13  and otherwise lack sufficient knowledge or information to form a belief about the truth of the

14  allegations in this paragraph.

15      401.    The first sentence of this paragraph consists of legal conclusions to which no

16  response is required.  To the extent a response is deemed required, Defendants respectfully refer

17  the Court to the CARES Act for a full and accurate statement of its contents.  Defendants lack

18  sufficient knowledge or information to form a belief about the truth of the allegations in the second

19  sentence of this paragraph.

20      402.    Admit that on August 11, 2020, the Department sent a notice to Plaintiff Jacobson,

21  determining that her application was not eligible for borrower defense relief.  Defendants

22  respectfully refer the Court to the notice for a full and accurate statement of its contents.

23      403.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the notice

24  and respectfully refer the Court to that notice for a full and accurate statement of its contents.  As

25  to the second sentence, admit.  Defendants respectfully refer the Court to the notice for a full and

26  accurate statement of its contents.

27      404.    As to the first sentence, Defendants admit that Plaintiffs accurately quote the notice

28  and respectfully refer the Court to that notice for a full and accurate statement of its contents.  As

1   to the second sentence, admit that the notice did not include any information explaining why the

2   evidence was insufficient and otherwise deny.  Defendants respectfully refer the Court to the notice

3   for a full and accurate statement of its contents.

4         405.    This paragraph consists of legal conclusions to which no response is required.  To

5   the extent a response is deemed required, Defendants admit, as to the first sentence, that Plaintiff

6   Jacobson submitted a borrower defense application and respectfully refer the Court to that

7   application, ECF No. 108-11, for a full and accurate statement of its contents.  As to the second

8   sentence, Defendants lack sufficient knowledge or information to form a belief about the truth of

9   the allegations.

10        406.    Defendants admit that Plaintiffs accurately quote the notice and respectfully refer

11   the Court to that notice for a full and accurate statement of its contents.

12        407.    As to the first sentence, Defendants admit that the Department's memorandum

13   regarding the BDU investigation of EDMC Schools referenced lawsuits against EDMC.

14   Defendants respectfully refer the Court to the memorandum for a full and accurate statement of its

15   contents.  Insofar as the term "much of the relevant evidence" is vague and undefined, Defendants

16   lack sufficient knowledge or information to form a belief about the truth of those allegations in the

17   second sentence of this paragraph.  To the extent the second sentence cross-references the

18   allegations in paragraphs 202-203, Defendants incorporate by reference their responses to those

19   paragraphs in paragraphs 202-203 of this Answer, above.  As to the third sentence, Defendants

20   admit that Plaintiffs accurately quote the memorandum—except that the memorandum references

21   the "2012 U.S. Senate Committee" and not the "2021 U.S. Senate committee"—and respectfully

22   refer the Court to that memorandum for a full and accurate statement of its contents.  As to the

23   fourth sentence, Defendants admit that Plaintiffs accurately quote the memorandum—except that

24   the memorandum references the "sufficient" and not simply "evidence"—but deny that BDU's

25   conclusion was "despite this evidence."   Defendants respectfully refer the Court to that

26   memorandum for a full and accurate statement of its contents

27        408.    This paragraph consists of legal conclusions to which no response is required.  To

28   the extent a response is deemed required, Defendants lack sufficient knowledge or information to

form a belief about the truth of the allegations in this paragraph.

409.   Defendants admit that some Class Members presented testimony at the hearing, and respectfully refer the Court to that testimony for a full and accurate statement of its contents.  The remainder of the paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

410.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

411.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

412.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

413.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

414.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

415.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

416.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

417.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

418.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

419.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

420.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that Plaintiffs have outstanding student debt.

421. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

422.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

423.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

424.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

425.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

426.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to deny that the Department engaged in "unlawful policies and practices regarding the borrower defense process."

427.     Defendants incorporate Paragraphs 371-376 of their Answer to Plaintiffs' Complaint as if set forth fully herein.

428.     This paragraph consists of Plaintiffs' characterization of their supplemental complaint, to which no response is required.

429.     This paragraph consists of Plaintiffs' characterization of their supplemental complaint, to which no response is required.

430.     This paragraph consists of Plaintiffs' characterization of their supplemental complaint, to which no response is required.

431.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

    a.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

    b.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

    c.   This paragraph consists of legal conclusions to which no response is required.  To

1        the extent a response is deemed required, deny.

2        d.    This paragraph consists of legal conclusions to which no response is required.  To

3              the extent a response is deemed required, deny.

4        e.    As to the first sentence, admit.   Defendants lack sufficient knowledge or

5              information to form a belief about the truth of the allegations in second and third

6              sentences of this paragraph.

7        432.   This paragraph consists of legal conclusions to which no response is required.  To

8    the extent a response is deemed required, deny.

9        433.   This paragraph consists of legal conclusions to which no response is required.  To

10   the extent a response is deemed required, deny.

11       434.   This paragraph consists of legal conclusions to which no response is required.  To

12   the extent a response is deemed required, deny.

13       435.   Defendants incorporate Paragraphs 377-389 of their Answer to Plaintiffs'

14   Complaint as if set forth fully herein.

15       436.   Defendants repeat the foregoing paragraphs as if fully set forth herein.

16       437. This paragraph consists of legal conclusions to which no response is required.  To the

17   extent a response is deemed required, deny.

18       438.   This paragraph consists of legal conclusions to which no response is required.  To

19   the extent a response is deemed required, deny.

20       439.   This paragraph consists of legal conclusions to which no response is required.  To

21   the extent a response is deemed required, deny.

22       440.   Defendants repeat the foregoing paragraphs as if fully set forth herein.

23       441.   This paragraph consists of legal conclusions to which no response is required.  To

24   the extent a response is deemed required, deny.

25       442.   This paragraph consists of legal conclusions to which no response is required.  To

26   the extent a response is deemed required, deny.

27       443.   This paragraph consists of legal conclusions to which no response is required.  To

28   the extent a response is deemed required, deny.

444.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

445.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

446.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

447.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

448.   Defendants repeat the foregoing paragraphs as if fully set forth herein.

449.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

450.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

451.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

452.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

453.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

454.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

455.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

The remaining unnumbered paragraphs in the Supplemental Complaint contain requests for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief.

Defendants deny any allegations not expressly admitted or denied.

THEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to

the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper.

Dated:  June 23, 2021                              Respectfully submitted,

                                                   BRIAN D. NETTER
                                                   Deputy Assistant Attorney General

                                                   MARCIA BERMAN
                                                   Assistant Branch Director

                                                   */s/ R. Charlie Merritt*
                                                   R. CHARLIE MERRITT
                                                   Trial Attorney (VA Bar No. 89400)
                                                   U.S. Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street, NW
                                                   Washington, DC 20530
                                                   (202) 616-8098
                                                   robert.c.merritt@usdoj.gov

                                                   *Counsel for Defendants*