JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
REBECCA C. ELLIS *(pro hac vice)*
rellis@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 522-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Theresa Sweet, Alicia Davis, Tresa Apodaca, Chenelle Archibald, Daniel Deegan, Samuel Hood, and Jessica Jacobson and the Class (Plaintiffs) filed a motion for summary judgment. Defendants Miguel Cardona, in his official capacity as Secretary of the United States Department of Education, and the Department of Education filed an opposition to Plaintiffs' motion, and Plaintiffs filed a reply.

Having considered the above motions, and all memoranda, declarations, exhibits, oppositions, replies, and oral argument, along with the administrative record and other material filed in this case, the Court ORDERS AS FOLLOWS:

1. Plaintiffs' Motion for Summary Judgment is **GRANTED**.
2. The Court **DECLARES** that Defendants have a mandatory duty to resolve on the merits the borrower defense applications of members of the Plaintiff Class;
3. The Court **FURTHER DECLARES** that Defendants have failed to fulfill this mandatory duty with respect to the entire Class, in violation of section 706(1) of the Administrative Procedure Act;
4. The Court **FURTHER DECLARES** that Defendants' Form Denial Notices (as defined in the accompanying Memorandum) violate section 555(e) of the Administrative Procedure Act and Class members' rights to procedural due process, and therefore do not constitute lawful decisions on the merits of Class members' borrower defense applications;
5. The Court **VACATES** every Form Denial Notice issued by Defendants, and reinstates the borrower defense applications of all Class members who received such a Notice;
6. The Court **FURTHER DECLARES** that the 'presumption of denial' policy adopted by Defendants (as defined in the accompanying Memorandum) is arbitrary, capricious, an abuse of discretion, and not in accordance with law, in violation of section 706(2) of the APA, and deprives Class members of their constitutional right to procedural due process;

7. The Court **VACATES** the 'presumption of denial' policy, including all guidance and/or procedures designed to implement that policy, and **ENJOINS** Defendants from applying that policy and associated procedures to evaluate any borrower defense application, whether previously denied or yet to be decided;

8. The Court **ORDERS** Defendants to show cause, within 30 days of the entry of this Order, why each and every Class member's borrower defense application should not be granted immediately; and

9. The Court **FURTHER DECLARES** that, should Defendants show cause why any Class member's borrower defense application be denied, Defendants have a legal obligation to provide that Class member with an adequate statement of the grounds for denial pursuant to section 555(e) of the Administrative Procedure Act.

**IT IS SO ORDERED.**

Dated: _____

                                                                                William H. Alsup
                                                                                United States District Judge