# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al.*,

    Plaintiffs,

  v.

MIGUEL CARDONA, in his official capacity
as Secretary of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION


    Defendants.

No. 3:19-cv-03674-WHA

**SETTLEMENT AGREEMENT**

## I.  INTRODUCTION

WHEREAS, in this class action the Plaintiffs assert that the U.S. Department of Education ("Department") has (i) unreasonably delayed and unlawfully withheld decisions on pending "borrower defense" claims, *i.e.*, claims for relief from certain federal student loan obligations based on institutional misconduct; (ii) issued unlawful notices denying certain borrower defense claims; and (iii) adopted unlawful policies governing the process of evaluating borrower defense claims;

WHEREAS, Defendants, the Department and its Secretary, Miguel Cardona, in his official capacity, deny any wrongdoing and deny that Plaintiffs are entitled to the relief they have sought in this Action;

WHEREAS, Defendants and Plaintiffs (referred to herein collectively, where appropriate, as "the Parties") now mutually desire to avoid the delay, uncertainty, inconvenience and expense of protracted litigation, and have determined to settle this Action, including all claims that Plaintiffs, the certified Class (as defined below), and the members of that Class have brought in this case;

NOW, THEREFORE, in reliance upon the representations, mutual promises, covenants, releases, and obligations set forth in this Settlement Agreement, and for good and valuable consideration, the Parties hereby stipulate and agree to compromise, settle, and resolve this case on the following terms and conditions.

## II.  DEFINITIONS

Unless otherwise noted, the following definitions apply in this Settlement Agreement, and for purposes of this Settlement Agreement alone.

A.  **Action** means the litigation styled *Sweet, et al. v. Cardona, et al.*, No. 3:19-cv-3674-WHA (N.D. Cal.).

B.  **Agreement** means this Settlement Agreement, including any attached exhibits.

C.  **Borrower defense application** means a request by a Direct Loan or Federal Family Education Loan Program borrower for relief from his or her repayment obligations with respect to those loans based on the alleged misconduct of the borrower's

school. A borrower's application can include multiple claims of alleged misconduct on behalf of his or her school.

D.    **Borrower defense claim** means an allegation made for relief from a borrower's repayment obligations in a borrower defense application.

E.    **Class** or **Class Members** are the members of the class that has been certified by this Court and refers to individuals who meet the criteria set forth in Section II below. When used in this Agreement, the terms Class and Class Members refer, individually and collectively, to the Plaintiffs, the Class, and each Member of the Class.

F.    **Class Counsel** or **Plaintiffs' Counsel** refers to Plaintiffs' attorneys of record in this Action.

G.    **Class Notice** means the document attached hereto as Exhibit A, which shall be distributed pursuant to subsection X.B, below.

H.    **Court** means the U.S. District Court for the Northern District of California.

I.    **Department** refers to the U.S. Department of Education.

J.    **Direct Loan** means and refers to a loan made pursuant to the William D. Ford Federal Direct Loan Program, 20 U.S.C. § 1087a *et seq*.

K.    **Effective Date** means the date upon which, if this Agreement has not been voided under Section XIII, the Final Judgment approving this Agreement, entered by the Court in the form attached hereto as Exhibit B, becomes non-appealable, or, in the event of an appeal by a Class Member based upon a timely filed objection to this Agreement, upon the date of final resolution of said appeal. When this Agreement refers to the date on which the Agreement became "Effective," such date is the Effective Date.

L.    **Execution Date** means the date upon which all Parties to this Agreement, and/or their counsel of record, have signed the Agreement.

M.  **Fairness Hearing** means a hearing held by the Court at which time the Court will determine whether this Agreement should be approved under Federal Rule of Civil Procedure 23(e).

N.  **Final Approval Date** refers to the date on which the Court enters Final Judgment approving this Agreement in the form attached hereto as Exhibit B.

O.  **Final Decision** refers to a decision by the Department either approving or denying settlement relief to a borrower under the terms of this Agreement.

P.  **FFEL** means and refers to a loan made pursuant to the Federal Family Education Loan Program, 20 U.S.C. §§ 1071-1087-4.

Q.  **Form Denial Notice** refers to a notice sent by the Department to a Class Member, in substantially the form of one of the documents submitted by Defendants to the Court in this Action at ECF Nos. 116-1, 116-2, 116-3, and 116-4.

R.  **FSA** is the Department's Federal Student Aid office.

S.  **Full Settlement Relief** means (i) discharge of all of a Class Member's Relevant Loan Debt, (ii) a refund of all amounts the Class Member previously paid to the Department toward any Relevant Loan Debt (including, but not limited to, Relevant Loan Debt that was fully paid off at the time that borrower defense relief is granted), and (iii) deletion of the credit tradeline associated with the Relevant Loan Debt.

T.  **Involuntary Collection Activity** means any attempt by the Department or its agents to collect payments toward the Relevant Loan Debt (in whole or in part), as defined below, through involuntary means from a borrower in default, including but not limited to certifying the borrower's debts for collection through the Treasury Offset Program and/or administrative wage garnishment. Any activity by the Department or its agents that reduces the borrower's Relevant Loan Debt without any action by the borrower or which eliminates a default on the loan without action by the borrower is not an Involuntary Collection Activity.

U.  **Plaintiffs**, for purposes of Section V, includes Post-Class Applicants as the term is defined in Section IV.D.

V.     **Preliminary Approval Date** refers to the date on which the Court enters a preliminary approval order, as set forth in subsection X.A.

W.     **Relevant Loan Debt** refers to Direct Loans or FFEL loans associated with the school that is the subject of the Class Member's borrower defense application. That debt includes the original principal of the affected federal student loan plus any and all interest and fees that accrued or were incurred on that loan.

X.     **School Group** refers to the name of a multi-institution organization based on ownership data and/or multi-campus institution as defined in FSA's Postsecondary Education Participants System ("PEPS"), to the extent that data is included in the borrower defense review platform.

Y.     **Written Notice** is provided when the Department sends an email to the relevant individual's email address or, where the Department does not have such an email address available or becomes aware that email is undeliverable to the email address on file, the Department sends a copy of the relevant communication to the individual's last known mailing address.

III.   **CLASS**

A.     Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court has certified a plaintiff class consisting of all people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the Department, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.). *See* ECF No. 46 (Oct. 30, 2019). In this Agreement, individuals who meet this class definition as of the date of class closure are referred to as "the Class" or "Class Members."

B.     For the purposes of this Agreement, the Parties agree that the Class includes individuals who are members of the Plaintiffs' proposed "§ 555(e) Subclass," which the Parties agree includes all members of the class certified in this case on October 30, 2019 (ECF No. 46) whose borrower defense applications were denied

between the date of class certification and the Execution Date.  *See* Pls.' Suppl. Compl., ECF No. 198 ¶ 430 (May 4, 2021).

C.      As of the Effective Date, all Class Members are bound by the terms of this Agreement.

D.      The Class is closed as of the Execution Date.

## IV.    DEFENDANTS' CONSIDERATION

In consideration for the promises of Plaintiffs set forth in this Agreement, Defendants agree as follows:

A.      <u>Relief for applications meeting certain school criteria.</u>

1.      No later than one year after the Effective Date, Defendants will effectuate Full Settlement Relief for each and every Class Member whose Relevant Loan Debt is associated with the schools, programs, and School Groups listed in Exhibit C hereto. If any such Class Member receiving relief under this Paragraph IV.A previously received a Form Denial Notice, the provision of Full Settlement Relief will be deemed to rescind that Form Denial Notice.

2.      Class Members shall be eligible for this form of relief regardless of whether the Class Member is a member of the § 555(e) Subclass.

3.      Defendants shall provide Written Notice of this relief to each qualifying Class Member no later than 90 calendar days after the Effective Date. The notice shall specify that the Class Member will receive Full Settlement Relief, as defined in this Agreement, and need not take any additional action to receive this relief. The notice shall also specify that the Class Member's Relevant Loan Debt will remain in forbearance or stopped collection status pending the effectuation of relief. If the notice is sent by email and it bounces back, Defendants will have an additional 90 calendar days to send the notice by first class mail to the last known mailing address.

4.      The Parties acknowledge that some Class Members may be eligible for discharges of their loans, outside of this Agreement, based on the misconduct of schools they attended, and that nothing in this Agreement shall prevent the Department from effectuating such relief outside this Agreement. The Department agrees, however, that any such Class Members who are deemed eligible for such relief outside this Agreement shall receive Full Settlement Relief pursuant to this Agreement.

5.      If the Department's borrower defense or loan data includes conflicting evidence which raises a substantial question as to whether a Class Member's Relevant Loan Debt is associated with a program, school, or School Group listed in Exhibit C, the question will be resolved in favor of the Class Member (*i.e.*, in favor of granting relief).

B.     Rescission of Form Denial Notices.

1.      For Class Members who do not receive relief pursuant to Paragraph IV.A, above, but previously received a Form Denial Notice, Defendants, no later than 120 calendar days after the Effective Date, will provide Written Notice to those Class Members that their denials have been rescinded and that their borrower defense applications are again under consideration.

2.      For purposes of Paragraph IV.C.3, the Department will deem the applications of Class Members who previously received a Form Denial Notice to have been pending since the original date of submission.

C.     Process and timeline for issuing decisions on remaining Class applications.

1.      Defendants will apply the following procedures to their review of borrower defense applications submitted by Class Members who did not receive relief pursuant to Paragraph IV.A:

i.      Defendants will review the borrower defense application and any attachments included by the Class Member to determine whether the application states a claim that, if presumed to be true, would assert

a valid basis for borrower defense relief under the standards in the borrower defense regulations published by the Department on November 1, 2016 (81 *Fed. Reg.* 75,926).  If it does, Defendants will provide that Class Member Full Settlement Relief.

ii.　If a Class Member's borrower defense application reviewed under this Paragraph IV.C alleges a misrepresentation or omission that, if presumed to be true, would assert a valid basis for borrower defense relief, Defendants will presume that the Class Member reasonably relied on that misrepresentation or omission regardless of whether the Class Member alleges such reliance in his or her application.

iii.　No borrower defense application reviewed under this Paragraph IV.C will be denied on the basis of insufficient evidence.

iv.　Defendants will not apply any statute of limitations to borrower defense applications reviewed under this Paragraph IV.C.

2.　Defendants will issue any Class Member whose borrower defense application is reviewed under this Paragraph IV.C a "settlement relief decision," a "revise and resubmit notice," or a "denial notice," as defined below.

i.　A "settlement relief decision" notifies a Class Member that his or her borrower defense application has been approved under the terms of this Settlement Agreement and that the Class Member will receive Full Settlement Relief.

ii.　A "revise and resubmit notice" notifies a Class Member that his or her borrower defense application is deficient, provides instructions on how to revise and resubmit his or her application, and advises the Class Member that he or she may do so within 6 months of the date of the notice. The notice will state that if the Class Member does not submit a revised application within 6 months, the notice itself will

serve as Defendants' final decision of denial and that the Class Member has the right to seek review of such decision in federal district court.

    iii.   A "denial decision" will only be issued to Class Members whose applications are denied after having resubmitted their application following receipt of a "revise and resubmit notice," as defined in the preceding subparagraph. A denial decision will explain the reasons the application was denied and apprise the recipient of his or her right to seek review of the decision in federal district court.

3.   Defendants will issue decisions to Class Members whose applications are reviewed under this Paragraph IV.C according to the timelines set forth below. For purposes of this subparagraph, a "decision" refers to either a "settlement relief decision" or a "revise and resubmit notice," as defined in Paragraph IV.C.2.

    i.   For any application submitted between January 1, 2015 and December 31, 2017, Defendants will issue a decision no later than 6 months after the Effective Date.

    ii.   For any application submitted between January 1, 2018 and December 31, 2018, Defendants will issue a decision no later than 12 months after the Effective Date.

    iii.   For any application submitted between January 1, 2019 and December 31, 2019, Defendants will issue a decision no later than 18 months after the Effective Date.

    iv.   For any application submitted between January 1, 2020 and December 31, 2020, Defendants will issue a decision no later than 24 months after the Effective Date.

v.     For any application submitted between January 1, 2021 and the Execution Date, Defendants will issue a decision no later than 30 months after the Effective Date.

vi.     If a Class Member has submitted more than one borrower defense application, the earliest submitted application will control for purposes of the timelines set forth above.

4.     Defendants will issue a final decision to any Class Member who resubmits his or her application after receiving a "revise and resubmit notice" no later than 6 months after Defendants receive the Class Member's resubmission. For purposes of this subparagraph IV.C.4, a "final decision" refers to either a "settlement relief decision" or a "denial decision" as defined in Paragraph IV.C.2.

5.     Class Members shall be eligible for the relief set forth in this Paragraph IV.C regardless of whether the Class Member is a member of the § 555(e) Subclass.

6.     The decisions required by this Paragraph IV.C shall be sent by Written Notice, as defined in this Agreement.

7.     The Relevant Loan Debt for each Class Member eligible under this section will remain in forbearance or stopped collection status either until he or she receives Full Settlement Relief or until the Department's decision denying the Class Member's claim becomes final pursuant to either Paragraph IV.C.2.ii or Paragraph IV.C.2.iii, as applicable. For this period of forbearance or stopped collection status, the Department will remove any interest that accrues on the Relevant Loan Debt.

8.     If a Class Member has not received a timely decision required under Paragraphs IV.C.3 and IV.C.4, as applicable, that Class Member shall receive Full Settlement Relief. Defendants shall provide the affected Class

Member with notice that the Class Member will receive this relief within 60 calendar days following the expiration of the applicable deadline.

9.   Defendants will effectuate relief for any Class Member entitled to settlement relief pursuant to Paragraphs IV.C.3, IV.C.4, or IV.C.8, as applicable, no later than one year after the date that Defendants provide that Class Member Written Notice of the settlement relief decision.

D.   Relief for Certain Post-Class Applicants.

1.   If an individual submits a borrower defense application after the Execution Date (*i.e.*, the date the class closes), but before the Final Approval Date, such individual is a Post-Class Applicant. Defendants will issue a final decision on the merits of a Post-Class Applicant's application no later than 36 months after the Effective Date.  In making these decisions, the Department will apply the standards in the borrower defense regulations published by the Department on November 1, 2016 (81 *Fed. Reg.* 75,926).

2.   If a Post-Class Applicant has not received a timely decision as required under Paragraph IV.D.1, that applicant shall receive Full Settlement Relief. Defendants shall provide the affected Post-Class Applicant with notice that the applicant will receive this relief within 60 calendar days following the expiration of the applicable deadline.

3.   Defendants will effectuate relief for any Post-Class Applicant entitled to settlement relief pursuant to Paragraphs IV.D.1 and IV.D.2 no later than one year after the date that Defendants provide that applicant Written Notice of the settlement relief decision.

E.   Class Member informational webpage. The Department will establish a webpage on its studentaid.gov website providing general information about this Agreement and links to copies of the Agreement and related Court documents.  The webpage will be available to the public within 30 calendar days after the Preliminary Approval Date and will be updated no later than 30 calendar days after the Effective

Date to include information about how Class Members can contact the Department if the Class Member has questions regarding their borrower defense application.

F.   Effectuating relief.

1.   Defendants have effectuated relief for purposes of Paragraphs IV.A, IV.C, and IV.D when they and their loan servicers have taken all steps necessary to discharge the Relevant Loan Debt of the Class Member (or Paragraph IV.D. Post-Class Applicant), including but not limited to (1) discharging any interest that accrued while the borrower defense application was pending; (2) determining if the Class Member (or Paragraph IV.D Post-Class Applicant) is entitled to any refund, and if so, issuing refund check(s) for payment of that refund; (3) if the Class Member's (or Paragraph IV.D Post-Class Applicant's) Relevant Loan Debt was previously in default, removing such debt from default status; and (4) requesting the deletion of the relevant tradeline.

2.   Class Members (or Paragraph IV.D Post-Class Applicants) who receive relief under Paragraphs IV.A, IV.C, or IV.D shall not be required to take steps to consolidate any Relevant Loan Debt into a Direct Loan to receive the relief to which they are entitled pursuant to those Paragraphs. Defendants shall take all necessary steps to ensure that other loan holders effectuate the required relief.

G.   Reporting Requirement.

1.   Within 30 calendar days after the Effective Date, Defendants will provide Plaintiffs with, as of the Final Approval Date, (i) the total number of Class Members, (ii) the total number of Class Members the Department has determined are eligible for Full Settlement Relief pursuant to Paragraph IV.A; (iii) the total number of Class Members who must receive decisions pursuant to Paragraph IV.C; and (iv) the total number of Class Members and Post-Class Applicants who must receive decisions by each deadline set

forth in Paragraph IV.C.3(i) through (v) and Paragraph IV.D, respectively, and a schedule of the dates certain by which such decisions must be received pursuant to these paragraphs.

2. Defendants will submit quarterly reports to Plaintiffs documenting their progress toward fulfilling their obligations under Paragraphs IV.A, IV.C, and IV.D of this Agreement. Defendants will submit these reports to Plaintiffs' Counsel via electronic mail and will post those reports publicly on their Federal Student Aid website.

3. The first quarterly report shall be submitted 120 calendar days after the Effective Date, unless that day falls on a weekend or Federal holiday, in which case the report shall be submitted on the next business day. The quarterly reports shall be submitted every 90 calendar days thereafter, subject to the same exceptions where the 90th day falls on a weekend or Federal holiday.

4. The quarterly reports described herein shall contain the information listed below. The first report will reflect progress Defendants have made since the Effective Date and later reports will reflect the progress Defendants made from the last date reported in the prior report to the end of each reporting period. The first reporting period will start on the Effective Date. Each subsequent reporting period will start on the last date for which progress was reported in any previous report. Each reporting period shall exclude a period not exceeding 30 calendar days immediately preceding the submission of a report, during which Defendants pull, confirm, and validate the data provided in each report.

  i. The total number of Class Members with pending borrower defense applications (which number shall include members of the § 555(e) Subclass);

ii.    The total number of settlement relief decisions, revise and resubmit notices, and denial decisions, as defined in Paragraph IV.C.2, that Defendants have issued to Class Members pursuant to Paragraph IV.C;

iii.    The number of Class Members who received settlement relief decisions; the number of Class Members who received "revise and resubmit notices"; and the number of Class Members who received final denial decisions during the reporting period; and

iv.    The total number of Class Members for whom Defendants have effectuated relief pursuant to Paragraph IV.A, including the number of Class Members for whom Defendants effectuated relief during the reporting period.

v.    For any quarterly report covering the time period during which a deadline established in Paragraphs IV.C.3(i) through (v) and Paragraph IV.D falls, the total number of Class Members for whom the Department did not provide a decision.

5.    All of the data required in this section is subject to privacy restrictions and will be suppressed where the total number of Class Members for any data point is less than 10.

6.    Defendants shall notify Plaintiffs' Counsel within 30 calendar days of the date as of which they have resolved all Class Members' borrower defense applications, notified all Class Members of their final decisions (where applicable), and effectuated all appropriate relief to Class Members, at which point Defendants' reporting obligations will cease. Until Defendants provide such notice, Defendants shall continue providing quarterly reports as required by this Paragraph IV.G.

H.    <u>Other Assurances</u>. In accordance with applicable statutory and regulatory requirements, and additional governing policies and procedures specific to

Defendants' consideration of borrower defense claims, Defendants represent and confirm that the following policies will apply to all Class Members throughout the time covered by the Agreement:

1.   Defendants do not take action to collect outstanding student loan debts through involuntary collection activity against individuals with pending borrower defense applications, as required by the Department's borrower defense regulations. However, this Agreement does not preclude a Class Member from proactively and voluntarily paying his or her student loans.

2.   Defendants provide an interest credit for any interest that accrues on the relevant federal student loan accounts of borrowers between the time that the borrower submits his or her borrower defense application and the time the Department issues a final decision on the application and notifies the borrower of that decision.

## V.   ENFORCEMENT

A.   Notwithstanding all other provisions outside Section V of this Agreement, the Court shall retain jurisdiction only to review claims set forth in this Section V, and only in the manner explicitly provided in Section V. In connection with each such claim, the Court shall retain jurisdiction only to order the relief explicitly specified for each particular claim and only where Defendants have not provided that relief pursuant to the procedures specified in this Section. The Court shall lack jurisdiction to imply any claims, or authority to issue any other relief, under this Agreement.

B.   The only claims permissible to enforce this Agreement are as follows:

1.   <u>Failure to Provide Relief to Class Members Who Did Not Receive a Decision by the Decision Due Date.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached the Agreement if Defendants have (i) failed to issue to a Class Member or Post-Class Applicant by the due date established in Paragraph IV.C.3, IV.C.4, or IV.D.2, as applicable,

a decision, as defined by Paragraph IV.C.2; and (ii) subsequently failed, within 30 calendar days following the expiration of the applicable deadline, to provide that Class Member with notice that they will receive Full Settlement Relief, as required by Paragraph IV.C.8 or IV.D.2, as applicable.

    i.    Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to promptly provide Full Settlement Relief to each affected Class Member on a timetable set by the Court. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

    ii.    In the event of such a Court order, Defendants will report to Plaintiffs' Counsel and the Court on its progress of issuing relief, as provided herein, to affected Class Members.

2.    <u>Failure to Issue Relief by Relief Due Date.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.A.1, IV.C.9, IV.D.1, and/or IV.D.3 of the Agreement by failing to effectuate relief within the prescribed time periods for any individual who is entitled to receive relief pursuant those Paragraphs.

    i.    Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to promptly provide Full Settlement Relief to each affected individual on a schedule set by the Court. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

    ii.    In the event of such a Court order, Defendants will report to Plaintiffs' Counsel and the Court on its progress of issuing relief, as provided herein, to affected Class Members.

3.    <u>Failure to Submit Timely Quarterly Reports.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.G of the Agreement by failing to submit a timely and complete quarterly report to

Plaintiffs' Counsel via electronic mail within 90 calendar days after the deadline for the report according to the timelines specified therein. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to submit their reports on a monthly basis from the point of the order forward. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

4.   <u>Involuntary Collections of Class Members' Student Loan Debt.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.H.1 of the Agreement by collecting on a Relevant Loan after the Effective Date through involuntary collection activity against a Class Member or Post-Class Applicant while his or her application was or is pending or while the Class Member or Post-Class Applicant was or is awaiting the effectuation of relief.

   i.   Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring the Department to refund the payment(s) collected.  If Defendants do not have a valid address for the affected borrowers to send the refunds, Defendants will take reasonable steps to engage in skip tracing to find a valid address.

   ii.   Defendants shall be liable for a material breach under this Paragraph V.B.4 if involuntary collection activity occurs because they, their agents, or their contractors took action to collect a debt through an involuntary collection activity. Defendants shall not be liable based on events outside of Defendants' control, including but not limited to a situation where a third party, such as an employer, undertakes debt collection activities, such as wage garnishment, inconsistent with Defendants' instructions that collection activity cease.

C.    All claims listed above are subject to the complete defense of impracticability or impossibility of performance, as set forth below in Paragraph V.D.5 and Paragraph XII, as well as the defense that the breach claimed by Plaintiffs is not material.

D.    The exclusive procedure for bringing a claim to enforce the terms and conditions of this Agreement shall be as follows:

    1.    Prior to asserting any claim pursuant to Paragraph V.B, above, Plaintiffs' Counsel shall submit written notice alleging a material breach of this Agreement to counsel for Defendants. Such notice shall be submitted by electronic mail, and shall specify what alleged breach has occurred; describe the facts and circumstances supporting the claim; and state that Plaintiffs intend to seek an order from the Court pursuant to Paragraph V.B. Plaintiffs shall not inform the Court of their allegation(s) at that time.

    2.    Within 2 business days of receipt of the notice from Plaintiffs' Counsel, Defendants will acknowledge receipt of Plaintiffs' notice.

    3.    Defendants shall have a period of 14 calendar days after receipt of such notice from Plaintiffs' Counsel to inform Plaintiffs' Counsel in writing of its determination on whether a material breach has occurred, including relevant information that informed Defendants' determination.

        i.    If Defendants agree that a material breach has occurred, Defendants will disclose any action they propose to take to resolve the alleged material breach in the written notice to Plaintiffs as described by this Paragraph V.D.3. The Parties will meet and confer to determine whether those actions are sufficient within 5 business days of Plaintiffs' receipt of Defendants' notice.

            a.    Upon Defendants' request, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice.

     b.   Defendants will have 21 calendar days following the Parties' meet and confer to take the action(s) specified in their written notice and/or any further action(s) agreed upon in writing by the Parties.

     c.   If the Parties agree about the existence of a material breach, but cannot reach consensus on the appropriate action to resolve that breach within 21 calendar days following the Parties' meet and confer, either Party may file a motion for enforcement of the Agreement.

    ii.   If Defendants do not agree that a material breach has occurred, the Parties will meet and confer to determine if a consensus can be reached within 5 business days after Plaintiffs' receipt of Defendants' notice as described in this Paragraph V.D.3. If a consensus cannot be reached within 21 business days following the Parties' meet and confer, Plaintiffs may file a motion for enforcement of the Agreement.

4.   Absent the prior, written agreement of the Parties, any motion for enforcement of the Agreement must be brought within two (2) years after the Parties notify the Court that Defendants have resolved all Class Members' borrower defense applications, notified all Class Members of their final decisions (where applicable), and effectuated all appropriate relief to Class Members, as specified in Paragraph XI, below. Otherwise, any claim of material breach not brought within two (2) years of such date shall be forever waived by Plaintiffs.

5.   If Defendants are reasonably prevented from or delayed in fully performing any of the obligations set forth in Paragraph IV, above, due to extraordinary circumstances beyond Defendants' control, Defendants will notify Plaintiffs' Counsel within 14 calendar days of Defendants' determination

that they will not be able to fully perform their obligations. Within that notification, Defendants will describe the facts providing their basis for believing extraordinary circumstances beyond Defendants' control prevent Defendants from fully performing their obligations. Within 14 calendar days of that notice, the Parties will meet and confer as to whether the circumstances are beyond the Defendants' control and to what extent they affect Defendants' ability to issue final decisions or effectuate relief. If the Parties agree an extension is warranted, the Parties will negotiate the length of an appropriate extension, and the deadlines set forth for Defendants' performance in Paragraph IV may be altered accordingly. If the Parties cannot agree as to whether extraordinary circumstances exist or what the appropriate length of an extension is, Plaintiffs may raise a claim of material breach of Paragraph IV with the Court prior to the expiration of the timelines provided in that Paragraph. Defendants shall be permitted to oppose the filing of such a claim upon the grounds of extraordinary circumstances, and the Court will at that point have jurisdiction to determine whether Defendants are entitled to any extension of the deadlines set forth in Paragraph IV on the basis of extraordinary circumstances. The extension set forth in this Paragraph V.D.5 shall be for a minimum of seven (7) calendar days beyond the deadlines for performance set forth in Paragraph IV without requiring any action by any Party other than Defendants, and may be longer than that period pursuant to written agreement among the Parties.

E.    The Court relinquishes jurisdiction over all claims, causes of actions, motions, suits, allegations, and other requests for relief in this Action that are not expressly stated in this Paragraph V.

F.      The Court shall have no jurisdiction to supervise, monitor, or issue orders in this Action, except to the extent that Plaintiffs invoke the Court's jurisdiction pursuant to the procedures set forth in this Paragraph V.

## VI.   ATTORNEYS' FEES

A.      To resolve Plaintiffs' claim for attorneys' fees, costs, and expenses, Plaintiffs will submit a petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to the Court.

B.      Defendants agree that Plaintiffs are the prevailing party in this action for purposes of a fee petition under the Equal Access to Justice Act.

C.      Nothing in this Section shall affect the Parties' ability to attempt to reach a compromise regarding Plaintiffs' claim for attorneys' fees, costs, and expenses.

## VII.  WAIVER AND RELEASE

Plaintiffs, the Class Members, and their heirs, administrators, representatives, attorneys, successors, and assigns, and each of them hereby forever waive, release, and forever discharge Defendants, and all of their officers, employees, and agents, from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, motions, and requests for any injunctive, declaratory, and/or monetary relief, including but not limited to damages, tax payments, debt relief, costs, attorney's fees, expenses, and/or interest, whether presently known or unknown, contingent or liquidated, alleged in this Action against Defendants through and including the Effective Date, including but not limited to the right to appeal any and all claims Plaintiffs asserted in this Action.  This Agreement is not intended to release any claim based on an act or omission or other conduct occurring after the Effective Date, including but not limited to claims by Class Members based on the substance or content of their borrower defense decisions. The Parties do not intend to waive or narrow any res judicata defense Defendants could assert against a future claim brought by any Plaintiff.

## VIII. NO ADMISSION OF LIABILITY

A.      Nothing in this Settlement Agreement shall constitute or be construed to constitute an admission of any wrongdoing or liability by Defendants, an admission by

Defendants of the truth of any allegation or the validity of any claim asserted in this Action, a concession or admission by Defendants of any fault or omission of any act or failure to act, or an admission by Defendants that the consideration provided to Plaintiffs under Paragraph IV, above, represents relief that could be recovered by Plaintiffs in this Action.

B. Plaintiffs may not offer, proffer, or refer to any of the terms of this Agreement as evidence in any civil, criminal, or administrative proceedings other than proceedings that may be necessary to enforce the Agreement as set forth in Paragraph V, above, or to obtain approval from the Court as set forth in Paragraph X, below.

IX. **PLAINTIFFS' COVENANTS NOT TO SUE**

A. Plaintiffs hereby covenant not to commence any action, claim, suit, or administrative proceeding against Defendants related to the non-performance, failed performance, or otherwise unsatisfactory performance in fulfilling their duties and responsibilities under this Agreement; provided, however, that Plaintiffs may initiate an action against Defendants pursuant to the continuing jurisdiction of the Court to compel Defendants' performance of their obligations under this Agreement, but only as expressly articulated in this Agreement in Paragraph V, above.

B. Plaintiffs hereby covenant not to commence against Defendants any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Agreement.

X. **PROCEDURES GOVERNING APPROVAL OF THIS AGREEMENT**

A. Within 14 calendar days of the Execution Date, the Parties shall jointly submit this Agreement and its exhibits to the Court, and shall apply for entry of an Order in which the Court:

1. Grants preliminary approval to this Agreement as being fair, reasonable, and adequate to Plaintiffs;

2.      Approves the form of the Class Notice attached hereto as Exhibit A;

3.      Directs the Parties to provide Class Notice as set forth in Paragraph X.B below, and grants approval of such plan as reasonable under Federal Rule of Civil Procedure 23(e)(1);

4.      Schedules a Fairness Hearing to determine whether this Agreement should be approved as fair, reasonable, and adequate, and whether an order approving the settlement should be entered pursuant to Federal Rule of Civil Procedure 23(e);

5.      Provides that any person who wishes to object to the terms of this Agreement, or to the entry of an Order approving this Agreement, must file a written Notice of Objection with the Court specifying the objections and the basis for such objections as provided in the Class Notice, with copies served on all Parties' counsel;

6.      Provides that between the Execution Date and the Fairness Hearing, the Defendants shall direct all inquiries from Class Members and Post-Class Applicants regarding the Agreement to Plaintiffs' Counsel;

7.      Provides that in order to have an objection considered and heard at the Fairness Hearing, such written Notice of Objection must be filed with the Court and served on counsel by the date specified in the Class Notice;

8.      Provides that the Parties shall each be entitled, but not required, to respond, in writing, to any Objections up to 14 calendar days prior to the Fairness Hearing; and

9.      Provides that the Fairness Hearing may, from time to time and without further notice to the Class, be continued or adjourned by order of the Court.

B.    After the Court enters an Order containing all of the items set forth in Paragraph X.A, above, the Parties shall promptly distribute the Class Notice as follows:

1.      Defendants shall email all Class Members who provided their e-mail addresses to the Department on their borrower defense applications, or,

where Defendants do not have such an e-mail address available or become aware that email is undeliverable to the email address on file, Defendants shall send a copy of the notice to the Class Member's last known mailing address by first class mail.

2.    Class Counsel will update the Class Member website's "Frequently Asked Questions" page regarding the lawsuit. A link to the Class Members' website will be included in the Class Notice and will be included on the Department's website.

3.    Plaintiffs will also circulate the Class Notice to legal aid and advocacy organizations across the country providing borrower defense assistance.

C.    No later than 3 business days before the Fairness Hearing, the Parties shall each file with the Court a declaration confirming compliance with the Notice procedures approved by the Court.

D.    At the Fairness Hearing, the Parties shall jointly request the Court's final approval of this Agreement, pursuant to Federal Rule of Civil Procedure 23(e). The Parties agree to take all actions necessary to obtain approval of this Agreement.

E.    If, after the Fairness Hearing, the Court approves this Agreement as fair, adequate, and reasonable, the Parties consent to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B.

F.    Within 120 days after the Effective Date, Defendants shall send Written Notice to all Post-Class Applicants informing them of their status as Post-Class Applicants and the provisions of the Agreement that apply to them.

**XI.    DISMISSAL AND JURISDICTION OF THE COURT TO ENFORCE THIS AGREEMENT**

The Parties hereby stipulate and agree to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B. As provided in that exhibit, Plaintiffs' claims in this Action are dismissed with prejudice, except that the Court shall retain limited jurisdiction for the sole purpose of enforcing the terms of this Agreement as expressly set forth in Paragraph V of this Agreement. Once Defendants have resolved all Class Members' and Post-

Class Applicants' borrower defense applications, notified all Class Members and Post-Class Applicants of their final decisions (where applicable), and effectuated all appropriate relief to Class Members and Post-Class Applicants, the Parties will file a notice with the Court. Upon the date of that notice, the Court's jurisdiction over this Action shall completely terminate.

The Parties agree that any order of the Court granting approval of this Agreement does not render the terms and conditions of this Agreement subject to the contempt powers of the Court.

## XII. IMPOSSIBILITY OF PERFORMANCE

In addition to the excuses to performance listed in Paragraph V.D.5, above, if Congress renders Defendants' performance under this Agreement impossible, in whole or in part, then Defendants shall forever be relieved of all obligations that would, as a result of such Congressional action, be impossible to perform. Defendants shall not be required to take any action, or attempt to take any action, which would circumvent or violate, or have the effect of circumventing or violating, the law.

## XIII. CONDITIONS THAT RENDER THIS AGREEMENT VOID OR VOIDABLE

A.   This Agreement shall be void if it is not approved as written by a final Court order not subject to any further review.

B.   This Agreement shall be voidable by Plaintiffs and/or Defendants if the Court does not enter a Final Judgment, or other Final Approval Order, that is substantively identical to the one attached hereto as Exhibit B. Any Party's decision to void the Agreement under this provision is effective only if that Party provides notice of its decision, in writing, to the counsel of record for all other Parties within 30 calendar days of the date on which the Court entered Final Judgment.

C.   This Agreement shall be voidable by Plaintiffs if a condition of impossibility occurs, as described in Paragraph XII. Plaintiffs' decision to void the Agreement under this provision is effective only if Plaintiffs' Counsel provides notice of their decision, in writing, to the counsel of record for Defendants.

**XIV.   EFFECT OF AGREEMENT IF VOIDED**

    A.    Should this Agreement become void as set forth in Section XIII above, none of the Parties will object to reinstatement of this Action in the same posture and form as it was pending immediately before the Execution Date.

    B.    All negotiations in connection herewith, and all statements made by the Parties at or submitted to the Court as part of the Fairness Hearing process, shall be without prejudice to the Parties to this Agreement and shall not be deemed or construed to be an admission by a Party of any fact, matter, or proposition, nor admissible for any purpose in the Action other than with respect to the settlement of same.

    C.    The Parties shall retain all defenses, arguments, and motions as to all claims that have been or might later be asserted in this Action, and nothing in this Agreement shall be raised or construed by any Party to defeat or limit any claims, defenses, arguments, or motions asserted by either Party.

**XV.   MODIFICATION OF THIS AGREEMENT**

    A.    Before the Preliminary Approval Date, this Agreement, including the attached exhibits, may be modified only upon the written agreement of the Parties.

    B.    After the Preliminary Approval Date—including the time after which Final Judgment has been entered—this Agreement, including the attached exhibits, may be modified only with the written agreement of all the Parties and with the approval of the Court, upon such notice to the Class, if any, as the Court may require.

**XVI.   RULES OF CONSTRUCTION**

    A.    The Parties acknowledge that this Agreement constitutes a negotiated compromise. The Parties agree that any rule of construction under which any terms or latent ambiguities are construed against the drafter of a legal document shall not apply to this Agreement.

    B.    This Agreement shall be construed in a manner to ensure its consistency with federal law. Nothing contained in this Agreement shall impose upon Defendants any duty, obligation, or requirement, the performance of which would be

1    inconsistent with federal statutes, rules, or regulations in effect at the time of such

2    performance.

3    C.    The headings in this Agreement are for the convenience of the Parties only and

4    shall not limit, expand, modify, or aid in the interpretation or construction of this

5    Agreement.

## XVII. INTEGRATION

7    This Agreement and its exhibits constitute the entire agreement of the Parties, and no prior

8    statement, representation, agreement, or understanding, oral or written, that is not contained herein,

9    will have any force or effect.

## XVIII. EXECUTION

11    This Agreement may be executed in counterparts. Facsimiles and Adobe PDF versions of

12    signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

14    For the Defendants:                                     For the Plaintiffs:

*R. Charlie Merritt*

BRIAN D. NETTER                                   EILEEN M. CONNOR (SBN 248856)
Deputy Assistant Attorney General                 econnor@law.harvard.edu
STEPHANIE HINDS                                   REBECCA C. ELLIS (*pro hac vice*)
United States Attorney                            rellis@law.harvard.edu
MARCIA BERMAN                                     LEGAL SERVICES CENTER OF
Assistant Branch Director                         HARVARD LAW SCHOOL
R. CHARLIE MERRITT                                122 Boylston Street
Trial Attorney                                    Jamaica Plain, MA 02130
U.S. Department of Justice                        Tel.: (617) 390-3003
Civil Division, Federal Programs Branch           Fax: (617) 522-0715
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 616-8098                          JOSEPH JARAMILLO (SBN 178566)
E-mail: robert.c.merritt@usdoj.gov                 jjaramillo@heraca.org
                                                  HOUSING & ECONOMIC RIGHTS
                                                  ADVOCATES
                                                  3950 Broadway, Suite 200
                                                  Oakland, California 94611
                                                  Tel.: (510) 271-8443
                                                  Fax: (510) 868-4521

# Exhibit A

**DRAFT**

**Internal Name:** BD Sweet v. Cardona – General Notification
**Internal Number:** 01
**Subject if sent electronically:** Notice of Proposed Class Action Settlement - Important borrower defense information for you

[DATE]

Borrower Defense Application #: [Case Number]

Dear [Primary Contact Name]:

**Your rights may be affected, please read carefully.**

You filed a borrower defense application asking the U.S. Department of Education ("Department") to cancel some or all of your federal student loan debt because you allege the school you (or your child) attended engaged in unlawful conduct.  We write to inform you that there is a proposed settlement in a class action lawsuit that could affect your claim and to explain how your legal rights may be affected by that lawsuit.

As a borrower defense applicant, you may have been previously informed of a class action lawsuit called *Sweet v. DeVos*, which challenged the Department's delay in issuing final decisions on borrower defense applications, including yours.  You may also have been informed in 2020 that the parties had proposed a settlement of the lawsuit, subject to the court's approval.  The court did not approve that proposed settlement, so the lawsuit continued.  You can find more information about that here: https://predatorystudentlending.org/news/press-releases/in-new-ruling-judge-denies-borrower-defense-settlement-over-department-of-educations-perfunctory-alarmingly-curt-denials-press-release/. The lawsuit now also challenges the Department's denial of certain borrower defense applications.

We now write to inform you that there is a new proposed settlement of the lawsuit.  The settlement will not become final until it is approved by the court as fair, adequate, and reasonable.  This Notice describes how your legal rights may be affected by this settlement.

**What is the case about?**

A lawsuit was filed in a federal court in California by seven borrower defense applicants who represent, with certain exceptions, all borrowers with pending borrower defense applications. The lawsuit challenges the way the Department has been dealing with borrower defense applications over the past few years, including the Department's delays in issuing final decisions and the Department's denial of certain applications starting in December 2019.  The case is now called *Sweet v. Cardona*, No. 3:19-cv-3674 (N.D. Cal.).

Now, both parties are proposing to settle this lawsuit.  This proposed settlement is a compromise of disputed claims, and Defendants continue to deny that they have acted unlawfully.

**What are the terms of the proposed settlement for borrowers who applied for borrower defense relief *on or before June 22, 2022*?**

In the proposed settlement, the Department agrees to resolve the borrower defense applications of people who have borrower defense applications pending as of June 22, 2022 on the following terms:

- If your borrower defense application related to federal student loans borrowed to pay for attendance at a school on the list attached to this letter, you will receive a discharge of federal loans associated with that school and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report. Within 90 days of the date that the court's approval of the settlement agreement becomes final, the Department will notify you that you will receive this relief.  You will receive the relief within one year of the final effective date of the settlement agreement. Until this relief is provided, the Department will not take action to collect your debt.

- If your loans are not associated with a school on the list attached to this letter, you will receive a decision on your application according to the following schedule:

    o If you submitted your application between January 1, 2015 and December 31, 2017, the Department will issue a decision no later than 6 months after the court's approval of the settlement agreement becomes final.

    o If you submitted your application between January 1, 2018 and December 31, 2018, the Department will issue a decision no later than 12 months after the court's approval of the settlement agreement becomes final.

    o If you submitted your application between January 1, 2019 and December 31, 2019, the Department will issue a decision no later than 18 months after the court's approval of the settlement agreement becomes final.

    o If you submitted your application between January 1, 2020 and December 31, 2020, the Department will issue a decision no later than 24 months after the court's approval of the settlement agreement becomes final.

    o If you submitted your application between January 1, 2021 and June 22, 2022, the Department will issue a decision no later than 30 months after the court's approval of the settlement agreement becomes final.

- If you do not receive a decision within the timeline outlined above, you will receive a discharge of federal loans associated with your borrower defense applications and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

- The Department will decide your application in a streamlined review process that will determine whether the application states a claim that, if presumed to be true, would assert a valid basis for

borrower defense; will not require further supporting evidence; will not require proof of reliance; and will not apply any statute of limitations to your application.

- If your application is approved under the procedures above, you will receive a discharge of federal loans associated with your borrower defense application and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

- The Department will not deny your application without first providing instructions on what is required for a successful application and giving you the opportunity to resubmit your application.

  o If you choose to resubmit your application, you must do so within 6 months after receiving those instructions.  The instructions will explain that if you do not resubmit within the 6-month period, your application will be considered denied.

  o If you choose to resubmit your application within the 6-month time period after receiving the instructions, the Department will issue you a final decision no later than 6 months after receiving your resubmitted application.

- If you received a notice from the Department in December 2019 or later informing you that your borrower defense application was denied, that denial has been voided and the Department is reviewing your application pursuant to the terms described above.

**What are the terms of the proposed settlement for borrowers who applied for borrower defense relief *after June 22, 2022 but before final approval of the settlement*?**

- If you submitted your application after June 22, 2022, but before the court approves the settlement agreement, the Department will issue a decision on your application no later than 36 months after the court's approval of the settlement agreement becomes final.  If the Department does not issue a decision within that time period, you will receive a discharge of federal loans associated with your borrower defense application and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

**Does the Department have any reporting obligations?**

- The Department will provide your lawyers with information about its progress making borrower defense decisions every three months, including how many decisions the Department has made and how many borrowers have received a loan discharge.

**What if my loan is in default?**

- If you are in default, the Department will not take action to collect your debt, such as by garnishing your wages (that is, taking part of your paycheck) or taking portions of your tax refund, while your application is pending or while you are waiting to receive any relief you are owed under the settlement.

**What happens next?**

The court will need to approve the proposed settlement before it becomes final.  The court will hold a public hearing, called a fairness hearing, to decide if the proposed settlement is fair.  The hearing will be held on _____, 2022, beginning at _____, at the following address:

> United States District Court
> Northern District of California
> 450 Golden Gate Avenue, Courtroom 12, 19th Floor
> San Francisco, California 94102

Information about the hearing, including the process for participation and virtual attendance (if any), will be posted at https://predatorystudentlending.org/cases/sweet-v-devos/.

**What should I do in response to this Notice?**

IF YOU AGREE with the proposed settlement, you do not have to do anything.  You have the right to attend the fairness hearing, at the time and place above, but **you are not required to do so.**

IF YOU DISAGREE WITH OR HAVE COMMENTS on the proposed settlement, you can write to the court or ask to speak at the hearing.  You must do this by writing to the Clerk of the Court, at the following mailing address:

> Clerk of the Court
> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, California 94102

You can also submit comments by email to the Clerk of Court at [email address]. Your written comments or request to speak at the fairness hearing must be postmarked or date-stamped by ____, 2022.  The Clerk will provide copies of the written comments to the lawyers who brought the lawsuit.

**Where can I get more information?**

There is more information about the *Sweet* lawsuit on Class Counsel's website at https://predatorystudentlending.org/cases/sweet-v-devos/. Check this site periodically for updated information about the lawsuit.

A copy of the proposed settlement is available online at https://predatorystudentlending.org/cases/sweet-v-devos/documents/.

If you have questions about this lawsuit or about the proposed settlement, please visit this Frequently Asked Questions page, https://predatorystudentlending.org/sweet-v-devos-class-members/, which also has contact information for the lawyers who brought the lawsuit.

Sincerely,

U.S. Department of Education

Federal Student Aid

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| THERESA SWEET, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>    Defendants. | No. 3:19-cv-03674-WHA<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT AND ENTERING FINAL JUDGMENT**<br><br>Hon. William Alsup |

Following this Court's Order preliminarily approving the proposed Settlement Agreement ("Agreement"), Plaintiffs and Defendants ("the Parties") disseminated a Notice of Proposed Settlement and Fairness Hearing to the Plaintiff Class.  After consideration of the written submissions of the Parties, the Agreement between the Parties, any objections to the Agreement, all filings in support of the Agreement, and the presentations at the hearing held by the Court to consider the fairness of the Agreement, the Court hereby Orders, Finds, Adjudges, and Decrees that:

1. The Agreement between the Parties is finally approved as fair, reasonable, and adequate.  The Court hereby incorporates the terms of the Agreement, executed by the Parties on June 22, 2022, into this Judgment Order.

2. Except as provided in paragraph 3 of this Order, this action is hereby dismissed with prejudice.

3. The Court shall retain jurisdiction over this action solely to enforce the terms of the Agreement, but only such jurisdiction as expressly set forth in Section V of the Agreement.

4. Once Defendants have decided all Class Members' borrower defense claims, notified all Class Members of their final decisions (where applicable), and effectuated all

appropriate relief to Class Members, the Parties will file a notice with the Court.  Upon the date of

that notice, the Court's jurisdiction over this action shall completely terminate.

**IT IS SO ORDERED.**

Dated:

_____
The Honorable William Alsup
United States District Judge

# Exhibit C

*Sweet v. Cardona* Settlement Agreement Exhibit C

| School Owner(s) | School/Brand Name |
|---|---|
| Alta Colleges, Inc. (Westwood) | Westwood College |
| American Commercial Colleges, Inc. | American Commercial College |
| American National University | American National University |
| Ana Maria Piña Houde and Marc Houde | Anamarc College |
| Anthem Education Group; International Education Corporation | Anthem College |
| | Anthem Institute |
| Apollo Group | University of Phoenix |
| | Western International University |
| ATI Enterprises | ATI Career Training Center |
| | ATI College |
| | ATI College of Health |
| | ATI Technical Training Center |
| B&H Education, Inc. | Marinello School of Beauty |
| Berkeley College (NY) | Berkeley College |
| Bridgepoint Education | Ashford University |
| | University of the Rockies |
| Capella Education Company; Strategic Education, Inc. | Capella University |
| Career Education Corporation | American InterContinental University |
| | Briarcliffe College |
| | Brooks College |
| | Brooks Institute |
| | Collins College |
| | Colorado Technical University |
| | Gibbs College |
| | Harrington College of Design |
| | International Academy of Design and Technology |
| | Katharine Gibbs School |
| | Le Cordon Bleu |
| | Le Cordon Bleu College of Culinary Arts |
| | Le Cordon Bleu Institute of Culinary Arts |
| | Lehigh Valley College |
| | McIntosh College |
| | Missouri College of Cosmetology North |
| | Pittsburgh Career Institute |
| | Sanford-Brown College |
| | Sanford-Brown Institute |
| | Brown College |
| | Brown Institute |
| | Washington Business School |
| | Allentown Business School |
| | Western School of Health and Business Careers |
| | Ultrasound Diagnostic Schools |
| | School of Computer Technology |

| School Owner(s) | School/Brand Name |
|---|---|
| | Al Collins Graphic Design School |
| | Orlando Culinary Academy |
| | Southern California School of Culinary Arts |
| | California Culinary Academy |
| | California School of Culinary Arts |
| | Pennsylvania Culinary Institute |
| | Cooking and Hospitality Institute of Chicago |
| | Scottsdale Culinary Institute |
| | Texas Culinary Academy |
| | Kitchen Academy |
| | Western Culinary Institute |
| Center for Employment Training | Center for Employment Training |
| Center for Excellence in Higher Education (CEHE) | California College San Diego |
| | CollegeAmerica |
| | Independence University |
| | Stevens-Henager |
| Computer Systems Institute | |
| Court Reporting Institute, Inc. | Court Reporting Institute |
| Cynthia Becher | La' James College of Hairstyling |
| | La' James International College |
| David Pyle | American Career College |
| | American Career Institute |
| Delta Career Education Corporation | McCann School of Business & Technology |
| | Miami-Jacobs Career College |
| | Miller Motte Business College |
| | Miller-Motte College |
| | Miller-Motte Technical College |
| | Tucson College |
| DeVry | American University of the Caribbean |
| | Carrington College |
| | Chamberlain University |
| | DeVry College of Technology |
| | Devry Institute of Technology |
| | DeVry University |
| | Keller Graduate School of Management |
| | Ross University School of Veterinary Medicine |
| | Ross University School of Medicine |
| EDMC/Dream Center | Argosy University |
| | The Art Institute |
| | Brown Mackie College |
| | Illinois Institute of Art (The) |
| | Miami International University of Art & Design |
| | New England Institute of Art (The) |
| | South University |
| | Western State University College of Law |
| | All-State Career School |

*Sweet v. Cardona* Settlement Agreement Exhibit C

| School Owner(s) | School/Brand Name |
|---|---|
| Education Affiliates (JLL Partners) | Fortis College |
| | Fortis Institute |
| Edudyne Systems Inc. | Career Point College |
| Empire Education Group | Empire Beauty School |
| Everglades College, Inc. | Everglades University |
| | Keiser University |
| FastTrain | FastTrain |
| Globe Education Network | Globe University |
| | Minnesota School of Business |
| Graham Holdings Company (Kaplan) | Bauder College |
| | Kaplan Career Institute |
| | Kaplan College |
| | Mount Washington College |
| | Purdue University Global |
| Grand Canyon Education, Inc. | Grand Canyon University |
| Infilaw Holding, LLC | Arizona Summit Law School |
| | Charlotte School of Law |
| | Florida Coastal School of Law |
| International Education Corporation | Florida Career College |
| | United Education Institute |
| ITT Educational Services Inc. | ITT Technical Institute |
| JTC Education, Inc. | Gwinnett College |
| | Medtech College |
| | Radians College |
| Laureate Education, Inc. | Walden University |
| Leeds Equity Partners V, L.P. | Florida Technical College |
| | National University College |
| | NUC University |
| Liberty Partners | Concorde Career College |
| | Concorde Career Institute |
| Lincoln Educational Services Corporation | International Technical Institute |
| | Lincoln College of Technology |
| | Lincoln Technical Institute |
| Mark A. Gabis Trust | Daymar College |
| Mission Group Kansas, Inc. | Wright Business School |
| | Wright Career College |
| Premier Education Group L.P. | American College for Medical Careers |
| | Branford Hall Career Institute |
| | Hallmark Institute of Photography |
| | Hallmark University |
| | Harris School of Business |
| | Institute for Health Education (The) |
| | Micropower Career Institute |
| | Suburban Technical School |
| | Salter College |
| | Beckfield College |

*Sweet v. Cardona*  Settlement Agreement Exhibit C

| School Owner(s) | School/Brand Name |
|---|---|
| Quad Partners LLC | Blue Cliff College |
| | Dorsey College |
| Remington University, Inc.; Remington College BCL, Inc. | Remington College |
| Southern Technical Holdings, LLC | Southern Technical College |
| Star Career Academy | Star Career Academy |
| Sullivan and Cogliano Training Center, Inc. | Sullivan and Cogliano Training Centers |
| TCS Education System | Chicago School of Professional Psychology |
| Vatterott Educational Centers, Inc. | Court Reporting Institute of St Louis |
| | Vatterott College |
| Wilfred American Education Corp. | Robert Fiance Beauty Schools |
| | Robert Fiance Hair Design Institute |
| | Robert Fiance Institute of Florida |
| | Wilfred Academy |
| | Wilfred Academy of Beauty Culture |
| | Wilfred Academy of Hair & Beauty Culture |
| Willis Stein & Partners (ECA) | Brightwood Career Institute |
| | Brightwood College |
| | New England College of Business and Finance |
| | Virginia College |