UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and MIGUEL CARDONA, in his official capacity as Secretary of Education, <br><br> Defendants. | No. 19-cv-03674-WHA <br><br> DECLARATION OF JAMES KVAAL |

I, James Kvaal, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I serve as Under Secretary in the U.S. Department of Education ("Department"). I was confirmed as Under Secretary on September 14, 2021.

3. As Under Secretary I oversee the formulation and implementation of Department policy related to postsecondary education, vocational and adult education, federal student aid, and borrower defense.

4. Through the execution of my duties and my discussions with Department staff working on borrower defense issues, I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration regarding the Department's policies in the field of borrower defense generally and regarding the Department's policy specific to the processing of applications submitted by members of the class certified by the Court in this action and consisting of "[a]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.)." ECF No. 46. The statements contained herein are based on my personal knowledge as an employee of the Department, my review of the pertinent records, and information provided to me in the performance of my official duties.

5. Promptly deciding pending borrower defense applications is an important goal and top priority of the Department's overall policy agenda and of its policy agenda for postsecondary education and federal student aid.

Declaration of James Kvaal
19-cv-3674-WHA

1

6.  Both internally and publicly, the Department has clearly communicated its policy goal of providing borrowers with a simplified and fair path to relief when misconduct by their institution warrants relief under the borrower defense to repayment regulations.

7.  In addition to the Department's commitment to provide meritorious applicants the relief they deserve, a key motivating factor for reforming and improving the policies, practices, and procedures for processing borrower defense applications was ameliorating the delays underlying the claims of this case's class members.

8.  To implement its policy goals, the Department has in total approved borrower defense relief for nearly 800,000 individuals in the course of a little more than a year of work. That is more than the total of borrower defense relief provided between the inception of the programs and January 2021. The Department has created a framework for considering and approving group discharge claims of borrowers when warranted, leading to approved claims for groups of borrowers who attended Marinello Schools of Beauty from 2009 through its closure and for any borrower who attended an institution during its ownership by Corinthian Colleges, which runs from 1995 through its 2015 closure. The Department has also instructed the borrower defense group to reestablish relationships with State attorneys general and other organizations to seek out evidence for review that could lead to approved borrower defense claims.

9.  The Department has also acted in furtherance of these policy goals by seeking changes to the borrower defense regulations, completing its negotiated rulemaking process, and drafting a Notice of Proposed Rulemaking to gather public comment on proposed amendments.

10. While we cannot disclose all the elements of the Notice of the Proposed Rulemaking because it is not yet public, during the negotiated rulemaking process the Department described its goals to reestablish the ability for borrowers to have their claims

adjudicated as a group and to establish additional forms of institutional misconduct that could lead to an approved borrower defense claim, such as aggressive and deceptive recruitment. We also believe that future borrower defense rules should establish more reasonable elements of proof, resulting in a significant increase in the approval rate of meritorious claims.

11. The Department's policy priorities on borrower defense also include improving the process for effectuating relief. As part of implementing that policy goal, in March 2021, the Department announced its intent to rescind the previous administration's decision to apply a formula to calculate partial relief for borrowers whose schools were determined to have committed misconduct. At the same time, the Department adopted a streamlined approach for granting full relief under the regulations to borrower defense claims approved up until that time. The Department published a formal rescission of the partial relief methodology in August 2021.

12. The Department does not have in place a policy of refusing to decide borrower defense applications, and it does not intend to adopt such a policy. Any practices to that effect would directly contradict the Department's clear policy priority to decide borrower defense applications as promptly as possible and to provide borrowers with meritorious applications a simplified and fair path to relief.

13. The Department does not have a policy of applying a presumption that borrower defense applications lack merit and should be denied, and it does not intend to adopt such a policy.

14. The Department does not have a policy of placing a cap on approvals of borrower defense applications, and it does not intend to adopt such a policy.

15. To apply a presumption that borrower defense applications lack merit or to place a cap on approvals of borrower defense applications would directly contradict the Department's

clear policy of goal of addressing borrower defense applications as promptly as possible and providing all borrowers with meritorious applications a simplified and fair path to relief.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 22nd day of June 2022.

*/s/ James Kvaal*

James Kvaal
Under Secretary
United States Department of Education