TERANCE A. GONSALVES (Pro Hac Vice pending)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile:    (404) 881-7777
Email: terance.gonsalves@alston.com

ALEXANDER AKERMAN (State Bar No. 280308)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:   213-576-1000
Facsimile:   213-576-1100
E-mail: alex.akerman@alston.com

Attorneys for Proposed Intervenor-Defendant,
CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants* | Case No. 19-cv-03674-WHA<br><br>**THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY'S PROPOSED MOTION TO CONTINUE THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>*[Proposed] Orders filed concurrently herewith]*<br><br>Date:<br>Time:<br>Judge:     Hon. William A. Alsup<br><br>(Class Action)<br>(Administrative Procedure Act Case<br>Filing Date:   July 14, 2022<br>Trial Date:    None Set |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, *soon as practical as* this matter may be heard before the Honorable William H. Alsup, The Chicago School of Professional Psychology (hereinafter "TCSPP") will and hereby does move to continue the July 28, 2022 Preliminary Approval Hearing and request leave to file an opposition to the Joint Motion for Preliminary Approval.

As demonstrated in the accompanying memorandum, the Court should use its inherent power to continue the July 28, 2022 Preliminary Approval Hearing to a date after the Court hears and rules on TSCPP's Motion to Intervene and grant TCSPP leave to file an opposition to the Joint Motion for Preliminary Approval of Settlement. Deciding TCSPP's Motion to Intervene first is consistent with notions of judicial economy, and TCSPP respectfully submits that holding the July 28, 2022 Preliminary Approval Hearing before this Court determines whether TCSPP should intervene would wrongly preemptively deprive TCSPP of its due process rights to defend itself from the claims in this case.

This Motion is made based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Motion to Intervene filed in conjunction herein, the pleadings and papers on file; and upon such oral argument as may be made at the hearing.

TCSPP respectfully requests that the Court grant this Motion along with attached Motion to Intervene. A proposed order is filed herewith.

Dated: July 14, 2022

TERANCE A. GONSALVES (Pro Hac Vice pending)
ALEXANDER AKERMAN
ALSTON & BIRD LLP

By: */s/ Alexander Akerman*
     Alexander Akerman
Attorneys for Proposed Intervenor-Defendant
THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In conjunction with its Motion to Intervene, The Chicago School of Professional Psychology ("TSCPP") respectfully requests that this Court continue the July 28, 2022 Preliminary Approval Hearing to a future date as soon as practical, and after the Court hears and rules on TSCPP's Motion to Intervene. TCSPP also requests leave to file an opposition to the Joint Motion for Preliminary Approval of Settlement (Dkt. 246).

While a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought" (Fed. R. Civ. P. 24(c)), Rule 24(c) can be satisfied by a motion to intervene, even without an accompanying pleading, when the motion provides sufficient information to apprise the court of the grounds for the motion. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 475 (9th Cir. 1992) (when "the movant describes the basis for intervention with sufficient specificity to allow the district court to rule, its failure to submit a pleading is not grounds for reversal.").

Further, courts recognize that a pleading may be filed after the motion to intervene has been filed. *See Marshall v. Meadows,* 921 F. Supp. 1490, 1492 (E.D. Va. 1996) (allowing proposed intervenor to file a pleading after three weeks and one day after the motion to intervene); *WJA Realty Ltd. P'ship v. Nelson,* 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) (explaining that "[f]ailure to file an accompanying pleading . . . may be rectified by the later filing of such a pleading.").

Here, the pleading that TSCPP respectfully submits alongside its Motion to Intervene is this Motion to Continue the July 28, 2022 Preliminary Approval Hearing. TCSPP further requests leave to file an opposition to the Joint Motion for Preliminary Approval. The Court should grant TCSPP's Motion because this Motion is consistent with well-established principles of law and equity for the reasons articulated below.

3

THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY'S MOTION TOCONTINUE THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 19-cv-03674-WH

## II.   ARGUMENT

### A.   The Court Should Continue the July 28, 2022 Hearing and Grant TCSPP Leave to File an Opposition.

"The Court has the inherent authority to establish a schedule for the resolution of an action that takes into account principles of judicial economy and efficiency, with a view to a fair and just determination of the parties' rights based on the merits of the case." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (citing *Landis v. North American Co.*, 299 U.S. 248 (1936)).

This Court continuing the July 28, 2022 Preliminary Approval Hearing is consistent with notions of judicial economy, is fair, and is just for the following reasons.

*First*, moving the July 28, 2022 Preliminary Approval Hearing is appropriate given TCSPP's pending Motion to Intervene. The Court should decide whether TCSPP can intervene and participate in this case before hearing argument and ruling on the Joint Motion for Preliminary Approval. If the Court grants TCSPP's Motion, as TCSPP respectfully submits it should, it would be consistent with principles of judicial economy and efficiency to hear argument on TCSPP's proposed response to the Joint Motion at the same hearing that the Joint Motion is considered. In accord, continuing the July 28, 2022 Preliminary Approval Hearing will afford TCSPP time to continue to meet and confer with counsel for the Department of Education ("Department") and meet and confer with Plaintiffs' counsel in an attempt to informally address and potentially resolve the issues with the proposed settlement that TCSPP identified in its Motion to Intervene.

*Second*, TCSPP moved swiftly to file and have its Motion to Intervene heard. As discussed in TCSPP's Motion to Intervene, TCSPP first received notice of the proposed class action settlement on June 23, 2022, one day after the Joint Motion for Preliminary Approval was filed. It was on this day that TCSPP first learned that the proposed settlement referenced TCSPP, who was not a party to the lawsuit, and included an inaccurate claim that "[t]he Department has determined" that TCSPP purportedly engaged in "substantial misconduct" and has a "high rate of class members with

4

THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY'S MOTION TOCONTINUE THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 19-cv-03674-WH

applications." Dkt. 246 (Joint Motion for Preliminary Approval) at 3:8-12. The proposed settlement also seeks to discharge federal student loans issued to students of TCSPP who filed borrower defense applications (Dkt. 246-1), which is relief that was not sought in the Complaint for Declaratory and Injunctive Relief (Dkt. 1) or the Supplemental Complaint (Dkt. 198). Dkt. 246-1, TCSPP moved as soon as practicable to intervene and defend itself from this false claim of misconduct and the Parties' attempt to discharge borrower defense claims against TCSPP without an opportunity for an adjudication in accordance with the Department's own regulations.

TCSPP had no reason to move to Intervene earlier. TCSPP is i) not a party to the litigation; ii) did not participate in settlement negotiations between Plaintiffs and the Department; iii) had no opportunity to learn of the details of the class action settlement prior to the filing of the Joint Motion for Preliminary Approval; and iv) previous to this settlement, Plaintiffs' lawsuit did not seek debt forgiveness from any particular institution generally, or TCSPP specifically or on the grounds that TCSPP had engaged in substantial misconduct—instead Plaintiffs simply sought to have their borrower defense applications adjudicated fairly and promptly pursuant to the borrower defense regulations. Notably, none of the named Plaintiffs even attended TCSPP, and TCSPP was not referenced in the previous proposed settlement between Plaintiffs and the Department that was ultimately rejected by this Court. *See* Dkts. 1, at ¶¶ 15-21; 97; 97-2. Given this, TCSPP moved to intervene as soon as it reasonably could.

As such, TCSPP respectfully submits that holding the July 28, 2022 Preliminary Approval Hearing before this Court determines whether TCSPP should intervene would preemptively deprive TCSPP of its due process rights to defend itself from inflammatory and false claims of misconduct.

Furthermore, if the Court grants TCSPP's Motion to Intervene, as TCSPP respectfully submits it should, and TCSPP's attempts to informally resolve its concerns with the proposed settlement prove unfruitful, then the interests of justice would be best served by the Court considering a well-reasoned and evidenced opposition to preliminary approval offered from TCSPP's unique perspective. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (noting that "the incentives for the negotiators to

5

THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY'S MOTION TO CONTINUE
THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE
OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 19-cv-03674-WH

pursue their own self-interest and those of certain class members are implicit in the circumstances and can influence the result of the negotiations" which is why Courts should consider "whether the terms of the decree are 'fair, reasonable and adequate *to all concerned*.'") (emphasis added) (citation omitted).

Moreover, waiting until after the settlement has been preliminarily approved and after class notice has been issued will cause further reputational harm to TCSPP, particularly since the Court has been made aware of its concerns, and a short continuance of the Preliminary Approval Hearing will not prejudice the Parties who have been litigating this case since June 25, 2019.

**B.     The Court Should Grant TCSPP Leave to File Its Opposition to the Proposed Settlement**

As set forth in TCSPP's Motion to Intervene, TCSPP has significant interests directly impacted by the proposed settlement and those interests will be impaired or impeded if the settlement is preliminarily approved without modification. The borrower defense regulations afford TCSPP a due process right to refute allegations of the specific kind of substantial misconduct that TCSPP is accused of in the Joint Motion. 34 C.F.R. § 685.206(e)(10); and 34 C.F.R. § 685.222(e)(3). If the settlement is approved without giving TCSPP a chance to defend itself, TCSPP's statutory rights will be ignored.

TCSPP also has a concrete economic interest in defending itself against a determination by the Department that TCSPP engaged in "substantial misconduct." Such a determination directly impacts TCSPP's core education mission and has already harmed its sterling reputation. Further, TCSPP has concerns that the Department may inappropriately seek repayment from or take adverse administrative action against TCSPP based on the loan amounts that the Department has agreed to discharge. *See, e.g.*, 34 C.F.R. § 685.206(e)(16); 34 C.F.R. § 685.222(e)(7) and (h)(1); and 34 C.F.R. § 685.206(c)(3) and (4).

As such, TCSPP should be permitted to present these issues in detail to the Court prior to its consideration of and ruling on the Parties' Joint Motion for Preliminary Approval.

## III. CONCLUSION

For these reasons, TCSPP respectfully requests that this Court continue the July 28, 2022 hearing currently scheduled to approve the Joint Motion for Preliminary Approval. TCSPP further requests leave to file an opposition to the Joint Motion for Preliminary Approval prior to the Preliminary Approval Hearing.

A proposed order is also filed herewith.

Dated: July 14, 2022

TERANCE A. GONSALVES (Pro Hac Vice pending)
ALEXANDER AKERMAN
ALSTON & BIRD LLP

By: */s/ Alexander Akerman*
      Alexander Akerman
Attorneys for Proposed Intervenor-Defendant
THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY

7

THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY'S MOTION TOCONTINUE THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 19-cv-03674-WH

# CERTIFICATE OF SERVICE

I, Attorney, certify and declare as follow:

1. I am over the age of 18 and not a party to this action.
2. My business address is 333 South Hope Street, 16th Floor, Los Angeles, CA 90071-1410.
3. On July 14, 2022, I caused a copy of THE CHICAGO SCHOOL
4. OF PROFESSIONAL PSYCHOLOGY'S PROPOSED MOTION TO CONTINUE THE JULY 28, 2022 PRELIMINARY APPROVAL HEARING AND REQUEST FOR LEAVE TO FILE OPPOSITION TO THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT to be served upon counsel via the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on July 14, 2022, at Los Angeles, California.

By: /s/ Alexander Akerman
Alexander Akerman
Attorneys for Proposed Intervenor-Defendant
THE CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY