DATE: July 13, 2022

TO: Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 12, 19th Floor
San Francisco, California 94102

FROM: Amanda N. Cajen, Esq.
7338 Fennel Road
Rancho Cucamonga, CA 91739

RE: Case 3:19-cv-03674-WHA; Fairness hearing - comments, and related

Preliminarily, I would like to thank the Court for opening to the public an opportunity to comment on or otherwise express disagreement with the subject proposed settlement agreement ("Agreement" hereinafter), as executed by the parties to the Case 3:19-cv-03674-WHA.

I, Amanda N. Cajen, am respectfully and humbly writing to this Court in effort to secure language requiring the Department of Education (hereinafter "Department") affording equitable protections and extension of presumptive relief as a Post-Class Borrower Defense (hereinafter "BD") applicant. I am urging this Court to consider this correspondence as it proceeds with the final stages of adjudicating the case detailed herein. The Agreement and matters detailed therein will impact me and my status as a Post-Class BD applicant as I am a 2014 Graduate of Western State University College of Law as owned and operated by parent companies Argosy University and EDMC.

The Agreement, as executed on or about June 22, 2022, provides for the division of class members into two groups: (1) the automatic relief group, and (2) the decision group. While the Agreement provides for certain processes and protections for Post-Class Applicants (i.e., those individuals filing BD applications after the execution of said Agreement but before this Court approves the Agreement as being fair and reasonable), it does not provide for the equitable treatment of Post-Class Applicants as it relates to presumption certain educational institutions' misconduct. I refer you to the below excerpt from the executed Agreement for specific language on the distinction between the two groups. Please note, emphasis has been added to the below portions relevant to this comment letter.

> *"The Agreement provides for automatic relief—federal loan discharges, refunds of amounts paid to the Department, and credit repair ("Full Settlement Relief")—for approximately 75% of the class. This up-front relief will go to the approximately 200,000 Class Members who borrowed to attend one (or more) of a specified list of schools.* ***The Department has determined that attendance at one of these schools justifies presumptive relief, for purposes of this settlement, based on strong indicia regarding substantial misconduct by listed schools, whether credibly alleged or in some instances proven, and the high rate of class members with applications related to the listed schools. The list of schools is appended hereto as Exhibit C to the Agreement.***
>
> *The remaining 25% of the class, consisting of approximately 68,000 borrowers who took out loans for schools that are not on the attached list, will receive final written decisions on their BD applications within specified periods of time, correlating to how long they have already been waiting. The longest-pending applications will receive a decision within six months of the Effective Date of the Agreement1; the most recent applications will receive a decision within 30 months after the Effective Date. If the Department fails to provide a written decision within the specified time period, the Class Member will automatically receive Full Settlement Relief."*

RE: Case 3:19-cv-03674-WHA; Fairness hearing - comments, and related

July 13, 2022

Page Two

Because "[t]he Department has determined that attendance at one of these schools justifies presumptive relief, for purposes of this settlement, based on strong indicia regarding substantial misconduct by listed schools, whether credibly alleged or in some instances proven, and the high rate of class members with applications related to the listed schools[,]" the Department must be bound to fair and reasonable terms extending this presumption to the Post-Class Applicants seeking relief from loans from any and all of the schools listed in the Agreement's "Exhibit C", including but not limited to EDMC, Argosy University, and Western State University College of Law. (The list of schools is appended as Exhibit C to the Agreement.)

The Agreement must treat all Class Members and Post-Class Members fairly and equitably, taking into account not only the differences in claims, but also the significant and substantial similarities in claims premised on the fundamental information and belief rendering many Post-Class applications ripe for presumptive relief. The executed Agreement does not explicitly provide for this equitable treatment of Post-Class Applicants despite the fact that the Department has identified common evidence of institutional misconduct by the schools, programs, and school groups identified in Exhibit C to the Agreement. Because of this, the Department has already determined that every Class Member whose Relevant Loan Debt is associated with those schools should be provided presumptive relief under the settlement due to strong indicia regarding substantial misconduct by the listed schools, whether credibly alleged or in some instances proven, and the high rate of class members with applications related to the listed schools. This determination and the previously mentioned schools' misconduct must be extended to Post-Class Applicants to afford equitable and timely relief as many, such as myself, continue to be encumbered by the products of said misconduct (e.g., credit report/scores impacting ability to secure employment, mortgages, etc.).

In light of this, and in the interest of fairness to impacted borrowers, I respectfully request that this Court provide guidance - whether by means of imploring the Parties to execute an amended Agreement or any other action or authority available to the Court - requiring the Department to divide Post-Class Applicants into two groups (i.e., the decision group versus the automatic relief group) no differently than its executed Settlement Agreement treats Class Members. This difference in treatment is justified because the Department has determined, based on the evidence in its possession, that it still needs to make individualized determinations of entitlement to relief for all members of the decision group. This is not true for those BD applicants (post-class or otherwise) seeking relief from schools appearing on the Agreement's "Exhibit C". No determination ought to occur for Post-Class applicants seeking relief from repayment of federal education loans that, ultimately, lined the pockets of known institutional wrongdoers, including Western State University College of Law and Argosy University.

I invite this Court, its agents, and any other relevant stakeholders to outreach should you have any questions or concerns regarding this letter or the matters detailed herein.

Respectfully,

*Amanda N. Cajen*
Amanda N. Cajen, Esq.

Mobile Phone: 909/559-8767
Email: ancajen@gmail.com

LAW OFFICES OF CHRISTIAN J. AMENDT
363 South Park Avenue, Suite 300
Pomona, California 91766-1560



RECEIVED
JUL 15 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 12. 19th Floor
San Francisco, California 94102

94102-342212