# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and MIGUEL CARDONA, in his official capacity as Secretary of Education,<br><br>Defendants. | No. 19-cv-03674-WHA<br><br>DECLARATION OF BENJAMIN MILLER |

I, Benjamin Miller, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. On January 21, 2021, I was appointed to serve as a senior adviser to the chief of staff to the Secretary of the Department of Education ("Department"). I currently serve as a Deputy Under Secretary, a role I have held since March 2022.

3. As a Deputy Under Secretary, I advise the Department's Under Secretary regarding the formulation and implementation of Department policy related to postsecondary education and federal student aid, including borrower defense.

4. Through the execution of my duties and my discussions with Department staff working on borrower defense and enforcement issues, and based on my knowledge of this litigation, I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration regarding the terms of the settlement agreement executed on June 22, 2022 by the parties to this litigation ("Settlement Agreement") (ECF 246-1) and how they relate to actions and proceedings that the Department is authorized to initiate against institutions participating in programs authorized pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§1070 *et seq.* ("Title IV, HEA programs"). The statements contained herein are based on my personal knowledge as an employee of the Department, my review of the pertinent records, and information provided to me in the performance of my official duties.

5. After months of complex settlement negotiations, the parties reached an agreement that, if approved by the Court, will fully and finally resolve this litigation by providing negotiated relief to class members on a timeline that is operationally feasible for the Department. The

Declaration of Benjamin Miller
19-cv-3674-WHA

deadlines set forth in the Settlement Agreement were carefully negotiated, and the Department has every intention of meeting those deadlines.

6. One of the settlement terms that is critical to the Department's ability to operationalize its obligations under the agreement in a way that will allow it to meet the deadlines the parties agreed to is the Department's agreement to automatically discharge the Relevant Loan Debt (a defined settlement term) of the borrowers who attended the institutions that are listed on Exhibit C to the Settlement Agreement.

7. The Settlement Agreement provides that the Department "will effectuate Full Settlement Relief for each and every Class Member whose Relevant Loan Debt is associated with the schools, programs, and School Groups listed in Exhibit C" to the Settlement Agreement. Settlement Agreement at §IV. The Department does not consider the fact of an institution's inclusion on Exhibit C to constitute a finding of fact of misconduct. The discharges of the Relevant Loan Debt of certain class members will be effectuated pursuant to the terms of the Settlement Agreement, not pursuant to the Department's borrower defense regulations.

8. For example, those regulations allow a borrower to assert a defense to repayment of an applicable loan based on a school's alleged misconduct. *See* 34 C.F.R. §§ 685.206; 34 C.F.R. 685.222 (together, the "Borrower Defense Regulations"). If an individual borrower asserts a borrower defense to repayment pursuant to the Borrower Defense Regulations, the Department can grant the borrower's defense only if the Department makes an affirmative finding that the school engaged in a violation of state law (34 C.F.R. § 685.206(c)(1)), made a substantial misrepresentation to the borrower (34 C.F.R. § 685.222(d)), breached a contract with the borrower (34 C.F.R. § 685.222(c)), or was subject to a final judgment on the merits in favor of the borrower (34 C.F.R. § 685.222(b)). When a borrower defense application is submitted and

Declaration of Benjamin Miller
19-cv-3674-WHA

2

adjudicated pursuant to the Borrower Defense Regulations, the Department is required to "determine whether the application states a basis for a borrower defense, and resolves the claim through a fact-finding process conducted by the Department official." 34 C.F.R. §685.222(e)(3). As part of the fact-finding process, the Department is required to "notif[y] the school of the borrower defense application and consider[] . . . [a]ny response or submissions from the school[.]" *Id.* at § 685.222(e)(3)(i). If the Department concludes, after completing the fact-finding process, that the borrower defense should be granted and a loan discharged, the Department may then initiate a proceeding against the school to collect the amount discharged. *Id.* § 685.222(e)(7); § 668.87 (setting forth procedures for borrower defense and recovery proceedings).

9. Providing a class member with Full Settlement Relief under the Settlement Agreement does not constitute the granting or adjudication of a borrower defense pursuant to the Borrower Defense Regulations, and therefore provides no basis to the Department for initiating a borrower defense recoupment proceeding against any institution identified on Exhibit C to the Settlement Agreement.

10. The Department's authority to undertake the borrower defense recoupment proceedings is set forth in Subpart G of 34 C.F.R. Part 668. Pursuant to these regulations, the Department can also take an emergency action against a school; impose a fine against a school; or limit, suspend or terminate a school's participation in a program under Title IV of the Higher Education Act of 1965, as amended. *See* 34 C.F.R.§ 668.81 through § 668.99 ("Subpart G Regulations" or "Subpart G Proceeding").

11. The fact of an institution's inclusion on Exhibit C to the Settlement Agreement does not constitute evidence that can or will be considered by the Department in bringing any Subpart G

Proceeding, including a borrower defense recoupment proceeding, against an institution. If the Department were to bring a Subpart G Proceeding against any Exhibit C institution, there would have to be a basis to do so other than the mere fact that the institution is included on Exhibit C. Moreover, any institution on Exhibit C against whom the Department might bring a Subpart G Proceeding in the future would have all the due process rights that any institution would be entitled to under the Subpart G Regulations.

12.  Another example of an action that might result in a liability finding against an institution is the program review that the Department is authorized by Section 498A of the HEA, 20 U.S.C. § 1099c to conduct of institutions participating in Title IV, HEA programs. At the conclusion of a program review, the Department issues a program review report that may include findings ("Program Findings") that may ultimately result in the issuance of a federal program review determination and establishment of liabilities against an institution ("Program Liabilities").

13. The fact of an institution's inclusion on Exhibit C to the Settlement Agreement does not constitute evidence that can or will be considered by the Department in making Program Findings or establishing Program Liabilities against an institution.

14.  The fact of an institution's inclusion on Exhibit C will be used by the Department solely for purposes of effectuating its obligations under the Settlement Agreement to award Full Settlement Relief to certain class members. In any action or proceeding that the Department might take in the future against an institution, including but not limited to the foregoing examples, the fact that an institution is included on Exhibit C to the Settlement Agreement does not itself provide any evidentiary support or basis for initiating any such action against any of the listed institutions. If the Department were to initiate any such actions or proceedings against any Exhibit C institution, it will comply with all applicable regulations without any reliance on the

Declaration of Benjamin Miller
19-cv-3674-WHA

4

fact of an institution's inclusion on Exhibit C and each institution would be afforded all due process and opportunities to defend itself to which it would otherwise be entitled in any such action or proceeding.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 25th day of July, 2022.

Benjamin Miller
Deputy Under Secretary
United States Department of Education