UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, et al.,

    Plaintiffs,

v.

MIGUEL CARDONA, et al.,

    Defendants.

No. C 19-03674 WHA

**ORDER RE MOTIONS TO INTERVENE**

In this class action concerning the Department of Education's processing of student-loan borrower-defense applications, four schools move to intervene to oppose the proposed settlement: The Chicago School of Professional Psychology; Everglades College, Inc.; American National University; and Lincoln Educational Services Corporation. The deadline for any further interested parties to move to intervene has come and gone (Dkt. No. 308). As discussed on the record in the hearing on preliminary approval, while the four schools have not met their burden of demonstrating they can intervene as of right, intervenors have satisfied the requirements for permissive intervention and may oppose the settlement.

Under Rule 24(b), a district court has discretion to permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citation omitted).

*First*, because our movants are not raising new claims and this is a federal-question action, the independent jurisdictional grounds requirement does not apply.  *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

*Second*, the schools' motions are timely.  The crucial date for assessing timeliness "is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."  *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (citations omitted).  The schools here all filed their motions around three weeks after the parties moved for preliminary approval on June 22.  The relief provided by the proposed settlement and the inclusion of the schools in Exhibit C to the settlement triggered their interest in this action.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  Intervention to oppose the settlement will not result in any undue delay that will prejudice the parties.

*Third*, the schools seek to intervene to object to the proposed settlement.  They complain about violations of certain procedural "rights" should the settlement be approved.  They further argue the settlement will cause reputational harm.  The schools are included on Exhibit C to the settlement; class members who attended a school on that list will have their federal student loans automatically discharged.  Because the schools seek to address the subject matter of the settlement, the defenses they will provide in opposition to the settlement share common questions with the main action.

Pursuant to Rule 24(b), the motions to permissively intervene filed by The Chicago School of Professional Psychology, Everglades College, Inc., American National University, and Lincoln Educational Services Corporation are **GRANTED** for the sole and express purpose of objecting to and opposing the class action settlement.  To be clear, intervenors have explicitly disclaimed, and this order explicitly prohibits, any further discovery in this litigation.

**IT IS SO ORDERED.**

Dated: August 31, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2