# Exhibit B

| | |
|---|---|
| **From:** | tcasey@thecaseyfirm.com |
| **To:** | Connor, Eileen; Ellis, Rebecca C.; jjaramillo@heraca.org |
| **Cc:** | robert.c.merrit@usdoj.gov |
| **Subject:** | FW: Case 3:19-cv-03674-WHA - Sweet v. Devos, et. al. - Question concerning submission by current non class members requesting parties and court consider expanding class |
| **Date:** | Tuesday, July 12, 2022 2:48:27 PM |
| **Importance:** | High |

Good afternoon,

I attended Florida Coastal School of Law from 2007-2010 and recently learned of the proposed settlement in the above referenced case from a news story that ran late last week in Jacksonville, Florida. I was previously a lead plaintiff in Case #3:14-cv-01229 (removed to Southern District Court of Florida and transferred to Middle District Court of Florida) filed against Florida Coastal School of Law that was dismissed with prejudice in favor of Florida Coastal School of Law on September 29, 2015. Our class action did not provide any relief to myself or the other members of our proposed class. I have submitted an application for borrower defense this morning so if your proposed settlement in the above referenced case is accepted I will be a post-class member.

How can I submit a request that the court consider expanding the class in your case to include those that file a borrower defense application on, or before, July 28, 2022 (as opposed to June 22, 2022), and providing that the post-class members include those that submit a borrower defense application within sixty days after the settlement approval, i.e. on, or before, Monday September 26, 2022 if the settlement is accepted at the hearing currently scheduled for July 28, 2022?

Several individuals may not have known of your case, the requested relief, and proposed relief per the proposed settlement until after the proposed settlement was filed and publicized and it seems unfair that two identically situated individuals may get different outcomes if one filed a borrower defense application before June 22, 2022 and the other files a borrower defense application between June 22, 2022 and July 28, 2022.

I applaud the efforts of Plaintiffs' counsel in this case and the proposed settlement agreement that all parties have crafted. In my humble opinion you all have provided equitable relief far beyond the dollar amounts that may be discharged per the proposed settlement agreement and have taken a huge step toward correcting a systemic problem that has had substantial negative impacts on many individuals in pursuit of the American dream.

Respectfully,
Taylor Wayne Casey, Esquire
The Casey Firm, PLLC, Managing Member
630 West Adams Street, Suite #204
Jacksonville, Florida 32204
Phone: (904) 354-1010
Fax: (904) 354-1015
Email: tcasey@thecaseyfirm.com

# The Casey Firm, PLLC

A law firm committed to its clients and building a practice based on trust.
www.thecaseyfirm.com

**CONFIDENTIALITY NOTE:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please return it immediately to the sender and delete it from your system.

**From:** Graciela Garcia
**To:** Rebecca Ellis
**Subject:** Fwd: Settlement Agreement in Cause no 3:19-cv-03674-WHA
**Date:** Thursday, August 25, 2022 5:32:25 PM

Good afternoon Counsel:

I am writing as a potential Plaintiff in the above referenced matter / class action lawsuit. I believe the school that I attended, having been shut down in August 2007, with state and federal convictions against the administration of the school, **Crown College in Tacoma Washington,** for crimes against former students and fraud of the Dept. of Education, among other allegations not listed but settled through legal intervention should be included in the Settlement Agreement under the initial settlement agreement round to be decided within 90 days of the signed Settlement Agreement.

On / about January 2019, I applied for a school closure loan discharge, which was responded to by GREAT LAKES EXAMINATION UNIT on February 26, 2019, stating that my application would be reviewed and a response provided within 60 days.

On / about March 5, 2019, I received an e-mail to my personal e-mail with the attached correspondence, dated I received correspondence from / Dept of Education stating, "MANDY, we've been notified your school has closed. Your federal student loans listed below may be eligible for closed school discharge."

In addition to the Closed School Discharge, I also filed APPLICATION FOR BORROWER DEFENSE TO LOAN REPAYMENT, completed application with attachments / exhibits from various lawsuits and sources supporting both the claim for the APPLICATION FOR BORROWER DEFENSE TO LOAN REPAYMENT and in conjunction documents supportive and filed with a CLOSED SCHOOL DISCHARGE.

I received a response from the (borrowerdefense.ed.gov) on November 23, 2021, to the online query and application submitted stating that After reviewing your application for Borrower Defense, we believe you may be eligible for the CLOSED SCHOOL DISCHARGE.

I received the correspondence dated November 24, 2021 MANDY WE'RE UNABLE TO APPROVE YOUR REQUEST FOR CLOSED SCHOOL DISCHARGE OF YOUR STUDENT LOANS. with a denial reason code 7, which states Your application isn't complete. Please review and complete any incomplete or missing fields on the application. Please ensure your application is also signed, dated and your personal information completed in section 1. I completed, submitted and signed another BORROWER DEFENSE APPLICATION and sent on January 7, 2022.

After letting 30 days pass, with no updates, no correspondence, I again printed out the application, completed again SIGNED and returned again, February 14, 2022, to date no response has been received. It has now been 6 more months, which I have heard nothing from my applications.

I have 2 initial loans that totaled approximately $19,902.58 and 17,093.15 after being consolidated in 2007 to be able to purchase a home for a total amount at that time of $36,995.73. The total of those loans plus the years of interest are now at $41,906 and $48,794

for a total of $90,700.00 for a school that was closed, a degree that is not accepted and/or transferred due to fraud and the inability for to secure any further assistance academically to attend and secure a valid degree.

I believe that the Dept of Education activities through forbearance, postponement, etc. has contributed to this, as I've never been able to secure a position to pay such high loan amounts. I would appreciate any assistance, acknowledgement or response to this since the Dept. of Educaiton, while sending promising information and responses, does not timely respond.

Thank you,
Mandy Garcia.

| | |
|---|---|
| **From:** | scottsch@optonline.net |
| **To:** | Ellis, Rebecca C. |
| **Cc:** | Connor, Eileen; HLS-Project on Predatory Student Lending |
| **Subject:** | Re: RE: [EXTERNAL] Sweet v. Cardona |
| **Date:** | Friday, July 15, 2022 11:58:05 AM |

Thank you so much for the explanation. Have a nice weekend.

------ Original Message ------
From: rellis@law.harvard.edu
To: scottsch@optonline.net
Cc: econnor@law.harvard.edu; ppsl@law.harvard.edu
Sent: Wednesday, July 13, 2022 9:46 AM
Subject: RE: [EXTERNAL] Sweet v. Cardona

Dear Mr. Schneider,

We received your email below from the Department of Justice. Our organization represents the plaintiffs in *Sweet v. Cardona*.

In short, no, there was not a procedure in place to contact individual borrowers who had not filed for borrower defense prior to June 22, 2022. There are a few reasons for this. First, the certified class in the *Sweet* case has always consisted of people who have already filed a borrower defense application. *See* Order Granting Class Certification, No. 3:19-cv-03674-WHA (N.D. Cal. Oct. 30, 2019), ECF No. 46. People who hadn't yet filed were therefore outside the scope of the class. Second, before June 22, 2022, there was nothing to notify people about: the June 22 date was not a deadline set in advance, but rather the date that the parties were able to reach agreement on a proposed settlement, following extensive negotiations conducted under Fed. R. Civ. P. 408.

Under the terms of the settlement, Mr. Enam will qualify as a post-class applicant. Our FAQs here provide more information about the provisions applicable to post-class applicants.

I hope this helps answer your questions. Please let me know if you have further questions.

Best,

Rebecca Ellis

**From:** scottsch@optonline.net <scottsch@optonline.net>
**Sent:** Monday, July 11, 2022 4:46 PM
**To:** Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>

**Subject:** [EXTERNAL] Sweet v. Cardona

I have a friend, Sanjar Enam who attended Ross University - school of Medicine, a branch of Devry. He filed his BD application today and was given case # 09157987. I would like to know if he can be included in the pre-class applications as he was never personally notified of this action or the 6/22/22 deadline. Was there a notification procedure in place to contact the students who did not file a BD application of the 6/22/22 deadline? Thank you for looking into this.

Law Office of Scott R. Schneider, P.C.
117 Broadway
Hicksville, New York 11801
(516)433-1555
Fax (516)433-1511

The information contained in this email message, including any attachments, is intended solely for use by the individual or entity named above and may be confidential. If the reader of this message is not the intended recipient, you are hereby notified that you must not read, use, disclose, distribute or copy any part of this communication. If you have received this communication in error, please immediately notify me by email and destroy the original message, including any attachments. Thank you

Law Office of Scott R. Schneider, P.C.
117 Broadway
Hicksville, New York 11801
(516)433-1555
Fax (516)433-1511

The information contained in this email message, including any attachments, is intended solely for use by the individual or entity named above and may be confidential. If the reader of this message is not the intended recipient, you are hereby notified that you must not read, use, disclose, distribute or copy any part of this communication. If you have received this communication in error, please immediately notify me by email and destroy the original message, including any attachments. Thank you

| | |
|---|---|
| **From:** | Ali Kazempour |
| **To:** | Connor, Eileen; Ellis, Rebecca C.; jjaramillo@heraca.org |
| **Subject:** | THERESA SWEET, et al., v. MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION |
| **Date:** | Wednesday, June 29, 2022 4:27:35 PM |

Hi all,

Does the settlement agreement in this matter only apply to individuals who filed a previous borrower defense application?

Who decided to make the deadline June 22, 2022, for individuals to opt into the class?

It appears the settlement agreement was filed with the Court on June 22, 2022. The deadline to opt into the class was that same day. Am I correct? If so, doesn't that seem unjust?

Is there any way the settlement agreement can be revised and resubmitted to the Court?

Can you all propose to the State Department of Education to enter new terms on the agreement? Specifically, pushing the deadline of June 22, 2022, to meet class certification?

The deadline to meet class certification should at least be a couple of weeks beyond June 22, 2022. Can you all propose July 6, 2022?

Please let me know; thanks.