**GIBSON, DUNN & CRUTCHER LLP**
LUCAS TOWNSEND (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
ltownsend@gibsondunn.com
Telephone: 202.887.3731
Facsimile: 202.530.4254

**GIBSON, DUNN & CRUTCHER LLP**
JAMES L. ZELENAY, JR., SBN 237339
333 South Grand Avenue
Los Angeles, CA 90071
jzelenay@gibsondunn.com
Telephone: 213.229.7449
Facsimile: 213.229.6449

*Attorneys for Intervenor*
*Lincoln Educational Services Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*,<br><br>and<br><br>CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY; EVERGLADES COLLEGE, INC.; AMERICAN NATIONAL UNIVERSITY; and LINCOLN EDUCATIONAL SERVICES CORPORATION,<br><br>*Intervenors*. | Case No. 19-cv-03674-WHA<br><br>Judge: Hon. William H. Alsup<br>Courtroom: 12<br><br>**SUPPLEMENTAL DECLARATION OF FRANCIS GIGLIO IN SUPPORT OF INTERVENOR LINCOLN EDUCATIONAL SERVICES CORPORATION'S RESPONSE TO JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Hearing Date: November 3, 2022<br>Hearing Time: 11:00 am<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

I, Francis Giglio, have personal knowledge of the facts stated herein and hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Senior Vice President of Compliance and Regulatory Services at Lincoln Educational Services Corporation ("Lincoln"). I am over the age of 18 and suffer from no impairments that would prevent me from giving a declaration. This supplemental declaration details additional developments that have occurred since I submitted my first declaration in this case on July 13, 2022.

2. On August 8, 2022, Lincoln received a letter from the Department of Education ("Department") regarding a single borrower defense application submitted on behalf of approximately 350 students who were enrolled in Lincoln Technical Institute's criminal justice program at two of its Massachusetts campuses between 2010 and 2013. The Department's letter provided a list of the students in question and a generalized description of grounds for borrower defenses on behalf of all approximately 350 students. Based on the Department's letter, it appears that the application is premised on many of the same allegations by the Massachusetts Attorney General that were settled in 2015 without any findings of liability. The Department's letter, which did not state who submitted the application or when it was submitted, asked Lincoln to submit any response within 60 calendar days.

3. On August 11, 2022, I emailed the Department to request further details of the individual students' claims to assist in responding to their application. The Department has not responded or provided any additional information in response to my request.

4. On October 5, 2022, Lincoln timely responded to the Department's letter to the best of its ability, given that the Department did not provide Lincoln with a copy of the borrower defense application or any supporting documentation or evidence. Among other grounds, Lincoln noted that the borrower defense application appeared to be untimely, facially insufficient, and unmeritorious.

5. Furthermore, according to Lincoln's records, at least 40 of the approximately 350 students included in the borrower defense application had not received any Title IV federal student loans and therefore are ineligible for borrower defense relief. This further calls into question the basis for the application.

6. After I submitted my first declaration in this case, the Biden Administration announced a plan (the "Biden plan") to forgive up to $20,000 in student loan debt to Federal Pell Grant recipients

and up to $10,000 in debt relief to non-Pell Grant recipients for borrowers with an individual income of less than $125,000 or joint household income of less than $250,000. *See The Biden-Harris Administration's Student Debt Relief Plan Explained*, Federal Student Aid, bit.ly/3rrrBgF. The Biden plan apparently would apply to members of the class in this case. The Biden plan thus provides an important point of comparison and raises questions about whether, and to what extent, class members and post-class borrower defense applicants will benefit from the proposed settlement.

7. Lincoln primarily offers short-term programs of study that do not require students to finance multi-year degree programs. The typical length of a program of study at Lincoln is one to two years. According to data publicly available on the Department's College Scorecard, the median total debt after graduation for Lincoln students is approximately $11,000.

8. For the Lincoln students whose borrower defense applications were transmitted to Lincoln in 2021, the average amount of Title IV federal student loans issued to students and their parents was approximately $13,000, and the median amount of Title IV federal student loans issued to those students and their parents was approximately $10,000. These figures reflect initial Title IV federal student loan balances and do not reflect any accrued interest or current loan balances.

9. For the Lincoln students whose borrower defense applications were transmitted to Lincoln in August 2022, the average and median amount of Title IV federal student loans issued to students and their parents was approximately $7,500. These figures reflect initial Title IV federal student loan balances and do not reflect any accrued interest or current loan balances.

10. Comparing Lincoln's specific data to the Biden plan shows that approximately 81% of Lincoln students who received Federal Pell Grants and submitted borrower defense applications had an initial Title IV federal student loan balance below the $20,000 cancellation limit of the Biden plan. Approximately 54% of Lincoln students who did not receive Pell Grants had an initial Title IV federal student loan balance below the corresponding $10,000 cancellation limit. These data suggest that many borrower defense applicants may receive substantial, if not complete, relief under the Biden plan independent of monetary relief available under the proposed settlement in this case.

I declare, under the penalty of perjury under the laws of the United States that these facts are true and correct and that this Declaration is executed this 6th day of October, 2022 at Westfield, New Jersey.

EXECUTED: October 6, 2022

Westfield, New Jersey

*[Signature]*
Francis Giglio