**GIBSON, DUNN & CRUTCHER LLP**
LUCAS TOWNSEND (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
ltownsend@gibsondunn.com
Telephone: 202.887.3731
Facsimile: 202.530.4254

**GIBSON, DUNN & CRUTCHER LLP**
JAMES L. ZELENAY, JR., SBN 237339
333 South Grand Avenue
Los Angeles, CA 90071
jzelenay@gibsondunn.com
Telephone: 213.229.7449
Facsimile: 213.229.6449

*Attorneys for Intervenor*
*Lincoln Educational Services Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*,<br><br>    and<br><br>CHICAGO SCHOOL OF PROFESSIONAL PSYCHOLOGY; EVERGLADES COLLEGE, INC.; AMERICAN NATIONAL UNIVERSITY; and LINCOLN EDUCATIONAL SERVICES CORPORATION,<br><br>    *Intervenors*. | Case No. 19-cv-03674-WHA<br><br>Judge: Hon. William H. Alsup<br>Courtroom: 12<br><br>**DECLARATION OF LUCAS C. TOWNSEND IN SUPPORT OF INTERVENOR LINCOLN EDUCATIONAL SERVICES CORPORATION'S RESPONSE TO JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Hearing Date:  November 3, 2022<br>Hearing Time:  11:00 am<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

I, Lucas C. Townsend, declare as follows:

1. I am an attorney duly licensed by the Bar of the District of Columbia and admitted pro hac vice to practice before this Court. I am an attorney at the law firm Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and I am one of the attorneys representing Lincoln Educational Services Corporation ("Lincoln"), an intervenor in the above-captioned action. I am competent to testify to the matters set forth in this declaration.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Final Judgment by Consent in *Commonwealth of Massachusetts v. Lincoln Technical Institute, Inc., et al.*, No. 15-2044 (Mass. Sup. Ct., July 13, 2015).

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Freedom of Information Act ("FOIA") request submitted by Gibson Dunn on behalf of Lincoln to the Department of Education ("Department") on August 12, 2022.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Department's initial determination letter in response to Lincoln's FOIA request, dated September 13, 2022.

I declare under the penalty of perjury under the laws of the United States that these facts are true and correct. This Declaration is executed this 6th day of October, 2022 in Washington, D.C.

_____
Lucas C. Townsend

# EXHIBIT 1

NOTIFY

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                               SUPERIOR COURT
                                                           CIVIL ACTION NO.
                                                           15-2044 C

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| Plaintiff, | ) |
| v. | ) |
| LINCOLN TECHNICAL INSTITUTE, INC. and LINCOLN EDUCATIONAL SERVICES CORPORATION | ) |
| Defendants. | ) |

**FINAL JUDGMENT BY CONSENT**

Whereas Plaintiff Commonwealth of Massachusetts (the "Commonwealth"), by and through its Attorney General, conducted an investigation of, *inter alia*, various enrollment, disclosure, admissions, and educational practices by Lincoln Educational Services Corporation and Lincoln Technical Institute, Inc. (collectively, "Defendants" or "Lincoln"), and filed and served its Complaint on July 8, 2015, in the above-captioned matter pursuant to G.L. c. 93A, § 4, alleging that Defendants committed unfair or deceptive acts or practices in violation of c. 93A, § 2;

Whereas the parties have agreed to resolve this matter in accordance with this Final Judgment by Consent ("Final Judgment");

Whereas Defendants have consented to the entry of this Final Judgment, waiving any right to appeal and without trial or adjudication of any issue of fact or law;

Whereas Defendants acknowledge that this Court has subject matter jurisdiction and personal jurisdiction over Defendants, and that venue is proper in this Court;

JUDGMENT ENTERED ON DOCKET 7/15 20 15
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P.58(a)
AND NOTICE SEND TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

Whereas the Commonwealth acknowledges that Defendants have fully cooperated with the Commonwealth's investigation;

Whereas Defendants deny all allegations of wrongdoing and any liability for the purported claims asserted in the Complaint, but nonetheless consent to the entry of this Final Judgment in order to avoid the time, burden, and expense of contesting such liability; and

Whereas nothing in this Final Judgment constitutes an admission, declaration, or other evidence of any fact or law or, except with respect to the terms provided in this Final Judgment, the rights or liabilities of any person or entity.

NOW THEREFORE, upon Defendants' consent, the Court finding there is good and sufficient cause to enter this Final Judgment, and there being no just reason for delay:

I.  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court has jurisdiction over the subject matter and the Commonwealth and Defendants. Venue in this Court is proper under G.L. c. 223, § 5. The Attorney General is authorized to bring this action under G.L. c. 93A, § 4.

II. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants shall, beginning within thirty (30) days of entry of the Final Judgment, make the disclosures described in section III below, as applicable, (the "Required Disclosures") (i) on Defendants' website on a webpage that prospective students must pass through before obtaining information applicable to any School[1] program

---

[1] As used herein, "School" refers to the Massachusetts campuses of Lincoln Technical Institute, Inc., including any new campus in Massachusetts that is acquired or started after the date of this consent agreement.

2

and (ii) in writing to all students of the School at least 72 hours[2] prior to entering into an enrollment agreement and (iii) in all Massachusetts advertisements or written solicitations made by Defendants for the Schools that refer to any of the topics identified in section III below unless the section's exception applies. The Required Disclosures on Defendants' website shall be clear and conspicuous to consumers viewing information about any School. The Required Disclosures provided in writing pursuant to II(ii) above shall be double-spaced and in 12-point type. When the Required Disclosures are made pursuant to II(ii) above, the prospective student shall be required to sign and date the Required Disclosures, with a copy to be provided to the student and a copy retained by Defendants. Further, no School shall represent to a student or prospective student or to any other person that its credits are or may be transferable to another educational institution without (1) identifying the school(s) with which it has written agreements or other documentation verifying that credits can be transferred to said school(s); and (2) indicating it is aware of no other schools that accept the transfer of its credits.

III. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that unless Defendants have entered into an agreement with an employer under which the employer is required to provide employment to Defendants' students, Defendants shall disclose that THE SCHOOL HAS NO EXISTING AGREEMENT WITH EMPLOYERS TO PROVIDE JOBS TO STUDENTS AND DOES NOT GUARANTEE EMPLOYMENT.

---

[2] If the Attorney General's regulations are altered to require a different time period or no time period, such altered time period will be deemed to replace the 72 hour time period in section II.

IV. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in calculating placement percentages for their Massachusetts programs,

 A. Defendants shall not include the following positions: waitress or waiter, restaurant host or hostess, childcare provider, home health aide, or custodian; or positions in housekeeping, retail, food service, or transportation, except that, with respect to graduates of the criminal justice program, placements in retail may be counted where the students is primarily engaging in security or loss-prevention functions as opposed to general retail duties.

 B. Defendants shall include only those placements for which it has obtained verification in the form permitted by the applicable accreditor standards or by law. For each of the Schools, such verification shall be provided to the Attorney General's office, together with the last known name, address, and telephone number of the students whose employment has been verified, within ten (10) days of any written request by the Attorney General's office.

 C. Defendants shall not count as "placed" any student for whom the student's placement is outside the student's field of study.

V. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall:

 A. Pay to the Attorney General the sum of $850,000, which shall be paid within thirty (30) days of entry of the Final Judgment and which shall be distributed by the Attorney General to or on behalf of graduates of the criminal justice program of the Schools at the sole discretion of the

Attorney General. If at least nine months have passed since entry of the Final Judgment and the Attorney General determines in her sole discretion that any portion of the remaining funds is no longer needed for these purposes, the Attorney General may direct the monies to the Commonwealth's general fund.

B. Separately, forgive $165,000 of debt consisting of unpaid balances owed to Defendants or their affiliates by certain graduates as determined in the sole discretion of the Attorney General. Defendants will provide notice to the graduates at their last known mailing address of the debt forgiveness applicable to them, and provide documentation to the Attorney General of the notices and the amounts of debt forgiven. To the extent that Defendants have made negative reports regarding the forgiven loans to credit reporting agencies, Defendants will provide notice to such agencies that the loans have been forgiven.

VI. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall provide, on request by the Attorney General, within a reasonable time but in no event exceeding thirty (30) days after such a request, documents sufficient to demonstrate Defendants' compliance with the terms of this Final Judgment, including but not limited to documents sufficient to verify (i) that all required disclosures have been made, and (ii) that Defendants' placement calculations are being conducted in accordance with this Final Judgment. The Attorney General agrees that, prior to taking any action against Defendants, the Attorney General shall provide written notice of any suspected violations of this

5

Judgment and thirty (30) calendar day period to address any such suspected violations, within which period the parties shall make good faith efforts to meet and confer regarding the suspected violations. Any efforts by Defendants during the thirty (30) calendar day period to address any such violations shall not bar or limit the Attorney General from taking actions that it deems necessary to protect the public interest. Nor shall any such efforts by Defendants be proffered to establish that Defendants were in alleged violation of this Judgment. Nothing in this section shall affect or apply to any action that might be brought by the Attorney General except actions to enforce this Judgment.

VII. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of this Final Judgment shall apply to and are binding upon Defendants, their officers, managers, agents, servants, employees, successors and assigns, and upon any persons or entities in active concert or participation with them.

VIII. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall ensure that each of their current officers, managers, and placement and admissions employees at each School review the Final Judgment in its entirety within fourteen (14) days of entry of the Final Judgment and, within ten (10) days thereafter, provide a list of the names of those recipients. For new employees of any School at the director level or above, review shall occur prior to their assuming their responsibilities until the fourth anniversary of entry of this Final Judgment.

IX. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that by entry of this Final Judgment, the Commonwealth releases and forever discharges Defendants, including any of their current or former employees (relating solely to their conduct during their employment by Defendants), agents, subsidiaries and subdivisions, partners, predecessors, successors, or assigns (the "Released Parties"), from all civil claims, causes of action, *parens patriae* claims, damages, restitution, fines, costs, attorneys' fees, remedies and/or penalties relating to Lincoln's activities that were or could have been asserted against the Released Parties by the Attorney General as of the date of entry of this Final Judgment that are based on or arising from the Attorney General's investigation in this matter or the allegations of the Complaint.

X. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that nothing contained herein, nor any negotiations or transactions connected in any way with this Final Judgment, shall be offered or received in evidence in any proceeding to prove any liability, any wrongdoing, or an admission on the part of Defendants by any individual or entity not a party hereto; provided, however, that nothing herein shall prevent this Final Judgment from being used, offered, or received in evidence in any proceeding to enforce any or all of its terms.

XI. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court retains jurisdiction of this case pursuant to G.L. c. 93A, § 4 for purposes of enforcing this Final Judgment and granting such further relief as the Court deems just and proper.

XII. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any material violation of the Final Judgment may be deemed civil contempt.

XIII. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that nothing herein shall prevent the parties from petitioning the Court for a modification of this Final Judgment in the event that amendments or changes in federal or state law, future changes in accreditation or other standards, or unforeseen events create a conflict with the mandated provisions of this Final Judgment.

XIV. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall comply with all applicable laws and regulations, including, but not limited to, Massachusetts regulations regarding for-profit and occupational schools, 940 CMR 31.00, and that nothing in this Final Judgment shall relieve Defendants of their duty to comply with these laws and regulations.

XV. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Final Judgment may not be changed, altered, or modified, except by further order of the Court.

XVI. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall bear its own attorneys' fees and costs.

SO ORDERED:

_[signature]_
Justice, Superior Court

Date: July 13, 2015

# EXHIBIT 2



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE OF THE SECRETARY**
OFFICE OF THE EXECUTIVE SECRETARIAT
Freedom of Information Act (FOIA) Service Center

## FOIA REQUEST FORM

Use this form to request U.S. Department of Education records/information. Submit completed form and documentation via email: EDFOIAManager@ed.gov; fax 202-401-0920; or mail to U.S. Department of Education, Office of the Secretary, Office of the Executive Secretariat, 400 Maryland Avenue, SW, LBJ 7W106, Washington, DC 20202-0121, Attn: FOIA Public Liaison.

### REQUESTER INFORMATION

Title: Mr.   First Name: Jeff   M.I.:   Last Name: Liu

Business Name: Gibson, Dunn & Crutcher LLP   Title:

Address: 1050 Connecticut Ave N.W.   Bldg/Apt#:

City: Washington   State: DC   Zipcode: 20036

Phone Number: 202-955-8285   Fax Number: 202-831-6163   Email: jyliu@gibsondunn.com

**Requester Description**

☐ An individual seeking information for personal use.

☒ Affiliated with a private corporation and seeking information for use in the company's business.

☐ A representative of the news media/press and this request is made as part of news gathering and not for commercial use.

☐ Affiliated with a public interest group and this request is not for commercial use.

☐ Affiliated with an educational or noncommercial scientific institution and this request is for a scholarly purposes.
  - Provide a description of the scholarly purpose the requested documents support.
  - If the scholarly purpose is currently funded by the Department of Education, provide funding numbers and award name.
  - If the documents requested are to increase the possibility of receiving a grant or contract to conduct a scholarly purpose, then the purpose of the request is commercial.

**Comments** (i.e. media agency, description of scholarly purpose)

**Description of documents that are being requested.** Be as specific as possible with regard to names, dates, places, events, subjects, etc. If known, you should include any file designations or descriptions for the records that you are requesting.

All documents describing the Department of Education's determination to place Lincoln College of Technology and Lincoln Technical Institute on a list of entities for which there exists "strong indicia regarding substantial misconduct" for purposes of the proposed settlement in Sweet v. Cardona, No. 3:19-cv-03674 (N.D. Cal.), Dkt. 246 (at 17-18, Exhibit C).

## FEES AND FEE WAIVERS

☒ I agree to pay all applicable fees. *(To view the fee structure, visit: http://www2.ed.gov/policy/gen/leg/foia/fees.html)*

☐ I request a waiver or reduction of fees.
*(To view the criteria for fee waivers, visit: http://www2.ed.gov/policy/gen/leg/foia/fee-waiver.html)*

☐ Enter a specified amount which you agree to pay. I understand I will be notified if the estimated cost exceeds the specified amount I provided. *(Note: The Department does not charge for request which total $25 or less.)*

## EXPEDITED PROCESSING

If you are requesting expedited processing, choose the appropriate rationale for your request below.

☐ Failure to obtain requested records could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. Additionally, if immediate use of the FOIA is shown to be critical (as opposed to a mere allegation) to the preservation of a substantial right that fact may also be considered.

  **Explain**


☐ Request made by a person primarily engaged in disseminating information and there is an urgency to inform the public concerning actual or alleged Federal Government activity (this option available ONLY for requesters primarily engaged in disseminating information).

  **Explain**


## ADDITIONAL COMMENTS

**Additional Comments**

---

***Privacy Act Statement:***

**AUTHORITY:** 5 U.S.C. 301, Departmental Regulations and 5 U.S.C. 552, Freedom of Information Act (FOIA).

**PURPOSE:** to allow individuals to file electronic FOIA requests; to track all FOIA requests from receipt to response to compile statistics for the Annual FOIA Report; to research and respond to FOIA requests; to maintain case files to comply with records disposal requirements; and to maintain an administrative record to support any litigation.

**ROUTINE USE:** Requests are received, assigned a case number, routed to the appropriate office or organization for research and response, and filed in a case file. Requests that are transferred, receive a no records response, or granted in full are retained for 2 years and then destroyed. Requests that are denied in whole or in part are retained for 6 years then destroyed.

**DISCLOSURE:** Voluntary. We seek your full name and postal mailing address so we may mail a response to you. Failure to provide this information may result in your request not being processed (this page does not capture email addresses).

Information collected by this form is also used for trend analysis and may be shared with law enforcement personnel. Information submitted may be retained indefinitely.

# EXHIBIT 3

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE SECRETARY

FOIA Service Center

September 13, 2022

Jeff Liu
1050 Connecticut Ave N.W.
Washington, DC  20036

**RE: 20 –DAY NOTIFICATION 22-03396-F**

Dear Jeff Liu:

This is the Department of Education's (the Department) initial determination letter to your request dated, August 12, 2022, seeking information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Your request was forwarded to the appropriate office(s) within the Department for any responsive documents they may have.

Due to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement. The scope of your FOIA requests requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records.

You can check on the status of your FOIA request at the link provided below:
https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx

You have the right to seek assistance and/or dispute resolution services from the Department's FOIA Public Liaison or the Office of Government Information Services (OGIS).  The FOIA Public Liaison is responsible, among other duties, for assisting in the resolution of FOIA disputes.  OGIS, which is outside the Department of Education, offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.

They can be contacted by:

|       | FOIA Public Liaison | Office of Government Information Services |
|-------|---------------------|-------------------------------------------|
| Mail  | FOIA Public Liaison<br>Office of the Secretary<br>U.S. Department of Education<br>400 Maryland Ave., SW,<br>LBJ 7W104<br>Washington, DC 20202-4500 | Office of Government Information Services<br>National Archives and Records Administration<br>8601 Adelphi Road<br>College Park, MD  20740-6001 |
| E-mail | robert.wehausen@ed.gov | OGIS@nara.gov |
| Phone | 202-205-0733 | 202-741-5770; toll free at 1-877-684-6448 |
| Fax   | 202-401-0920 | 202-741-5769 |

Page 2 - Jeff Liu
FOIA Request No. 22-03396-F

                                                                          Sincerely

                                                                          ED FOIA Manager
                                                                          FOIA Service Center
                                                                          U.S. Department of Education