BRIAN D. NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
STUART J. ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING, INC.
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: 617-390-2669
Fax: 781-218-9625

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendants. | No. 3:19-cv-03674-WHA<br><br>**JOINT RESPONSE TO NOVEMBER 4, 2022 ORDER** |

On November 4, 2022, the Court entered an order requiring the submission of certain information prior to the November 9, 2022 final fairness hearing. *See* Request for Information and Logistics for Next Week's Hearing, ECF No. 334 ("Nov. 4 Order"). The parties hereby submit the following response.

Joint Response
3:19-cv-03674-WHA
1

First, the Court requested the Secretary and Plaintiffs to provide "a list of all group discharges of student loans made pursuant to 20 U.S.C. Section 1082(a)(6)," including "the date of the discharge, the number of borrowers impacted by each discharge, and the total dollar amount of loans cancelled." Nov. 4 Order at 1. Defendants provide the list and information below, subject to a few caveats. First, Defendants do not, as a general matter, keep records of each and every exercise of the Secretary's authority to compromise student loan debts under this source of authority, so the list is necessarily underinclusive. Second, the Secretary has most often used this authority to compromise student loan debts on an individualized, case-by-case basis, as opposed to providing group discharges. Third, the data below regarding number of borrowers and amounts discharged are estimates, compiled to the best of Defendants' ability.

| School | Date Announced[1] | Est. Number of Borrowers | Est. Amount Discharged |
|---|---|---|---|
| Dream Center Education Holdings (Art Inst. of Colo.; Ill. Inst. of Art) | Nov. 8, 2019 | 7,400 | $175,000,000 |
| *Weingarten v. Cardona*, No. 1:19-cv-02056-DLF (D.D.C.)[2] | Oct. 12, 2021 | 7 | $283,000 |
| Minnesota Sch. of Bus./Globe Univ. | July 15, 2021; Feb. 16, 2022 | 1,191 | $26,000,000 |
| Marinello Schools of Beauty | Apr. 28, 2022 | 28,000 | $238,000,000 |
| Corinthian Colleges, Inc. (Everest; Heald College; WyoTech) | June 1, 2022 | 560,000 | $5,800,000,000 |
| ITT Technical Institute | Aug. 16, 2022 | 208,000 | $3,900,000,000 |
| Westwood College | Aug. 30, 2022 | 79,000 | $ 1,500,000,000 |

Defendants further note that the five group discharges provided this year applied to borrowers with both Direct Loans and Federal Family Education Loans.

Second, the Court ordered the Secretary to provide "a brief statement regarding loans

---

[1] The list provides the date that each group's discharge was announced rather than "the date of the discharge," Nov. 4 Order at 1, because the discharges unfold in a multi-step process that causes the actual discharge date to vary within each relevant group.

[2] In 2017, the Department agreed to settle another class action lawsuit, *Salazar v. King*, 14-cv-1230 (RWS) (S.D.N.Y.), challenging the Department's denial of applications for student loan discharges based on a school's false certification of eligibility, by accepting a lower level of evidence for class member applications than would otherwise be required. The case did not involve a "group discharge," but Defendants reference it here because it involved a similar exercise of the Secretary's settlement and compromise authority to that contemplated in the proposed settlement here.

implicated by our settlement made pursuant to the Federal Family Education Loan [FFEL] Program," and specifically how 'the Department would compensate the private FFEL loan holder for the discharge amount.'" Nov. 4 Order at 1.

In the borrower defense context, a borrower with a privately-held FFEL loan must typically consolidate that loan into a Direct Consolidation Loan to receive borrower defense relief. *See* 34 C.F.R. § 685.212(k). In those cases, the FFEL loan held by the private lender is paid off by a Department-made Direct Consolidation Loan, which the Department, in turn, discharges. *See id.*

In the context of this settlement, class members with privately-held FFEL loans will not have to consolidate their loans to receive settlement relief.[3] The Department will work with the guaranty agencies that ensure private FFEL loans and lenders to carry out a process used for FFEL loans in the past to effectuate other discharges, including borrower-defense-related discharges provided for in court orders. *See, e.g.*, *Vara v. DeVos*, No. 19-CV-12175-LTS, 2020 WL 3489679, at *34 (D. Mass. June 25, 2020). For FFEL loans that are held by lenders, that process involves coordinating with the lenders and guaranty agencies to obtain and share the information needed to complete the discharge, such as the loan amount. The guaranty agency will purchase the loan from the lender by paying the lender the amount of the outstanding principal and interest on the loan. This is the same process that the guaranty agency and lender would follow when a loan enters default. *See* 20 U.S.C. § 1078(c); 34 C.F.R. § 682.406(a). Once the guaranty agency has obtained the loan, it discharges the borrower's loan obligation and is subsequently reimbursed by the Department for the amount it paid the lender.

<u>Third</u>, the Court ordered the Secretary and Plaintiffs to "address the extent to which the ongoing litigation and the stay imposed by the Court of Appeals for the Eighth Circuit has on our action, if any. *See Nebraska v. Biden*, No. 22-3179 (8th Cir. filed Oct. 21, 2022)." Nov. 4 Order

---

[3] This answer concerns FFEL loans held by a lender and does not address FFEL loans that are held by a guaranty agency or the Department. For FFEL loans held by a guaranty agency—which would be a loan that is in default or in bankruptcy—the guaranty agency discharges the loans and is subsequently reimbursed by the Department. FFEL loans held by the Department will be discharged in the same way as Direct Loans.

at 1.

The referenced litigation challenges a recent determination by the Secretary to provide a measure of targeted, one-time student loan debt cancellation pursuant to his authority under the Higher Education Relief Opportunities for Students Act, Pub. L. 108-76, 117 Stat. 904 (2003) (codified at 20 U.S.C. §§ 1098aa-1098ee) ("HEROES Act").  Neither the Secretary's determination, nor the litigation attacking it, has any impact on the Court's determination of whether the parties' proposed settlement agreement is fair, adequate, and reasonable for the class. The HEROES Act is not at issue here—as elsewhere noted, the loan discharges contemplated in the proposed settlement agreement are pursuant to the Secretary's authority under a different statutory provision, 20 U.S.C. § 1082(a)(6).  After one of the HEROES Act cases was dismissed on standing grounds, the Eighth Circuit entered an "administrative stay"—which prohibits the discharge of student loan debt under the challenged program while the court considers plaintiffs' motion for an injunction pending appeal, *see* Order, *Nebraska v. Biden*, No. 22-3179 (8th Cir. Oct. 21, 2022)—but that "administrative stay" (which was issued without merits briefing and is not a determination on the merits) has no effect on this litigation.

Defendants are committed to providing class members the degree of relief to which they are entitled under the proposed settlement agreement, regardless of whether they may receive a measure of loan relief through other available avenues.  *Cf.* Proposed Settlement Agreement § IV.A.4, ECF No. 246-1 (parties' acknowledgement that some class members may be eligible for loan discharges outside of the settlement and agreement that any class member deemed eligible for such relief "shall receive Full Settlement Relief pursuant to this Agreement").  In other words, while settlement relief (*i.e.*, discharge plus refund) may not exceed a class member's combined amounts of federal student loan debt owed to and collected by the Secretary, see 34 C.F.R. § 685.206(c)(1); 34 C.F.R. § 685.206(e)(iii); 34 C.F.R. § 685.222(a)(5)), the settlement agreement operates independently of other statutory avenues for providing class members debt relief.

Dated: November 9, 2022

Respectfully submitted,

*/s/ Rebecca C. Ellis*
EILEEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING, INC.
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: 617-390-2669
Fax: 781-218-9625

JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

*Attorneys for Plaintiffs*

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT
STUART J. ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*