BRIAN D. NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
STUART J. ROBINSON
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (415) 436-6635
E-mail: stuart.j.robinson@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**NOTICE OF FILING OF DECLARATION OF MICHAEL GARRY** |

In accordance with the Court's Request for Supplemental Declaration and Reservation of Jurisdiction, ECF No. 357, Defendants hereby the submit the declaration of Michael Garry, Supervisory Program Manager for Borrower Defense. The declaration is attached hereto as Exhibit A.

19-cv-03674-WHA

1

| | |
|---|---|
| Dated: January 30, 2023 | Respectfully submitted, |
| | BRIAN D. NETTER<br>Deputy Assistant Attorney General |
| | STEPHANIE HINDS<br>United States Attorney |
| | MARCIA BERMAN<br>Assistant Branch Director |
| | */s/ Stuart J. Robinson*<br>R. CHARLIE MERRITT<br>STUART J. ROBINSON<br>Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20055<br>Telephone: (415) 436-6635<br>E-mail: stuart.j.robinson@usdoj.gov |
| | *Counsel for Defendants* |

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and MIGUEL CARDONA, in his official capacity as Secretary of Education, <br><br> Defendants. | No. 19-cv-03674-WHA <br><br> DECLARATION OF MICHAEL GARRY |

I, Michel Garry, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am employed by the United States Department of Education ("Department") as the Supervisory Program Manager for Borrower Defense in the Office of Student Experience and Aid Delivery ("SEAD") within Federal Student Aid ("FSA"). I have been employed in this position since March 2022. Prior to that, I served as an attorney and supervisory attorney in the Borrower Defense Group for FSA since September 2016.

3. As SEAD's Supervisory Program Manager for Borrower Defense, I coordinate Borrower Defense related mailings and discharge processing requests.

4. Through the execution of my duties and my discussions with FSA staff, my communications with Federal Loan Servicers and vendors, my coordination with FSA staff who engage directly with the guaranty agencies, my knowledge of the operational logistics involved in readying the Department to implement the Settlement Agreement ("Agreement") (ECF No. 246-1) that was approved by the Court on November 16, 2022 (ECF No. 345), and my general knowledge of this litigation, I certify that I am duly authorized and qualified to make the statements contained in this Declaration. The statements contained herein are based on my personal knowledge as an employee of the Department, my review of the pertinent records, and information provided to me in the performance of my official duties.

5. Soon after the Agreement was executed, FSA began to take the steps necessary to carry out the Department's obligations under the Agreement. Since June 2022, FSA has devoted significant staff resources to ensure that all necessary preparations would be in place to begin implementing the Agreement in a timely manner as of the Effective Date. A significant part of FSA's preparations has been preparing to effectuate full settlement relief for each of the

approximately 200,000 class members whose loan is associated with the schools, programs, and School Groups listed in Exhibit C (as amended) to the Agreement (the "Exhibit C Discharge Group").  In order to effectuate the discharge of a loan, FSA must send a request to the loan's servicer.  To identify loans from a particular list of schools, FSA must first determine those schools' Office of Postsecondary Education Identifier ("OPE ID" or "school code"), which is the identification number used to identify schools that participate in federal loan programs.  Due to the work necessary to determine the school code associated with Exhibit C schools, FSA had to prioritize the work that would be necessary to timely notify and effectuate relief for class members in the Exhibit C Discharge Group.

6.   Preparations for notifying, and effectuating full settlement relief for, class members in the Exhibit C Discharge Group involved several complex operational steps within FSA. As just described, to determine which Class Members applied for discharge of loans associated with Exhibit C schools, FSA first had to match the school codes to the Exhibit C schools. Then, FSA evaluated *Sweet* Class Members to determine which borrowers applied for discharge of a loan received for attendance at an Exhibit C school. Next, the nearly 2,900,000 federal student loans associated with the Exhibit C Class Members were analyzed to create the discharge processing requests.  The part of the process to analyze the loans and create the discharge requests alone took approximately three months.  In all there are approximately 20 vendors which includes six Federal Loan Servicers, the Department's Debt Management and Collection System ("DMCS"), and numerous guaranty agencies.  Each will receive its own list of loans that require action. Each vendor will process Exhibit C discharge requests, and each is set to receive a list of loans that need action taken under the Agreement. Each list of loans is comprised of a file containing

Declaration of Michael Garry
19-cv-3674-WHA

2

borrower and loan information. The file also contains detailed instructions as to what action should be taken for each loan.

7. Based on the preparations undertaken during the last several months, FSA was ready to send approximately 99% of the Exhibit C discharge requests to the Federal Loan Servicers today, January 30, 2023, and the discharge requests to the guaranty agencies in the coming days. During the January 26, 2023 hearing, counsel for Defendants explained to the Court why it was not feasible for FSA to modify those instructions such that only the Exhibit C discharges *not* associated with the Intervenor schools could still go out in that timeframe.

8. I have reviewed the transcript of the January 26, 2023 hearing and can confirm that Defendants' counsel's statements were accurate. In particular, FSA does not have a single list from which it could identify the Exhibit C Class Members, remove those who attended certain schools, and allow the discharge process to simply move forward. Based on the manner in which the files were created for the Exhibit C schools, FSA determined prior to the January 26, 2023 hearing, that it could not automatically extract the information for a subgroup of the Exhibit C Discharge Group and that, if it had to revise the files for each of the vendors, it would be required to manually re-create all the files. This process of extracting information for a portion of the Exhibit C Discharge Group is made more complicated by the fact that some borrowers have multiple loans across different servicers. Thus, it was FSA's conclusion, shared with Defendants' counsel prior to the January 26, 2023 hearing, that any last-minute changes could not be made to allow it to send just a portion of the Exhibit C discharges to the Loan Servicers as planned.

9. Given the Court's concerns expressed at the January 26, 2023 hearing, as well as concerns expressed to the Department by Plaintiffs, FSA started to undertake the process of

creating new requests that omit borrowers from the intervenor schools and convened an emergency meeting on the morning of January 27, 2023 to discuss ways to expedite the process of creating the new requests.[1]  As a result of having started that process and the discussions in that meeting, FSA determined that it could create the new requests in less time than it took to create the original requests.  This process will include extracting the cases associated with borrowers who attended the Intervenor schools without needing to re-create the files.  To do this, FSA has to identify all Class Members associated with the four Intervenor schools.  FSA must extract the borrower's application information, including case number, from FSA's data system.  FSA then must go into each data file and cross reference the borrower's case number to identify and extract the borrower's loans from the data file.  Each file must be looked at independently to ensure borrowers with loans at multiple vendors are extracted.  Once the initial extraction is complete and Intervenor school borrowers extracted, FSA would conduct an additional quality review step to ensure no borrower who should have been extracted remains.

   10.  As explained above, it took approximately three months for FSA to identify from the universe of Federal student loans the number of loans associated with Class Members (determined to be approximately 2,900,000) to be included in the Exhibit C Discharge Group and then manually develop the files and instructions for the Exhibit C Discharge Group.  FSA is optimistic that it can complete the extraction process described in Paragraph 9 in considerably less than three months.  FSA has already started this work and intends to update the Court on its progress during or before the hearing on February 15, 2023.  Although FSA will be working over the coming weeks to create the revised instructions and files, it will not issue any Exhibit C discharge instructions or send out any files given the Court's January 26, 2023 orders.

---

[1] FSA was aware that only three Intervenors had filed notices of appeal. But given that the fourth Intervenors still had time to file a notice of appeal as of the morning of January 27, we included the fourth Intervenor in an abundance of caution.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 30th day of January, 2023.

_____
Michael Garry
Supervisory Program Manager
Office of Student Experience and Aid Delivery
Federal Student Aid
U.S. Department of Education

Declaration of Michael Garry
19-cv-3674-WHA

5