Jesse Panuccio (*pro hac vice*)
Jason Hilborn (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Ste. 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
jpanuccio@bsfllp.com
jhilborn@bsfllp.com

John J. Kucera (SBN 274184)
**BOIES SCHILLER FLEXNER LLP**
725 S. Figueroa St., 31st Fl.
Los Angeles, CA 90017
Telephone: (213) 629-9040
jkucera@bsfllp.com

*Counsel for Intervenor Everglades College, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 3:19-cv-03674-WHA <br><br> **DECLARATION OF JOSEPH C. BERARDINELLI IN SUPPORT OF INTERVENOR'S MOTION FOR STAY PENDING APPEAL** |

DECLARATION OF JOSEPH C. BERARDINELLI, Case No.: 3:19-cv-03674-WHA

I, Joseph C. Berardinelli, hereby declare as follows:

1. I am over the age of eighteen and competent to testify to the matters herein.

2. I have been an employee of Everglades College, Inc. ("ECI") (or its component institutions) for 18 years. I am the Senior Vice Chancellor, Chief Financial Officer, and Treasurer for ECI. In this role, among other responsibilities, I am responsible for all financial aspects of the university including, but not limited to, maintaining the institutions' treasury and obtaining financing for the acquistion of real and personal property.

3. I have knowledge of the facts stated herein and, if called upon as a witness, I could and would testify competently thereto.

4. This declaration is submitted in support of Everglades College, Inc.'s Reply in Support of Motion For Stay Pending Appeal.

5. Everglades College, Inc. ("ECI") is a Florida nonprofit corporation that runs an independent university system for undergraduate and graduate programs. ECI focuses on providing education to those who want to return to school to enhance or change their careers. ECI accomplishes this goal through two nonprofit educational institutions: Everglades University and Keiser University. These institutions collectively enroll around 20,000 students on 27 campuses, in three countries, and online.

6. To my knowledge, and based on a reasonable investigation of ECI's business records, the Department of Education has not informed ECI, Everglades University, or Keiser University that any of its students or former students have filed borrower-defense applications.

7. I am aware that on January 27, 2023, Plaintiffs filed with the Court the declarations of Marlo Duffy and Tiffany Winder, and that these individuals assert they "attended Keiser" and "submitted a borrower defense application on or before June 22, 2022." Doc. 361-1 at 64, 158.

8. Despite the notice requirements in the borrower-defense regulations, the Department of Education ("Department") has never notified Keiser University that Marlo Duffy or Tiffany Winder filed borrower-defense applications related to the university. The Duffy and Winder declarations do not contain any specific allegations of wrongdoing by Keiser University,

and the Department has never afforded Keiser University the opportunity to answer any specific allegations made by Marlo Duffy or Tiffany Winder.

9. Our staff has performed a search of our database of students and former students and has been unable to locate a record of attendance at Keiser for any person named "Marlo Duffy" or "Tiffany Winder." To the best of my knowledge, and based on a search of institutional records, prior to the filing of the recent Duffy and Winder declarations, neither the Department of Education nor Plaintiffs' counsel ever provided ECI with any complaints from, or information about, Marlo Duffy and Tiffany Winder. It thus goes without saying that ECI has not been afforded the opportunity to address any specific allegations of wrongdoing made by Marlo Duffy or Tiffany Winder.

10. The declaration from Tiffany Winder states that Winder has been damaged by "[t]he scam," but fails to explain the alleged scam or how it damaged her. She alleges that the Chancellor of Keiser University is a "ruthless person who continues with greed and immorally acts out of selfishness." But Winder provides no facts to support these allegations. Unfortunately, these are examples of the baseless attacks that the Settlement in this case encourages—attacks that ultimately harm the school's reputation.

11. The declaration from Marlo Duffy states that Duffy was a student at Keiser College (now Keiser University) over twenty years ago and complains of being divorced and saddled with debt but makes no allegation of misconduct by Keiser College.

12. Another example of such reputational harm comes from Plaintiffs' counsel, who has used the settlement to claim in the media, as a matter of established fact, that persons receiving relief under the settlement were "cheated by their schools." Doc. 325-4.

13. ECI's inclusion on Exhibit C is causing financial and programmatic consequences and harm for the institution. Some lenders have expressed concern and begun inquiring about the Settlement as part of their due diligence, which has (1) required ECI to dedicate resources to addressing those questions and concerns, (2) delayed and/or increased the cost of financing, and (3) caused, in some instances, potential lenders not to provide financing.

DECLARATION OF JOSEPH C. BERARDINELLI, Case No.: 3:19-cv-03674-WHA

14. ECI is supportive of full and fair adjudication of any and all borrower-defense claims. But ECI has not been provided an opportunity to answer (or even know) the allegations leveled against it. Yet ECI's federal regulator, with the impramatur of the Final Judgment of a federal court, has determined ECI engaged in misconduct. I understand that Plaintiffs argue the Intervenor schools have not provided evidence of harm caused by this process. However, the evidence described above, as well as other evidence filed in this case, shows that ECI is already experiencing actual harm from the Settlement and Final Judgment. Moreover, Plaintiffs' argument ignores how harm unfolds once an institution's federal regulator has deemed it a wrongdoer. This harm unfolds over time, sometimes in unforeseen ways, such as community partners ending relationships without explanation, prospecive students who are turned off before applying, prospective faculty who take other opportunities, and other regulators making unfounded assumptions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 3, 2023          s/ /s/ Joseph C. Berardinelli

                                 Joseph C. Berardinelli