JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521


*Attorneys for Plaintiffs*

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS *(pro hac vice)*
rellis@ppsl.org
REBECCA C. EISENBREY *(pro hac vice)*
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants.* | Case No.: 19-cv-03674-WHA<br><br><br>**PLAINTIFFS' OBJECTION TO REPLY EVIDENCE**<br><br>**HEARING DATE: February 15, 2023**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiffs hereby submit this Objection to Reply Evidence. Plaintiffs respectfully request that this Court strike from the record certain portions of the Declaration of Francis Giglio (ECF No. 364-2) ("Giglio Decl.") and the Declaration of Joseph C. Berardinelli (ECF No. 364-3) ("Berardinelli Decl.") because those declarations include untimely evidence that should have been presented, if at all, in Intervenors' affirmative motion.

## **ARGUMENT**

"As a general rule, courts decline to consider information and arguments presented for the first time in a reply brief." *U.S. ex rel. Doe v. Biotronik, Inc.*, No. 2:09-cv-3617, 2015 WL 6447489, at *2 (E.D. Cal. Oct. 23, 2015). Although a district court has discretion to consider new evidence presented with a reply brief, it will generally do so only if the new evidence is "a reasonable response to the opposition," *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1248-49 (N.D. Cal. 2018), or constitutes a further analysis of "previously disclosed" materials, *In re Google AdWords Litig.*, No. 5:08-CV-3369, 2012 WL 28068, at *7-8 (N.D. Cal. Jan. 5, 2012), *overruled on other grounds*, *Pulaski & Midleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015).

Here, the Intervenors were clearly on notice that the viability of their Motion to Stay would depend on their ability to marshal evidence of irreparable harm—indeed, they devoted an entire section of their opening brief to that point. *See* Joint Motion for Stay Pending Appeal at 18-22, ECF No. 350 ("Stay Mot."). Yet the only evidence that Intervenors submitted at the time was an attorney declaration attaching two website excerpts. *See id.* at 21; Decl. of Lucas C. Townsend, ECF No. 350-1. They waited until their Reply Brief to file declarations that purported to describe harms that two of the Intervenors have supposedly experienced—too late for Plaintiffs to investigate these claims or to respond to Intervenors' arguments based on them.

Much of the information in the Giglio and Berardinelli Declarations was known to Intervenors as of the time they filed their Stay Motion. For example, Mr. Giglio cites a posting on the Federal Trade Commission's website dated September 16, 2022, *see* Giglio Decl. ¶ 6, and

securities filings dated August 8, 2022, and November 7, 2022, *see id.* ¶ 9.[1] If Intervenors intended to rely on these documents and Mr. Giglio's views of them as evidence, there is no reason that evidence could not have been appended to the opening brief.

Mr. Giglio also complains of a high school teacher rescinding an invitation for a Lincoln representative to speak to a class of students, which reportedly took place on January 9, 2023—before Intervenors filed their Stay Motion. *See id.* ¶ 4. Mr. Giglio goes on to claim that the names of the teacher and the Lincoln employee involved in this situation must be withheld "to protect their privacy," *id.*—an assertion that Plaintiffs would have challenged if the declaration had been timely filed, particularly given that class members who submitted evidence in support of Plaintiffs' opposition had no such luxury of anonymity when Lincoln and ECI accused them of lying under oath. *See* Giglio Decl. ¶ 8; Berardinelli Decl. ¶ 9.

Mr. Berardinelli, for his part, does not bother to attach any dates to his vague assertions that ECI has had to "dedicate resources" to addressing questions about the Settlement in this case, and that the Settlement has "delayed and/or increased the cost of financing" or "caused, in some instances, potential lenders not to provide financing." Berardinelli Decl. ¶ 13. The Declaration certainly does not indicate that these events have occurred in the past two weeks. If the Berardinelli Declaration had been timely filed, Plaintiffs would have had an opportunity to investigate these claims and seek details that might be able to substantiate or disprove them.

Both Mr. Giglio and Mr. Berardinelli speak vaguely of harm that "unfolds over time, sometimes in unforeseen ways." *Id.* ¶ 14; *see* Giglio Decl. ¶ 7 ("The harm from being deemed a

---

[1] It is worth noting that paragraph 9 is disingenuous in its own right. Mr. Giglio claims that disclosing the existence of the Settlement in this case in Lincoln's securities filings has "caused concrete and material consequences for the company, its financial reporting, and its shareholder relations." Giglio Decl. ¶ 9. Yet a brief perusal of Lincoln's listing on the NASDAQ exchange shows that Lincoln's stock was *higher* as of the date of the Reply Brief ($6.58) than it was on the date Exhibit C was made public ($6.00). *See* https://finance.yahoo.com/chart/LINC. Indeed, the stock equaled its 2022 high point ($7.71) on August 2, 2022, after Exhibit C had been public for over a month, and hit its 2022 low ($4.69) on October 14, 2022, which was not anywhere near the disclosure dates cited in the Declaration. *See id.* This is the type of fact-checking that Intervenors were apparently seeking to avoid by delaying the filing of their declarations.

wrongdoer by a regulator manifests itself over time, often in subtle and sometimes unpredictable ways."). Neither declarant states that such harms have, in fact, "unfolded" or "manifested" in the time since Plaintiffs filed their opposition brief. Indeed, they do not claim that such harm has occurred at all—simply that it someday could. Even if they had been timely submitted, such allegations are plainly insufficient to justify a stay. *See, e.g.*, *Doe #1 v. Trump*, 957 F.3d 1050, 1059-60 (9th Cir. 2020) ("conclusory factual assertions and speculative arguments that are unsupported in the record" cannot satisfy burden of demonstrating irreparable harm).

In each of the paragraphs described above, Intervenors are not responding to a new or unexpected argument or piece of evidence raised by Plaintiffs or the Department.[2] Intervenors had plenty of time to develop their purported evidence of harm, and it was their affirmative burden to do so. Their belated attempt to do so in reply should not be countenanced.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike paragraphs 4, 5, 6, 7, and 9 of the Giglio Declaration, and paragraphs 13 and 14 of the Berardinelli Declaration.


Dated: February 8, 2023

/s/ *Rebecca C. Ellis*

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130

---

[2] Intervenors' declarations do include some evidence that specifically responds to new information from Plaintiffs' opposition: namely, they address certain class member declarations that were appended to the opposition brief. *See* Giglio Decl. ¶ 8; Berardinelli Decl. ¶¶ 8-11. That evidence is not a subject of this objection. However, it is defective for other reasons, and Plaintiffs address it separately in their Motion for Leave to File Sur-Reply, filed simultaneously.

Plaintiffs' Objection to Reply Evidence
Case No.: 19-cv-03674-WHA

Tel.: (617) 390-2669

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

4