# Exhibit A

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (pro hac vice)
rellis@ppsl.org
REBECCA C. EISENBREY (pro hac vice)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No.: 19-cv-03674-WHA<br><br><br>**[PROPOSED] PLAINTIFFS' SUR-REPLY IN OPPOSITION TO JOINT MOTION FOR STAY PENDING APPEAL**<br><br>**HEARING DATE: February 15, 2023**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

The Intervenors in this case, in support of their Reply in Support of Joint Motion for Stay Pending Appeal (ECF No. 364) ("Reply Br."), submitted declarations from executives of two of the Intervenor schools. Each of these executives claimed that his respective institution was unable to locate records relating to class members who filed declarations in support of Plaintiffs' Opposition to Motion for Stay. *See* Declaration of Francis Giglio ¶ 8, ECF No. 364-2 ("Giglio Decl."); Declaration of Joseph C. Berardinelli ¶ 9, ECF No. 364-3 ("Berardinelli Decl."). The information that these executives attested to was inaccurate, incomplete, and/or irrelevant. Plaintiffs submit this sur-reply to correct the record, and respectfully request that the Court strike portions of the Giglio and Berardinelli Declarations as detailed below.

### A.  Incomplete Claims Regarding Class Member: Giglio Declaration

Paragraph 8 of the Giglio Declaration states that Mr. Keith Lapsker, a class member who filed a declaration in support of Plaintiffs' Opposition to Motion to Stay (*see* ECF No. 361-1 at 89), "did not attend Lincoln Tech, or any institution of higher education owned or operated by Lincoln Educational Services Corporation at the time of his attendance." Attached hereto as Exhibit 1 is a supplemental declaration from Mr. Lapsker that explains his situation in more detail. In short, Mr. Lapsker filled out forms to attend a school that was later purchased by Lincoln, then changed his mind and never attended classes—but he has since been pursued for over 25 years by debt collectors on a loan that was taken out in his name by the school. Lincoln has never taken any action to help correct this error. Mr. Lapsker was advised by the Department of Education to file a borrower defense application and state that he attended Lincoln.

Plaintiffs respectfully request that this Court strike Paragraph 8 of the Giglio Declaration. The information it contains about Mr. Lapsker is incomplete in a manner that is potentially misleading. While it is technically true that the school that took out the loan in Mr. Lapsker's name was not "owned or operated by Lincoln at the time" the fraudulent loan was originated, Lincoln did acquire that school, and it is (according to what Mr. Lapsker was told by the Department of Education) the relevant school now associated with his federal student loan. Further, the Intervenors rely on this incomplete evidence in their Reply Brief in a manner that is misleading,

by suggesting that Mr. Giglio's Declaration shows that class member declarations are "unreliab[le]" evidence. Reply Br. at 14.

## B. Inaccurate and Incomplete Claims Regarding Class Members: Berardinelli Declaration

Paragraph 9 of the Berardinelli Declaration states that ECI's "staff has performed a search of our database of students and former students and has been unable to locate a record of attendance at Keiser for" Ms. Marlo Duffy or Ms. Tiffany Winder, two class members who filed declarations in support of Plaintiffs' Opposition to Motion to Stay (*see* ECF No. 361-1 at 64, 158). Attached hereto as Exhibit 2 and Exhibit 3 are supplemental declarations from Ms. Duffy and Ms. Winder that explain why they apparently did not appear in ECI's searches. Quite simply, both women have gotten married and changed their names since they attended Keiser. Their enrollment and loan records would be under their maiden names.

Plaintiffs respectfully request that this Court strike the first sentence of Paragraph 9 of the Berardinelli Declaration. The information it contains about Ms. Duffy and Ms. Winder is inaccurate and incomplete. Further, the Intervenors rely on this evidence in their Reply in a manner that is misleading, by suggesting that ECI's inability to locate Ms. Duffy's and Ms. Winder's records shows that class member declarations are "unreliab[le]" evidence. *See* Reply Br. at 14.

## C. Inaccurate and Irrelevant Claims Regarding Class Members: Berardinelli Declaration

In addition to wrongly suggesting that Ms. Duffy and Ms. Winder were not actually Keiser students—despite their attestations under penalty of perjury—the Berardinelli Declaration suggests that Ms. Duffy and Ms. Winder, or perhaps Plaintiffs' counsel, or both, had an affirmative obligation to alert Keiser to these class members' specific claims of wrongdoing by the school. *See* Berardinelli Decl. ¶¶ 8, 9, 10, 11. This, too, is wrong.

The declarations that Ms. Duffy and Ms. Winder submitted in this case were specifically to support Plaintiffs' opposition to a stay pending appeal; the information relevant to that motion was the harm that Ms. Duffy and Ms. Winder would endure if a stay of the Settlement were issued. *See* Plaintiffs' Opposition to Motion to Stay at 10-11, ECF No. 361. That question has nothing to

2

do with the specific types of misconduct that these class members experienced or with the relative strengths of their borrower defense applications. Intervenors attempt to blur this line in furtherance of their (incorrect) argument that the legality of the Settlement is somehow tied to (their perception of) the hypothetical merits of each individual borrower defense application.

Further, the Berardinelli Declaration and the Reply Brief purport to draw conclusions from these irrelevant and incomplete claims in a manner that is potentially misleading. For example, Mr. Berardinelli asserts that Ms. Winder's declaration is "baseless" when he admittedly does not possess the information necessary to assess the basis of Ms. Winder's statements. *See* Berardinelli Decl. ¶ 10; *see also* Reply Br. at 14.

Plaintiffs therefore respectfully request that the Court strike the following portions of the Berardinelli Declaration:

- "The Duffy and Winder declarations do not contain any specific allegations of wrongdoing by Keiser University" (¶ 8);

- "To the best of my knowledge, and based on a search of institutional records, prior to the filing of the recent Duffy and Winder declarations, . . . Plaintiffs' counsel [n]ever provided ECI with any complaints from, or information about, Marlo Duffy and Tiffany Winder. It thus goes without saying that ECI has not been afforded the opportunity to address any specific allegations of wrongdoing made by Marlo Duffy or Tiffany Winder." (¶ 9);

- All of Paragraph 10; and

- All of Paragraph 11.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request the Court strike paragraph 8 of the Giglio Declaration and paragraphs 8 (in part), 9 (in part), 10, and 11 of the Berardinelli Declaration, and deny the Joint Motion for Stay Pending Appeal.

3

1   Dated: February 8, 2023

2                                    /s/ *Rebecca C. Ellis*

3                                    EILEEN M. CONNOR (SBN 248856)
                                     econnor@ppsl.org
4                                    REBECCA C. ELLIS (*pro hac vice*)
                                     rellis@ppsl.org
5                                    REBECCA C. EISENBREY (*pro hac vice*)
                                     reisenbrey@ppsl.org
6                                    PROJECT ON PREDATORY STUDENT
                                     LENDING
7                                    769 Centre Street, Suite 166
                                     Jamaica Plain, MA 02130
8                                    Tel.: (617) 390-2669

9
                                     JOSEPH JARAMILLO (SBN 178566)
10                                   jjaramillo@heraca.org
                                     HOUSING & ECONOMIC RIGHTS
11                                   ADVOCATES
                                     3950 Broadway, Suite 200
12                                   Oakland, California 94611
                                     Tel.: (510) 271-8443
13                                   Fax: (510) 868-4521

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
Plaintiffs' [Proposed] Sur-Reply in Opposition to Stay Pending Appeal
Case No.: 19-cv-03674-WHA

# Exhibit 1

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6

7

8

9

10

11

12

THERESA SWEET, ALICIA DAVIS, TRESA
APODACA, CHENELLE ARCHIBALD,
DANIEL DEEGAN, SAMUEL HOOD, and
JESSICA JACOBSON on behalf of themselves
and all others similarly situated,
                Plaintiffs,

        v.

MIGUEL CARDONA, in his official capacity
as Secretary of the United States Department of
Education,
        and
THE UNITED STATES DEPARTMENT OF
EDUCATION,
        Defendants.

Case No.: 19-cv-03674-WHA

**DECLARATION OF KEITH LAPSKER**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. My name is Keith Lapsker. I submit this supplemental declaration in response to the Declaration of Francis Giglio filed by Lincoln Educational Services Corporation. If called upon to do so, I am willing and able to testify to the information in this declaration.

2. The reason my name does not appear in Lincoln's records is because I never officially attended. However, I do have outstanding federal student loans associated with Lincoln Tech, which were taken out in my name without my consent and which I have been trying to get rid of for over 25 years.

3. In 1996, I attended a college admission fair that I heard about on a radio ad. The admissions fair was for the New England Institute of Technology in West Palm Beach. I understand that Lincoln Tech purchased NEIT.

4. An admissions advisor had me fill out applications for potential admission to the program. I thought at the time that the applications were benign and caused no issues.

Declaration of Keith Lapsker

5.  After I filled out these forms, I personally didn't like what I was seeing at this school. The admissions advisors were very aggressive. I spoke with students who told me not to "waste my money" and that "everyone gets accepted to the school."

6.  I left the open house and on the way home, I made the determination that this school wasn't for me.

7.  Approximately 2.5 years after this admission fair, I started receiving a statement from Sallie Mae for approximately $18,000 in student loans.

8.  I reached out to Sallie Mae and told my story. I was told to "keep paying this loan until this issue gets resolved." Sallie Mae advised me to consolidate these loans to make them more affordable during their investigation. This was a great mistake as now they had my signatures on the loans. I never heard back from them regarding this issue.

9.  Lincoln has never corrected this error and admitted that NEIT took out a loan in my name, which I did not understand they were going to take out, for a school I never attended.

10. The Lincoln Tech location in West Palm Beach was closed in 2017.

11. I eventually stopped paying on this loan. Many years went by, and the loans were sold to many other servicers. I had to tell my story over, and over again with never any resolution. There was no one that was able or had the power to help me.

12. In 2016, I got an email from my work's HR Department that my wages were being garnished, for approximately $600 per month. I panicked. This was an amount that I just could not afford. I also had open heart surgery in 2013 and was afraid of the stress.

13. I worked out a deal under an income-driven repayment for $213.00/month, although the loans have recently been on hold due to the COVID-19 issue.

14. Eventually I spoke with the ombudsman's office at the Department of Education's Federal Student Aid office. They advised me to file a borrower defense to repayment application and I would need to state that I attended Lincoln Tech.

Declaration of Keith Lapsker

15. This amount is now $75,000 and I am now 59 years old. This has been a major cause of stress and heartache and frustrations for a long time. My credit, trying to purchase a home and car, etc. has been difficult.

16. I can go on and on about this dilemma. I have been in an endless loop. I believe in my heart that the Department of Education can do better.

17. My last comment is that, if the VP of Lincoln Tech states that I never attended their school, then I should not be responsible for Lincoln Tech student loans.


Signed under the penalty of perjury.


February 8, 2023


*Keith Lapsker*
Keith Lapsker (Feb 7, 2023 15:18 CST)
Keith Lapsker

Declaration of Keith Lapsker

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, <br> and <br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No.: 19-cv-03674-WHA <br><br><br> **DECLARATION OF MARLO DUFFY** |

1. My name is Marlo Duffy. I submit this supplemental declaration in response to the Declaration of Joseph C. Berardinelli filed by Everglades College, Inc. If called upon to do so, I am willing and able to testify to the information in this declaration.

2. I attended Keiser University's Daytona Campus (OPE ID 02151900) from January 4, 2000, to April 15, 2002, in pursuit of my Associates degree.

3. My name was Marlo Walker when I attended Keiser and when the school took out federal loans in my name.

4. I changed my last name from Walker to Duffy when I got married, which was after I attended Keiser. I believe this is why Keiser says they do not have a record of my attendance.

5. I have a record of 16 disbursements of federal student loans to attend Keiser over dates from February 4, 2000, to February 27, 2002.

6. I entered repayment under a FFELP consolidation on February 24, 2003, with 2 loan amounts: $12,288 and $14,496.

1

Declaration of Marlo Duffy

7.  I later re-consolidated these loans to try to become eligible for Public Service Loan Forgiveness. When I re-consolidated on December 14, 2017, the 2 loan amounts had grown to $29,354 and $22,441.

8.  These loans are still outstanding. I submitted a borrower defense application relating to these loans on or before June 22, 2022.


Signed under the penalty of perjury.


February 8, 2023


_____

Marlo Duffy

Declaration of Marlo Duffy

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated, | Case No.: 19-cv-03674-WHA |
| Plaintiffs, | |
| v. | **DECLARATION OF TIFFANY WINDER** |
| MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION, | |
| Defendants. | |

1. My name is Tiffany Winder. I submit this supplemental declaration in response to the Declaration of Joseph C. Berardinelli filed by Everglades College, Inc. If called upon to do so, I am willing and able to testify to the information in this declaration.

2. I attended Keiser University's Sarasota, Florida campus from 2009-2011.

3. My name was Tiffany Chapman when I attended Keiser and when the school took out all these federal loans in my name. I still have the name Chapman on my federal loans.

4. I changed my last name from Chapman (the name on my federal loans) to Winder when I got married. I believe this is why Keiser says they do not have a record of my attendance.

5. I am including a screenshot below showing confirmation from my borrower defense file that I attended Keiser:

1

Declaration of Tiffany Winder



6.  I submitted a borrower defense application on December 26, 2019.

7.  I would like to include a small portion of my story, even though doing so is not necessary to show how I would be harmed by a stay of the settlement in this case.

8.  First, I was severely pressured into enrolling the same day at my very first visit to Keiser's Sarasota campus.

9.  Second, I was never informed of the amount of debt I would acquire through their program. I remember we were not permitted to go to class if we didn't sign paperwork for the bursar. She made it seem like it was for FAFSA information, and we had to do it to finish taking our current course. She never explained that this was more and more, and more loans being taken out. I wasn't aware at the time what was being done.

10. Keiser representatives guaranteed a great job with a decent pay. But in fact, there was absolutely no job opportunities or assistance in placement at all after graduation. The

2

Declaration of Tiffany Winder

market was flooded with workers as a class graduated every 4 months and no work was available.

Signed under the penalty of perjury.

February 8, 2023

Tiffany Winder (Feb 7, 2023 19:23 EST)

Tiffany Winder

Declaration of Tiffany Winder