Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

| | |
|---|---|
| THERESA SWEET, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | No. C 19-3674 WHA |
| ) | |
| ELISABETH DEVOS, Secretary of ) | |
| Education, et al, ) | |
| ) | San Francisco, California |
| Defendants. ) | Thursday |
| ) | May 21, 2020 |
| ) | 8:00 a.m. |

**TRANSCRIPT OF AT&T TELECONFERENCE PROCEEDINGS**

**APPEARANCES**:

**For Plaintiffs:**   HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway
Suite 200
Oakland, California 94611
   **BY: NATALIE A. LYONS, ESQ.**


PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Suite 166
Jamaica Plain, Massachusetts 02130
   **BY: EILEEN M. CONNOR, ESQ.**


Legal Services Center of
  Harvard Law School
Project on Predatory Student Lending
122 Boylston Street
Jamaica Plain, Massachusetts 02130
   **BY: TOBY R. MERRILL, ESQ.**

   **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR
   Official Reporter - US District Court
   Computerized Transcription By Eclipse

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendants:        UNITED STATES DEPARTMENT OF JUSTICE
                            Civil Division, Federal Programs Branch
 3                          1100 L Street, NW
                            Room 12304
 4                          Washington, DC 20005
                       BY:  KEVIN P. HANCOCK, ESQ.
 5

 6                          UNITED STATES DEPARTMENT OF JUSTICE
                            Civil Division, Federal Programs Branch
 7                          219 S. Dearborn
                            5th Floor
 8                          Chicago, Illinois 60604
                       BY:  R. CHARLIE MERRITT, ESQ.
 9                          KATHRYN DAVIS, ESQ.

10                                     - - -
```

1  **Thursday - May 21, 2020**                               **8:02 a.m.**

2                        P R O C E E D I N G S

3                              ---oOo---

4         **THE CLERK:** Calling Civil Action 19-3674, Sweet,

5  et al versus Devos, et al.

6     Counsel, please state your appearances for the record.

7         **MS. LYONS:** Good morning, Your Honor. Natalie Lyons

8  on behalf of the plaintiffs.

9         **MS. CONNOR:** And also on behalf of the plaintiffs

10 Eileen Connor. Good morning, Your Honor.

11        **THE COURT:** Good morning --

12        **MS. MERRIL:** Good morning. Toby Merril --

13        **THE COURT:** I'm sorry. I will be quiet and everyone

14 make their appearances.

15        **MS. MERRIL:** I apologize. This is Toby Merril also

16 for the plaintiffs. Good morning.

17        **MR. MERRITT:** Good morning, Your Honor. Charlie

18 Merritt from the Department of Justice on behalf of the

19 defendants.

20        **MR. HANCOCK:** And good morning, Your Honor. Kevin

21 Hancock on behalf of the defendant as well.

22        **MS. DAVIS:** Good morning, Your Honor. Kathryn Davis

23 also from the Department of Justice on behalf of the

24 defendants.

25        **THE COURT:** Okay. Let's have the plaintiff, or

1  whoever wishes to speak on this, summarize the situation for
2  us.
3       I know it's a motion for preliminary approval and I'm
4  familiar with the details of this settlement.  So, and I think
5  I had asked you some questions about the certain aspects of it.
6       So please, plaintiff, go ahead.
7           **MS. LYONS:**  Good morning, Your Honor.  Natalie Lyons
8  on behalf of plaintiffs.
9       I'll just start with our view of the settlement.  As you
10 well know, the harm here is the waiting, the waiting of
11 thousands of borrowers for decisions from the Department on
12 their borrower defense application.
13      As of the summary judgment briefing, the mountain backlog
14 of applications was over 200,000, and this litigation filed in
15 June of last year has already consumed nearly a year's time.
16 We believe it's time to end the waiting.  We started these
17 settlement negotiations with the defendants in January, and we
18 reached a resolution on the principal material terms in March,
19 and we believe this is the best outcome for the class in large
20 part because it ends of waiting.
21      This settlement agreement provides a date certain by which
22 borrowers will know that they will have a decision on their
23 borrower defense application.  And if there is relief, there is
24 a date certain by which they will know that they will have
25 relief.

1    Additionally, in the agreement the Department has made
2 sworn commitments and there is significant consequences if they
3 don't meet their commitments.
4    Finally, the relief in this agreement is entirely fair to
5 the members of the class because it's very clearly narrowed to
6 the limited claim that was brought in this case.  For example,
7 if a borrower received a decision that he or she doesn't like,
8 this agreement explicitly states that they are not precluded
9 from challenging the substance of that decision.
10    As to other aspects of the negotiation, this was an
11 on-blanked negotiation conducted in large part with Magistrate
12 Judge Ryu.  The relief provided 18 months for a decision and 20
13 months for relief, if granted, is not far from what the
14 plaintiffs' counsel and named plaintiffs sought in summary
15 judgment.  We sought 12 months.  And it's our belief that that
16 is fairly close to what -- 18 months is fairly close to what we
17 originally sought.
18    If we were to proceed on the merits, there are risks on
19 both sides in this case.  There's some novel questions of law
20 and were Your Honor to make a decision, it would be in your
21 discretion as to what you would require the Department to do,
22 if we prevailed, which is not a guarantee.
23    So overall we believe this is a good resolution.  It ends
24 the waiting.  It provides borrowers with certainty about
25 receiving a decision and in the case of (audio distortion)

1   receiving relief.
2       Would you like me to speak as to the questions that you
3   posted?
4           **THE COURT:**  Yes, please.
5           **MS. LYONS:**  Or would you like defendants to speak
6   first?
7           **THE COURT:**  Why don't you address those, please.
8           **MS. LYONS:**  Okay.  I think the Department can speak
9   more clearly as to their understanding, the shared
10  understanding that decisions that relief would be issued on a
11  rolling basis in a reasonably contemporaneous fashion with the
12  decisions that are issued.  That was our understanding in
13  the -- in the negotiations, and there is some indications in
14  the agreement that that is also the understanding as written.
15      The final decisions, the definition of a final decision in
16  this agreement includes a decision on the amounts of relief, if
17  relief is granted.  So then the effectuating of the relief is
18  literally just the process of effectuating the decision that
19  was already made about how much relief would be provided.
20      The quarterly reporting that is delineated in the
21  agreement also requires (audio distortion) for the number of
22  decisions that are made in the aggregate, the effects of the
23  agreement becomes effective and for each reporting period.  So
24  we believe that it provides accountability for this aspect.
25      Logistically, it seems -- I'm just speaking to plaintiffs,

1   but it does seem it would be pretty difficult for the
2   defendants to issue all decisions on the -- the last day of the
3   21st month of their obligation.  However, as Your Honor has
4   pointed out, there is no explicit language in the agreement
5   that states the Department will be issuing these -- issuing
6   relief on a contemporaneous basis with the decisions that are
7   made.  And we would be open, if, Your Honor, thinks it's
8   appropriate, to a modification of the agreement for preliminary
9   approval if that is something you think you would want from the
10  parties.
11      As to the second question regarding agents and
12  contractors, plaintiffs I think -- the Department can obviously
13  speak more to this than we can, but we do understand that the
14  Department works with private entities to service and collect
15  on student loan debt.  And we believe that contractors can be
16  defined and proven up by agreements with the Department, and
17  "agent" is defined by law.  So we are not concerned that those
18  terms are not further defined in the agreement.
19          **THE COURT:**  All right.  Let's hear from the
20  Government.
21          **MR. MERRITT:**  Good morning, Your Honor.  This is
22  Charlie Merritt for the defendants.  I will start by responding
23  to Your Honor's questions.
24       On the first question, specifically the extent to which
25  the Department deciding a borrower defense claim relatively

1   quickly may nonetheless delay relief until 21 months following
2   final approval of the settlement.  I think for a lot of the
3   same, my -- plaintiff's counsel already stated, but I do want
4   to start by emphasizing that the parties negotiated a
5   comprehensive agreement that they felt was best designed to
6   allow them to really reach the mutual goal of efficiently
7   working through the very large backlog of pending claims, well
8   over 100,000, within a reasonable period of time.
9       Within the confines of that agreement setting ultimate
10  deadlines to clear the entire backlog and issue relief provides
11  the flexibility needed to accomplish those goals and allows the
12  Department to develop a comprehensive plan to decide all claims
13  without needing to strictly abide by any interim deadline or
14  deciding and awarding relief to each individual claimant.
15  Circumstances can vary claim by claim and more or less time
16  will be needed to decide and effectuate relief in individual
17  cases.
18      Because the issue in this case is the aggregate delay
19  affecting all class members, we think the agreement
20  appropriately focuses on resolving that aggregate delay and
21  clearing the entire backlog and providing relief within the
22  reasonable periods of time set forth in the agreement.
23      That being said, the Department has no intention of
24  delaying relief on -- after it issues decisions until the end
25  of the relief period.  Its goal is to effectuate relief, as

```
1    plaintiffs' counsel stated, within a reasonable period of time
2    following issuance of final decision.
3        I would also note that this process generally takes
4    between 90 and 120 days, the process between issuing a decision
5    and then taking necessary steps to provide the loan relief.
6    Over the past few years the Department's borrower defense
7    decision letters have consistently represented to borrowers
8    that they can expect have the relief finalized within 90 to 120
9    days.  So while this is not a binding commitment -- and, again,
10   the process take more or less time in individual cases -- the
11   Department does intend to follow that general practice here.
12       So it is accurate to say we'll be effectuating relief
13   within a reasonable period of time following the issuance of
14   decisions.  And so we think, you know, on that point we would
15   prefer to have the agreement preliminarily approved as written.
16   Although, you know, as Your Honor suggested -- or as
17   plaintiffs' counsel suggested, would potentially be amenable to
18   working through a modification if Your Honor determines to go
19   that -- that it would be needed.
20       On the second question regarding the contracting agent
21   that would be barred from collecting relevant student loan
22   debt, this is primarily defined by contract.  So the Department
23   contracts would vary loan servicers and private collection
24   agencies to service and collect on federal student loan debt.
25       Currently the contract is with about ten loan servicers
```

1  for non-defaulted student loans, and additional servicers for
2  defaulted loans, and about 22 private collection agencies.  All
3  of these entities with which the Department contracts are
4  publicly available on the Department's website.  The specific
5  identity can change over time depending on who the Department
6  contracts with, but it is these entities with which the
7  Department specifically contracts that would be bound by this
8  agreement.
9      **THE COURT:**  Okay.  Thank you for those explanations.
10 I have one other question that I didn't send out to you, but he
11 here is the question.  On the notice I -- in my experience,
12 email notice is ineffective because recipients think it's junk
13 mail.  So they delete it fearful that if they open it, somebody
14 from overseas or -- will be hacking into their computer.  It
15 may not be, of course, true in our case, but that's the fear.
16     So I prefer that notice be sent by first class mail and by
17 email.  I know that's more burdensome than what you had
18 provided for, but that is my -- my feeling.
19     Let me hear from the lawyers on what you think about that.
20 Let's hear from the Government first.
21     And by the way, can't the Government send out first class
22 mail free of charge or is that just from the people in
23 Congress?  Go ahead.
24     **MR. MERRITT:**  Your Honor, this is Charlie Merritt
25 again.  I don't know off the top of my head the answer to that

1  question about the charge.
2       I do know that, you know, we have the capability to send
3  out first class mail, if that's Your Honor's preference.  I do
4  think I would want to have the opportunity to confer with my
5  client about whether that would affect how long the Department
6  would need to effectuate notice.
7       I believe the agreement provides for the notice to occur
8  within 15 days of the order preliminarily approving.  And I
9  just -- additional time may be needed if it's going to be all
10 first class mail.  I just would want the chance to confer with
11 my client.
12          **THE COURT:**  All right.  Of course, I would -- if it
13 comes down to just that issue, of course, I would give you the
14 extra time.
15          **MR. MERRITT:**  Okay.
16          **THE COURT:**  Okay.  Those are the only questions I
17 have, and I don't have -- I'm probably going to give you
18 preliminary approval.  I need to give some thought to what
19 you've told me about the answers to these two questions and to
20 consider whether I want you to do a modification to the
21 agreement.  And I may or may not, and I will get back to you on
22 that very soon.  It won't be a delay.  It will be today or
23 tomorrow.
24      Okay.  Any last comments that anyone wishes to raise?  On
25 the plaintiffs' side first.

1           **MS. LYONS:**  No, Your Honor.

2       Just to speak quickly on the question about first class

3   mail, we would welcome the additional notification.  Otherwise,

4   nothing else to say.

5           **THE COURT:**  All right.  And anything further on the

6   government side?

7           **MR. MERRITT:**  No, Your Honor.

8           **THE COURT:**  All right.  I want to thank you all.  You

9   have been very responsible and I think most of these points are

10  good fair settlements for both sides, and I thank you for that.

11      I was pretty far into the motion work on the summary

12  judgment motion, and I also thank you for alerting me to your

13  settlement before I had completely written the order.  I won't

14  tell you which way it was going to come out.  That's a secret.

15  But I do thank both sides and the lawyers for the good work in

16  this case.

17      Okay.  An order will come out soon, and the matter is

18  submitted.  Thank you very much.

19      All of can you hang up, or stay on the line as you wish.

20  There is another matter.  But if you're going to hang up,

21  please hang up now because it will make a lot of noise as you

22  hang up.

23      All right.  Have a good day.

24      (Proceedings adjourned.)

25

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____
Debra L. Pas, CSR 11916, CRR, RMR, RPR

Sunday, February 26, 2023