```
                                        Pages 1 - 14

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

        BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

THERESA SWEET, et al.,           )
                                 )
            Plaintiffs,          )
                                 )
  VS.                            ) NO. 19-cv-03674-WHA
                                 )
MIGUEL CARDONA, et al.,          )
                                 )  San Francisco, California
            Defendants.          )
                                 )
_____)

                                  Monday, February 14, 2022
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:   (By Telephone)

For Plaintiff:
        LEGAL SERVICES CENTER OF
          HARVARD LAW SCHOOL
        122 Boylston Street
        Boston, Massachusetts  02310
        **BY:  MARGARET E. O'GRADY, ESQ.**

For Defendants:
        UNITED STATES DEPARTMENT OF JUSTICE
        Civil Division, Federal Programs Branch
        219 South Dearborn
        Fifth Floor
        Chicago, Illinois  60604
        **BY:  R. CHARLIE MERRITT, ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
        Official Reporter, U.S. District Court

|   |   |
|---|---|
| **Monday, February 14, 2022** | **10:32 a.m.** |

**P R O C E E D I N G S**

**THE COURTROOM DEPUTY:** Calling Civil Action 19-3474, Sweet, et al. versus Cardona, et al.

Counsel, please state your appearances for the record, beginning with counsel for plaintiff.

**MS. O'GRADY:** Good morning, Your Honor. This is Margaret O'Grady from the Project on Predatory Student Lending for the plaintiff.

**THE COURT:** Good morning.

**THE COURTROOM DEPUTY:** Next?

**THE COURT:** Might be on mute.

**MR. MERRITT:** Sorry, I wasn't sure if anyone else from plaintiff was going to announce, but this is Charlie Merritt from the Department of Justice on behalf of the defendants.

**THE COURT:** Good morning. Anyone else?

(No response)

**THE COURT:** All right. Hearing nothing, I wanted -- this case is now an old case, it's going on three years. And it's time to bring it to a close.

So the plaintiffs lost in the Court of Appeals with respect to the deposition of the former secretary. And the discovery period closed long ago.

There's a pending summary-judgment motion. I would like to give each side an opportunity to you update the

summary-judgment motions.  Then I will proceed to decide the case, unless you settle it.  But I'm not going to delay any longer.  And I'm also going to give you a trial date today.

All right, so that's the plan.  But before I go down that path, I want to give each side an opportunity to update the Court on anything you think is worth knowing.

Ms. O'Grady, you get to go first.

**MS. O'GRADY:**  Thank you, Your Honor.  This is Margaret O'Grady for the plaintiffs.

As Your Honor knows, on January 25th we filed a joint stipulation is saying that it's our intention to file a settlement draft for preliminary approval by April 8th.  And we do feel optimistic about that, and going forward with that.  At the same time, since the decision from the Ninth Circuit, we are happy to move forward with summary judgment briefing.

Our amended complaint was filed in March, and we do have additional requests for admissions, and requests for documents, relating to the new constitutional claims.  That said, we are looking forward, as you are, to a resolution on this case that is best for our clients.

**THE COURT:**  All right.  What does the government say, Mr. Merritt?

**MR. MERRITT:**  Yes, Your Honor.  This is Charlie Merritt.

Um, as plaintiffs' counsel noted, the parties are

1  committed to continuing their settlement negotiations and
2  wrapping those up and finalizing any agreement, if the
3  agreement is to be finalized by April 8th, so that gives us
4  around six weeks or so.  Just to clarify, that would be an
5  agreement with all approvals on the government side, so that it
6  would actually be submitted for your preliminary approval.
7       We certainly think time and resources are best devoted to
8  furthering those settlement negotiations over that the time
9  period.  And would object, certainly, to any further discovery
10 at this stage.  You mentioned discovery period closed a while
11 ago, and there has been kind of no further action on that for
12 the last several months.
13      So obviously we understand Your Honor's interest in moving
14 the case along, and mentioned setting dates for summary
15 judgment and that kind of thing.  So, happy to discuss that.
16      But it would be our preference to hold off on that while
17 we at least -- while we spend the next couple weeks, few weeks,
18 trying to finalize a settlement agreement.
19      **THE COURT:**  Well, all right. Here's the answer.  The
20 discovery cutoff period was when?  Give me -- I don't have the
21 date here, but it was last year some time, wasn't it?
22      **MR. MERRITT:**  Your Honor, I believe the original
23 discovery period was set to close in, like, December of 2020.
24 Supplemental discovery was ordered.  And I believe that was
25 pursuant to a scheduling order that you entered, March of 2021.

1  So additional document requests were made, additional documents
2  were produced.  And I believe all of that wrapped up in July of
3  this -- of least year, 2021.  You know, all of that happened
4  after -- at least, that supplemental discovery period was all
5  after the amended complaint was filed.
6         **THE COURT:**  Well, did I give a deadline to complete
7  that supplemental discovery?
8         **MS. O'GRADY:**  Your Honor, my understanding was that
9  that was stayed pending the DeVos deposition question.  I will
10 say that I think -- agree that summary judgment --
11        **THE COURT:**  I'd like to -- I don't know what your
12 understanding was based on.  I would like to know, is there an
13 order that said that?
14        **MR. MERRITT:**  Your Honor, this is Charlie Merritt.  I
15 don't think there is an order staying discovery.  The only
16 thing that you stayed was the deposition of the former
17 Secretary, pending mandamus proceedings.
18    My understanding is that -- I'm trying to bring it up now
19 -- is that the last scheduling order you entered was in March
20 of 2021, providing for an additional discovery period.  I'm not
21 sure that it had a specific cutoff date.  But that's -- you
22 know, it's been nearly a year since it was entered.  I believe
23 that is Docket No. 191.
24        **THE COURT:**  Well, I don't -- my law clerk handed me
25 something dated March 10th, but it doesn't give me the docket

1  entry number.  Is that the order you are referring to,
2  Mr. Merritt?
3          **MR. MERRITT:**  Yes, Your Honor.
4          **THE COURT:**  All right.  So did you produce documents
5  in accordance with this schedule?
6          **MR. MERRITT:**  Your Honor, this is again Charlie
7  Merritt speaking.  Yes, Your Honor.  Supplemental discovery
8  requests were made and the government produced additional
9  documents, concluding in around July of 2021.
10         **MS. O'GRADY:**  Your Honor, if I may, this is Margaret
11 O'Grady for the plaintiffs.  That additional -- that additional
12 information was from the October, 2020, supplemental discovery
13 order, and it all had to do with specific questions that were
14 all related to the original complaint.  In our supplemental
15 complaint we brought new constitutional claims.  And we are
16 happy to be very, very narrow about what we need from the
17 government.
18    But our questions pertain to the costs (inaudible) which
19 is all, you know, recent information from the past year about
20 the current process for resolving these claims.  And I can go
21 into more detail about it.  But this wouldn't be discovery
22 about things that occurred prior to filing the amended
23 complaint in March, 2021.
24    (Reporter interruption)
25         **THE COURT:**  So I have a question.  The -- Mr. Merritt,

1  is it true that the plaintiff filed a new complaint on -- later
2  in March, after this order?
3      **MR. MERRITT:**  Your Honor, I'm not positive the dates
4  on the filing.  But I believe -- I think -- I think that's
5  correct, because the order, itself, calls for the amended
6  complaint, calls for a schedule for the amended complaint to be
7  the filed.
8      **THE COURT:**  What were the subsequent proceedings on
9  that?  Like, for example, was there a motion to dismiss?  Was
10 there -- what happened on that?
11     **MR. MERRITT:**  An answer was filed, Your Honor.  And I
12 believe there haven't been further proceedings.  The answer was
13 filed in June.
14     **THE COURT:**  All right.  Was there -- pending
15 summary-judgment motion, did it address the supplemental
16 complaint?
17     **MR. MERRITT:**  Um, no, Your Honor.  This is Charlie
18 Merritt again.  I'm looking at the very end of the March 10th
19 order we have been referring to.  And it says (As read):
20     "Summary-judgment briefing is continued until a date
21       later to be determined, pending resolution of the
22       motion for leave to file a supplemental complaint, and
23       the conclusion of supplemental discovery process as
24       otherwise set out in this order."
25     **THE COURT:**  The pending summary-judgment motions, what

1  issues, what complaint is that addressed to?
2       **MR. MERRITT:**  So I believe those are addressed to the
3  original complaint, Your Honor.  And, you know, the government
4  doesn't dispute that they wouldn't address the new claims.
5       The briefing that was filed with this Court in, I believe,
6  December, 2019, and January, 2020, doesn't address the claims
7  or all of the claims in the supplemental complaint that was
8  filed in March or April of 2021.
9       **THE COURT:**  Okay.  I'm going to let you try to talk me
10 out of this, but I'm going to give you a schedule.
11      The discovery has long since closed.  That's my view.  You
12 have until March 17th to file up to 25 pages of supplementary
13 material that may pertain to the existing motions for summary
14 judgment.  If you don't think there's anything you need add,
15 that's fine.  But there's been a long lapse in time, so, up to
16 25 pages.
17      And then by March 31 you get to reply to the other side's
18 submission on that, which would be up to 15 pages.  And that
19 counts -- that's briefing plus declarations plus exhibits.  So
20 I'm anticipating that you won't need more than 25 pages of
21 exhibits and briefing.  And then, on reply, 15 pages.  And then
22 I need to decide the existing summary-judgment motion, which I
23 will proceed to do.
24      Then by April 28th, you must file any summary-judgment
25 motions directed at the supplemental complaint.  And that will

1  be on a 35-day track.  The trial will be July -- July 18th.
2  And a final pretrial conference on July 13.
3       This will be in person, with respect to both.  All in
4  person.
5       Now, all your witnesses, all your lawyers have to be fully
6  vaccinated.  The parties, fully vaccinated.  If a witness is
7  not vaccinated, I'll try to let them appear by video.  Now, if
8  the pandemic is over by then it won't matter; we'll let them
9  appear in person.  But be prepared for that possibility.
10      All right.  It's time to bring this case to a close.
11 If -- the plaintiffs wanted to take the Secretary's deposition
12 and they lost on that in the Court of Appeals.  We have been
13 waiting a long time on that.  It's now time to bring all the
14 loose ends together and decide this case.
15      Now, if you settle it by April 8th, God bless you.  That
16 would be wonderful.  But I've heard this song before, and I'm
17 not going to delay the case schedule because you wanted to
18 devote resources to settlement.  You can do two things at once.
19      I used to work for the government; I could do two things
20 at once when I worked for the government.  I could litigate and
21 settle.  And you can, too.  So -- you, too, Ms. O'Grady.  So
22 this is the schedule.
23      All right.  The government gets to try to talk me out of
24 that first.  Go ahead.
25           **MR. MERRITT:**  Yes, Your Honor.  This is Charlie

1    Merritt for the government.
2        If I may just have one alteration to suggest, it would be
3    that, you know, I think there's been a significant amount of
4    time, obviously in the past (inaudible) summary-judgment
5    briefings and it seems to me at least that the more efficient
6    course may be just to address all the claims in the current
7    supplemental complaint, together.
8        According to the schedule that you announced, you know,
9    pursuant to which summary-judgment motions would be filed on
10   April 28th and be heard on a 35-day track, you know, just
11   instead of having the kind of supplemental additional process
12   that you scheduled in March, just to have all the issues teed
13   up in the same summary-judgment briefing that would start on
14   April 28, heard on a 35-day track, that would also help the
15   parties to continue the settlement negotiations and potentially
16   finalize something by April 8th, as you mentioned.
17            **THE COURT:**  All right.  What does Ms. O'Grady say?
18            **MS. O'GRADY:**  Hi, Your Honor.  I do agree with
19   Mr. Merritt that it makes sense to have one briefing, because
20   of the new claims, and how much has happened, and how much
21   discovery we got since the original summary-judgment briefing.
22        I would be happy -- we could suggest a staggered briefing
23   schedule, and -- "we" being the plaintiffs -- our
24   summary-judgment motion first, if that satisfies our need for
25   speed and also enable the -- a resource issue, if the

1  government has one.

2  **THE COURT:** Well, the thing is I want it to be done on
3  a 35-day track. So I'm looking at my own calendar. And if I'm
4  going to try this case, it's going to be on July 18th.

5  So, I've got to get -- I've got to leave room for me to
6  decide the matter. I can't just have it run right up to the
7  eve of trial. You lawyers would complain about that, anyway.

8  All right, here's --

9  **MS. O'GRADY:** Your Honor --

10 **THE COURT:** I'm going to move it up to April -- I'm
11 going to deny existing summary-judgment motions, without
12 prejudice to filing fresh motions, without prejudice. The
13 fresh motions are due on April 21, to be heard on 35-day track.
14 It won't be staggered; each side can bring their own motions.
15 It will be on the 35-day track.

16 I'm moving it up to April 21 instead of April 28. That's
17 because I'll have a lot more work for me to do, after the
18 briefing is done. And I need the time to get it done before
19 the trial. So, I have been convinced that that's -- that's
20 worth considering.

21 All right.

22 **MR. MERRITT:** Your Honor, I'm sorry. I don't want to
23 interrupt. Are you --

24 **THE COURT:** Go ahead. I'm done.

25 **MR. MERRITT:** Okay. Thank you. This is Charlie

1  Merritt.
2      I think this may have been what the plaintiffs were
3  contemplating, too, but it seems possible that we could
4  accomplish cross-motion practice on a 35-day track, where, you
5  know, one -- I would need to game it out.
6      But if the plaintiffs filed their brief on 4-21, and we
7  filed a cross-motion and response two weeks later --
8  essentially, to have a four-brief schedule that took place over
9  roughly 35 days, I would need to actually game it out.
10     But I just wanted to propose that as a possibility, if
11 Your Honor desired time to decide --
12     **THE COURT:**  The first time you said it could be on 35
13 days, and then you changed it to "roughly 35 days."  You know,
14 I'm getting old, but I'm not that old.  I can understand you
15 trying to wiggle in more room there.  I'm going to stick with
16 what I said.
17     But if you submit something promptly that would be 35
18 days, okay, I'll let you do that.  But it -- it has to be 35
19 days.  All the briefing done in 35 days.
20     **MR. MERRITT:**  Thank Your Honor.  This is Charlie
21 Merritt again.
22     I certainly wasn't trying mislead you in any way.  I was
23 -- you heard my mind operating in realtime.  And it would
24 probably better for us to think through a schedule.  And we can
25 do that, and submit something.

1       So thanks, Your Honor.

2           **THE COURT:** All right. Okay. That's all I have. Is
3  there anything else that you want to report to me by way of
4  updates? If not, I'm going to call -- bring the meeting to an
5  end.

6           **MS. O'GRADY:** Your Honor, this is Margaret O'Grady for
7  the plaintiffs.

8       I just wanted to ask about the filing that you had
9  requested that's due on February 25th, regarding the bar
10 defense application of one of the correspondents from the
11 class, and asking for reasons for the delay.

12      I'm wondering if you still want that response, since we
13 now have a schedule --

14          **THE COURT:** I think it would be good. A class member
15 has written to the Court, and I think the lawyers should
16 respond to that. And -- yeah, I think so.

17          **MS. O'GRADY:** Okay. And -- excuse me. I was just
18 going to say we are happy to file that.

19      And I just wanted to preview for Your Honor that we have
20 requested some information from the government that we'll need
21 to respond to your order regarding the information from the
22 class member. And we requested information; we are expecting
23 to receive it. But just the plaintiffs -- an information
24 deficit in terms of actual inner workings right now of how
25 these decisions are made and (inaudible) delays currently.

1          **THE COURT:** Okay.  Thank you.  Okay.  I think we're at
2   the end.  So, good luck to both sides.
3       See you soon.  Bye-bye.
4          **THE COURTROOM DEPUTY:** Court is adjourned.
5          **MR. MERRITT:** Thank you, Your Honor.
6       (Proceedings concluded)

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Monday, February 27, 2023