JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, ALICIA DAVIS, TRESA
APODACA, CHENELLE ARCHIBALD,
DANIEL DEEGAN, SAMUEL HOOD, and
JESSICA JACOBSON on behalf of themselves
and all others similarly situated,

     *Plaintiffs*,

     v.

MIGUEL CARDONA, in his official capacity
as Secretary of the United States Department of
Education, and

THE UNITED STATES DEPARTMENT OF
EDUCATION,

     *Defendants*.

Case No.: 19-cv-03674-WHA

**UNOPPOSED MOTION TO PERMIT
SKELETAL FILING OF ATTORNEYS'
FEES PETITION**

(Class Action)
(Administrative Procedure Act Case)

Pursuant to Civil Local Rules 7-1 and 7-2, Plaintiffs respectfully move the Court to permit Plaintiffs to file a skeletal petition for attorneys' fees in this case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). A copy of the proposed petition is appended hereto as Exhibit A.

1

As grounds therefor, the Plaintiffs state:

1.      Plaintiffs and Defendants in this case entered into a Settlement Agreement on June 22, 2022 (ECF No. 246-1). Section VI of the Agreement provides that, "[t]o resolve Plaintiffs' claim for attorneys' fees, costs, and expenses, Plaintiffs will submit a petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to the Court." *Id.* § VI.A. The Defendants agreed that Plaintiffs were "the prevailing party in this action for purposes of a fee petition under" the EAJA. *Id.* § VI.B.

2.      The Agreement further states that "[n]othing in this Section shall affect the Parties' ability to attempt to reach a compromise regarding Plaintiffs' claim for attorneys' fees, costs, and expenses." *Id.* § VI.C.

3.      The EAJA provides, *inter alia*, that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is defined, for purposes of this section, as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G).

4.      On November 16, 2022, this Court issued an order granting final approval to the Settlement Agreement, ECF No. 345, and judgment was entered that same day, ECF No. 346.

5.      Three entities, having previously been granted permissive intervention for the limited purpose of objecting to the Settlement Agreement, *see* ECF No. 322, have noticed appeals of the final approval order, *see* ECF Nos. 347, 348, 349.

6.      Because the United States is a party to this litigation, the original deadline to file a notice of appeal was sixty days after the entry of final judgment. *See* Fed. R. App. P. 4(a)(1)(B). The intervenors filed their notices of appeal on January 13, 2023. Under Federal Rule of Appellate Procedure 4(a)(3), this extended the deadline for others to notice appeals until fourteen days from that date.

7.      On February 24, 2023, this Court issued an Order which confirmed that the Effective Date of the Settlement Agreement is January 28, 2023, and that under the terms of the

2

Agreement, that is the date when the Agreement "be[came] non-appealable." ECF No. 382 at 8 (alteration in original).

8.      This Court has stayed the Effective Date of the Settlement Agreement as it pertains to the claimed interest of the intervening entities until March 2, 2023. *Id.* at 24-25.

9.      Notwithstanding the narrow stay ordered by this Court, under the EAJA, the judgment became "final and not appealable" by the original parties as of the Effective Date of the Settlement Agreement.

10.     Thus, Plaintiffs' motion for attorneys' fees is due today, February 27, 2023.[1]

11.     To preserve their rights under the EAJA and the Settlement Agreement, Plaintiffs seek to file an EAJA petition within the statutory deadline.

12.     At the same time, the parties have committed to negotiating the issue of fees and have no reason to believe that motion practice will be necessary.

13.     In the interests of judicial economy and to avoid undue burden on the parties and the Court, Plaintiffs respectfully request leave of the Court to file a skeletal EAJA application, in the form appended hereto as Exhibit A, which may then be altered or supplemented with supporting documentation and argument in the event that the parties are not able to resolve the fee issue through settlement discussions.

14.     Plaintiffs further request that the Court stay briefing in the EAJA matter, including Plaintiffs' opportunity to alter or supplement their skeletal petition, until 30 days after notification to the Court by Plaintiffs or Defendants that they are unable to settle the fees matter.

---

[1] Some courts have found that a pending appeal by an intervenor delays the deadline for filing an EAJA petition. *See, e.g.*, *Ohio Valley Env't Coal. v. Hurst*, No. CIV.A. 3:03-2281, 2011 WL 3563295, at *4-5 (S.D.W. Va. Aug. 11, 2011). In an abundance of caution, Plaintiffs file this motion today. By doing so, Plaintiffs do not waive any right to later seek reimbursement of attorneys' fees and costs from the intervenors pursuant to Federal Rule of Civil Procedure 11 or other applicable authority. *See, e.g.*, Order Granting in Part Plaintiffs' Motion for Sanctions at 34-35, *In re: Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 3:18-md-02843-VC (N.D. Cal. Feb. 9, 2023), ECF No. 1104 (setting out Rule 11 standard in decision imposing sanctions on Gibson Dunn, LLP).

15. In the event that the parties reach an agreement on the fees matter, Plaintiffs will withdraw the skeletal EAJA motion.

16. Plaintiffs' counsel have conferred with counsel for the Defendants, and they have stated that Defendants do not oppose this motion to file a skeletal petition.

WHEREFORE, Plaintiffs respectfully request that the Court grant permission for Plaintiffs to file the skeletal EAJA petition appended hereto as Exhibit A, with leave to supplement the petition should a settlement not be reached on the fees issue. Plaintiffs further respectfully request that the Court stay briefing on the EAJA petition, including Plaintiffs' opportunity to alter or supplement, until 30 days after Plaintiffs' or Defendants' notification to the Court that they are unable to settle the fees matter.

Respectfully submitted,

Dated: February 27, 2023

/s/ Rebecca C. Ellis
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200

4

Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

Unopposed Motion to Permit Skeletal Filing of Attorneys' Fees Petition
Case No.: 19-cv-03674-WHA