JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS *(pro hac vice)*
rellis@ppsl.org
REBECCA C. EISENBREY *(pro hac vice)*
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

## I. INTRODUCTION

The parties in this case entered into a Settlement Agreement on June 22, 2022 (ECF No. 246-1). The Agreement provides, in relevant part, that "[t]o resolve Plaintiffs' claim for attorneys' fees, costs, and expenses, Plaintiffs will submit a petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to the Court." *Id.* § VI.A.

Plaintiffs hereby submit this contemplated petition seeking recovery of attorneys' fees, costs, and expenses of litigation pursuant to the Equal Access to Justice Act ("EAJA"), for time reasonably expended by Plaintiffs' counsel in this matter, in addition to any time spent in preparation of this motion, as well as any later supplement and reply.[1]

## II. LEGAL STANDARD

The EAJA allows for a prevailing party to recoup reasonable attorneys' fees from the United States as a partial waiver of sovereign immunity. *See Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991). Congress enacted EAJA to "eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1166 (9th Cir. 2019), *cert. denied sub nom. Dep't of Homeland Sec. v. Ibrahim*, 140 S. Ct. 424 (2019) (quoting *Ardestani*, 502 U.S. at 138).

The EAJA provides, *inter alia*, that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In addition, the court may also award a judgment for costs to a prevailing party. *Id.* § 2412(a).

---

[1] The parties are currently engaged in negotiations with respect to fees. *See* Settlement Agreement § VI.C ("Nothing in this Section shall affect the Parties' ability to attempt to reach a compromise regarding Plaintiffs' claim for attorneys' fees, costs, and expenses."). Plaintiffs will supplement this motion within 30 days of either Plaintiffs or Defendants notifying the Court that the parties are unable to settle the fees issue, or Plaintiffs will withdraw this motion if settlement is reached.

1

III. **ARGUMENT**

    A. **Plaintiffs Are the Prevailing Party**

Section VI.B of the Settlement Agreement provides: "Defendants agree that Plaintiffs are the prevailing party in this action for purposes of a fee petition under the Equal Access to Justice Act." ECF No. 246-1 § VI.B. Plaintiffs' status as the prevailing party is therefore conclusively established.

    B. **The Government's Position Was Not Substantially Justified**

It is the government's burden to show that its legal position was substantially justified. *See Ibrahim*, 912 F.3d at 1167. This means the government must show not only that its litigation positions were substantially justified, but also that the agency action giving rise to the litigation was substantially justified. *See* 28 U.S.C. § 2412(d)(2)(D) (the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002). "The test is an inclusive one; [courts] consider whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Ibrahim*, 912 F.3d at 1168. Even if the matter litigated is one of first impression, it is "one factor in determining whether the government's litigation position is substantially justified, not as a special circumstance justifying the refusal of an award of fees." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001). Where plaintiffs succeed in showing they are the prevailing party, "the burden is on the government to show that its litigation position was substantially justified on the law and the facts." *Ibrahim*, 912 F.3d at 1167.

For reasons explained at length in Plaintiffs' prior briefing, the Defendants in this case were unreasonable both with regard to their original actions—the decision to stop resolving borrower defense applications, the adoption of the "presumption of denial" policy, and the use of form denial notices—and their defenses in court. *See, e.g.*, Plaintiffs' Motion for Summary Judgment, ECF No. 245; Plaintiffs' Response to Court Order Dated Jan. 27, 2022, ECF No. 220; Plaintiffs' Supplemental Complaint, ECF No. 198; Plaintiffs' Response to Order to Show Cause,

ECF No. 149; *cf.* Order Denying Class Settlement, to Resume Discovery, and to Show Cause, ECF No. 146.

In addition, there are no special circumstances in this case that make an award of attorneys' fees inappropriate.

**C. The Requested Fees Are Reasonable**

The parties are engaged in negotiations on the fee issue, and this is a skeletal filing for later supplement if necessary. If settlement is not achieved, Plaintiffs will submit detailed contemporaneous time records demonstrating that the time expended on this case was reasonable.

Plaintiffs' current estimated fees exceed $800,000, representing 3,500 or more hours of work. This amount of time is facially reasonable given the complexity of the subject matter, the long timeline of the litigation, and extensive motions practice. Moreover, "[t]he degree of success obtained" through the Settlement Agreement indicates that Plaintiffs "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award" of the size Plaintiffs will request. *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 599 (D.C. Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

EAJA sets a maximum statutory rate of $125 per hour, 28 U.S.C. § 2412(d)(2)(A), which may be increased by a Court to account for increases in the cost of living or another special factor, *id.* § 2412(d)(2)(A)(ii). District courts determine an appropriate cost of living increase by "multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 877 (9th Cir. 2005) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001)).

The CPI-U for the Boston area (applicable to the Project on Predatory Student Lending ("PPSL")) in March 1996 was $162.80, and the CPI-U for the San Francisco area (applicable to Housing & Economic Rights Advocates ("HERA")) in March 1996 was $152.90. *See* U.S. Bureau of Labor and Gov't Statistics, Consumer Price Index Boston-Cambridge-

3

Newton, https://www.bls.gov/regions/new-england/data/consumerpriceindex_boston_table.htm; U.S. Bureau of Labor and Gov't Statistics, Consumer Price Index San Francisco-Oakland-Hayward, https://data.bls.gov/pdq/SurveyOutputServlet.

Work on this case was performed in each year from 2019 to 2023. The CPI-U for 2023 has not yet been calculated, so Plaintiffs will apply the 2022 CPI-U numbers to work performed in 2023. The average CPI-U in each year for each area was:

|  | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|
| **Boston** | 281.08 | 284.27 | 293.52 | 314.36 |
| **San Francisco** | 295.00 | 300.08 | 309.72 | 327.06 |

Accordingly, using the aforementioned formula, Plaintiffs will request that the following hourly rates be applied to all attorney work expended by PPSL and HERA:

|  | **2019** | **2020** | **2021** | **2022-2023** |
|---|---|---|---|---|
| **PPSL** | $215.82 | $218.27 | $225.37 | $241.37 |
| **HERA** | $241.17 | $245.32 | $253.20 | $267.38 |

Work done by paralegals is also recoverable under the EAJA, and their work is recoverable at the prevailing market rate. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 577-78 (2008). Plaintiffs believe a reasonable market rate for the paralegals in this case to be approximately $130 per hour for both organizations.

Plaintiffs will also ask that reasonable litigation expenses, including travel costs, postage, and reproduction fees be reimbursed. *See, e.g., Lozano v. Astrue*, No. 06-15935, 2008 WL 5875573, at *2 (9th Cir. Sept. 4, 2008) (affirming that "filing fee, reproduction, postage, airfare, and lodging expenses" were coverable expenses under EAJA); *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (affirming district court's award of costs for "telephone calls, postage, air courier and attorney travel expenses").

## V. CONCLUSION

For the foregoing reasons, and the reasons stated in Plaintiffs' Motion to Permit Skeletal Filing of Attorneys' Fees Petition, Plaintiffs respectfully request that the Court stay further briefing on this motion and permit Plaintiffs to supplement this motion within 30 days of either Plaintiffs or Defendants notifying the Court that the parties are unable to settle the fees issue (if a settlement is not reached). In the event the parties are not able to reach a settlement, Plaintiffs request that the Court award them attorneys' fees, costs, and expenses to be further specified in Plaintiffs' supplemented motion.

Dated: February 27, 2023

/s/ *Rebecca C. Ellis*

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521