JOSEPH JARAMILLO (SBN 178566)
jjarmillo@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
3950 Broadway, Suite 200
Oakland, CA 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br><br>**[PROPOSED ORDER]**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

Upon consideration of Plaintiffs' Motion to Enforce Settlement Agreement, it is hereby ORDERED that the motion is GRANTED. The Court finds as follows:

1) This Court has jurisdiction to decide this motion. *See Kokkonen v. Guardian Life*

1

*Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Hoffman by & for N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976).

2) Defendants have materially breached Section IV.A.1 of the parties' Settlement Agreement of June 22, 2022 (ECF No. 246-1), by failing to deliver Full Settlement Relief to all members of the automatic relief group by the deadline of January 28, 2024.

3) Defendants have not provided the relief for this breach that is contemplated by the Settlement Agreement.

4) Defendants are hereby ORDERED to effectuate Full Settlement Relief for each and every member of the automatic relief group by or before **May 31, 2024**.

5) Defendants are ORDERED to report to Plaintiffs' Counsel and the Court on their progress of issuing relief at 14-day intervals, beginning 14 days after the date of this Order.

6) These reports shall include (but need not be limited to) the numbers of Class Members in the automatic relief group who:

   a. Are confirmed to have received each of the following categories of relief:
      i. Discharges of all Relevant Loan Debt;
      ii. All refunds to which they are entitled; and
      iii. A request sent from their current loan servicer(s) to all credit reporting agencies to remove the credit tradeline for all Relevant Loan Debt from their credit reports.

   b. Are confirmed to have not received each of the following categories of relief:
      i. Discharges of all Relevant Loan Debt;
      ii. All refunds to which they are entitled; and
      iii. A request sent from their current loan servicer(s) to all credit reporting agencies requesting removal of the credit tradeline for all Relevant Loan Debt from their credit reports.

   c. Have not had their relief status confirmed by the Department as to each of

     the following categories of relief:

       i. Discharges of all Relevant Loan Debt;

       ii. All refunds to which they are entitled; and

       iii. A request sent from their current loan servicer(s) to all credit reporting agencies requesting removal of the credit tradeline for all Relevant Loan Debt from their credit reports.

    d. For Class Members in categories (b) and (c), including all subcategories, how many Class Members are serviced by each of the federal loan servicers.

    e. For Class Members in categories (b)(i) and (c)(i), how many are confirmed by the Department to currently have their Relevant Loan Debt (including consolidation loans that contain Relevant Loan Debt) in a status of forbearance, stopped collections, or $0 monthly payments under any of the available income-driven repayment plans.

    f. For any Class Members in categories (b)(i) and (c)(i) who are not currently in such status, how many of them are serviced by each of the federal loan servicers.

7) The reports shall also include a description of the steps the Department has taken to verify that these reported numbers are accurate.

8) The description of steps and the veracity of the data in the reports shall be attested to under oath by the Chief Operating Officer of Federal Student Aid or his designee, provided that such designee is another senior official with supervisory authority over the process of effectuating settlement relief.

9) At Plaintiffs' Counsel's request, Defendants shall provide to Plaintiffs' Counsel (with appropriate confidentiality safeguards) the names, contact information, and current servicer of Class Members in any of the above categories so that Plaintiffs can provide updated information directly to Class Members and/or seek confirmation of their relief status.

10) Defendants are ORDERED to pay Plaintiffs' Counsel's reasonable attorneys' fees

and costs incurred in bringing this motion. Plaintiffs' Counsel shall present their accounting of fees and costs to Defendants within 30 days of this Order.

      IT IS SO ORDERED.

Dated: _____