BRIAN D. NETTER
Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
STUART J. ROBINSON
Senior Trial Counsel
BENJAMIN T. TAKEMOTO
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 532-4252
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON *on behalf of themselves and all others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MIGUEL CARDONA, *in his official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendants*. | Case No. 19-cv-03674-WHA <br><br> **DEFENDANTS' NOTICE IN ADVANCE OF JULY 11, 2024 HEARING** <br><br> (Class Action) <br> (Administrative Procedure Act Case) |

Defendants respectfully submit this notice to provide the Court an update, in advance of the July 11, 2024 hearing, regarding the issuance of new instructions to servicers for effectuating full settlement relief for Exhibit C borrowers with mixed consolidation loans.

As the Court is aware, during the May 23, 2024 hearing, the Court resolved a dispute between the parties about the processing requirements for refunds for borrowers, including those with mixed consolidation loans consisting in part of loans eligible for relief under the *Sweet* settlement and in part of loans ineligible for such relief. At that hearing and in a subsequent order issued on May 24, the Court adopted Plaintiffs' interpretation of the settlement agreement. Because Defendants' processing schedule had been premised on a different understanding of the processing requirements, Defendants proceeded to evaluate how to meet their commitments under the May 24 order. Defendants concluded that it would not be possible to meet the July 31 deadline to provide full settlement relief to an additional 30,000 borrowers, or even to estimate when it could meet that deadline, and that Defendants would require further relief from the Court, in one of two forms—either relief from the July 31 deadline, or a direction to change the substantive relief provided by focusing on actions that could be taken by the servicer of the borrower's current consolidation loan, thereby streamlining the effectuation of settlement relief. The parties met and conferred and reached agreement on the contours of the latter option shortly before the June 13 hearing, with Defendants taking the position that they would follow that course of action only if ordered by the Court.

During the June 13 hearing, Defendants identified the complications arising from the May 24 order and sought the Court's guidance as to how to implement the settlement, particularly given the inability to meet the July 31 deadline. Defendants also explained that the alternative proposal discussed with Plaintiffs was not provided for under the settlement agreement. Defendants were trying to seek the court's guidance and did not state a preference for the alternative proposal, as compared to providing relief from the July 31 deadline. Defendants stated that they could pursue the alternative course of action only if ordered by the Court.

While the Court "approve[d] the different path" at the hearing (tr. at 15), the ensuing minute order was not clear that the Court was ordering this specific approach (extending the July 31 deadline to August 31 "to accommodate Parties' agreed method for accomplishing full relief for class members having consolidated loans," ECF No. 416 at 1).  In light of the discussion at the June 13 hearing, Defendants have interpreted the Court's minute order as having ordered action to be taken by the servicer of the Exhibit C borrower's current mixed consolidation loan.  Defendants have not interpreted the Court's order only to extend the July 31 deadline and require servicers, in connection with the May 24 order, to process refunds on interim mixed consolidation loans by August 31.

Defendants are providing notice to the Court that they have sent new instructions to servicers consistent with their interpretation.  The servicers are now working to implement those instructions in order to meet the August 31 deadline.  Defendants are monitoring the instructions' effectiveness and will supplement them as necessary.

Dated: July 11, 2024

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*Benjamin Takemoto*
STUART J. ROBINSON
Senior Trial Counsel
BENJAMIN T. TAKEMOTO
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for the United States*