EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' MOTION FOR APPROVAL OF AGREEMENT RE COUNSEL FEES** |

On November 7, 2024, Plaintiffs filed a notice to inform the Court that they had reached an agreement with Defendants regarding Plaintiffs' request, pursuant to Section V.B of the Settlement Agreement (ECF No. 246-1), for an award of attorneys' fees, costs, and expenses incurred up to and including September 26, 2024, based on Defendants' material breaches of the Settlement Agreement as of that date. ECF No. 442. On November 13, 2024, the Court ordered Plaintiffs to submit their proposed fees and costs and the specific reasons those amounts should be paid. *See* ECF No. 444. Plaintiffs hereby move for approval of the Parties' agreement and in support thereof submit:

1. Paragraph V.B.2 of the Settlement Agreement provides that "Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.A.1, IV.C.9, IV.D.1, and/or IV.D.3 of the Agreement by failing to effectuate relief within the prescribed time periods for any individual who is entitled to receive relief pursuant those Paragraphs," and that if Plaintiffs prevail on such a claim, "Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim." ECF No. 246-1 at 16.

2. By September 2023, Plaintiffs were aware of systemic servicer issues that could indicate that Defendants were not on track to meet the January 28, 2024, deadline to deliver relief to members of the Automatic Relief Group. On September 19, 2023, Plaintiffs' counsel emailed Defendants' counsel identifying specific failures by the loan servicer MOHELA and noting, "[W]e're very concerned that these issues will occur with other servicers as well unless ED takes proactive steps to ensure that the servicers are complying with the settlement." ECF No. 393-3 (Exhibit 7 to Plaintiffs' Motion to Enforce).

3. The systemic issues continued to occur throughout the fall and early winter of 2023, and Plaintiffs continued to request that Defendants take steps to ensure that they would meet the approaching deadline.

4. Defendants did not meet the deadline. On February 2, 2024, Plaintiffs sent Defendants a Notice of Material Breach of Paragraph IV.A.1 of the Settlement Agreement. On February 14, 2024, Plaintiffs sent Defendants a second Notice of Material Breach.

5. On March 19, 2024, Plaintiffs filed a Motion to Enforce the Settlement Agreement, asserting that "Defendants concede that they have materially breached Section IV.A.1 by failing to deliver Full Settlement Relief to all members of the automatic relief group by the deadline of January 28, 2024." ECF No. 397 at 13. Plaintiffs sought reasonable attorneys' fees and costs pursuant to Paragraph V.B.2. *Id.* at 17.

6. At the April 24, 2024, hearing on Plaintiffs' Motion to Enforce, the Court ordered the Department to provide relief according to a revised schedule and ordered the Parties and loan servicers to meet biweekly, in Washington, D.C., or San Francisco, to monitor progress and resolve issues as they arose. ECF No. 407. The Court indicated at that hearing that Plaintiffs' counsel would be entitled to fees and costs under the Settlement, but should wait to apply for them until after breach issues relating to the Automatic Relief Group were resolved. Transcript of April 24, 2024, Hearing at 32:15–19.

7. On September 26, 2024, the Parties reported that the Department was in substantial compliance with the Settlement with respect to the Automatic Relief Group. Transcript of Sept. 26, 2024, Hearing at 6:5-13. The Court granted permission for Plaintiffs to file an application for fees and costs associated with the March 19, 2024, Motion to Enforce. ECF No. 434.

8. Prior to the November 7, 2024, deadline to submit their fee application, Plaintiffs and Defendants reached a compromise pursuant to Section VI.C of the Settlement Agreement. ECF No. 246-1 at 21.

9. After meaningful negotiation, the Parties agreed that Plaintiffs' counsel should receive $271,381 in fees and $24,146 in costs, for a total of $295,527.

10. The agreed fee award was contemplated by the Settlement Agreement and will not reduce or otherwise impact the relief awarded to the Class under the Settlement Agreement. "Because Class benefits were fixed by the time the Parties discussed fees, the amount given to the Class [is] not compromised" by the agreed fee award. *In re Nat. Football League Players' Concussion Inj. Litig.*, 307 F.R.D. 351, 374 (E.D. Pa. 2015).

11. The $271,381 in fees accounted for (i) 500.7 attorney hours, at $500.64 per hour for 2023 and $519.44 per hour for 2024; and (ii) 86.2 paralegal hours, at $130.00 per hour. The hours totals comprise time spent drafting correspondence notifying servicers and the Department of the settlement breach, briefing the Court, communicating with class members, conferring with Defendants, and monitoring and investigating class member complaints from September 2023 through September 26, 2024. The totals include only a single attorney billing entry for activities that involved more than one attorney (*e.g.*, meetings, calls, hearings). Including time for all participating attorneys would yield a total of 749.3 hours—meaning that Plaintiffs voluntarily decreased their fee request by one-third. Moreover, Plaintiffs screened for and eliminated all attorney and paralegal time that was potentially duplicative or attenuated from enforcement issues.

12. The hourly rates are reasonable within the meaning of Section V.B of the Settlement Agreement. The attorney rates are double the Equal Access to Justice Act (EAJA) rate for the Boston area for the relevant time period,[1] and are well within the range found reasonable for attorneys in Massachusetts. *See, e.g.*, *Novi Footwear Int'l Co. Ltd. v. Earth OpCo LLC*, No. 22-cv-10952, 2024 WL 3416055, at *4 (D. Mass. July 15, 2024) (approving hourly rates ranging from $395 to $693 for four attorneys); *DMO Norwood LLC v. Kia Am., Inc.*, 706 F. Supp. 3d 137, 141 (D. Mass. 2023) (approving a rate of $735 an hour for a law firm associate's time and $1,085 an hour for a partner's time). The paralegal rate is the standard adjusted EAJA rate and is consistent with rates approved for paralegal work in Massachusetts. *Cosenza v. City of Worcester, Mass.*, No.

---

[1] EAJA does not govern Section V.B.2 of the Settlement Agreement, but was used by the Parties as a benchmark. EAJA sets a maximum statutory rate of $125 per hour, 28 U.S.C. § 2412(d)(2)(A), which may be increased by a court to account for increases in the cost of living or another special factor, *id.* § 2412(d)(2)(A)(ii). District courts determine an appropriate cost of living increase by multiplying the statutory rate by the annual average consumer price index figure ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate. *See Thangaraja v. Gonzales*, 428 F.3d 870, 877 (9th Cir. 2005) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001)). Using the Boston-area average CPI-U of $326.02 for 2023, $338.26 for September 2024, and $162.80 for March 1996, *see* Bureau of Labor Statistics, "Consumer Price Index Boston-Cambridge-Newton, MA-NH," https://www.bls.gov/regions/northeast/data/consumerpriceindex_boston_table.htm, yields adjusted EAJA rates of $250.32 (2023) and $259.72 (September 2024).

18-cv-10936, 2023 WL 2838381, at *2 (D. Mass. Apr. 7, 2023) (approving $150 an hour for senior paralegals and $100 an hour for other paralegals); *Boadi v. Ctr. for Hum. Dev., Inc.*, No. 14-cv-30162, 2017 WL 5178791, at *3 (D. Mass. Nov. 8, 2017) (approving $150 an hour for paralegals).

13. The $24,146 in costs accounted for ground and air transportation, lodging, food, and other costs associated with attendance at court-ordered meetings in Washington, D.C., and at status conferences in San Francisco through September 26, 2024, along with certain litigation expenses such as transcripts.

14. Spreadsheets tracking attorney and paralegal time and costs are attached hereto as an appendix to Exhibit 1.

15. Because of Plaintiffs' counsel's diligence in identifying the Department's settlement breach, bringing it to the Court's attention, and working with the Department and servicers to resolve it, nearly all members of the Automatic Relief Group had received their Full Settlement Relief as of October 24, 2024.

16. All Named Plaintiffs approve the fee agreement. *See* Exhibit 1, Eisenbrey Declaration, ¶¶ 5–7.

For the foregoing reasons, Plaintiffs ask the Court to grant this Motion and approve the Parties' agreement regarding counsel fees.

Dated:  November 21, 2024                    Respectfully submitted,

*/s/ Rebecca C. Eisenbrey*
EILEEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING, INC.

769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 617-390-2669
Fax: (617) 781-218-9625

*Attorneys for Plaintiffs*