UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-WHA<br><br>**DECLARATION OF ALICIA DAVIS** |

I, Alicia Davis, state as follows:

1. I am one of the named Plaintiffs in the above-captioned case. The statements contained herein are true and accurate to the best of my knowledge.

2. I am active in the community of Class Members, including by responding to questions about the case on online forums dedicated to borrower defense.

3. I virtually attended the hearing in this case on March 13, 2025, along with at least 1,000 other Class Members.

4. During that hearing, an attorney for MOHELA stated that he was not familiar with the problem of long hold times when Class Members try to call MOHELA about issues with their student loan accounts.

5. After the hearing, I received messages online from many Class Members who said they had experienced long hold times with MOHELA and wanted to communicate that information to Plaintiffs' attorneys and/or to the Court.

6. In response, I decided to create a survey to collect information about people's experiences in an organized manner.

7. On March 20, 2025, I created a Google Form survey asking Class Members to share their experiences with contacting their servicer and/or the Department of Education/Federal Student Aid with questions about their *Sweet*-related loans.

8. The survey was 30 questions long and I left it open for one week. I shared the survey in the *Sweet* Borrower Defense Facebook and Reddit groups.

9. Questions 1-7 asked identifying information of the respondent, including who their servicer is. Questions 8-17 asked those who tried contacting their servicer different questions about their experiences calling or writing to their servicer. Finally, questions 18-27 asked those who tried calling or writing to the Department about their experiences. Question 28 asked whether they filed a Consumer Financial Protection Bureau (CFPC) complaint against their servicer. Question 29 gave PPSL permission to contact respondents about their answers. Lastly, question 30 allowed respondents to include evidence supporting their answers, such as screenshots showing call logs, wait times, and e-mails.

10. On March 28, 2025, I closed the survey and pulled all the responses into a single Excel spreadsheet. The spreadsheet records the timestamp when the survey was submitted, the respondent's email address, and their response to each of the thirty questions.

11. The survey received a total of 457 responses. All responses came from Class Members, Post-Class Members, or "techies"—a word we use in *Sweet* online communities to refer to people who should have been included in the Class but were initially, wrongly excluded due to technical difficulties that caused their application to be processed outside of the settlement's date range.

12. I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   April 14, 2025
                    MONROE COUNTY, FLORIDA

*/s/ Alicia Davis*

ALICIA DAVIS

DECLARATION