UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, et al., | |
| Plaintiffs, | No. C 19-03674 WHA |
| v. | **ORDER RE MOTION SEEKING RELIEF FROM DEADLINES FOR POST-CLASS BORROWER DEFENSE APPLICATIONS** |
| LINDA MCMAHON, et al., | |
| Defendants. | |

The Department of Education has filed a motion seeking relief from its obligation under the settlement agreement to either adjudicate 251,000 borrower defense applications from 207,000 post-class applicants by January 28, 2026 or else discharge the debt at issue (Dkt. No. 492). The Federal Student Aid Office reports that only 54,000 such applications have been decided (Dkt. No. 492-1 ¶ 31). The Department proposes an 18-month extension to complete these adjudications, i.e., extending the deadline to complete adjudications to July 28, 2027.

**BY FRIDAY, NOVEMBER 14, 2025**, the government shall file a supplemental brief (and anything in support) to address the viability of dividing the 197,000 undecided post-class applications into four tranches with deadlines reflecting at most a 12-month extension, i.e.:

| | Number | Decision Due | Relief Due |
|---|---|---|---|
| Post-Class Supp. 1 | 49,250 | Jan. 28, 2026 | See Text. |
| Post-Class Supp. 2 | 49,250 | May 28, 2026 | |
| Post-Class Supp. 3 | 49,250 | Sept. 28, 2026 | |
| Post-Class Supp. 4 | 49,250 | Jan. 28, 2027 | |

The tranches would be divided by order of application, by alphabetical order, or by random draw. The tranches would have decision deadlines extended zero, four, eight, and twelve months, respectively. The government also should address why the relief deadlines should not be extended by fewer months such that any delay to relief is also reduced by fewer months. The Court's expectation is that a complete response could be offered in five pages or fewer.

**BY FRIDAY, NOVEMBER 21**, class counsel shall file any response to the government's supplemental brief not already included as part of class counsel's response to the underlying brief (still due Thursday, November 20). Class counsel shall have five pages or as many as the government takes in its supplement to address these topics wherever so answered.

The government's reply on the supplemental briefing, if any, shall be included in its reply on the original motion within the original page limits.

The Court is not ordering such a revised schedule. Indeed, the Court is not yet willing to grant any relief. We will hear argument on the supplemental briefing together with the motion.

**IT IS SO ORDERED.**

Dated: November 8, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE