BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

R. CHARLIE MERRITT
Senior Counsel
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 3:19-cv-03674-WHA <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER DATED NOVEMBER 8, 2025** <br><br> Date: December 11, 2025 <br> Time: 8:00 a.m. <br> Place: Courtroom 12, 19th Floor |

Last week, the Government moved for additional time to adjudicate post-class applications before requiring automatic settlement relief. ECF No. 492. Two days later, the Court ordered the Government to submit a supplemental brief "to address the viability of dividing the 197,000 undecided post-class applications into four tranches with deadlines reflecting at most a 12-month extension" and to "address why the relief deadlines should not be extended by fewer months such that any delay to relief is also reduced by fewer months." ECF No. 493. In response to the Court's order, the Government respectfully refers the Court to the attached Supplemental Declaration of James Bergeron.

The Government emphasizes four points in response to the Court's proposal. First, the Department of Education ("Department") has determined it is not feasible to adjudicate all undecided post-class applications with only an overall 12-month extension of the current January 28, 2026 deadline. *See* Suppl. Decl. of James Bergeron ¶ 3-4 ("Supp. Bergeron Decl."). The Department's extension request is based on its "high degree of confidence" that an 18-month extension is necessary to adjudicate all outstanding post-class applications considering the additional funding Congress has recently provided to the Department's Federal Student Aid ("FSA") Office. *See id*. ¶ 2; First Decl. of James Bergeron ¶¶ 34-37, ECF No. 492-1 ("First Bergeron Decl."). With that said, a twelve-month extension would provide the Department the opportunity to adjudicate more claims and reduce (but not eliminate) windfall benefits to borrowers at taxpayer expense.

Second, because the Department sorts and processes applications by school, the Court should not divide undecided post-class applications into tranches organized by order of application, by alphabetical order, or by random draw. Supp Bergeron Decl. ¶¶ 8-9. But the Department would not oppose dividing the undecided post-class applications into school-based tranches and adjudicating those applications pursuant to staggered deadlines every few months, as set forth in Table 5 of the Supplemental Bergeron Declaration. *Id*. ¶¶ 5, 9. Table 5 also provides more detail regarding the likely number of outstanding claims that would remain after the completion of each tranche, including after twelve months. *Id.* ¶ 9.

Third, because the Department anticipates the pace of processing—considering school count—will accelerate as One Big Beautiful Bill Act-funded attorneys are onboarded and trained, the Court should not divide the undecided post-class applications into four equally sized tranches with decision deadlines

Defendants' Supplemental Brief in Response to the Court's Order Dated November 8, 2025
3:19-cv-03674-WHA

1

equally distributed. *Id*. ¶¶ 6-7; First Bergeron Decl. ¶¶ 34-37. At minimum, the Court should not require that a significant number of applications be decided by January 28, 2026. Supp Bergeron Decl. ¶ 3. To the extent the Court believes tranches are equitable, it should consider the Department's proposal set forth in Table 5 of the Supplemental Bergeron Declaration. Supp Bergeron Decl. ¶ 9.

Finally, it is not feasible for the Department to lessen the amount of time required to provide relief to post-class applicants whose claims are approved. The one-year period specified in the Settlement Agreement is necessary for the Department and its loan servicers to take all the necessary steps for effectuating relief for any post-class applicant entitled to relief due to a favorable adjudication on the merits or due to paragraph IV.D.2. of the Agreement. Supp. Bergeron Decl. ¶ 10.

Dated: November 14, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

R. CHARLIE MERRITT
Senior Counsel

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

Defendants' Supplemental Brief in Response to the Court's Order Dated November 8, 2025
3:19-cv-03674-WHA

2