# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

         *Plaintiffs*,

   v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

         *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF ALICE ZAFIRIS**

I, Alice Zafiris, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Arlington, Virginia.

3.     I am 40 years old.

4.     I borrowed federal student loans in order to attend Argosy University.

5.     The Department accepted my Borrower Defense application early in the morning on June 23, 2022. I had been trying to submit my application for about two weeks before that but could not because of issues with the Department's website. I understand that means that I am currently considered a Post-Class Applicant under the *Sweet v. McMahon* Settlement. On January 7, 2025, I notified the Department that I tried to submit my application multiple times leading up to the June 22, 2022 *Sweet* class inclusion deadline, and that as a result I should be moved into the class. However, the Department has yet to let me know whether they will approve my request.

DECLARATION

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     When the Department of Education told me in writing that it would decide my Borrower Defense to Repayment application by January 28, 2026, I believed them. That date became something to hold onto — an end point after years of uncertainty. I built my expectations, and honestly, parts of my life, around that promise. Delaying this decision by an additional 18 months, as the Department has requested, is not simply a bureaucratic adjustment; it is a direct act that will continue to cause severe, escalating, and unnecessary harm to me and my family.

8.     My loans now total $403,214.99, up from the $252,587 I borrowed for a degree from a school that no longer exists. My loans are in forbearance, but interest keeps accruing month after month while my application sits untouched. Each passing month without a decision turns a promise into a larger and more painful number. The settlement's deadline wasn't just administrative — it was a lifeline. Asking for an 18-month extension is asking the Court to stretch that lifeline into a longer rope I'm forced to keep climbing.

9.     Since June 23, 2022, my application portal has shown the same stagnant status: "2.10 – Ready for EU Review." Nothing has changed. I've become almost compulsive about checking for updates, refreshing the page far more than I'd like to admit. On the plus side, I've apparently developed an unexpected new skill in reading website backend code — not exactly the professional growth I had in mind, but it's what happens when you're desperate for any sign of progress.

10.    The financial impact is already real. My debt-to-income ratio is so distorted that I couldn't be added to the mortgage when my husband and I bought our home. It's a small thing on paper — a missing signature — but it felt like an erasure: my role as a partner and provider sidelined by a debt born from a degree I pursued to help others.

11.    We've also put off starting our family and delayed IVF because it would be financially reckless to take that step while this unresolved debt keeps growing in the background.

2

DECLARATION

Time doesn't pause while I wait for the Department to act — it just keeps moving forward without me.

12.     The emotional toll has been equally heavy. The ongoing uncertainty has led to panic, anxiety, and sleepless nights. I lie awake doing mental math, calculating interest, wondering how much longer this will drag on. It seeps into everything — my relationships, my work, even my ability to imagine a future without dread.

13.     To hear the Department describe borrowers like me as receiving a "windfall" is profoundly demoralizing. There is nothing windfall-like about years of waiting, mounting debt, and living in constant financial instability. We are not opportunists; we are people who believed the settlement meant what it said.

14.     Granting another extension would only deepen the harm that's already been done. It would mean more interest, more uncertainty, and more sleepless nights wondering if this process will ever end. I'm asking the Court to hold the Department to its commitment — to issue decisions by January 28, 2026, or grant the relief owed if that doesn't happen. It's the only way to make this right and allow people like me to finally move forward.

15.     This week brought the most painful consequence yet — my father passed away on Sunday night and I am unable to apply for a low-interest funeral loan to pay for the services because of my debt to income ratio. I'm having to take out a much higher interest rate loan with a shadier creditor in order to pay for this. It's insult to injury. A dagger in my grieving heart.

16.     I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable. I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   November 20, 2025

ARLINGTON, VIRGINIA


Alice Zafiris (Nov 20, 2025 10:43:03 EST)

ALICE ZAFIRIS

3

DECLARATION

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF SHERRI MAINHART** |
| *Defendants*. | |

I, Sherri Mainhart, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Brunswick, Georgia.

3.     I am 52 years old.

4.     I borrowed federal student loans in order to attend Kaplan University (now Purdue University Global). I attended in 2012-2014 and 2015-2016.

5.     Kaplan's misleading financial advisors promised that I would have enough funding to obtain a bachelor's degree. But in the end I did not complete my degree because I maxed out my federal aid. Kaplan representatives told me it would be another $40,000 to finish my degree.

6.     Kaplan fed me a fairytale of financial freedom, independence and prosperity. That was false. I now have over $54,000 in debt, no degree, and the "school" isn't even recognized by most employers.

1

DECLARATION

7.     I later enrolled at Louisiana State University through my employer, but out of the supposed 114 credits I had earned through Kaplan, LSU said only approximately 26 credits would transfer because most were Kaplan's own created courses and basically were not legitimate.

8.     I applied for Borrower Defense on October 2, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

9.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

10.     My debt-to-income ratio is being negatively impacted because of this albatross of a loan. My credit score doesn't improve regardless of what I do because of this loan. When I had to buy a car in 2023 (because my old car had its engine explode and then the transmission failed), I was told by multiple dealerships that I didn't qualify to purchase a used car because of my credit. I had to get a loan for the least expensive new Honda I could find, and the payment ended up being $509 per month.

11.     My credit score is going down right now because every month interest gets added to my student loan balance. In another 18 months, my credit score will be non-existent.

12.     I am currently only able to rent undesirable housing because of my credit. My current rental has mold and dampness issues. The roof was leaking in several places and the landlord just put another roof over the old roof, trapping mold in between the layers. I am a breast cancer survivor and suffer from fibromyalgia. Living with mold and dampness is detrimental to my health.

13.     In the past, I was able to own a home on my own, but I sold it to move closer to family when my health was doing poorly. Now I can't afford to get comparable housing to what I used to have.

14.     I also am being treated for depression and anxiety, and my credit and current living arrangement are huge contributors to those conditions.

15.     My daughter has become a successful professional, but I worry constantly about the effect my financial situation might have on her.

2

DECLARATION

16.     Waiting until January of 2026 was already a ridiculously long time to wait for a decision on a school that failed to provide what they promised. I strongly oppose extending the deadline.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  19/11/2025

        GLYNN COUNTY, GEORGIA



Sherri Mainhart (Nov 19, 2025 16:46:55 EST)

        SHERRI MAINHART

3

DECLARATION

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

     *Plaintiffs*,

     v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

     *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF BETH HUEGEL**

I, Beth Heugel, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Columbia, South Carolina.

3.     I am 35 years old.

4.     I borrowed federal student loans in order to attend the The Art Institute of Philadelphia.

5.     I applied for Borrower Defense on August 27, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I have already been waiting for over three years for a decision. I did my part by filing my application when instructed, and the Department must now be held to its promise.

1

DECLARATION

8.      Delaying this decision by an additional 18 months, as the Department has requested, is not simply a bureaucratic adjustment; it is a direct act that will continue to cause severe, escalating, and unnecessary harm to me and my family.

9.      **Credit and Repayment Anxiety:** Extending this deadline by 18 months would cause severe and irreversible financial harm to me and my family. As the sole income earner for my family, this ongoing situation is creating unbearable financial and emotional stress, pushing me dangerously close to bankruptcy, and I can't tell if I need to file or not because I'm getting mixed information from my servicer, AidVantage, and from the Department. More than a year ago, I received a notice from the Department saying that all of my loans from the Art Institute would be discharged. However, when I try to check in on my account to find out why I still have a balance, AidVantage and the Department each tell me to contact the other. I even have sent in multiple disputes to the credit bureaus, and each time AidVantage confirms that I owe the full-balance of the debt. If I am forced to live with the financial uncertainty of my outstanding loan balance for another 18 months, it will destroy the ounce of stability I've worked so hard to build, and remove any chance of me reclaiming financial independence until at least my mid 40s.

10.     **My Credit is Compromised:** My debt-to-income ratio is unmanageable, and because AidVantage continues to report incorrect loan information to the credit bureau, my credit score unpredictably drops by up to 50 points. This is weighing down my credit and prevents me from refinancing my other debts with a lower interest rate or qualifying for a home. I am currently applying for mortgage loans, and the mortgage broker has told me that my student loan balance will limit my ability to get a loan. In August, I was initially approved for a mortgage and even picked out a house, but the lender revoked its approval because my loans were still appearing on my credit report. Even though I explained that my loans had been discharged, AidVantage would not send the paperwork the lender requested.

11.     **Anxiety of Repayment Uncertainty:** I am concerned about being placed back into repayment. Even though I believe my loans are supposed to be discharged, they are still showing on my AidVantage account, and they are still listing a due date even though the payment is listed as zero. Given the lack of competency that I've seen from the Department and

2

my servicer on my loans, I am very reasonably worried that something will go wrong and they will tell me that I have to start repaying my loans again. If that happens, I will not be able to do it. It will be a financial disaster for me. I would have no options.

12.    **The Personal and Emotional Burden:** The strain my student loan discharge delay is putting on me is drastically impacting my health. Calls to the Department and to AidVantage to try to get accurate and complete information on my loans regularly causes me to experience panic attacks. The debt that I am in as a result of going to this predatory school has caused me life-long harm. Because employers have no respect for my Art Institute degree, I have been forced to take a series of low-paying, unreliable, and extremely physically and emotionally taxing jobs. My Art Institute degree was so disrespected within my community that I even had to move far away in order to find employment. The financial strain of my student loans keeps me stuck in these jobs, and also has forced me to take out additional debt in order to meet my family's basic expenses. Finally completing my student loan discharge would take a big burden off my shoulders and will also allow me to pay off some of my other outstanding debts.

13.    **Impact on My Family's Well-Being:** I have had to move far from my family because I couldn't afford the cost of living given my income and debts. My financial uncertainty means that I'm unable to move closer or even to visit them. This is extremely painful to me.

14.    I have been waiting far too long. The Department of Education must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   November 19, 2025_____

COLUMBIA, SOUTH CAROLINA

Beth Huegel (Nov 19, 2025 11:46:29 EST)

BETH HUEGEL

3

DECLARATION

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

        *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

        *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF ERIN WILLIAMS**

I, Erin Williams, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Murfreesboro, Tenneessee.

3.     I am 42 years old.

4.     I borrowed federal student loans in order to attend the Art Institute of Pittsburgh to get a Bachelor's of Science in Graphic Design and an Associate's degree in Web Design and Interactive Media.

5.     I applied for Borrower Defense on August 25, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     The Department of Education insists that I need to wait on Borrower's Defense, even though a portion of my debt should have been automatically discharged and refunded

DECLARATION

through group discharge. No action was taken despite complaints to the DOE, my servicer, and even one to the CFPB.

8.    I declined forbearance when I signed my Borrower's Defense application to continue working towards income-based-repayment forgiveness. This decision was made prior to the DOE's press release that confirmed the school as fraudulent. I am now stuck with my loans in repayment and they continue to accumulate interest. My husband is the breadwinner in our household and we cannot file taxes jointly because of my IBR repayment plan. As a result, we cannot receive the tax benefits of being married and we are financially stuck until this is resolved. Meanwhile, the full amount of accruing debt continues being reported to the credit agencies. This entire process has caused great emotional harm as well as financial. An extension would only prolong the uncertainty and all financial implications that go along with it.

9.    I currently do not have an income and I am trying to keep my husband's income safe. My debt-to-income ratio is astronomical. We have a modest house that had to be purchased in my husband's name only. We didn't even try to include my income at the time. I own nothing in my own name. We kept my name off of all major purchases due to fear because of this debt and the need to protect all assets. The only thing I own in life other than a few personal belongings is a massive amount of debt. What I need the most is a life and the ability to help my husband financially because everything is on him. At the same time, neither one of us wants to pay for fraud. I do not trust the DOE at all.

10.    My 2008-2010 Art Institute Degree should be already flagged for discharge and out of repayment. Even after filing complaints and sending proof, they refuse. I have to wait on Borrower's Defense for all of the debt, which completely goes against the press release for the group discharge. I simply do not trust the DOE to make any repayments and further tie up financials. We aren't even sure what I have paid already will ever be refunded. I cannot move forward with life until a Borrower's Defense decision is made.

11.    Ever since the Art Institute discharge was announced and the fraud was confirmed by the DOE, I haven't known what to do. I have grave concerns that the degrees that I worked so hard for and put so much money towards are useless. I struggled to find work out of graduation

DECLARATION

due to this school and I seriously doubt it will be easier since the group discharge has been announced and the school was striped of accreditation years ago.

12.    I am not against paying honest debt that has accrued. However, the balance is not even correct. They haven't even released the portion of my debt that was supposed to be automatically removed so I do not have any trust left. I certainly am not going to pay them more until this is resolved. The DOE tells me I need to wait on Borrower's Defense but now they are trying to push that deadline back even further.

13.    While starting over at life at 42 years old is far from ideal, I deserve to have that opportunity. This is literally a noose around my neck. I do not feel free to move on with my life in any way shape or form until the DOE is held accountable. My husband is forced to cover bills for everything and I am stuck in limbo waiting for an opportunity to have a future free from burden. For this reason, this extension should be denied. They are constantly trying to shirk accountability towards fraudulent debt, whether it be in the form of group discharges or Borrower's Defense Applications. They should not be allowed to get away with this. The DOE expects borrower accountability while they themselves hold no liability.

14.    I have approximately $84,887.41 in outstanding federal student loans related to my attendance at The Art Institute of Pittsburgh.

I swear under penalty of perjury that the foregoing is true and correct.


        Executed on:  November 18, 2025
                RUTHERFORD, TENNEESSEE


                *Erin Williams*
                _____
                ERIN WILLIAMS

DECLARATION

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF KIMBERLY O'NEILL**

I, Kimberly Oneill, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Springfield, Ohio.

3.     I am 41 years old.

4.     I borrowed federal student loans in order to attend Kaplan College (now known as Purdue University Global) to get a Bachelor's degree in Business.

5.     I have approximately $49,000 in outstanding federal student loans related to my attendance at Kaplan College (now known as Purdue University Global).

6.     I applied for Borrower Defense on October 6, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

7.     I am writing today about how disgraceful the Department of Education is being. Many of us, including myself, were pressured or misled into attending colleges that engaged in predatory practices. I was not prepared to be exploited by a predatory school or lender. I was promised job opportunities and income levels that never materialized. Instead, after graduating, I

1

DECLARATION

struggled financially, fell behind on my bills, lost my home, and ultimately had to file for bankruptcy. I had to rebuild my life from the ground up. Now, with this proposed extension, I fear I may be forced into bankruptcy again.

8.      A major and immediate hardship I face is my inability to purchase a reliable vehicle. My debt-to-income ratio—driven almost entirely by my student loans and the continually accruing interest—is preventing me from qualifying for an auto loan. My credit score has been severely damaged by this debt, and without a dependable car, I cannot meet essential daily needs. I rely on transportation to get to work and, even more critically, to take my son to his necessary medical appointments following his battle with cancer. The lack of a reliable vehicle puts our safety, stability, and health at risk. This is not a luxury—it is a necessity for our survival and wellbeing.

9.      If this extension is approved, the added 18 months of interest alone would exceed the amount I already owe, making it impossible to improve my credit enough to purchase a car anytime soon. This extension would lock me into another year and a half of being unable to secure reliable transportation for my family. It would mean choosing between essential bills, struggling to cover basic needs, and risking my son's access to medical care.

10.     Many borrowers like me have waited years for a resolution. The Department of Education had more than enough time to complete its work. The harm caused by these delays should not continue falling on borrowers who were deceived and financially devastated by predatory institutions. For many of us, reliable transportation is the key to maintaining employment, caring for our children, and rebuilding our lives. This extension directly prevents that.

11.     The ongoing stress has taken a significant toll on my mental health. The idea of extending this burden even further is overwhelming. This decision will not affect just one person—it will impact thousands who are already struggling. We want to move forward. We want to rebuild our credit. We want to regain stability and work toward a better future. But with debt that grows uncontrollably and prevents basic necessities like transportation, that future is slipping out of reach.

DECLARATION

12.     For these reasons, I respectfully request that this extension be denied. The continued accrual of interest, the prolonged financial instability, and the inability to secure essential transportation create a hardship too great to ignore.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   November 18, 2025

CLARK COUNTY, OHIO

_____

KIMBERLY O'NEILL

3

# EXHIBIT 7

1
2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

3   THERESA SWEET, *et al*

Case No.: 19-cv-03674-WHA

4              *Plaintiffs,*

5        v.

6   LINDA MCMAHON, in her official capacity
7   as Secretary of the United States Department
    of Education, and the UNITED
8   STATES DEPARTMENT OF EDUCATION

**DECLARATION OF DR. LAUREN
BARTHOLOMEW**

9              *Defendants.*

10
11
12
13

I, Dr. Lauren Bartholomew, state as follows:

14      1.    I am submitting this declaration in relation to the above-captioned case. I am over
15   the age of eighteen. The statements contained herein are true and accurate to the best of my
16   knowledge.

17      2.    I live in Collegeville, Pennsylvania.

18      3.    I am 42 years old.

19      4.    I borrowed federal student loans in order to attend Argosy University to obtain a
20   Doctorate in Psychology. Argosy lied about the accreditation of my graduate program—we were
21   told that the program would be APA accredited by the time our internship was done, but this was
22   not true. Since graduating I've also become aware that Argosy's owner, EDMC (the same
23   ownership as the Art Institutes), was hiking the price of our program in order to line executives'
24   pockets.

25      5.    I applied for Borrower Defense on June 28, 2022. I understand that means that I
26   am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

27      6.    If the Department of Education is allowed to delay the Post-Class deadline by
28   another 18 months, I will suffer harm as described below.

1

DECLARATION

7.    The requested extension would be catastrophic to my life, my family, and my ability to contribute meaningfully to my community.

8.    **Undue Financial Hardship:** The burden of my student loan debt has created severe financial hardship that affects every aspect of my daily life. Each month, my loan payments both consume a significant portion of my income and remain in default status while prevent me from meeting basic needs such as paying my own rent without family financial assistance and receiving all the medical care I need due to cost.

9.    The promised date of January 28, 2026, represents not merely relief but a lifeline. I have structured my financial planning around this deadline, making decisions about rent, healthcare, and family obligations based on the reasonable expectation that this matter would finally be resolved. An 18-month delay would mean nearly two more years of continued financial strain.

10.    This is not simply an inconvenience—it represents 18 more months of choosing between loan obligations and necessities, 18 more months of financial insecurity, and 18 more months of my life placed on hold while the Department fails to fulfill its obligations under the settlement agreement.

11.    My father is retirement age, but he is still working in order to help support me financially. I want my father to be able to enjoy his retirement.

12.    **Inability to Achieve Basic Financial Stability:** The existence of my student loan debt has made it impossible for me to achieve fundamental markers of financial stability that most Americans take for granted. I cannot purchase a home for my family. My debt-to-income ratio, burdened by these loans, disqualifies me from obtaining a mortgage. I have been forced to continue renting, paying over $2,600 in rent money that could be building equity and stability for my future but instead enriches a landlord while I remain trapped in a cycle of financial impermanence. My health insurance is almost $800 per month.

13.    Similarly, I am unable to obtain financing for a reliable vehicle. The lease on my current vehicle is coming to a close soon, and with rising costs of living I am uncertain if I will be able to afford to lease or purchase a new vehicle. The inability to secure reasonable auto

2

financing leaves me vulnerable to transportation emergencies that could jeopardize my employment, and will cause undue strain in getting to and from doctors' appointments that keep my many chronic health conditions in check.

14.    The discharge of these loans would immediately improve my creditworthiness and debt-to-income ratio, opening doors that have been closed to me for years. An 18-month extension keeps those doors locked.

15.    **Barriers to Further Education and Professional Development:** Perhaps most significantly, my existing student loan debt prevents me from pursuing additional education that would not only benefit my career but also address a critical public health need in my community. I am seeking to pursue education in clinical psychopharmacology, which would enable me to become a prescriber and help address the severe shortage of mental health prescribers in my state.

16.    The mental health crisis in our nation, and particularly in my state, is well-documented. Wait times for psychiatric care are measured in months, not days. People in crisis cannot access the medication management they desperately need. I want to be part of the solution.

17.    I am prepared to undertake the training necessary to serve my community in this critical capacity. However, I cannot pursue this additional education while carrying my current student loan debt. No responsible financial aid office would approve additional loans given my existing debt burden. No lender would extend me credit for educational purposes. I am effectively barred from advancing my education and serving a vital public need because of loans taken out for a program that failed to provide the promised career outcomes—part of the very reason I am entitled to discharge under the borrower defense process.

18.    The January 28, 2026, deadline represents the moment when I can finally move forward. I can apply to programs, secure necessary funding, and begin the training that will allow me to prescribe medication and provide desperately needed mental health services. An 18-month delay doesn't just postpone my personal goals, it extends the time that patients in my community

DECLARATION

1  go without adequate access to care. Every month of delay is another month where people suffer

2  because there aren't enough prescribers to meet the demand.

3      19.    **Effects on My Physical and Mental Health:** I have multiple severe chronic

4  health issues. When I was 14, I was diagnosed with Lyme disease, which I found out in my 20s

5  was chronic. A doctor told me that treatment would not be covered by insurance and would cost

6  over $100,000, so I had to decline the treatment. When I was 17, I was diagnosed with

7  intermediate uveitis (swollen cells in the retina), which causes cataracts and glaucoma. I've had 8

8  eye surgeries and have to get medication injected directly into my eyeballs. The stress from

9  having my student loans hanging over my head exacerbates my physical health conditions.

10      20.    These loans have caused me so many sleepless nights. I constantly feel as though

11  I am teetering on the edge of financial ruin and subsequent potential homelessness. I don't have

12  family that could take me in if I lost my housing.

13      21.    I feel terrified because I have essentially no money saved in retirement. I have

14  avoided getting married partly because of my debt.

15      22.    I feel like I was sold a bill of goods about the American dream, where if you go to

16  school and work hard you will be successful. Argosy promised that I would be able to pay off

17  my student loans quickly with money I could earn with their degree. Instead, I live paycheck to

18  paycheck despite being a doctor. I just want a little house with a yard for my dog, but at this rate

19  I will never own a home because of my debt-to-income ratio. According to society, I made all

20  the right choices, always played by the rules, and yet I ended up in this impossible position.

21      23.    **The Department's Failure Should Not Become My Burden:** The Department

22  of Education has had years to process these applications. The settlement agreement provided

23  clear deadlines and expectations. The post-class discharge date of January 28, 2026, was

24  established precisely because the Department failed to meet its obligations to process

25  applications in a timely manner. Now, the Department seeks to extend its own deadline—to

26  reward its own failure with more time—while transferring the consequences of that failure onto

27  borrowers like me who have waited patiently and structured our lives around the agreed-upon

28  timeline.

24.     I have already waited over three years for this relief. I have already endured the financial hardship, the deferred dreams, the inability to build stability. The settlement agreement acknowledged that this wait has been unfair and provided a remedy. To grant the Department's request for an extension would effectively nullify that remedy for 18 additional months and signal that the Department's administrative convenience outweighs the real, documented harm being inflicted on borrowers.

25.     I respectfully urge this Court to deny the Department of Education's motion for an extension. The January 28, 2026, deadline is not arbitrary—it represents a hard-fought agreement that recognized the harm caused by the Department's delays. I am one of thousands of post-class members whose lives hang in the balance. For me, an 18-month extension means continued severe financial hardship; continued inability to purchase a home or secure vehicle financing; continued barriers to pursuing education in clinical psychopharmacology; continued inability to help address the mental health crisis in my community; continued punishment for the Department's failure to fulfill its obligations.

26.     The Department made promises under the settlement agreement. Those promises must be kept. I respectfully ask this Court to hold the Department accountable to the deadline it agreed to and to allow me and thousands of other borrowers to finally move forward with our lives. Thank you for your consideration.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  11-18-25

                MONTGOMERY COUNTY, PENNSYLVANIA


                L Bartholomew, Psy.D

                DR. LAUREN BARTHOLOMEW

DECLARATION

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

      *Plaintiffs*,

   v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

      *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF MELONEY
GARRETT**

I, Meloney Garrett, state as follows:

1.    I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.    I live in Port Murray, New Jersey.

3.    I am 48 years old.

4.    I borrowed federal student loans in order to attend Ashford University and Arizona State University.

5.    I applied for Borrower Defense on August 30, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.    **The Financial Fallout: Credit and Repayment Anxiety:** I have been waiting for three years for a decision. I was a victim of false promises about my employment prospects that caused me to enroll in a predatory school, and that led me to take on a large amount of student loan debt. One of the colleges I attended, Ashford University, is no longer is in existence.

1

DECLARATION

Among other things, its promise of lifetime employment assistance was a sham. I am conscientious about paying my debts and keeping my balances manageable. However, while I have been waiting for years for a decision on my borrower defense applications, my student loan balance has been accruing massive amounts of interest. I am a single parent and have to plan not only for my own financial future, but also for my family's. My son is enrolling in college next year, and until I have certainty about how much I will need to repay on my loans, I can't know how much I'll be able to borrow to support his education. It feels terrible for me to not know whether I will be able to fully support him.

8. **My Credit is Compromised:** The loans tied up in this defense claim remain on my credit report. Because my federal student loan debt is accruing interest while I wait for a decision on my application, it is having an ever increasing impact on my debt-to-income ratio. This negatively impacts my ability to get affordable credit. I currently need to buy a new car, and worry that I will pay even higher interest as a result of my inflated debt-to-income ratio. I believe that this harm to my credit causes me to pay more for auto insurance, since this is one of the factors that applies to its cost. I also need to ensure my credit and debt-to-income ratio is in good standing so that I am able to get a loan to support my son's college dreams.

9. **Anxiety of Repayment Uncertainty:** I am concerned about being placed back into repayment. I am a single parent working for a non-profit and the delay in getting a decision on my application leaves me completely in the dark about how much I will have to repay, when I will have to repay it, and what repayment options I will have—especially given the drastic changes in student loan repayment plans. Living with this uncertainty and being unable to plan for the future is a source of constant stress for me.

10. **The Personal and Emotional Burden:** The long delay on ED's decision on my borrower defense application put me in a years-long state of anxiety. The uncertainty over my student loan debt is always on my mind, especially as I work with my son to figure out how he will pay for college and how I will be able to support him. For more than three years I have lived with financial uncertainty. The thought of waiting another 18 months is overwhelming.

DECLARATION

11.     **Professional and Employment Roadblocks:** I am worried that I will not be able to apply for a different job if I need to, because some jobs consider the amount of debt that you have in hiring.

12.     I have been waiting far too long. The Department of Education must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   11/19/25

PORT MURRAY, NEW JERSEY

_Meloney Garrett_

MELONEY GARRETT

3

DECLARATION

# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

        *Plaintiffs*,

     v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

        *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF NINA MECHAM**

I, Nina Mecham, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Fort Myers, Florida.

3.     I am 55 years old and am suffering from my third benign brain tumor. Surgery on an earlier tumor caused damage to my vision that forced me to leave a career in law enforcement.

4.     I borrowed federal student loans in order to attend King's College to get a certificate in Secretarial Sciences.

5.     I applied for Borrower Defense on September 14, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     I took out approximately $10,000 in federal student loans to attend King's College, and because of interest my outstanding loan balance is now approximately $50,000.

7.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

1

DECLARATION

8. The stress of this debt has followed me for decades; it never goes away. No matter how hard I work or how carefully I budget, the fear of how I will ever afford to begin repaying it is always present.

9. I earn an income that falls below the poverty line, yet it is still considered "too much" to qualify for food assistance or other support, leaving me stuck in a constant financial strain with no safety net.

10. Having this loan on my credit report impacts every part of my life: it affects job opportunities, rental applications, and my ability to move forward.

11. In 2021 I tried to buy a home, but because of my debt-to-income ratio I was denied a loan. I am a home appraiser and I can't afford to buy. I also can't afford to go back to school to get the degree I would need to advance in my career.

12. The certificate I received from King's College cost thousands of dollars, but it never opened a single door or generated income anywhere near enough to repay the loans they encouraged me to take.

13. The weight of this debt has kept me trapped, not because of poor choices, but because of a predatory institution that failed to provide the education it promised.

14. I relied on getting a decision on my Borrower Defense application by January 28, 2026. A further delay would mean another 18 months of living without a future.

15. I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: _18/11/2025_____

LEE COUNTY, FLORIDA

*Nina R. Mecham*
_____

NINA MECHAM

DECLARATION

# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF STACEY BARTON** |
| *Defendants*. | |

I, Stacey Barton, state as follows:

1. I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2. I live in Livingston, Louisiana.

3. I am 41 years old.

4. I borrowed federal student loans in order to attend Ashford University to get a degree in Social Sciences.

5. I applied for Borrower Defense on August 28, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6. I have an outstanding student loan balance of approximately $212,000 from my time at Ashford University.

7. If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

8. My husband and I live in an RV with our two boys and have been trying to buy a home. We have money for a down payment, and we found a home and made an offer. We were

1

DECLARATION

unable to close on that home because of our debt-to-income ratio, which is high because of my student loans. The home is now back on the market, and yesterday I saw that a sale is pending.

9. The stress from my loans and the lack of clarity is preventing me from living. I check the studentaid.gov website every day to see if there is any change or relief. I've been depressed. I've been crying and have lost weight because of the stress.

10. My husband and I have been discussing divorce because of the strain my outstanding loans have placed on our marriage. He is a disabled veteran who served 12 years in the military but a back injury from an IED explosion in Iraq caused his early retirement. We can't use his VA benefits to get a VA loan because of my student loans.

11. I relied on getting a decision on my Borrower Defense application by January 28, 2026. A further delay would put more strain on me, my husband, and our boys.

12. I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   19/11/2025
_____

LIVINGSTON PARISH, LOUISIANA


*Stacey Barton*
Stacey Barton (Nov 19, 2025 12:12:32 CST)
_____

STACEY BARTON

2

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF STEPHANIE DIMASO** |
| *Defendants*. | |

I, Stephanie DiMaso, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in New Berlin, Wisconsin.

3.     I am 40 years old.

4.     I borrowed federal student loans in order to attend Chamberlain University to get a Bachelor's degree in 2012.

5.     I applied for Borrower Defense on July15, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I submitted my Borrower Defense application over three years ago. During this time, my student loan has continued to accrue a substantial amount of interest, significantly increasing my overall balance and deepening my financial hardship.

1

8.      The Department of Education has had more than a sufficient amount of time to review and process these applications. Meanwhile, as borrowers, we have been required to comply with every changing rule, policy, and deadline issued by the Department, often at great personal cost. It is only fair that the Department be held to the same standard of accountability and adhere to the deadlines it has established for itself.

9.      As a single parent, this prolonged delay has had devastating consequences on my financial stability and mental well-being. The burden of this unresolved debt has prevented me from qualifying for a mortgage, continuing my education, and saving for retirement. I have been forced to put my life on hold while the government continues to change the rules surrounding student loans on a near constant basis. I live in constant fear of how I will continue to provide for my son and secure a stable future for both of us.

10.     The Department's inaction, coupled with the compounding interest and lack of clear communication, has created an unfair and overwhelming hardship.

11.     I have approximately $31,000 in outstanding federal student loans related to my attendance at the University of Phoenix.

12.     I believe I am owed a substantial refund of the money I paid on these loans.

13.     I relied on getting a decision on my Borrower Defense application by January 28, 2026. Moving the deadline now only prolongs the harm to me and my family's wellbeing.

14.     I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  <u>11/20/2025</u>

WAUKESHA COUNTY, WISCONSIN


*Stephanie DiMaso*
STEPHANIE DIMASO

2

DECLARATION

# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF MARK GOMEZ**

I, Mark Gomez, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Dallas, Texas.

3.      I am 63 years old.

4.      I borrowed federal student loans in order to attend DeVry University between 2005 to 2008. I earned a degree in Technical Management.

5.      Before I went to DeVry, I suffered a workplace accident in 2001. Because of my injuries, I was out of the job market, and my doctor advised me not to go back to school for in-person classes. Someone from DeVry told me that I could do a degree online, but it turned out that online classes were much more expensive than in-person classes. I still pursued the degree, hoping that after I graduated and finished treatment for my injuries I would be able to earn more. DeVry agents claimed that I would get a great job and make great money with my degree, maybe doubling or tripling my income, but that was a lie. Instead, the opposite happened—I became very under-employed, sometimes even below the poverty line, even with my college degree. I

1

worked hard and got good grades, but the jobs I got after earning my degree actually paid less than what I was earning before my accident.

6.      When my loans were in repayment, I faced a choice between making student loan payments or being out in the street. At the time, the loan servicers were offering deferments like candy. I took deferments and forbearances, or sometimes made minimum payments, because I couldn't afford the full payments, but it meant that my balance was swelling. Meanwhile, the pay increases I'd hoped for didn't come. At the same time, I started hearing in the news about DeVry having a patchy reputation and being involved in predatory lending. I worried no one would hire me with that on my resume.

7.      I applied for Borrower Defense on November 9, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

8.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

9.      The loan payments for my DeVry loans were always larger than my income could support. Furthermore, multiple extensions and deferments simply bloated the amount owed. Remaining in an under-employed state for the majority of my post-graduation years aggravated my inability to repay. That placed the balances and payments too far out of range for any income I was earning.

10.      This bloating balance over the years is holding my credit score down. My ability to get credit, including mortgage loans in earlier years when houses were more affordable, has always been impeded by the DeVry loans. Lately I have tried to explain to lenders that it might get forgiven, but that doesn't help my credit score or access to credit. The increasing, aging debt looks bad to lenders on my credit report even though I'm not delinquent and made payments over the years (the loans are in borrower defense forbearance now).

11.      In 2021, I finally found a better-paying job. But this year my company did a round of layoffs, and now I have been unemployed for almost six months. I'm worried that due to my age it will be really difficult to find another good job.

12.      Meanwhile, my wife has become disabled, and I am now near retirement age.

2

DECLARATION

13.     I experience constant stress from wondering what's going to happen with my borrower defense application. I feel very disillusioned knowing that my case is sitting there and people are just doing nothing about it. No updates on my status, no additional information, nothing. Not a day goes by that I don't wake up and wonder if this is going to fall on my head.

14.     If the Department of Education says I have to pay the entire balance, I worry that I'd become homeless. I could never repay it at this point. The balance has more than doubled from what it was when I graduated, and is now close to the amount I bought my first house for in 1999. This has an impact on my health, mind, and soul. I want to pay bills and do what I can, but this is way out of reach.

15.     Meanwhile, DeVry gets to keep its money even though I didn't see any of the benefits I was promised. Now I believe that I could have done just as well for myself without all this debt.

16.     I was looking forward to this coming year because I knew my borrower defense deadline was coming up. Now the Department is trying to take that away.

17.     These schools have already been found to have used unscrupulous practices, and I am just one of many who fell victim to these schools. Please resolve these cases now so we can get on with our lives.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  20/11/2025

                     DALLAS COUNTY, TEXAS


*Mark Gomez*
Mark Gomez (Nov 20, 2025 11:04:11 CST)

MARK GOMEZ

3

DECLARATION

# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

         *Plaintiffs,*

    v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

         *Defendants.*

Case No.: 19-cv-03674-WHA

**DECLARATION OF CONTESSA TRACY**

I, Contessa Tracy, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Laurel, Maryland.

3.      I am 34 years old.

4.      I borrowed federal student loans in order to attend Argosy University to get a Doctorate degree in Clinical Psychology

5.      I applied for Borrower Defense on June 25, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      I have an outstanding student loan balance of approximately $280,000 from my time at Argosy University. I have a mixed consolidation loan that also includes debt from other schools, including the Chicago School of Professional Psychology, with an outstanding balance of around $340,000.

7.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

1

DECLARATION

8.      For more than three years I have lived under financial and emotional strain directly caused by ongoing delays. Granting an extension would deepen that harm and have serious long-term consequences.

9.      As a service member, I made a commitment to serve my country and I have continued to uphold that commitment while also carrying the weight of unresolved student loan issues tied to an institution that misled students and misused federal aid funds.

10.     Because my application remains in limbo, I am not receiving credit toward Public Service Loan Forgiveness. This means that every month of delay pushes my financial future further out of reach and traps me in debt that would be forgiven if the Department honored the timelines promised under this settlement.

11.     The harm is not abstract. It affects my livelihood, my family's stability, and my military career. Prolonged student loan debt and the resulting credit impacts have direct implications for security clearance reviews, financial reliability assessments, and future assignments. Service members are expected to maintain strong financial readiness, yet the Department's delay places me at continued risk through no fault of my own.

12.     Beyond military-specific consequences, the continued accrual of interest, degradation of my credit profile, and inability to plan for long-term financial goals—such as purchasing a home, supporting family needs, or investing in retirement—are burdens I carry every day.

13.     Borrowers in the Post-Class attended schools that engaged in predatory practices and mishandled federal student funds. To now face further delay feels like a continuation of the same misconduct and financial exploitation we initially suffered. We should not be subjected to additional harm or what feels like ongoing institutional negligence.

14.     The Department's extension request would compound years of damage that borrowers, particularly public servants and service members, have already endured. Borrowers have waited long enough.

15.     I relied on getting a decision on my Borrower Defense application by January 28, 2026. Further delay is not just inconvenient, it is emotionally distressing, financially destructive,

DECLARATION

and professionally consequential. Justice delayed is truly justice denied for those of us who
trusted both our institutions and our government's promise of relief.

   16. I ask the Court to enforce the January 28 deadline for all Post-Class borrowers.
Justice delayed is truly justice denied for those of us who trusted both our institutions and our
government's promise of relief.


I swear under penalty of perjury that the foregoing is true and correct.


   Executed on: <u>19/11/2025    </u>

      PRINCE GEORGE'S COUNTY, MARYLAND




      CONTESSA TRACY

DECLARATION

# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs,* | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF SEAN SANDERS** |
| *Defendants.* | |

I, Sean Sanders, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Merritt Island, Florida.

3.     I am 56 years old.

4.     I borrowed federal student loans in order to attend the University of Phoenix.

5.     I applied for Borrower Defense on September 6, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I have already been waiting for over three years for a decision. I did my part by filing my application when instructed, and the Department must now be held to its promise.

8.     Delaying this decision by an additional 18 months, as the Department has requested, is not simply a bureaucratic adjustment; it is a direct act that will continue to cause severe, escalating, and unnecessary harm to me and my family.

1

DECLARATION

9.    **The Financial Fallout: Credit and Repayment Anxiety:** The most persistent source of anxiety is the financial instability this delay maintains.

10.    **My Credit is Compromised:** The loans tied up in this defense claim remain on my credit report. This unresolved debt is actively negatively affecting my credit score and debt-to-income ratio. Every day this debt remains in limbo, I am prevented from moving forward financially. Securing favorable rates on things like a mortgage, car loan, or even renting an apartment is harder, more expensive, or outright impossible. This delay means I must accept a compromised financial standing for another 18 months.

11.    **Constant Fear of Repayment:** Although my loans are currently protected, the proposal to push the deadline further leaves me in constant concern about being placed back into repayment. If the Department fails to properly manage its accounts during this extended waiting period, I could suddenly face demands for repayment, accrued interest, and the risk of default, which would completely upend my family's financial stability.

12.    **The Personal and Emotional Burden:** The uncertainty surrounding the *Sweet* settlement has been an ongoing mental health crisis for my family.

13.    **Stress and Anxiety Will Continue:** Waiting this long—now potentially for over four years—has created significant stress, anxiety, and other negative impacts on my mental and emotional health. This is the burden of financial and legal limbo. I cannot make long-term plans or feel secure about my future until this massive cloud of debt is resolved. An 18-month extension is a mandate to keep suffering this emotional distress.

14.    **Impact on My Family's Well-Being:** My stress is not isolated. The financial anxiety and lack of stability inevitably have a negative effect on my family's well-being. Part of the reason for the end of my previous marriage was the strain on my finances. My family deserves to move past the harm caused by my school's fraudulent actions, and every delay prolongs the hardship and limits opportunities for my family members.

15.    **Professional and Employment Roadblocks:** The unresolved debt limits my ability to advance my career and support my family.

2

DECLARATION

16.    **Impediment to Career Growth:** I am currently a special agent with NASA, where I maintain a security clearance. In my field, or for certain job roles, the existence of large, unresolved debt can be a factor in hiring, security clearance, or professional licensing. I have to report any unresolved debt to my employer. This delay ensures that this potential negative effect on my employment or professional well-being remains a reality.

17.    **Inability to Plan:** I need financial certainty to plan major life moves, like relocating for a new job or promotion that might require securing new housing or taking on other debt. By extending the deadline, the Department is blocking my ability to make crucial career and life decisions for the foreseeable future.

18.    I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:    11/18/2025

BREVARD COUNTY, FLORIDA

SEAN SANDERS

DECLARATION

# EXHIBIT 15

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF AKRAM JABER**

I, Akram Jaber, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Greenville, South Carolina.

3.     I am 41 years old.

4.     I borrowed federal student loans in order to attend ITT Technical Institute. I graduated from ITT in 2005 with an associate's degree.

5.     I applied for Borrower Defense on October 31, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     A delay in the decision on my borrower defense application would have a serious impact on my financial stability and overall well-being. The uncertainty surrounding my student loans has already strained my credit, debt-to-income ratio, and my ability to plan for major expenses. Buying a home is out of the question and has been since I've had these loans, because

1

DECLARATION

of my debt-to-income ratio. Buying a car is more difficult because the loans put me into a higher range of interest rates. Having these loans still on my credit report hurts my credit score and makes it harder and more expensive to qualify for credit.

8.      I am worried about being placed back into repayment and the risk of wage or tax refund garnishment, which would directly threaten my family's stability—especially as I recently had a baby and am supporting my household. I want to be able to provide stability for my child. Being in a rental home, where things can always change (such as the landlord raising the rent or selling the property), isn't the amount of stability that I want for my baby.

9.      The ongoing delay also creates stress and anxiety that affects both my mental and physical health. The constant uncertainty is exhausting, especially the fear of being put back into repayment and having to come up with hundreds or thousands of dollars on short notice. I have even suffered physical symptoms from the stress, including high blood pressure, headaches, and trouble sleeping.

10.     We already have a lot of monthly bills to cover. With a new baby, every dollar matters, and the uncertainty keeps us from planning things. Even just knowing I might have to start paying these loans again makes me feel like I'm always on the edge and may have to choose which bills to pay first. I've already put off medical and dental care and some baby expenses because of my fears of having even more debt. The uncertainty is constantly in the back of my mind, and it's exhausting. I worry about it almost every day—whether I'll suddenly owe payments I can't afford, or my wages will be garnished. It affects my sleep, my mood, and my ability to enjoy time with my family.

11.     The delay also affects my employment and professional opportunities, since my credit standing limits important financial decisions I need to make. Until a decision is made, I cannot move forward with plans to return to school and complete my bachelor's degree. I am currently working in the field of healthcare IT, and a lot of employers require a bachelor's degree at minimum. I also worry about background checks or credit checks for jobs, and the stress makes it harder to focus sometimes.

2

DECLARATION

12. Overall, the delay keeps me in a constant state of uncertainty, preventing me from improving my financial future and creating stability for my family. The longer this drags on, the harder it is to plan anything. I can't know if I'm going to suddenly owe hundreds of dollars each month. If the court allows more delay, it means more months or years of living in limbo, which keeps hurting my credit, my finances, and my family's stability.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:  <u>19/11/2025</u>

GREENVILLE COUNTY, SOUTH CAROLINA

AKRAM JABER

3

DECLARATION

# EXHIBIT 16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF ALEXANDRA STRONG** |
| *Defendants*. | |

I, Alexandra Strong, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Saginaw, Texas.

3.      I am 31 years old.

4.      I borrowed federal student loans in order to attend Remington College to get a Associates degree in Graphic Design in 2015.

5.      I applied for Borrower Defense on July 20, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.      A delay in the post-class decision deadline would significantly impact my mental, emotional, and physical well-being. The uncertainty would increase my stress and anxiety, making it difficult to focus and manage daily responsibilities. Physically, prolonged stress tends

DECLARATION

to worsen my existing health issues, which would further affect my ability to stay productive and stable.

8.     This delay would also place added strain on my family. They rely on me for both emotional and practical support, and the ongoing uncertainty about my academic path would create additional pressure and disrupt our sense of stability.

9.      Most importantly, a postponed decision will put at risk my ability to return to school and pursue a genuine, fully accredited degree. I have structured my plans, finances, and personal commitments around this timeline. Any postponement would interfere with my academic progression and potentially delay my long-term goals.

10.     In short, the lack of clarity and extended waiting period would create real and meaningful hardship across my mental health, physical health, family life, and educational future.

11.     I have approximately $17,119 in outstanding federal student loans related to my attendance at Remington College.

12.     I believe I am owed a refund of $12,881.

13.     I relied on getting a decision on my Borrower Defense application by January 28, 2026. Moving the deadline now only prolongs the harms to my credit and the financial stress and anxiety that is negatively impacting me.

14.     I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on: _____11/18/2026_____

TARRANT COUNTY, TEXAS


*Alexandra Strong*
ALEXANDRA STRONG

2
DECLARATION

# EXHIBIT 17

1

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

3  THERESA SWEET, *et al*

4              *Plaintiffs*,

5      v.

6  LINDA MCMAHON, in her official capacity
7  as Secretary of the United States Department
   of Education, and the UNITED
8  STATES DEPARTMENT OF EDUCATION

9              *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF CHANDY NILES**

10

11

12

13      I, Chandy Niles, state as follows:

14      1.      I am submitting this declaration in relation to the above-captioned case. I am over

15  the age of eighteen. The statements contained herein are true and accurate to the best of my

16  knowledge.

17      2.      I live in Cibolo, Texas.

18      3.      I am 46 years old.

19      4.      I borrowed federal student loans in order to attend Ashford University. I began

20  my program there in 2006 and graduated in 2010 with a bachelor's degree in Organizational

21  Management.

22      5.      I applied for Borrower Defense on August 1, 2022. I understand that means that I

23  am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

24      6.      This week, I logged onto my Federal Student Aid online portal and saw that some

25  of my student loans from Ashford had been discharged. I believe this is because my loans from

26  2009 and 2010 were eligible for group discharge based on the school's misconduct. But my

27  understanding is that the earlier loans from 2006 to 2008 are not covered by the Ashford group

28  discharge. Those loans still show as outstanding on my FSA portal.

1

DECLARATION

7.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

8.    My husband retired from the military at the end of 2021. Before he retired, I was raising my children and fostering two adults with disabilities in Texas while he was stationed in Colorado. We bought a house in Texas in April 2022. This is the first home I have ever owned.

9.    I have been waiting to have the foundation on my home repaired because I will be unable to afford the payment of my student loans and pay for the house repair at the same time. I have been waiting for a decision so I can plan accordingly. It is creating a lot of anxiety.

10.    The loans are also affecting my credit because interest keeps getting added to the balance. At one point, my student loans disappeared from my credit report, but then they reappeared with even more interest added, which caused my credit score to go down.

11.    I lost my son to suicide 2 years ago. My stepfather passed on the day of my son's funeral and then my husband lost his brother and father within the next six months. Unfortunately, my husband also lost his job not long after his father passed.

12.    Although 2023 and 2024 were the worst years ever, we have worked hard to try to catch back up and learn to live a "new normal." We are still working to get caught up and currently have two sons in college and one graduating high school.

13.    It's difficult to encourage my 17, 19, and 20 year old stepsons that college is important when they see the struggles we are now facing with paying back high student loans, a degree from a college that is not reputable, and now not even a decision date we can depend on to develop a plan of action for possibly repairing our home that is literally cracking in half. That's an entirely different stress as a parent that they need to understand.

14.    We are trying to make a plan of action for our lives after every terrible tragedy that we have been through and we simply need to be given answers by deadlines that we were promised.

15.    I made my payments when I was supposed to even when I couldn't afford it, and I feel I am owed the same respect. Our home needs to be repaired and we need to heal as a family.

2

16.    Please do not add one more stress or burden to our lives at this point. Stick to the deadline we were given so that we can also continue to move forward as we were promised. The anxiety and stress we live with daily is already overwhelming, but the waiting to see if we will have another bill is horrible for a debt that should be removed.

17.    It's been a long three years and the government's lack of planning is not our fault. We have had to still plan accordingly. Please hold them to the same standard that we have been held to.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:  $11-18-2025$

GUADALUPE COUNTY, TEXAS

CHANDY NILES

3

DECLARATION

# EXHIBIT 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

     *Plaintiffs,*

     v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

     *Defendants.*

Case No.: 19-cv-03674-WHA

**DECLARATION OF JENNIFER
MCMILLIAN**

I, Jennifer McMillian, state as follows:

1.    I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.    I live in Leeds, Alabama.

3.    I am 43 years old.

4.    I borrowed federal student loans in order to attend Walden University to get a Bachelor's degree in Criminal Justice.

5.    I applied for Borrower Defense on July 23, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.    A delay in the post-class decision deadline is not a minor inconvenience; it is the continuation of harm. It means my life remains paralyzed in uncertainty. Financially, I am unable to make critical, long-term decisions like saving for a home or retirement, because the possibility of a massive debt burden still looms over my entire future.

1

DECLARATION

8.      The hardship caused by the unresolved debt is acute: my family relies on Section 8 housing and Medicaid for my children, and I am currently without my own health insurance coverage. Every day this decision is delayed, my family's financial foundation feels more unstable.

9.      More importantly, the delay perpetuates the psychological burden. It forces me to constantly carry the anxiety of the original fraud, preventing me from closing this difficult chapter. I simply need clarity—not just to plan my finances, but to finally achieve a sense of closure and healing so I can define a future that isn't perpetually held in limbo by past misrepresentation.

10.      I have approximately $64,251.30 in outstanding federal student loans related to my attendance at Walden University.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   November 18, 2025

ST. CLAIR, ALABAMA


JENNIFER MCMILLIAN

2                                    DECLARATION