# EXHIBIT 19

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF LYNDSAY PELCHAT**

I, Lyndsay Pelchat, state as follows:

1.    I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.    I live in Sioux City, Iowa.

3.    I am 48 years old.

4.    I borrowed federal student loans in order to attend University of Phoenix.

5.    I applied for Borrower Defense on August 3, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.    **The Financial Fallout: Credit and Repayment Anxiety:** Delays in this decision will have a profound impact on my life in numerous ways. First and foremost, the anxiety of carrying debt that continues to accrue massive amounts of interest is unbearable. This uncertainty prevents me from planning for retirement by contributing to my 401(k), or taking other steps that will help me be financially secure. I enrolled in these predatory schools as a single mom in order

1

to build a future for my family. None of the promises my school made to me to get me to enroll turned out to be true. Instead I've been left with overwhelming debt that caused me to be unable to support my own children's educational dreams, continue my own education, or plan my future. Until I know whether I'll have to repay these predatory loans, I am stuck in limbo.

8.    **My Credit is Compromised:** The loans tied up in this defense claim remain on my credit report. These loans affect my debt-to-income ratio, and even though I am good standing on my accounts, I believe that the ever-increasing balance on my student loans will keep me from accessing affordable credit and improving my financial well-being.

9.    **Constant Fear of Repayment:** The stress will only intensify because I know that I can be subjected to extreme collection measures like tax offset or wage garnishment if the Department of Education ("ED") defaults my loan while I am waiting for a decision. If this happens, ED will not not give me the leniency that it is asking for with its request for even more delay.

10.    **The Personal and Emotional Burden:** The uncertainty of these outstanding, predatory loans has kept me in a state of shame, fear, and guilt. It is a wound that doesn't heal. It has kept me from being able to save for emergencies. I worry about being able to support my family if they need help. I worry about not being able to support myself if I lose my job or if I am no longer able to work. I worry that the debt keeps me in a state of being stuck because I am afraid to make financial commitments until this is resolved. The worry, shame, fear, and guilt have taken a toll on my health and well being.

11.    **Stress and Anxiety Will Continue:** This situation fills me with guilt and anxiety, emotions made worse by the realization that I was deceived by a predatory, for-profit school that exploited my hopes of building a better life as a single mother to two dependents. The shame, stress, and frustration surrounding this entire experience have only been exacerbated by ED's request for an extension. The Department previously stated they were on track to meet the original deadline, and now their failure to do so feels like yet another betrayal. I have been holding my breath, putting off major life decisions, and delaying my ability to help my family, community, and invest in my future while waiting for this long-anticipated resolution.

DECLARATION

12. **Impact on My Family's Well-Being:** This ongoing burden also affects my family. I am unable to support them financially in the ways I would like because of this ever-increasing debt. The total cost of my student loans now far exceeds what I originally borrowed, despite making timely payments.

13. **Professional and Employment Roadblocks:** I am unable to pursue further education due to the risk of compounding this unresolved debt. I have always aspired to earn my master's degree, and while my employer offers partial assistance, they do not cover the full cost. I am hesitant to take out additional loans or enroll in classes until this matter is resolved. I am concerned that if forced into the job market due to a company layoff or economic downturn, that my degree from the University of Phoenix will be viewed negatively and I will be overlooked as an applicant, furthering the anxiety and stress related to this settlement.

14. I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:  November 19, 2025

SIOUX CITY, IOWA

_Lyndsay M. Pelchat_

LYNDSAY PELCHAT

3

DECLARATION

# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

                    *Plaintiffs*,

          v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

                    *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF MARGO RUTLAND**

I, Margo Rutland, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Robbinsdale, Minnesota.

3.      I am 47 years old.

4.      I borrowed federal student loans in order to attend National American University to get a Bachelor's degree in Information Technology with a minor in Management Information Systems.

5.      I applied for Borrower Defense on July 9, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.      I am the caretaker of my mother and grandson.

DECLARATION

8. The stress of the large student loan balance impacted my credit score and my ability as a single parent over the last 21 years to rent apartments, pay for reliable car repairs, or get loans.

9. Now the time is coming for me to try and repay the loans, and it is 21 years later and there is no way I can afford to pay back the monthly payment required without worrying about being garnished or my credit impacted because I cannot afford to live.

10. I take care of my mom with cancer and I am raising my grandson, I have no room for additional stress and anxiety because of the uncertainty of prolonging the discharge of debt. I took the loans in good faith and the legal system said my debt would be discharged in good faith within a certain time frame.

11. I also have mold remediation that drained my savings and I had to demolish and remediate my basement. I cannot get a loan to repair this issue in my home because of the student loans causing my debt-to-income ratio to be too high. This has created a huge financial stress not being able to fix the issue.

12. My kids were 18 months, three, and five years old when I graduated, they are all now adults. I was baited in by National American University as a single parent with promises that I would be able to get a great job, I was promised job placement assistance. My loans and repayment were not explained to me, and so when I graduated and a single parent of three kids, I was never able to make enough to afford the repayments. At times I would get calls from the collections department until I could get my loans back in deferment.

13. I have approximately $53,579.18 in outstanding federal student loans related to my attendance at National American University.

//
//
//
//
//
//

DECLARATION

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   November 18, 2025
              HENNEPIN, MINNESOTA


*Margo Rutland*
_____

MARGO RUTLAND

DECLARATION

# EXHIBIT 21

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF RICHARD HANCOCK**

I, Richard Hancock, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Arlington, Texas.

3.      I am 44 years old.

4.      I borrowed federal student loans in order to attend ITT Technical Institute to get an associate's degree in Computer Networking Systems Technology.

5.      The program I attended at ITT Tech was nothing like what was advertised; I ended up teaching some of the classes instead of learning because one professor wasn't qualified to do his job.

6.      I applied for Borrower Defense on June 30, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

7.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

1

DECLARATION

8.      I originally took out approximately $23,000 in federal student loans to attend ITT Tech and I have paid almost $30,000 towards my balance since 2002, but because of accruing interest I still owe over $20,000.

9.      I have been trying for decades to pay these loans off through all kinds of hardships and I have nothing to show for it. When my loans were in repayment, I sometimes couldn't afford to eat, and I missed payments on other debts.

10.      I am currently back in school working to get a meaningful degree. I avoided taking out federal student loans and am paying for my tuition out of pocket because I did not want to increase my student loan balance.

11.      In addition to taking classes, I am working 60 to 80 hours a week to support myself. The uncertainty about my obligation to repay my student loans is incredibly stressful. It would be a massive relief to get a decision and know if I can get out from under this debt.

12.      I relied on getting a decision on my Borrower Defense application by January 28, 2026. This nightmare needs to end.

13.      I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   _18/11/2025_____

            TARRANT COUNTY, TEXAS


            _Richard Hancock_____
            Richard Hancock (Nov 18, 2025 16:45:21 CST)

            RICHARD HANCOCK

DECLARATION

# EXHIBIT 22

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

       *Plaintiffs,*

   v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants.*

Case No.: 19-cv-03674-WHA

**DECLARATION OF ELIZABETH
LAHREN**

I, Elizabeth Lahren, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Sequim, Washington.

3.     I am 66 years old.

4.     I borrowed federal student loans in order to attend Argosy University to get a Master's degree in Counseling Psychology.

5.     I applied for Borrower Defense on October 7, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I have heart disease due to all the stress that I endured due to the lies Argosy University made to prospective students. I took out loans to pay my bills because Argosy stated they would provide a PAID Practicum. LIARS! I had to work for free. I'm 66 years old and still paying for the loans I took out to pay bills while doing a free practicum. Antioch was the better

1

DECLARATION

1    school but I chose Argosy University for the paid Practicum. I would not have chosen Argosy

2    had they not lied to me. This debt is killing me. I'm trying to pay off the loans I took out for

3    living expenses. Retirement is not possible. I'm sick and angry that they lied and took advantage

4    of me. I could not afford to transfer to Antioch when I found out I'd been lied to. This is

5    outrageous.

6        8.    Working part-time is not an option for me at age 66 due to the ongoing payments.

7    I was told I could stop paying the loan payments, but the interest continues to accrue. Forcing me

8    to wait another year continues to force me to work full time until the decision is finally made to

9    give me relief. It's already been 15 years since I learned that Argosy trapped me into applying to

10   their school for my education due to their lies. I've been paying emotionally, physically,

11   mentally ever since. Extending the decision for another year causes me further health issues.

12       9.    I have approximately $15,199.00 in outstanding federal student loans related to

13   my attendance at Argosy University.

14

15   I swear under penalty of perjury that the foregoing is true and correct.

16

17       Executed on: November 17, 2025

18           CLALLAM COUNTY, WASHINGTON

19

20

21           ELIZABETH LAHREN

22

23

24

25

26

27

28

2

# EXHIBIT 23

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

      *Plaintiffs*,

   v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

      *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF FEDERICO GARZA**

I, Federico Garza, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Kalamazoo, Michigan.

3.     I am 48 years old.

4.     I borrowed federal student loans in order to attend the ITT Technical Institute.

5.     I applied for Borrower Defense on June 24, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I have already been waiting for over three years for a decision. I did my part by filing my application when instructed, and the Department must now be held to its promise.

8.     Delaying this decision by an additional 18 months, as the Department has requested, is not simply a bureaucratic adjustment; it is a direct act that will continue to cause severe, escalating, and unnecessary harm to me.

1

DECLARATION

9.    **The Financial Fallout: Credit and Repayment Anxiety:** This debt from the predatory for-profit school ITT Technical Institute has followed me for decades. This debt and my struggle to repay it has been a constant source of anxiety for me. When I've received notices from the Department of Education ("ED") about this debt and how much I owe my anxiety peaks and I am preoccupied with worry about how I will repay it.

10.   **My Credit is Compromised:** The loans connected to my defense claim remain on my credit report. The only current negative reporting on my credit report has been student loan debt from ITT, and I have been denied credit on numerous occasions as a result. This has set me back years in terms of reaching my life goals of owning a home and going back to school. Although I was finally just recently able to buy a home, I believe that my student loan debt is still affecting my ability to refinance in order to lower my monthly payments.

11.   **Constant Fear of Repayment:** I have struggled for years to keep up on my high student loan payments. At times, I was unable to make my payments and ED put me into default. This resulted in my tax returns being seized, and I am extremely worried that ED will put me back into collections and will contact my employer to garnish my wages. This would be extremely embarassing to me and is one of my main sources of ongoing anxiety.

12.   **The Personal and Emotional Burden:** The continued delay directly harms me financially by increasing a debt that I should not legally or equitably be required to bear. My situation is further complicated by the fact that I attended ITT Technical Institute, an institution whose misconduct has been widely documented, including findings of predatory recruitment and lending practices that misled students about the value of the education provided, the transferability of credits, program accreditation, and employment outcomes. These were core issues that led me to file Borrower Defense in the first place. Every additional month of delay prolongs both the financial damage and the psychological burden created by carrying a debt originating from a school now known for systematic abuses of its students.

13.   **Professional and Employment Roadblocks:** I am unable to pursue further education due to the risk of compounding this unresolved debt. I only had so much money to dedicate for my education and all of it went to go to a predatory school that did nothing to

DECLARATION

advance my career or opportunities. While this debt remains unresolved, there is no way for me to take advantage of other educational opportunties.

14.    **Stress and Anxiety Will Continue:** I filed my Borrower Defense application 1,244 days ago. During this extended period of uncertainty, my federal student loan has continued to accrue interest, increasing my outstanding balance despite the fact that I have long asserted that my loans are the product of misconduct. After more than three years of waiting, I remain without final resolution, without relief, and with a growing loan balance that continues to accumulate solely because the adjudication of these claims has been repeatedly delayed.

15.    I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  11/19/2025

                    KALAMAZOO, MICHIGAN


                    *Federico Garza*

                    FEDERICO GARZA

3

DECLARATION

# EXHIBIT 24

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

       *Plaintiffs*,

    v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF TIFFANY KOBS**

I, Tiffany Kobs, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Littleton, Colorado.

3.     I am 35 years old.

4.     I borrowed federal student loans in order to attend the University of Phoenix to get a Bachelor's Science degree in Management.

5.     I applied for Borrower Defense on November 12, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I have approximately $30,000 in outstanding federal student loans related to my attendance at the University of Phoenix. I have no other federal student loan debt.

8.     My degree from the University of Phoenix is viewed unfavorably, and having that name attached to my résumé has actually hurt my chances of getting jobs.

1

9.     For the past three years, I have been in a very stressful sitation, constantly wondering if next month I'll suddenly be required to make payments again, or if the loans will finally be gone for good.

10.    The financial uncertainty has taken a real toll. I don't know whether to keep budgeting for payments or if I can start using that money to better myself, like going back to school or building a more stable future.

11.    My car is more than ten years old and I havn't replaced it because I worry that I wouldn't be able to aford car payments if I have to restart payments on my student loans.

12.    I have put off having children because I am worried about adding the cost of childbirth and the cost of childcare to my oustanding debt.

13.    To add to the stress, I don't even know what my monthly payment would be if my student loan payments restarted. My income has changed since I entered forbearance and the available income-based repayment plans are all different.

14.    I relied on getting a decision on my Borrower Defense application by January 28, 2026. Any more delay would keep me stuck in the same stressful, uncertain place.

15.    I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  <u>18/11/2025</u>

      ARAPAHOE COUNTY, COLORADO



      TIFFANY KOBS

2

DECLARATION

# EXHIBIT 25

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

      *Plaintiffs*,

   v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

      *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF DANIELLE DESORMIER**

I, Danielle Desormier, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Spokane, Washington.

3.     I am 45 years old.

4.     I borrowed federal student loans in order to attend Ashford University to get a Bachelor's degree and a Master's degree in Business Administration.

5.     I applied for Borrower Defense on June 23, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     I took out approximately $80,000 in federal student loans to attend Ashford University. Because of interest, my outstanding balance is currently approximately $120,000. I do not have any other federal student loans.

7.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

1

DECLARATION

8.     **Credit Damage and Restricted Opportunities:** Continued reporting of these loans will further harm my credit score. Poor credit prevents me from making essential purchases, such as reliable transportation or housing, and limits access to necessary financial resources.

9.     **Educational Disruption:** I am currently enrolled in a doctoral program. Resuming repayment obligations would make it financially impossible for me to complete my degree, jeopardizing even more years of academic and professional investment.

10.    **Emotional and Health Impact:** The uncertainty and financial strain caused by this delay will significantly increase my stress levels, negatively affecting my health. This stress also impacts my household, including my 100%-disabled veteran husband, whose well-being depends on our financial stability.

11.    I relied on getting a decision on my Borrower Defense application by January 28, 2026. Delaying the post-class decision deadline would perpetuate the harm that the *Sweet v. Cardona* settlement was intended to remedy.

12.    I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: _18/11/2025_

SPOKANE COUNTY, WASHINGTON

*Danielle Desormier*

DANIELLE DESORMIER

2

DECLARATION

# EXHIBIT 26

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

     *Plaintiffs*,

     v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

     *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF ERICA EACOTT**

I, Erica Eacott, state as follows:

1.  I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.  I live in Oceanside, California.

3.  I am 53 years old.

4.  I borrowed federal student loans in order to attend the University of Phoenix to get a B.S. degree in Health Administration.

5.  I applied for Borrower Defense on June 28, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.  If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.  I submitted my Borrower Defense application to the Department of Education on June 28, 2022, explaining that the University of Phoenix engaged in widespread

1

misrepresentation at the time of my enrollment. The Department itself confirmed in 2023 that these claims of promising job placement assistance, strong employer networks, and lucrative career prospects were false and part of a deliberate nationwide scheme to induce students to enroll in costly programs.

8. These assurances were pivotal in my decision to attend, despite the high tuition. I believed the school would help secure employment that justified the expense. Instead, I graduated with over $40,000 in federal student loan debt and no meaningful job prospects.

9. For over a decade, my federal student loan debt has cast a shadow over every major decision in my life: where I live, what opportunities I pursue, and what I can provide for my children. My debt has limited my ability to save for retirement and even to move closer to family.

10. I respectfully urge the Court to deny this request. The Department had ample time and resources to comply with the settlement and chose not to. This case arose because the Department failed its legal duty to timely address borrower defense claims. Since then, it has made voluntary staffing and resource reductions that directly undermine its ability to meet obligations. Granting an extension would reward noncompliance and perpetuate harm to borrowers who have already suffered from fraudulent conduct.

11. For years, I have waited for the Department to adjudicate my application, hoping for relief from a burden that never should have existed. The consequences of further delay are severe and measurable. Interest continues to accrue on these loans, compounding financial harm. Even if relief is ultimately granted, borrowers will endure additional months of uncertainty, anxiety, and despair. In my own family, this unresolved debt affects whether my youngest child can afford college next year and whether we can ever retire. These are not abstract harms. They are daily realities for thousands of families.

DECLARATION

12. I have approximately $43,000 in outstanding consolidated federal student loans. Most of these loans are from the University of Phoenix, as I only borrowed approximately $5,000 for community college before I attended the University.

13. I relied on getting a decision on my Borrower Defense application by January 28, 2026. I respectfully ask the Court to deny the Department's request for an extension and require timely compliance with the settlement agreement, so that the post-class group can finally receive the relief promised.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: *November 19, 2025*

SAN DIEGO COUNTY, CALIFORNIA

ERICA EACOTT

DECLARATION

# EXHIBIT 27

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF LACRICIA LEE** |
| *Defendants*. | |

I, Lacricia Lee, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Las Vegas, Nevada.

3.      I am 37 years old.

4.      I borrowed federal student loans in order to attend Kaplan University/Purdue Global and United Education Institute ("UEI").

5.      I applied for Borrower Defense on June 23, 2022. I tried to apply earlier than that but I got an error message on the online application. I understand that the date of my application means that I am currently considered a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.      I have already been waiting for over three years for a decision. I did my part by filing my application when instructed, and the Department must now be held to its promise.

1

DECLARATION

8.      Not knowing whether I will have to repay my student loan debt has been devastating for me. I am currently earning minimum wage as the sole earner for my family, including my husband and two sons. My husband has been undergoing cancer treatment for the past two years and isn't able to work. He is very ill, and I am his sole caregiver. As a result I have to have a job where I can work from home.

9.      I wanted to go to school so I could have a job that I love, set an example for my kids, and make a decent living. Kaplan University and UEI promised me that they would help me achieve all of my goals, but both of these schools left me with nothing but debt.

10.     I still want to get an education and am trying to work towards a degree that will give my family some stability but my uncertainty about my student loan debt from these two predatory schools is a constant source of worry.

11.     I have very little debt other than my student loans, but my family and I live paycheck to paycheck and I am never able to get ahead or save money for emergencies. My family was homeless for nearly a year before we found housing in March 2025 and I am scared of what will happen if my student loans go back into repayment. I worry that I will start getting collection calls. Every week, I worry that I will have my paycheck garnished. Every year I wonder whether my tax return will be taken.

12.     Waiting this long for —now potentially for over four years—has created significant stress, anxiety, and other negative impacts on my mental and emotional health. This is the burden of financial and legal limbo. I cannot make long-term plans or feel secure about my future until this massive cloud of debt is resolved. An 18-month extension is a mandate to keep suffering this emotional distress.

13.     My family and I have suffered enough. Finding out for certain whether my student loans from these schools that took advantage of me and my desire to improve my life would lift a great weight off of me. It would not solve all of the hardships we are facing, but it would help us in our struggle to overcome them. It is cruel and uneccessary for the Department to delay this relief for yet another year and a half.

DECLARATION

14.    I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   November 19, 2025

LAS VEGAS, NEVADA

Lacricia Lee (Nov 19, 2025 13:19:48 PST)

LACRICIA LEE

3

DECLARATION

# EXHIBIT 28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA MCMAHON, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF SUMMER HARDY** |
| *Defendants*. | |

I, Summer Hardy, state as follows:

1.    I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.    I live in Bloomington, Indiana.

3.    I am 40 years old.

4.    I borrowed federal student loans in order to attend Le Cordon Bleu Institute of Culinary Arts.

5.    I applied for Borrower Defense on June 23, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.    I am disappointed to hear that there is any possibility that this would be delayed for even a day longer. Our family was hit twice by this predatory school. My husband attended and took out private student loans for part of his funding and at one point we were paying $1,600

1

a month just for his private loan portion. Add on his federal loans and my federal loans and we were drowning in debt with young kids.

8.    I missed the filing deadline for my borrower defense application by one day and have had to wait two additional years for my decision because of 24 hours. I have paid faithfully every single month at a cost of over $6,000 to date since I applied because I didn't want it to affect my parents since they took the loans out for me. I have spent numerous hours on the phone and I have sent emails trying to get this school reported and get our loans discharged. We have sold our house and close on it next Wednesday and the only reason we did it was to pay off his private student loan because there was no other hope of getting out from under it.

9.    We should be debt-free for the first time ever come January if my loan is discharged, and we would finally be able to plan for the future for our kids, one of whom suffered along with us the whole time he lived at home, one is graduating in the spring, and another is in 4th grade.

10.    We have sacrificed enough over the last 20 years at the hand of a fraudulent and predatory school and our family has paid the price. I have written to the Ombudsman, the President, Oprah and Maury over the years trying to bring the much needed attention this deserves. This is the one break we can get and we deserve it. Please don't make us wait any longer.

11.    I have approximately $30,000 in outstanding federal student loans related to my attendance at Le Cordon Bleu Institute of Culinary Arts.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  November 18, 2025

MONROE COUNTY, INDIANA

_____

SUMMER HARDY

2

DECLARATION

# EXHIBIT 29

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

      *Plaintiffs*,

      v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

      *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF STEPHEN DECOTEAU**

I, Stephen DeCoteau, state as follows:

1.    I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.    I live in Upper Marlboro, Maryland.

3.    I am 39 years old.

4.    I borrowed federal student loans in order to attend the University of Phoenix. I attended from August 2012 to February 2014, and graduated with a Master's degree in Administration of Justice Systems and Criminology.

5.    I applied for Borrower Defense on July 28, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.    If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.    In 2023, my wife and I were trying to purchase a home. When the bank ran my credit, my student loan came up, and because of my debt-to-income ratio, it turned out that I

1

DECLARATION

couldn't have my name alone on the mortgage. In order to purchase the home, we had to use my wife's credit as well.

8. In June 2024, my father passed away. Between a small inheritance from him and our own savings, my wife and I finally had enough money to pay off my loans. But my borrower defense application was still pending, and I could not get any information from Federal Student Aid (FSA) about the status of my application.

9. I contacted my federal loan servicer, Aidvantage, and the customer service representative told me that even if I paid off the loan, the payment could still be refunded if I got an approval of my borrower defense application. This assurance was one of the reasons why my wife and I decided to use our savings to pay off my loan, which we did in May 2025.

10. Another reason why we paid the loan was that if I didn't either start making payments or pay it off entirely, then interest would be applied and my balance would get even bigger, making my credit problems worse.

11. A third reason was that I lost my job in January 2025 and I was afraid of the loans accruing interest and sending me further into debt while I wasn't working. My wife was diagnosed with breast cancer in July 2024, went through chemotherapy from August to December 2024 and had surgery in January 2025. It's a strain for her to be the only one of us that's working, and I didn't want to burden her further with my debt.

12. A delay in the post-class deadline would be devastating news that would do substantial harm to me and my family. It is important for us to know whether I will be eligible to get my payments refunded so that we can make plans for our life. Any funds would make a big difference to alleviate this anxiety and fear.

13. Further delay would put a lot more strain on my wife for supporting our family while I look for work. I've been applying to jobs left and right, but it's a very difficult hiring environment right now. On top of that, my wife and a the majority of her department were transferred to another company based overseas, and her position is contractually based for a specified transition project of approximately 6 months to a year. After that, her future with the company is uncertain.

2

DECLARATION

14.     I have tried so many times over the past few months to get any information about the status of my borrower defense application—sending messages to studentaid.gov, making at least 6 calls to FSA and my servicer, and sending at least 9 emails. But since submitting my application, I've never received any real information from FSA or Aidvantage. All they will say is that it's "pending." Whichever number I call or office I email, I'm told to try asking someone else. Once, I got an email from FSA signed by someone named "Frank" (no last name), but when I tried to contact that office again and asked for "Frank," I was told they had no idea who I was talking about. All of the information I have about borrower defense and the *Sweet* case has come from the news and social media.

15.     It is just not reasonable for the Department to go 3 years with no updates and then ask for an extension, while I was saving up money to pay my loans.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   11/19/2025

PRINCE GEORGE'S COUNTY, MARYLAND

STEPHEN DECOTEAU

DECLARATION                                    3

# EXHIBIT 30

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF ALLYSE ROBERTS** |
| *Defendants*. | |

I, Allyse Roberts, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Andover, Minnesota.

3.      I am 32 years old.

4.      I borrowed federal student loans in order to attend the Le Cordon Bleu College of Culinary Arts in Minneapolis.

5.      I applied for Borrower Defense on August 3, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.      I have already been waiting for over three years for a decision. I did my part by filing my application when instructed, and the Department must now be held to its promise.

8.      Delaying this decision by an additional 18 months, as the Department has requested, will cause serious and unnecessary harm to me and my family.

1

DECLARATION

9.      **Credit and Repayment Anxiety:** The most persistent source of anxiety is the financial instability this delay maintains. The predatory recruitment practices of Le Cordon Bleu and the delay in a decision on my application for relief has had far reaching consequences throughout my life. I went to Le Cordon Bleu because I needed to provide for my one year old daughter and because they told me that they would help me find a good paying job afterwards. These promises were completely false, and the school closed a few years after I completed the program. My experience with the school was personally devastating and left me with nothing but debt. I have struggled to repay these loans ever since. These student loans have hung over my head for years and destroyed my credit. When I learned in 2022 that I could apply for a borrower defense discharge of my student loans I felt like I could breathe for the first time in a long time. I thought I could focus on saving and improving my credit so that my husband and I could finally buy a home. I am still waiting for this weight to be lifted off my shoulders so that I can work on building my life rather than surviving it. Recently, my husband's cancer recurred and he is now unable to work. The uncertainty of my outstanding student loans only adds to the stress and anxiety we are experiencing from my husband's illness. Facing the possibility that I may be the sole provider for my two children is overwhelming. It is uneccesary and unfair for the Department of Education to place more of a weight on me at this time by delaying the its decision on my student loan relief for eighteen more months.

10.      **My Credit is Compromised:** I have been waiting for a decision on this application for over three years. Because of the damage my student loans have done to my credit, I haven't been able to buy a house. We have been forced to live with my in-laws, which has strained family relationships and drastically affected my mental health.

11.      **Constant Fear of Repayment:** I worry about being placed back into repayment and what I will do if that happens. In the summer of 2023, the Department of Education sent me an email that talked about my borrower defense application but also said that I would have to start making payments again. This was incredibly anxiety inducing, because we were living paycheck to paycheck and could not afford any additional expenses. Although I didn't have to make payments at that time, I am constantly worried that my loans are going to go into collection

DECLARATION

while I am waiting for a decision on my application. The Department is currently listing all of my loans in default, when before they were not, and I don't know why this is the case, or whether this puts me at risk of collections.

12.    **The Personal, Emotional, and Familial Burden:** The uncertainty surrounding the *Sweet* settlement and its effect on my living situation has caused intense familial issues and nearly ruined our family relationships. My husband and I do not have a safe or calm space to rest ever because of this tension and it has negatively affected my and my husband's health. After being cancer free for 15 years, my husband's cancer has now returned.

13.    I have been waiting far too long. The Department of Education has must be held to the January 28, 2026 deadline. The continued harm from delay is unacceptable.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:   <u>November 19, 2025</u>

ANDOVER, MINNESOTA


Allyse Roberts (Nov 19, 2025 15:26:57 CST)

ALLYSE ROBERTS

# EXHIBIT 31

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF DAWNELLE BOLES** |
| *Defendants*. | |

I, Dawnelle Boles, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Evansville, Indiana.

3.      I am 50 years old.

4.      I borrowed federal student loans in order to attend the ITT Technical Institute to get a Bachelor's degree in Media/Marketing and Electrical Engineering.

5.      I applied for Borrower Defense on August 27, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      I  have approximately $19887.66 in outstanding federal student loans related to my attendance at the ITT Technical Institute.

7.      To the best of my recollection, around 2014, my tax refund was garnished in the amount of $3320.00 for my ITT Technical Institute debt.

8.      I believe I will receive a refund of $3320.00 from when my tax refund was garnished.

1

DECLARATION

9. I relied on getting a decision on my Borrower Defense application by January 28, 2026. Delaying this decision will cause me harm as described below.

10. My poor credit previously forced me into three months of homelessness in 2023, when I could not rent an apartment because my credit score. I had to live in hotels until a family member could co-sign for me to rent an apartment.

11. A delay will hurt my credit score even further. I will not be able to qualify for a loan unless the ITT debt is removed from my credit report. I have tried four different lenders for a home loan, and it always comes back to the same issue—my debt-to-income ratio.

12. I am also owed a refund from when I was garnished many times when my loans were in repayment. Yet, despite attending a school where the Department has recognized widespread fraud, I am still waiting for the Department to make a decision and provide me a refund. I find this ridiculous and unfair.

13. Navigating this situation has been extremely challenging. I have called multiple companies and departments since 2021 trying to get a resolution, but nothing has helped. I have filed complaints with the Better Business Bureau, with various government agencies, and with my federal representatives. I have spent hours on the phone going in circles and getting misinformation or no information at all.

14. I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: <u>11/19/2025</u>


Dawnelle Boles (Nov 19, 2025 21:55:28 CST)

DAWNELLE BOLES

WARRICK COUNTY, INDIANA

2

DECLARATION

# EXHIBIT 32

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al*

       *Plaintiffs*,

  v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

       *Defendants*.

Case No.: 19-cv-03674-WHA

**DECLARATION OF TERRI COMPTON**

I, Terri Compton, state as follows:

1.     I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.     I live in Phoenix, Arizona.

3.     I am 61 years old.

4.     I borrowed federal student loans in order to attend University of Phoenix to get a Bachelor's degree in Business Administration with an emphasis in Project Management.

5.     I applied for Borrower Defense on August 2, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.     If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.     I retired from employment with the City of Phoenix, but returned to work in 2023 due to the high cost of health insurance and rising costs in general. In order to "really retire" and be able to afford healthcare I must also prepare for rising costs.

1

8.     I have health issues, but continue working because I'm afraid that student loan payments will come due. The stress of having this repayment lingering only adds to my health issues. Flare ups from my autoimmune disease are triggered by stress. I need to retire. I want to go into retirement knowing exactly where I stand financially as my income will be fixed.

9.     I don't understand how the extension of time is necessary especially for my particular situation. I attended University of Phoenix during the time of the predatory determination and was also part of the Federal Trade Commission settlement. It should not take so long for student aid to make a determination on my request.

10.     I  have approximately $42,000 in outstanding federal student loans related to my attendance at the University of Phoenix.


I swear under penalty of perjury that the foregoing is true and correct.


        Executed on:   November 18, 2025

                MARICOPA COUNTY, ARIZONA


                TERRI COMPTON

2

DECLARATION

# EXHIBIT 33

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF MICHELLE REED** |
| *Defendants*. | |

I, Michelle Reed, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Dacula, Georgia.

3.      I am 51 years old.

4.      I have cancer and I rent a room in a shared home/apartment with some relatives.

5.      I borrowed federal student loans in order to attend the Art Institute of Pittsburgh to get an Bachelor's Degree in 2009. I was only able to get an Associate's Degree.

6.      I applied for Borrower Defense on September 2, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

7.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

8.      **A Delay Keeps Me Homeless:** For over 20 years, my inflated student loan balances have pushed my debt-to-income ratio above rental thresholds. Landlords see the tradelines and either demand large deposits and fees or deny the application. Mortgage lenders

1

reach the same conclusion, so I have had to pay more than I should for lodging. Since covid and the housing market crash, affordable independent housing remains out of reach. I now have been reduced to living in a small bedroom at a relative's home, which strains both our households. Each month of delay preserves the inflated balance and deepens the burden on my family and my financial options. I have been told repeatedly, if my debt-to-income ratio was lower, my rates and fees would be much lower, making it affordable.

9.     **A Delay Intensifies Chronic Stress While I Fight Cancer:** I was diagnosed in 2018 before learning about Borrowers Defense and the *Sweet* case. I lived in my own home and was living paycheck to paycheck. My circumstances changed during covid, and by 2021, I was homeless. Can you imagine trying to fight cancer while being homeless? I am grateful to my relatives for letting me rent a room from them, but it's not all perfect and we still struggle. I went from a three bedroom home all to myself to a single tiny bedroom in a shared living space. Since then we have managed, but my cancer keeps coming back and doctors say it is from the stress. I need stability, privacy, and my own space to manage treatment and recovery. Uncertainty spikes stress, worsens symptoms, and disrupts care planning. Years of collection threats preceded my Borrower Defense application, including demands for unaffordable monthly payments and tax refund offsets. I fear this will return someday, and it adds to the trauma of it all.

10.     **A Delay Exacerbates Financial Harm:** Payments are paused, yet compounding interest accrues and reports to credit bureaus every single month. Extending the deadline increases the risk of new servicing errors and fresh shocks. My original $32,000 has ballooned over two decades, often above $80,000 and at times over $100,000. Every additional month traps me in the highest APR tiers, worsens my credit, and blocks any chance to build savings, or even pay my growing medical debt.

11.     **A Delay Freezes My Career:** The Art Institue's fraudulent practices left me unprepared for the workforce. The school is closed, and the degree carries no weight with employers. Screening by degree excludes me from roles above entry level, especially at my age. I remain in a low-wage job with no path to advancement. Each month of delay extends lost earnings and blocks progress. I have applied to many job positions for over twenty years that

2

DECLARATION

would help me advance in my career and earn better pay. Although I have had my current job for the last fourteen years, I have had no advancement opportunities due to my degree. I could never return to school or have my credits transferred due to the Art Institute's fraudulent practices. I feel that I have been trapped in my situation and now it is too late to switch careers or start over. My next step is full Total and Permanent Disability since I qualify. I continue to work to survive because I will be worse off on government assistance, particularly financially.

12.     I have approximately $17,037.56 in outstanding federal student loans related to my attendance at The Art Institute of Pittsburgh.

13.     To the best of my recollection, around 2012 and 2013 my tax refund was garnished in the amount of $4,631 for my Art Institute loans.

14.     I believe I am owed a refund of $4,631 from when my tax refund was garnished.

15.     I relied on getting a decision on my Borrower Defense application by January 28, 2026. Moving the deadline now prolongs twenty years of damage to my housing, health, and finances.

16.     I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  November 18, 2025

GWINNETT COUNTY, GEORGIA

_Michelle Reed_

MICHELLE REED

3

DECLARATION

# EXHIBIT 34

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al* | Case No.: 19-cv-03674-WHA |
| *Plaintiffs*, | |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | **DECLARATION OF BRITTNEY HARDY** |
| *Defendants*. | |

I, Brittney Hardy, state as follows:

1.      I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2.      I live in Mobile, Alabama.

3.      I am 36 years old.

4.      I borrowed federal student loans in order to attend Virginia College to get an Associate's degree in Applied Science in Surgical Technology.

5.      I applied for Borrower Defense on June 24, 2022. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6.      If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

7.      I've been suffering with uncertainty for over three years now. It has negatively affected my credit score and my debt-to-income ratio. I needed to purchase a car to travel to work and this unfair debt has brought down my credit score. Now I'm suffering with a higher interest rate and I believe it's only going to be a domino effect.

1

DECLARATION

8.      I'm 36 years old and my anxiety has me hesitant to purchase my first home because I don't know if I would even qualify due to this lingering debt. I'm afraid repayment will start anytime in the near future and the interest rate on these loans are astronomical. I cannot afford to pay these loans, as well as the interest rate due to a school that knowingly committed fraudulent activities.

9.      I would also like to go back to school, but I have to start all over as a first time freshman because the school never informed me that their credits do not transfer. Now I have to get in more debt which does not make logical sense.

10.      While I was in school, I was battling cancer. I had to take some time off school to get radiation treatments. My school forced me to retake classes I passed with an A, putting me in more debt. I look at myself in the mirror daily and my mastectomy scars and radiation burns make me feel insecure. It disgusts me to think of how I was deceived by a school that received government funding while I was fighting for my life. Meanwhile, the government doesn't seem to care about me.

11.      I also had to deal with rampant deception from instructors at my school. One instructor constantly asked students to donate for supplies, but we never saw where the money went. I was also dealing with the premature birth of my son while I was in school. Battling the school and dealing with my critically ill child was unbearably stressful. When my son passed away four years later, I struggled to pay for his funeral and navigated dealing with that and my crippling student loan debt.

12.      I have approximately $86,001.60 in outstanding federal student loans related to my attendance at the Virginia College

13.      I believe I am owed a significant refund for amounts I paid toward this loan.

14.      I relied on getting a decision on my Borrower Defense application by January 28, 2026.

15.      I ask the Court to enforce the January 28 deadline for all Post-Class borrowers. I am just one person, but we all have the same desire to end this and have closure.

DECLARATION

I swear under penalty of perjury that the foregoing is true and correct.


      Executed on: _____

                  MOBILE COUNTY, ALABAMA


                                _____ 11-19-25
                                BRITTNEY HARDY

DECLARATION

# EXHIBIT 35

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al*

   *Plaintiffs,*

   v.

LINDA MCMAHON, in her official capacity
as Secretary of the United States Department
of Education, and the UNITED
STATES DEPARTMENT OF EDUCATION

   *Defendants.*

Case No.: 19-cv-03674-WHA

**DECLARATION OF ANGELA NOCOM**

I, Angela Nocom, state as follows:

1. I am submitting this declaration in relation to the above-captioned case. I am over the age of eighteen. The statements contained herein are true and accurate to the best of my knowledge.

2. I live in Saint Johns, Florida.

3. I am 58 years old.

4. I borrowed federal student loans in order to attend Chamberlain University to get a Bachelor's degree in Nursing Science, although I originally went to become a nurse practitioner. I later attended DeVry University to get a Master's degree in Business Administration.

5. I applied for Borrower Defense on October 2, 2022, for Chamberlain and on October 4, 2022, for DeVry. I understand that means that I am a Post-Class Applicant under the *Sweet v. McMahon* Settlement.

6. If the Department of Education is allowed to delay the Post-Class deadline by another 18 months, I will suffer harm as described below.

1

7.     My school loans are currently in forbearance and the interest alone is astronomical! I am anxious over the amount of the student loans and my credit has been negatively affected due to the amount owed related to these fraudulent schools. I have taken more than a $40,000 cut in pay recently and the amount of these loans has been detrimental to my health and my wellbeing. These fraudulent loans have already caused me undue hardship and depression. I have grandchildren that I am taking care of and the burden of these student loans prohibits me from getting financial help due to my debt-to-income ratio being negatively affected. I need relief from the fraud that I have already suffered.

8.     I was persuaded to do online school due to my husband being in active duty and I was caring for our three kids. Chamberlain never intended to help me become a nurse practitioner. There were many requirements that I paid for out-of-pocket, and when it came time to get a preceptor to supervise me during clinical rotations, the school never approved one for me even though they met all the qualifications listed. The counselors at DeVry assured me the degree would set me up financially, even when I informed them of my concerns finding a job due to my age. They assured me that the degree was all I needed. I have applied to over 400 jobs and have never been able to get a job with my degrees. They are useless. I have been "in a review process" for over three years, we need to know something by now. My loans have been in deferment and if I need to pay these loans I will need to get a second job, as my husband is disabled from the military.

9.     I have approximately $156,265.81 in outstanding federal student loans related to my attendance at DeVry University and Chamberlain University.


I swear under penalty of perjury that the foregoing is true and correct.


Executed on:  November 20, 2025

ST. JOHNS COUNTY, FLORIDA

_____

2

**Email:** a.nocom@yahoo.com

ANGELA NOCOM