EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>**HEARING DATE: December 11, 2025**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

On November 6, 2025, Defendants asked this Court for a last-minute 18-month extension of its agreed-to deadline to either adjudicate Post-Class applications or else discharge the debt at issue. *See* Defendants' Motion for Temporary Relief from Judgment at 7, ECF No. 492. On November 8, this Court ordered the Government to file a supplemental brief "to address the viability of dividing the 197,000 undecided post-class applications into four tranches with deadlines reflecting at most a 12-month extension." Order re Motion Seeking Relief from Deadline for Post-Class Borrower Defense Applications at 1–2, ECF No. 493. In its two-page supplemental brief, the Department took the firm position that "it is not feasible to adjudicate all undecided post-class applications with only an overall 12-month extension." Defendants' Supplemental Brief in Response to the Court's Order Dated November 8, 2025, at 1, ECF No. 498.

The Department's position on the feasibility of a shorter extension is not surprising. What is surprising is that the Department "continues to have a high degree of confidence that ... it can adjudicate the remaining post-class applications by [its] requested July 28, 2027 extended deadline." Supplemental Declaration of James Bergeron ¶ 2, ECF No. 498-1 ("Bergeron Supp. Decl.").[1] The Department's confidence apparently comes from its "plan" to hire 450 contract attorneys, *id.*, but it only even *proposes* an onboarding date for the first 225 of these attorneys, *id.* ¶ 6. It also tacitly admits that the well-documented staffing deficiencies in the Borrower Defense Branch ("BDB") will limit the ability of career staff to "review and approve" the contract attorneys' decisions. *Id.* ¶ 4. And it does not explain how the work of the BDB and these putative contract attorneys will be affected by the Trump Administration's announcement of "an aggressive

---

[1] Mr. Bergeron filed his supplemental declaration in his capacity as "the Deputy Under Secretary and Acting Chief Operating Officer" of the Department's Federal Student Aid office. Bergeron Supp. Decl. ¶ 1. On the day the Department filed its Supplemental Brief, the Department announced that Mr. Bergeron was being replaced as Acting Chief Operating Officer by Richard Lucas, who previously served as Chief Financial Officer of Federal Student Aid. *See* U.S. Department of Education, Press Release, "U.S. Department of Education Announces Richard Lucas to Serve as Acting Chief Operating Officer of Federal Student Aid," Nov. 14, 2025, https://www.ed.gov/about/news/press-release/us-department-of-education-announces-richard-lucas-serve-acting-chief-operating-officer-of-federal-student-aid. To Plaintiffs' knowledge, Mr. Lucas did not have any role in the implementation or oversight of the *Sweet* settlement in his previous role.

plan to continue dismantling the Education Department,"[2] or the Administration's reported plan to "sell[] off the federal student loan portfolio."[3] In the context of this political reality, it is difficult to believe that the Department has an honest commitment to spending tens of millions of dollars to hire additional workers within the next six months.

Having rejected the possibility of adjudicating the remaining Post-Class applications in a timeframe shorter than 18 months, the Department proposes "a plan for breaking up the remaining applications into tranches by school." Bergeron Supp. Decl. ¶ 9. Under this plan, *no* Post-Class Applicants would receive a decision by the January 28, 2026 deadline; instead, approximately 56,000 applications related to four schools would be adjudicated by June 28, 2026; another 54,000 applications related to another 15 schools would be adjudicated by October 28, 2026; and the remainder would be adjudicated in school-based tranches every subsequent three months. *Id.* at Table 5. The source of these numbers is not provided, the schools are not identified, and the amount of time needed is never justified. *See id.* The Department is not proposing going after the lowest-hanging fruit and approving what remains of the more than 32,000 applications that relate to "group discharge" schools, for which the Department has already announced widespread cancellation. *See* Plaintiffs' Opp. & Mot. to Strike Defs.' Mot. for Relief from Judgment ("Opp.") at 19, ECF No. 500. Nor is the Department proposing prioritization of the 204,530 Post-Class applications from one of the 151 schools on the Exhibit C list, all of which have known indicia of widespread misconduct. *Id.* at 17. The lack of specificity is troubling; the avoidance of obvious solutions is alarming.

The Department promised Plaintiffs and the Court that it would either adjudicate Post-Class applications by January 28, 2026, or else discharge the debt at issue. Settlement Agreement ¶ IV.D.1–2, ECF No. 246-1; *see* Opp. at 5–8. After three years, it has now announced it will not

---

[2] Michael C. Bender, "Trump Administration Announces Steps to Dismantle Education Department," *N.Y. Times* (Nov. 18, 2025), https://www.nytimes.com/2025/11/18/us/politics/trump-education-department.html

[3] Lexi Lonas Cochran, "Sale of student loan portfolio could be next target of Trump Education Department," *The Hill* (Nov. 18, 2025), https://thehill.com/homenews/education/5609708-trump-education-department-student-loan-portfolio-sale/.

keep that promise. Instead, it asks the Court to trust that it will—for real this time—meet its new proposed deadline. For their part, Plaintiffs have "little confidence that the defense can be trusted to tell the truth about anything." *Nat'l Treasury Emps. Union v. Vought*, 774 F. Supp. 3d 1, 57 (D.D.C.), *vacated and remanded*, 149 F.4th 762 (D.C. Cir. 2025). Plaintiffs urge the Court to reject any extension proposal and to hold the Department to its word.

Dated: November 21, 2025                    Respectfully submitted,

                                                         *Rebecca C. Ellis*

Eileen M. Connor (SBN 248856)
econnor@ppsl.org
Rebecca C. Ellis (*pro hac vice*)
rellis@ppsl.org
Rebecca C. Eisenbrey (*pro hac vice*)
reisenbrey@ppsl.org
Noah Zinner (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*