1  BRETT A. SHUMATE
   Assistant Attorney General
2
3  MICHELLE R. BENNETT
   Assistant Branch Director
4
5  LIAM C. HOLLAND
   Trial Attorney
6  U.S. Department of Justice
   Civil Division, Federal Programs Branch
7  1100 L Street, NW
   Washington, DC 20005
8  Phone: (202) 514-4964
   E-mail: liam.c.holland@usdoj.gov
9
10 *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THERESA SWEET, et al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>             Defendants. | Case No. 3:19-cv-03674-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR TEMPORARY RELIEF FROM JUDGMENT**<br><br>Date: December 11, 2025<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor |

Opposition to Plaintiffs' Motion to Strike Defendants' Motion for Temporary Relief from Judgment
3:19-cv-03674-WHA

On November 6, 2025, Defendants moved the Court for Rule 60(b) relief from judgment to permit the Department to adjudicate outstanding post-class applications on a timetable that is achievable considering Congress's post-judgment funding decisions. ECF No. 492. On November 20, 2025, Plaintiffs filed an opposition, ECF No. 500,[1] and on November 28, 2025, Defendants filed a reply, ECF No. 503. In addition to opposing Defendants' motion, Plaintiffs styled their filing as including a "motion to strike Defendants' motion for relief from judgment." ECF No. 502. In the brief itself, one argument heading suggests that the Court should not only deny Defendants' motion but instead strike it from the record entirely. *Id*. at 2.

The Court should deny Plaintiffs' motion to strike Defendants' motion because the Court may not strike a motion from the record. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983). If the Court agrees with Plaintiffs' arguments in opposition to Defendants' motion, the Court may deny Defendants' motion. *See id*. But the Court may not grant a motion to strike a motion. *Id*.

Plaintiffs' motion to strike fails to identify any authority that the Court may rely on to consider such a motion. The Federal Rules of Civil Procedure specifically allow post-judgment motions to modify a judgment. Fed. R. Civ. P. 60(b). Under Federal Rule of Civil Procedure 12(f), the Court may strike "redundant, immaterial, impertinent, or scandalous matter" from "a pleading." Fed R. Civ. P. 12(f). But the Rules also establish that motions are not pleadings. Fed. R. Civ. P. 7 (identifying litigation papers—such as complaints and answers—as pleadings and distinguishing them from motions).

The Ninth Circuit has held that a Court may not strike a motion from the record. In *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983), the plaintiff filed a motion for reconsideration and the defendant responded with a motion to strike the motion, which the district court granted. *Id*. at 883, 884-85. The Ninth Circuit held that granting the motion to strike was error. *Id*. 885-86. The court explained that "[a] movant's right to appeal from an order denying a motion is worth little if the denying judge can strike the motion from the record altogether." *Id*. at 885. "Approval of the district court's action would establish a procedure that, if abused, could shield erroneous district court orders from review." *Id*.

---

[1] Plaintiffs later refiled their opposition in response to a direction to refile using the ECF "motion event." ECF No. 502.

Opposition to Plaintiffs' Motion to Strike Defendants' Motion for Temporary Relief from Judgment
3:19-cv-03674-WHA

1

The Ninth Circuit refused to read Rule 12(f) as permitting a motion to strike a motion. It explained that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Id*.

District courts have also held that motions to strike other motions should be denied as procedurally improper. *Jones v. Harris*, No. CV 19-05682, 2021 WL 2913513, at *4 n.3 (D. Ariz. July 12, 2021) ("Motions to strike are disfavored and are appropriate for pleadings, not for motion briefing."); *Law Offs. of Arman Dabiri & Assocs. PLLC v. Agric Bank of Sudan*, No. 17-2497, 2018 WL 8262152, at *1 (D.D.C. Aug. 5, 2018) ("[C]ourts have consistently denied as procedurally improper motions to strike directed at other motions."); *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 138 n.4 (D.D.C. 2016); *Savetsky v. Pre-Paid Legal Servs., Inc.*, No. 14-03514, 2015 WL 1925624, at *1 (N.D. Cal. Apr. 28, 2015) (noting that party provided no authority suggesting that a motion to strike "is permissible under sources of authority under than Rule 12(f)"); *ATSI/Jack. Job Corps Ctr.*, 811 F. Supp. 2d 417, 421 (D.D.C. 2011); *Patel v. Phillips*, No. 10-749, 2011 WL 4433630, at *1 (D.D.C. Sept. 21, 2011).

Because a motion to strike a motion is procedurally improper, the Court should deny Plaintiffs' motion, ECF No. 502, to strike Defendants' motion for Rule 60(b) relief from judgment, ECF No. 492.

Dated: December 4, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*