BRETT A. SHUMATE
Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-8098
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THERESA SWEET et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA MCMAHON, *in her official capacity as Secretary of Education*, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 4:19-cv-03674-HSG<br><br>**DECLARATION OF RICHARD LUCAS**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

Pursuant to 28 U.S.C. § 1746, I, Richard Lucas, declare as follows:

1. On November 17, 2025, I was appointed to serve as the Acting Chief Operating Officer ("Acting COO") of the Department of Education's ("Department") Federal Student Aid ("FSA") office. In May 2024, I was delegated the duties and responsibilities of the Assistant Secretary and Chief Financial Officer in the Office of Finance and Operations. I advised senior

officials on financial management, accounting, human capital, and grant management, while overseeing all financial activities and integrating key financial information with the Department's policies and objectives.

2.  Among my various responsibilities as FSA's Acting COO, I oversee the adjudication functions of FSA's borrower defense branch ("BDB") (formerly known as the Borrower Defense Group), which is the FSA branch responsible for adjudicating borrower defense applications, including, but not limited to, those applications that are subject to the Settlement Agreement. I also have oversight of FSA's Office of Strategic Acquisitions and the Office of Finance.

3.  I certify that I am duly qualified and authorized by the Department to make the statements contained in this Declaration in support of the Defendants' motion for relief under Federal Rule of Civil Procedure 60(b) seeking relief from the January 28, 2026 deadline for adjudicating the remaining applications of post-class applicants under the parties June 22, 2022 settlement agreement, as adopted and approved by the Court on November 16, 2022, ECF Nos. 345 & 346 ("Settlement Agreement"). The statements contained herein are based either on my personal knowledge as an employee of the Department or on information reported to me by Department officials and staff. Some of the statements contained herein are based on forecasts or predictions, which reflect my or other Department officials' or staff's good-faith assessments that are inherently subject to unknown future developments.

4.  The Settlement Agreement groups borrowers into three categories: class members receiving automatic settlement relief because they took out Department loans to attend a school on Exhibit C to the Settlement Agreement (the "Exhibit C class members"); class members whose applications are reviewed and adjudicated under a streamlined process (the "Decision Group class members") (divided into five decision groups); and borrowers who were not

members of the certified class in this case but who applied for borrower defense relief during the period between the parties' execution of the Settlement Agreement and the Court's order finally approving that agreement (*i.e.*, from June 23, 2022 up to and including November 15, 2022) (the "post-class applicants"). Applications submitted by post-class applicants are adjudicated pursuant to the borrower defense regulation finalized on November 1, 2016, as provided in the Settlement Agreement (¶ IV.D.1. ). Pursuant to the Settlement Agreement, whether a borrower is a Decision Group class member or a post-class applicant depends solely on the date of the borrower's borrower defense application. Any borrower (other than Exhibit C class members) who had a borrower defense application pending on June 22, 2022, when the Settlement Agreement was executed, was categorized as a Decision Group class member. Any borrower who applied for borrower defense relief from June 23, 2022 (the day *after* the Settlement Agreement was executed) to and including November 15, 2022 (the day *before* the Court granted final approval to the Settlement Agreement) was categorized as a post-class applicant.

5. In addition to establishing the different categories of borrowers, the Settlement Agreement establishes dates by which applications of borrowers in the five decision groups and of borrowers in the post-class group have to be adjudicated. If an adjudication deadline is missed, that borrower is entitled to full settlement relief. Pursuant to the Settlement Agreement, the adjudication deadline for the post-class applicant group is January 28, 2026.

6. As the Defendants have previously explained in their Motion for Temporary Relief from Judgment (ECF No. 492) ("First Rule 60(b) Motion") , the supporting First and Second Declarations of James Bergeron (ECF Nos. 492-1 and 498-1, respectively) and the Declaration of Nicholas Kent (ECF No. 507), the Department determined that it would not be able to meet the January 28, 2026 deadline for adjudicating all remaining post-class applications. However, due to additional funding to be made available to the Department through the One Big Beautiful Bill

Act ("OBBB Act"), Public Law 119-21, the Department determined that it would have the resources to undertake a mass hiring of new attorneys, on a contract basis, sufficient to complete adjudications of substantially all of the remaining post-class applications by an extended deadline of July 28, 2027.

7. At the December 11, 2025 hearing ("December Hearing"), the Court denied the Defendants' First Rule 60(b) Motion with respect to any post-class application whose debt is associated with a school on Exhibit C to the Settlement Agreement. The adjudication deadline remains January 28, 2026 for those applications (the "January Tranche"). The Court partially granted the First Rule 60(b) Motion with respect to all post-class applications whose debt is not related to an Exhibit C school. For that group of applications, the Court set an adjudication deadline of April 15, 2026, with the possibility of a further extension (the "April Tranche").

8. In the approximately five-week period that has elapsed since the December Hearing, the Department has worked diligently to review and adjudicate as many post-class applications as possible. Although Department staff were able to make some improvement in the rate of adjudications, which was 1,500 applications per month in the months leading up to the December Hearing, the increased rate did not have a material impact on the progress of adjudications. Since the December Hearing through January 20, 2026 (inclusive), adjudication decisions have been issued regarding approximately 1,390 post-class applications from the January Tranche. Approximately 169,900 cases from the January Tranche remain unadjudicated.

9. In addition, from the December Hearing through January 20, 2026 (inclusive), the Department has issued adjudication decisions with respect to approximately 640 post-class applications from the April Tranche. Approximately 18,080 cases from the April Tranche have not yet been issued adjudication decisions.

10. The Department has also made progress with respect to the mass-hiring plan. As reported at the December Hearing, the Department had by then already posted requests for quotes ("RFQ") and had received responses from four contractors. December Hearing Transcript at 8. In the weeks since the hearing, the Blanket Purchase Agreement ("BPA") has been awarded which will allow the Department to issue task orders to the four firms that provided quotes in response to the RFQ. Now that the BPA has been awarded, the Department is in the process of finalizing and issuing task orders, with hiring and onboarding to follow thereafter. The Department still projects that it is on track to meet the timelines included in the Second Bergeron Declaration. ECF No. 498-1 at ¶7 (projecting that the first group of contract attorneys could be onboarded by March 1, 2026 and sufficiently trained to begin adjudicating cases by late March or early April, 2026).

11. The Department needs further guidance from the Court as soon as possible to continue implementing the hiring plan. If this motion is denied and no relief is secured on appeal, the Department anticipates revising its mass hiring plan with respect to the number of attorneys to be hired and onboarded in the first group. The Department had previously anticipated hiring an initial group of 225 attorneys, with weekly hiring of additional attorneys thereafter. *Id*. at ¶¶6-7. If the Court's December 2025 Order granting only a brief extension of the January 28, 2026 deadline and for only the smaller April Tranche is not further modified, the Department instead anticipates hiring approximately 125 attorneys in the first group, with additional weekly hiring to follow.

1  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
2  and correct.
3  Executed on January 22, 2026.

**RICHARD LUCAS**
Digitally signed by RICHARD LUCAS
Date: 2026.01.22 15:41:19 -05'00'

Richard Lucas
Acting Chief Operating Officer
Federal Student Aid Office
U.S. Department of Education