EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No. 19-cv-03674-WHA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

Pursuant to Northern District of California Civil Local Rule 7-11(b), Plaintiffs file this opposition to Defendants' request for administrative relief, as set forth in Defendants' Motion for Relief Under Federal Rule of Civil Procedure 60(b), ECF No. 514 ("Motion").[1] At page 23 of their Motion, Defendants request "that the Court administratively stay Defendants' deadline for issuing notice to post-class members." This request runs afoul of Local Rule 7-11 in several respects.

*First*, the relief Defendants seek is not administrative. Local Rule 7-11 specifies that motions for administrative relief are appropriate for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge," such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal." Here, the requested "administrative" stay is the same as the substantive relief that Defendants seek in their Motion under Federal Rule of Civil Procedure 60(b). *See, e.g.*, Motion at 13 (seeking delay in deadline as primary form of relief). The matter is thus, by Defendants' own logic, governed by a Federal Rule. Moreover, the relevant deadline is specified in both the parties' contractual Settlement Agreement and an order of this Court approving that Agreement after a Rule 23 fairness hearing. *See* ECF No. 246-1 (executed Settlement Agreement); ECF No. 345 (Order Granting Final Approval); ECF No. 346 (Final Judgment). Excusing Defendants from their voluntarily undertaken, court-approved, contractual obligation would not be a mere matter of the District Court's administrative procedure, such as extending a page limit, but would instead be an alteration of a binding contract underpinning the final judgment in this case. Local Rule 7-11 does not contemplate such major decisions being made in the guise of an "administrative" motion.

---

[1] Plaintiffs intend to respond to the rest of Defendants' Motion in due course according to the briefing schedule, but file this opposition now pursuant to Local Rule 7-11(b)'s instruction to file any opposition to a request for administrative relief "no later than 4 days after the motion has been filed." Plaintiffs reserve their right to argue in future briefing that Defendants' Motion is procedurally defective in other respects, including but not limited to Defendants' failure to seek leave of court before filing a motion for reconsideration of a non-final order (L.R. 7-9(a)); violations of the prohibition against repeating arguments in a motion for reconsideration (L.R.7-9(c)); failure to show any material difference in facts or law since Judge Alsup ruled on Defendants' identical request for relief just weeks ago (L.R. 7-9(b)); and violation of the limits on when requests for ex parte relief are permitted (L.R. 7-10)).

**Second**, Local Rule 7-11(a) provides that "[a] motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages." Defendant's Motion is 24 pages long. While the request for administrative relief technically occupies only a small portion of those pages, Defendants clearly rely on the foregoing twenty-plus pages of factual assertions and argument to support their request for "administrative" relief. This is an abuse of the administrative motion rule.

**Third**, Local Rule 7-11(a) further provides that any motion for administrative relief "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Defendants' Motion includes none of these things. Indeed, Defendants did not seek a stipulation with Plaintiffs about this request for administrative relief before filing their Motion. *See* Declaration of Rebecca Ellis ¶¶ 6–9. For this reason, the Declaration of Richard Lucas filed in support of Defendants' Motion (ECF No. 514-1) does not, and could not truthfully, "explain[] why a stipulation could not be obtained."

For the foregoing reasons, Plaintiffs request that this Court deny Defendants' request for administrative relief.

Dated: January 26, 2026                              Respectfully submitted,

                                                                      _Rebecca C. Ellis_

Eileen M. Connor (SBN 248856)
econnor@ppsl.org
Rebecca C. Ellis (*pro hac vice*)
rellis@ppsl.org
Rebecca C. Eisenbrey (*pro hac vice*)
reisenbrey@ppsl.org
Noah Zinner (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY
STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*