BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 4:19-cv-03674-HSG <br><br> **DECLARATION OF MICHELLE R. BENNETT** <br><br> The Honorable Haywood S. Gilliam, Jr. |

Declaration of Michelle R. Bennett
4:19-cv-03674-HSG

I, Michelle R. Bennett, declare as follows:

1. I am an Assistant Branch Director in the Federal Programs Branch of the Civil Division of the United States Department of Justice. The statements in this declaration are based on my personal knowledge and information that I have obtained in my official capacity.

2. On January 22, 2026, Defendants filed a motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 514, seeking relief from the parties' settlement agreement, as incorporated in the Court's final judgment order, ECF No. 346, and as further modified by the Court on December 11, 2025. The motion explained that Defendants are currently required to provide full settlement relief to certain non-class members if Defendants fail to issue timely final decisions on such non-class members' borrower defense applications by January 28, 2026. Defendants' Rule 60(b) motion asked the Court to reconsider Defendants' earlier request that the deadline for providing final decisions to these non-class members be extended by eighteen months, until July 28, 2027, at which point Defendants' obligation to provide full settlement relief to any non-class members whose applications are undecided by that date would be reinstated. Plaintiffs oppose the Rule 60(b) motion.

3. Defendants' Rule 60(b) motion is currently set for hearing on March 26, 2026, which was the earliest date available on the Court's motions calendar consistent with the requirements of Civil Local Rule 7-2.

4. Defendants' instant administrative motion requests that the Court rule on Defendants' Rule 60(b) motion without a hearing or, in the alternative, set an earlier, special hearing date, such that the Rule 60(b) motion is resolved on or before March 2, 2026.

5. Absent relief from the courts, the Department of Education is required to provide any post-class applicant whose application relates to an Exhibit C school and who is not sent an adjudication decision by January 28, 2026 with a notice that the applicant will receive settlement relief by March 30, 2026. Defendants are then obligated to effectuate relief for any post-class applicant entitled to settlement relief no later than one year after they provide the applicant with the required notice.

6. Defendants need a ruling on their Rule 60(b) motion by March 2, 2026, to ensure there is sufficient time between this Court's ruling and the March 30, 2026 deadline for sending notices of

Declaration of Michelle R. Bennett
4:19-cv-03674-HSG

1

settlement relief to post-class members to provide Defendants the opportunity to seek relief from the court of appeals if necessary.

7. On January 26, 2026, I emailed Plaintiffs' counsel to ask if Plaintiffs would stipulate to Defendants' request that the Court rule on Defendants' Rule 60(b) motion without a hearing or, in the alternative, set an earlier, special hearing date, such that the Rule 60(b) motion is resolved on or before March 2, 2026. Plaintiffs stated they would not stipulate to this request and would oppose any motion seeking this relief.

8. The relief requested in the instant administrative motion will not impact the standard briefing schedule for Defendants' Rule 60(b) motion. Under Civil Local Rule 7-3, Plaintiffs' response to Defendants' Rule 60(b) motion is due February 5, 2026, and Defendants' reply is due February 12, 2026. Thus, Defendants' Rule 60(b) motion will be fully briefed by February 12, allowing the Court to rule on it by March 2, 2026, either without a hearing or with a specially set hearing date between February 17 and February 27, 2026.

9. The only impact on the current schedule would be to the March 26, 2026 hearing date set for Defendants' Rule 60(b) motion. If the Court resolves Defendants' Rule 60(b) motion without a hearing, that hearing date could be eliminated. If the Court sets a special hearing date, the current hearing date would move to sometime between February 17 and February 27, 2026.

In accordance with 28 U.S.C. § 1746, I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. this 29th day of January, 2026.

                                                      */s/ Michelle R. Bennett*
                                                      MICHELLE R. BENNETT
                                                      Counsel for Defendants