BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 4:19-cv-03674-HSG <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE TO FILE NOTICE OF APPEAL** <br><br> The Honorable Haywood S. Gilliam, Jr. |

Defendants' Administrative Motion to Extend Deadline to File Notice of Appeal
4:19-cv-03674-HSG

Pursuant to Federal Rule of Appellate Procedure 4(a)(5) and Civil Local Rule 6-3, Defendants move this Court to extend the deadline to file a notice of appeal from the Court's December 11, 2025 oral ruling, Tr. of Proceedings at 82:3-8 (Dec. 11, 2025), granting in part and denying in part Defendants' Motion for Temporary Relief from Judgment, ECF No. 492 ("First Rule 60(b) Motion"). Any appeal from that decision is currently due February 9, 2026. *See* Fed. R. App. P. 4(a)(1)(B). Defendants request that the notice of appeal deadline be extended 30 days—to March 11, 2026.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure authorizes the district court to "extend the time to file a notice of appeal" if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "that party shows excusable neglect or good cause." "The advisory notes to Rule 4(a)(5) make clear that a request for an extension of time filed before the notice of appeal is due may be granted for good cause." *Pearson v. Gatto*, 933 F.2d 521, 524 (7th Cir. 1991) (citing Fed. R. App. P. 4(a)(5) advisory committee's notes). The addition of the good cause standard to the rule in 1979 "indicates . . . that flexibility is intended in the granting of extensions." *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 n.2 (5th Cir. 1979). The extension may not "exceed 30 days after the prescribed time [under Rule 4(a)] or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Good cause supports Defendants' request to extend the notice of appeal deadline because an extension will promote judicial efficiency and may avoid wasteful litigation. Defendants recently filed a Motion for Relief under Federal Rule of Civil Procedure 60(b), ECF No. 514 ("Second Rule 60(b) Motion"), in which, among other things, they ask the Court to reconsider its ruling on the First Rule 60(b) Motion. Defendants' Second Rule 60(b) Motion will not be fully briefed until February 12, 2026, and Defendants have requested a ruling on that motion no later than March 2, 2026. Without an extension of the deadline to appeal the Court's decision on the First Rule 60(b) Motion, any party who wishes to appeal that decision will be required to file a notice of appeal by February 9, 2026—before briefing is even completed on Defendants' Second Rule 60(b) Motion. And "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*,

459 U.S. 56, 58 (1982). Thus, if any party appeals from this Court's order on Defendants' First Rule 60(b) Motion, that might divest this Court of jurisdiction to resolve at least some aspects of Defendants' Second Rule 60(b) Motion. At that point, any such resolution might have to occur through the more burdensome—on the litigants, this Court, and the court of appeals—procedure of entering an indicative ruling and potentially asking the Ninth Circuit to remand the case. *See* Fed. R. Civ. P. 62.1. That procedure would be particularly problematic given Defendants' request for a ruling on their Second Rule 60(b) Motion by March 2, 2026.

Apart from potentially avoiding the more burdensome and time-consuming indicative ruling procedure, extending the notice of appeal deadline may also help streamline any appeals in this case. The Court's decision on Defendants' Second Rule 60(b) Motion will also be subject to appeal, and it would be most efficient to permit any appeals from the Court's rulings on both Rule 60(b) motions to be briefed, argued, and considered together by the court of appeals.

Accordingly, Defendants respectfully request that the Court extend the deadline to file a notice of appeal from the Court's December 11, 2025 order on Defendants' First Rule 60(b) Motion by 30 days—to March 11, 2026. Although Federal Rule of Civil Procedure 4(a)(5)(B) would permit Defendants to file this administrative motion *ex parte*, they conferred with Plaintiffs regarding the relief requested in this motion before filing it. Plaintiffs stated they oppose extending the notice of appeal deadline.

Dated: January 29, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

*/s/ Michelle R. Bennett*
MICHELLE R. BENNETT
Assistant Branch Director
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*