BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 4:19-cv-03674-HSG <br><br> **DECLARATION OF MICHELLE R. BENNETT** <br><br> The Honorable Haywood S. Gilliam, Jr. |

Declaration of Michelle R. Bennett
4:19-cv-03674-HSG

I, Michelle R. Bennett, declare as follows:

1. I am an Assistant Branch Director in the Federal Programs Branch of the Civil Division of the United States Department of Justice. The statements in this declaration are based on my personal knowledge and information that I have obtained in my official capacity.

2. Defendants ask the Court to extend the deadline to file a notice of appeal from the Court's December 11, 2025 order on Defendants' Motion for Temporary Relief from Judgment, ECF No. 492 ("First Rule 60(b) Motion") by 30 days—to March 11, 2026.

3. Defendants recently filed a Motion for Relief under Federal Rule of Civil Procedure 60(b), ECF No. 514 ("Second Rule 60(b) Motion"), in which, among other things, they ask the Court to reconsider its ruling on the First Rule 60(b) Motion. Defendants' Second Rule 60(b) Motion will not be fully briefed until February 12, 2026, and Defendants have requested a ruling on that motion no later than March 2, 2026. Without an extension of the deadline to appeal the Court's decision on the First Rule 60(b) Motion, any party who wishes to appeal that decision will be required to file a notice of appeal by February 9, 2026—before briefing is even completed on Defendants' Second Rule 60(b) Motion. And if any party appeals from this Court's order on Defendants' First Rule 60(b) Motion, that might divest this Court of jurisdiction to resolve at least some aspects of Defendants' Second Rule 60(b) Motion. At that point, any such resolution might have to occur through the more burdensome—on the litigants, this Court, and the court of appeals—procedure of entering an indicative ruling and potentially asking the Ninth Circuit to remand the case. That procedure would be particularly problematic given Defendants' request for a ruling on their Second Rule 60(b) Motion by March 2, 2026.

4. In addition, the Court's decision on Defendants' Second Rule 60(b) Motion will also be subject to appeal, and it would be most efficient to permit any appeals from the Court's rulings on both Rule 60(b) motions to be briefed, argued, and considered together by the court of appeals.

5. Although Federal Rule of Civil Procedure 4(a)(5)(B) would permit Defendants to file the instant administrative motion *ex parte*, I emailed Plaintiffs' counsel on January 26, 2026 to ask if they would stipulate to Defendants' request to extend the notice of appeal deadline. Plaintiffs stated they would not stipulate to this request and would oppose any motion seeking this relief.

Declaration of Michelle R. Bennett
4:19-cv-03674-HSG

1

6. Defendants have not previously sought to extend this notice of appeal deadline, and extending the deadline would not otherwise impact the schedule in this case.

In accordance with 28 U.S.C. § 1746, I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. this 29th day of January, 2026.

                    */s/ Michelle R. Bennett*
                    MICHELLE R. BENNETT
                    Counsel for Defendants