EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　*Defendants*. | Case No. 19-cv-03674-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR RULING WITHOUT HEARING OR, IN THE ALTERNATIVE, FOR SPECIALLY SET HEARING DATE**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

The Department of Education ("Department") has asked this Court to rule on its second motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 514 ("Second Rule 60(b) Motion"), without a hearing or, in the alternative, to set a special hearing date such that the motion is resolved on or before March 2, 2026. ECF No. 517 ("Hearing Motion"). Plaintiffs do not dispute that the Court has the authority to grant the requested administrative relief. However, the Department has no justification for requesting it. As a result, the Hearing Motion should be denied.

The Department argues that it must know, by March 2, whether its Second Rule 60(b) Motion is granted. It offers no explanation as to *why* March 2 is a critical date, other than needing "the opportunity to seek relief from the court of appeals" before March 29, 2026. Hearing Motion at 1. The significance of this latter date is clear, at least: under the Settlement, it is the date by which the Department must send *notice* to any Exhibit C Post-Class Applicant who did not receive a decision by January 28, 2026, that they are entitled to Full Settlement Relief. *See* ECF No. 246-1 at 11, ¶ IV.D.2.

The Department appears to contend, implicitly, that the January 28 decision deadline is immaterial—it is only the notice deadline that is of consequence. This is both incorrect under the Settlement and inconsistent with the pending Second Rule 60(b) Motion.

As to the former: Any Exhibit C Post-Class Applicant who did not receive a decision by January 28 is, under the clear terms of the Settlement, already entitled to Full Settlement Relief. *See* Settlement, ECF No. 246-1 at 11, ¶ IV.D.2 ("If a Post-Class Applicant has not received a timely decision as required under Paragraph IV.D.1, that applicant **shall** receive Full Settlement Relief." (emphasis added)). This is true regardless of whether they receive timely notice: Paragraph IV.D.3 of the Settlement ties the deadline for **effectuation** of settlement relief to the date of the notice, not **entitlement** to that relief. *Id.* at 11. Defendants recognize as much. Hearing Motion at 1 ("Defendants are currently required to provide full settlement relief . . . if Defendants fail to issue timely final decisions . . . by January 28, 2026.").

As to the latter, neither of the Department's Rule 60(b) motions sought to modify the notice deadline. *See* ECF No. 492 at 22; Second Rule 60(b) Motion at 24. Nor did either motion seek to

modify the Settlement to release the Department from the obligation to provide Full Settlement Relief to Post-Class Applicants who did not receive decisions by the decision deadline. *See id.* The sole focus of both motions has been the decision deadline itself. *See id.*

The Department could have sought a stay and review of the partial denial of its request to modify the decision deadline prior to that deadline, but it did not. Instead, the decision deadline passed, and the right to Full Settlement Relief vested for all Exhibit C Post-Class Applicants who did not receive a decision. Thus, there is no urgent need for resolution of the Second Rule 60(b) Motion, and the Court should deny the requested administrative relief.

Dated: January 30, 2026                              Respectfully submitted,

                                              *Rebecca C. Eisenbrey*

Eileen M. Connor (SBN 248856)
econnor@ppsl.org
Rebecca C. Ellis (*pro hac vice*)
rellis@ppsl.org
Rebecca C. Eisenbrey (*pro hac vice*)
reisenbrey@ppsl.org
Noah Zinner (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY
STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*