EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No. 19-cv-03674-HSG<br><br>**DECLARATION OF REBECCA C. EISENBREY**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

I, Rebecca C. Eisenbrey, state as follows:

1. I am submitting this declaration in relation to the above-captioned case.

2. I am a Senior Staff Attorney at the Project on Predatory Lending ("PPSL"), which represents Plaintiffs in this case. I am a member in good standing of the bar of the Commonwealth of Massachusetts and the bar of the State of Texas. I was admitted to practice *pro hac vice* in the U.S. District Court for the Northern District of California in relation to this matter on July 24, 2022.

3. The statements contained herein are true and accurate to the best of my knowledge.

4. On January 29, 2026, the Department of Education ("Department") asked this Court to rule on their second motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 514 ("Second Rule 60(b) Motion"), without a hearing or, in the alternative, to set a special hearing date such that the motion is resolved on or before March 2, 2026. ECF No. 517 ("Hearing Motion").

5. Plaintiffs do not dispute that the Court has the authority to grant the requested administrative relief. However, the Department has no justification for requesting it. As a result, the Hearing Motion should be denied.

6. The Department argues that it must know, by March 2, whether its Second Rule 60(b) Motion is granted. It offers no explanation as to why March 2 is a critical date, other than needing "the opportunity to seek relief from the court of appeals" before March 29, 2026. Hearing Motion at 1. The significance of this latter date is clear, at least: under the Settlement Agreement, it is the date by which the Department must send notice to any Exhibit C Post-Class Applicant who did not receive a decision by January 28, 2026, that they are entitled to Full Settlement Relief. See ECF No. 246-1 at 11, ¶ IV.D.2.

7. The Department appears to contend, implicitly, that the January 28 decision deadline is immaterial—it is only the notice deadline that is of consequence. This is both incorrect under the Settlement and inconsistent with the pending Second Rule 60(b) Motion.

8. As to the former: Any Exhibit C Post-Class Applicant who did not receive a decision by January 28 is, under the clear terms of the Settlement, already entitled to Full Settlement Relief. See Settlement Agreement, ECF No. 246-1 at 11, ¶ IV.D.2 ("If a Post-Class Applicant has not

received a timely decision as required under Paragraph IV.D.1, that applicant **shall** receive Full Settlement Relief." (emphasis added)). This is true regardless of whether they receive timely notice: Paragraph IV.D.3 of the Settlement ties the deadline for *effectuation* of settlement relief to the date of the notice, not *entitlement* to that relief. *Id.* at 11. Defendants recognize as much. Hearing Motion at 1 ("Defendants are currently required to provide full settlement relief . . . if Defendants fail to issue timely final decisions . . . by January 28, 2026.").

9. As to the latter, neither of the Department's Rule 60(b) motions sought to modify the notice deadline. See ECF No. 492 at 22; Second Rule 60(b) Motion at 24. Nor did either motion seek to modify the Settlement to release the Department from the obligation to provide Full Settlement Relief to Post-Class Applicants who did not receive decisions by the decision deadline. *See id.* The sole focus of both motions has been the decision deadline itself. *See id.*

10. The Department could have sought a stay and review of the partial denial of its request to modify the decision deadline prior to that deadline, but it did not. Instead, the decision deadline passed, and the right to Full Settlement Relief vested for all Exhibit C Post-Class Applicants who did not receive a decision. Thus, there is no urgent need for resolution of the Second Rule 60(b) Motion, and the Court should deny the requested administrative relief.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   January 30, 2026

LOS ANGELES COUNTY, CALIFORNIA

REBECCA C. EISENBREY