EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　　*Defendants*. | Case No. 19-cv-03674-HSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND DEADLINE TO FILE NOTICE OF APPEAL**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

The Department of Education ("Department") has asked this Court to extend its deadline to file a notice of appeal from the Court's December 11, 2025, bench order granting in part and denying in part its first motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 492 ("First Rule 60(b) Motion"). Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, the appeal deadline should be extended only if the moving party shows "excusable neglect or good cause." Because the Department cannot show good cause, this Court should deny the requested relief.

The Department argues that good cause exists because extending the deadline would promote judicial efficiency, ECF No. 518 at 1, and streamline appeals, *id.* at 2—but this argument only demonstrates how redundant, vexatious, and wasteful the Department's recent motions practice has been. The Department asserts that without an extension, it will have to file a notice of appeal of the denial of the First Rule 60(b) Motion before the parties have finished briefing on its ***second*** Rule 60(b) motion, ECF No. 514 ("Second Rule 60(b) Motion"), divesting this Court of jurisdiction to consider that motion. ECF No. 518 at 1–2. Of course, the Second Rule 60(b) Motion asks this Court to reverse this Court's denial of the First Rule 60(b) Motion—the same thing that the Department would ask the Ninth Circuit to do in its theoretical appeal. *See* Second Rule 60(b) Motion at 24. If, on appeal, the Ninth Circuit reversed Judge Alsup's order on the First Rule 60(b) Motion, the Department would receive the relief sought in the Second Rule 60(b) Motion; if the Ninth Circuit upheld Judge Alsup's order, the relief sought in the Second Rule 60(b) Motion would be foreclosed. Rather than demonstrating good cause, the Department's argument underscores the inappropriateness of its Second Rule 60(b) Motion and confirms that, rather than filing that motion, the Department should have simply filed a timely notice of appeal—as Judge Alsup counseled them to do. *See* Tr. of Proceedings at 82:25–83:1 (Dec. 11, 2025) ("If you want to appeal, I think you should appeal pronto."). It still has time to do so.

The Department's second, related argument that extending the deadline would "streamline appeals" by "permit[ting] any appeals from the Court's rulings on both Rule 60(b) motions to be briefed, argued, and considered together by the court of appeals," ECF No. 518 at 2, fails for the

same reasons: appellate review of this Court's order on the First Rule 60(b) Motion would render the Second Rule 60(b) Motion moot.

It is established that "[t]he procedure provided by rule 60(b) is not a substitute for an appeal." *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (quoting *Morse–Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953)). It should be equally clear a party improperly filing a Rule 60(b) motion in place of an appeal cannot use the pendency of that motion to justify an extension of its appeal deadline.

Because the Department has not and cannot demonstrate that good cause exists, Plaintiffs ask this Court to deny the requested administrative relief.

Dated: January 30, 2026

Respectfully submitted,

_Rebecca C. Eisenbrey_____

Eileen M. Connor (SBN 248856)
econnor@ppsl.org
Rebecca C. Ellis (*pro hac vice*)
rellis@ppsl.org
Rebecca C. Eisenbrey (*pro hac vice*)
reisenbrey@ppsl.org
Noah Zinner (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY
STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*