EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 322-2808

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-HSG<br><br>**DECLARATION OF REBECCA C. EISENBREY**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

I, Rebecca C. Eisenbrey, state as follows:

1. I am submitting this declaration in relation to the above-captioned case.

2. I am a Senior Staff Attorney at the Project on Predatory Lending ("PPSL"), which represents Plaintiffs in this case. I am a member in good standing of the bar of the Commonwealth of Massachusetts and the bar of the State of Texas. I was admitted to practice *pro hac vice* in the U.S. District Court for the Northern District of California in relation to this matter on July 24, 2022.

3. The statements contained herein are true and accurate to the best of my knowledge.

4. On January 29, 2026, the Department of Education ("Department") asked this Court to extend its deadline to file a notice of appeal from the Court's December 11, 2025, bench order granting in part and denying in part its first motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 492 ("First Rule 60(b) Motion").

5. In its administrative motion, the Department argues that good cause exists because extending the deadline would promote judicial efficiency, ECF No. 518 at 1, and streamline appeals, *id.* at 2—but this argument only demonstrates how redundant, vexatious, and wasteful the Department's recent motions practice has been.

6. The Department asserts that without an extension, it will have to file a notice of appeal of the denial of the First Rule 60(b) Motion before the parties have finished briefing on its **second** Rule 60(b) motion, ECF No. 514 ("Second Rule 60(b) Motion"), divesting this Court of jurisdiction to consider that motion. ECF No. 518 at 1–2. But the Second Rule 60(b) Motion asks this Court to reverse this Court's denial of the First Rule 60(b) Motion—the same thing that the Department would ask the Ninth Circuit to do in its theoretical appeal. *See* Second Rule 60(b) Motion at 24.

7. If, on appeal, the Ninth Circuit reversed Judge Alsup's order on the First Rule 60(b) Motion, the Department would receive the relief sought in the Second Rule 60(b) Motion; if the Ninth Circuit upheld Judge Alsup's order, the relief sought in the Second Rule 60(b) Motion would be foreclosed.

8. Rather than demonstrating good cause, the Department's argument underscores the inappropriateness of its Second Rule 60(b) Motion and confirms that, rather than filing that motion, the Department should have simply filed a timely notice of appeal—as Judge Alsup counseled them to do. *See* Tr. of Proceedings at 82:25–83:1 (Dec. 11, 2025) ("If you want to appeal, I think you should appeal pronto."). It still has time to do so.

9. The Department's second, related argument that extending the deadline would "streamline appeals" by "permit[ting] any appeals from the Court's rulings on both Rule 60(b) motions to be briefed, argued, and considered together by the court of appeals," ECF No. 518 at 2, fails for the same reasons: appellate review of this Court's order on the First Rule 60(b) Motion would render the Second Rule 60(b) Motion moot.

10. Because the Department has not and cannot demonstrate that good cause exists, Plaintiffs ask this Court to deny the requested administrative relief.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on:   January 30, 2026

LOS ANGELES COUNTY, CALIFORNIA

_____
REBECCA C. EISENBREY