EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 390-2669

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Case No. 19-cv-03674-HSG<br><br>**DECLARATION OF REBECCA C. EISENBREY**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

PLAINTIFFS' REQUEST FOR EXPANDED ZOOM ACCESS TO REMOTE PROCEEDINGS
Case No: 19-cv-03674-HSG

I, Rebecca C. Eisenbrey, state as follows:

1. I am submitting this declaration in relation to the above-captioned case.

2. I am a Senior Staff Attorney at the Project on Predatory Lending ("PPSL"), which represents Plaintiffs in this case. I am a member in good standing of the bar of the Commonwealth of Massachusetts and the bar of the State of Texas. I was admitted to practice *pro hac vice* in the U.S. District Court for the Northern District of California in relation to this matter on July 24, 2022.

3. The statements contained herein are true and accurate to the best of my knowledge.

4. This Court has scheduled a remote Case Management Conference ("CMC") in the above-captioned case for February 10, 2026. ECF No. 513.

5. Named Plaintiffs Theresa Sweet, Alicia Davis, Tresa Apodaca, Chenelle Archibald, Daniel Deegan, Samuel Hood, and Jessica Jacobson represent a certified class of approximately 498,000 federal student loan borrowers, including approximately 207,000 Post-Class Applicants—individuals whose rights under the Settlement Agreement are at issue in the pending Rule 60(b) motion. *See* ECF No. 492 at 13.

6. Class members have been consistently engaged in the proceedings throughout this case. One thousand participants—the maximum allowed in Judge Alsup's Zoom meeting room—virtually attended the hearing on final approval of the Settlement, *see* Transcript of Nov. 9, 2022, Hearing at 6:19–22, and the recent hearing on the Department's first Rule 60(b) motion, *see* Transcript of Dec. 11, 2025, Hearing, at 78:22–25. Hundreds have virtually attended each of the other hearings and status conferences in this case. *See, e.g.*, Transcript of June 13, 2024, Status Conference, at 4:8–9 (434 attendees); Transcript of Aug. 29, 2025, Status Conference, at 13:17–19 (404 attendees); Transcript of June 26, 2025, Hearing at 26:3–9 (540 attendees).

7. Class members are aware of the upcoming CMC, and I expect that many hundreds will wish to attend virtually.

8. I also expect that many hundreds of class members will wish to virtually attend the upcoming hearing on the Department's second Rule 60(b) Motion and all future hearings and status conferences in this case.

9. On February 5, 2026, I emailed Liam Holland and Michelle Bennett, counsel for the Department, to ask the Department's position on Plaintiffs' request for expanded remote access to the CMC and future proceedings. Mr. Holland responded that the Department takes no position on this request.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: February 5, 2026

LOS ANGELES COUNTY, CALIFORNIA

_____
REBECCA C. EISENBREY