UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THERESA SWEET, et al., | Case No.  19-cv-03674-HSG |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(B)** |
| v. | |
| MIGUEL CARDONA, et al., | Re: Dkt. No. 514 |
| Defendants. | |

Pending before the Court is the second Motion for Relief Under Federal Rule of Civil Procedure 60(b) ("Defendant' Second Rule 60(b) Motion" or "Motion") brought by Defendants United States Department of Education (the "Department") and Miguel Cardona, in his official capacity as the Secretary of the United States Department of Education.  Dkt. No. 514.  For the reasons detailed below, the Court **DENIES** Defendants' motion.

## I.    BACKGROUND

This long-running and extensively litigated case filed almost seven years ago concerns a class of federal student loan borrowers who exercised their right under the Higher Education Act to apply to the Department for borrower defense to repayment.  The borrowers' applications explain how the schools they attended had misled them into enrolling and taking out loans, using deceptive tactics such as inflated graduation and job placement rates, and misleading estimates of the cost of a degree.  *See* Compl., Dkt. No. 1, ¶¶ 243, 263, 283, 304, 323, 339, 360.  In May 2019, Plaintiffs filed this action, alleging that that the Department had failed to adjudicate their borrower-defense applications in violation of the Administrative Procedure Act.  *See generally id.*

In October 2019, District Judge Alsup, to whom this case was then assigned, certified the following class of plaintiffs (*see* Class Certification Order, Dkt. No. 46, at 14):

All people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the U.S. Department of Education, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 17-7106 (N.D. Cal.).

In June 2022, the parties submitted a final, executed settlement agreement and filed a joint motion seeking preliminary approval of that agreement. *See* Dkt. No. 247; Settlement Agreement (the "Settlement"), Dkt. No. 246-1. As relevant here, the agreement defined the class as "members of the class that has been certified by this Court." Settlement at 3.

In November 2022, Judge Alsup granted final approval of the class settlement, and entered final judgment. Final Approval Order, Dkt. No. 345; Final Judgment, Dkt. No. 346. In that order, Judge Alsup rejected the parties' position that the "post-class applicant" group for whom the parties had agreed to provide relief (*see* Settlement at 11) was not a part of the class for purposes of a Rule 23 analysis. *See* Final Approval Order at 21-22. That group is composed of individuals who filed a borrower-defense application in between execution of the settlement on June 22, 2022 and final approval. *See id.* Judge Alsup found that "the class certification order set no cut-off date for membership, so the class definition as recited in that order clearly encompasses all of these borrowers." *Id.* at 22. Judge Alsup then ordered that the post-class group would "receive relief under the agreement, namely their applications will be decided with streamlined procedures within three years on pain of automatic discharge of the loans." *Id.*

The parties have engaged in significant post-judgment motion practice in this case, primarily due to the Department's repeated failures to meet other deadlines for providing relief to the rest of the class. *See* Defs' Response to Pltfs' Mot. to Enforce, Dkt. No. 403; Minute Order, Dkt. No. 434. Throughout 2025, Plaintiffs queried whether the Department was on track to meet the three-year decision deadline for the "post-class applicant" group. Plaintiffs' Opposition to Defendants' Second Rule 60(b) Motion ("Opposition"), Dkt. No. 525, at 5. At a March 13, 2025 hearing, the Department assured Judge Alsup that it was "committed to providing full settlement relief." Tr. of Mar. 13, 2025 Hr'g at 9:20-21, Dkt. No. 466. When Judge Alsup asked whether the Department was confident that it would honor the settlement agreement, the Department's attorney responded: "The Department fully understands its obligations under the settlement

1  agreement . . . [T]he Department is committed to honoring the settlement agreement." *Id.* at

2  25:21-26:17.  At an April 15, 2025 hearing, the Department's attorney assured the Court that "if

3  the Department doesn't issue decisions by [the deadline for the post-class applicants], then the

4  borrower is entitled to full settlement relief."  Tr. of Apr. 15, 2025 Hr'g at 15:3-5, Dkt. No. 472.

5  And at a June 26, 2025 hearing, the Department's attorney represented that "[i]f we don't [make

6  the deadline for the post-class applicants], everyone who has not received a decision will be

7  entitled to full settlement relief."  Tr. of June 26, 2025 Hr'g, Dkt. No. 479, at 13:10-13.  The

8  Department did not represent to the contrary at a hearing on August 28, 2025.  *See* Tr. of Aug. 28,

9  2025 Hr'g, Dkt. No. 488.

10  Then, on November 6, 2025, the Department moved under Federal Rule of Civil Procedure

11  60(b)(5) for relief from its deadline to adjudicate all post-class applications.  *See* Dkt. No. 492.

12  Specifically, the Department sought an additional 18 months.  *See id.*  Plaintiffs strenuously

13  opposed.  *See* Plaintiffs' Opposition to Defendants' First Rule 60(b) Motion, Dkt. No. 500;

14  Plaintiffs' Motion to Strike Defendants' First Rule 60(b) Motion, Dkt. No. 502.  In a status report

15  filed December 9, 2025, the Department reported that 79% of the post-class applications remained

16  pending.  Joint Status Report, Dkt. No. 505.

17  On December 11, 2025, Judge Alsup said that an "18-month delay" was "just totally

18  unacceptable."  Tr. of Dec. 11, 2025 Hr'g, Dkt. No. 512, at 78:18-19.  The Court then granted the

19  following relief to the Department:  all post-class applicants who attended one of the 151 schools

20  listed on Exhibit C to the settlement would need to have their applications adjudicated by the

21  "original deadline of the 28th of January," as those were "the schools that the attorney generals in

22  various states have already singled out as fraudulent."  *Id.* at 79:19-80:8.  All other post-class

23  applications filed by students who attended schools not on Exhibit C were required to be

24  adjudicated by April 15, 2026.  *Id.* at 80:13-17.  Judge Alsup opined that given his impending

25  retirement, if the Department could demonstrate "good progress" "made in great good faith"

26  before April 15, he recommended that "the next judge give the Government more slack to finish

27  the job."  *Id.* at 80:19-25.

28  On January 8, 2026, this case was reassigned to the undersigned judge.  Order Reassigning

1   Case, Dkt. No. 511.  Two weeks later, the Department filed another Rule 60(b) motion, this time

2   for "time sensitive" relief.  *See* Motion, Dkt. No. 514, at 1, 23.  The next week, the Department

3   filed two motions for administrative relief:  first, for a ruling on its second Rule 60(b) motion

4   without a hearing, to be issued before March 2, 2026; and second, for a 30-day extension of its

5   time to file a notice of appeal, from February 9, 2026 to March 11, 2026.  *See* Administrative

6   Motion for Ruling Without Hearing, Dkt. No. 517; Administrative Motion for Extension of Time

7   to File Notice of Appeal, Dkt. No. 518.  The Court granted in part the Department's request for an

8   extension of the time to appeal, giving the Department until February 23, 2026.  *See* Dkt. No. 526.

9   The Court then extended the deadline again, to February 25, 2026.  Dkt. No. 528.  As of the date

10  of this Order, no appeal has yet been filed.

## II.   LEGAL STANDARD

12       Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "the court may relieve

13  a party or its legal representative from a final judgment, order, or proceeding" when "the judgment

14  has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

15  or vacated; or applying it prospectively is no longer equitable."  Rule 60(b)(5).  Whether to grant

16  relief under Rule 60(b) is a matter of the Court's discretion.  *Fantasyland Video, Inc. v. Cnty. of*

17  *San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).  However, "Rule 60(b) relief should be granted

18  'sparingly' to avoid 'manifest injustice' and 'only where extraordinary circumstances prevented a

19  party from taking timely action to prevent or correct an erroneous judgment.'"  *Navajo Nation v.*

20  *Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 20217) (citation omitted).

21       Rule 60(b) also permits a party to seek relief from a final judgment for any reason that

22  justifies relief.  *See* Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) is a "catchall provision" that applies

23  only when the reason for granting relief is not covered by any of the enumerated reasons set forth

24  in Rule 60(b).  Those reasons include, along with the reasons listed in Rule 60(b)(5):  "mistake,

25  inadvertence, surprise, or excusable neglect" (Rule 60(b)(1)), "newly discovered evidence" (Rule

26  60(b)(2)), "fraud . . . or misconduct by an opposing party" (Rule 60(b)(3)), and a "void" judgment

27  (Rule 60(b)(4)).  "A movant seeking relief under Rule 60(b)(6) is required 'to show "extraordinary

28  circumstances" justifying the reopening of a final judgment.'"  *Martinez v. Shinn*, 33 F.4th 1254,

United States District Court
Northern District of California

4

1262 (9th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  "Rule 60(b)(6)

relief normally will not be granted unless the moving party is able to show both injury and that

circumstances beyond its control prevented timely action to protect its interests." *Id.* (citation

omitted); *see also U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)

("such relief is available only where extraordinary circumstances prevented a litigant from seeking

earlier, more timely relief"); Fed. R. Civ. P. 60(c)(1) ("[a] motion under Rule 60(b) must be made

within a reasonable time").

### III.    DISCUSSION

Defendants essentially renew their previously rejected Rule 60(b) motion in its entirety,

and ask the Court to allow them until July 28, 2027—an additional eighteen months—to

adjudicate the post-class applications as required by the Settlement.  Defendants argue that this

Court should "reconsider" Judge Alsup's decision because it was "premised on manifest legal

error" (Motion at 13-17) and "premised on manifest errors of fact" (Motion at 17-21), and because

the Department is "continuing in good faith" to hire needed staff and to adjudicate as many post-

class applications as possible with existing resources (Motion at 22-23).  Specifically, Defendants

argue that Judge Alsup erred because he improperly treated the post-class applicants as members

of the class when balancing the equities to determine if applying the judgment prospectively

remains equitable.  Motion at 15.  But as explained above, that argument was already fully

considered and rejected.  *See* Final Approval Order at 21-22 (opining that "the class definition as

recited in [the class certification order] clearly encompasses all of these borrowers").

Setting aside whether the prior decision was "premised on manifest legal error" or "clearly

erroneous findings," or whether the Department is conducting itself "in good faith," the standard

for Rule 60(b)(5) relief requires that the moving party show "the judgment has been satisfied,

released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable."  Defendants have not met their burden to show

that application of the *Settlement*'s terms is no longer equitable by pointing to perceived errors

committed by the court in adjudicating Defendants' first Rule 60(b) motion.

Defendants also seek relief under Rule 60(b)(6)'s catchall provision, but the Court denies

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants' motion for the simple reason that the record amply reflects that Defendants have not

2    shown (and indeed, cannot show) that any extraordinary circumstances beyond their control

3    prevented timely action to protect their interests.  *See Martinez*, 33 F.4th at 1262 (Rule 60(b)(6)

4    relief denied where movants had "ample opportunity" to seek the leave now sought); *Alpine Land*

5    *& Reservoir Co.*, 984 F.2d at 1049.  As of September 20, 2022, the approximate size of the post-

6    class applicant group was 179,000 borrowers—a fact the Department knew when it jointly filed a

7    motion for final settlement approval in tandem with Plaintiffs two days later.  *See* Joint Motion for

8    Final Settlement Approval, Dkt. No. 323, at 14.  At the latest, the Department knew by February

9    27, 2023—*almost three years ago*—that the post-class applicant group totaled 205,448 people.

10   *See* Department of Education's Initial Report, Dkt. No. 492-2.

11          Moreover, as detailed above, at no point before November 2025 did the Department signal

12   that it would have any trouble meeting its deadline to adjudicate all post-class applications.

13   Rather, the Department waited until the eleventh hour, not even three months before the January

14   28, 2026 deadline, to seek the relief now requested.  The Court agrees with Plaintiffs that to justify

15   such relief, "a party must show 'extraordinary circumstances' suggesting that the party is faultless

16   in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

17   Defendants have shown no such circumstances.

18          The Court observes that Judge Alsup recommended that if the Department could

19   demonstrate "good progress" "made in great good faith" before April 15, the next judge should

20   consider giving Defendants "more slack to finish the job."  Tr. of Dec. 11, 2025 Hr'g, at 80:19-25.

21   But Defendants have not made such meaningful progress to date.  Defendants attest that in the five

22   weeks between December 11, 2025 hearing and when Defendants filed their second Rule 60(b)

23   motion on January 22, 2026, the Department adjudicated approximately 1,390 post-class

24   applications from the tranche required to be adjudicated by January, with approximately 169,900

25   cases left to be adjudicated within that group.  Declaration of Richard Lucas ("Lucas Decl."), Dkt.

26   No. 514-1, ¶¶ 8-9.  Defendants also attest that during that timeframe, the Department adjudicated

27   approximately 640 post-class applications from the tranche required to be adjudicated by April,

28   with approximately 18,080 left to be adjudicated within that group.  Lucas Decl., ¶ 9.  And just as

was the case at the time of the last hearing before Judge Alsup, Defendants represent that the first group of contract attorneys they plan to hire to work through the pending applications "*could be onboarded by March 1, 2026 and sufficiently trained to begin adjudicating cases by late March or early April, 2026.*" *Id.* at ¶ 11 (referencing November 14, 2025 declaration) (emphasis added). In the Court's view, therefore, nothing about the record developed since the denial of the original Rule 60(b) motion supports Defendants' request for the lengthy extension they again request.

## IV.    CONCLUSION

The Court **DENIES** Defendants' second motion for relief under Rule 60(b). Dkt. No. 514. No further Rule 60(b) motions will be entertained.

**IT IS SO ORDERED.**

Dated: 2/24/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California