**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA SWEET; CHENELLE ARCHIBALD; DANIEL DEEGAN; SAMUEL HOOD; TRESA APODACA; ALICIA DAVIS; JESSICA JACOBSON, on behalf of themselves and all others similarly situated, | No. 26-1136<br><br>D.C. No. 4:19-cv-03674-HSG |
| *Plaintiffs - Appellees*, | |
| v. | |
| LINDA MCMAHON, Secretary of the United States Department of Education; UNITED STATES DEPARTMENT OF EDUCATION, | ORDER |
| *Defendants - Appellants*. | |

Filed March 25, 2026

Before: Kim McLane Wardlaw, John B. Owens, and Daniel A. Bress, Circuit Judges.

# SUMMARY[*]

## Stay Pending Appeal

The panel denied the U.S. Department of Education's emergency motion for a stay pending appeal.

Plaintiffs are a certified class of federal student loan borrowers who seek loan forgiveness under the Higher Education Act based on fraudulent misconduct by their educational institutions, in a process known as "borrower defense." They filed a class action under the Administrative Procedure Act against the DOE, alleging that the DOE had failed to adjudicate their borrower-defense applications. The parties entered into a Settlement Agreement that imposed a deadline for the DOE to adjudicate the applications of "Post-Class Applicants"—a group of borrowers who asserted a borrower defense after the execution of the Settlement Agreement but before the date of the Settlement Agreement's final approval.

The panel denied the DOE's motion for a stay pending appeal of the "post-class application deadline." The panel considered the four factors with respect to a stay pending appeal in *Nken v. Holder*, 556 U.S. 418, 434 (2009), and held that the DOE's motion failed because (1) the DOE did not demonstrate that it was likely to succeed in showing that two district courts clearly abused their discretion in finding that no modification to the Settlement Agreement incorporated into the judgment was warranted under Federal Rule of Civil Procedure 60(b); and (2) the remaining *Nken* factors were

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not sufficiently strong to outweigh the DOE's weak showing as to the likelihood of success on the merits.

## COUNSEL

Rebecca C. Ellis (argued), Rebecca C. Eisenbrey, Noah Zinner, and Eileen M. Connor, Project on Predatory Student Lending, Jamaica Plain, Massachusetts, for Plaintiffs-Appellees.

Sean R. Janda (argued) and Michael S. Raab, Attorneys, Appellate Staff; Brett A. Shumate, Assistant Attorney General; United States Department of Justice, Washington, D.C.; for Defendants-Appellants.

## ORDER

Per Curiam

Plaintiffs are a certified class of federal student loan borrowers who seek loan forgiveness under the Higher Education Act based on fraudulent misconduct by their educational institutions, in a process known as "borrower defense." *See* 34 C.F.R. § 685.22.  In May 2019, Plaintiffs filed this class action under the Administrative Procedure Act against the Department of Education ("DOE"), alleging that the DOE had failed to adjudicate their borrower-defense

applications.   The district court certified the class of plaintiffs on October 30, 2019.[1]

The parties entered into a settlement agreement (the "Settlement Agreement") on June 22, 2022.  On November 16, 2022, the district court granted final approval of the Settlement Agreement and entered a final judgment. Relevant here, the Settlement Agreement required the DOE to adjudicate the applications of "Post-Class Applicants"— a group of borrowers who asserted a borrower defense *after* the execution of the Settlement Agreement (June 22, 2022) but *before* the date of the Settlement Agreement's final approval (November 16, 2022)—within three years of the Settlement Agreement's Effective Date (January 28, 2023), making the adjudication deadline January 28, 2026.  If the DOE failed to issue a decision on a Post-Class Applicant's application by the January 28, 2026 deadline, the Settlement Agreement provided that the applicant would receive "Full Settlement Relief."

## I.

On November 6, 2025, almost three years after final approval of the Settlement Agreement and approximately three months before the January 28, 2026 deadline, the DOE moved under Federal Rule of Civil Procedure 60(b)(5) for relief from its deadline to adjudicate all Post-Class Applications, seeking an 18-month extension.  Rule 60(b) provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or

---

[1] The class is defined as: "[A]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the [DOE], whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.)."

proceeding" when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

In a hearing on December 11, 2025, the district court stated that an "18-month delay" was "just totally unacceptable," and noted that the DOE's November 2025 motion was the "first time" the DOE had indicated to the district court that it would have any trouble meeting the January 2026 deadline that the parties had agreed to three years ago.  Still, the district court granted partial relief to the DOE.  The district court required the DOE to adjudicate the applications of all Post-Class Applicants who attended one of the 151 schools listed on "Exhibit C" of the Settlement Agreement[2] by the original deadline of January 28, 2026, but extended the DOE's deadline to adjudicate all other Post-Class applications until April 15, 2026.

## II.

The district court judge who had overseen the case since its inception in 2019 retired at the end of December 2025, and the case was reassigned to another district court judge. On January 22, 2026, six days before the Exhibit C Post-Class decision deadline, the DOE filed a second Rule 60(b) motion that renewed its arguments from its first Rule 60(b) motion.  On February 24, 2026, the district court denied the DOE's second Rule 60(b) motion.    The district court concluded that "Defendants have not met their burden to show that application of the *Settlement*'s terms is no longer

---

[2] The schools listed on Exhibit C of the Settlement Agreement were "schools that the attorney generals in various states have already singled out as fraudulent."

equitable," and that "the record amply reflects that Defendants have not shown (and indeed, cannot show) that any extraordinary circumstances beyond their control prevented timely action to protect their interests."

## III.

The DOE moves for a stay pending appeal of the "post-class application deadline." We consider four factors with respect to a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). "The first two factors . . . are the most critical." *Id.* (citation omitted). We reverse the district court's denial of a Rule 60(b) motion "only upon a clear showing of abuse of discretion." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation and quotation marks omitted).

The DOE's motion for a stay pending appeal fails for several reasons. Most fundamentally, the DOE has not demonstrated that it is likely to succeed in showing that two district courts clearly abused their discretion in finding that no modification to the Settlement Agreement incorporated into the judgment was warranted under Rule 60(b). The Supreme Court has explained that "[o]rdinarily, . . . modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 385 (1992). Here, the DOE can point to no changed circumstances that render it inequitable

to apply the same settlement agreement that it bargained for years ago.  The DOE knew by February 27, 2023, over three years ago, that the Post-Class Applicant group totaled over 205,000 people.  We find that the remaining *Nken* factors are not sufficiently strong to outweigh the DOE's weak showing as to the likelihood of success on the merits.

Accordingly, the DOE's Emergency Motion for a Stay Pending Appeal is **DENIED**.  The Court shall set an expedited briefing schedule by separate order on the merits of this appeal.