BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| THERESA SWEET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and <br><br> THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 4:19-cv-03674-HSG <br><br> **OBJECTION TO REPLY EVIDENCE** <br><br> Date: May 7, 2026 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 4th Floor |

Objection to Reply Evidence
4:19-cv-03674-HSG

Pursuant to Civil Local Rule 7-3(d), Defendants hereby object to the new evidence submitted with Plaintiffs' reply in support of their motion for fees and costs ("Reply").  Under this provision, Defendants may state their "objections to the new evidence" but Defendants may not "include further argument on the motion."

It is well settled that a party's "attempt to introduce new evidence in connection with their reply papers is improper." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005).  The rule is set forth in Federal Rule of Civil Procedure 6: "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2).  "Opening declarations should set forth all facts on points foreseeably relevant to the relief sought" and "[r]eply papers should not raise new points that could have been addressed in the opening." *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 n.7 (N.D. Cal. 2008) (quoting Judge Alsup's individual rules).  The reason for this rule is clear: including evidence with a reply is "a classic form of sandbagging." *See In re Capacitors Antitrust Litigation*, No. 14-cv-03264-JD, 2017 WL 897340, at *1 (N.D. Cal. Mar. 7, 2017).  "New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond." *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023).

The Reply violates this rule because it includes a new attorney declaration submitting testimony—all of which was available to Plaintiffs when they filed their motion for fees and costs.  Plaintiffs cite the new declaration in support of argument already made in the motion.  In particular, they cite the new—but previously available—testimony to support their argument that Plaintiffs were purportedly continuing to bring relevant claims for material breach during the period covered by their fees and costs motion or that they are entitled to fee recovery for time spent raising inquiries on behalf of absent class members with the Department's Ombudsman office.  ECF No. 541 at 4-6.

Plaintiffs made these arguments in their motion.  ECF No. 535 at 10-11 (arguing that Plaintiffs are entitled to fees and costs for enforcement-related work performed between September 27, 2024, and February 6, 2026).  If they thought that Ms. Almeida's testimony supported those arguments, they should have included it with the motion.  But they did not.  Plaintiffs instead sandbagged Defendants with this belated evidence.

Plaintiffs' inclusion of this material with their Reply is particularly improper because the parties conferred about Plaintiffs' motion beforehand and Defendants provided a substantive summary of the reasons why fees and cost recovery is unavailable.  In an email dated February 27, 2026, Defendants' counsel stated:

> Even assuming the court decided that Plaintiffs had brought a successful claim for breach in April 2024 or September 2024, all the itemized fees and costs were incurred on or after September 30, 2024, so they were clearly not incurred in bringing any of those claims.  Plaintiffs did not bring a successful claim for breach after September 2024.  The court did not find that Defendants breached the Agreement in December 2025, and as I explained at the hearing, there would be no basis for the court to make any such conclusion.  . . .
>
> Moreover, even if Plaintiffs were successful in bringing a claim for breach under Paragraph V.B. after September 2024—which they were not—nearly all fees demanded are not associated with bringing such a claim.  Rather, they nearly all relate to Plaintiffs' supervision and monitoring efforts—often associated with inherently individualized class member grievances that are not the appropriate subject of classwide resolution—for which the Settlement Agreement does not entitle Plaintiffs to recover the attorney fees they incurred.

Given that Plaintiffs were indisputably aware of Defendants' position that the hours spent during the relevant post-judgment period were not incurred in bringing a claim for breach under a fee-generating provision of the Settlement Agreement and given that the belated testimony merely provides Plaintiffs' characterization of post-judgment proceedings in this action over a multi-year period that is not some new circumstance, there is no legitimate reason for Plaintiffs' decision to exclude the evidence from their motion.  Rather, Plaintiffs chose—apparently intentionally—to withhold this evidence and raise it only for the first time with the Reply, ensuring that Defendants would have no opportunity to rebut it, which is precisely the type of tactic that is precluded by Fed. R. Civ. P. 6(c)(2).

Defendants also object to the newly submitted attorney testimony insofar as it presents argument rather than facts.  *See Mendoza v. Tesla, Inc.*, No. 24-cv-08738, 2025 WL 3514689, at *2 (N.D. Cal. Dec. 8, 2025).

For the foregoing reasons, the Court should decline to consider the Reply evidence.

Objection to Reply Evidence
4:19-cv-03674-HSG

Dated: April 14, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

Objection to Reply Evidence
4:19-cv-03674-HSG

3