EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated, | Case No. 19-cv-03674-HSG |
| *Plaintiffs*, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO REPLY EVIDENCE** |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and | |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | |
| *Defendants*. | |

The Department of Education's objection to the Declaration of Nicole Camargo Almeida, ECF No. 541-1 ("Almeida Decl."), is unavailing. This Court "has discretion to consider new evidence presented in a reply" when "the new evidence appears to be a reasonable response to the opposition." *Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1275 (N.D. Cal. 2023) (quoting *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018)). "Evidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'" *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014); *see also Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023) (considering reply declarations that responded to arguments raised in opposition and finding that they were not "improper new reply material"). Further, it is appropriate "to permit reply evidence where it 'provides the full context to [the non-moving party]'s select[ive] recitation of the facts.'" *Setty v. United Fin. Cas. Co., Inc.*, No. 23-cv-02464, 2023 WL 5184147, at *6 (N.D. Cal. Aug. 11, 2023) (alteration in original) (quoting *Terrell v. Contra Costa Cnty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007)). Thus, where "the new evidence in [a moving party's] reply declaration was filed to respond to [the non-moving party's] opposition and is consistent with the evidence and arguments presented in the original motion," courts will accept the reply declaration. *Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, No. 18-cv-01444, 2018 WL 4203801, at *3 n.1 (N.D. Cal. June 27, 2018).

Here, the Camargo Almeida Declaration is a response to arguments and evidence raised in the Department's Opposition, ECF No. 540 ("Opposition"). In particular, the Declaration of Christian Odom, ECF No. 540-3 ("Odom Decl."), was submitted to support the Department's argument that the regular meetings between Plaintiffs' counsel and the Ombudsman's office "have nothing to do with bringing a claim under ¶¶ V.B.1. or V.B.2," Opposition at 22. The Odom Declaration cherry-picks five examples of cases in which, it argues, "no violation of the Agreement is involved at all." Odom Decl. ¶ 13. The Camargo Almeida Declaration rebuts these assertions by demonstrating how the regular meetings are directly linked to Plaintiffs' enforcement activities. The declaration does not present new evidence or argument, it was necessary to provide context to the Department's selective recitation of the facts, and the Court should exercise its discretion to consider it.

Dated:  April 15, 2026                    Respectfully submitted,

_/s/ Rebecca C. Eisenbrey_
EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT
LENDING, INC.
769 Centre Street
Jamaica Plain, MA 02130
Tel.: (617) 617-390-2669
Fax: (617) 781-218-9625

*Attorneys for Plaintiffs*