BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

|  |  |
|---|---|
| THERESA SWEET, et al., | Case No. 4:19-cv-03674-HSG |
| Plaintiffs, | |
| v. | **SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR FEES AND COSTS** |
| LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and | |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | |
| Defendants. | |

Supplemental Memorandum in Opposition to Plaintiffs' Motion for Fees and Costs
4:19-cv-03674-HSG

At least three circuits have held that a district court may not retain jurisdiction[1] to adjudicate claims arising under a settlement agreement with the United States because the Tucker Act and Little Tucker Act combined vest the Court of Federal Claims with exclusive jurisdiction—and a limited waiver of sovereign immunity[2]—to adjudicate such claims. *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1055 (D.C. Cir. 2014); *VanDesande v. United States*, 673 F.3d 1342, 1350 (Fed. Cir. 2012); *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139-43 (2d Cir. 1999). Plaintiffs' briefing does not identify any "statute expressly authoriz[ing]" adjudication of such claims by this Court. *See Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997).

28 U.S.C. § 2412(b) does not provide that authority.[3] Essentially conceding as much, Plaintiffs fail to cite a single case invoking this provision to adjudicate a contract-based fee liability claim and instead devote most of their latest brief to an entirely new ground for a fee award—putative bad faith conduct.

That belated ground is meritless, but the Court cannot consider it in any event. Plaintiffs have explicitly released any fees claim in connection with this case that is not grounded in the fee liability provisions of Section V. And even if they hadn't, the Court ordered supplemental briefing to permit Plaintiffs to identify a putative waiver of sovereign immunity for this Court to adjudicate the contract-based fee liability claims raised in Plaintiffs' motion, not for Plaintiffs to raise an entirely new ground for a fee award. Any bad faith fees claim thus has been waived and forfeited several times over.

### I.    28 U.S.C. § 2412(b) Does Not Waive the Government's Sovereign Immunity from Contract-Based Fee Liability Claims and Judgments.

"Under the [Equal Access to Justice Act ("EAJA")], attorney fees are not permitted absent explicit statutory authority." *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th

---

[1] To be clear, the Agreement includes no provision retaining jurisdiction to consider Plaintiffs' fee motion. On the contrary, the Court explicitly "relinquishe[d] jurisdiction over all . . . motions" and other "requests for relief in this Action that are not expressly stated in" Section V. ECF No. 246-1 at 20, ¶ V.E. Section V does not expressly mention a motion for fees or an order awarding fees against the United States. Section V only makes certain promises that the United States would be liable for limited fees and costs if Plaintiffs prevail in bringing certain claims under ¶ V.B for specific orders.

[2] The Tucker "Act is more than just a grant of jurisdiction over government contract claims; it is also a limited waiver of sovereign immunity[.]" *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985).

[3] Plaintiffs have forfeited any reliance on 28 U.S.C. § 2412(d), under which hourly rates would be capped.  28 U.S.C. § 2412(d)(2)(A).

Cir. 1986). "EAJA 'amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (quoting *Ardestani v. INS*, 502 U.S. 129, 137 (1991)). "Silence cannot be interpreted as an express waiver of sovereign immunity[.]" *Id*.[4]

Subsection (b) authorizes, but does not require, the Court to enter a fee award against the United States on two grounds: (1) "to the same extent that any other party would be liable under the common law or" (2) "under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b); *see Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 525 (E.D. Va. 1998). Neither of those grounds cover the terms of a contract.

Plaintiffs wrongly suggest that the first ground unequivocally expresses a waiver of sovereign immunity for contract-based fee judgments. ECF No. 547 at 2. The "so-called 'American Rule' . . . has only two narrow [common law] exceptions: when a loser 'has acted in bad faith'" and when "the individual litigant is able to recover his attorneys' fees from [a] 'common fund[.]'" *Spencer v. NLRB*, 712 F.2d 539, 543 & n.13 (D.C. Cir. 1983). The effect of § 2412(b)'s common-law clause "is to codify and make applicable to the government the 'bad faith' and 'common benefit' exceptions to the American Rule[,]" *id*. at 545, not to "divest the Court of Federal Claims of jurisdiction" over claims "alleging breach of a settlement agreement[,]" *Franklin-Mason*, 742 F.3d at 1054-55; *see Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987). Plaintiffs fail to cite a single case invoking § 2412(b) to award fees against the United States based on a contractual promise. In contrast, the Court of Federal Claims awards fees based on promises included in a settlement agreement resolving litigation in a different forum. *E.g., VanDesande v. United States*, No. 09-258C, 2020 WL 4188060, at *5-11 (Fed. Cl. July 21, 2020).[5]

---

[4] Defendants "could not have and did not waive sovereign immunity through the Settlement Agreement" or through putative prior dealings, *Presidential Gardens*, 175 F.3d at 140. ECF No 547 at 1.

[5] Although not raised in their supplemental brief, Plaintiffs have claimed that the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, provided the necessary waiver. ECF No. 541 at 10. But an order that the Government pay fees "does not fall within the waiver of sovereign immunity provided by 5 U.S.C. § 702[.]" *Clopton v. Dep't of Navy*, No. 95-5362, 1996 WL 680189, at *1 (D.C. Cir. Oct. 30, 1996). And courts have held that the APA's waiver of sovereign immunity does not authorize enforcement of a settlement agreement that resulted in the termination of an APA claim. *See Shaffer v. Veneman*, 325 F.3d 370, 372-73 (D.C. Cir. 2003); *Presidential Gardens*, 175 F.3d at 142-43; *Alegre v. United States*, No. 16-cv-02442, 2026 WL 699813, at *8 (S.D. Cal. Mar. 12, 2026); *Sumwalt v. U.S. Dep't of Veterans Affs.*, No.

Supplemental Memorandum in Opposition to Plaintiffs' Motion for Fees and Costs
4:19-cv-03674-HSG

## II.    Plaintiffs' Belated Claim to Bad-Faith-Based Fees Is Waived And Forfeited.

In addition to invoking § 2412(b) as a basis for this Court to consider their contract-based fee claim, Plaintiffs' supplemental briefing also presses an entirely new claim that they are entitled to fees under the bad faith exception to the American Rule. ECF No. 547 at 2-5. That claim is waived. In an April 2023 settlement agreement, Plaintiffs explicitly "fully and forever release[d] and discharge[d] Defendants" from "any and all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with th[is] Civil Action, excepting only the claims that are specified in Section V of the Parties' June 22, 2022 settlement agreement[.]" Ex. 1 ¶ 2. The Court must enforce this release. *See Wakefield v. Mathews*, 852 F.2d 482, 484 (9th Cir. 1988).

Plaintiffs have also forfeited this new bad faith claim by not raising it in their motion. A fees motion must specify the "statute" and "grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Yet Plaintiffs made no mention of purported bad faith in their motion or reply, or at the hearing, Tr. of May 7, 2026, Hearing, at 30:1–14. *E.g., Harger v. Dep't of Labor*, 569 F.3d 898, 904 n.9 (9th Cir. 2009) ("[u]ntimely nature of [] argument" on waiver of sovereign immunity not raised until "oral argument" "obviate[d] [the court's] need to consider it"). The Court sought supplemental briefing to address whether § 2412(b) waives immunity for the contract-based fee award at issue in Plaintiffs' motion, not to raise entirely new grounds for a fee award. Tr. of May 7, 2026, Hearing, at 30:1–4.

## III.    The Government Engaged in No Bad Faith.

Defendants are prejudiced by Plaintiffs' decision to tardily raise a bad faith claim, leaving it to be addressed in abridged supplemental briefing on shortened deadlines. Attorney's fees imposed for bad faith conduct are a "sanction[]" that "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). If the Court finds this new claim has somehow not been waived or forfeited, Defendants respectfully request an opportunity to respond in a more fulsome fashion. For now, Defendants note that they vehemently deny Plaintiffs' conclusory allegations of bad faith and highlight the following points.

---

3:13-cv-00367, 2013 WL 6056602, at *5 (W.D.N.C. Nov. 15, 2013). Moreover, the D.C. Circuit later rejected the "dicta in *Shaffer*" suggesting that "the specific reservation of enforcement jurisdiction by another court can divest the Court of Federal Claims of jurisdiction" to enforce a settlement agreement. *Franklin-Mason*, 742 F.3d at 1055-56.

Supplemental Memorandum in Opposition to Plaintiffs' Motion for Fees and Costs
4:19-cv-03674-HSG

Bad faith sanctions are imposed only in the "'rare and exceptional' case where the [conduct] is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citation omitted). A finding of bad faith must be supported by "'clear and convincing evidence[.]'" *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C. Cir. 1999) (citation omitted).

Defendants' conduct does not meet this standard. Indeed, the Department has acted in good faith to substantially comply with its obligations under the Agreement and Judge Alsup's post-judgment orders. Ex. 2. The Department has even gone beyond what is required by the Agreement and any order by, among many other examples, hosting weekly and, more recently, biweekly meetings with Class Counsel presenting on responses to individualized inquiries raised by absent class members. ECF No. 540-3. The absence of any bad faith likely explains why Plaintiffs only raised this issue as an afterthought, in supplemental briefing, when the Court (rightly) questioned its authority to award fees for supervision and monitoring efforts that are clearly foreclosed by the Agreement, *see* ECF No. 246-1 at 21, ¶ V.D.F.

Of Plaintiffs' alleged instances of bad faith, only one (relating to Defendants' Rule 60(b) motions) is arguably timely under Rule 54(d)(2)(i)[6] and only two occurred during the period covered by Plaintiffs' fee motion.[7] As to the first, Defendants' motions for an 18-month extension of the post-class adjudication deadline were not frivolous or legally unreasonable—indeed, the Court granted the requested relief in part. ECF No. 512 at 82:3-8. The motions were filed for the proper purpose of ensuring that the Higher Education Act—and its borrower defense provisions—are properly executed given Congress's decision

---

[6] Contrary to Plaintiffs' suggestion, ECF No. 541 at 11, Rule 54(a) defines judgment to include "any order from which an appeal lies," including the Court's injunctive order, ECF No. 451, entered in response to ECF No. 443, and all prior proceedings upon which Plaintiffs rely. And *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445 (1982), is of no help to Plaintiffs, *see* ECF No. 541 at 11, given that the 14-day deadline for fees motions was adopted in 1993 to supersede the "[p]rior law [that] did not prescribe any specific time limit[.]" Fed. R. Civ. P. 54(d), advisory committee's note to 1993 amendment (citing *White*, 455 U.S. at 445). *See Arulampalam v. Gonzales*, 399 F.3d 1087, 1090-91 (9th Cir. 2005).

[7] Defendants have already settled Plaintiffs' request for fees for time expended prior to September 2024. Ex. 1 & ECF No. 540-1; ECF No. 535 at 17 n.8. But the initial breach was not bad faith and the prior fee settlement was not based on any claim of bad faith. *See* Decl. of Richard Cordroy, ECF No. 403-1 (providing detailed background).

Supplemental Memorandum in Opposition to Plaintiffs' Motion for Fees and Costs
4:19-cv-03674-HSG

in July 2025 to finally provide Defendants with sufficient funding resources to adjudicate post-class borrower defense applications. ECF Nos. 492, 503. *See Su v. Bowers*, 89 F.4th 1169, 1179 (9th Cir. 2024).

As to the second, Plaintiffs mischaracterize the record in referencing a so-called "terminal consolidation method[]" at issue in a November 2024 motion. ECF No. 547 at 4. The Agreement provided that only "relevant loan debt," ECF No. 246-1 at 5, 12—not loans for attending schools unrelated to any borrower defense applications—would be discharged. *See, e.g. id.*; ECF No. 450 at 2-3. Because this "terminal consolidation method"[8] was not contemplated by the Agreement, is unnecessary, and burdens the Government fiscally, Defendants opposed its application to any group of class members other than the automatic relief group.[9] ECF No. 443, 450. The Court rejected the Government position and ordered the broad discharges that Plaintiffs demanded, but it is not frivolous or legally unreasonable for the Government to oppose an order that it believes would violate the parties' Agreement and would otherwise be fiscally irresponsible. *See Su*, 89 F.4th at 1179; *Barry*, 825 F.2d at 1333-34.

Finally, even if Plaintiffs had shown bad faith (and they have not), bad faith fees are "limited to" those incurred "solely because of the misconduct," *i. e*, "to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406-07 (1990) ("expenses incurred 'because of' a baseless filing [do not] extend indefinitely"). That requires a "granular inquiry"—"segregating . . . expense items . . . and establishing that they would not have been incurred except for the government's misconduct." *Lu v. United States*, 921 F.3d 850, 862 (9th Cir. 2019). A "declaration" providing "broad generalizations about [alleged] causation" is insufficient. *See id*. Plaintiffs' declaration does not address causation at all, much less include the sort of granular inquiry required by binding precedent. ECF No. 535-1.

---

[8] Under Judge Alsup's order, ECF No. 451, if a borrower consolidated her relevant loan debt subject to the Agreement into a consolidation loan that also bundled loans that were not subject to the Agreement (for example, for a bachelor's degree at the University of California and a law degree at Pepperdine University), the borrower must be relieved of paying not only the relevant loan debt, but all debt for attendance at those other schools—even though her classmates would not receive similar relief and even though the borrower had not alleged any wrongdoing by those other schools—merely because she once attended a school that was the subject of her borrower defense application.

[9] Defendants proposed modifying the judgment allowing this approach given its breach of the relief deadline for the automatic relief group. It reasonably opposed its use for other groups given its cost and because it requires discharging loans not meeting the Agreement's definition of "Relevant Loan Debt."

Supplemental Memorandum in Opposition to Plaintiffs' Motion for Fees and Costs
4:19-cv-03674-HSG

Dated: May 21, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*