**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No.: 19-cv-03674-HSG<br><br>**DECLARATION OF REBECCA C. ELLIS, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE AND FOR ORDER TO SHOW CAUSE** |

I, Rebecca C. Ellis, state as follows:

1. I am submitting this declaration in relation to the above-captioned case.
2. I am the Deputy Litigation Director at the Project on Predatory Lending ("PPSL"), which represents Plaintiffs in this case. I am a member in good standing of the bar of the Commonwealth of Massachusetts. I was admitted to practice *pro hac vice* in the U.S. District Court for the Northern District of California in relation to this matter on February 3, 2021.
3. The statements contained herein are true and accurate to the best of my knowledge.
4. Attached to this Declaration are true and correct copies of the following record documents in this matter:

| Exhibit | Document | ECF No. |
|---|---|---|
| 1 | Settlement Agreement | 246-1 |
| 2 | Minute Order of Apr. 24, 2024 | 407 |
| 3 | Minute Order of May 23, 2024 | 414 |
| 4 | Minute Order of June 13, 2024 | 416 |

| Exhibit | Document | ECF No. |
|---|---|---|
| 5 | Minute Order of Sept. 26, 2024 | 434 |
| 6 | Minute Order of Nov. 14, 2024 | 444 |
| 7 | Minute Order of Dec. 12, 2024 | 451 |
| 8 | Minute Order of Jan. 9, 2025 | 456 |
| 9 | Minute Order of March 13, 2025 | 463 |
| 10 | Minute Order of April 15, 2025 | 470 |
| 11 | Minute Order of June 26, 2025 | 477 |
| 12 | Minute Order of Aug. 29, 2025 | 485 |
| 13 | Minute Order of Dec. 11, 2025 | 508 |
| 14 | Excerpts of Hearing Transcript of April 24, 2024 | n/a |
| 15 | Excerpts of Hearing Transcript of May 23, 2024 | n/a |
| 16 | Excerpts of Hearing Transcript of June 13, 2024 | n/a |
| 17 | Excerpts of Hearing Transcript of Sept. 26, 2024 | n/a |
| 18 | Excerpts of Hearing Transcript of Nov. 13, 2024 | n/a |
| 19 | Excerpts of Hearing Transcript of March 13, 2025 | n/a |
| 20 | Excerpts of Hearing Transcript of April 15, 2025 | n/a |
| 21 | Excerpts of Hearing Transcript of June 26, 2025 | n/a |

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: August 18, 2026

MIDDLESEX COUNTY, MASSACHUSETTS

REBECCA C. ELLIS

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA SWEET, *et al.*,

Plaintiffs,

v.

MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION

Defendants.

No. 3:19-cv-03674-WHA

**SETTLEMENT AGREEMENT**

## I. Introduction

WHEREAS, in this class action the Plaintiffs assert that the U.S. Department of Education ("Department") has (i) unreasonably delayed and unlawfully withheld decisions on pending "borrower defense" claims, *i.e.*, claims for relief from certain federal student loan obligations based on institutional misconduct; (ii) issued unlawful notices denying certain borrower defense claims; and (iii) adopted unlawful policies governing the process of evaluating borrower defense claims;

WHEREAS, Defendants, the Department and its Secretary, Miguel Cardona, in his official capacity, deny any wrongdoing and deny that Plaintiffs are entitled to the relief they have sought in this Action;

WHEREAS, Defendants and Plaintiffs (referred to herein collectively, where appropriate, as "the Parties") now mutually desire to avoid the delay, uncertainty, inconvenience and expense of protracted litigation, and have determined to settle this Action, including all claims that Plaintiffs, the certified Class (as defined below), and the members of that Class have brought in this case;

NOW, THEREFORE, in reliance upon the representations, mutual promises, covenants, releases, and obligations set forth in this Settlement Agreement, and for good and valuable consideration, the Parties hereby stipulate and agree to compromise, settle, and resolve this case on the following terms and conditions.

## II. Definitions

Unless otherwise noted, the following definitions apply in this Settlement Agreement, and for purposes of this Settlement Agreement alone.

A. **Action** means the litigation styled *Sweet, et al. v. Cardona, et al.*, No. 3:19-cv-3674-WHA (N.D. Cal.).

B. **Agreement** means this Settlement Agreement, including any attached exhibits.

C. **Borrower defense application** means a request by a Direct Loan or Federal Family Education Loan Program borrower for relief from his or her repayment obligations with respect to those loans based on the alleged misconduct of the borrower's

school. A borrower's application can include multiple claims of alleged misconduct on behalf of his or her school.

D. **Borrower defense claim** means an allegation made for relief from a borrower's repayment obligations in a borrower defense application.

E. **Class** or **Class Members** are the members of the class that has been certified by this Court and refers to individuals who meet the criteria set forth in Section II below. When used in this Agreement, the terms Class and Class Members refer, individually and collectively, to the Plaintiffs, the Class, and each Member of the Class.

F. **Class Counsel** or **Plaintiffs' Counsel** refers to Plaintiffs' attorneys of record in this Action.

G. **Class Notice** means the document attached hereto as Exhibit A, which shall be distributed pursuant to subsection X.B, below.

H. **Court** means the U.S. District Court for the Northern District of California.

I. **Department** refers to the U.S. Department of Education.

J. **Direct Loan** means and refers to a loan made pursuant to the William D. Ford Federal Direct Loan Program, 20 U.S.C. § 1087a *et seq*.

K. **Effective Date** means the date upon which, if this Agreement has not been voided under Section XIII, the Final Judgment approving this Agreement, entered by the Court in the form attached hereto as Exhibit B, becomes non-appealable, or, in the event of an appeal by a Class Member based upon a timely filed objection to this Agreement, upon the date of final resolution of said appeal. When this Agreement refers to the date on which the Agreement became "Effective," such date is the Effective Date.

L. **Execution Date** means the date upon which all Parties to this Agreement, and/or their counsel of record, have signed the Agreement.

M. **Fairness Hearing** means a hearing held by the Court at which time the Court will determine whether this Agreement should be approved under Federal Rule of Civil Procedure 23(e).

N. **Final Approval Date** refers to the date on which the Court enters Final Judgment approving this Agreement in the form attached hereto as Exhibit B.

O. **Final Decision** refers to a decision by the Department either approving or denying settlement relief to a borrower under the terms of this Agreement.

P. **FFEL** means and refers to a loan made pursuant to the Federal Family Education Loan Program, 20 U.S.C. §§ 1071-1087-4.

Q. **Form Denial Notice** refers to a notice sent by the Department to a Class Member, in substantially the form of one of the documents submitted by Defendants to the Court in this Action at ECF Nos. 116-1, 116-2, 116-3, and 116-4.

R. **FSA** is the Department's Federal Student Aid office.

S. **Full Settlement Relief** means (i) discharge of all of a Class Member's Relevant Loan Debt, (ii) a refund of all amounts the Class Member previously paid to the Department toward any Relevant Loan Debt (including, but not limited to, Relevant Loan Debt that was fully paid off at the time that borrower defense relief is granted), and (iii) deletion of the credit tradeline associated with the Relevant Loan Debt.

T. **Involuntary Collection Activity** means any attempt by the Department or its agents to collect payments toward the Relevant Loan Debt (in whole or in part), as defined below, through involuntary means from a borrower in default, including but not limited to certifying the borrower's debts for collection through the Treasury Offset Program and/or administrative wage garnishment. Any activity by the Department or its agents that reduces the borrower's Relevant Loan Debt without any action by the borrower or which eliminates a default on the loan without action by the borrower is not an Involuntary Collection Activity.

U. **Plaintiffs**, for purposes of Section V, includes Post-Class Applicants as the term is defined in Section IV.D.

V. **Preliminary Approval Date** refers to the date on which the Court enters a preliminary approval order, as set forth in subsection X.A.

W. **Relevant Loan Debt** refers to Direct Loans or FFEL loans associated with the school that is the subject of the Class Member's borrower defense application. That debt includes the original principal of the affected federal student loan plus any and all interest and fees that accrued or were incurred on that loan.

X. **School Group** refers to the name of a multi-institution organization based on ownership data and/or multi-campus institution as defined in FSA's Postsecondary Education Participants System ("PEPS"), to the extent that data is included in the borrower defense review platform.

Y. **Written Notice** is provided when the Department sends an email to the relevant individual's email address or, where the Department does not have such an email address available or becomes aware that email is undeliverable to the email address on file, the Department sends a copy of the relevant communication to the individual's last known mailing address.

## III. CLASS

A. Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court has certified a plaintiff class consisting of all people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the Department, whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.). *See* ECF No. 46 (Oct. 30, 2019). In this Agreement, individuals who meet this class definition as of the date of class closure are referred to as "the Class" or "Class Members."

B. For the purposes of this Agreement, the Parties agree that the Class includes individuals who are members of the Plaintiffs' proposed "§ 555(e) Subclass," which the Parties agree includes all members of the class certified in this case on October 30, 2019 (ECF No. 46) whose borrower defense applications were denied

between the date of class certification and the Execution Date. *See* Pls.' Suppl. Compl., ECF No. 198 ¶ 430 (May 4, 2021).

C. As of the Effective Date, all Class Members are bound by the terms of this Agreement.

D. The Class is closed as of the Execution Date.

## IV. DEFENDANTS' CONSIDERATION

In consideration for the promises of Plaintiffs set forth in this Agreement, Defendants agree as follows:

A. Relief for applications meeting certain school criteria.

1. No later than one year after the Effective Date, Defendants will effectuate Full Settlement Relief for each and every Class Member whose Relevant Loan Debt is associated with the schools, programs, and School Groups listed in Exhibit C hereto. If any such Class Member receiving relief under this Paragraph IV.A previously received a Form Denial Notice, the provision of Full Settlement Relief will be deemed to rescind that Form Denial Notice.

2. Class Members shall be eligible for this form of relief regardless of whether the Class Member is a member of the § 555(e) Subclass.

3. Defendants shall provide Written Notice of this relief to each qualifying Class Member no later than 90 calendar days after the Effective Date. The notice shall specify that the Class Member will receive Full Settlement Relief, as defined in this Agreement, and need not take any additional action to receive this relief. The notice shall also specify that the Class Member's Relevant Loan Debt will remain in forbearance or stopped collection status pending the effectuation of relief. If the notice is sent by email and it bounces back, Defendants will have an additional 90 calendar days to send the notice by first class mail to the last known mailing address.

4. The Parties acknowledge that some Class Members may be eligible for discharges of their loans, outside of this Agreement, based on the misconduct of schools they attended, and that nothing in this Agreement shall prevent the Department from effectuating such relief outside this Agreement. The Department agrees, however, that any such Class Members who are deemed eligible for such relief outside this Agreement shall receive Full Settlement Relief pursuant to this Agreement.

5. If the Department's borrower defense or loan data includes conflicting evidence which raises a substantial question as to whether a Class Member's Relevant Loan Debt is associated with a program, school, or School Group listed in Exhibit C, the question will be resolved in favor of the Class Member (*i.e.*, in favor of granting relief).

B. Rescission of Form Denial Notices.

1. For Class Members who do not receive relief pursuant to Paragraph IV.A, above, but previously received a Form Denial Notice, Defendants, no later than 120 calendar days after the Effective Date, will provide Written Notice to those Class Members that their denials have been rescinded and that their borrower defense applications are again under consideration.

2. For purposes of Paragraph IV.C.3, the Department will deem the applications of Class Members who previously received a Form Denial Notice to have been pending since the original date of submission.

C. Process and timeline for issuing decisions on remaining Class applications.

1. Defendants will apply the following procedures to their review of borrower defense applications submitted by Class Members who did not receive relief pursuant to Paragraph IV.A:

i. Defendants will review the borrower defense application and any attachments included by the Class Member to determine whether the application states a claim that, if presumed to be true, would assert

Case 3:19-cv-03674-WHA Document 55-1 Filed 06/12/20 Page 8 of 40

a valid basis for borrower defense relief under the standards in the borrower defense regulations published by the Department on November 1, 2016 (81 *Fed. Reg.* 75,926). If it does, Defendants will provide that Class Member Full Settlement Relief.

ii. If a Class Member's borrower defense application reviewed under this Paragraph IV.C alleges a misrepresentation or omission that, if presumed to be true, would assert a valid basis for borrower defense relief, Defendants will presume that the Class Member reasonably relied on that misrepresentation or omission regardless of whether the Class Member alleges such reliance in his or her application.

iii. No borrower defense application reviewed under this Paragraph IV.C will be denied on the basis of insufficient evidence.

iv. Defendants will not apply any statute of limitations to borrower defense applications reviewed under this Paragraph IV.C.

2. Defendants will issue any Class Member whose borrower defense application is reviewed under this Paragraph IV.C a "settlement relief decision," a "revise and resubmit notice," or a "denial notice," as defined below.

i. A "settlement relief decision" notifies a Class Member that his or her borrower defense application has been approved under the terms of this Settlement Agreement and that the Class Member will receive Full Settlement Relief.

ii. A "revise and resubmit notice" notifies a Class Member that his or her borrower defense application is deficient, provides instructions on how to revise and resubmit his or her application, and advises the Class Member that he or she may do so within 6 months of the date of the notice. The notice will state that if the Class Member does not submit a revised application within 6 months, the notice itself will

Case 3:19-cv-03674-WHA Document 56-1 Filed 06/22/20 Page 9 of 40

serve as Defendants' final decision of denial and that the Class Member has the right to seek review of such decision in federal district court.

iii. A "denial decision" will only be issued to Class Members whose applications are denied after having resubmitted their application following receipt of a "revise and resubmit notice," as defined in the preceding subparagraph. A denial decision will explain the reasons the application was denied and apprise the recipient of his or her right to seek review of the decision in federal district court.

3. Defendants will issue decisions to Class Members whose applications are reviewed under this Paragraph IV.C according to the timelines set forth below. For purposes of this subparagraph, a "decision" refers to either a "settlement relief decision" or a "revise and resubmit notice," as defined in Paragraph IV.C.2.

i. For any application submitted between January 1, 2015 and December 31, 2017, Defendants will issue a decision no later than 6 months after the Effective Date.

ii. For any application submitted between January 1, 2018 and December 31, 2018, Defendants will issue a decision no later than 12 months after the Effective Date.

iii. For any application submitted between January 1, 2019 and December 31, 2019, Defendants will issue a decision no later than 18 months after the Effective Date.

iv. For any application submitted between January 1, 2020 and December 31, 2020, Defendants will issue a decision no later than 24 months after the Effective Date.

v. For any application submitted between January 1, 2021 and the Execution Date, Defendants will issue a decision no later than 30 months after the Effective Date.

vi. If a Class Member has submitted more than one borrower defense application, the earliest submitted application will control for purposes of the timelines set forth above.

4. Defendants will issue a final decision to any Class Member who resubmits his or her application after receiving a "revise and resubmit notice" no later than 6 months after Defendants receive the Class Member's resubmission. For purposes of this subparagraph IV.C.4, a "final decision" refers to either a "settlement relief decision" or a "denial decision" as defined in Paragraph IV.C.2.

5. Class Members shall be eligible for the relief set forth in this Paragraph IV.C regardless of whether the Class Member is a member of the § 555(e) Subclass.

6. The decisions required by this Paragraph IV.C shall be sent by Written Notice, as defined in this Agreement.

7. The Relevant Loan Debt for each Class Member eligible under this section will remain in forbearance or stopped collection status either until he or she receives Full Settlement Relief or until the Department's decision denying the Class Member's claim becomes final pursuant to either Paragraph IV.C.2.ii or Paragraph IV.C.2.iii, as applicable. For this period of forbearance or stopped collection status, the Department will remove any interest that accrues on the Relevant Loan Debt.

8. If a Class Member has not received a timely decision required under Paragraphs IV.C.3 and IV.C.4, as applicable, that Class Member shall receive Full Settlement Relief. Defendants shall provide the affected Class

Member with notice that the Class Member will receive this relief within 60 calendar days following the expiration of the applicable deadline.

9. Defendants will effectuate relief for any Class Member entitled to settlement relief pursuant to Paragraphs IV.C.3, IV.C.4, or IV.C.8, as applicable, no later than one year after the date that Defendants provide that Class Member Written Notice of the settlement relief decision.

D. Relief for Certain Post-Class Applicants.

1. If an individual submits a borrower defense application after the Execution Date (*i.e.*, the date the class closes), but before the Final Approval Date, such individual is a Post-Class Applicant. Defendants will issue a final decision on the merits of a Post-Class Applicant's application no later than 36 months after the Effective Date. In making these decisions, the Department will apply the standards in the borrower defense regulations published by the Department on November 1, 2016 (81 *Fed. Reg.* 75,926).

2. If a Post-Class Applicant has not received a timely decision as required under Paragraph IV.D.1, that applicant shall receive Full Settlement Relief. Defendants shall provide the affected Post-Class Applicant with notice that the applicant will receive this relief within 60 calendar days following the expiration of the applicable deadline.

3. Defendants will effectuate relief for any Post-Class Applicant entitled to settlement relief pursuant to Paragraphs IV.D.1 and IV.D.2 no later than one year after the date that Defendants provide that applicant Written Notice of the settlement relief decision.

E. Class Member informational webpage. The Department will establish a webpage on its studentaid.gov website providing general information about this Agreement and links to copies of the Agreement and related Court documents. The webpage will be available to the public within 30 calendar days after the Preliminary Approval Date and will be updated no later than 30 calendar days after the Effective

Date to include information about how Class Members can contact the Department if the Class Member has questions regarding their borrower defense application.

F. Effectuating relief.

1. Defendants have effectuated relief for purposes of Paragraphs IV.A, IV.C, and IV.D when they and their loan servicers have taken all steps necessary to discharge the Relevant Loan Debt of the Class Member (or Paragraph IV.D. Post-Class Applicant), including but not limited to (1) discharging any interest that accrued while the borrower defense application was pending; (2) determining if the Class Member (or Paragraph IV.D Post-Class Applicant) is entitled to any refund, and if so, issuing refund check(s) for payment of that refund; (3) if the Class Member's (or Paragraph IV.D Post-Class Applicant's) Relevant Loan Debt was previously in default, removing such debt from default status; and (4) requesting the deletion of the relevant tradeline.

2. Class Members (or Paragraph IV.D Post-Class Applicants) who receive relief under Paragraphs IV.A, IV.C, or IV.D shall not be required to take steps to consolidate any Relevant Loan Debt into a Direct Loan to receive the relief to which they are entitled pursuant to those Paragraphs. Defendants shall take all necessary steps to ensure that other loan holders effectuate the required relief.

G. Reporting Requirement.

1. Within 30 calendar days after the Effective Date, Defendants will provide Plaintiffs with, as of the Final Approval Date, (i) the total number of Class Members, (ii) the total number of Class Members the Department has determined are eligible for Full Settlement Relief pursuant to Paragraph IV.A; (iii) the total number of Class Members who must receive decisions pursuant to Paragraph IV.C; and (iv) the total number of Class Members and Post-Class Applicants who must receive decisions by each deadline set

forth in Paragraph IV.C.3(i) through (v) and Paragraph IV.D, respectively, and a schedule of the dates certain by which such decisions must be received pursuant to these paragraphs.

2. Defendants will submit quarterly reports to Plaintiffs documenting their progress toward fulfilling their obligations under Paragraphs IV.A, IV.C, and IV.D of this Agreement. Defendants will submit these reports to Plaintiffs' Counsel via electronic mail and will post those reports publicly on their Federal Student Aid website.

3. The first quarterly report shall be submitted 120 calendar days after the Effective Date, unless that day falls on a weekend or Federal holiday, in which case the report shall be submitted on the next business day. The quarterly reports shall be submitted every 90 calendar days thereafter, subject to the same exceptions where the 90th day falls on a weekend or Federal holiday.

4. The quarterly reports described herein shall contain the information listed below. The first report will reflect progress Defendants have made since the Effective Date and later reports will reflect the progress Defendants made from the last date reported in the prior report to the end of each reporting period. The first reporting period will start on the Effective Date. Each subsequent reporting period will start on the last date for which progress was reported in any previous report. Each reporting period shall exclude a period not exceeding 30 calendar days immediately preceding the submission of a report, during which Defendants pull, confirm, and validate the data provided in each report.

i. The total number of Class Members with pending borrower defense applications (which number shall include members of the § 555(e) Subclass);

ii. The total number of settlement relief decisions, revise and resubmit notices, and denial decisions, as defined in Paragraph IV.C.2, that Defendants have issued to Class Members pursuant to Paragraph IV.C;

iii. The number of Class Members who received settlement relief decisions; the number of Class Members who received "revise and resubmit notices"; and the number of Class Members who received final denial decisions during the reporting period; and

iv. The total number of Class Members for whom Defendants have effectuated relief pursuant to Paragraph IV.A, including the number of Class Members for whom Defendants effectuated relief during the reporting period.

v. For any quarterly report covering the time period during which a deadline established in Paragraphs IV.C.3(i) through (v) and Paragraph IV.D falls, the total number of Class Members for whom the Department did not provide a decision.

5. All of the data required in this section is subject to privacy restrictions and will be suppressed where the total number of Class Members for any data point is less than 10.

6. Defendants shall notify Plaintiffs' Counsel within 30 calendar days of the date as of which they have resolved all Class Members' borrower defense applications, notified all Class Members of their final decisions (where applicable), and effectuated all appropriate relief to Class Members, at which point Defendants' reporting obligations will cease. Until Defendants provide such notice, Defendants shall continue providing quarterly reports as required by this Paragraph IV.G.

H. Other Assurances. In accordance with applicable statutory and regulatory requirements, and additional governing policies and procedures specific to

Defendants' consideration of borrower defense claims, Defendants represent and confirm that the following policies will apply to all Class Members throughout the time covered by the Agreement:

1. Defendants do not take action to collect outstanding student loan debts through involuntary collection activity against individuals with pending borrower defense applications, as required by the Department's borrower defense regulations. However, this Agreement does not preclude a Class Member from proactively and voluntarily paying his or her student loans.

2. Defendants provide an interest credit for any interest that accrues on the relevant federal student loan accounts of borrowers between the time that the borrower submits his or her borrower defense application and the time the Department issues a final decision on the application and notifies the borrower of that decision.

## V. ENFORCEMENT

A. Notwithstanding all other provisions outside Section V of this Agreement, the Court shall retain jurisdiction only to review claims set forth in this Section V, and only in the manner explicitly provided in Section V. In connection with each such claim, the Court shall retain jurisdiction only to order the relief explicitly specified for each particular claim and only where Defendants have not provided that relief pursuant to the procedures specified in this Section. The Court shall lack jurisdiction to imply any claims, or authority to issue any other relief, under this Agreement.

B. The only claims permissible to enforce this Agreement are as follows:

1. <u>Failure to Provide Relief to Class Members Who Did Not Receive a Decision by the Decision Due Date.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached the Agreement if Defendants have (i) failed to issue to a Class Member or Post-Class Applicant by the due date established in Paragraph IV.C.3, IV.C.4, or IV.D.2, as applicable,

a decision, as defined by Paragraph IV.C.2; and (ii) subsequently failed, within 30 calendar days following the expiration of the applicable deadline, to provide that Class Member with notice that they will receive Full Settlement Relief, as required by Paragraph IV.C.8 or IV.D.2, as applicable.

i. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to promptly provide Full Settlement Relief to each affected Class Member on a timetable set by the Court. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

ii. In the event of such a Court order, Defendants will report to Plaintiffs' Counsel and the Court on its progress of issuing relief, as provided herein, to affected Class Members.

2. <u>Failure to Issue Relief by Relief Due Date.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.A.1, IV.C.9, IV.D.1, and/or IV.D.3 of the Agreement by failing to effectuate relief within the prescribed time periods for any individual who is entitled to receive relief pursuant those Paragraphs.

i. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to promptly provide Full Settlement Relief to each affected individual on a schedule set by the Court. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

ii. In the event of such a Court order, Defendants will report to Plaintiffs' Counsel and the Court on its progress of issuing relief, as provided herein, to affected Class Members.

3. <u>Failure to Submit Timely Quarterly Reports.</u> Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.G of the Agreement by failing to submit a timely and complete quarterly report to

Plaintiffs' Counsel via electronic mail within 90 calendar days after the deadline for the report according to the timelines specified therein. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring Defendants to submit their reports on a monthly basis from the point of the order forward. Defendants shall also be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the claim.

4. Involuntary Collections of Class Members' Student Loan Debt. Plaintiffs may bring a claim alleging that Defendants have materially breached Paragraph IV.H.1 of the Agreement by collecting on a Relevant Loan after the Effective Date through involuntary collection activity against a Class Member or Post-Class Applicant while his or her application was or is pending or while the Class Member or Post-Class Applicant was or is awaiting the effectuation of relief.

i. Should Plaintiffs prevail on this claim, the only relief available from the Court shall be an order requiring the Department to refund the payment(s) collected. If Defendants do not have a valid address for the affected borrowers to send the refunds, Defendants will take reasonable steps to engage in skip tracing to find a valid address.

ii. Defendants shall be liable for a material breach under this Paragraph V.B.4 if involuntary collection activity occurs because they, their agents, or their contractors took action to collect a debt through an involuntary collection activity. Defendants shall not be liable based on events outside of Defendants' control, including but not limited to a situation where a third party, such as an employer, undertakes debt collection activities, such as wage garnishment, inconsistent with Defendants' instructions that collection activity cease.

C. All claims listed above are subject to the complete defense of impracticability or impossibility of performance, as set forth below in Paragraph V.D.5 and Paragraph XII, as well as the defense that the breach claimed by Plaintiffs is not material.

D. The exclusive procedure for bringing a claim to enforce the terms and conditions of this Agreement shall be as follows:

1. Prior to asserting any claim pursuant to Paragraph V.B, above, Plaintiffs' Counsel shall submit written notice alleging a material breach of this Agreement to counsel for Defendants. Such notice shall be submitted by electronic mail, and shall specify what alleged breach has occurred; describe the facts and circumstances supporting the claim; and state that Plaintiffs intend to seek an order from the Court pursuant to Paragraph V.B. Plaintiffs shall not inform the Court of their allegation(s) at that time.

2. Within 2 business days of receipt of the notice from Plaintiffs' Counsel, Defendants will acknowledge receipt of Plaintiffs' notice.

3. Defendants shall have a period of 14 calendar days after receipt of such notice from Plaintiffs' Counsel to inform Plaintiffs' Counsel in writing of its determination on whether a material breach has occurred, including relevant information that informed Defendants' determination.

i. If Defendants agree that a material breach has occurred, Defendants will disclose any action they propose to take to resolve the alleged material breach in the written notice to Plaintiffs as described by this Paragraph V.D.3. The Parties will meet and confer to determine whether those actions are sufficient within 5 business days of Plaintiffs' receipt of Defendants' notice.

a. Upon Defendants' request, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice.

b. Defendants will have 21 calendar days following the Parties' meet and confer to take the action(s) specified in their written notice and/or any further action(s) agreed upon in writing by the Parties.

c. If the Parties agree about the existence of a material breach, but cannot reach consensus on the appropriate action to resolve that breach within 21 calendar days following the Parties' meet and confer, either Party may file a motion for enforcement of the Agreement.

ii. If Defendants do not agree that a material breach has occurred, the Parties will meet and confer to determine if a consensus can be reached within 5 business days after Plaintiffs' receipt of Defendants' notice as described in this Paragraph V.D.3. If a consensus cannot be reached within 21 business days following the Parties' meet and confer, Plaintiffs may file a motion for enforcement of the Agreement.

4. Absent the prior, written agreement of the Parties, any motion for enforcement of the Agreement must be brought within two (2) years after the Parties notify the Court that Defendants have resolved all Class Members' borrower defense applications, notified all Class Members of their final decisions (where applicable), and effectuated all appropriate relief to Class Members, as specified in Paragraph XI, below. Otherwise, any claim of material breach not brought within two (2) years of such date shall be forever waived by Plaintiffs.

5. If Defendants are reasonably prevented from or delayed in fully performing any of the obligations set forth in Paragraph IV, above, due to extraordinary circumstances beyond Defendants' control, Defendants will notify Plaintiffs' Counsel within 14 calendar days of Defendants' determination

that they will not be able to fully perform their obligations. Within that notification, Defendants will describe the facts providing their basis for believing extraordinary circumstances beyond Defendants' control prevent Defendants from fully performing their obligations. Within 14 calendar days of that notice, the Parties will meet and confer as to whether the circumstances are beyond the Defendants' control and to what extent they affect Defendants' ability to issue final decisions or effectuate relief. If the Parties agree an extension is warranted, the Parties will negotiate the length of an appropriate extension, and the deadlines set forth for Defendants' performance in Paragraph IV may be altered accordingly. If the Parties cannot agree as to whether extraordinary circumstances exist or what the appropriate length of an extension is, Plaintiffs may raise a claim of material breach of Paragraph IV with the Court prior to the expiration of the timelines provided in that Paragraph. Defendants shall be permitted to oppose the filing of such a claim upon the grounds of extraordinary circumstances, and the Court will at that point have jurisdiction to determine whether Defendants are entitled to any extension of the deadlines set forth in Paragraph IV on the basis of extraordinary circumstances. The extension set forth in this Paragraph V.D.5 shall be for a minimum of seven (7) calendar days beyond the deadlines for performance set forth in Paragraph IV without requiring any action by any Party other than Defendants, and may be longer than that period pursuant to written agreement among the Parties.

E. The Court relinquishes jurisdiction over all claims, causes of actions, motions, suits, allegations, and other requests for relief in this Action that are not expressly stated in this Paragraph V.

F. The Court shall have no jurisdiction to supervise, monitor, or issue orders in this Action, except to the extent that Plaintiffs invoke the Court's jurisdiction pursuant to the procedures set forth in this Paragraph V.

## VI. Attorneys' Fees

A. To resolve Plaintiffs' claim for attorneys' fees, costs, and expenses, Plaintiffs will submit a petition for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), to the Court.

B. Defendants agree that Plaintiffs are the prevailing party in this action for purposes of a fee petition under the Equal Access to Justice Act.

C. Nothing in this Section shall affect the Parties' ability to attempt to reach a compromise regarding Plaintiffs' claim for attorneys' fees, costs, and expenses.

## VII. Waiver and Release

Plaintiffs, the Class Members, and their heirs, administrators, representatives, attorneys, successors, and assigns, and each of them hereby forever waive, release, and forever discharge Defendants, and all of their officers, employees, and agents, from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, motions, and requests for any injunctive, declaratory, and/or monetary relief, including but not limited to damages, tax payments, debt relief, costs, attorney's fees, expenses, and/or interest, whether presently known or unknown, contingent or liquidated, alleged in this Action against Defendants through and including the Effective Date, including but not limited to the right to appeal any and all claims Plaintiffs asserted in this Action. This Agreement is not intended to release any claim based on an act or omission or other conduct occurring after the Effective Date, including but not limited to claims by Class Members based on the substance or content of their borrower defense decisions. The Parties do not intend to waive or narrow any res judicata defense Defendants could assert against a future claim brought by any Plaintiff.

## VIII. No Admission of Liability

A. Nothing in this Settlement Agreement shall constitute or be construed to constitute an admission of any wrongdoing or liability by Defendants, an admission by

Defendants of the truth of any allegation or the validity of any claim asserted in this Action, a concession or admission by Defendants of any fault or omission of any act or failure to act, or an admission by Defendants that the consideration provided to Plaintiffs under Paragraph IV, above, represents relief that could be recovered by Plaintiffs in this Action.

B. Plaintiffs may not offer, proffer, or refer to any of the terms of this Agreement as evidence in any civil, criminal, or administrative proceedings other than proceedings that may be necessary to enforce the Agreement as set forth in Paragraph V, above, or to obtain approval from the Court as set forth in Paragraph X, below.

## IX. Plaintiffs' Covenants Not to Sue

A. Plaintiffs hereby covenant not to commence any action, claim, suit, or administrative proceeding against Defendants related to the non-performance, failed performance, or otherwise unsatisfactory performance in fulfilling their duties and responsibilities under this Agreement; provided, however, that Plaintiffs may initiate an action against Defendants pursuant to the continuing jurisdiction of the Court to compel Defendants' performance of their obligations under this Agreement, but only as expressly articulated in this Agreement in Paragraph V, above.

B. Plaintiffs hereby covenant not to commence against Defendants any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Agreement.

## X. Procedures Governing Approval of this Agreement

A. Within 14 calendar days of the Execution Date, the Parties shall jointly submit this Agreement and its exhibits to the Court, and shall apply for entry of an Order in which the Court:

1. Grants preliminary approval to this Agreement as being fair, reasonable, and adequate to Plaintiffs;

2. Approves the form of the Class Notice attached hereto as Exhibit A;

3. Directs the Parties to provide Class Notice as set forth in Paragraph X.B below, and grants approval of such plan as reasonable under Federal Rule of Civil Procedure 23(e)(1);

4. Schedules a Fairness Hearing to determine whether this Agreement should be approved as fair, reasonable, and adequate, and whether an order approving the settlement should be entered pursuant to Federal Rule of Civil Procedure 23(e);

5. Provides that any person who wishes to object to the terms of this Agreement, or to the entry of an Order approving this Agreement, must file a written Notice of Objection with the Court specifying the objections and the basis for such objections as provided in the Class Notice, with copies served on all Parties' counsel;

6. Provides that between the Execution Date and the Fairness Hearing, the Defendants shall direct all inquiries from Class Members and Post-Class Applicants regarding the Agreement to Plaintiffs' Counsel;

7. Provides that in order to have an objection considered and heard at the Fairness Hearing, such written Notice of Objection must be filed with the Court and served on counsel by the date specified in the Class Notice;

8. Provides that the Parties shall each be entitled, but not required, to respond, in writing, to any Objections up to 14 calendar days prior to the Fairness Hearing; and

9. Provides that the Fairness Hearing may, from time to time and without further notice to the Class, be continued or adjourned by order of the Court.

B. After the Court enters an Order containing all of the items set forth in Paragraph X.A, above, the Parties shall promptly distribute the Class Notice as follows:

1. Defendants shall email all Class Members who provided their e-mail addresses to the Department on their borrower defense applications, or,

where Defendants do not have such an e-mail address available or become aware that email is undeliverable to the email address on file, Defendants shall send a copy of the notice to the Class Member's last known mailing address by first class mail.

2. Class Counsel will update the Class Member website's "Frequently Asked Questions" page regarding the lawsuit. A link to the Class Members' website will be included in the Class Notice and will be included on the Department's website.

3. Plaintiffs will also circulate the Class Notice to legal aid and advocacy organizations across the country providing borrower defense assistance.

C. No later than 3 business days before the Fairness Hearing, the Parties shall each file with the Court a declaration confirming compliance with the Notice procedures approved by the Court.

D. At the Fairness Hearing, the Parties shall jointly request the Court's final approval of this Agreement, pursuant to Federal Rule of Civil Procedure 23(e). The Parties agree to take all actions necessary to obtain approval of this Agreement.

E. If, after the Fairness Hearing, the Court approves this Agreement as fair, adequate, and reasonable, the Parties consent to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B.

F. Within 120 days after the Effective Date, Defendants shall send Written Notice to all Post-Class Applicants informing them of their status as Post-Class Applicants and the provisions of the Agreement that apply to them.

## XI. DISMISSAL AND JURISDICTION OF THE COURT TO ENFORCE THIS AGREEMENT

The Parties hereby stipulate and agree to entry of Final Judgment in a form substantively identical to the Final Judgment attached hereto as Exhibit B. As provided in that exhibit, Plaintiffs' claims in this Action are dismissed with prejudice, except that the Court shall retain limited jurisdiction for the sole purpose of enforcing the terms of this Agreement as expressly set forth in Paragraph V of this Agreement. Once Defendants have resolved all Class Members' and Post-

Class Applicants' borrower defense applications, notified all Class Members and Post-Class Applicants of their final decisions (where applicable), and effectuated all appropriate relief to Class Members and Post-Class Applicants, the Parties will file a notice with the Court. Upon the date of that notice, the Court's jurisdiction over this Action shall completely terminate.

The Parties agree that any order of the Court granting approval of this Agreement does not render the terms and conditions of this Agreement subject to the contempt powers of the Court.

## XII. Impossibility of Performance

In addition to the excuses to performance listed in Paragraph V.D.5, above, if Congress renders Defendants' performance under this Agreement impossible, in whole or in part, then Defendants shall forever be relieved of all obligations that would, as a result of such Congressional action, be impossible to perform. Defendants shall not be required to take any action, or attempt to take any action, which would circumvent or violate, or have the effect of circumventing or violating, the law.

## XIII. Conditions That Render This Agreement Void or Voidable

A. This Agreement shall be void if it is not approved as written by a final Court order not subject to any further review.

B. This Agreement shall be voidable by Plaintiffs and/or Defendants if the Court does not enter a Final Judgment, or other Final Approval Order, that is substantively identical to the one attached hereto as Exhibit B. Any Party's decision to void the Agreement under this provision is effective only if that Party provides notice of its decision, in writing, to the counsel of record for all other Parties within 30 calendar days of the date on which the Court entered Final Judgment.

C. This Agreement shall be voidable by Plaintiffs if a condition of impossibility occurs, as described in Paragraph XII. Plaintiffs' decision to void the Agreement under this provision is effective only if Plaintiffs' Counsel provides notice of their decision, in writing, to the counsel of record for Defendants.

## XIV. Effect Of Agreement If Voided

A. Should this Agreement become void as set forth in Section XIII above, none of the Parties will object to reinstatement of this Action in the same posture and form as it was pending immediately before the Execution Date.

B. All negotiations in connection herewith, and all statements made by the Parties at or submitted to the Court as part of the Fairness Hearing process, shall be without prejudice to the Parties to this Agreement and shall not be deemed or construed to be an admission by a Party of any fact, matter, or proposition, nor admissible for any purpose in the Action other than with respect to the settlement of same.

C. The Parties shall retain all defenses, arguments, and motions as to all claims that have been or might later be asserted in this Action, and nothing in this Agreement shall be raised or construed by any Party to defeat or limit any claims, defenses, arguments, or motions asserted by either Party.

## XV. Modification of this Agreement

A. Before the Preliminary Approval Date, this Agreement, including the attached exhibits, may be modified only upon the written agreement of the Parties.

B. After the Preliminary Approval Date—including the time after which Final Judgment has been entered—this Agreement, including the attached exhibits, may be modified only with the written agreement of all the Parties and with the approval of the Court, upon such notice to the Class, if any, as the Court may require.

## XVI. Rules of Construction

A. The Parties acknowledge that this Agreement constitutes a negotiated compromise. The Parties agree that any rule of construction under which any terms or latent ambiguities are construed against the drafter of a legal document shall not apply to this Agreement.

B. This Agreement shall be construed in a manner to ensure its consistency with federal law. Nothing contained in this Agreement shall impose upon Defendants any duty, obligation, or requirement, the performance of which would be

inconsistent with federal statutes, rules, or regulations in effect at the time of such performance.

C. The headings in this Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

## XVII. INTEGRATION

This Agreement and its exhibits constitute the entire agreement of the Parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein, will have any force or effect.

## XVIII. EXECUTION

This Agreement may be executed in counterparts. Facsimiles and Adobe PDF versions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

For the Defendants:

R. Charlie Merritt

BRIAN D. NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
United States Attorney
MARCIA BERMAN
Assistant Branch Director
R. CHARLIE MERRITT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

For the Plaintiffs:

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
REBECCA C. ELLIS (*pro hac vice*)
rellis@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
3950 Broadway, Suite 200
Oakland, California 94611
Tel.: (510) 271-8443
Fax: (510) 868-4521

# Exhibit A

**DRAFT**

**Internal Name:** BD Sweet v. Cardona – General Notification
**Internal Number:** 01
**Subject if sent electronically:** Notice of Proposed Class Action Settlement - Important borrower defense information for you

[DATE]

Borrower Defense Application #: [Case Number]

Dear [Primary Contact Name]:

**Your rights may be affected, please read carefully.**

You filed a borrower defense application asking the U.S. Department of Education ("Department") to cancel some or all of your federal student loan debt because you allege the school you (or your child) attended engaged in unlawful conduct. We write to inform you that there is a proposed settlement in a class action lawsuit that could affect your claim and to explain how your legal rights may be affected by that lawsuit.

As a borrower defense applicant, you may have been previously informed of a class action lawsuit called *Sweet v. DeVos*, which challenged the Department's delay in issuing final decisions on borrower defense applications, including yours. You may also have been informed in 2020 that the parties had proposed a settlement of the lawsuit, subject to the court's approval. The court did not approve that proposed settlement, so the lawsuit continued. You can find more information about that here: https://predatorystudentlending.org/news/press-releases/in-new-ruling-judge-denies-borrower-defense-settlement-over-department-of-educations-perfunctory-alarmingly-curt-denials-press-release/. The lawsuit now also challenges the Department's denial of certain borrower defense applications.

We now write to inform you that there is a new proposed settlement of the lawsuit. The settlement will not become final until it is approved by the court as fair, adequate, and reasonable. This Notice describes how your legal rights may be affected by this settlement.

**What is the case about?**

A lawsuit was filed in a federal court in California by seven borrower defense applicants who represent, with certain exceptions, all borrowers with pending borrower defense applications. The lawsuit challenges the way the Department has been dealing with borrower defense applications over the past few years, including the Department's delays in issuing final decisions and the Department's denial of certain applications starting in December 2019. The case is now called *Sweet v. Cardona*, No. 3:19-cv-3674 (N.D. Cal.).

Now, both parties are proposing to settle this lawsuit. This proposed settlement is a compromise of disputed claims, and Defendants continue to deny that they have acted unlawfully.

**What are the terms of the proposed settlement for borrowers who applied for borrower defense relief *on or before June 22, 2022*?**

In the proposed settlement, the Department agrees to resolve the borrower defense applications of people who have borrower defense applications pending as of June 22, 2022 on the following terms:

- If your borrower defense application related to federal student loans borrowed to pay for attendance at a school on the list attached to this letter, you will receive a discharge of federal loans associated with that school and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report. Within 90 days of the date that the court's approval of the settlement agreement becomes final, the Department will notify you that you will receive this relief. You will receive the relief within one year of the final effective date of the settlement agreement. Until this relief is provided, the Department will not take action to collect your debt.

- If your loans are not associated with a school on the list attached to this letter, you will receive a decision on your application according to the following schedule:

    - If you submitted your application between January 1, 2015 and December 31, 2017, the Department will issue a decision no later than 6 months after the court's approval of the settlement agreement becomes final.

    - If you submitted your application between January 1, 2018 and December 31, 2018, the Department will issue a decision no later than 12 months after the court's approval of the settlement agreement becomes final.

    - If you submitted your application between January 1, 2019 and December 31, 2019, the Department will issue a decision no later than 18 months after the court's approval of the settlement agreement becomes final.

    - If you submitted your application between January 1, 2020 and December 31, 2020, the Department will issue a decision no later than 24 months after the court's approval of the settlement agreement becomes final.

    - If you submitted your application between January 1, 2021 and June 22, 2022, the Department will issue a decision no later than 30 months after the court's approval of the settlement agreement becomes final.

- If you do not receive a decision within the timeline outlined above, you will receive a discharge of federal loans associated with your borrower defense applications and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

- The Department will decide your application in a streamlined review process that will determine whether the application states a claim that, if presumed to be true, would assert a valid basis for

borrower defense; will not require further supporting evidence; will not require proof of reliance; and will not apply any statute of limitations to your application.

- If your application is approved under the procedures above, you will receive a discharge of federal loans associated with your borrower defense application and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

- The Department will not deny your application without first providing instructions on what is required for a successful application and giving you the opportunity to resubmit your application.

    - If you choose to resubmit your application, you must do so within 6 months after receiving those instructions. The instructions will explain that if you do not resubmit within the 6-month period, your application will be considered denied.

    - If you choose to resubmit your application within the 6-month time period after receiving the instructions, the Department will issue you a final decision no later than 6 months after receiving your resubmitted application.

- If you received a notice from the Department in December 2019 or later informing you that your borrower defense application was denied, that denial has been voided and the Department is reviewing your application pursuant to the terms described above.

**What are the terms of the proposed settlement for borrowers who applied for borrower defense relief *after June 22, 2022 but before final approval of the settlement*?**

- If you submitted your application after June 22, 2022, but before the court approves the settlement agreement, the Department will issue a decision on your application no later than 36 months after the court's approval of the settlement agreement becomes final. If the Department does not issue a decision within that time period, you will receive a discharge of federal loans associated with your borrower defense application and a refund of any amounts paid to the Department on those federal loans, and the credit tradeline for those loans will be deleted from your credit report.

**Does the Department have any reporting obligations?**

- The Department will provide your lawyers with information about its progress making borrower defense decisions every three months, including how many decisions the Department has made and how many borrowers have received a loan discharge.

**What if my loan is in default?**

- If you are in default, the Department will not take action to collect your debt, such as by garnishing your wages (that is, taking part of your paycheck) or taking portions of your tax refund, while your application is pending or while you are waiting to receive any relief you are owed under the settlement.

**What happens next?**

The court will need to approve the proposed settlement before it becomes final. The court will hold a public hearing, called a fairness hearing, to decide if the proposed settlement is fair. The hearing will be held on _______, 2022, beginning at _________, at the following address:

United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 12, 19th Floor
San Francisco, California 94102

Information about the hearing, including the process for participation and virtual attendance (if any), will be posted at https://predatorystudentlending.org/cases/sweet-v-devos/.

**What should I do in response to this Notice?**

IF YOU AGREE with the proposed settlement, you do not have to do anything. You have the right to attend the fairness hearing, at the time and place above, but **you are not required to do so.**

IF YOU DISAGREE WITH OR HAVE COMMENTS on the proposed settlement, you can write to the court or ask to speak at the hearing. You must do this by writing to the Clerk of the Court, at the following mailing address:

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

You can also submit comments by email to the Clerk of Court at [email address]. Your written comments or request to speak at the fairness hearing must be postmarked or date-stamped by ____, 2022. The Clerk will provide copies of the written comments to the lawyers who brought the lawsuit.

**Where can I get more information?**

There is more information about the *Sweet* lawsuit on Class Counsel's website at https://predatorystudentlending.org/cases/sweet-v-devos/. Check this site periodically for updated information about the lawsuit.

A copy of the proposed settlement is available online at https://predatorystudentlending.org/cases/sweet-v-devos/documents/.

If you have questions about this lawsuit or about the proposed settlement, please visit this Frequently Asked Questions page, https://predatorystudentlending.org/sweet-v-devos-class-members/, which also has contact information for the lawyers who brought the lawsuit.

Sincerely,

U.S. Department of Education

Federal Student Aid

# Exhibit B

Case 3:19-cv-03674-WHA Document 246-1 Filed 06/22/22 Page 34 of 40

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendants. | No. 3:19-cv-03674-WHA<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT AND ENTERING FINAL JUDGMENT**<br><br>Hon. William Alsup |

Following this Court's Order preliminarily approving the proposed Settlement Agreement ("Agreement"), Plaintiffs and Defendants ("the Parties") disseminated a Notice of Proposed Settlement and Fairness Hearing to the Plaintiff Class. After consideration of the written submissions of the Parties, the Agreement between the Parties, any objections to the Agreement, all filings in support of the Agreement, and the presentations at the hearing held by the Court to consider the fairness of the Agreement, the Court hereby Orders, Finds, Adjudges, and Decrees that:

1. The Agreement between the Parties is finally approved as fair, reasonable, and adequate. The Court hereby incorporates the terms of the Agreement, executed by the Parties on June 22, 2022, into this Judgment Order.

2. Except as provided in paragraph 3 of this Order, this action is hereby dismissed with prejudice.

3. The Court shall retain jurisdiction over this action solely to enforce the terms of the Agreement, but only such jurisdiction as expressly set forth in Section V of the Agreement.

4. Once Defendants have decided all Class Members' borrower defense claims, notified all Class Members of their final decisions (where applicable), and effectuated all

appropriate relief to Class Members, the Parties will file a notice with the Court. Upon the date of that notice, the Court's jurisdiction over this action shall completely terminate.

**IT IS SO ORDERED.**

Dated:

____________________________________
The Honorable William Alsup
United States District Judge

# Exhibit C

| School Owner(s) | School/Brand Name |
|---|---|
| Alta Colleges, Inc. (Westwood) | Westwood College |
| American Commercial Colleges, Inc. | American Commercial College |
| American National University | American National University |
| Ana Maria Piña Houde and Marc Houde | Anamarc College |
| Anthem Education Group; International Education Corporation | Anthem College |
| | Anthem Institute |
| Apollo Group | University of Phoenix |
| | Western International University |
| ATI Enterprises | ATI Career Training Center |
| | ATI College |
| | ATI College of Health |
| | ATI Technical Training Center |
| B&H Education, Inc. | Marinello School of Beauty |
| Berkeley College (NY) | Berkeley College |
| Bridgepoint Education | Ashford University |
| | University of the Rockies |
| Capella Education Company; Strategic Education, Inc. | Capella University |
| Career Education Corporation | American InterContinental University |
| | Briarcliffe College |
| | Brooks College |
| | Brooks Institute |
| | Collins College |
| | Colorado Technical University |
| | Gibbs College |
| | Harrington College of Design |
| | International Academy of Design and Technology |
| | Katharine Gibbs School |
| | Le Cordon Bleu |
| | Le Cordon Bleu College of Culinary Arts |
| | Le Cordon Bleu Institute of Culinary Arts |
| | Lehigh Valley College |
| | McIntosh College |
| | Missouri College of Cosmetology North |
| | Pittsburgh Career Institute |
| | Sanford-Brown College |
| | Sanford-Brown Institute |
| | Brown College |
| | Brown Institute |
| | Washington Business School |
| | Allentown Business School |
| | Western School of Health and Business Careers |
| | Ultrasound Diagnostic Schools |
| | School of Computer Technology |

| School Owner(s) | School/Brand Name |
|---|---|
| | Al Collins Graphic Design School |
| | Orlando Culinary Academy |
| | Southern California School of Culinary Arts |
| | California Culinary Academy |
| | California School of Culinary Arts |
| | Pennsylvania Culinary Institute |
| | Cooking and Hospitality Institute of Chicago |
| | Scottsdale Culinary Institute |
| | Texas Culinary Academy |
| | Kitchen Academy |
| | Western Culinary Institute |
| Center for Employment Training | Center for Employment Training |
| Center for Excellence in Higher Education (CEHE) | California College San Diego |
| | CollegeAmerica |
| | Independence University |
| | Stevens-Henager |
| Computer Systems Institute | |
| Court Reporting Institute, Inc. | Court Reporting Institute |
| Cynthia Becher | La' James College of Hairstyling |
| | La' James International College |
| David Pyle | American Career College |
| | American Career Institute |
| Delta Career Education Corporation | McCann School of Business & Technology |
| | Miami-Jacobs Career College |
| | Miller Motte Business College |
| | Miller-Motte College |
| | Miller-Motte Technical College |
| | Tucson College |
| DeVry | American University of the Caribbean |
| | Carrington College |
| | Chamberlain University |
| | DeVry College of Technology |
| | Devry Institute of Technology |
| | DeVry University |
| | Keller Graduate School of Management |
| | Ross University School of Veterinary Medicine |
| | Ross University School of Medicine |
| EDMC/Dream Center | Argosy University |
| | The Art Institute |
| | Brown Mackie College |
| | Illinois Institute of Art (The) |
| | Miami International University of Art & Design |
| | New England Institute of Art (The) |
| | South University |
| | Western State University College of Law |
| | All-State Career School |

| School Owner(s) | School/Brand Name |
|---|---|
| Education Affiliates (JLL Partners) | Fortis College |
| | Fortis Institute |
| Edudyne Systems Inc. | Career Point College |
| Empire Education Group | Empire Beauty School |
| Everglades College, Inc. | Everglades University |
| | Keiser University |
| FastTrain | FastTrain |
| Globe Education Network | Globe University |
| | Minnesota School of Business |
| Graham Holdings Company (Kaplan) | Bauder College |
| | Kaplan Career Institute |
| | Kaplan College |
| | Mount Washington College |
| | Purdue University Global |
| Grand Canyon Education, Inc. | Grand Canyon University |
| Infilaw Holding, LLC | Arizona Summit Law School |
| | Charlotte School of Law |
| | Florida Coastal School of Law |
| International Education Corporation | Florida Career College |
| | United Education Institute |
| ITT Educational Services Inc. | ITT Technical Institute |
| JTC Education, Inc. | Gwinnett College |
| | Medtech College |
| | Radians College |
| Laureate Education, Inc. | Walden University |
| Leeds Equity Partners V, L.P. | Florida Technical College |
| | National University College |
| | NUC University |
| Liberty Partners | Concorde Career College |
| | Concorde Career Institute |
| Lincoln Educational Services Corporation | International Technical Institute |
| | Lincoln College of Technology |
| | Lincoln Technical Institute |
| Mark A. Gabis Trust | Daymar College |
| Mission Group Kansas, Inc. | Wright Business School |
| | Wright Career College |
| Premier Education Group L.P. | American College for Medical Careers |
| | Branford Hall Career Institute |
| | Hallmark Institute of Photography |
| | Hallmark University |
| | Harris School of Business |
| | Institute for Health Education (The) |
| | Micropower Career Institute |
| | Suburban Technical School |
| | Salter College |
| | Beckfield College |

| School Owner(s) | School/Brand Name |
|---|---|
| Quad Partners LLC | Blue Cliff College |
| | Dorsey College |
| Remington University, Inc.; Remington College BCL, Inc. | Remington College |
| Southern Technical Holdings, LLC | Southern Technical College |
| Star Career Academy | Star Career Academy |
| Sullivan and Cogliano Training Center, Inc. | Sullivan and Cogliano Training Centers |
| TCS Education System | Chicago School of Professional Psychology |
| Vatterott Educational Centers, Inc. | Court Reporting Institute of St Louis |
| | Vatterott College |
| Wilfred American Education Corp. | Robert Fiance Beauty Schools |
| | Robert Fiance Hair Design Institute |
| | Robert Fiance Institute of Florida |
| | Wilfred Academy |
| | Wilfred Academy of Beauty Culture |
| | Wilfred Academy of Hair & Beauty Culture |
| Willis Stein & Partners (ECA) | Brightwood Career Institute |
| | Brightwood College |
| | New England College of Business and Finance |
| | Virginia College |

# Exhibit 2

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Motion Hearing
**Date:** Wednesday, April 24, 2024 1:23:36 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 4/24/2024 at 1:22 PM and filed on 4/24/2024
**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 407(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup: Motion Hearing held on 4/24/2024 re [397] MOTION to Enforce Judgment.**

**Parties stated appearances for the record and proffered argument. Department of Education provided updated data on borrowers with consolidated loans that it will file on the docket.**

**Court adopted Department of Educations final proposed schedule for remedying the material breach of the settlement agreement with conditions.**

**The updated schedule is as follows: (1) May 31, 2024: Full Settlement Relief for 5,500 additional class members; (2) July 31, 2024: Full Settlement Relief for 30,000 additional class members; (3) August 31, 2024: Full Settlement Relief for 12,000 additional class members; (4) Department of Education shall provide a date at which point it will provide Full Settlement Relief to remaining class members at the hearing with the Court on 5/23/2024 at the very latest.**

**The conditions are as follows: (1) Three hearings with the Court on 5/23/2024 at 8:00AM, 6/13/2024 at 8:00AM, 7/11/2024 at 1:30PM, with counsel for the parties and servicers required to attend in-person; (2) in between the hearings with the Court, bi-weekly meetings attended by Department of Education/Department of**

**Justice, the servicers, and plaintiffs counsel to resolve issues; and (3) if Department of Education falls behind schedule again, plaintiffs counsel shall notify the Court in writing and an in-person hearing may be advanced. Questions from borrowers to be resolved at these meetings may be directed to Bonnie Latreille at the following email address: bonnie.latreille@ed.gov and plaintiffs counsel.**

**Total Time in Court: 8:00 - 9:02 = 1 Hour; 2 Minutes.**
**Court Reporter: Ruth Ekhaus.**

**Plaintiff Attorneys: Rebecca Ellis, Rebecca Eisenbrey, Eileen Connor.**
**Defendant Attorneys: Stuart Robinson, Benjamin Takemoto, Marcia Berman, John Bailey, Charles Wiggins, Richard Cordray.**
**Also Present: Servicers.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 4/24/2024)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Joseph E. Jaramillo jjaramillo@heraca.org, jcampbell@heraca.org, joseph.e.jaramillo@gmail.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Piper A. Waldron pwaldron@mcguirewoods.com, shicks@mcguirewoods.com,**

**twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Stuart Justin Robinson stuart.j.robinson@usdoj.gov, fedprog.ecf@usdoj.gov**

**Tania L. Rice tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 3

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Friday, May 24, 2024 2:12:58 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 5/24/2024 at 11:11 AM and filed on 5/23/2024

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 414

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Status Conference held on 5/23/2024. Parties stated appearances and proffered argument, prompting these orders:**

> **(1)All refunds shall be sent by check to class members, not applied to loan balances, except as any individual class member requests as to his/her refund;**
> **(2)any refunds already applied to loan balances shall be returned to class members by check, subject to the same proviso; parties shall meet and confer before the next hearing with the Court to determine how to expeditiously achieve this result;**
> **(3)the Department of Educations Federal Student Aid ombudsman shall permit borrowers counsel to access the ombudsmans office, to inspect records therein, and to otherwise look over the shoulder of the ombudsman to ensure accountability and to support efforts to enforce judgment promptly;**
> **(4)the bi-weekly meetings previously ordered (Dkt. No. 407) shall be attended in person by servicers and parties respective representatives except for good cause; and**
> **(5)other conditions previously imposed, including hearing dates, still**

**apply.**

**With advice of parties, the Court also ordered a date by which Department of Education will provide Full Settlement Relief to remaining class members. The updated schedule is:**

**(1) May 31, 2024: Full Settlement Relief for 5,500 additional class members;**
**(2) July 31, 2024: Full Settlement Relief for 30,000 additional class members;**
**(3) August 31, 2024: Full Settlement Relief for 12,000 additional class members; and**
**(4) December 31, 2024: Full Settlement Relief for remaining class members.**

**Total Time in Court: 35 Minutes.**
**Court Reporter: Stephen Franklin (Remote).**

**Plaintiff Attorneys: Rebecca Eisenbrey, Noah Zinner.**
**Defendant Attorneys: Stuart Robinson, John Bailey, Benjamin Takemoto.**
**Also Present: Jonathan Sandler, representing Servicers.**

**(afm, COURT STAFF) (Date Filed: 5/23/2024)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Joseph E. Jaramillo jjaramillo@heraca.org, jcampbell@heraca.org, joseph.e.jaramillo@gmail.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. Waldron pwaldron@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Stuart Justin Robinson stuart.j.robinson@usdoj.gov, fedprog.ecf@usdoj.gov**

**Tania L. Rice tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:Main Document**
**Original filename:C:\fakepath\Sweet.SCMinutes.DRAFT.05232024.pdf**
**Electronic document Stamp:**
**[STAMP CANDStamp_ID=977336130 [Date=5/24/2024] [FileNumber=21310892-0] [4a238fc3fd2bbe4fdc4eb1599277e6f1f28c951f5c6927605737743 84d8c9752d193 0c89a89fc8324f5dc3befa2168efdae07bf7bc49db85f8ebef7929c2de0d]]**

# Exhibit 4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**CIVIL MINUTES**

| | | |
|---|---|---|
| **Date:** 6/13/2024 | **Time:** 8:04 - 8:40 = 36 Minutes | **Judge:** WILLIAM ALSUP |
| **Case No.**: 19-cv-03674-WHA | **Case Name:** Sweet v. Cardona | |
| **Deputy Clerk:** Angella Meuleman | **Court Reporter:** Ruth Ekhaus | |

**Attorneys for Plaintiff:** Rebecca Ellis, Rebecca Eisenbrey

**Attorneys for Defendant:** Stuart Robinson, John Bailey, Richard Cordray, Lukas Sosmoki, Jonathan Sandler, Bonnie Latreille

**PROCEEDINGS**

Status Conference – Held.

**SUMMARY**

Parties stated appearances and proffered argument, resulting in the following orders:

(1) Servicer Mohela shall by **June 17, 2024** send a letter to Plaintiffs' counsel and Department of Education/Department of Justice re the exemplary complaint of the class member identified by Plaintiffs counsel on the record, explaining the complained-of issue, the cause of the issue (internal snafu in operations or otherwise), and Mohela's resolution of the issue;

(2) Servicer Nelnet shall do likewise by **June 17, 2024** re its exemplary complaint identified by Plaintiffs' counsel on the record;

(3) Servicer Mohela shall resolve by **June 23, 2024** the backlog of class member complaints raised via Federal Student Aid ombudsman and identified by Plaintiffs' counsel;

(4) Servicer Nelnet shall do likewise by **June 23, 2024** re its backlog identified by Plaintiffs' counsel; and

(5) Deadline for full relief for 30,000 additional class members is extended from July 31, 2024 until **August 31, 2024** to accommodate Parties' agreed method for accomplishing full relief for class members having consolidated loans (see Dkt. No. 414).

The judge further advised Servicers to explain and resolve any snafus proactively, on pain of being subjected to depositions by Parties to achieve the same result.

Earlier in proceeding, Department of Education/Department of Justice told the judge it is investigating why some class members listed as having benefited from Full Settlement Relief by May 31, 2024 did not report the same to Plaintiffs' counsel. Plaintiffs did not seek contempt at this time. Department of Education/Department of Justice said it would inform Plaintiffs' counsel and the court if anything cast doubt on its conclusion it met May 31, 2024 deadline.

The updated, upcoming schedule for full relief is therefore:

(1) **August 31, 2024**: Full Settlement Relief for 42,000 additional class members (summing those previously due July 31 and August 31, 2024); and

(2) **December 31, 2024**: Full Settlement Relief for remaining class members.

Next Status Conference **July 11, 2024** in Courtroom 12, San Francisco (previously set).

# Exhibit 5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**CIVIL MINUTES**

| | | |
|---|---|---|
| **Date:** September 26, 2024 | **Time:** 1:30 – 2:40 = 1 Hour; 10 Minutes | **Judge: WILLIAM ALSUP** |
| **Case No.**: 19-cv-03674-WHA | **Case Name:** ***Sweet, et al v. Cardona, et al*** | |
| **Deputy Clerk:** Angella Meuleman | **Court Reporter:** Kendra Steppler | |

**Attorneys for Plaintiffs:** Rebecca Ellis, Noah Zinner

**Attorneys for Defendants:** Stuart J. Robinson, Benjamin Takemoto, Marcia Berman, John Patrick Bailey (in-house counsel); Hunter Wiggins.

**Also Present:**
Teresa Sweet, Lead Plaintiff;
Ombudsman: Bonnie Latreille;
Servicers: Jonathan Sandler, Ryan DeClemente, David Esquivel, Luke Sosnicki.

**PROCEEDINGS**

Status Conference held on September 26, 2024. Counsel for parties stated appearances and proffered argument in person, with over 500 class members attending by Zoom.

The Department of Justice / Department of Education ("the Government") acknowledged that it is in material breach of the Settlement Agreement (*see also* Dkt. No. 433 at 2:6).

With respect to eligible class members in Decision Groups (i.e., Settlement Agreement ¶¶ IV.C.3.i–v), the Court **ordered** the following deadlines for effectuating relief (*cf. id.* ¶ IV.C.9):

(1) **December 20, 2024**: Full Settlement Relief for Decision Group One;
(2) **January 28, 2025**: Full Settlement Relief for Decision Group Two;
(3) Remaining Deadlines: As provided by Settlement Agreement.

The Court further **ordered** the following as to the methods for effectuating this relief, particularly for consolidated loans:

(A) Decision Group One & Decision Group Two: Relief to be effectuated using the same methods ordered and agreed for the automatic-relief group, as stated on the record;

(B) Other Decision Groups and Post-Class Applicants: Relief to be effectuated using methods to be determined upon further briefing --- with opening brief and supporting affidavits by the Government due by **November 7, 2024**, any response by Plaintiffs due by **November 21, 2024**, and any reply by the Government due by **November 27, 2024**, as further stated on the record.

The Court **granted permission** for Plaintiffs to file an application for fees and costs, which shall be filed by **November 7, 2024**. The Government shall have fourteen days after the filing to respond, and Plaintiffs shall have seven days thereafter to reply. Plaintiff's motion for contempt is not ripe, as stated on the record.

Finally, to get this settlement done, the Court **ordered** the bi-weekly, in-person meetings to keep going until further notice (*see, e.g.*, Dkt. Nos. 422, 414).

The next Status Conference is set for **October 24, 2024 at 1:30 p.m.** in San Francisco, Courtroom 12, 19th Floor before Judge Alsup.

Please read and abide by further statements on the record.

# Exhibit 6

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Thursday, November 14, 2024 9:48:52 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 11/14/2024 at 6:47 AM PST and filed on 11/13/2024

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 444(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Status Conference held on 11/13/2024. Counsel for parties and servicers appeared; class members attended by Zoom.**

**Ongoing Meet-and-Confer Issues: Government stated completion numbers for Decision Groups 1 and 2. Class counsel stated parties are nearly agreed on how to resolve interim mixed consolidated loans. And, parties are now considering the backlog of class members' complaints on the sweet.ed.gov email address. The Court pointed out there is no reason why class counsel cannot roll up sleeves alongside the government to resolve them.**

**Class Fees: The Court ordered class counsel to submit proposed fees and costs, and the specific reasons those amounts should be paid. Class representatives are fiduciaries to the class and must approve the proposal, as must the Court. That proposal is due by Thursday, November 21 at Noon.**

**Decision-Group Disbursements: The Court to review briefing and then hear argument on December 12, as scheduled.**

**Biweekly meetings to continue as previously ordered.**

**Further Status Conference set for 12/12/2024 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**

**Total Time in Court: 1:04 - 1:24 = 20 Minutes.**
**Court Reporter: Kelly Shainline.**

**Plaintiff Attorney: Noah Zinner.**
**Defendant Attorneys: Ben Takemoto, Stuart Robinson, John Patrick Bailey, Hunter Wiggins.**
**Servicers: Colleen Fox, Luke Sosnicki, David Esquivel, Jonathan Marvisi.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 11/13/2024)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, izabala@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. Waldron pwaldron@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Stuart Justin Robinson stuart.j.robinson@usdoj.gov, fedprog.ecf@usdoj.gov**

**Tania L. Rice tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 7

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Motion Hearing
**Date:** Thursday, December 12, 2024 2:20:34 PM

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 12/12/2024 at 11:19 AM PST and filed on 12/12/2024

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 451(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Parties appeared and proffered argument, with over 300 class members attending remotely; counsel for servicers attended in person.**

**The [443] Motion to Approve Settlement Relief Process was DENIED without prejudice to a fresh motion with a better record as explained by the Court from the bench. Any such motion shall be filed by January 31, 2025 at Noon. Unless and until such motion is granted, the methods adopted for implementing relief for the Automatic Relief Group and later ordered for Decision Group One and Decision Group Two shall be used for Decision Group Three, Decision Group Four, Decision Group Five, and the Post-Class Applicants.**

**The [445] Motion for Attorney Fees, approved by class representatives and [442] stipulated to by Defendants, was GRANTED.**

**Total Time in Court: 8:00 - 8:35 = 35 Minutes.**
**Court Reporter: Debra Pas.**

**Plaintiff Attorneys: Rebecca Ellis, Noah Zinner.**

**Defendant Attorneys: Ben Takemoto, Stuart Robinson, Hunter Wiggins, Todd Davis.**
**Servicers: Colleen Fox, Luke Sosnicki, David Esquivel, Jonathan Sandler.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 12/12/2024)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, izabala@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. Waldron pwaldron@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Stuart Justin Robinson stuart.j.robinson@usdoj.gov, fedprog.ecf@usdoj.gov**

**Tania L. Rice tania.rice@alston.com**

**Terance A. Gonsalves** **terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 8

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Thursday, January 9, 2025 2:52:58 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS***** **Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 1/9/2025 at 11:52 AM PST and filed on 1/9/2025

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 456(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Parties appeared for a status conference, with over 600 class members attending remotely; counsel for servicers attended in person. The following orders resulted:**

**1. The previously ordered meetings shall continue among the respective representatives of the parties and servicers, to be held once per month in person in Washington.**
**2. Parties shall next appear for a status conference before Judge Alsup in Courtroom 12, San Francisco, on March 13, 2025 at 11:00 a.m.**

**Further Status Conference set for 3/13/2025 11:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**

**Total Time in Court: 10:57 - 11:11 = 14 Minutes.**
**Court Reporter: Ana Dub.**

**Plaintiff Attorneys: Rebecca Eisenbrey, Noah Zinner.**
**Defendant Attorneys: Ben Takemoto, Todd Davis.**
**Servicers: Jonathan Sandler, Luke Sosnicki, Gilliam Stewart.**

**Also Present: Teresa Sweet, Plaintiff.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 1/9/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, izabala@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. Waldron pwaldron@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Rice tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 9

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Thursday, March 13, 2025 6:16:19 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 3/13/2025 at 3:15 PM and filed on 3/13/2025

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 463(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Parties appeared for a status conference, with over 900 class members attending remotely; counsel for servicers attended in person. The following orders resulted:**

**1. The previously ordered in-person monthly meetings shall continue until further order.**
**2. Parties shall jointly submit a status update by noon the day before our next status conference.**
**3. Servicers shall each submit a statistics report by that time as well, each to include:**

**a. Average wait time on telephone;**
**b.Average wait time to receive reply via online messages (incl. email);**
**c.Number of complaints from ombudsman (i) received since last status conference, (ii) resolved since last status conference, and (iii) outstanding in total, as well as (iv) total time pending for the oldest in the backlog; and,**
**d.Any other numbers each believes useful for us to size up the situation.**

**Further Status Conference set for 4/15/2025 11:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**

**Total Time in Court: 10:57 - 11:32 = 35 Minutes.**
**Court Reporter: Kendra Steppler.**

**Plaintiff Attorneys: Rebecca Ellis, Noah Zinner.**
**Defendant Attorneys: Ben Takemoto, Todd Davis, Phillip Juengst.**
**Servicers: Gilliam Fipp Stewart, Husch Blackwell, Jonathan Sandler.**
**Ombudsman: Christian Odom.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 3/13/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. McCormick pmccormick@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Kazi tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 10

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Tuesday, April 15, 2025 4:16:24 PM

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 4/15/2025 at 1:15 PM and filed on 4/15/2025
**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 470(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Status Conference held on 4/15/2025. Over 700 class members attended remotely; class representative attended in person. Servicers' counsel attended in person. Parties summarized concerns and commitments. The following orders resulted:**

**1. Each servicer shall meet with plaintiffs' counsel to see if the servicer can improve how it responds to class members. The servicer and plaintiffs' counsel shall set a time that works for them both, and shall let the Government know so it can attend, too, if it is able. No remedy is ordered, except to meet, confer, and be reasonable (even curious).**

**2. Parties shall jointly submit a status update by Noon on Tuesday, June 24, 2025.**

**3. Servicers shall each submit a statistics report by that time as well, as previously set out (Dkt. No. [463]).**

**Further Status Conference set for 6/26/2025 11:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**
**Total Time in Court: 11:05 - 12:05 = 1 Hour.**
**Court Reporter: Ana Dub.**

**Plaintiff Attorneys: Rebecca Ellis, Noah Zinner.**
**Defendant Attorneys: Ben Takemoto, Lydia Jines, Phillip Juengst, Christian Odom.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 4/15/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Lydia Jane Jines lydia.jines@usdoj.gov**

**Noah Zinner nzinner@ppsl.org**

**Piper A. McCormick pmccormick@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Kazi tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 11

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Thursday, June 26, 2025 12:45:04 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 6/26/2025 at 12:43 PM and filed on 6/26/2025

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 477(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Status Conference held on 6/26/2025. Over 400 class members attended remotely; class representative attended in person. Servicers' counsel attended in person (as did aspiring star counsel for servicers). The following orders resulted:**

> **1. Servicers may now attend the recurring meetings remotely (meetings which otherwise must still be held in person between counsel from both sides in Washington), unless either side requests at least by email and with at least one week's notice that a given servicer(s) attend in person, in which case counsel for the servicer shall so attend. Servicers shall please still attend our court hearings in person, which has been productive and is appreciated.**
>
> **2. Parties shall jointly submit a status update by Noon on Tuesday, August 26, 2025.**
>
> **3. Servicers shall each submit a statistics report by that time as well, as previously set out (Dkt. No. 463 ).**

**Further Status Conference set for 8/28/2025 11:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**

**Total Time in Court: 10:55 - 11:30 = 35 Minutes.**
**Court Reporter: Ruth Ekhaus.**

**Plaintiffs Attorneys: Rebecca Ellis, Noah Zinner.**
**Also Present: Teresa Sweet, Plaintiff.**
**Defendant Attorneys: Benjamin Takemoto, Lydia Jines, Christian Odom.**
**Servicers: Jonathan Sandler, Luke Sosnicki, Michael Choi, Ryan DeClemente, Husch Blackwell.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 6/26/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Benjamin Thomas Takemoto benjamin.takemoto@usdoj.gov**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Lydia Jane Jines lydia.jines@usdoj.gov**

**Noah Zinner nzinner@ppsl.org**

**Piper A. McCormick pmccormick@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Kazi tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 12

**From:** ECF-CAND@cand.uscourts.gov
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Status Conference
**Date:** Friday, August 29, 2025 6:39:18 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 8/29/2025 at 3:38 PM and filed on 8/29/2025

**Case Name:** Sweet et al v. Cardona et al
**Case Number:** 3:19-cv-03674-WHA
**Filer:**
**Document Number:** 485(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Status Conference held on 8/29/2025. Over 440 class members attended remotely; class representative attended in person. Servicers' counsel attended in person.**

**The parties and servicers discussed a variety of issues they are resolving or have resolved through their meetings, including re restoring Pell Grant eligibility, as stated on record.**

**The following orders resulted:**

> **1. Parties shall jointly submit a status update by Noon on Tuesday, November 11, 2025. In addition to what has been included in past reports, this shall include the percent of Decision Group 1 borrower-defense applications approved, the percent denied, and the percent not decided either way before the groups deadline (in that instance the revised deadline), and the same breakdown respecting the applications in each of Decision Group 2, Decision Group 3, Decision Group 4, Decision Group 5, and the Post-Class Group (which will still be pre-deadline).**

**2. Servicers shall each submit a statistics report by that time as well, as previously set out (Dkt. No. 463).**

**Further Status Conference set for 11/13/2025 11:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**

**Total Time in Court: 12:55 - 1:10 = 15 Minutes.**
**Court Reporter: Stephen Franklin.**

**Plaintiff Attorney: Noah Zinner.**
**Defendant Attorney: Lydia Jines.**
**Also Present: Teresa Sweet, Plaintiff.**
**Servicers: Jonathan Sandler, Paul Smith, Luke Sosnicki, V. Sathienmars.**
***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 8/29/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Lucas Townsend ltownsend@gibsondunn.com**

**Lydia Jane Jines lydia.jines@usdoj.gov**

**Noah Zinner nzinner@ppsl.org**

**Piper A. McCormick pmccormick@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com**

**R. Charlie Merritt robert.c.merritt@usdoj.gov, fedprog.ecf@usdoj.gov**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Kazi tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 13

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:19-cv-03674-WHA Sweet et al v. Cardona et al Motion Hearing |
| **Date:** | Thursday, December 11, 2025 1:27:36 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 12/11/2025 at 10:26 AM PST and filed on 12/11/2025

| | |
|---|---|
| **Case Name:** | Sweet et al v. Cardona et al |
| **Case Number:** | 3:19-cv-03674-WHA |
| **Filer:** | |
| **Document Number:** | 508(No document attached) |

**Docket Text:**
**Minute Entry for proceedings held before Judge William Alsup:**

**Motion Hearing re: [492][502] and Status Conference held on 12/11/2025. Conference held on 12/11/2025. Parties stated appearances and proffered argument. Court ruled as stated on the record.**

**Total Time in Court: 8:00 - 10:04 = 2 Hours; 4 Minutes.**
**Court Reporter: Ana Dub.**

**Plaintiff Attorneys: Rebecca Ellis, Noah Zinner, Eileen Connor.**
**Defendant Attorneys: Liam Holland, John Huston, Karen Karas.**
**Servicers: Jonathan Sandler, Gilliam Stewart, V. Sathienmars, Lukas Sosnicki.**
**Plaintiffs Present: Teresa Sweet, Alicia Davis.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 12/11/2025)**

**3:19-cv-03674-WHA Notice has been electronically mailed to:**

**Alexander Akerman alex.akerman@alston.com**

**Eileen Mathews Connor econnor@ppsl.org**

**James Louis Zelenay , Jr jzelenay@gibsondunn.com, james-l-zelenay-jr-6307@ecf.pacerpro.com, PACER-CA@gibsondunn.com**

**Jason H Hilborn jhilborn@bsfllp.com**

**Jenny Yi jyi@mcguirewoods.com, cehat@mcguirewoods.com, dmlamb@mcguirewoods.com, jtabisaura@mcguirewoods.com, USDocket@mcguirewoods.com**

**Jesse Michael Panuccio jpanuccio@bsfllp.com, ajensen@bsfllp.com**

**John Jacob Kucera jkucera@bsfllp.com, john-kucera-8997@ecf.pacerpro.com, stoy@bsfllp.com**

**John S Moran jmoran@mcguirewoods.com**

**Katherine Worden kworden@gibsondunn.com**

**Liam Christopher Holland liam.c.holland@usdoj.gov**

**Lucas Townsend ltownsend@gibsondunn.com, lucas-c-townsend-8559@ecf.pacerpro.com**

**Noah Zinner nzinner@ppsl.org**

**Piper A. McCormick pmccormick@mcguirewoods.com, cvital@mcguirewoods.com, msrose@mcguirewoods.com, shicks@mcguirewoods.com, twest@mcguirewoods.com, twhittle@mcguirewoods.com, USDocket@mcguirewoods.com**

**Rebecca C. Ellis rellis@ppsl.org**

**Rebecca Clare Eisenbrey reisenbrey@ppsl.org**

**Tania L. Kazi tania.rice@alston.com**

**Terance A. Gonsalves terance.gonsalves@alston.com, frank.easterlin@alston.com**

**3:19-cv-03674-WHA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# Exhibit 14

**Pages 1 - 40**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William Alsup, Judge

THERESA SWEET, on behalf of themselves and all others similarly situated, et al.,

Plaintiffs,

VS.

**NO. C 19-03647-WHA**

MIGUEL CARDONA, Secretary of the United States Department of Education, et al.,

Defendants.

San Francisco, California
Wednesday, April 24, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street - Suite 166
Jamaica Plain, Massachusetts 02130
**BY: REBECCA C. ELLIS, ATTORNEY AT LAW**
**REBECCA C. EISENBREY, ATTORNEY AT LAW**
**EILEEN M. CONNOR, ATTORNEY AT LAW**

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Div. - Federal Programs Branch
450 Golden Gate Ave. - Room 7-5354
San Francisco, California 94102
**BY: STUART J. ROBINSON, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
Official Reporter, CSR No. 12219

**APPEARANCES**: (CONTINUED)

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Div. - Federal Programs Branch
20 Massachusetts Ave., NW - Ste. 5102
Washington, D.C. 20530

BY: **BENJAMIN T. TAKEMOTO, ATTORNEY AT LAW**
**MARCIA BERMAN, ATTORNEY AT LAW**

**Also Present:**
**Theresa Sweet**
**John Bailey**
**Richard Cordray**
**Hunter Wiggins**

did say that, they're taking it back because they have more information now.

**MR. ROBINSON:** And, Your Honor -- sorry, Your Honor. May I just add one point?

**THE COURT:** Please.

**MR. ROBINSON:** Paragraph 111 of the Cordray declaration does reference the fact that the servicers were in communication with the Department of Education and that -- and those projections were based on concern, caveats, assumptions, and dependencies. The information the Department of Education has now indicates that July 31 is not achievable.

**THE COURT:** You know, this whole situation, there are a lot of people, and -- me included, who believe, and there are a lot of people who disagree with it, that the role of the government, not just -- at all levels, local, state, federal, that it's a great calling of public service and that good things can come, and they -- and that the government is competent; but, this story gives a lot of fuel to those people who believe the government is incompetent and can't carry out a task without goofing it up.

So it's discouraging that you would have done this to the system and all those students. I don't mind being -- having to go through this, but I worry about all those students out there who got these loans and they don't have the refunds. They -- it's still being -- they're still getting billed. They're

still getting -- the servicers are sending them bills, even though we've told them that they've discharged, but they're not discharged.

And it causes the public to lose confidence in the ability of the government to carry out -- this is not a simple task -- I won't say it's a simple task, but anything complicated, that the government can't do complicated math. I want you-all to prove that wrong and to get this done.

All right. I'm going to do the following. Are you ready? I have my own plan.

I'm going to adopt on this -- on the following conditions I'm going to adopt the government's schedule, and that is that you're going to have -- we're going to have three meetings with me in person, not by phone, on May 23 at 8:00 a.m., June 13th at 8:00 a.m., and July 11th at 1:30, and those are to report to me that you're on track; and if you're not on track, for me to try to solve problems for you. I'd like all these servicers to attend all of those meetings.

But in between there has to be biweekly meetings. Biweekly. Do you want what that means? Every other week. So -- so like today -- two weeks from today you would have another meeting. And these will be at the Department of Education, attended by those people who are required to -- who are -- so far I'm not going to appoint your ombudsman to the -- I'm going to go with the DOE people in charge, but they've got

to -- the Department of Justice has got to be there, the Department of Education has got to be there, all people there who can answer questions about where it now stands.

And so -- and the plaintiffs have got to be there -- plaintiffs' counsel I mean, not the plaintiffs -- so that you can be -- you can see is there progress.

Now, if in these meetings it appears to you that it is almost certainly to fall behind schedule, then you have to write a letter to me, and then we'll -- we'll move the schedule up and we'll -- so that I can address it.

The -- I'm going to require you to do this change order that you're talking about to make this happen.

And I want the servicers to be at -- to attend these meetings, these biweekly meetings, and to attend the hearings with me. That way people will be focusing on it.

One thing I've learned in this job is that if things go normal, you will all leave, not much will be done until three days before the next hearing. Then the fear of God will occur and you will say, "My God, we've got to do something and tell that judge what we're doing."

Please don't do that. Pay attention to this problem and use the time wisely to solve the problem. And that's part of the purpose of these biweekly meetings, is to make sure that progress is being made and these deadlines are going to be met. So that's my view.

Now, if things go off the rails again, I don't know, maybe we'll resort to something more drastic than this. But I've learned in this job, it is when the government fails to meet a deadline -- you know, Congress has passed many deadlines, and it's rare that the government ever meets a deadline. And there's 42 different excuses that I've -- that they have, but they just don't meet the deadlines. Like the Fish and Game things, endangered species. So I try to understand the problem, and then we set a new deadline and often the government does meet the new deadline.

So it's better to give them the chance to meet the deadline -- a new deadline than it is to start holding people in contempt, although ultimately you might have to do that, but not yet.

And in terms of fees, we'll wait on that until we get to the end. I don't want to start ordering payment of fees just yet, but you're -- you should get fees for the work you're doing on this, but let's not -- let's get -- let's get the discharges done, let's get the CRAs done, and also the refunds. I want to know -- you can't even tell me that a single class member has gotten a check from the Treasury; is that true?

**MR. ROBINSON:** I think we can confirm that, Your Honor. That's in the supplemental Cordray declaration.

**THE COURT:** Oh, it is? Okay. How many did get a check?

And do we know that they were a member of the Sweet class?

**MR. ROBINSON:** What we know is, Your Honor, that -- it's not -- it's not specific necessarily to Sweet, but the Department's records show that, as of early March 2024, over 80,000 individuals with a Social Security number matching that of an Exhibit C class member as listed -- are listed as having received payments totaling more than $444 million, and this includes over 34,000 class members with consolidated loans, and the payments to that group exceed 168 million.

**THE COURT:** Okay. So we have to take it on faith that all of those were members of our class.

**MR. ROBINSON:** And, again, Your Honor, the change request should provide greater visibility into the refund issue.

**THE COURT:** All right. So let me ask plaintiff: What heartburn do you have over my proposal?

**MS. ELLIS:** Your Honor, I think overall this is a very reasonable proposal. I think we -- a couple of things.

One is, we do think there should be a final date for the class members who the Department says will not be resolved by August 31st. The ones who they say have the most complicated loan situations, even given that complication, those class members deserve a deadline and not just to be sort of left in the ether at the end of the schedule.

**THE COURT:** All right. When do you think you'll be in

a position to address the 7,000 and give me a deadline for them?

**MR. ROBINSON:** Your Honor, what I would propose is that on that first in-person meeting 5/23, the -- hopefully the change request process will be implemented and there may be more information that we can share with the plaintiffs, and we can propose something to them at that juncture and then perhaps update the Court.

**THE COURT:** That would be two weeks from today; correct?

**MR. ROBINSON:** Well, Your Honor, I thought the Court said the first meeting would be May 23rd.

**THE COURT:** No. That's the first meeting with me, but in between there will be a meeting with counsel.

**MR. ROBINSON:** Well, at the very least, Your Honor, we would like to be able to inform the Court of that on the May 23rd meeting.

**THE COURT:** All right. I can live with May 23 for a new deadline for the 7,000.

**MS. ELLIS:** Thank you, Your Honor.

**THE COURT:** I want to make it real clear now. Two weeks from today, you're to have a meeting at the DOE --

**MS. ELLIS:** Yes, Your Honor.

**THE COURT:** -- with the servicers, everyone -- everybody who has an interest in this and can help solve the

problem should be there. And then, on May 23, you come back here, servicers too. And then two weeks after May 23, you have another in-house meeting, so -- so biweekly and -- in other words, in between the hearings with me, you will have these meetings at the DOE.

**MS. ELLIS:** Thank you, Your Honor.

And --

**THE COURT:** I'm going to leave it to you to pick the exact date, but I -- please don't do this to me, that you say, "Oh, they're on vacation." Cancel vacations.

All right. Does that -- so is that plan okay with you?

**MR. ROBINSON:** Yes, Your Honor.

**MS. ELLIS:** Yes, Your Honor.

There was just one other thing that we wanted to mention about the biweekly meeting process, which is to include in Your Honor's order that part of that process will be the Department of Education having to address borrower questions that haven't been resolved by the borrowers trying to contact the Department or the servicers themselves. So people who bring questions to us, that we can ask the Department what's going on with those borrowers and they tell us the answer.

**THE COURT:** Well, can't the DOE give me the name of somebody right now to whom all these questions can be referred?

That's a very reasonable request.

**MR. ROBINSON:** Your Honor, Mr. Cordray is saying that

they can be referred --

**THE COURT:** All right. Mr. Cordray.

**MS. BERMAN:** Can we take a moment to discuss?

**MR. ROBINSON:** Can I just confer with my clients for a second, Your Honor?

**THE COURT:** Sure. Go ahead. Take a moment.

(Defense counsel and clients conferring.)

**MR. ROBINSON:** Your Honor, the Department of Education proposes that person be Bonnie Latreille, the ombudsman for Federal Student Aid.

**THE COURT:** All right. Do you know how to spell that?

**MR. ROBINSON:** We can provide contact information to plaintiffs' counsel.

**THE COURT:** All right. Excellent.

**MS. ELLIS:** I believe it's L-A-T-R-E-I-L-L-E.

**THE COURT:** Does that sound right?

**MR. ROBINSON:** We will confirm, Your Honor.

**THE COURT:** Okay. Does anyone over there know the spelling of her name? Latreille?

**MR. ROBINSON:** Bonnie Latreille. Yes, as stated by Ms. Ellis, that is correct.

**THE COURT:** Great.

So all of you members of the class who are listening by Zoom, is there an address just that goes with this so we can tell them right now how to send in their questions?

**MR. ROBINSON:** Bonnie.Latreille, as spelled by Ms. Ellis, @ed.gov.

**THE COURT:** So that's an e-mail address. Say it again.

**MR. ROBINSON:** Oh, excuse me, Your Honor. I'll just give the full address here.

**THE COURT:** All right.

**MR. ROBINSON:** Bonnie.J -- oh, sorry. No J. Bonnie.Latreille@ed.gov.

**THE COURT:** Okay. Maybe the plaintiffs -- do you have a website for this case?

**MS. ELLIS:** We do, Your Honor.

**THE COURT:** Then maybe you can put that up on your website. I recommend that the communication go both to you and to Latreille so that you'll be -- have at least a copy of it.

And if they are -- have a question about the servicer, does that also go to Latreille or does that go somewhere else?

What's the best way for questions for the servicer?

**MR. ROBINSON:** Borrowers are free to contact the servicers; but I think if they have a question for the Department of Education about the servicer, they should, likewise, be addressed to Ms. Latreille.

**THE COURT:** I think that's right.

Okay. I have a question for Ms. Sweet. Did you -- did you get your discharge as well as a check?

# Exhibit 15

**Pages 1 - 26**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

THERESA SWEET, et al., )
)
Plaintiffs, )
)
VS. ) **NO. 3:19-CV-03674-WHA**
)
MIGUEL CARDONA, et al., )
)
Defendants. )
)

San Francisco, California
Thursday, May 23, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
**BY: REBECCA C. EISENBREY**
**ATTORNEY AT LAW**

BAY AREA LEGAL AID
1735 Telegraph Avenue
Oakland, CA 94612
**BY: NOAH ZINNER**
**ATTORNEY AT LAW**

For Defendants:
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Suite 7-5395
San Francisco, CA 94102
**BY: STUART J. ROBINSON**
**ATTORNEY AT LAW**

REPORTED REMOTELY BY: Stephen W. Franklin, RMR, CRR, CPE

**APPEARANCES (CONT.'D):**

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, Northwest
Washington, DC 20005
**BY: BENJAMIN T. TAKEMOTO**
**ATTORNEY AT LAW**

U.S. DEPARTMENT OF EDUCATION
Office of Legal Counsel
**BY: JOHN BAILEY**
**ATTORNEY AT LAW**

ALSO PRESENT: **JONATHAN SANDLER**
**ATTORNEY AT LAW**

members on the telephone?

**THE COURTROOM DEPUTY:** There are 278 members listening right now.

**THE COURT:** Okay. I just wanted that to be on the record.

Okay. Go ahead. Continue.

**MS. EISENBREY:** Yes. So as of that meeting on May 8th, when we had the 2500 complaints, only 74 class members have had their cases fully reviewed by the ombudsman's office, and only eight had had their cases resolved.

We believe that this is in part because, as we learned in a letter yesterday, the Department is utilizing existing capabilities within the ombud's office, meaning they have not provided more resources. The ombudsman's office is the FSA ombudsman's office. They were already receiving complaints from class members and from other student loan borrowers who have issues with their student loans. They are now receiving many more complaints.

We also have not received any details about those complaints. We did not get even a summary of the over 2500 complaints that have come in, and no one from the ombudsman's office or from FSA is here to tell us or the Court about this.

It's also not clear that the ombud's office is actually receiving cooperation from the servicers. One thing we did get was a status update for each of those nine declarants. Of

of the class member, including, but not limited to: One, discharging any interest that accrued while the borrower defense application was pending; two, determining if the class member is entitled to any refund, and, if so, issuing refund checks for payment of that refund."

**THE COURT:** Sounds like the agreement contemplated a check, not a credit. What do you say to that?

**MR. ROBINSON:** Your Honor, the settlement agreement did not contemplate these scenarios of the mixed consolidation loans with eligible and ineligible debt.

And just to reiterate what I said earlier, if there are particular borrowers who would like to discuss with the Department a separate arrangement, the Department would like to have those discussions.

**THE COURT:** Just talk to them. Well, that's ridiculous, because you've got 2500 people who are talking to the ombudsman with no relief.

All right. Here's my ruling. It's got to be a check, no credit. And we're going to reverse it. If some class member wants to have a credit, they can call you up and talk to you and you can fix it up. But if -- there should be a hard copy check sent. And the class member will take the chance that there's some kind of boomerang effect that's not going to be credited. I believe that's what the settlement agreement contemplated, and now the government is backtracking. So we're

not going to do that. It's going to be a hard copy check going from now on.

Now, you're going to have to undo those situations where it's already been credited, but you're going to meet and confer and figure out how to do that. But going forward, check, not credit. Check, not credit.

All right. What else can I help you with today?

**MS. EISENBREY:** Well, Your Honor, we would like more information from the ombudsman's office about these complaints. Specifically, we would like --

**THE COURT:** Why don't you just go to the ombudsman's office and read them? I mean, I'm going to say you're entitled to do that. Look over their shoulder. Look over their computer. Make them stay 'til midnight. You can do that, too.

**MS. EISENBREY:** Okay.

**THE COURT:** The idea that they got one person answering 2500 complaints is ridiculous. There should be a dozen. And if you want to go over, look over their shoulder, see what the complaints are, I think you have that right.

**MS. EISENBREY:** Thank you.

And we would also like --

**THE COURT:** When I was working in the government I worked to midnight many times. The government can work 'til midnight.

**MS. EISENBREY:** Well, we hope that they have more

# Exhibit 16

**Pages 1 - 27**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William Alsup, Judge

| | |
|---|---|
| THERESA SWEET, on behalf of themselves and all others similarly situated, et al., ) | |
| Plaintiffs, ) | |
| VS. ) | **NO. C 19-03674-WHA** |
| MIGUEL CARDONA, Secretary of the United States Department of Education, et al., ) | |
| Defendants. ) | |

San Francisco, California
Thursday, June 13, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street - Suite 166
Jamaica Plain, Massachusetts 02130
BY: **REBECCA C. ELLIS, ATTORNEY AT LAW**
**REBECCA C. EISENBREY, ATTORNEY AT LAW**

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Div. - Federal Programs Branch
450 Golden Gate Ave. - Room 7-5354
San Francisco, California 94102
BY: **STUART J. ROBINSON, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
Official Reporter, CSR No. 12219

APPEARANCES: (CONTINUED)

Also Present: Theresa Sweet
Richard Cordray
John Bailey
Bonnie Latreille
Lukas Sosnicki
Jonathan Sandler

**THE COURT:** Sure. Go ahead.

**MS. ELLIS:** So our understanding, at this point, is the Department is not on track to meet the July 31st deadline. And that's largely because the Department's plan to meet that deadline was predicated on its using the discharge procedure or the processing procedure that we discussed at the last hearing, that the Court found was not in compliance with the settlement. That was the procedure where they were taking all past payments on what we have been calling the mixed consolidation loans, and applying those payments to non-settlement balances instead of calculating refunds.

And so we -- we know that -- or the Department and the servicers have confirmed that they're no longer using that process, but the issue was that they did not have a plan B to pivot to to process those accounts in compliance with the Court's order.

So we've been discussing extensively in the last three weeks how the Department can comply with that order while still moving as quickly as possible.

We, as plaintiffs' counsel, have learned a lot more through those discussions about how the Department's and the servicers' systems work, how they're actually going through this process of processing class member relief. And what we've learned, unfortunately, is that a lot of potential approaches to relief calculation that might seem intuitively reasonable

are actually not administratively feasible for them.

The fact is, there's a lot of missing data. Some of it has been lost in account transfers between servicers over the years. Some of it was actually lost in doing this earlier erroneous procedure. Data was deleted or overwritten as accounts were being erroneously processed. And even the data that does exist can be difficult to access or, even if you've accessed it, difficult to sort of interpret.

So we have arrived at a framework that the parties have agreed on for how we can move forward on effectuating relief for mixed consolidation class members in a way that we think will balance feasibility, speed, and ensuring that class members receive what they're entitled to.

So the first -- the first step for these mixed consolidation loans will be that the Department is going to discharge the entire remaining balance, regardless of what components went into that consolidation loan to begin with. Given the data and time limitations, this is really the only reliable way to ensure that all of the relevant loan debt is actually discharged, and do that within a reasonable time.

The Department will then cut refund checks for all amounts that class members had paid toward this current consolidation loan that's been discharged.

The Department has represented to us that it can complete those two steps by August 31st, and we are amenable to

requesting that the Court adjust the July 31st deadline by four weeks out to August 31st, in order to accommodate this new procedure.

**THE COURT:** Well, 31 days, not four weeks.

**MS. ELLIS:** Well, I was rounding.

**THE COURT:** Is that all correct, Counsel?

**MR. ROBINSON:** Yes, Your Honor.

If I can add some additional comments on that.

So as Ms. Ellis said, the Department's April proposal, which the Court adopted, was based on estimates using the Department's then-current process. The May -- the Court's May 24 order regarding refunds has certainly increased the complexity of that process, particularly with respect to adjustments that have already been made on what we refer to as mixed consolidation loans; that is, loans that have underlying Sweet-eligible loans, and Sweet-ineligible loans -- or not Exhibit C loans.

Because of that situation, the Department can no longer meet the July 31 deadline which requires full settlement relief for an additional 30,000 borrowers. And the Department, at this point, is unable to give a reliable estimate about when it could meet that deadline or come into compliance with the May 24 order for an additional 30,000.

As Ms. Ellis said, the Department has been conferring on an alternative that would shift the work primarily to the

current consolidation loan servicer, which would greatly simplify and shorten the process of effectuating full settlement relief and greater finality for the Department.

The Department has analyzed the -- or at least as an initial matter, has done a preliminary analysis of the ineligible debt portfolio and has determined that the face value would likely exceed $500 million. But much of that ineligible debt is from Exhibit C schools where no timely borrower defense application was submitted. That debt is otherwise on track to be forgiven, for example, through another forgiveness program, or would be prohibitively difficult to collect in full.

It would also be partially offset by freeing up resources from the Federal Student Aid Office to be used for other programs that -- that bring in revenue.

**THE COURT:** Are you going to meet the August 31 date or not for these 30,000?

**MR. ROBINSON:** I think the goal, Your Honor, would be to meet it for all borrowers with mixed consolidation loans by August 31.

**THE COURT:** How many is that?

**MR. ROBINSON:** The current estimate, I believe, is about 28,000, give or take, Your Honor.

**THE COURT:** Is that your understanding?

**MS. ELLIS:** Yes, that's our understanding.

And I think the other 2,000 could be accounted for by borrowers not with mixed consolidation loans who are still on track to get relief, such as commercial FFEL borrowers.

**THE COURT:** I'm going to accept your new August 31 date.

All right. What's next?

**MR. ROBINSON:** Can I just add one other point on that, Your Honor?

We just want to convey that the alternative being proposed is not provided for under the settlement, but -- and would -- and would also require revision to the July 31 deadline, so we do appreciate the Court's guidance in determining how to implement the settlement.

**THE COURT:** I don't understand what you're asking me. Why can't you do what you just outlined?

**MR. ROBINSON:** We can, but we would -- we think the Court -- we think it should be approved by the Court, that proposal.

**THE COURT:** I approve it. I'm approving it.

But it's going to come to the same place that you were supposed to be earlier to achieve the result of the settlement; right?

**MS. ELLIS:** Yes, Your Honor.

**THE COURT:** That's just by a different path. So I approve the different path.

Next. What's next?

**MS. ELLIS:** Thank you, Your Honor.

There is one other aspect of this framework that we've agreed to which is that we're aware that some class members likely paid a significant amount on their loan before the current consolidation, and so we intend to set up an administrative process whereby those class members can request an accounting of their past payments in order to get whatever refund was -- is not accounted for by the refunds on the current consolidation loan.

And we're still talking about the details and timeline for those process -- for that process. It's likely that would extend beyond August 31st, but if the Department does complete the discharges and refunds on the current loan by August 31st, we think that would constitute substantial compliance and the process of calculating the back refunds, which can be complicated and labor intensive, would have some sort of tail period beyond August 31st to work that out.

**THE COURT:** Well, the August -- last time you were here, there was a different August 31 date for 12,000.

Now, let me just ask this: This new August 31 date for 30,000, maybe 28,000-plus-two, how does that relate to the 12,000?

**MS. ELLIS:** Your Honor, I have to say I'm not entirely clear on the total portfolio of remaining un- -- remaining

# Exhibit 17

Pages 1 - 47

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

THERESA SWEET, on behalf of themselves and all others similarly situated, et al.,

Plaintiffs,

VS.

MIGUEL CARDONA, Secretary of the United States Department of Education, et al.,

Defendants.

**NO. 19-CV-03674-WHA**

San Francisco, California
Thursday, September 26, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
BY: **REBECCA C. ELLIS, ATTORNEY AT LAW**
**NOAH ZINNER, ATTORNEY AT LAW**

For Defendants:
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Suite 7-5395
San Francisco, CA 94102
BY: **STUART J. ROBINSON, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE NEXT PAGE.)**

REPORTED BY: Kendra A. Steppler, RPR, CRR
Official United States Reporter

**APPEARANCES:** (CONTINUED)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

BY: **BENJAMIN T. TAKEMOTO, ATTORNEY AT LAW**
**MARCIA BERMAN, ATTORNEY AT LAW**

ALSO PRESENT:

Theresa Sweet
John Patrick Bailey
Hunter Wiggins
Bonnie Latreille
Jonathan Sandler
Ryan DiClemente
David Esquivel
Luke Sosnicki

With the Court's permission, I'll start with the August 31st deadline.

**THE COURT:** Please.

**MS. ELLIS:** Thank you.

So we received updated data from the Department today on compliance with that deadline. At this point, there are only around 870 loans from the automatic relief group that are still awaiting discharge. These are mostly loans that either were previously in default or that are still held by commercial FFEL lenders. And so we think that this is -- this is substantial compliance, in our eyes, with the August 31st deadline. It's a very small number of loans still outstanding that have these particular complications.

On the issue of refunds, the latest data shows that there are just under 4,000 refunds still being processed. Of those, about 880 are a work in progress at the Treasury Department. So we expect those to be delivered to class members shortly.

Another 3,000, or so, are currently with the servicers. Instructions have been sent to the servicers to process those refunds. But they have not yet been sent to Treasury. So that is still a loose end. It's a smaller number than we had a couple of weeks ago. So it seems that progress is being made, but those are still outstanding.

In addition, we do still have some complaints pending with the Ombudsman's Office of class members who say -- class

members in the Exhibit C group who say they've not received their full relief. That most frequently has to do with the amount of the refund. So those are yet to be reviewed.

And we also know, as we've discussed at the prior hearings, that there are some class members who have received their -- class members who have the so-called mixed consolidation loans -- they've received a discharge and refund on their terminal consolidation loan. The one that was most recently opened. But it's possible that that refund did not account for all of the payments that were made on the previous intermediate iterations of those loans.

And we have been trying to work with the Department to operationalize the process for calculating those intermediate refunds. That process is still ongoing. And those -- those intermediate refunds are not accounted for in the completion numbers that I just cited that the Department provided to us.

**THE COURT:** Is that the same problem as the one with the letter last night, or is this a different problem?

**MS. ELLIS:** This is a different issue -- well -- their -- it's a different issue, but the problem has recurred again with Decision Group 1, I would say.

This is -- we did have an agreement with the Department that we were going to set up this intermediate loan process for the Exhibit C group. We've been waiting for the Department's proposal on exactly how this is going to proceed for a number

of weeks now.

So we do think that a great deal of progress has been made on the automatic relief group, especially with regard to discharges. We're very, very close to completion there. Refunds -- there are still some loose ends that we are, you know, following up. But, with that, I will move to the new problem, which is the Decision Group 1 problem. And --

**THE COURT:** Say that -- "Decision"...

**MS. ELLIS:** Decision Group 1.

**THE COURT:** Okay.

**MS. ELLIS:** So just to recap briefly, the decision group where the class members whose applications did not relate to an Exhibit C school -- they were divided into five tranches, depending on when the person had applied for borrower defense. And then they had these sort of cascading deadlines, first, for receiving decisions and then for receiving relief.

So Decision Group 1 -- those were the oldest pending applications. There's about 33,000 people in that group. And those people were due to get a decision on their applications last July -- July of 2023. And then the Department had a year, until July 28th, 2024, to effectuate the relief for people who were approved for relief.

So as that July 28th deadline approached, we asked the Department for data. Given what had happened with the automatic relief group, we asked, "Can you tell us what the

status is on delivering relief to Decision Group 1 for this July 28th deadline?" We asked, repeatedly, over many weeks. Each time, we were told it's coming, we'll get it to you, we'll get it to you. It never came. It still has never come. We have still not received data at any kind of meaningful granular level on what has happened to the members of Decision Group 1.

Once the July 28th deadline passed, we began hearing from class members, who said, "I got approved. I thought I was supposed to get relief. It hasn't shown up yet." And so, on August 26th, we sent a letter to the Department, under the procedures in the settlement, formally alleging a breach as to members of Decision Group 1, who had not yet received their full settlement relief.

I would -- just as a side note, we did raise certain other potential breaches in that letter, which we're discussing with the Department now. They're not ripe, in our view, to present to Your Honor today. But this blown deadline -- the parties have agreed to present that issue today, even though, under the settlement, the date to file a motion to enforce on that breach would be next Friday, just in the interest of efficiency.

**THE COURT:** Let me interrupt you for a second. You call it "Decision Group 1." And that's distinguished from the automatic group that -- okay. So -- but wasn't there a point in time where, if a decision was not made, then they would be deemed granted?

**MS. ELLIS:** That's correct, Your Honor. Our understanding, from the information we have available, is that the decisions were delivered on time. We think there may have been some people who -- you know -- their email addresses changed, their mailing addresses changed. There may be some smaller number of people who their decision got lost in transit. But for the substantial majority of Decision Group 1 people, they did receive their decisions on time.

**THE COURT:** This is 33,000?

**MS. ELLIS:** Yes.

**THE COURT:** And how many of those got full relief?

**MS. ELLIS:** We don't know. The Department said, in its filing last night, that it believes only 3,500 are left who haven't gotten full relief yet. But we've not received any sort of substantiation on those numbers. And we don't know to what extent people who are marked down as full relief actually got the relief they're entitled to. And that was the next issue that I was going to cover.

In the course of discussing this breach with the Department -- and, I should mention, the Department has agreed that it is in breach. So the issue is not whether there's breach, but what to do about it. In the course of those discussions, we learned that the Department had not been following this Court's May 24th order, that all refunds must be made by check or electronic funds transfer with respect to

Decision Group 1.

Back in that May hearing, this Court determined that the reallocation procedure that the Department and servicers had been using where past payments were reallocated toward the balances of unrelated loans -- we looked at the settlement agreement. This Court agreed with the plaintiffs that the settlement agreement clearly states the refund must be a check or an EFT.

And after the May 24th hearing, the Department changed its practices with respect to the automatic relief group, but it did not change its practices with respect to Decision Group 1. So we do not know how many Decision Group 1 members have wrongly had their refunds reallocated to other loans.

This violated the Court's order. It deprived the class members of money that they're entitled to. And we know that this is a process that is slow, that is error-prone, that introduces errors into the data that were not there before. So this is why we feel like we cannot confidently say how many people in Decision Group 1 are still missing their relief, because we don't know how many were subject to reallocation.

Additionally, back in June, we discussed, with the Court, the issue of the processing for discharges and refunds on the mixed consolidation loans. That was a major holdup in the automatic relief group. And the Department had been using this so-called roll-up process, which was causing the delays, which

was, once again, causing errors to be introduced into the system.

And we came up -- the parties agreed to a procedure where the Department would discharge the terminal consolidation loan, refund payments on that loan, and then work backward to see if the class member was owed any additional refund. The Department, at the time, asked the Court permission to take that approach. We said, at the time, we would say again, Court approval was not needed. This is within the Department's authority. But the Court did explicitly approve that approach to delivering relief.

But the Department now says it will not follow that procedure for Decision Group 1, even though the procedure has been in place for a couple of months now. It has worked. It was resulted in these positive numbers on discharge and refund delivery.

**THE COURT:** That was -- when we had that discussion, that was pertaining to the automatic group or was it to everybody?

**MS. ELLIS:** Well, Your Honor, as to the refunds having to be a check, that pertains to everybody, according to the plain language of the settlement. The terminal loan cancelation and refund process -- when we came up with that, it was for the purpose of delivering relief in a timely manner to the automatic relief group.

But now we find ourselves, once again, in a situation where the Department has blown past a deadline for the delivery of relief. We need to get this relief to class members who are counting on it as soon as possible. And instead of taking the procedure that we worked on that we know is effective, the Department proposes this new and extremely complicated procedure that it laid out in its filing last night.

**THE COURT:** What did we call the -- was there a name attached to this procedure that we adopted last time?

**MS. ELLIS:** I believe we've been calling it the "terminal consolidation discharge procedure." At least that's what I would call it.

**THE COURT:** Okay. I just -- all right. And you're saying that that was implemented and worked well?

**MS. ELLIS:** Yes, Your Honor.

**THE COURT:** But now the government wants to -- for the -- Decision Group 1 -- wants to use a different approach?

**MS. ELLIS:** Yes.

**THE COURT:** And we'll come to that in a minute, but keep going.

**MS. ELLIS:** Well, that process that the Department has proposed -- in the filing last night was the first time we heard their estimate of how long they think this would take. They said it will take eight to ten weeks just to stand up the process. To us, this is unacceptable when we're already passed

the deadline, when we have a simpler procedure that could be used starting, you know, literally this afternoon. We don't know whether the servicers actually believe this is possible, again, because, you know, we heard this last night.

By the time it's ten weeks from now, we're looking at December 4th. They say we can complete most but not all of Decision Group 1 by January 31st. So the expectation is for the servicers to do all this complicated math, which, so far, they frankly have not proven themselves capable of doing, in six weeks. And, on top of that, Decision Group 2 has a deadline for delivery of their relief of January 28th. So under the Department's proposal, you would be pushing the Group 1 deadline past the Group 2 deadline. Who knows when Group 2 would be finished. And there simply is not this kind of time to waste in this case, as -- as Your Honor knows we've been saying for years. And it's not the case.

I just want to be clear, the government seems to imply, in its filing, that there was some negotiation between the parties on what to do about Decision Group 1. Aside from one meet-and-confer after our notice of breach, that's not the case. This was not a matter that we negotiated before or even shortly after the July 28th deadline. We had to ask for weeks just to figure out what was going on with Decision Group 1 at all.

So what we're asking the Court to do here today is simple.

# Exhibit 18

**Pages 1 - 16**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge Presiding

THERESA SWEET, on behalf of themselves and all others similarly situated, et al.,

Plaintiffs,

VS.

MIGUEL CARDONA, Secretary of the United States Department of Education, et al.,

Defendants.

**Case No. 3:19-cv-03674-WHA**

San Francisco, California
Wednesday, November 13, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

PROJECT OF PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, Massachusetts 02130
**BY: NOAH ZINNER, ATTORNEY AT LAW**

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
**BY: BENJAMIN T. TAKEMOTO, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Stenographically Reported BY:
Kelly Shainline, CSR No. 13476, RPR, CRR
Official Reporter

**APPEARANCES**: (CONTINUED)

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Suite 7-5395
San Francisco, California 94102
**BY: STUART J. ROBINSON, ATTORNEY AT LAW**

Also Present:

John Patrick Bailey
Mell Brittain-Smith
Hunter Wiggins
Colleen Fox
Luke Sosnicki
David Esquivel
Jonathan Marvisi

99 percent completion on Decision Group 1, and 98 percent completion on Decision Group 2. And then on the refunds to be issued to these borrowers currently we're at 89 percent for Decision Group 1 and 90 percent for Decision Group 2.

These are working numbers. So there's, you know, some fluctuation, but that's the general sense.

**THE COURT:** Have any new problems surfaced?

**MR. TAKEMOTO:** Not from me, Your Honor.

**THE COURT:** All right. Let's hear from plaintiff.

**MR. ZINNER:** So I would just add to the report on the numbers that the parties have reached an agreement on how interim refunds -- additional refunds on interim mixed consolidation loans will be determined, and we're waiting for some additional information from the Department so that we can get notice to the borrowers.

**THE COURT:** Well, help me on that. I thought there was a motion that's going to be heard next month. Is that what you're talking about?

**MR. ZINNER:** No. I'm talking about the current Exhibit C process, Your Honor. So when we talk about complete refunds, that would be complete for all of the loans except for mixed consolidation loans that are not the final mixed consolidation loan.

In other words, if someone had a mixed consolidation loan, including both Sweet and nonSweet loans, and then consolidated

that loan yet again, they would have received a refund on the terminal loan, on the final loan but there may be some additional refunds owed on that interim mixed consolidation loan.

So for several months now the parties have been negotiating a process to insure that people get additional refunds that they might be owed.

**THE COURT:** Okay. And so you think you've come close to reaching an agreement there?

**MR. ZINNER:** We've agreed on the process, and what we are working on right now is waiting for information from the Department so that we can get notices to the borrower -- to the class members so that they can request additional refunds if they're entitled to them.

**THE COURT:** Thank you.

What else do you have?

**MR. ZINNER:** So one of the issues that's come up is, again we've been meeting regularly with the Department, including last week, and one of the issues that we're hearing about both there and also from the class members directly is a serious backlog in responding to complaints to the sweet.ed.gov e-mail address that we established through this court.

There are approximately 7,000 class member complaints in total since we established that address or since the court established it, and less than half have been substantively

responded to.

So we think that some of these complaints will have been resolved because they were submitted before the Ed instituted the terminal loan process. In other words, there may be some people who complained about not receiving relief who have subsequently received it, but we need to vet those complaints.

We understood during our last in-person meeting that the ombudsman's office had a proposal for contacting class members without standing complaints and for identifying and prioritizing those whose issues are still unresolved.

We had hoped to get that proposal before this hearing. We certainly will be in continued contact with them around it, but it's possible, and I hope that there's an update that they can give class members.

**THE COURT:** These are e-mails that are sent by class members to the ombudsman?

**MR. ZINNER:** Right.

**THE COURT:** And you're saying about half or what percentage have been responded to?

**MR. ZINNER:** It's less than -- less than half. I don't have an exact percentage.

**THE COURT:** Well, that could be 1 percent.

**MR. ZINNER:** What's that?

**THE COURT:** That could be 1 percent.

**MR. ZINNER:** It's not 1 percent, Your Honor but --

**THE COURT:** Close to 49 percent?

**MR. ZINNER:** No. I would say somewhere between 25 and 50.

**THE COURT:** That's still a big gap. It would be nice to know more precisely the number.

Well, why can't you go and look at the e-mails and prioritize them yourself and say please answer these first?

**MR. ZINNER:** We have been. When we've been meeting regularly with the Department and ombuds office, we've been spending a day going through complaints individually, but there's a significant backlog. We haven't identified any systemic issues but --

**THE COURT:** To the class. That's what you -- you got to earn this money. We're going to come to the fees in a minute, but you're going to get fees out of this case. That's one way to earn the money is go through it one by one --

**MR. ZINNER:** Yes, and that's what we're doing, Your Honor.

**THE COURT:** -- and see if you can get them answered.

**MR. ZINNER:** Understood, Your Honor.

**THE COURT:** Some of them as you say will be moot. So you can toss those to one side.

**MR. ZINNER:** Right. And we anticipate working with the Department to resolve these complaints, but initially we need to send additional notice to the borrowers so that we

can -- to the class members so we can identify those who still have issues and narrow the number somewhat. It's a significant number.

**THE COURT:** Go ahead.

**MR. TAKEMOTO:** Yeah. I just wanted to say this issue was raised with us last Thursday and the Department takes it seriously, and I think the meet and conferral process has worked well over this past year. And so we're perfectly interested in --

**THE COURT:** See what happens is -- I've learned this in all cases. It's not just your case. Thanks to having this meeting about five days beforehand, the parties wake up in the morning, say, "My God in five more days we have to meet that judge again. We better do something."

So then they send you this complaint so that there's something they can say that they've done to move things along and the progress is being made.

In the criminal cases it's even worse. The Government turns over the discovery two days -- one day before the status conference. So you have to set the status conferences on a regular basis to keep the Government and the defense lawyers doing their work. Otherwise nothing gets done until one day before the next hearing; and if the next hearing is six months away, nothing gets done until that day. So that's -- I'm sad to say that's the way it works. I'm being cynical here.

# Exhibit 19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

THERESA SWEET, on behalf of themselves and all others similarly situated, et al.,

Plaintiffs,

VS.

MIGUEL CARDONA, Secretary of the United States Department of Education, et al.,

Defendants.

**NO. 19-cv-03674-WHA**

San Francisco, California
Thursday, March 13, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
BY: **REBECCA C. ELLIS, ATTORNEY AT LAW**
**NOAH ZINNER, ATTORNEY AT LAW**

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Suite 7-5395
San Francisco, CA 94102
BY: **STUART J. ROBINSON, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE NEXT PAGE.)**

REPORTED BY: Kendra A. Steppler, RPR, CRR
Official United States Reporter

**APPEARANCES:** **(CONTINUED)**

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

BY: **BENJAMIN T. TAKEMOTO, ATTORNEY AT LAW**
**MARCIA BERMAN, ATTORNEY AT LAW**

ALSO PRESENT:

Gilliam Fipp Stewart
Husch Blackwell
Luke Sosnicki
Christian Odom
Jonathan Sandler
Phillip Juengst
Todd Davis

staffing levels and the progress that we've made.

**THE COURT:** Well, based on that, are you confident we're going to do this on time?

**MR. TAKEMOTO:** That is the Department's objective, Your Honor. The Department fully understands its obligations under the settlement agreement, and that's what it's striving to do.

**THE COURT:** You didn't quite answer my question. But I'm going to give up. I'm asking again. I want to know what you think. You're the -- you're one of the thick stars in this constellation. Your judgment would be important. Do you think you're going to make it?

**MR. TAKEMOTO:** Your Honor, I've learned in this role that it's -- as in any case -- it's very difficult to predict what the future holds. All I can say is that the Department is committed to honoring the settlement agreement, and I've provided all of the information that I can provide.

**THE COURT:** All right.

Anything more today?

**MS. ELLIS:** No, Your Honor.

**THE COURT:** I am ordering those -- is it monthly meetings? -- and then the bimonthly -- is it bimonthly? -- yeah -- bimonthly -- no -- is it semi- or bi-? -- every two weeks.

**MR. TAKEMOTO:** Your Honor had ordered that plaintiffs

be able to look over the shoulder of the Ombuds Office.

**THE COURT:** Yeah.

**MR. TAKEMOTO:** And we have informally scheduled meetings to that effect. And we've increased the frequency -- I forget when -- but it was some time ago to weekly meetings. And we've given plaintiffs' counsel access to --

**THE COURT:** Okay. I want that to continue. And I want your monthly meetings to continue. It would be worthwhile for you to meet even before the April meeting here with me. Okay.

**MS. ELLIS:** Your Honor, we did also ask about the possibility of filing a joint status report before the next hearing, plaintiffs and --

**THE COURT:** Yeah, that's good. Let's do that.

**MS. ELLIS:** Okay. Thank you, Your Honor.

**THE COURT:** Can you do that?

**MR. TAKEMOTO:** I -- what would the joint status report --

**THE COURT:** It would just help me understand how much progress we're making toward getting -- you know -- getting to the goal posts and so that I can read that ahead of time.

**MR. TAKEMOTO:** Sure. I think we've done that in the past.

**THE COURT:** Yeah.

**MR. TAKEMOTO:** Yeah.

# Exhibit 20

**Pages 1 - 41**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

THERESA SWEET, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, TRESA APODACA, ALCIA DAVIS, and JESSICA JACOBSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

VS.

MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education,

and

THE UNITED STATES DEPARTMENT OF EDUCATION,

Defendants.

**NO. 19-CV-03674 WHA**

San Francisco, California
Tuesday, April 15, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, Massachusetts 02130-2557
**BY: REBECCA C. ELLIS, ATTORNEY AT LAW**
**NOAH ZINNER, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter

**APPEARANCES**: (CONTINUED)

For Defendants:

U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
Ben Franklin Station
Post Office Box 883
Washington, D.C. 20044
**BY: BENJAMIN T. TAKEMOTO, TRIAL ATTORNEY**

U.S. DEPARTMENT OF JUSTICE
Corporate Financial Litigation
1100 L Street NW
Washington, D.C. 20005
**BY: LYDIA J. JINES, TRIAL ATTORNEY**

For Non-Party Servicer Maximus Education, LLC d/b/a/ Aidvantage and Maximus Federal Services, Inc.:

HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, Suite 1000
Washington, D.C. 20006
**BY: COLLEEN FOX, ATTORNEY AT LAW**

For Non-Party Servicer Nelnet:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918
**BY: JONATHAN C. SANDLER, ATTORNEY AT LAW**

For Non-Party Servicer MOHELA:

THOMPSON COBURN LLP
10100 Santa Monica Boulevard, Suite 500
Los Angeles, California 90067-4121
**BY: LUKAS SOSNICKI, ATTORNEY AT LAW**

For Non-Party Servicer Edfinancial Services:

TUCKER ELLIS LLP
201 Mission Street, Suite 2310
San Francisco, California 94105-1831
**BY: MICHAEL J. CHOI, ATTORNEY AT LAW**

Also Present:

**Theresa Sweet,** Lead Plaintiff

**Christian Odom,** Ombudsman

**Phillip Juengst,** Federal Student Aid

in-person meeting we would attach reports from the servicers because they do not have an appearance in this case; they can't file it themselves. That's all fine. But we expected that we would see those reports before we signed on to a filing that attaches them. We did not receive copies of the servicers' reports until after the filing deadline.

We told the Government we would sign on to a joint status report that included the completion statistics only; we would sign on to a report that included the servicer attachments if we could see them first -- we can't put our names on something submitted to the Court that we've never seen -- and that if the Government was unwilling to provide their positions in a status report on the issues we had repeatedly raised, we would address them ourself.

And that is what led to the separate filings yesterday.

**THE COURT:** Well, tell me what you see as the issues that you're concerned about.

**MS. ELLIS:** Your Honor, I think the most important issue today is the issue of Decision Group 5 and the post class because --

**THE COURT:** I didn't catch the -- of what?

**MS. ELLIS:** I'm sorry. Decision Group 5 and the post class.

So the situation right now, we do agree that the Department is in substantial compliance on the automatic

relief group and Decision Groups 1 and 2. It does appear to be making significant progress toward meeting the deadline of relief for Decision Group 3.

What we do not know is whether they're going to meet the deadlines for Decision Group 5 and the post class. We did discuss this at the last hearing. Plaintiffs raised this issue.

There's been significant attrition at the Borrower Defense Group since the beginning of this year. They've lost -- as of the last hearing, they've lost about a quarter of their staff. We don't know if anyone else has left since then. But there are over 32,000 adjudications that need to take place by July 28th for Decision Group 5.

**THE COURT:** July 28 of?

**MS. ELLIS:** Of this year. So in about three and a half months.

**THE COURT:** Deadline for decisions?

**MS. ELLIS:** Deadline for decisions, not for relief.

**THE COURT:** All right. So let's say there's no decision. What does our Settlement Agreement -- by that deadline. What does the agreement say will happen?

**MS. ELLIS:** If there is no decision by the deadline, the class members receive full settlement relief.

**THE COURT:** That's what you should be praying for.

**MS. ELLIS:** Well, Your Honor, what we're concerned

about -- and this is an even bigger issue for the post class, which is multiple times the size of Decision Group 5. Given the history of this case, what we are concerned about is that the Department is going to make decisions that are more mass denials. In order to purportedly reach their deadline, they're simply going to deny as many applications as possible, just as happened under the first failed settlement in this case.

And so in our March 25th letter, we asked the Government to please provide us with the numbers on how many Group 5 and post class applications have been adjudicated so far; of those, how many are denials and what schools the denials are associated with. And the thinking there was, if we're seeing high denial percentages at schools with known records of misconduct, that would be a big red flag.

The Department, in the letter that they sent us at 10:21 a.m. yesterday, stated that because the deadlines haven't arrived yet, they don't have to answer our question. And I think that is clearly inadequate under the circumstances.

The post class --

**THE COURT:** I mean --

**MS. ELLIS:** Sorry.

**THE COURT:** -- maybe technically it's correct, isn't it? Do they have to answer questions before they actually go into default?

**MS. ELLIS:** Well, Your Honor --

# Exhibit 21

**Pages 1 - 26**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William Alsup, Judge

THERESA SWEET, on behalf of themselves and all others similarly situated, et al.,

Plaintiffs,

VS.

MIGUEL CARDONA, Secretary of the United States Department of Education, et al.,

Defendants.

**NO. C 19-03674-WHA**

San Francisco, California
Thursday, June 26, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street - Suite 166
Jamaica Plain, Massachusetts 02130
**BY: REBECCA C. ELLIS, ATTORNEY AT LAW**
**NOAH ZINNER, ATTORNEY AT LAW**

For Defendants:

US DEPARTMENT OF JUSTICE -CIVIL DIVISION
Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
**BY: LYDIA J. JINES, ATTORNEY AT LAW**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
Official U.S. Reporter, CSR No. 12219

**APPEARANCES**: (Continued)

For Defendants:

U.S. DEPT.OF JUSTICE CIVIL DIVISION
Appellate Branch
950 Pennsylvania Avenue NW
Washington, D.C. 20530
**BY: BENJAMIN T. TAKEMOTO, ATTORNEY AT LAW**

**Also Present:**
**Theresa Sweet**
**Christian Odom, Ombudsman**
**Jonathan Sandler, NelNet**
**Allison Sandler**
**Ryan DiClemente, Aidvantage, Maximus**
**Luke Sosnicki, Mohela**
**Michael Choi, EdFinancial**

a hundred percent in the next month.

As you can see, the other previous groups, Exhibit C and Decision Groups 1 and 2, all -- around 98 to 99 percent with a few complicated accounts being the ones that are left.

So that appears to be on track. We have asked the Department to provide us with detailed individual data on Decision Group 3 relief. It's something we've done for the previous groups, so we can kind of vet that information and use it to respond to outreach from class members with questions. So we would like to receive that as soon as possible.

But overall, Decision Group 3 --

**THE COURT:** Well, will they -- do you expect that you'll get that, or is there a problem that I need to address on getting it?

**MS. ELLIS:** Well, we have asked for it for a number of weeks now and haven't gotten it yet, so...

**THE COURT:** All right. Just have somebody -- Ms. Jines?

**MS. JINES:** Yes, Your Honor.

**THE COURT:** Okay. Welcome. You were here last time.

**MS. JINES:** I was.

**THE COURT:** Okay. Just answer that one question of where that piece of it stands.

**MS. JINES:** Yes, Your Honor.

So at the last in-person meeting, we discussed

plaintiffs' outstanding data requests, and we understand what plaintiffs need with respect to Decision Group 3 and we will provide that data.

**THE COURT:** Okay. Soon?

**MS. JINES:** Yes. Soon, Your Honor.

**THE COURT:** All right. That's fine.

Okay. What's the next issue?

**MS. ELLIS:** The other deadline coming you on July 28th is for decisions on Decision Group 5. That's our final decision group before the post-class. We don't know what the progress is on that. We haven't received that information. But as we discussed last time, any class members who don't receive a decision by the deadline will be granted full settlement relief.

**THE COURT:** So maybe you're secretly hoping that they won't have any decisions.

**MS. ELLIS:** Well, Your Honor, we just want the process to proceed as smoothly as possible, however that is.

**THE COURT:** All right. So we need to wait and see on that.

Can you give us any clue?

**MS. JINES:** Yes, Your Honor. The Department is on track to deliver decisions for Decision Group 5 on time.

**THE COURT:** All right. Decisions?

**MS. JINES:** Yes, Your Honor.