EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and

THE UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants*.

Case No. 19-cv-03674-HSG

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Upon consideration of Plaintiffs' Motion to Enforce Settlement Agreement, it is hereby ORDERED that the motion is GRANTED. The Court finds as follows:

1) This Court has jurisdiction to decide this motion. *See Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

2) Defendants have materially breached Paragraph IV.A.1 of the parties' Settlement Agreement of June 22, 2022 (ECF No. 246-1), by failing to deliver Full Settlement Relief to all members of the Automatic Relief Group by the revised deadline of December 31, 2024.

3) Defendants have materially breached Paragraph IV.C.9 of the parties' Settlement Agreement by failing to deliver Full Settlement Relief to all eligible members of Decision Group One by the revised deadline of December 20, 2024; to all eligible members of Decision Group Two by the deadline of January 28, 2025; to all eligible members of Decision Group Three by the deadline of July 28, 2025; and to all eligible members of Decision Group Four by the deadline of January 28, 2026.

4) Defendants have not provided the relief for this breach that is contemplated by the Settlement Agreement: a date certain for when Defendants will deliver the missing relief.

5) Pursuant to Paragraph V.B.2.i of the Settlement, Defendants are hereby ORDERED to effectuate Full Settlement Relief for each and every member of the Automatic Relief Group, and each and every member of Decision Groups One through Four who was approved for Settlement relief, by or before **December 31, 2026**.

6) Pursuant to Paragraph V.B.2.ii of the Settlement, Defendants are ORDERED to report to Plaintiffs' Counsel and the Court on their progress of issuing relief at 14-day intervals, beginning 14 days after the date of this Order.

7) These reports shall include (but need not be limited to) the numbers of Class Members in the Automatic Relief Group and each of Decision Groups One through Four who:

a. Are confirmed to have received all of the following categories of relief:

i. Discharges of all Relevant Loan Debt;

ii. All refunds to which they are entitled, including (but not limited to)

refunds relating to intermediate mixed consolidation loans, FFEL TOP/AWG payments, and fraudulently cashed refund checks; and

iii. A request sent from their current loan servicer(s) to all credit reporting agencies to remove the credit tradeline for all Relevant Loan Debt from their credit reports.

b. Are confirmed to have *not* received each of the following categories of relief:

i. Discharges of all Relevant Loan Debt;

ii. All refunds to which they are entitled, including (but not limited to) refunds relating to intermediate mixed consolidation loans, FFEL TOP/AWG payments, and fraudulently cashed refund checks; and

iii. A request sent from their current loan servicer(s) to all credit reporting agencies requesting removal of the credit tradeline for all Relevant Loan Debt from their credit reports.

c. Have not had their relief status confirmed by the Department as to each of the following categories of relief:

i. Discharges of all Relevant Loan Debt;

ii. All refunds to which they are entitled, including (but not limited to) refunds relating to intermediate mixed consolidation loans, FFEL TOP/AWG payments, and fraudulently cashed refund checks; and

iii. A request sent from their current loan servicer(s) to all credit reporting agencies requesting removal of the credit tradeline for all Relevant Loan Debt from their credit reports.

1. If a Class Member has contacted the Ombudsman's Office with a complaint that they have not received one or more of these categories of relief and/or with a request for administrative process refund review, and that

complaint/request has not been resolved, the Class Member shall be considered as one whose relief status is not confirmed.

d. For Class Members in categories (b) and (c), including all subcategories, how many Class Members are serviced by each of the federal loan servicers.

e. For Class Members in categories (b)(i) and (c)(i), how many are confirmed by the Department to currently have their Relevant Loan Debt (including consolidation loans that contain Relevant Loan Debt) in a status of forbearance, stopped collections, or $0 monthly payments under any of the available income-driven repayment plans.

f. For any Class Members in categories (b)(i) and (c)(i) who are not currently in forbearance, stopped collections, or $0 monthly payment status, how many of them are serviced by each of the federal loan servicers.

8) The reports shall also include a description of the steps the Department has taken to verify that these reported numbers are accurate.

9) The description of steps and the veracity of the data in the reports shall be attested to under oath by the Chief Operating Officer of Federal Student Aid or his designee, provided that such designee is another senior official with supervisory authority over the process of effectuating Settlement relief.

10) If the Department's first report pursuant to Paragraphs 6–7 following December 31, 2026, shows that there are still Class Members falling within categories (b) and/or (c) of Paragraph 7, the Court shall issue an order to show cause why the Department should not be held in contempt for failing to comply with this Order.

11) On or before **October 31, 2026**, the Department shall report to Plaintiffs' Counsel and the Court the number of Class Members in Decision Group Five who fall within each of the categories described in Paragraph 7. If any members of Decision Group Five fall within categories (b) or (c) of Paragraph 7, the Court will issue a finding of material breach as to those Class

Members and issue further orders for compliance and reporting, similar to those set forth above.

12) At Plaintiffs' Counsel's request, Defendants shall provide to Plaintiffs' Counsel (with appropriate confidentiality safeguards) the names, contact information, and current servicer of Class Members in any of the above categories so that Plaintiffs can provide updated information directly to Class Members and/or seek confirmation of their relief status.

13) Pursuant to Paragraph V.B.2.i of the Settlement, Defendants are ORDERED to pay Plaintiffs' Counsel's reasonable attorneys' fees and costs incurred in bringing these claims. Plaintiffs' Counsel shall present their accounting of fees and costs to Defendants within 30 days of this Order. If the parties are unable to agree on a payment amount for these fees and costs, Plaintiffs may submit a fee petition to the Court within 30 days of the parties' failure to reach agreement.

IT IS SO ORDERED.

Dated: ___________________