EILEEN M. CONNOR (SBN 248856)
econnor@ppsl.org
REBECCA C. ELLIS (*pro hac vice*)
rellis@ppsl.org
REBECCA C. EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
NOAH ZINNER (SBN 247581)
nzinner@ppsl.org
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
Tel.: (617) 390-2669
Fax: (781) 218-9625

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, ALICIA DAVIS, TRESA APODACA, CHENELLE ARCHIBALD, DANIEL DEEGAN, SAMUEL HOOD, and JESSICA JACOBSON on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 19-cv-03674-HSG<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINDING OF CONTEMPT AND SANCTIONS** |

Upon consideration of Plaintiffs' Motion for Finding of Contempt and Sanctions, it is hereby ORDERED that the motion is GRANTED. The Court finds as follows:

1) A court may hold a party in civil contempt when that party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

2) Civil contempt is "coercive" in nature, and is appropriate where the goal is to "compel future compliance with a court order." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

3) Sanctions for civil contempt are also appropriate to "compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013).

4) "Like private parties, government agencies and officials may be subject to civil contempt." *Calvillo Manriquez v. DeVos*, 411 F. Supp. 3d 535, 537 (N.D. Cal. 2019) (citing *Sierra Club v. Ruckelshaus*, 602 F. Supp. 892, 903 (N.D. Cal. 1984)).

5) Plaintiffs have shown by clear and convincing evidence that Defendants violated specific and definite orders of the Court. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

6) Specifically, Defendants have failed to take all reasonable steps within their power to comply with the Court's orders of May 23, 2024; November 13, 2024; and March 13, 2025.

7) Defendants have not met their burden to demonstrate that they were unable to comply with the Court's orders. *See Affordable Media*, 179 F.3d at 1239.

8) This Court therefore finds that Defendants are in contempt of Court.

9) The Court will impose coercive sanctions as set forth herein.

10) The Court refers this case to Magistrate Judge ________________ to oversee Defendants' compliance with the Court's orders, including the orders of May 23, 2024; November 13, 2024; March 13, 2025; and the order on Plaintiffs' contemporaneously filed Motion to Enforce Settlement.

11) Defendants are ORDERED to comply with each of Plaintiffs' counsel's outstanding data requests on or before **October 31, 2026**. Specifically, by that date, Defendants shall provide to Plaintiffs' Counsel, with a copy to the Magistrate Judge (with appropriate confidentiality safeguards):

a. An updated Class List, in the format customarily used by the parties, containing the name, borrower defense application number, email address, mailing address, school name, and settlement group designation(s) for each member of the Automatic Relief Group, Decision Groups One through Five, and the Post-Class, including all members of the "attestation group" and any other Class Members who were waived into the Class since the creation of the January 2025 class list.

b. Complete outcome data for Decision Groups Four and Five and the Post-Class, in the format customarily used by the parties for previous Decision Groups. This data shall show (i) whether each Class Member's borrower defense application was approved, denied, granted relief due to lack of timely decision, or resolved in some other fashion (to be specified); and (ii) for members of Decision Groups Four and Five, whether a Class Member who initially received a Revise & Resubmit Notice tendered a resubmission, and if so, whether that resubmitted application was approved or denied.

c. Complete "census" data for Decision Group Five, in the format customarily used by the parties for previous Decision Groups.

d. Complete "census" data for all individuals waived into the Class (the "attestation group"), in the format customarily used by the parties for the Decision Groups.

12) If Defendants do not comply with Paragraph 11, Defendants will be assessed a fine of $500 per day, payable to the Court, starting on November 1, 2026, and continuing until the date they come into compliance.

13) Defendants are ORDERED to provide to Plaintiffs' counsel, with a copy to the

Magistrate Judge (with appropriate confidentiality safeguards), complete "census" data for Post-Class Exhibit C members no later than March 31, 2027, and complete "census" data for Post-Class non-Exhibit C members no later than June 30, 2027.

14) If Defendants do not comply with Paragraph 13, Defendants will be assessed a fine of $500 per day, payable to the Court, starting on April 1, 2027, and/or July 1, 2027 (as applicable), and continuing until the date they come into compliance.

15) Each of these productions of data will be accompanied by a declaration, signed under penalty of perjury by the Chief Operating Officer of Federal Student Aid or his designee (provided that such designee is another senior official with supervisory authority over the process of effectuating Settlement relief), stating that the information being produced is true, correct, and complete to the best of the Department's knowledge, and describing the steps that the Department has taken to verify that the information is true, correct, and complete.

16) If the Department learns, after production, that any data it produced was not accurate and/or complete, it is ORDERED to promptly notify Plaintiffs' counsel and the Magistrate Judge of the inaccurate and/or incomplete data, and to promptly provide updated data that is accurate and complete.

17) If Defendants refuse any further request by Plaintiffs' counsel for additional or updated data relating to the effectuation of Settlement relief, or if Defendants delay providing such data for more than 30 days following the request, Plaintiffs may bring the issue to the Magistrate Judge in accordance with that Judge's procedures, and the Magistrate Judge shall be authorized to order the production of additional data and consider additional sanctions as necessary to secure compliance with the Court's orders.

18) Defendants are ORDERED to resume weekly meetings between Ombudsman's Office staff and Plaintiffs' counsel to review and resolve Class Member complaints. The weekly meetings shall continue until all Class Member complaints are resolved.

19) Defendants are ORDERED to continue providing to Plaintiffs' counsel the weekly *Sweet* "Plaintiff Reports" from the Ombudsman's Office, in the format customarily used by the parties. This weekly reporting shall continue until all Class Member complaints are resolved.

20) Defendants are ORDERED to continue the monthly in-person meetings with Plaintiffs' counsel and servicer representatives until all eligible Class Members (including the Post-Class) have received Full Settlement Relief. Representatives from the servicers (including their counsel) may attend these meetings remotely unless otherwise ordered by the Magistrate Judge.

21) The Magistrate Judge shall conduct regular status conferences, at minimum once every three months, to review the Department's compliance with the Court's orders and the Department's progress in delivering Full Settlement Relief according to the deadlines set forth in the Order on Plaintiffs' Motion to Enforce. These status conferences will continue until all eligible Class Members (including the Post-Class) have received Full Settlement Relief.

22) Within 60 days from the date of this order, Plaintiffs may submit to the Court a proposal for a specific amount of compensatory sanctions, representing Plaintiffs' counsel's fees and costs incurred as a result of Defendants' violations of the Court's orders (including fees and costs incurred in preparing the sanctions proposal).

23) If Defendants violate any of the terms set forth above, Plaintiffs may seek further sanctions, including, *inter alia*, conditional fines and compensatory sanctions, including but not limited to further attorneys' fees and costs.

IT IS SO ORDERED.

Dated: ________________