BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA OAKLAND DIVISION**

| | |
|---|---|
| THERESA SWEET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 4:19-cv-03674-HSG<br><br>**DECLARATION OF LIAM C. HOLLAND**<br><br>The Honorable Haywood S. Gilliam, Jr. |

I, Liam C. Holland, declare as follows:

1. I am a Trial Attorney in the Federal Programs Branch of the Civil Division of the United States Department of Justice. The statements in this declaration are based on my personal knowledge or information that I have obtained in my official capacity, including through my defense of the United States Department of Education ("ED" or the "Department") in this action and in actions raising similar issues.

2. On August 18, 2026, Plaintiffs filed two motions: (1) a motion to enforce the Settlement Agreement, ECF No. 552 and (2) a motion for finding of contempt and sanctions, ECF No. 553. The motions are supported by, counting the pages enumerated in the ECF header, a total of 464 pages of material. That material includes 409 pages of evidentiary material (material other than briefing and proposed orders). ECF No. 552-1, 552-2. Plaintiffs ask the Court to enter about 10 pages' worth of proposed orders. ECF No. 552-3, 553-1.

3. Pursuant to Local Rule 7-3(a), Defendants' oppositions to the motions must be filed not more than 14 days after August 18, 2026, making the oppositions due on September 1, 2026. Defendants ask the Court to extend their deadline to file oppositions to Plaintiffs' motions by 45 days—up to and including October 16, 2026.

**Reasons for the Requested Enlargement of Time and Substantial Harm or Prejudice that Would Occur if the Court Did Not Change the Time.**

4. Without the requested change in time, Defendants will be unable to provide a fulsome and adequate response to all facets of Plaintiffs' two motions. For example, Defendants must collect and submit evidence showing that they have not materially breached the Agreement nor have they violated any Court order. That will likely require a declaration from one or several Department of Education personnel and potentially other documentary evidence. Defendants must compile testimony from the Student Loan Ombudsman regarding the nature (and burden) of meetings between Plaintiffs' counsel and caseworkers, and showing that they fall outside the scope of any Court order. Defendants also need to compile evidence from appropriate ED staff showing that Plaintiffs are demanding records that are not Ombudsman's office records. And Defendants need to compile evidence from the Office of Loan Portfolio Management showing that it has taken all steps necessary to discharge the debt of the class

members at issue who have loans that are not serviced by loan servicers under contract with the Department.

5. Preparing such evidence takes time and resources. Counsel must work closely with declarants and other Department of Education civil servants to make sure that testimony is accurate. Rushing that process leads to errors and mistakes. That coordination among Executive Branch officials is difficult and time consuming, especially considering the time needed for review by superiors at both the Department of Justice and the Department of Education before filing. Thus, the Federal Government is routinely provided with more time than other litigants to address complex motions.

6. That process may be even more complicated in this case. The Department of Education has contractual relationships with several loan servicing entities to service loan debt. There are several different loan servicer entities with unique systems of records. They include Aidvantage/Maximus Federal Services, Edfinancial, Missouri Higher Education Loan Authority ("MOHELA"), Nelnet, and ECSI. The Department of Justice does not represent these entities. But the United States anticipates seeking to show that these third parties have taken actions that may be contemplated under the Agreement. *See* Agreement ¶ IV.F.1, ECF No. 246-1.

7. Since Defendants received Plaintiffs' allegations of material breach, I have scheduled two meetings with attorneys for each of the loan servicers, also attended by Department of Education staff. The first of these meetings took place on July 22, 2026. During the meeting, the Department of Education agreed to send to the servicers lists of borrower accounts associated with approximately 966 borrowers identified in Plaintiffs' June 2026 breach allegations, whose accounts are serviced by loan servicers under contract with ED, so that the loan servicers could provide the United States with more information about the accounts or else information indicating how much longer processing should take. Based on my communications with Department of Education staff, those lists were sent to each servicer the following day, July 23, 2026. On July 30, 2026, I held another meeting with attorneys for the loan servicing entities. The purpose of the meeting was to obtain more information about the accounts or else information indicating how much longer processing should take. During the meeting, however, servicers confirmed that processing tasks for accounts on the list were largely completed except in a small number of cases,

which servicers had anticipated completing imminently.

8. As of August 10, 2026, I have been informed by Department of Education Federal Student Aid staff that the relevant National Student Loan Data System ("NSLDS") data, in many cases, continues to account for discharges as incomplete. Normally, the Department would rely on NSLDS data to show that discharge tasks are completed.[1] My understanding from communications with Department of Education staff is that loan servicers have provided them[2] with documentary proof that may indicate that the servicers have taken all steps necessary to address the discharge and refund of these loans. I have requested these materials from the Department for review, but have not yet had the opportunity to review the material, which I understand to address loan accounts associated with the nearly 1000 borrowers identified in Plaintiffs' June 2026 breach allegations, whose accounts are serviced by loan servicers under contract with ED. Defendants need additional time to review this evidence and to determine whether other evidence from loan servicers regarding the accounts of the nearly 1000 borrowers at issue will be necessary to provide a fulsome opposition to Plaintiffs' motion to enforce, or whether they may rely on ED civil service staff to verify accuracy of the materials provided by the servicers.

9. Granting Defendants the time requested would serve judicial economy because it will help Defendants confirm that many of the accounting tasks about which Plaintiffs complain in their motion to enforce have already been completed, reducing the scope of the issues for the Court to decide.

10. Attending to Plaintiffs' motions is undoubtedly important. But Department of Education civil servants have many important responsibilities and the time needed to prepare their testimony or otherwise obtain materials from them to include as part of an opposition to Plaintiffs' motions will divert from their other important responsibilities tending to the needs of *Sweet* borrowers and other borrowers.

11. The time requested will help address complex legal questions raised by Plaintiffs' motions. Plaintiffs' motions are presented in a unique post-judgment procedural posture, making the legal questions that must be addressed in an opposition considerably more difficult than if the motions were filed in a

---

[1] More details about NSLDS records are available in the addendum to each *Sweet* Quarterly Report. The latest report is available on FSA's website: https://studentaid.gov/sites/default/files/sweet-quarterly-report-14.pdf

[2] As of today, Department staff have represented to me that the Department is still awaiting materials from one loan servicer entity.

more typical stage of civil litigation. I anticipate that the time needed to research the relevant law needed to provide a fulsome response to Plaintiffs' motions will be time consuming. For example, Plaintiffs' allegations necessarily raise complex legal questions about enforcement of individualized disputes arising under a settlement agreement that resulted in the dismissal of a Rule 23(b)(2) class's claims. Plaintiffs have requested ten pages (by ECF header pagination) worth of orders, including injunctive orders. I believe that permitting Defendants the time requested to prepare a response will aid the Court in deciding the issues involved under the correct legal principles. Although Plaintiffs may disagree about the complexity of the legal issues presented by their motions, Defendants respectfully submit that the motions raise substantial questions that warrant a thorough examination.

12. Plaintiffs' motion to enforce is premised on compliance deadlines from 2024, 2025, and January 2026.

13. Plaintiffs' motion for finding of contempt and sanctions is premised on the parties' disagreement over whether the Ombudsman caseworkers are required by court order to take time from their work assisting *Sweet* borrowers (and others) to present to Plaintiffs' counsel every week on responses to inquiries raised by *Sweet* class members (or individuals who incorrectly contend to be *Sweet* class members). The Ombudsman determined to switch these meetings from a weekly to a bi-weekly schedule in January 2026.

14. I first asked Plaintiffs to identify the legal basis for their demands that the Department produce to them lists of personally identifiable information from Department of Education records on March 27, 2026. *See* **Exhibit B**. I requested that information in good faith so that I could counsel the Department on the competing risks of complying with Plaintiffs' requests. Plaintiffs did not provide me with notice of any legal basis for this demand until June 18, 2026, when they accused the Department of Education of contempt.

15. In the Settlement Agreement provisions governing retained jurisdiction, the parties agreed to procedures before Plaintiffs may bring a motion to enforce. Settlement Agreement ¶ V.D. The parties agreed that, as part of that process, Plaintiffs must notify Defendants in advance of the facts and circumstances supporting the claim and: "Upon Defendants' request, Plaintiffs shall provide to Defendants

any information and materials available to Plaintiffs that support the violation alleged in the notice." *Id.* ¶ V.D.3.i.a. I understand the provision to be intended to help Defendants understand the basis of Plaintiffs' position that a breach has occurred, to permit Defendants to investigate the issue, and to help the parties reach consensus. During a meet and confer on July 10, 2026, I respectfully invoked the provision and followed up by email. *See* **Exhibit C**. Specifically, I requested "that Plaintiffs provide to me anything other than what is already attached to Plaintiffs' notice dated June 18, 2026, that support Plaintiffs' breach allegations and that Plaintiffs intend to rely on to support a motion to enforce if the parties cannot reach consensus." *Id.* On July 10, 2026, Plaintiffs responded by email. A true and correct copy of that response, omitting the attachments, is included in the email chain attached as Exhibit C. Plaintiffs' response referred to an incredible universe of material and information, making their response unhelpful in understanding the scope of the basis of Plaintiffs' claims. *See id.* Although Defendants are still reviewing Plaintiffs' voluminous motions and the materials they have filed in support of those motions, Plaintiffs appear to have relied on substantially less material than, for example, "any Plaintiff Report that exists as of today and on any further Plaintiff Reports that we receive in the future." *See id.* Moreover, Plaintiffs have submitted voluminous evidence, including testimony from approximately twenty-two borrowers, *see* ECF No. 552-2 at 16-17, that Plaintiffs failed to disclose to Defendants in advance in compliance with their obligations under Paragraph ¶ V.D.3.i.a of the Agreement and in violation of their representation that they would "update this list if and when we receive more information that supports the alleged violations." *See* **Exhibit C**.

**Efforts Made to Obtain a Stipulation of the Time Change**

16. During a meeting in July 2026, I asked Plaintiffs' counsel if Defendants should anticipate any motion practice in August and whether Plaintiffs would be amenable to negotiating a reasonable briefing schedule. Plaintiffs indicated that they intended to file a motion to enforce during the week of August 10, 2026, and did not represent that they would decline to negotiate a briefing schedule. On August 3, 2026, Plaintiffs communicated by email that they intended to file a motion to enforce early the week of August 10, 2026, and likely on August 10. On August 4, 2026, Plaintiffs communicated by email that they intended to move for an order to show cause why the Department should not be held in contempt. I

emailed Plaintiffs' counsel on August 6, 2026, to ask if they would consent to a briefing schedule providing Defendants with 60 days to file their opposition to each motion, and indicated that I was happy to discuss the issue further at their convenience. Plaintiffs responded with one line: "We do not consent." A true and correct copy of the email exchange is attached as **Exhibit A**.

On August 20, 2026, during a monthly meeting held by the parties, I respectfully renewed my request for any reasonable briefing schedule. Counsel refused any extension.

**Previous Time Modifications Regarding Plaintiffs' Motions and Effect of the Requested Time Modification on the Schedule**

17. Defendants have not previously sought to extend the deadline to respond to either motion. Extending the deadline would require the Court to change the noticed hearing date, but because final judgment was entered in 2022, no other case schedule exists.

In accordance with 28 U.S.C. § 1746, I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, D.C. this 20th day of August, 2026.

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Counsel for Defendants

# Exhibit A

**From:** Holland, Liam C. (CIV)
**To:** "Rebecca Ellis"
**Cc:** Rebecca Eisenbrey; Noah Zinner; Nicole Almeida
**Subject:** RE: Sweet upcoming dates
**Date:** Thursday, August 6, 2026 6:08:00 PM

---

Hi Becca,

I am disappointed at Plaintiffs' refusal to engage with Defendants at all on a reasonable briefing schedule. We'll reserve our rights to seek one from the court.

Best,
Liam

---

**From:** Rebecca Ellis <REllis@ppsl.org>
**Sent:** Thursday, August 6, 2026 5:52 PM
**To:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>
**Subject:** [EXTERNAL] RE: Sweet upcoming dates

We do not consent.

---

**From:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Sent:** Thursday, August 6, 2026 5:50 PM
**To:** Rebecca Ellis <REllis@ppsl.org>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>
**Subject:** RE: Sweet upcoming dates

Becca,

Defendants seek Plaintiffs' consent to a briefing schedule to address Plaintiffs' upcoming motions providing Defendants with 60 days to file their oppositions. Just some of the reasons that we believe that a 60-day period is justified include: Plaintiffs' plan to file several motions raising unique issues at once, the complex legal posture presented, the need for inter-agency coordination, the potential need for coordination with third party entities that I do not represent, the need to compile evidence, the massive volume of evidentiary materials involved (at least based on your July 10 email), and the extensive record of prior proceedings in this action that we anticipate needing to revisit in detail to address the motions.

I'm happy to discuss any of these issues in more detail at your convenience. Let me know if

Plaintiffs will consent.

Thanks,
Liam

---

**From:** Rebecca Ellis <REllis@ppsl.org>
**Sent:** Tuesday, August 4, 2026 1:05 PM
**To:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>
**Subject:** [EXTERNAL] RE: Sweet upcoming dates

Hi Liam,

We understand the complications posed by the Department's move, so we're amenable to holding the August meeting remotely on Thursday 8/27. However, we'd like to get a commitment to a date for the September meeting, as well as a commitment to having everyone present in person for that meeting who typically attends (we note that the July meeting had only Becca, Nicole, Maria, and Nina in attendance – we were missing several people who normally attend in person).

And yes, along with our motion to enforce we will be moving for an order to show cause why the Department should not be held in contempt of Judge Alsup's orders of May 2024, November 2024, and March 2025.

Thanks,
Becca

---

**From:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Sent:** Monday, August 3, 2026 4:12 PM
**To:** Rebecca Ellis <REllis@ppsl.org>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>
**Subject:** RE: Sweet upcoming dates

Hi Becca,

Thanks for the heads up. Do Plaintiffs anticipate filing the threatened motion for contempt sanctions at the same time?

I think we are tracking Thursday 8/27 for the next monthly meeting, if that works for you. There is one issue. As you may be aware, the Department is transitioning offices. FSA is moving to an office somewhere on K Street NE. ED OGC is moving to an office somewhere still in SW near the current building. But we anticipate that 8/27 will be after relevant ED staff must leave the LBJ building and are temporarily working remotely while not yet housed in their new offices. The move should be complete sometime in early September. ED's preference, if you consent, is to hold this month's meeting remotely. If you prefer an in-person meeting, we are happy to host at the Federal Programs Branch DOJ building. We anticipate returning to in-person meetings at a new ED office for the September meeting. If we utilize the DOJ option, ED management may not be able to compel non-management ombudsman staff that sometimes appear in person during the ombudsman component of the meeting to come to DOJ.

Thanks,
Liam

---

**From:** Rebecca Ellis <REllis@ppsl.org>
**Sent:** Monday, August 3, 2026 3:53 PM
**To:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>
**Subject:** [EXTERNAL] Sweet upcoming dates

Liam,

Following up from our last in-person meeting, we wanted to let you know that we plan to file our motion to enforce the settlement early next week (likely Monday 8/10).

We also wanted to set a date for the next in-person meeting. The best days for us would be either Wednesday 8/26 or Thursday 8/27. Would one of those work on your end?

Thanks,
Becca

---

Rebecca C. Ellis (she/her)
Project on Predatory Student Lending
769 Centre Street
Jamaica Plain, MA 02130
(617) 322-2548
www.ppsl.org

This email and any attachments may contain confidential and privileged information intended solely for the recipient(s). If you have received this email in error, please notify the sender and delete it immediately. Please note that this email does not constitute the formation of an attorney-client relationship.

# Exhibit B

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station,
Washington, DC 20044

Liam C. Holland
Trial Attorney

(202) 514-4964
liam.c.holland@usdoj.gov

April 29, 2026

Rebecca Ellis
Project on Predatory Student Leasing
769 Centre St.
Boston, MA 02130

Re: *Sweet v. McMahon*, No. 4:19-cv-03674 (N.D. Cal.)

Dear Becca,

I write in response to your request that the Department produce a list of personal identifying information for each individual absent class member as well as each "post-class" applicant. I understand that the Department has provided you with this information, at least with respect to absent class members, in the past. At an in-person meeting on March 27, 2026, I requested that you explain the basis of the Department's legal obligation to provide you with this information. You indicated that doing so would be in the Department's interest as, in your view, it may reduce the number of inquiries that would otherwise be directed to the Department's Student Loan Ombudsman. To be clear, I understand your request to include names, addresses, email addresses, and social security numbers of hundreds of thousands of individuals who submitted requests that the Department recognize a borrower defense to repayment.

The Department does not agree with your view that providing the Project on Predatory Student Lending ("PPSL") with this data is likely to support Ombudsman engagement with borrowers. Rather, the Department believes, based on past practice, that providing PPSL with an email list will principally drive up the volume of email inquiries received by the Ombudsman, creating an appearance of a growing number of unresolved issues requiring sustained engagement. But a significant portion of those inquires (in the thousands) are from borrowers following up before they are eligible for relief—information that PPSL can ascertain by engaging with the borrower and reviewing the terms of the Agreement without directing these borrowers to the Ombudsman. Thus, even if the Department could, in its discretion, provide you with the requested personally identifying information, it declines to do so based on the only justification you have offered.

Moreover, your request for this information is inconsistent with the terms of the Settlement Agreement. In the Settlement Agreement, the parties carefully negotiated reporting obligations

that arise in relation to this matter. Specifically, the parties negotiated for quarterly reports that include only the following information:

1. The total number of Class Members with pending borrower defense applications (which number shall include members of the § 555(e) Subclass);
2. The total number of settlement relief decisions, revise and resubmit notices, and denial decisions, as defined in Paragraph IV.C.2, that Defendants have issued to Class Members pursuant to Paragraph IV.C;
3. The number of Class Members who received settlement relief decisions; the number of Class Members who received "revise and resubmit notices"; and the number of Class Members who received final denial decisions during the reporting period; and
4. The total number of Class Members for whom Defendants have effectuated relief pursuant to Paragraph IV.A, including the number of Class Members for whom Defendants effectuated relief during the reporting period.
5. For any quarterly report covering the time period during which a deadline established in Paragraphs IV.C.3(i) through (v) and Paragraph IV.D falls, the total number of Class Members for whom the Department did not provide a decision.

Providing personally identifying information of hundreds of thousands of absent class members and "post-class" applicants is not required by the information production provisions that were negotiated by the parties. The fact that the Department may have voluntarily provided some such information in the past does not bind it to continue to provide such information now or in the future.

Although the above is sufficient to decline your request, I will also note that, while I have not made a conclusive determination, I have substantial concerns regarding the Department's ability to provide PPSL with this information consistent with its obligations under the Privacy Act. *See* 5 U.S.C. § 552a(b).

Sincerely,

*Liam C. Holland*
LIAM C. HOLLAND

# Exhibit C

**From:** Holland, Liam C. (CIV)
**To:** "Rebecca Ellis"; Rebecca Eisenbrey; Nicole Almeida; Noah Zinner; Eileen Connor
**Subject:** RE: Request for Information and Materials Pursuant to Paragraph V.D.3
**Date:** Friday, July 10, 2026 4:19:00 PM

Received, thank you!

**From:** Rebecca Ellis <REllis@ppsl.org>
**Sent:** Friday, July 10, 2026 4:15 PM
**To:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>; Rebecca Eisenbrey <REisenbrey@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Eileen Connor <econnor@ppsl.org>
**Subject:** [Not Virus Scanned] [EXTERNAL] [Not Virus Scanned] RE: Request for Information and Materials Pursuant to Paragraph V.D.3

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
Liam,

In addition to the information attached to and recited in our letter of June 18, our allegations of material breach are supported by the following sources:

- The “Plaintiff Report” provided by the Department to Plaintiffs and DOJ on a weekly basis. See, for example, the attached email from Shakema Knight dated July 6, 2026. These reports are in your possession already, and the data reflected therein is maintained by your client. We may rely on any Plaintiff Report that exists as of today and on any further Plaintiff Reports we receive in the future.
- The Sweet data reports provided by the Department to Plaintiffs and DOJ at every monthly in-person meeting. See, for example, the attached email from you to PPSL dated June 26, 2026. These reports are in your possession already, and the data reflected therein is maintained by your client. We recited much of this data, to the extent it was available to us at the time, in Exhibit 1 to our June 18 letter. We may rely on any data report that exists as of today and on any further data reports we receive in the future.
- The “Admin Process – Eliminated Borrowers Step 2-4 for Plaintiffs” spreadsheet, provided by the Department to Plaintiffs on June 4, 2025. This spreadsheet is in your

possession already, and the data reflected therein is maintained by your client. Nonetheless, for your convenience, I am attaching a copy here (with social security numbers removed). Our understanding is that all of the class members listed in this spreadsheet are also included in the Plaintiff Report spreadsheets.

- The "Sweet Complaints for Ombuds" spreadsheets, and associated supporting documents, that Plaintiffs send to the Department and DOJ every week. See, for example, the attached email from Nicole Almeida to you and others dated July 2, 2026. All previous versions of this spreadsheet and all previously provided supporting documents are in your and your client's possession already; they have been discussed at every Ombuds meeting since November 2024. The spreadsheet is divided by tabs based on the outstanding relief issue. If you require more information about the contents of the spreadsheet, we are happy to walk through it at the next Ombuds meeting. The most recent version of this spreadsheet will be provided, as usual, this afternoon, and further versions will be provided as usual each week going forward. We may rely on any complaint spreadsheet that exists as of today and on any further spreadsheet we share with the Department and DOJ in the future.

We will update this list if and when we receive more information that supports the alleged violations.

Thanks,
Becca

---

**From:** Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Sent:** Friday, July 10, 2026 12:52 PM
**To:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Nicole Almeida <nalmeida@ppsl.org>; Noah Zinner <nzinner@ppsl.org>; Eileen Connor <econnor@ppsl.org>; Rebecca Ellis <REllis@ppsl.org>
**Subject:** Request for Information and Materials Pursuant to Paragraph V.D.3

Counsel,

Thank you for the engaging meet and confer this morning. During the meet and confer, I respectfully invoked the provision in Paragraph V.D.3 of the Agreement that states:

"Upon Defendants' request, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice."

You requested that I reiterate this request by email so you can respond in writing. The request is that Plaintiffs provide to me anything other than what is already attached to Plaintiffs' notice

dated June 18, 2026, that supports Plaintiffs' breach allegations and that Plaintiffs intend to rely on to support a motion to enforce if the parties cannot reach consensus. If there aren't any such additional materials, please confirm. If there are such additional materials, please provide a date by which Defendants can anticipate receiving the information and materials.

-

Thanks,
Liam

**Liam Holland**
Trial Attorney | United States Department of Justice
Civil Division | Federal Programs Branch
Tel: (202) 514-4964

*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message.*