**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THERESA SWEET, *et al.*,

*Plaintiffs*,

v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and

THE UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants*.

Case No.: 19-cv-03674-HSG

**DECLARATION OF REBECCA C. ELLIS, ESQ., IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

I, Rebecca C. Ellis, state as follows:

1. I am submitting this declaration in relation to the above-captioned case.

2. I am the Deputy Litigation Director at the Project on Predatory Lending ("PPSL"), which represents Plaintiffs in this case. I am a member in good standing of the bar of the Commonwealth of Massachusetts. I was admitted to practice *pro hac vice* in the U.S. District Court for the Northern District of California in relation to this matter on February 3, 2021.

3. The statements contained herein are true and accurate to the best of my knowledge.

4. The documents attached to my declaration filed in support of Plaintiffs' Motion to Enforce Settlement and Plaintiffs' Motion for Contempt (ECF No. 552-1, "Ellis Declaration") consist entirely of record documents in this case: the parties' Settlement Agreement (Exhibit 1); orders entered by the Court (Exhibits 2–13); and excerpts of hearing transcripts (Exhibits 14–21).

5. The documents attached to the declaration of my colleague Nicole Camargo Almeida in support of Plaintiffs' Motion to Enforce Settlement and Plaintiffs' Motion for Contempt (ECF No. 552-2, "Almeida Declaration") consist of the following:

a. Data provided by the Department to Plaintiffs' Counsel (Exhibit 1) and a summary chart of that data (Exhibit 2);

b. Correspondence between Plaintiffs' Counsel and the Departments of Justice and Education (Exhibits 3–12, 14–19, and 21–22);

c. An agreement between Plaintiffs' Counsel and the Departments of Education and Justice, arrived at in the course of the parties' enforcement meetings (Exhibit 13);

d. A handout provided by the Departments of Justice and Education to Plaintiffs' Counsel during one of the parties' enforcement meetings (Exhibit 20); and

e. Declarations from Class Members describing the impact that delayed relief has had on their lives (Exhibits 23–44).

6. Except for Exhibit 2, which simply summarizes the Department's own data, and the Class Member declarations, the Department and its counsel had access to all of the exhibits to both the Ellis Declaration and the Almeida Declaration before Plaintiffs filed their motions.

7. Exhibits 1, 3, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15, 20, and 22 to the Almeida Declaration were authored in whole or in part by either officials at the Department of Education or its counsel at the Department of Justice.

8. Liam Holland, current counsel for the Department and declarant in support of its Motion for Extension of Time (*see* ECF No. 554-1, "Holland Decl."), is the author of Almeida Declaration Exhibits 10, 15, and 22. Mr. Holland was also a recipient of (Exhibits 8, 16, 17, 21) or or an active participant in (Exhibits 18, 19) correspondence between the parties contained in several other exhibits.

9. Mr. Holland was personally present for the Department's live presentation of the data included in Exhibit 1, pages 21 through 49.

10. The Class Member declarations attached to the Almeida Declaration were all signed in August 2026, after the Department had denied Plaintiffs' allegations of breach and the parties had failed to reach consensus through a meet-and-confer session. *See* Almeida Decl. ¶ 84.

11. The Settlement Agreement does not require Plaintiffs to provide these declarations, or any other supporting documents, to Defendants in advance of filing a Motion to Enforce. The provision of the Settlement cited by Mr. Holland regarding Plaintiffs' provision of information about

material breaches (*see* Holland Decl. ¶ 15) applies specifically to situations in which the Department "agree[s] that a material breach has occurred." Settlement Agreement ¶ V.D.3.i.a (Ellis Decl. Ex. 1 at 18); *compare id.* ¶ V.D.3.ii (Ellis Decl. Ex. 1 at 19).

12. In any event, the Settlement breaches that have affected each of the Class Members who submitted declarations were previously detailed to the Department in Plaintiffs' Notice of Material Breach dated June 18, 2026 (Almeida Declaration Ex. 22).

13. It is my understanding that the Department is already aware of or has the ability to identify the names of each of the Class Members who have not received Full Settlement Relief as detailed in Plaintiffs' Notice of Material Breach.

14. In Mr. Holland's declaration, he states that Plaintiffs' Counsel "did not provide me with notice of any legal basis for" Plaintiffs' data requests "until June 18, 2026." Holland Decl. ¶ 14.

15. This is not accurate. Plaintiffs' Counsel repeatedly explained their bases for these requests (both legal and factual), along with parties' history of regularly sharing this information, at the parties' in-person meetings beginning in March 2026, when Mr. Holland first stated his position that he would not allow the Department to provide this information, in a break from the parties' past dealings.

16. Specifically, Plaintiffs' Counsel explained their legal and factual bases for these requests on March 27, 2026; April 30, 2026; and May 28, 2026. Mr. Holland was present for each of these explanations. On April 30, 2026, after hearing Plaintiffs' Counsel's explanations, he responded that he would not provide the requested information "because we don't have to."

17. Plaintiffs' Counsel again explained their legal and factual bases for these requests at the parties' in-person meeting on July 23, 2026.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on: August 24, 2026

MIDDLESEX COUNTY, MASSACHUSETTS

REBECCA C. ELLIS