BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THERESA SWEET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA MCMAHON, *in her official capacity as Secretary of the United States Department of Education*, and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 4:19-cv-03674-HSG<br><br>**OBJECTION TO REPLY EVIDENCE**<br><br>Date: November 5, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor |

Pursuant to Civil Local Rule 7-3(d), Defendants hereby object to the new evidence submitted with Plaintiffs' reply in support of their motion to enforce ("Reply"). Under this provision, Defendants may state their "objections to the new evidence" but Defendants may not "include further argument on the motion."

It is well settled that a party's "attempt to introduce new evidence in connection with their reply papers is improper." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005). The rule is set forth in Federal Rule of Civil Procedure 6: "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). "Opening declarations should set forth all facts on points foreseeably relevant to the relief sought" and "[r]eply papers should not raise new points that could have been addressed in the opening[.]" *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 n.7 (N.D. Cal. 2008) (quoting Judge Alsup's individual rules). The reason for this rule is clear: including evidence with a reply is "a classic form of sandbagging[.]" *See In re Capacitors Antitrust Litig.*, No. 14-cv-03264-JD, 2017 WL 897340, at *1 (N.D. Cal. Mar. 7, 2017). "New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond." *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023).

The Reply violates this rule because it includes a new attorney declaration submitting testimony—all of which was available to Plaintiffs when they filed their motion to enforce. Plaintiffs cite the new declaration in support of argument already made in the motion. In particular, they cite the new—but previously available—testimony to support their (meritless) argument that Defendants have materially breached their obligations to the class under Paragraph IV.A.1 and Paragraph IV.C.9 of the Agreement, by failing to issue final decisions on applications submitted under the administrative process by the terminal loan methodology deadlines, ECF No. 561 at 11-12, by failing to refund amounts seized under the treasury offset program or through wage garnishment after a borrower defaulted on a commercially-held private loan, *id*. at 13-14, and by failing to reissue refund checks based on assertions that those issued by the deadline were fraudulently cashed by third parties, *id*. at 15.

Plaintiffs made these arguments in their motion. ECF No. 552 at 6-11. If they thought that Ms. Elis's latest testimony supported those arguments, they should have included it with the motion. But they

did not. Indeed, Plaintiffs did attach testimony from Ms. Ellis to their initial motion, but it did not include the new testimony and other materials submitted only with the Reply. ECF No. 552-1. Plaintiffs instead sandbagged Defendants with this belated testimony and material.

Plaintiffs' inclusion of this material with their Reply is particularly improper because the parties conferred about Plaintiffs' motion beforehand and Defendants provided a substantive summary of their positions on the relevant issues. Ex. 22, Decl. of Nicole Almeida ("Almeda Decl."), ECF No. 552-2 at 175-84 (ECF pagination). For example, Defendants explained that, pursuant to the Court's orders, the method required for implementing relief, in satisfaction of the deadlines enforceable under Section V, "is the so-called 'Terminal Loan Methodology.'" *Id.* at 179. And an individual contending that the Ombudsman's office "is taking too long to address a request for additional relief beyond that required by the court-ordered Terminal Loan Methodology may seek to invoke the standards provided by 5 U.S.C. § 706(1) in a new lawsuit" because the Agreement includes no deadlines governing applications submitted to the Department under the so-called administrative process. *Id.*

Defendants also addressed Plaintiffs' claim that Defendants are in material breach of their obligations to the class under Paragraphs IV.A.1 and IV.C.9 of the Settlement Agreement for failing to refund amounts seized under the Treasury Offset Program or through wage garnishment after a borrower defaulted on a commercially-held private loan. *Id.* at 180-81. Defendants placed Plaintiffs on clear notice of their position that Plaintiffs' is not the best reading of the Agreement by explaining that their "allegation that Defendants have violated [a putative] unilateral promise" from December 2024 "does not state a claim of material breach under Paragraph V.B.2 of the Agreement." *Id.* at 181. If Plaintiffs had evidence in support of their claims in this area, they should have disclosed it by attaching it to their opening motion, if not during the mandatory pre-motion meet and confer as required by the Agreement. *See* Decl. of Liam Holland ¶ 15, ECF No. 554-1 (explaining how Plaintiffs failed to disclose evidentiary material in advance as required by the Agreement).

Given that Plaintiffs were indisputably aware of Defendants' position on the relevant issues, there is no legitimate reason for Plaintiffs' decision to exclude the evidence from their motion. Rather, Plaintiffs chose—apparently intentionally—to withhold this evidence and raise it only for the first time on Reply,

ensuring that Defendants would have no opportunity to rebut it, which is precisely the type of tactic that is precluded by Fed. R. Civ. P. 6(c)(2).

Defendants emphasize their objection to the testimony provided in paragraphs 28-34 of the latest Declaration of Rebecca C. Ellis, ECF No. 561-1. Plaintiffs have been aware of Defendants' objections to weekly presentation and interrogation meetings since early 2026. *See* Holland Decl. ¶ 13, ECF No. 554-1. Plaintiffs entirely fail to explain why they could not have included this testimony with their motion.

Defendants are materially prejudiced by Plaintiffs' withholding of the testimony provided in paragraphs 28-34 of the new declaration, ECF No. 561-1. Defendants' witness(es) might have been able to rebut this testimony, establishing, at a minimum, a genuine dispute of fact and/or giving needed context. But Plaintiffs' belated inclusion of this material has foreclosed Defendants from having the opportunity to do so. For example, Ms. Ellis attests that "as a result of PPSL's discussion of cases with the Ombuds Office, PPSL has been able to provide[,]" for example, "over $4.4 million in refunds that either had not been previously identified or had been identified but not delivered." Ellis Decl. ¶ 32.a. But Defendants have good reason to believe that their witness(es) would be able to establish that those refunds were delivered as a result of the statutory work in which the Ombudsman's office caseworkers already engage, regardless of whether caseworkers then subsequently present on that work to PPSL during a meeting. In other words, Defendants have good reason to believe that the regular presentation and interrogation meetings are not the but-for cause of, or even a motivating factor for, the millions in refunds that the Ombudsman's office caseworkers have helped provide to borrowers. But because Plaintiffs have sandbagged Defendants with this testimony, Defendants have had no opportunity to compile evidence addressing it during the period the Court provided to oppose Plaintiffs' motions.

This is not the first time that Plaintiffs have inappropriately sandbagged Defendants in this manner. ECF No. 542. After Defendants last objected to this practice, Plaintiffs submitted a response to Defendants' objection. ECF No. 543. Defendants object in advance to any response submitted without Court approval. The Local Rules are clear: "Once a reply is filed, no additional memoranda, papers or letters may be filed without Court approval, except" for "an Objection to Reply Evidence" or a "Statement of Recent Decision." Civil L.R. 7-3(d). Because reply evidence is not supposed to be the norm, the Local

Rules contemplate that any explanation for the practice should be included with the Reply. *See id*. Again, "no additional memoranda, papers or letters may be filed without prior Court approval," including a response to an Objection to Reply Evidence. *Id*.

Defendants also object to the newly submitted attorney testimony insofar as it presents argument rather than facts. *See Mendoza v. Tesla, Inc.*, No. 24-cv-08738, 2025 WL 3514689, at *2 (N.D. Cal. Dec. 8, 2025).

For the foregoing reasons, the Court should decline to consider the new evidence and should decline to consider any response to this objection that is not submitted with approval of the Court.

Dated: October 22, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

/s/ *Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-4964
E-mail: liam.c.holland@usdoj.gov

*Attorneys for Defendants*